UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS BY DEFENDANT, DAVE RAMSEY**

Defendant, Dave Ramsey, by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01, files this memorandum of law in support of his Motion to Dismiss (Doc. #12) all claims filed against him in this case by Plaintiff, Brad Amos, with prejudice.

**I.  INTRODUCTION**

This is an employment case. Plaintiff has sued his former employer, The Lampo Group, LLC, ("Lampo") and its CEO, Dave Ramsey ("Ramsey"). As Ramsey interprets the Complaint (Doc. #1), Plaintiff asserts the following claims:

- Count I – Retaliatory discharge in violation of the Tennessee Public Protection Act, T.C.A. §50-1-304, ("TPPA") **against Lampo only**.

- Count II – Religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, ("Title VII") **against Lampo only**.

- Count III – Fraud **against both Lampo and Ramsey**.

- Count IV – Negligent Misrepresentation **against both Lampo and Ramsey**.

- Count V[1] – Promissory estoppel **against both Lampo and Ramsey**.
- Count VI – Deceptive representations and false pretenses in violation of T.C.A. §50-1-102 **against both Lampo and Ramsey**.

(Complaint at ¶¶ 314-366).

Plaintiff's decision to sue Ramsey individually is either a personal vendetta or publicity stunt because he has not and cannot articulate a factual or legal basis for it. This is Plaintiff's *third* attempt to sue Ramsey. He originally sued both Defendants on April 15, 2021, in the Chancery Court for Williamson County, Tennessee, asserting these same six claims against *both* Lampo and Ramsey.[2] Plaintiff's original state complaint was indiscernible because he referred to the parties inconsistently throughout and asserted TPPA and THRA claims against Ramsey for which there is no individual liability, so Defendants filed a motion for more definite statement. Plaintiff eventually responded by amending his state complaint to correct some of the inconsistencies and clarify that he was only filing TPPA and THRA claims against Lampo. Defendants each filed motions to dismiss Plaintiff's amended state complaint on July 28, 2021, but Plaintiff voluntarily dismissed the case on August 24, 2021 pursuant to Rule 41 of the Tennessee Rules of Civil Procedure.

Despite being put on express notice by Defendants of the defects in his claims, the Complaint filed by Plaintiff in this case on December 13, 2021 is nearly identical to his amended

---

[1] Plaintiff's Complaint misnumbered both his negligent misrepresentation and promissory estoppel claims as "Count IV." (Complaint at PageID #32-33). For purposes of this memorandum, we have renumbered Plaintiff's promissory estoppel claim as Count V and his claim under T.C.A. §50-1-102 as Count VI.

[2] With one exception. In state court, Plaintiff filed his religious discrimination claim against Defendants under the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA"), instead of Title VII.

2

state complaint except for additional allegations related to his new Title VII claim. These claims should now be dismissed.

## II. LEGAL STANDARD

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.
>
> In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 U.S. Dist. LEXIS 189742 at *4-6 (M.D. Tenn. Nov. 6, 2018).[3]

### III. PLAINTIFF'S CLAIMS AGAINST RAMSEY SHOULD BE DISMISSED

Plaintiff's Complaint fails to state a claim against Ramsey and should be dismissed. Defendant will address each of Plaintiff's claims against Ramsey below, in turn.

#### A. Count III – Fraud

Plaintiff has accused Ramsey of fraud. Fraud is synonymous with intentional or fraudulent representation, *see, e.g., Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 FN1 (Tenn. 1999), and consists of the following six elements:

1. A representation made of an existing or present fact;
2. The representation was false when made;
3. The representation was in regard to a material fact;
4. The false representation was made knowingly or recklessly without regard for its truth;
5. Plaintiff reasonably relied upon the misrepresented material fact; and
6. Plaintiff suffered damage as a result of the misrepresentation.

*See, e.g., PNC Multifamily Capital Institutional Fund XXVI LP v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn. Ct. App. 2012).

