EXHIBIT 7



# Sakaan v. FedEx Corp.

Court of Appeals of Tennessee, At Jackson

October 26, 2016, Session; December 21, 2016, Filed

No. W2016-00648-COA-R3-CV

**Reporter**
2016 Tenn. App. LEXIS 975 *; 2016 WL 7396050

MOUFAK SAKAAN v. FEDEX CORPORATION, INC., ET AL.

**Prior History:** *Tenn. R. App. P. 3* [*1] Appeal as of Right: Judgment of the Circuit Court Affirmed and Remanded. Appeal from the Circuit Court for Shelby County. No. CT-001718-5. Rhynette N. Hurd, Judge.

**Disposition:** Judgment of the Circuit Court Affirmed and Remanded.

## Core Terms

pleadings, trial court, motion for judgment, statute of limitations, limitations period, one-year, statute of limitations defense, answers, third-party, severance agreement, summary judgment, applicable statute of limitation, matters, negligent misrepresentation, projects, six-year, waived, individual defendant, asserted claim, three-year, damages, partial

## Case Summary

### Overview

HOLDINGS: [1]-The six-year statute of limitations under Tenn. Code Ann. § 28-3-109(a)(3) did not apply in this case, as plaintiff's complaint did not allege that any contract had been breached; [2]-Plaintiff's claims were subject to the one-year limitation period in Tenn. Code Ann. § 28-3-104, given that he sought to recover for a loss of earnings and loss of earning capacity, and there were no allegations reflecting that a vested contractual or property interest that had been damaged; [3]-The trial court did not err in concluding that plaintiff's claims were time-barred; [4]-He should have realized following his removal from a meeting with defendants in December 2013 that their alleged assurances to him were false, and because plaintiff did not file his complaint for damages until April 2015, the trial court did not err in dismissing his claims as untimely.

### Outcome

Judgment affirmed, case remanded.

## LexisNexis® Headnotes

Civil Procedure > ... > Methods of Discovery > Requests for Admissions > Effect of Admissions

Evidence > Types of Evidence > Judicial Admissions > Effects

Evidence > Types of Evidence > Judicial Admissions > Legal Conclusions

HN1[] **Requests for Admissions, Effect of Admissions**

It is true that when the allegations of a complaint are admitted, the subject matter thereof is removed as an issue, no proof is necessary, and it becomes conclusive on the parties. Indeed, admissions in pleadings are judicial admissions that are conclusive on the pleader until withdrawn or amended. It is important to recognize, however, that this principle extends to admissions in pleadings regarding issues of fact. Facts confessed in pleadings are binding on the parties. A party is not ordinarily bound by admissions or averments of legal conclusions.

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Statute of Limitations

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Waiver

HN2[] **Affirmative Defenses, Statute of Limitations**

A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed. Accordingly, if the defense is not pleaded within the proper time and in the proper manner, it is deemed waived and cannot be relied upon as a defense. Under *Tenn. R. Civ. P. 8.03*, a party seeking to raise certain affirmative defenses, such as the statute of limitations, must, in pleading to a preceding pleading set forth affirmatively facts in short and plain terms relied upon to constitute the defenses. *Tenn. R. Civ. P. 8.03*. Although *Rule 8.03* requires that a statute of limitations defense be specifically pleaded, the failure to properly plead the defense will not always result in waiver. The purpose of the specificity requirement under the rule is to prevent trial by ambush. Thus, even when a party has failed to properly plead the defense, a waiver will not result if the opposing party has been given sufficient notice of it.

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Statute of Limitations

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Waiver

HN3[] **Affirmative Defenses, Statute of Limitations**

It is well settled that if the opposing party is given fair notice of the defense and an opportunity to rebut it, failure to specifically plead a statute of limitations defense will not result in a waiver. In other words, the purpose of the specific pleading requirement is to prevent a party from raising a defense at the last possible moment and thereby prejudicing the opposing party's opportunity to rebut the defense.

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

HN4[] **Pretrial Judgments, Judgment on Pleadings**

Pursuant to *Tenn. R. Civ. P. 12.03*, a motion for judgment on the pleadings may be filed after the pleadings are closed but within such time as not to delay the trial. *Tenn. R. Civ. P. 12.03*.

