EXHIBIT 8

 Neutral

As of: February 12, 2022 3:27 AM Z

# Rice v. Askins

United States District Court for the Western District of Tennessee, Western Division

July 13, 2009, Decided; July 13, 2009, Filed

No. 09-2021-STA-cgc

### Reporter
2009 U.S. Dist. LEXIS 59850 *; 2009 WL 2163508

CATHY WHITE RICE, Plaintiff, v. BRIAN ASKINS and MUTUAL OF OMAHA INSURANCE COMPANY, Defendants.

**Prior History:** *Rice v. Askins, 2009 U.S. Dist. LEXIS 32395 (W.D. Tenn., Apr. 15, 2009)*

## Core Terms

promissory estoppel, promise, motion to amend, contrary to law, judge's order, cases, parties, terms

## Case Summary

### Procedural Posture

Plaintiff employee sued defendant employer alleging breach of contract. The employee sought to amend the complaint to allege false or deceptive representation under *Tenn. Code Ann. § 50-1-102*, common law fraudulent or negligent misrepresentation and promissory estoppel. A magistrate judge recommended that the motion to amend should be denied with regard to the promissory estoppel claim. The employee filed objections.

### Overview

The employee worked as a sales representative for the employer. She terminated her employment but later sought to return to work. The employee claimed that the employer promised that she would receive compensation and commission renewals on business that she previously produced as a sales representative. Because of this promise, the employee asserted that she agreed to return to her position as a sales representative and executed an employment contract. However, the employee asserted that she did not receive the compensation and commissions due as promised. The court found that the magistrate's reliance on an older case holding regarding promissory estoppel was contrary to the law of the state. However, the proposed amendment was futile because under Tennessee law, an express contract rendered the alternative remedy of promissory estoppel moot.

### Outcome

The objections were sustained in that the magistrate reliance on a certain holding was contrary to law. The objections were overruled with regard to the magistrate's conclusion that the motion to amend should be granted in part and denied in part. The proposed amendment to include a claim for promissory estoppel was denied.

## LexisNexis® Headnotes

Civil Procedure > Judicial Officers > Magistrates > Pretrial Referrals

HN1[↓] Magistrates, Pretrial Referrals

Pursuant to *28 U.S.C.S. § 636(b)*, a district court shall apply a clearly erroneous or contrary to law standard of review for "nondispositive" preliminary matters such as motions to amend a complaint. *28 U.S.C.S. § 636(b)(1)(A)*. *Fed. R. Civ. P. 72(a)* states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. When examining legal conclusions under the "contrary to law" standard, the court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.

Civil Procedure > Judicial Officers > Magistrates > Pretrial Referrals

HN2[↓] Magistrates, Pretrial Referrals

A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.

Business & Corporate Compliance > ... > Contract Formation > Consideration > Promissory Estoppel

HN3[↓] Consideration, Promissory Estoppel

Tennessee defines promissory estoppel as follows: a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires. The limits of promissory estoppel are: (1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting in reliance must have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justifiable reliance on the promise as made.

Business & Corporate Compliance > ... > Contract Formation > Consideration > Promissory Estoppel

HN4[↓] Consideration, Promissory Estoppel

Despite Tennessee's recognition of promissory estoppel, Tennessee courts do not liberally apply the doctrine and limit its application to "exceptional cases." One such exceptional case is found where the defendant's conduct suggests fraud. While a claim of promissory estoppel is not dependent on the finding of an express contract between the parties, courts must first determine whether an enforceable contract exists. Promissory estoppel is an alternative theory to recovery on an express contract. While cases do exist where the doctrine has been applied where the parties have contracts, these cases have been limited to cases where a claim of promissory estoppel was advanced to expand the terms of, not change the terms of, an existing contract. Where the parties have an enforceable contract, however, and merely dispute its terms, scope or effect, one party cannot obtain recovery based upon promissory estoppel. Once an express contract is found, therefore, the alternative claim of promissory estoppel becomes moot.

