**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| v. | ) | District Judge Richardson |
| | ) | |
| THE LAMPO GROUP, LLC, et al, | ) | Magistrate Judge Holmes |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS BY DEFENDANT, THE LAMPO GROUP, LLC**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01, files this

memorandum of law in support of its Motion to Dismiss all claims filed against the company in

this case by Plaintiff, Brad Amos, with prejudice.

**I.     INTRODUCTION**

This is an employment case. Plaintiff has sued his former employer, The Lampo Group,

LLC, ("Lampo") and its CEO, Dave Ramsey ("Ramsey"). As Lampo interprets the Complaint

(Doc. #1), Plaintiff asserts the following claims:

- Count I – Retaliatory discharge in violation of the Tennessee Public Protection

    Act, T.C.A. §50-1-304, ("TPPA") **against Lampo only**.

- Count II – Religious discrimination in violation of Title VII of the Civil Rights

    Act of 1964, 42 U.S.C. §2000e, *et seq.*, ("Title VII") **against Lampo only**.

- Count III – Fraud **against both Lampo and Ramsey**.

- Count IV – Negligent Misrepresentation **against both Lampo and Ramsey**.

- Count V[1] – Promissory estoppel **against both Lampo and Ramsey**.

- Count VI – Deceptive representations and false pretenses in violation of T.C.A. §50-1-102 **against both Lampo and Ramsey**.

(Complaint at ¶¶ 314-366).

This is Plaintiff's *third* attempt to sue Lampo. He originally sued both Defendants on April 15, 2021, in the Chancery Court for Williamson County, Tennessee, asserting these same six claims[2] against both Lampo and Ramsey. Plaintiff's original state complaint was indiscernible because he referred to the parties inconsistently throughout and asserted TPPA and THRA claims against Ramsey for which there is no individual liability, so Defendants filed a motion for more definite statement. Plaintiff eventually responded by amending his state complaint to correct some of the inconsistencies and clarify that he was only filing TPPA and THRA claims against Lampo. Defendants each filed motions to dismiss Plaintiff's amended state complaint on July 28, 2021, but Plaintiff voluntarily dismissed the case on August 24, 2021 pursuant to Rule 41 of the Tennessee Rules of Civil Procedure.

Despite being put on express notice by Defendants of the defects in his claims, the Complaint filed by Plaintiff in this case on December 13, 2021 is nearly identical to his amended state complaint except for additional allegations related to his new Title VII claim. These claims should now be dismissed.

---

[1] Plaintiff's Complaint misnumbered both his negligent misrepresentation and promissory estoppel claims as "Count IV." (Complaint at PageID #32-33). For purposes of this memorandum, we have renumbered Plaintiff's promissory estoppel claim as Count V and his claim under T.C.A. §50-1-102 as Count VI.

[2] With one exception. In state court, Plaintiff filed his religious discrimination claim against Defendants under the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA"), instead of Title VII.

2

## II. LEGAL STANDARD

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6)

in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.
>
> In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 U.S. Dist. LEXIS 189742 at *4-6 (M.D. Tenn. Nov. 6, 2018).[3]

---

[3] Lampo has attached a copy of this unpublished decision as Exhibit 1.

### III. PLAINTIFF'S CLAIMS AGAINST LAMPO SHOULD BE DISMISSED

Plaintiff's Complaint fails to state a claim against Lampo and should be dismissed. Lampo will address each of Plaintiff's claims below, in turn.

#### A. Count I – Tennessee Public Protection Act

Plaintiff claims that Lampo terminated his employment in violation of the TPPA because he "refused to participate in and/or refused to remain silent about Lampo's requiring non-essential workers to be present in their office against state-mandated COVID-19 'stay at home', mask, and social distancing precautions." (Complaint at ¶¶ 314-317).

