# EXHIBIT 1

 Neutral

As of: February 12, 2022 12:42 AM Z

## Hasting v. First Cmty. Mortg.

United States District Court for the Middle District of Tennessee, Nashville Division

November 6, 2018, Filed

NO. 3:17-cv-00989

### Reporter

2018 U.S. Dist. LEXIS 189742 *; 2018 WL 5808727

MARIE HASTING, Plaintiff, v. FIRST COMMUNITY MORTGAGE, Defendant.

**Subsequent History:** Summary judgment granted by, Dismissed by *Hasting v. First Cmty. Mortg., 2019 U.S. Dist. LEXIS 127847 (M.D. Tenn., July 31, 2019)*

## Core Terms

allegations, pleadings, amend, motion to dismiss, male employee, Pay Act, cause of action, factual allegations, conclusory, employees, leave to amend, entitlement to relief, amended complaint, opposite sex, asserts

**Counsel:** [*1] For Marie Hasting, Plaintiff: Frank J. Steiner, Frank Steiner, Attorney at Law, Nashville, TN.

For First Community Mortgage, Defendant: Kenneth A. Weber, Megan M. Sutton, Baker, Donelson, Bearman, Caldwell&Berkowitz, PC (Nash), Nashville, TN.

**Judges:** ELI RICHARDSON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ELI RICHARDSON

## Opinion

### MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 21, "Motion"), which seeks dismissal of the fourth cause of action set forth in Plaintiff's Complaint. For the reasons stated herein, Defendant's Motion is **GRANTED**.

Plaintiff, Marie Hasting, asserts employment discrimination claims against Defendant First Community Mortgage, pursuant to *Title VII (42 U.S.C. § 2000e, et seq.*) and the *Equal Pay Act (29 U.S.C. § 206*). She asserts, in a total of four causes of action, three different theories of liability under Title VII and a claim under the Equal Pay Act. She seeks, among other things, compensatory and punitive damages, backpay and a judgment declaring Defendant's acts and practices to be in violation of Title VII and the Equal Pay Act.[1] Defendant has moved for judgment on the pleadings as to Plaintiff's Equal Pay Act claim, styled as Plaintiff's "Fourth Cause of Action."[2]

---

[1] Despite requesting such declaratory relief, Plaintiff has not included any allegations purporting to explain, even in conclusory fashion, why declaratory relief is appropriate or even authorized in this case under the *Declaratory Judgments Act, 28 U.S.C. § 2201 et seq.*

[2] Defendant has not moved for judgment on the pleadings with respect to any of the three Title VII claims, and therefore all three survive Defendant's Motion.

## SUMMARY [*2] OF CAUSE OF ACTION UNDER THE EQUAL PAY ACT

The Equal Pay Act prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work. *29 U.S.C. § 206(d)(1)*. To establish a case of wage discrimination under the Equal Pay Act, a plaintiff must show that an employer pays different wages to employees of opposite sexes for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. *Schleicher v. Preferred Solutions, Inc. 831 F.3d 746 (6th Cir. 2016)*.

Plaintiff's Complaint alleges that Defendant paid wages to female employees at a rate less than the rate at which they paid wages to male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility. Defendant asserts that Plaintiff has failed specifically to allege, however, that *she* was paid less than similarly-situated male employees of the same skill and responsibility. Plaintiff alleges that, as Human Resources Manager for Defendant, she discovered a disparity in salaries related to gender. She claims that the only woman, other than herself, in executive management was paid at a significantly lower wage than her male counterparts. She asserts [*3] that Defendant generally discriminated between female employees and male employees in the wages paid for equal work.

## LEGAL STANDARD

### I. APPLICABLE STANDARD FOR THIS MOTION FOR JUDGMENT ON THE PLEADINGS: THE SAME STANDARD THAT GOVERNS MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER *FED. R. CIV. P. 12(b)(6)*.

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. *Fed. R. Civ. P. 12(c)*. "*Rule 12(c)* may be employed as a vehicle for raising several of the defenses enumerated in *Rule 12(b)*, including the defense of failure to state a claim upon which relief may be granted." *Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979)*. *See also Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989)* (citing *Amersbach*); *Becker v. Crounse Corp., 822 F. Supp. 386, 391 n.4 (W.D. Ky. 1993)* (citing A*mersbach*).