Plaintiff claims that "Defendants", so either Ramsey or another of Lampo's nearly 1,000 employees, made the following fraudulent misrepresentations:

- Statement No. 1: "Plaintiff would edit features and help create their new film department."
- Statement No. 2: "Defendants was [sic] not 'cult like' in the way they operated."

---

[3] Ramsey has attached a copy of this unpublished case as Exhibit 1.

- Statement No. 3: "Defendants operated a 'drama free' workplace."

- Statement No. 4: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management."

- Statement No. 5: "Defendants were family friendly and would allow Plaintiff to spend time with his family without interference from Defendants."

- Statement No. 6: Plaintiff could work from home without adverse employment action.

(Complaint at ¶¶ 333, 336). There are two independent bases for dismissing Plaintiff's fraud claims against Ramsey.

### 1. *Inadequately Pled*

First, Plaintiff's fraud claims against Ramsey should be dismissed because they are inadequately pled. Fraud claims "pose a high risk of abusive litigation", so Rule 9 safeguards Ramsey by requiring Plaintiff to (1) specify the allegedly fraudulent statements, (2) identify the speaker, (3) plead when and where the statements were made, and (4) explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.,* 683 F.3d 239, 247 (6th Cir. 2012); Fed. R. Civ. Pro. 9.

Plaintiff never specifically alleges that Ramsey made any of the six statements cited in his Complaint, much less when or where. In Paragraphs 333 and 336 of the Complaint, Plaintiff broadly attributes all six statements to "Defendants." But "Defendants" encompasses both Ramsey and Lampo, which again has nearly 1,000 employees.

Drilling down further into the Complaint, Plaintiff broadly attributes the first five statements to Lampo leaders that he met during onsite interviews before he was hired. (Complaint at ¶44). Plaintiff specifically mentions having pre-hire interviews with Kimberly

Rudolph, David DiCicco, Larry Anderson, Lara Johnson, and Luke LeFevre. *Id.* at ¶¶ 14-46. Plaintiff attributes the sixth statement—regarding working from home—to DiCicco. *Id.* at ¶150. None of these statements are ever specifically attributed to Ramsey.

It is axiomatic that Ramsey cannot be held liable for fraudulent statements that he did not make.

### 2. Time-Barred

Second, Plaintiff's fraud claims against Ramsey should be dismissed because they are time-barred. In Tennessee, the statute of limitations for fraud depends on the nature of the damage claimed—one year for personal injury, three years for property injury. *See, e.g., Evans v. Walgreen Co.,* 813 F. Supp. 2d 897, 934-35 (W.D. Tenn. 2011); T.C.A. §§ 28-3-104, 28-3-105. Plaintiff's fraud claims against Ramsey are based on alleged statements (i) about his at-will employment with Lampo, (ii) made before or during his employment with Lampo, (iii) that he discovered to be untrue during his employment with Lampo. Tennessee does not recognize a property interest in at-will employment, so Plaintiff's fraud claims against Ramsey describe personal injuries subject to a one-year statute of limitations. *See, e.g., Evans* at 934-35; T.C.A. §28-3-104.

Tennessee has adopted the discovery rule to determine when fraud claims accrue. *See, e.g., Chunn v. Southeast Logistics, Inc.,* 2018 U.S. Dist. LEXIS 217361 at *4-6 (W.D. Tenn. Dec. 28, 2018).[4] Per the discovery rule, the statute of limitations associated with each of the six statements cited in Plaintiff's Complaint began to run when he discovered or should have discovered that the statement was false. *Id*. Plaintiff did not need to know the full extent of each fraudulent statement to trigger its statute of limitations, only that some wrong had occurred. *Id*.

---

[4] Ramsey has attached a copy of this unpublished case as Exhibit 2.