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

Civil Procedure > Judgments > Summary Judgment > Motions for Summary Judgment

HN5[] **Pretrial Judgments, Judgment on Pleadings**

A motion for judgment on the pleadings involves the consideration of nothing more than the pleadings. However, when matters outside the pleadings are considered by the trial court in ruling on a motion for judgment on the pleadings, a different analysis applies. This principle is outlined in the second sentence of [Tenn. R. Civ. P. 12.03](): If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Tenn. R. Civ. P. 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. [Tenn. R. Civ. P. 12.03]().

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Judgments > Pretrial Judgments > Judgment on Pleadings

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Statute of Limitations

*HN6*[ ] Standards of Review, De Novo Review

A motion for judgment on the pleadings may be filed after the pleadings are closed but within such time as not to delay the trial. [Tenn. R. Civ. P. 12.03](). When a motion for judgment on the pleadings is made by defendants, it is in effect a motion to dismiss for failure to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. It admits the truth of all relevant and material averments in the complaint but asserts that such facts cannot constitute a cause of action. A complaint subject to dismissal based on the expiration of the statute of limitations fails to state a claim upon which relief can be granted. On appeal, the appellate court reviews a trial court's decision to grant a motion for judgment on the pleadings de novo, without a presumption of correctness.

Governments > Legislation > Statute of Limitations > Time Limitations

*HN7*[ ] Statute of Limitations, Time Limitations

In determining the applicable statute of limitations, courts must ascertain the gravamen of each claim. The gravamen of a claim is its substantial point or essence In order to determine the gravamen of a claim, a court must consider both the legal basis of the claim and the injury for which damages are sought.

Civil Procedure > Dismissal > Involuntary Dismissals

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Statute of Limitations

*HN8*[ ] Dismissal, Involuntary Dismissals

The dismissal of a case on account of the statute of limitations is an adjudication upon the merits of the case.

**Counsel:** Justin E. Mitchell, Memphis, Tennessee, for the appellant, Moufak Sakaan.

Carl K. Morrison, Memphis, Tennessee, for the appellees, FedEx Corporation, FedEx Corporate Services, Inc., Chris Wood, Michael Dearen, and Robert Morrison.

**Judges:** ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

**Opinion by:** ARNOLD B. GOLDIN

## Opinion

The Plaintiff filed suit against a number of corporate and individual Defendants alleging claims for intentional and negligent misrepresentation. After filing answers to the complaint, the Defendants moved for judgment on the pleadings on the basis that the asserted claims were time-barred. The trial court granted the motion and dismissed the Plaintiff's case with prejudice. Discerning no error in this decision, we affirm.

OPINION

### Background and Procedural History[2]

Plaintiff/Appellant Moufak Sakaan ("Mr. Sakaan") is a former employee of two FedEx companies, where he worked as a software platform liaison. [*2] He was hired at FedEx Express in 1998, and in 2007, he obtained a transfer to FedEx Corporate Services, Inc. Both FedEx Express and FedEx Corporate Services, Inc. are wholly-owned subsidiaries of FedEx Corporation.

In December 2012, FedEx Corporate Services, Inc. sent Mr. Sakaan a proposed confidential severance agreement as part of a wide cost-cutting initiative. The proposed agreement offered Mr. Sakaan a lump sum severance benefit in exchange for voluntarily ending his employment. Following the offer of the proposed severance agreement, Mr. Sakaan engaged in a number of conversations with FedEx representatives, as well as his supervisor, Robert Morrison. Mr. Sakaan was concerned about the ramifications of accepting the severance package, namely whether it would preclude him from working on FedEx projects that were either fully or partially staffed through a third-party vendor. Through these conversations, Mr. Sakaan alleges he was assured that his acceptance of the severance agreement would not prohibit him from working on FedEx projects sourced through a third-party vendor. Mr. Sakaan subsequently signed the severance agreement on March 2, 2013.

Prior to leaving FedEx, Mr. Sakaan [*3] was hired by Tango, a third-party vendor with an existing FedEx relationship. Tango hired Mr. Sakaan to work on FedEx projects that were sourced through it. Mr. Sakaan eventually left his employment with FedEx on November 30, 2013.