Business & Corporate Compliance > ... > Contract Formation > Consideration > Promissory Estoppel

HN5[↓] Consideration, Promissory Estoppel

Under Tennessee law an express contract renders the alternative remedy of promissory estoppel moot.

**Counsel:** [*1] Dewun R. Settle, Miscellaneous, Pro se, Memphis, TN.

For Cathy White Rice, Plaintiff: Robert M. Fargarson, Robert M. Fargason, LEAD ATTORNEYS, FARGARSON & BROOKE, Memphis, TN.

For Brian Askins, Defendant: Robert F. Tom, BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, Memphis, TN.

For Mutual of Omaha Insurance Company, Defendant: Courtney H. Gilmer, LEAD ATTORNEY, BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ PC, Nashville, TN; Robert F. Tom, BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, Memphis, TN.

**Judges:** S. THOMAS ANDERSON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** S. THOMAS ANDERSON

## Opinion

### ORDER SUSTAINING IN PART, OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON THE MOTION TO AMEND

Before the Court is Plaintiff's Objections to the Magistrate Judge's Order Granting in Part, Denying in Part the Motion to Amend Complaint (D.E. # 27) filed on June 3, 2009. Pursuant to an order of reference for determination, the Magistrate Judge granted in part, denied in part Plaintiff's motion to amend her complaint. Defendants have filed a response in opposition to Plaintiff's Objections. For the reasons set forth below, the Objections are **SUSTAINED IN PART,** **OVERRULED IN PART.** However, the result of the Magistrate [*2] Judge's Order is **AFFIRMED.**

### BACKGROUND

The parties have not contested the Magistrate Judge's findings of fact. Therefore, the Court will re-state those findings, which were as follows:

"Plaintiff was employed as a sales representative for Mutual of Omaha and terminated her employment on or about December 15, 2003. Complaint P 5. Plaintiff sought to return to employment with Mutual of Omaha in 2007 and met with Defendant Brian Askins ("Askins") prior to the execution of her employment contract. Id. P 7. Plaintiff asserts that Askins promised "that she would receive compensation and commission renewals on business that she previously produced as a sales representative for Mutual of Omaha." Id. Because of this promise, Plaintiff asserts that she agreed to return to her position as a sales representative at Mutual of Omaha. Id. Plaintiff executed an employment contract with Mutual of Omaha on December 3, 2007. Id., Exh. 1. However, Plaintiff asserts that she did not receive the compensation and commissions due as promised to her by Askins. Id. PP 11.

"On December 11, 2008, Plaintiff filed a Complaint for breach of contract against Defendants in the Chancery Court of Shelby County, Tennessee [*3] for the Thirtieth Judicial District. On January 16, 2009, Defendant Mutual of Omaha filed a Notice of Removal, to which Askins consented. Askins filed a Motion to Dismiss the Complaint against him for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss was granted on April 15, 2009 because the Court concluded that Askins was not a party to the contract which was alleged to have been breached.

"In the instant motion, Plaintiff seeks to amend her Complaint to allege three claims against Askins individually-- false or deceptive representation under Tennessee Code Annotated Section 50-1-102, common law fraudulent or negligent misrepresentation, and promissory estoppel. Defendant contends that Plaintiff should not be permitted to amend the complaint to include the claim of promissory estoppel."

Plaintiff has assigned as error the Magistrate Judge's decision that amending her complaint to add an allegation of promissory estoppel against Defendant Askins would be futile under Tennessee law. As a result, the Magistrate Judge denied in part Plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15 after [*4] determining that Plaintiff's proposed amendment would not survive a motion to dismiss. The Magistrate Judge relied on Barnes v. Boyd, 18 Tenn. App. 55, 72 S.W. 2d 573 (Tenn. Ct. App. 1934) for the proposition that "no estoppel will arise from a promissory representation as to a future action dependent upon a future contract or instrument to be executed." The *Barnes* court held that the promisee had "merely relied upon the expression of an intention" but did not "follow up the matter and see that the intention was fulfilled." Plaintiff argues that *Barnes* is distinguishable for several reasons. First, *Barnes* was decided on an entire record of facts unlike the instant case where the Magistrate Judge drew his conclusion only from the proposed amendment and facts presented in Plaintiff's brief. Plaintiff asserts that she will be able to adduce evidence that she did in fact "follow-up on the matter to see that the intention was fulfilled" including email correspondence with Askins to inquire when she would begin receiving payment for her renewals of past clients. Plaintiff further contends that *Barnes* has rarely been cited for its holding on promissory estoppel; whereas, later Tennessee cases as well as the [*5] Restatement of Contracts refer extensively to promissory estoppel.