The TPPA codified, abrogated, and superseded Tennessee's common law theory of retaliatory discharge. T.C.A. §50-1-304(g). Under the TPPA, "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." T.C.A. §50-1-304(b). Termination for refusal to participate and termination for refusal to remain silent are distinct claims under the TPPA. Plaintiff has pled both.

##### 1. *Refusal to Remain Silent*

Plaintiff's "refusal to remain silent" claim should be dismissed because he failed to report out. To maintain a refusal to remain silent claim, it is well established that Plaintiff must have reported his concerns regarding "Lampo's requiring non-essential workers to be present in their office against state-mandated COVID-19 'stay at home', mask, and social distancing precautions" to someone outside the company. *See, e.g., Haynes v. Formac Stables, Inc.,* 463 S.W.3d 34, 40-41 (Tenn. 2015). Plaintiff did not do that.

##### 2. *Refusal to Participate*

Plaintiff's "refusal to participate" claim should also be dismissed because his actions served a private rather than public purpose. The TPPA protects employees who refuse to

participate in activities that they reasonably believe to be illegal, so long as their refusal to participate implicates a public purpose that should be protected and not just their own private interests. *See, e.g., Williams v. Greater Chattanooga Pub. TV Corp.,* 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011); *Murden v. Wal-Mart,* 2021 U.S. Dist. LEXIS 42748 at *8-10 (W.D. Tenn. March 8, 2021)[4]; *Hayes v. Elmington Prop. Mgmt.,* 2019 U.S. Dist. LEXIS 226377 at *29-32 (W.D. Tenn. Dec. 20, 2019)[5]; *Hall v. Wal-Mart Stores, Inc.,* 2017 U.S. Dist. LEXIS at *6-11 (M.D. Tenn. May 16, 2017).[6]

Plaintiff began working from home on or about March 17, 2020, purely out of private concerns regarding his family's health and approximately two weeks before Governor Lee closed nonessential businesses via Executive Orders No. 22 and 23 on March 30, 2020 and April 2, 2020 respectively. (Complaint at ¶¶ 123-180). Plaintiff alleges that his actions were based on private concerns, like his own health, his family's health, and his religious and other beliefs. *Id.* Plaintiff's refusal to participate based on and in furtherance of those private concerns cannot form a TPPA claim. *See, e.g., Hayes* at *30-31 (employee who reported marijuana use because it was illegal and against his morals and health was motivated by private concerns, not public interest).

**B. Count II – Title VII**

Plaintiff has asserted a religious discrimination claim against Lampo under Title VII. There are two types of religious discrimination claims available under Title VII—general religious discrimination claims and religious accommodation claims. The Court recently

---

[4] Lampo has attached a copy of this unpublished case as Exhibit 2.

[5] Lampo has attached a copy of this unpublished case as Exhibit 3.

[6] Lampo has attached a copy of this unpublished case as Exhibit 4.

explained the differences between them in *EEOC v. Publix Super Mrkts., Inc.,* 481 F. Supp. 3d 684 (M.D. Tenn. 2020). In describing the elements of each claim, the Court noted that the first two (2) elements of each claim are the same: (1) the plaintiff holds a sincere religious belief that conflicts with an employment requirement and 2) the plaintiff informed the employer about the conflict. *Id.* at 692-693. While it is not clear from the Complaint which of the two types of claims Plaintiff is asserting, for purposes of this Motion, it is irrelevant because either claim fails for the same reasons.

Title VII prohibits discrimination because of religious belief, not mere conduct. In *Pedreira v. Ky. Baptist Homes for Children, Inc.*, the employer terminated a lesbian's employment because she violated the employer's prohibition against homosexuality. 579 F.3d 722 (6th Cir. 2009). There was no dispute that the employer prohibited homosexuality for religious reasons or that Plaintiff was terminated for being a lesbian. *Id.* at 727-28. The Sixth Circuit distinguished, however, between the employee's sexual orientation and religious beliefs regarding homosexuality. *Id.* The court refused to charge the employer with knowledge that the employee's conduct and religious beliefs were aligned. *Id.*