When that defense is raised via a motion for judgment on the pleadings, the district court evaluates the motion using the same standard applied to a motion to dismiss for failure to state a claim under *Rule 12(b)(6)*. *See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 n.1 (6th Cir. 1988)*; *Becker, 822 F. Supp. at 391 n.4 (W.D. Ky. 1993)* (citing A*mersbach*); *Kinney v. Mohr, No. 2:13-cv-1229, 2017 U.S. Dist. LEXIS 59737, 2017 WL 1395623, *4 (S.D. Ohio Apr. 19, 2017)* (citing *Amersbach*). "Thus, the same rules which apply to judging the sufficiency of the pleadings apply to a *Rule 12(c)* motion as to a motion filed under *Rule 12(b)(6)*[.]" *Lacy v. Ohio Dept. of Job and Family Servs., No. 2:16-cv-912, 2017 U.S. Dist. LEXIS 59743, 2017 WL 1397522, *1 (S.D. Ohio Apr. 19, 2017)* (citing *Amersbach*).[3] Indeed, when a [*4] *Rule 12(c)* motion is based on an asserted failure to state claim upon which relief can be granted, "'[t]he only different between *Rule*

---

[3] The same is true on appeal; in reviewing a district court's decision on this kind of motion for judgment on the pleadings pursuant to *Rule 12(c)*, the Sixth Circuit uses the same standard of review (*de novo*) that it uses in reviewing a district court's decision on a motion to dismiss under *Rule 12(b)(6)*. *See Hayward v. Cleveland Clinic Foundation, 759 F.3d 601, 608 (6th Cir. 2014)*.

12(c) and *Rule 12(b)(6)* is the timing of the motion to dismiss.'" *Ruppe v. Knox Cty. Bd. Of Educ., 993 F. Supp.2d 807, 809 (E.D. Tenn. 2014)* (quoting *Hunter v. Ohio Veterans Home, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003))*. In summary, as both parties appear to recognize, the applicable standard for this Motion is the standard for motions under *Rule 12(b)(6)*.

## II. STANDARD UNDER *RULE 12(b)(6)*: *TWOMBLY, IQBAL* AND THEIR PROGENY.

As both parties recognize, *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*, and its progeny provide the applicable standard for motions to dismiss for failure to state a claim under *Rule 12(b)(6)*. For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Id. at 678*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine [*5] whether they plausibly give rise to an entitlement to relief. *Id. at 679*. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id. at 678*; *Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)*; *Abriq v. Hall, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018)* (citing *Fritz*). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal, 556 U.S. at 678*.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal, 556 U.S. at 680*. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id. at 681*. The question is whether the remaining allegations — factual allegations, *i.e.*, allegations [*6] of factual matter — plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of *Fed. R. Civ. P. 8* and thus must be dismissed pursuant to *Rule 12(b)(6)*. *Id. at 683*.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* unless the motion is converted to one for summary judgment under *Rule 56*. *Fed. R. Civ. P. 12(d)*.

## ANALYSIS

## I. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE EQUAL PAY ACT.

As this Court has stated with respect to the Equal Pay Act:

In this Circuit, "'three elements must be shown to make out a claim under the Act: (1) that [plaintiff's] employer is subject to the Act; (2) that [plaintiff]

performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) that [plaintiff] was paid less than the employees of the opposite sex providing the basis of comparison'

*Wong-Opasum v. Middle Tennessee State Univ., No. 3:04-0719, 2006 U.S. Dist. LEXIS 94953, 2006 WL 208881, at *3 (M.D. Tenn. Jan. 24, 2006)* (quoting *EEOC v. City Council of City of Cleveland, 875 F.2d 863, 1989 WL 54252, at *4 (6th Cir.1989)* (citing *Peters v. City of Shreveport, 818 F.2d 1148, 1153 (5th Cir.1987)))*.

Both *Wong-Opasum* and *City Council of City of Cleveland* are clear: to have a valid claim under the Equal Pay Act, the *plaintiff* must be paid less than the relevant employees of the opposite sex.[4] Accordingly, Plaintiff here must make [*7] the factual allegation that *she* was paid less than the relevant male employees, or else her claim fails to plausibly suggest an entitlement to relief as required to survive the Motion. *See Iqbal, 556 U.S. at 681*.

Defendant argues that Plaintiff made no such allegation in her complaint. In particular, the Defendant argues essentially that Plaintiff's allegations as to sex-based pay discrimination: (1) are the sort of conclusory ones that are to be disregarded in addressing the sufficiency of the complaint; and in any event (2) relate only to whether *other* women were paid less than the relevant male employees. Defendant is correct that Plaintiff relies largely (1) on conclusory allegations that count for

---

[4] To be sure, *City Council of Cleveland* is an unreported and relatively old case. However, its soundness on Equal Pay Act issues appears not to be in question. It has been cited in several cases since *Wong-Opasum* was decided in 2006, *e.g.,* *Kline v. Portage Cty. Bd. Of Comm'rs,5 F. Supp. 3d 902, 921 (N.D. Ohio 2014)*, and has been cited as recently as 2015.

nothing in the Court's resolution of the Motion; and (2) allegations (largely conclusory, as just noted) relating to gender-based pay discrimination against women other than herself.