Moreover, where a fraud claim is based on multiple misrepresentations that give rise to different injuries, the timeliness of each misrepresentation must be assessed individually. *Alsbrook v. Concrode Career Colls., LLC*, 469 F. Supp. 3d 805, 830 (W.D. Tenn. 2020). A fraud claim may be time-barred with respect to some misrepresentations and timely with respect to others. *Id*.

Plaintiff's fraud claims against Ramsey are time-barred because they accrued before April 15, 2020 and certainly December 13, 2020, one year respectively before he originally filed them in state court and subsequently refiled them in federal court. Accepting Plaintiff's allegations in the Complaint as true, he discovered or should have discovered that all six statements comprising his fraud claims against Ramsey were false before April 15, 2020:

- **Statement No. 1: "Plaintiff would edit features and help create their new film department."**
    - Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 333-335.
    - However, on March 20, 2020, Plaintiff alleges that Lampo informally demoted him from Senior Editor to Assistant Editor. *Id.* at ¶¶ 167-168.
    - Then, on April 9, 2020, Plaintiff alleges that Lampo "officially" demoted him from Senior Editor to Assistant Editor. *Id.* at ¶¶ 181-185.
    - Then, on April 13, 2020, Plaintiff alleges that he had a "hostile" meeting with Lampo, during which Lampo asked why he was behind on work, questioned whether he wanted to continue working for the company, suggested that he look for another job, questioned whether he would accept another job if an opportunity arose, removed him from his current project completely, and told him to "check his humility" when he asked about his next project. *Id.* at ¶¶ 187-208.

- o   Then, after April 13, 2020, Plaintiff alleges that he was "assigned the most demeaning work possible at Lampo." *Id.* at ¶210.

- **Statement No. 2: "Defendants was [sic] not "cult like" in the way they operated."**
  - o   Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 26, 38, 44, 333-335.
  - o   However, Plaintiff alleges that Lampo "maintained a cult-like attitude regarding Mr. Ramsey" throughout his entire employment with the company. *Id.* at ¶300.
  - o   Plaintiff also alleges that he was "indoctrinated" by Lampo during onboarding, which took place during his first three days of employment in August 2019. *Id.* at ¶¶ 48-59.

- **Statement No. 3: "Defendants operated a 'drama free' workplace."**
  - o   Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 44, 282, 333-335.
  - o   However, Plaintiff alleges that Lampo "consistently provided a dramatic workplace atmosphere…." *Id.* at 283.

- **Statement No. 4: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management."**
  - o   Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 44, 333-335.
  - o   The Amended Complaint does not allege when Plaintiff discovered this statement to be false. However, Defendant notes that Inc. Magazine required employees to complete the 2020 Best Workplaces survey by February 18, 2020.[5] So, if Lampo

---

[5] https://events.inc.com/bwp2020. This web page was active as of February 11, 2022. However,

8

Case 3:21-cv-00923   Document 13   Filed 02/11/22   Page 8 of 14 PageID #: 86

interfered with employees' completion of that survey, it must have occurred on or before February 18, 2020. Defendant asks the Court to exercise its discretion to take judicial notice of this date per Rule 201 of the Federal Rules of Evidence. *See, e.g., Schuh v. HCA Holdings, Inc.,* 947 F. Supp. 2d 882, 885 FN2 (M.D. Tenn. 2013).

- **Statement No. 5: "Defendants were family friendly and would allow Plaintiff to spend time with his family without interference from Defendants."**
    - Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 39-41, 44, 311.
    - However, after his employment began, Plaintiff alleges that Lampo "constantly harassed him about his home life" and "consistently told him he needed to get his wife 'on the same page.'" *Id.* at ¶¶ 312-313.
- **Statement No. 6: "Defendants knowingly made false statements about Plaintiff's ability to work from home without adverse employment action."**
    - Plaintiff alleges that Lampo made these statements on March 17, 2020. *Id.* at ¶¶ 147-150.
    - However, on March 20, 2020, Plaintiff alleges that Lampo contradicted its earlier position, expressed opposition to him working from home and a preference that he work in the office instead, and demoted him for his decision to continue working from home. *Id.* at ¶¶ 154-167.