On December 19, 2013, Mr. Sakaan attended a meeting at FedEx as a Tango employee. While Mr. Sakaan was at the meeting, a member of the FedEx legal team recognized Mr. Sakaan and identified him as an individual that had accepted the severance agreement. After this legal team employee notified the litigation team and other departments about Mr. Sakaan's participation in the meeting, Mr. Sakaan was removed

---

[2] The basic background facts herein are taken from the Plaintiff's complaint. Because the trial court resolved this case by granting a motion for judgment on the pleadings filed by the Defendants, we presume those facts to be at true at this stage of the proceedings. See *McClenahan v. Cooley, 806 S.W.2d 767, 769 (Tenn. 1991)* (citing *Trigg v. Middle Tenn. Elec. Membership Corp., 533 S.W.2d 730, 732-33 (Tenn. Ct. App. 1975))* ("In light of the fact that this case was dismissed on a motion for judgment on the pleadings . . . we are bound to treat as false all allegations of the Defendant, the moving party, which are denied, and as true all well-pleaded allegations contained in the pleadings of the Plaintiff, the opponent of the motion.").

from the premises. He has not worked on a FedEx project since that time.

On April 21, 2015, Mr. Sakaan filed a complaint in the Shelby County Circuit Court against FedEx Corporation, Inc., FedEx Corporate Services, Inc., and three individual defendants (collectively, "the Defendants").[3] The complaint asserted claims for intentional and negligent misrepresentation and alleged that FedEx Corporation and/or its wholly-owned subsidiaries were vicariously liable for the misrepresentations made by the individual defendants. In relevant part, the complaint accused [*4] the Defendants of making false representations regarding the impact that signing the severance agreement would have on Mr. Sakaan's ability to work on FedEx projects. The complaint averred that Mr. Sakaan was justified in relying on the truth of these representations when choosing to accept the severance package and stated that the Defendants' actions had contributed to a loss of earnings and loss of earning capacity for Mr. Sakaan. The complaint specifically sought to recover a judgment in the sum of $600,000.00, plus interest, for the compensatory damages that were alleged to have been sustained.

On May 29, 2015, FedEx Corporation, Inc., and FedEx Corporate Services, Inc., jointly filed an answer to the complaint. The named individual defendants later filed their respective answers to the complaint on June 30, 2015. Shortly thereafter, on July 28, 2015, the Defendants collectively moved for judgment on the pleadings pursuant to Rule 12.03 of the Tennessee Rules of Civil Procedure. In relevant part, the Defendants argued that the claims asserted in Mr. Sakaan's complaint were filed outside the applicable one-year statute of limitations period set forth in Tennessee Code Annotated section 28-3-104(a)(1).

On August 7, 2015, Mr. Sakaan filed a response to the Defendants' motion for [*5] judgment on the pleadings, as well as a motion for partial summary judgment as to his negligent misrepresentation claim. On November 25, 2015, Mr. Sakaan submitted a personal affidavit in support of his motion for partial summary judgment, and on December 4, 2015, he filed a statement of undisputed facts pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure. Later, on January 11, 2016, he filed the deposition of one of the individual defendants. Defendants responded to Mr. Sakaan's motion for partial summary judgment on January 21, 2016, arguing, *inter alia*, that the motion had been prematurely filed. They submitted that if Mr. Sakaan's case survived their motion for judgment on the pleadings, additional time should be afforded to complete discovery.

A hearing on the Defendants' motion for judgment on the pleadings took place a couple of weeks later on February 5, 2016. At the conclusion of the hearing, the trial judge orally ruled that a one-year statute of limitations applied to Mr. Sakaan's claims. An order granting the Defendants' motion for judgment on the pleadings was subsequently entered on February 19, 2016. Therein, the trial court specifically concluded that because the one-year statute of limitations contained [*6] in Tennessee Code Annotated section 28-3-104 applied to Plaintiff's claims, such claims were time-barred. Following the trial court's dismissal of Mr. Sakaan's claims with prejudice, this appeal ensued.[4]

---

[3] The complaint also named as Defendants three "John Does," who had allegedly provided information in response to Mr. Sakaan's inquiries about the proposed severance agreement.