Therefore, in light of the federal rules' liberal policy permitting amendments, Plaintiff seeks leave to amend her complaint and add her allegation of promissory estoppel.

Defendants respond that the holding of *Barnes* is clear and denies Plaintiff a cause of action for promissory estoppel. Additionally, Defendants argue that a "promissory estoppel claim cannot be sustained when a contract covering the same subject matter was executed after the promise was made." Finally, Defendants contend that the promissory estoppel cases Plaintiffs cites are distinguishable from the facts presented in the case at bar or actually support Defendants' position. In sum, Defendants argue that "Plaintiff should not be entitled to rely on an equitable remedy for a recovery that is not supported by the freely-negotiated terms of the parties' contract."

## STANDARD OF REVIEW

Plaintiff has filed timely objections to the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiff's Motion to Amend. HN1[↑] Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" [*6] preliminary matters such as motions to amend a complaint. [1] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." [2] "When examining legal conclusions

---

[1] U.S. v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) (citing United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). See also 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); Bell v. International Broth. of

under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" [3]

## ANALYSIS

While the Court agrees that the Magistrate Judge reached the correct result, the Court holds that as an initial matter, the Magistrate Judge's reliance on *Barnes* is contrary to the law of the state of Tennessee. The *Barnes* decision, which dates to 1934, is clearly at odds with a body of more contemporary Tennessee case law accepting the doctrine of promissory estoppel beginning with the Tennessee Supreme Court's decision in *Bill Brown Construction Co., Inc. v. Glens Falls Insurance Company, 818 S.W.2d 1 (Tenn.1991)*. The Sixth Circuit has further recognized the abrogation of *Barnes*: "Some earlier Tennessee decisions, yet to be explicitly overruled, hold that Tennessee does not recognize a claim for promissory estoppel." [4] The Sixth Circuit in *Sparton* went on to hold that "there exists no reasonable question today about whether promissory estoppel is clearly recognized in Tennessee." [5] Therefore, the Court concludes that the Magistrate Judge's reliance on *Barnes* was contrary to law.

The Sixth Circuit in *Sparton* summarized the [*8] principles of Tennessee's law on promissory estoppel. [6] [HN3] Tennessee defines promissory estoppel as follows: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." [7] "The limits of promissory estoppel are: (1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting in reliance must have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justifiable reliance on the promise as made." [8] [HN4] Despite Tennessee's recognition of promissory estoppel, Tennessee courts do not liberally apply the doctrine and limit its application to "exceptional cases." [9] One such exceptional case is found where the defendant's conduct suggests fraud. [10] While a claim of promissory estoppel is not dependent on the finding of an express

---

[Teamsters, 1997 U.S. App. LEXIS 4490, 1997 WL 103320, *4 (6th Cir. 1997)](#).

[3] [Doe v. Aramark Educational Resources, Inc., 206 F.R.D. 459, 461 (M.D. Tenn. 2002)](#) (citing [Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992)](#), aff'd, **19 F.3d 1432 (6th Cir. 1994)**). See also [32 Am. Jur. 2d Federal Courts § 143](#) (2008) ("[HN2] A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules [*7] of procedure").

[4] [Sparton Technology, Inc. v. Util-Link, LLC, 248 Fed. Appx. 684, 689 (6th Cir. 2007)](#) (citing *Barnes*).

[5] *Id.* (citing *Bill Brown Construction*).