In *EEOC v. Abercrombie & Fitch Stores, Inc.*, the Supreme Court explained that the focus of a religious discrimination case under Title VII should be the employer's motive. 575 U.S. 768, 772 (2015). The Court held that while a *per se* knowledge requirement cannot be added to the statutory language requiring only "motive," the motive requirement arguably cannot be met "unless the employer at least suspects that the practice in question is a religious practice…." *Id.* at FN 3. In Justice Alito's concurring opinion, he noted that "an employer cannot be held liable for taking an adverse action because of an employee's religious practice unless the employer knows that the employee engaged in the practice for a religious reason." *Id.* at 777.

6

In this case, Plaintiff describes his sincerely held religious beliefs as (1) Christian, (2) "caring for family and doing unto others as you would have them do unto you," (3) "possess[ing] a religious devotion to maintaining the health, safety, and wellbeing to [sic] his children and wife," and (4) "a respectful treatment for the safety of others and his community." (Complaint at ¶¶ 11-12, 31-32). Plaintiff further alleges that he "expressed his religious devotion to these values during the interview process" when he was applying for employment with Lampo. *Id.* at ¶34. Plaintiff alleges that his religious beliefs required him to "heed the advice of science to protect his family from a deadly disease" though he does not allege that he expressed this particular belief to Lampo. *Id.* at ¶142. Plaintiff also alleges that "[d]espite the growing public concern for safety and need to exercise COVID-19 precautions, [Lampo leaders] continued to express their belief that these measures were not aligned with the religious principles held by Ramsey Solutions." *Id.* at ¶128. Plaintiff's religious discrimination claim is summarized in Paragraph 329 of the Complaint: "Lampo terminated plaintiff solely because he refused to adhere to Lampo's particular religious views and abandon his own on COVID…."

At no point has Plaintiff alleged that he informed Lampo that his views with respect to COVID were based on his religion. Like the employee in *Pedreira*, Plaintiff failed to give Lampo notice that his contrary view of COVID safety precautions was based on his religion. It could have been based on his scientific views, political views, or simple desire to work at home rather than the office. Although Plaintiff alleges that he told Lampo of his religious views during the interview process with respect to family and safety, there was no way for Lampo to know that his divergent views regarding COVID were based on those religious beliefs.

Plaintiff has failed to plead any allegations that he (1) held a sincere religious belief that conflicted with a requirement of Lampo or (2) informed Lampo about the conflict as required by

7

this Court in *Publix* and the Sixth Circuit in *Bolden v. Lowes Home Centers, LLC,* 783 F. App'x 589, 597 (6th Cir. 2019). Thus, Plaintiff fails to state a claim for religious discrimination under Title VII that claim should be dismissed.

### C. Count III – Fraud

Plaintiff has accused Lampo of fraud. Fraud is synonymous with intentional or fraudulent representation, *see, e.g., Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 FN1 (Tenn. 1999), and consists of the following six elements:

1. A representation made of an existing or present fact;

2. The representation was false when made;

3. The representation was in regard to a material fact;

4. The false representation was made knowingly or recklessly without regard for its truth;

5. Plaintiff reasonably relied upon the misrepresented material fact; and

6. Plaintiff suffered damage as a result of the misrepresentation.

*See, e.g., PNC Multifamily Capital Institutional Fund XXVI LP v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn. Ct. App. 2012).

Plaintiff claims that "Defendants", so either Ramsey or another of Lampo's nearly 1,000 employees, made the following fraudulent misrepresentations:

- Statement No. 1: "Plaintiff would edit features and help create their new film department."

- Statement No. 2: "Defendants was [sic] not 'cult like' in the way they operated."

- Statement No. 3: "Defendants operated a 'drama free' workplace."

- Statement No. 4: "Defendants had been voted 'best place to work' for over 10 years

8

in a row by their own employees without interference from management."