However, Defendant exaggerates when, after pointing to specific (though conclusory) alleged facts set forth in four bullet points—none of which has anything to do with the pay of Plaintiff specifically rather than female co-employees generally— it claims that these are "[t]he only facts [*8] arguably pleaded in Plaintiff's Complaint related to her Equal Pay Act" and that "Plaintiff has alleged no other facts to support a claim under the Equal Pay Act." (Doc. No. 22 at 3). The Complaint does at least "arguably" allege other facts "related to" her Equal Pay Act claim, and some even relate to her pay in particular. Specifically, as she notes in her response in opposition to the Motion, Plaintiff alleges that: (1) Defendant "changed Plaintiff's compensation by taking away her bonus structure making Plaintiff the only Director to be ineligible for a bonus"; and (2) she was promoted "without [receiving] any change in compensation." (Doc. No. 25 at 5) (quoting Complaint ¶ 25 and Complaint ¶ 27, respectively).

Plaintiff thus has alleged that Defendant engaged in action (and inaction) regarding *her* pay that was detrimental to her. The question is whether these allegations set forth enough factual matter—as opposed to the ineffectual conclusory facts, formulaic recitation of the elements, and the like—to show what she needs to show, *i.e.,* plausibility that Plaintiff was paid less than male employees who performed equal work under similar working conditions.

The question must be answered [*9] in the negative. In alleging the two above-referenced alleged compensation decisions, Plaintiff has stopped short of alleging that she was paid less than the relevant male employees. It is one thing to complain about not

receiving a bonus or a raise; it is quite another to allege (based on these and any other applicable circumstances), as required, compensation less than the relevant employees of the opposite sex. Here, the required allegation simply was not made expressly. Nor can the Court even say it was made implicitly; for all the Court knows, it could be that Plaintiff's counsel was not seeking even to imply the required facts because, in advance of discovery, counsel could not in good faith have expressly or even implicitly alleged that, when all is said and done, she was paid less than the relevant male employees.[5] From all appearances, Plaintiff's counsel has intentionally avoided coming right out and alleging this.

The factual allegations regarding these two compensation decisions are certainly *consistent* with Defendant's liability to Plaintiff. However, as noted above, mere *consistency* does not establish the required *plausibility* of such liability. *Iqbal, 556 U.S. at 678*.

II. **[*10]** PLAINTIFF'S LATE AND PROCEDURALLY IMPROPER MOTION TO AMEND THE COMPLAINT IS DENIED.

In addition to opposing the Motion, Plaintiff alternatively sought leave to amend her complaint. That is, Plaintiff

---

[5] Insisting that she has done enough to survive the Motion, Plaintiff invokes the "fair notice" standard *of Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)* and asserts that the Complaint provided Defendant fair notice of her cause of action. (Doc. No. 25 at 3.) This effort is fruitless, however, because the notice-pleading concept embraced by *Conley* was supplanted by *Twombly* and *Iqbal*. See *Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-630 (6th Cir. 2009)*. Litigants no longer should "rel[y] on the now defunct *Conley* standard for motions to dismiss." *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S.A., 770 F.3d 414, 427 (6th Cir. 2014)*.

requested that if the Court were to find that her complaint was insufficient in any manner, she be granted leave to file an amended complaint. (Doc No. 25 at 1, 7). This conditional request to file an amended complaint is now (but only now) operative because, as discussed above, the Court has found her Complaint deficient for failure to allege that she personally was paid less than the relevant male employees.

*Rule 15(a) of the Federal Rules of Civil Procedure* provides that, once a responsive pleading is filed, a party may amend its pleading only with the opposing party's consent or the court's leave. *Fed. R. Civ. P. 15(a)(2)*. The court should freely give leave to amend when justice so requires. *Id.* However, such leave is inappropriate in this case because Plaintiff's request— even if it would be substantively meritorious, a proposition the Court does not dispute for present purposes— is late and procedurally improper.