Even accepting Plaintiff's allegations regarding the six statements as true and ignoring the fact

---

Ramsey has attached a pdf version as Exhibit 3 in case the web page or that link are subsequently taken down.

that none were made by Ramsey, Plaintiff clearly knew or should have known that they were false before April 15, 2020 and certainly December 13, 2020.

### B. Count IV – Negligent Misrepresentation

Plaintiff has also accused Ramsey of negligent misrepresentations. These claims should be dismissed for several independent reasons.

First, the tort of negligent misrepresentation is not available here. In *Shelby v. Delta Air Lines, Inc.*, this Court held that the tort of negligent misrepresentation does not apply to employment relationships. 842 F. Supp. 999, 1015-16 (M.D. Tenn. 1993). Tennessee adopted the definition of negligent misrepresentation found in Section 552 of the Second Restatement of Torts, which is limited to commercial transactions. *See, e.g., Id.*; *Batten v. Cmty. Tr. & Banking Co.,* 2019 Tenn. App. LEXIS 417 at *62-73 (Tenn. Ct. App. Aug. 26, 2019).[6] The Tennessee Supreme Court, Tennessee Court of Appeals, and Tennessee federal courts have since endorsed and reinforced *Shelby*. *See, e.g., Robinson v. Omer,* 952 S.W.2d 423, 427-28 (Tenn. 1997); *Batten* at *62-73; *Moore v. Alstom Power Turbomachines, LLC,* 2013 U.S. Dist. LEXIS 32215 at *15-19 (E.D. Tenn. Mar. 26, 2013)[7]; *Little v. Keystone Continuum, LLC,* 2008 U.S. Dist. LEXIS 56910 at *22 FN3 (M.D. Tenn. July 22, 2008).[8]

Second, Plaintiff's negligent misrepresentation claims are premised upon the same statements as his fraud claim (Complaint at ¶344), none of which were made by Ramsey. Again, it is axiomatic that Ramsey cannot be held liable for statements that he did not make.

Third and finally, like fraud, Plaintiff's negligent misrepresentation claims are subject to

---

[6] Ramsey has attached a copy of this unpublished case as Exhibit 4.

[7] Ramsey has attached a copy of this unpublished case as Exhibit 5.

[8] Ramsey has attached a copy of this unpublished case as Exhibit 6.

10

a one-year statute of limitations, *Sakaan v. FedEx Corp.,* 2016 Tenn. App. LEXIS 975 at *17-22 (Tenn. Ct. App. Dec. 21, 2016)[9], and he discovered or should have discovered those alleged misrepresentations before April 15, 2020 and certainly December 13, 2020.

### C. Count V – Promissory Estoppel

Plaintiff has also asserted promissory estoppel claims against Ramsey, alleging that "Defendants made promises to [him] regarding the conditions of his future employment including limited interference with [his] family time and a strict 40-hour work week." (Complaint at ¶354). These claims should be dismissed for several independent reasons.

First, to state a claim for promissory estoppel against Ramsey, Plaintiff must necessarily allege that Ramsey made a promise to him that was "unambiguous and not unenforceably vague." *See, e.g.. Grona v. CitiMortgage, Inc.,* 2012 BL 77838 at *3-4 (M.D. Tenn. Apr. 2, 2012). But like the preceding claims, Plaintiff never attributes any specific promises to Ramsey at all. The two promises underlying Plaintiff's promissory estoppel claims— "limited interference with [his] family time and a strict 40-hour work week"—were allegedly made by DiCicco, Anderson, Johnson, and Lefevre, not Ramsey. (Complaint at ¶¶ 27-41).