[4] As already noted, the order granting the Defendants' motion for judgment on the pleadings was entered on February 19, 2016. Although that order did not comply with **Rule 58 of the Tennessee Rules of Civil Procedure**, an amended final

### Issues Presented

In his brief on appeal, Mr. Sakaan designates five issues for our review. Restated verbatim, these issues are as follows:

> 1. Whether the trial court erred in granting Defendants' Motion for Judgment on the Pleadings, on the sole basis of a determination in-error that Plaintiff's contract-based claims somehow sound within a one-year statute of limitations.
>
> 2. Whether the trial court erred in granting Defendants' Motion for Judgment on the Pleadings, by even allowing Defendants to argue the motion: each of the Defendants specifically admitted in their separate Answers that the Complaint was brought within the applicable statute of limitations, and did not plead any affirmative defense with the requisite degree of specificity necessary to overcome preclusion on this basis.
>
> 3. Whether the trial court erred in granting Defendants' Motion for Judgment on the Pleadings, given that such a motion is unripe until the pleadings are closed and given that the pleadings were not closed in this case.
>
> 4. Whether the trial court [*7] erred in granting Defendants' Motion for Judgment on the Pleadings, by failing to apply the mandated Rule 56 standard—having considered numerous emails, correspondence, deposition testimony, and other documents outside the pleadings.
>
> 5. Whether the trial court erred in granting Defendants' Motion for Judgment on the Pleadings, by entering an order dismissing the case with prejudice, rather than without prejudice—given that a prejudicial dismissal forecloses Mr. Sakaan's right to bring a subsequent and separate breach-of-contract action.

The Defendants articulate two issues in their brief, both of which are aimed at addressing whether the trial court applied the correct statute of limitations to Mr. Sakaan's claims:

> 1. Did the Circuit Court correctly conclude that Sakaan's claims for intentional and negligent misrepresentation are based in tort rather than in contract?
>
> 2. Did the Circuit Court correctly conclude that Sakaan's claims are barred by the one-year statute of limitations applicable to tort claims for injury to the person?

### Discussion

We begin our discussion by addressing the issues raised concerning the validity of the trial court's decision to review the Defendants' motion for judgment [*8] on the pleadings and the method by which the trial court actually conducted its review. As is evident above, Mr. Sakaan has raised three issues pertaining to these topics. First, he asserts that the Defendants' motion should not have been entertained because the Defendants waived their right to assert a statute of limitations defense. Second, he argues that the motion for judgment on the pleadings was not ripe for consideration. Third, he argues that the trial court impermissibly considered matters outside of the pleadings without conducting a proper summary judgment analysis under Rule 56 of the Tennessee

---

order—compliant with *Rule 58*—was eventually entered by the trial court during the pendency of this appeal. Therefore, there is no impediment to our exercise of jurisdiction. See *McCurry Expeditions, LLC v. Roberts, 461 S.W.3d 912, 916 n.2 (Tenn. Ct. App. 2014)* (noting that subject matter jurisdiction was properly exercised when the requirements of *Rule 58* were satisfied after oral argument by way of the filing of a supplemental record).

Rules of Civil Procedure. We do not find merit in any of these arguments.

*Waiver*

In paragraph 12 of Mr. Sakaan's complaint, he alleged that his "action was brought within the applicable statutes of limitation and repose for such actions in the State of Tennessee." In their answers to Mr. Sakaan's complaint, each of the Defendants responded to this paragraph by stating that they admitted the allegation therein, "upon information and belief." It appears that such admissions were inadvertent because later in their answers each of the Defendants specifically asserted that Mr. Sakaan was "barred from pursuing any actions . . . which are [*9] outside the applicable statutes of limitation."

According to Mr. Sakaan, the Defendants' admissions operated to waive their ability to rely on a statute of limitations defense. Although he acknowledges that the Defendants' answers also contained language asserting an affirmative defense predicated on the statute of limitations, he argues that such language was conclusory and did not satisfy the specificity requirements of *Rule 8.03 of the Tennessee Rules of Civil Procedure*. For the reasons that follow, we disagree with Mr. Sakaan's position that the Defendants waived their right to rely on a statute of limitations defense.