[6] [Sparton Technology, 248 Fed. Appx. at 689-90](#).

[7] [Amacher v. Brown-Forman Corp., 826 S.W.2d 480, 482 (Tenn. Ct. App.1991)](#) (quoting **Restatement of Contracts 2d. § 90**).

[8] [Calabro v. Calabro, 15 S.W.3d 873, 879 (Tenn. Ct. App.1999)](#).

[9] [Barnes & Robinson Company, Inc. v. OneSource Facility Services, Inc., 195 S.W.3d 637 (Tenn. Ct. App. 2006)](#).

[10] [Shedd v. Gaylord Entertainment Co., 118 S.W.3d 695 (Tenn. Ct. App.2003)](#).

contract between the parties, [11] courts must first determine whether an enforceable contract exists. [12] "Promissory [*9] estoppel is an alternative theory to recovery on an express contract." [13] "While cases do exist where the doctrine has been applied where the parties have contracts, these cases have been limited to cases where a claim of promissory estoppel was advanced to expand the terms of, not change the terms of, an existing contract." [14] Where the parties have an enforceable contract, however, and merely dispute its terms, scope or effect, one party cannot obtain recovery based upon promissory estoppel. [15] Once an express contract is found, therefore, the alternative claim of promissory estoppel becomes moot. [16]

The Court finds that Plaintiff's proposed amendment is futile and would not, as a matter of law, survive a motion to dismiss. Plaintiff seeks to amend her complaint to add a cause of action for promissory estoppel against Askins in his personal capacity. It is undisputed in this case that Askins was acting in a representative capacity when he negotiated the employment contract with Plaintiff. [17] Any alleged promises Askins made were made on behalf of Defendant Mutual of Omaha. In other words, for purposes of promissory estoppel, Mutual of Omaha was the promisor during the negotiations, not Askins. Thus, if Plaintiff had a claim for promissory estoppel, Plaintiff could state her claim against Mutual of Omaha, not Askins. It is further undisputed that the parties reduced the terms of their negotiations to a written contract. HN5[↑] Under Tennessee law, such an express contract renders [*11] the alternative remedy of promissory estoppel moot. Therefore, Plaintiff's proposed amendment to include her claim of promissory estoppel against Askins in his individual capacity would be futile.

## CONCLUSION

The Court holds that the Magistrate Judge's reliance on *Barnes* was contrary to law. Nevertheless, the Magistrate Judge reached the proper conclusion that Plaintiff's motion to amend should be granted in part, denied in part. Therefore, Plaintiff's Objections are **SUSTAINED** in part, **OVERRULED** in part.

**IT IS SO ORDERED.**

**/s/ S. Thomas Anderson**

S. THOMAS ANDERSON

UNITED STATES DISTRICT JUDGE

Date: July 13th, 2009.

_____

---

[11] *Engenius Entertainment, Inc. v. Herenton, 971 S.W.2d 12, 19 (Tenn. Ct. App.1997)*

[12] *Calabro, 15 S.W.3d at 879*.

[13] *Sparton Technology, 248 Fed. Appx. at 690* (citing *Operations Management Int'l, Inc. v. Tengasco, Inc., 35 F. Supp. 2d 1052 (E.D. Tenn.1999))*.

[14] *Sparton Technology, 248 Fed. Appx. at 690* [*10] (citing *Bill Brown Construction, 818 S.W.2d at 9-11*).

[15] *Terry Barr Sales Agency, Inc. v. All-Lock Company, Inc., 96 F.3d 174 (6th Cir.1996)* (applying Michigan law); *Johnson v. Metropolitan Government of Nashville, 2002 Tenn. App. LEXIS 568, 2002 WL 31769125 (Tenn.App.2002)*; perm. app. denied *2003 Tenn. LEXIS 380, May 5, 2003*.

[16] *Johnson, 2002 Tenn. App. LEXIS 568, 2002 WL 31769125, at * 10*.

[17] *See* Order Granting Defendant's Motion to Dismiss, Apr. 16, 2009.

End of Document