- Statement No. 5: "Defendants were family friendly and would allow Plaintiff to spend time with his family without interference from Defendants."

- Statement No. 6: Plaintiff could work from home without adverse employment action.

(Complaint at ¶¶ 333, 336). There are several independent bases for dismissing Plaintiff's fraud claims against Lampo.

### 1. Time-Barred

First, Plaintiff's fraud claims should be dismissed because they are time-barred. In Tennessee, the statute of limitations for fraud depends on the nature of the damage claimed—one year for personal injury, three years for property injury. *See, e.g., Evans v. Walgreen Co.,* 813 F. Supp. 2d 897, 934-35 (W.D. Tenn. 2011); T.C.A. §§ 28-3-104, 28-3-105. Plaintiff's fraud claims against Lampo are based on alleged statements (i) about his at-will employment with the company, (ii) made before or during his employment with the company, (iii) that he discovered to be untrue during his employment with the company. Tennessee does not recognize a property interest in at-will employment, so Plaintiff's fraud claims against Lampo describe personal injuries subject to a one-year statute of limitations. *See, e.g., Evans* at 934-35; T.C.A. §28-3-104.

Tennessee has adopted the discovery rule to determine when fraud claims accrue. *See, e.g., Chunn v. Southeast Logistics, Inc.,* 2018 U.S. Dist. LEXIS 217361 at *4-6 (W.D. Tenn. Dec. 28, 2018).[7] Per the discovery rule, the statute of limitations associated with each of the six statements cited in Plaintiff's Complaint began to run when he discovered or should have discovered that the statement was false. *Id*. Plaintiff did not need to know the full extent of each

---

[7] Lampo has attached a copy of this unpublished case as Exhibit 5.

fraudulent statement to trigger its statute of limitations, only that some wrong had occurred. *Id.* Moreover, where a fraud claim is based on multiple misrepresentations that give rise to different injuries, the timeliness of each misrepresentation must be assessed individually. *Alsbrook v. Concrode Career Colls., LLC*, 469 F. Supp. 3d 805 (W.D. Tenn. 2020). A fraud claim may be time-barred with respect to some misrepresentations and timely with respect to others. *Id.*

Plaintiff's fraud claims against Lampo are time-barred because they accrued before April 15, 2020 and certainly December 13, 2020, one year respectively before he originally filed them in state court and subsequently refiled them in federal court. Accepting Plaintiff's allegations in the Complaint as true, he discovered or should have discovered that all six statements comprising his fraud claims against Lampo were false before April 15, 2020:

- **Statement No. 1: "Plaintiff would edit features and help create their new film department."**
    - o Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 333-335.
    - o However, on March 20, 2020, Plaintiff alleges that Lampo informally demoted him from Senior Editor to Assistant Editor. *Id.* at ¶¶ 167-169.
    - o Then, on April 9, 2020, Plaintiff alleges that Lampo "officially" demoted him from Senior Editor to Assistant Editor. *Id.* at ¶¶ 181-185.
    - o Then, on April 13, 2020, Plaintiff alleges that he had a "hostile" meeting with Lampo, during which Lampo asked why he was behind on work, questioned whether he wanted to continue working for the company, suggested that he look for another job, questioned whether he would accept another job if an opportunity arose, removed him from his current project completely, and told him to "check

10

his humility" when he asked about his next project. *Id.* at ¶¶ 187-208.

- o Then, after April 13, 2020, Plaintiff alleges that he was "assigned the most demeaning work possible at Lampo." *Id.* at ¶210.

- **Statement No. 2: "Defendants was [sic] not "cult like" in the way they operated."**

   - o Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 26-29, 38, 44, 333-335.

   - o However, Plaintiff alleges that Lampo "maintained a cult-like attitude regarding Mr. Ramsey" throughout his entire employment with the company. *Id.* at ¶300.