First, Plaintiff's request violates the deadline in the Initial Case Management Order for amending the pleadings. That Order provides: "The parties **[*11]** shall file all Motions to Amend on or before April 13, 2018." Doc. No. 16. Plaintiff has not filed a motion to amend the Initial Case Management Order to extend this deadline and, therefore, her request is too late.

In addition, Plaintiff did not follow the proper procedure for requesting leave to amend. Plaintiff did not file a motion to amend and accompanying brief. Local Rule 15.01 provides that a motion to amend must describe the reasons supporting the proposed amendments and the substance of the amendments sought and include as an appended exhibit the signed proposed amended pleading. Local Rule 15.01(a)(1).[6] Plaintiff, almost as an

---

[6] In fairness to Plaintiff's counsel, the Court notes that the Local Rules of Court were amended on August 14, 2018, to add, among other things, Local Rule 15.01. Plaintiff's

afterthought, merely requested in the conclusion to her opposition brief, that the Court, if it found the Complaint to be insufficient, allow her leave to amend her complaint. Doc. No. 25 at 7. She did not file an accompanying brief explaining why she should be entitled to amend at this late date or file a proposed amended complaint so that the Court could review her proposed new allegations.

A bare request in an opposition to a motion to dismiss (or for judgment on the pleadings) without any indication of the particular grounds on which amendment is sought does not constitute a motion within [*12] the contemplation of *Rule 15(a)*. *PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699, 91 Fed. Appx. 418 (6th Cir. 2004)*; *see also Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776, 784 (6th Cir. 2000)* (plaintiff filed no proposed amended complaint for the court to consider with the motions to dismiss, and defendant was entitled to a review of the complaint as filed). In *PR Diamonds, Inc.*, the Sixth Circuit noted:

> In this case, Plaintiffs failed to follow the proper procedure for requesting leave to amend. They did not actually file a motion to amend along with an accompanying brief, as required by the local rules governing practice before the district court. Instead, they simply included the following request in their brief opposing the Defendants' motions to dismiss: "Alternatively, in the event the Court grants any part of the Defendants' motions to dismiss, plaintiffs respectfully request leave to amend their Complaint."

*PR Diamonds, Inc., 364 F.3d at 699*. The circumstances are very similar in the instant case,[7] and this sort of request to amend a complaint is to be treated with disfavor. *Id.*

Plaintiff's alternative request for leave to amend, with no supporting brief or proposed amended complaint, in effect seeks an advisory opinion from the Court, informing her of any deficiencies of the Complaint and then giving her an opportunity to cure them. *PR Diamonds, 364 F.3d at 699* (quoting *Begala, 214 F.3d at 784*). But [*13] the Court does not issue advisory opinions, and Plaintiff is not entitled to one. *See id.* For these reasons, Plaintiff's request for leave to amend will be **DENIED**.

## CONCLUSION

The Court is constrained to apply the pleading standards set out by the Supreme Court, as well as *Rule 15* and case law addressing requests for leave to amend. Under these authorities, the Complaint has failed to state a claim under the Equal Pay Act, and it is not subject to amendment at this time and under these circumstances. Accordingly, Defendant's Motion will be **GRANTED** and Plaintiff's fourth cause of action dismissed.

An appropriate Order shall be issued.

/s/ Eli Richardson

ELI RICHARDSON

UNITED STATES DISTRICT JUDGE

---

Response to this Motion was filed on August 28, 2018. Doc. No. 25. Nevertheless, although very new, the amended rules were in effect at the time Plaintiff made her cursory, and conditional, request to amend her Complaint on August 28, and they should have been consulted in connection with the request.

[7] Among the other similarities, Plaintiff even uses the same kind of language used by the plaintiffs in *PR Diamonds, Inc.*, stating, "should this Court find that the Complaint is insufficient in any manner, Plaintiff requests that leave of Court be grated to permit Plaintiff to amend her complaint." (Doc. No. 25 at 7.)

ORDER

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 21). Plaintiff has filed a Response (Doc. No. 25), and Defendant has filed a Reply (Doc. No. 28).

For the reasons stated in the accompanying Memorandum Opinion, Defendant's Motion is **GRANTED**. Plaintiff's Equal Pay Act claim ("fourth cause of action") is **DISMISSED**, and Plaintiff's request to amend her Complaint in light of that dismissal is **DENIED**.

Plaintiff's three remaining claims (brought under Title VII) remain set **[\*14]** for a pretrial conference on April 12, 2019, and a trial on April 16, 2019, as previously ordered. Doc. No. 17.

IT IS SO ORDERED.

/s/ Eli Richardson

ELI RICHARDSON

UNITED STATES DISTRICT JUDGE

End of Document