Second, even if Ramsey had made any of the promises to Plaintiff described in Paragraphs 27-41 and 354 of the Complaint, those promises all relate to Plaintiff's employment with Lampo and Ramsey would have made them in his official capacity as CEO of Lampo. There is no basis for personal liability here. *Rice v. Askins,* 2009 U.S. Dist. LEXIS 59850 at *6-11 (W.D. Tenn. July 13, 2009)[10]; *see also Kasuri v. St. Elizabeth Hosp. Medical Center,* 897 F.2d 845, 854 (6th Cir. 1990) (same conclusion under Ohio law); *Harris v. Blockbuster, Inc.,*

---

[9] Ramsey has attached a copy of this unpublished case as Exhibit 7.

[10] Ramsey has attached a copy of this unpublished case as Exhibit 8.

11

2009 U.S. Dist. LEXIS 86478 at *9-11 (S.D. Ohio Sept. 1, 2009) (same)[11]; *William White & Co. v. Lichter,* 64 S.W.2d 542, 544 (Tenn. Ct. App. 1933) (agent of disclosed principal has no personal liability with respect to a contract).

### D. Count VI – Deceptive Representations and False Pretenses

Lastly, Plaintiff claims that Ramsey violated T.C.A. §50-1-102. This relatively obscure statute makes it "unlawful for any person to induce, influence, persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any type of labor in this state through or by means of false or deceptive representations, false advertising or false pretenses, concerning the kind and character of the work to be done, or the amount and character of compensation to be paid for the work, or the sanitary or other conditions of the employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to the engagement." T.C.A. §50-1-102(a)(1); *see also Gillinsky v. Marcus & Millichap Real Estate Inv. Servs. of Seattle,* 2021 U.S. Dist. LEXIS 128263 at *48-51 (M.D. Tenn. July 9, 2021).[12]

The Tennessee Court of Appeals has characterized T.C.A. §50-1-102 as functionally equivalent to fraudulent inducement, *i.e.,* an employer fraudulently inducing an employee to quit his/her current job and come work for them. *Shipp v. Ditch Witch Equip. of Tenn., Inc.,* 2007 Tenn. App. LEXIS 123 at *6, 24-25 (March 7, 2007).[13] As statutory fraud, T.C.A. §50-1-102 claims are subject to the same heightened pleading standards, materiality standards, and statutes

---

[11] Ramsey has attached a copy of this unpublished case as Exhibit 9.

[12] Ramsey has attached a copy of this unpublished case as Exhibit 10.

[13] Ramsey has attached a copy of this unpublished case as Exhibit 11.

of limitations as common law fraud claims. *Block v. Meharry Med. College,* 2016 U.S. Dist. LEXIS 69485 at *3-4 (M.D. Tenn. May 26, 2016) (statute of limitations)[14]; *Grissim v. Powell Constr. Co., Inc.,* 1999 Tenn. App. LEXIS 413 at *9-11 (June 25, 1999) (materiality)[15]; *See Metro. Prop. & Cas. Ins. Co. v. Bell,* 2005 U.S. App. LEXIS 17825 at *15-16 (6th Cir. Aug. 17, 2005) (applying Rule 9 to TCPA claims).[16]

Plaintiff's specific allegations in Count VI merely recite the claim's basic elements. But considering the nature of this claim and entirety of Plaintiff's Complaint, Count VI is effectively a statutory rehash of his fraud claim in Count III and fails for the same reasons.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

---

[14] Ramsey has attached a copy of this unpublished case as Exhibit 12.

[15] Ramsey has attached a copy of this unpublished case as Exhibit 13.

[16] Ramsey has attached a copy of this unpublished case as Exhibit 14.

**CERTIFICATE OF SERVICE**

I certify that, on February 11, 2022, I caused the foregoing *Memorandum of Law in Support of Motion to Dismiss by Defendant, Dave Ramsey,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

                              /s/Daniel Crowell
                              Daniel Crowell (TN #31485)
                              *Attorney for Defendants*