In his reply brief on appeal, Mr. Sakaan correctly cites the law regarding the effect of admissions contained within a defendant's answer. *HN1*[↑] It is true that when the allegations of a complaint are admitted, "the subject matter thereof is removed as an issue, no proof is necessary[,] and it becomes conclusive on the parties." *Rast v. Terry, 532 S.W.2d 552, 554 (Tenn. 1976)* (citation omitted). Indeed, "[a]dmissions in pleadings are judicial admissions that are conclusive on the pleader until withdrawn or amended." *Irvin v. City of Clarksville, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988)* (citation omitted). It is important to recognize, however, that this principle extends to admissions in pleadings regarding issues of *fact*. See *John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp., 642 S.W.2d 151, 152 (Tenn. Ct. App. 1982)* (citation omitted) [*10] ("Facts confessed in pleadings are binding on the parties[.]"). "A party is not ordinarily bound by admissions or averments of legal conclusions." *Nichols v. Blocker, No. 87-110-II, 1988 Tenn. App. LEXIS 262, 1988 WL 39569, at *2 (Tenn. Ct. App. Apr. 29, 1988)*. In our opinion, Mr. Sakaan's averment that his case was "brought within the applicable statutes of limitation and repose for such actions in the State of Tennessee" amounted to nothing more than a legal conclusion, the determination of which would properly rest with the trial court. As such, the Defendants' inadvertent assent to this legal assertion was not controlling. In any event, within the same answers that Mr. Sakaan finds support for what he contends are binding admissions, the Defendants raised a statute of limitations defense.

*HN2*[↑] "A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed." *Estate of Brown, 402 S.W.3d 193, 199 (Tenn. 2013)* (citation omitted). Accordingly, if the defense "is not pleaded within the proper time and in the proper manner, it is deemed waived and cannot be relied upon as a defense." *Steed Realty v. Oveisi, 823 S.W.2d 195, 197 (Tenn. Ct. App. 1991)* (citations omitted). Under *Rule 8.03 of the Tennessee Rules of Civil Procedure*, a party seeking to raise certain affirmative defenses, such as the statute of limitations, must, "[i]n pleading to [*11] a preceding pleading . . . set forth affirmatively facts in short and plain terms relied upon to constitute [the defenses]." *Tenn. R. Civ. P. 8.03*. Although *Rule 8.03*

requires that a statute of limitations defense be specifically pleaded, the failure to properly plead the defense will not always result in waiver. *George v. Bldg. Materials Corp. of Am., 44 S.W.3d 481, 486-87 (Tenn. 2001)* (citations omitted). The purpose of the specificity requirement under the Rule is to prevent trial by ambush. *Young ex rel. Young v. Kennedy, 429 S.W.3d 536, 554 (Tenn. Ct. App. 2013)* (citation omitted). Thus, even when a party has failed to properly plead the defense, a waiver will not result if the opposing party has been given sufficient notice of it. As the Tennessee Supreme Court has explained:

> [HN3] It is well settled . . . that if the opposing party is given fair notice of the defense and an opportunity to rebut it, failure to specifically plead a statute of limitations defense will not result in a waiver. [*Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995)*]. "In other words, the purpose of the specific pleading requirement is to prevent a party from raising a defense at the last possible moment and thereby prejudicing the opposing party's opportunity to rebut the defense." *Id.*

*George, 44 S.W.3d at 487*.

We fail to see how the Defendants waived their right to rely on a statute of limitations defense in this case. Moreover, we fail to discern any reasonable [*12] basis for concluding that Mr. Sakaan has been prejudiced. Although the Defendants' answers arguably created some initial ambiguity as to their respective positions on the timeliness of Mr. Sakaan's claims, the answers did nonetheless assert a statute of limitations defense. While we would agree that the presentation of that defense within the answers was done in a conclusory manner,[5] the defense was outlined in detail in the Defendants' motion for judgment on the pleadings and accompanying memorandum, both of which were filed less than a month after the last answers in this case were submitted. This is not a case where the Defendants attempted to assert an affirmative defense on the eve of trial or failed to apprise Mr. Sakaan of their basis for the defense. Rather, it is clear that Mr. Sakaan had notice of the statute of limitations defense, and its basis, in the early stages of the litigation. Under the facts presented, he cannot reasonably claim any prejudice. We accordingly reject Mr. Sakaan's assertion that the Defendants' right to rely on a statute of limitations defense was waived.