   - o Plaintiff also alleges that he was "indoctrinated" by Lampo during onboarding, which took place during his first three days of employment in August 2019. *Id.* at ¶¶ 48-59.

- **Statement No. 3: "Defendants operated a 'drama free' workplace."**

   - o Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 44, 282, 333-335.

   - o However, Plaintiff alleges that Lampo "consistently provided a dramatic workplace atmosphere…." *Id.* at 283.

- **Statement No. 4: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management."**

   - o Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 44, 333-335.

   - o The Amended Complaint does not allege when Plaintiff discovered this statement to be false. However, Defendant notes that Inc. Magazine required employees to

11

complete the 2020 Best Workplaces survey by February 18, 2020.[8] So, if Lampo

interfered with employees' completion of that survey, it must have occurred on or

before February 18, 2020. Defendant asks the Court to exercise its discretion to

take judicial notice of this date per Rule 201 of the Federal Rules of Evidence.

*See, e.g., Schuh v. HCA Holdings, Inc.,* 947 F. Supp. 2d 882, 885 FN2 (M.D.

Tenn. 2013).

- **Statement No. 5: "Defendants were family friendly and would allow Plaintiff to spend time with his family without interference from Defendants."**

  o Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. *Id.* at ¶¶ 39-41, 44, 311.

  o However, after his employment began, Plaintiff alleges that Lampo "constantly harassed him about his home life" and "consistently told him he needed to get his wife 'on the same page.'" *Id.* at ¶¶ 312-313.

- **Statement No. 6: "Defendants knowingly made false statements about Plaintiff's ability to work from home without adverse employment action."**

  o Plaintiff alleges that Lampo made these statements on March 17, 2020. *Id.* at ¶¶ 147-150.

  o However, on March 20, 2020, Plaintiff alleges that Lampo contradicted its earlier position, expressed opposition to him working from home and a preference that he work in the office instead, and demoted him for his decision to continue

---

[8] https://events.inc.com/bwp2020. This web page was active as of February 11, 2022. However, Lampo has attached a pdf version as Exhibit 6 in case the web page or that link are subsequently taken down.

working from home. *Id.* at ¶¶ 154-167.

Even accepting Plaintiff's allegations regarding the six statements as true, Plaintiff clearly knew or should have known that they were false before April 15, 2020 and certainly December 13, 2020.

### 2. Materiality

Second, Plaintiff's fraud claims should be dismissed because none of the six statements were sufficiently material to be actionable. To be material, a misrepresentation must have been so significant that it determined the conduct of the party seeking relief. *See, e.g., Grissim v. Powell Constr. Co.,* 1999 Tenn. App. LEXIS 413 at *8-9 (Tenn. Ct. App. June 25, 1999)[9]; *Dozier v. Hawthorne Dev. Co.*, 262 S.W.2d 705, 709-10 (Tenn. Ct. App. 1953). The materiality of a misrepresentation is a question of law for the Court. *Grissim* at *8-9.

All six statements identified by Plaintiff were vague, subjective, and/or collateral to the primary terms and conditions of his employment with Lampo. Nor were any of the statements a guarantee of future circumstances. As an at-will employee of Lampo, Plaintiff's employment was subject to termination by Lampo at any time for any or no reason. *See, e.g., Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997). So, it is simply not plausible for Plaintiff to argue that those six statements were sufficiently material to be outcome determinative.

### 3. Reasonable Reliance

Third and for similar reasons, Plaintiff's fraud claims should be dismissed because none of the six statements could have possibly induced reasonable reliance. Tennessee's strong presumption in favor of at-will employment and the inherently changeable nature of at-will

---

[9] Lampo has attached a copy of this unpublished case as Exhibit 7.

employment make it extremely difficult for employees to maintain materiality and reasonable reliance-based claims like fraudulent misrepresentation and promissory estoppel. *See, e.g., Koch v. Lightning Transp., LLC*, 2015 U.S. Dist. LEXIS 707 at *22-23 (M.D. Tenn. Jan. 6, 2015)[10]; *Wright v. Wacker-Chemie AG*, 2014 U.S. Dist. LEXIS 105337 at *43-45 (E.D. Tenn. Aug. 1, 2014)[11]; *Chapman v. Southern Natural Gas Co.,* 2011 U.S. Dist. LEXIS at *13-15 (E.D. Tenn. Mar. 11, 2011).[12] A reasonable person would not have relied upon those six statements to make the weighty decision to relocate his entire family from California to Tennessee for an at-will position that paid $150,000 less than his job in California.