*Ripeness*

We next turn to Mr. Sakaan's argument that the Defendants' motion for judgment on the pleadings [*13] was not ripe for consideration. [HN4] Pursuant to *Rule 12.03 of the Tennessee Rules of Civil Procedure*, a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *Tenn. R. Civ. P. 12.03*. The type of pleadings allowed are outlined in *Rule 7.01 of the Tennessee Rules of Civil Procedure*:

> There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or to a third-party answer.

---

[5] In pertinent part, the answers simply averred that Mr. Sakaan was "barred from pursuing any actions alleged in his Complaint which are outside the applicable statutes of limitation."

*Tenn. R. Civ. P. 7.01*. In this case, Mr. Sakaan filed a complaint, and each of the Defendants filed an answer responding to the allegations asserted against them. No counterclaims were filed, nor were any cross-claims or third-party complaints. As such, the pleadings were clearly closed so as to permit a proper motion under Rule 12.03.

As the Defendants have observed, Mr. Sakaan's brief appears to suggest that further discovery was needed before he could respond to the asserted motion for judgment on the pleadings. Such a suggestion [*14] lacks merit. A motion for judgment on the pleadings involves the consideration of nothing other than what its title suggests; the motion requests that a court grant judgment based on the pleadings alone. Accordingly, discovery is not necessary to sharpen any factual issues, and the trial court's resolution of the motion is not dependent on anything other than the pleadings.

*Consideration of Matters Outside the Pleadings*

As just noted above, HN5[⬆] a motion for judgment on the pleadings involves the consideration of nothing more than the pleadings. However, when matters outside the pleadings are considered by the trial court in ruling on a motion for judgment on the pleadings, a different analysis applies. This principle is outlined in the second sentence of Rule 12.03 of the Tennessee Rules of Civil Procedure:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.03.

According to Mr. Sakaan, the trial court did not confine itself to the pleadings in reviewing the Defendants' motion. [*15] As a result, he contends that the trial court's failure to conduct a summary judgment analysis constitutes reversible error. In outlining the alleged instances where the trial court's review considered matters outside the pleadings, Mr. Sakaan's brief recites as follows:

> [T]he trial court considered the transcript of the deposition of defendant Robert Morrison, in which he admits to each and all of the elements of negligent misrepresentation. The court reviewed emails and other correspondence among the parties—including a letter written by Defendant Robert Morrison, in which he explains to his superiors why he reassured Mr. Sakaan that entering into the [severance agreement] contract would not prevent him from continuing to work on FedEx projects as an employee of third-party vendor Tango: an admission that he made negligent misrepresentations to Mr. Sakaan about the potential preclusive effect of the [severance agreement] contract.

No doubt, the record transmitted to us on appeal contains the evidentiary materials referenced by Mr. Sakaan in his brief. We note, however, that these materials were not submitted in connection with the Defendants' motion for judgment on the pleadings. Rather, [*16] they were filed by Mr. Sakaan in support of his motion for partial summary judgment.[6] Moreover, contrary to the representations made by Mr. Sakaan, there is no indication that the trial court considered or

---

[6] We, like the Defendants, observe that Mr. Sakaan states inaccurately in his brief that the Defendants filed the deposition of Defendant Robert Morrison. The record plainly reflects that counsel for Mr. Sakaan filed this deposition on January 11, 2016.

relied upon these materials when adjudicating the Defendants' motion for judgment on the pleadings. In fact, the evidence in the record confirms that the trial court restricted its attention to the pleadings alone. For example, during oral argument before the trial court, Mr. Sakaan's counsel referenced something that one of the individual Defendants had admitted in his deposition. Immediately after this reference, the trial judge stated as follows: "But does it matter, going back to the same question as before? **What I'm looking at is this complaint**." (emphasis added) Further, when making an oral ruling on the Defendants' motion for judgment on the pleadings, the trial judge pronounced as follows: "**I have carefully looked at the complaint**, and as pleaded, this is not a breach of contract case. This is a misrepresentation case. It's a tort. And the statute of limitations that applies is the one-year statute of limitations as the subject matter is not property, but the person. And, [*17] therefore, I am granting this motion as a motion to dismiss." (emphasis added)

Mr. Sakaan's assertion that the trial court considered matters outside the pleadings is not supported by the record. Accordingly, we conclude that the trial court did not err by failing to conduct a summary judgment analysis under Rule 56 of the Tennessee Rules of Civil Procedure. Like the other procedural grievances raised by Mr. Sakaan, we find no merit in Mr. Sakaan's arguments to the contrary. Because the trial court did not err in considering the Defendants' motion for judgment on the pleadings and there is no indication that its analysis was predicated upon the consideration of impermissible matters, we now turn our attention to the substantive merits of the trial court's analysis.