### D.  Count IV – Negligent Misrepresentation

Plaintiff has also accused Lampo of negligent misrepresentations. These claims should be dismissed for two independent reasons.

First, the tort of negligent misrepresentation is not available here. In *Shelby v. Delta Air Lines, Inc.*, this Court held that the tort of negligent misrepresentation does not apply to employment relationships. 842 F. Supp. 999, 1015-16 (M.D. Tenn. 1993). Tennessee adopted the definition of negligent misrepresentation found in Section 552 of the Second Restatement of Torts, which is limited to commercial transactions. *See, e.g., Id.*; *Batten v. Cmty. Tr. & Banking Co.,* 2019 Tenn. App. LEXIS 417 at *62-73 (Tenn. Ct. App. Aug. 26, 2019).[13] The Tennessee Supreme Court, Tennessee Court of Appeals, and other Tennessee federal courts have since endorsed and reinforced *Shelby*. *See, e.g., Robinson v. Omer,* 952 S.W.2d 423, 427-28 (Tenn.

---

[10] Lampo has attached a copy of this unpublished case as Exhibit 8.

[11] Lampo has attached a copy of this unpublished case as Exhibit 9.

[12] Lampo has attached a copy of this unpublished case as Exhibit 10.

[13] Lampo has attached a copy of this unpublished case as Exhibit 11.

1997); *Batten* at \*62-73; *Moore v. Alstom Power Turbomachines, LLC,* 2013 U.S. Dist. LEXIS 32215 at \*15-19 (E.D. Tenn. Mar. 26, 2013)[14]; *Little v. Keystone Continuum, LLC,* 2008 U.S. Dist. LEXIS 56910 at \*22 FN3 (M.D. Tenn. July 22, 2008).[15]

Second, Plaintiff's negligent misrepresentation claims are time-barred.  Like fraud, Plaintiff's negligent misrepresentation claims are subject to a one-year statute of limitations. CITE. *Sakaan v. FedEx Corp.,* 2016 Tenn. App. LEXIS 975 at \*17-22 (Tenn. Ct. App. Dec. 21, 2016).[16] Plaintiff's negligent misrepresentation claims are premised upon the same six statements as his fraud claims (Complaint at ℙ344), which he discovered or should have discovered before April 15, 2020 and certainly December 13, 2020.

### E.  Count V – Promissory Estoppel

Plaintiff has also asserted promissory estoppel claims against Lampo alleging that "Defendants made promises to [him] regarding the conditions of his future employment including limited interference with [his] family time and a strict 40-hour work week." (Complaint at ℙ354). These claims should be dismissed for two independent reasons.

First, Plaintiff's promissory estoppel claims are time-barred. The statute of limitations for promissory estoppel varies depending on the gravamen of the claim. *See, e.g., Precision Tracking Sols., Inc. v. Spireon, Inc.,* 2014 U.S. Dist. LEXIS 92255 at \*11-16 (E.D. Tenn. July 7, 2014).[17] Here, Plaintiff's promissory estoppel claims center around at-will employment and the same allegations as his fraud claims, so the gravamen is fraud and the applicable statute of

---

[14] Lampo has attached a copy of this unpublished case as Exhibit 12.

[15] Lampo has attached a copy of this unpublished case as Exhibit 13.

[16] Lampo has attached a copy of this unpublished case as Exhibit 14.