*Trial Court's Dismissal of Mr. Sakaan's claims*

As already noted, *HN6*[↑] a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *Tenn. R. Civ. P. 12.03*. When a motion for judgment on the pleadings is made by defendants, as is the case here, "it is in effect a motion to dismiss for failure to state a claim upon which relief can be granted." *Timmins v. Lindsey, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009)* (citing *Waldron v. Delffs, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998))*. Such a motion tests the legal sufficiency of a complaint. It "admits the truth of [*18] all relevant and material averments in the complaint but asserts that such facts cannot constitute a cause of action." *Id.* (citation omitted). "A complaint subject to dismissal based on the expiration of the statute of limitations fails to state a claim upon which relief can be granted." *Goetz v. Autin, No. W2015-00063-COA-R3-CV, 2016 Tenn. App. LEXIS 95, 2016 WL 537818, at *3 (Tenn. Ct. App. Feb. 10, 2016)* (citation omitted), *perm. app. denied* (Tenn. June 24, 2016). On appeal, we review a trial court's decision to grant a motion for judgment on the pleadings de novo, without a presumption of correctness. *Young v. Barrow, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)* (citation omitted).

In this case, the trial court dismissed Mr. Sakaan's claims by determining that they were time-barred under the one-year statute of limitations contained in *Tennessee Code Annotated section 28-3-104*. On appeal, Mr. Sakaan argues that the trial court erred in applying a one-year limitation period. According to him, his claims were subject to the six-year limitation period applicable to breach of contract actions, *see Tenn. Code Ann. § 28-3-109*, or alternatively, the three-year limitation period contained in *Tennessee Code Annotated section 28-3-105*. The Defendants, on the other hand, are adamant that the trial court was correct in determining that the one-year limitation period in *Tennessee Code Annotated section 28-3-104* applied. Having studied the parties' respective arguments, we agree [*19] with the Defendants that Mr. Sakaan's

claims were subject to a one-year limitation period.

HN7[↑] In determining the applicable statute of limitations, "courts must ascertain the gravamen of each claim[.]" Benz-Elliott v. Barrett Enters., LP, 456 S.W.3d 140, 149 (Tenn. 2015) (citations omitted). The gravamen of a claim is its "substantial point" or "essence." Black's Law Dictionary 721 (8th ed. 2004). In order to determine the gravamen of a claim, a court must "consider both the legal basis of the claim and the injury for which damages are sought." Benz-Elliott, 456 S.W.3d at 141.

We first address Mr. Sakaan's argument that the six-year statute of limitations codified at Tennessee Code Annotated section 28-3-109(a)(3) applies to his claims for relief. See Tenn. Code Ann. § 28-3-109(a)(3) (providing that "[a]ctions on contracts not otherwise expressly provided for" "shall be commenced within six (6) years after the cause of action accrued"). This argument can dispensed with rather quickly. Initially, we note that although this argument was raised in Mr. Sakaan's appellate brief, he appeared to abandon it during oral argument before this Court; at that time, Mr. Sakaan simply submitted that the three-year limitation period in Tennessee Code Annotated section 28-3-105 applied. Mr. Sakaan also appeared to disclaim any reliance on a six-year limitation period during the trial court proceedings, where the following exchange [*20] occurred:

> The Court: So the statute of limitations to apply then is not a breach of contract statute of limitations for six years; is that right?
> [Mr. Sakaan's counsel]: Not a six-year statute, Your Honor, but the three-year statute of limitations.

In any event, it is clear that the six-year statute of limitations applicable to breach of contract claims does not apply here. Mr. Sakaan's complaint did not allege that any contract had been breached, nor did he seek any relief that would be specifically tailored to such claims. Rather, the complaint sought to recover compensatory damages allegedly sustained by Mr. Sakaan due to the Defendants' tortious conduct, i.e., their intentional and negligent misrepresentations.