[17] Lampo has attached a copy of this unpublished case as Exhibit 15.

limitations is one year. After Plaintiff started working at Lampo, Plaintiff alleges that the company "constantly harassed him about his home life" and "consistently told him he needed to get his wife 'on the same page.'" (Complaint at ℙℙ 311-313). Accepting Plaintiff's allegations as true, it appears that his promissory estoppel claims accrued from the inception of his employment, but certainly well before April 15, 2020.

Second, Plaintiff's promissory estoppel claims are completely foreclosed by Tennessee's presumption of at-will employment. Tennessee courts disagree over whether an at-will employee can ever assert promissory estoppel given the need for reasonable reliance. *Wright* at *40-43. Even supportive courts acknowledge that promissory estoppel can only be applied to at-will employment relationships in exceptional circumstances, like where an enforceable promise has been made and failure to enforce that promise would effectively perpetuate a fraud upon the employee and/or confer an unconscionable advantage upon the employer. *See, e.g., Id*.; *Chavez v. Broadway Electric Serv. Corp.*, 245 S.W.3d 398, 404-408 (Tenn. Ct. App. 2007). Promises of limited interference with family time and a strict 40-hour work week are simply not cognizable under even the most basic formulation of promissory estoppel, much less the narrower version applicable to at-will employment.

### F. Count VI – Deceptive Representations and False Pretenses

Lastly, Plaintiff claims that Lampo violated T.C.A. §50-1-102. This relatively obscure statute makes it "unlawful for any person to induce, influence, persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any type of labor in this state through or by means of false or deceptive representations, false advertising or false pretenses, concerning the kind and character of the work to be done, or the amount and character of compensation to be paid for the work, or the

16

sanitary or other conditions of the employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to the engagement." T.C.A. §50-1-102(a)(1); *see also Gillinsky v. Marcus & Millichap Real Estate Inv. Servs. of Seattle,* 2021 U.S. Dist. LEXIS 128263 at *48-51 (M.D. Tenn. July 9, 2021).[18]

The Tennessee Court of Appeals has characterized T.C.A. §50-1-102 as functionally equivalent to fraudulent inducement, *i.e.,* an employer fraudulently inducing an employee to quit his/her current job and come work for them. *Shipp v. Ditch Witch Equip. of Tenn., Inc.,* 2007 Tenn. App. LEXIS 123 at *6, 24-25 (March 7, 2007).[19] As statutory fraud, T.C.A. §50-1-102 claims are subject to the same heightened pleading standards, materiality standards, and statutes of limitations as common law fraud claims. *Block v. Meharry Med. College,* 2016 U.S. Dist. LEXIS 69485 at *3-4 (M.D. Tenn. May 26, 2016) (statute of limitations)[20]; *Grissim v. Powell Constr. Co., Inc.,* 1999 Tenn. App. LEXIS 413 at *9-11 (June 25, 1999) (materiality)[21]; *See Metro. Prop. & Cas. Ins. Co. v. Bell,* 2005 U.S. App. LEXIS 17825 at *15-16 (6th Cir. Aug. 17, 2005) (applying Rule 9 to TCPA claims).[22]

Plaintiff's specific allegations in Count VI merely recite the claim's basic elements. But considering the nature of this claim and entirety of Plaintiff's Complaint, Count VI is effectively a statutory rehash of his fraud claim in Count III and fails for the same reasons.

---

[18] Lampo has attached a copy of this unpublished case as Exhibit 16.

[19] Lampo has attached a copy of this unpublished case as Exhibit 17.

[20] Lampo has attached a copy of this unpublished case as Exhibit 18.

[21] Lampo has attached a copy of this unpublished case as Exhibit 19.

[22] Lampo has attached a copy of this unpublished case as Exhibit 20.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I certify that, on February 11, 2022, I caused the foregoing *Memorandum of Law in Support of Motion to Dismiss by Defendant, The Lampo Group, LLC,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*