Having found that a six-year limitation period does not apply to Mr. Sakaan's claims, we now shift to the central point of contention in this appeal. Whereas Mr. Sakaan contends that the three-year limitation period in Tennessee Code Annotated section 28-3-105 governs his claims, the Defendants argue that Mr. Sakaan's claims are governed by the one-year limitation period in Tennessee Code Annotated section 28-3-104. In addressing which of these respective positions is correct, we must determine whether the tortious conduct complained of involves an injury [*21] solely to Mr. Sakaan's person or to his property. If the asserted claims involve an injury to Mr. Sakaan's person, the one-year limitation period in Tennessee Code Annotated section 28-3-104 controls. See Tenn. Code Ann. § 28-3-104(a)(1) (emphasis added) (providing that "[a]ctions for libel, *for injuries to the person*, false imprisonment, malicious prosecution, [and] breach of marriage promise" must be commenced within one year after the cause of action accrued).[7] If, on the other hand, the asserted claims involve an injury to property, they are subject to the three-year limitation period in Tennessee Code Annotated section 28-3-105. See Tenn. Code Ann. § 28-3-105(1) (providing that "[a]ctions for injuries to personal or real property" must be commenced within three years from the accruing of the cause of action).

---

[7] The language of (a) was slightly altered and redesignated as (a)(1)(A)-(C) by way of a 2015 statutory amendment, which applies to causes of action accruing on or after July 1, 2015. See 2015 Tenn. Pub. Acts, ch. 388.

Like the trial court, we conclude that Mr. Sakaan's claims were subject to the one-year limitation period contained in Tennessee Code Annotated section 28-3-104. The allegations in the complaint are indicative of a tort to the person, not a tort involving an injury to a property interest. Indeed, whereas Mr. Sakaan seeks to recover for a loss of earnings and loss of earning capacity, there is no allegation that he had any type of property right to continue working on FedEx projects. Based on the facts in the complaint, it is clear that the alleged injuries are injuries [*22] to the person; again, there are no allegations reflecting that a vested contractual or property interest of Mr. Sakaan's had been damaged.

Because our review of the pleadings shows that the alleged loss is not related to any property right, the trial court was correct in concluding that Mr. Sakaan's misrepresentation claims were subject to the statute of limitations period contained in Tennessee Code Annotated section 28-3-104. Moreover, the trial court did not err in concluding that Mr. Sakaan's claims were time-barred. As already detailed, following his departure from FedEx, on December 19, 2013, Mr. Sakaan attended a FedEx meeting as a Tango employee. It was on that date that he was removed from the premises and should have realized that the Defendants' alleged assurances to him were false. Because Mr. Sakaan did not file his complaint for damages until April 21, 2015, the trial court did not err in dismissing his claims as untimely.

*Dismissal with Prejudice*

Lastly, we address Mr. Sakaan's argument that the trial court erred in dismissing his claims with prejudice. According to Mr. Sakaan, this Court should remand the case to the trial court for the entry of an order without prejudice so as to allow him to properly resubmit [*23] his claims and have them adjudicated. We reject Mr. Sakaan's assertion of error on this issue. HN8[↑] The dismissal of a case on account of the statute of limitations is an adjudication upon the merits of the case. *See* Hippe v. Miller & Martin, PLLC, No. M2014-01184-COA-R3-CV, 2015 Tenn. App. LEXIS 322, 2015 WL 2257175, at *3 (Tenn. Ct. App. May 12, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015). The trial court's dismissal of Mr. Sakaan's claims with prejudice is hereby affirmed.

## Conclusion

For the foregoing reasons, we conclude that the trial court did not err in granting the Defendants' motion for judgment on the pleadings. The costs of this appeal are assessed against the Appellant, Moufak Sakaan, and his surety, for which execution may issue if necessary. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

ARNOLD B. GOLDIN, JUDGE

---

End of Document



**Title:** *Sakaan v. FedEx Corp., 2016 Tenn. App. LEXIS 975*

**Folder:** Amos - Statute of Limitation

Notes

Crowell, Daniel 🔒

Negligent misrepresentation

February 10, 2022   05:54:34 pm