EXHIBIT 4

 Cited

As of: February 12, 2022 4:52 AM Z

# Hall v. Wal-Mart Stores, Inc.

United States District Court for the Middle District of Tennessee, Nashville Division

May 16, 2017, Filed

Case No. 3:16-CV-2818

**Reporter**

2017 U.S. Dist. LEXIS 75208 *; 2017 WL 2131649

CASSONYA HALL, Plaintiff, v. WAL-MART STORES, INC., Defendant.

## Core Terms

illegal activity, remain silent, whistleblowing, terminated, motion to dismiss, discharged, Ethics

**Counsel:** [*1] For Cassonya Hall, Plaintiff: Peter M. Napolitano, Law Offices of Napolitano and Hibbeler, Clarksville, TN.

For Wal-Mart Stores, Inc., Defendant: John M. Russell, Lauren A. Wong, Lawrence & Russell, PLC, Memphis, TN.

**Judges:** CURTIS L. COLLIER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** CURTIS L. COLLIER

## Opinion

### MEMORANDUM

Before the Court is a motion to dismiss filed by Defendant, Wal-Mart Stores Inc.,[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 9-10.) In her Complaint, Plaintiff, Cassonya Hall, alleges retaliatory discharge in violation of the Tennessee Public Protection Act (the "TPPA"), Tenn. Code Ann. § 50-1-304. (Doc. 1-1.) Defendant argues Plaintiff fails to state a claim under the TPPA because the whistleblowing activities she alleges were merely private and proprietary and did not advance the public good. Plaintiff has responded in opposition (Docs. 15-16), and Defendant has replied (Doc. 17). The Court will **GRANT** Defendant's motion to dismiss.

### I. BACKGROUND

Plaintiff was employed by Defendant as a shift manager at a Wal-Mart Supercenter in Clarksville, Tennessee (the "Store") for eighteen years.[2] She was the only female manager in the Store at all times relevant to the Complaint.

On October 1, 2013, one of Plaintiff's previous managers told Plaintiff Sean Riley [*2] wanted to replace all of the management at the Store. Another

---

[1] Defendant states in its motion that the correct entity to be a defendant in this action is Wal-Mart Stores East, LP., not Wal-Mart Stores, Inc.

[2] The Court takes all factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. See Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009).

employee told Plaintiff a year later that he had heard a similar discussion between Mr. Riley and Bryan Fenton.[3]

On March 1, 2014, coworkers told Plaintiff Mr. Fenton had discussed moving her to the third (night) shift in order to terminate her. Mr. Fenton did later ask Plaintiff to move to the third shift, and Plaintiff agreed to do so.

On May 15, 2014, a coworker overheard Mr. Riley and Mr. Fenton say Plaintiff did not know what she was doing, had a negative value to the company, and needed to be dealt with. Plaintiff confronted Mr. Fenton about what she had been told on June 1. Mr. Fenton told Plaintiff he had actually been defending her from Mr. Riley's negative comments. Mr. Fenton did not take any other action to address Plaintiff's concerns about the conversation.

On September 11, 2014, Mr. Fenton gave Plaintiff the first negative evaluation she had received at the Store, rating her "below expectations" in "shrink" and "development needed" in "profit." Plaintiff had received positive evaluations in both categories in her three previous yearly evaluations. On the same day, Mr. Fenton put Plaintiff on a personal improvement [*3] plan (the "PIP") regarding zone, floors, picks, and freight. Plaintiff had previously asked for assistance in each of these areas. After placing Plaintiff on a PIP, Mr. Fenton began short staffing both the second and third shifts, making it all but impossible for Plaintiff to comply with the PIP.

On September 13, 2014, Mr. Fenton asked Plaintiff to coach her assistant for calling in sick. Plaintiff told Mr. Fenton she believed that would be unethical.[4] Mr. Fenton stormed away angrily, then returned and told Plaintiff to coach her assistant for submitting his mid-year evaluation improperly, not for calling in sick. Plaintiff complained to Wal-Mart Global Ethics ("Ethics") about this incident on September 17, 2014.

On October 1, 2014, even though Plaintiff had made numerous requests for training, additional shift staffing, and guidance in relation to the PIP, Mr. Fenton placed a notation in her file that her progress on the PIP was "below expectations." Mr. Fenton gave Plaintiff this low rating in retaliation for her September 17 complaint about him to Wal-Mart Global Ethics.

On November 1, 2014, Mr. Fenton left Plaintiff directions on arranging a certain area of the Store. Plaintiff complied. [*4] Because the first shift had not received the same instructions, however, they rearranged the area after they arrived. Mr. Fenton then accused Plaintiff of not following his directions. He implied Plaintiff was a liar over the Store radios in the hearing of numerous employees.

On November 15, 2014, Mr. Fenton accused Plaintiff of not doing anything to respond to a problem when the pharmacy area was behind in completing its zone. Plaintiff told Mr. Fenton she had five or six associates in the area to complete the task and would get more. Mr. Fenton got upset and punched a box. Other employees saw this and reported it to Ethics.

Other employees have told Plaintiff Mr. Fenton only tours the store and makes criticisms on her shift, not on the shifts of the other, male, managers.

On January 25, 2016, Mr. Fenton gave Plaintiff thirty days' notice of her proposed termination if she did not

---

[3] Although the Complaint does not allege Mr. Riley's or Mr. Fenton's positions, the Court infers that Mr. Fenton was Plaintiff's direct supervisor and Mr. Riley was above both Plaintiff and Mr. Fenton in the management chain of the Store.

[4] The Court infers that coaching is a form of discipline at the Store.

comply with her performance guidelines. On January 29, 2016, Plaintiff, through counsel, complained to Defendant's "Legal Team" about the illegal activities of Mr. Riley and Mr. Fenton.[5] She identified the illegal activity as "the discriminatory treatment and reprisals to which she was subjected in violation [*5] of her civil rights under the Tennessee Human Rights Act, [Tenn. Code Ann.] § 4-21-401," as well as violations of Defendant's policies on ethical conduct and nondiscrimination. (Doc. 1-1 [Compl.] ¶¶ 26-27.)

Defendant terminated Plaintiff's employment on May 20, 2016.

Plaintiff filed her Complaint in the Circuit Court for Montgomery County, Tennessee on September 28, 2016, asserting a single cause of action: retaliatory discharge in violation of the TPPA. (Doc. 1-1.) Defendant removed the action to this Court based on diversity jurisdiction on October 31, 2016 (Doc. 1), and now moves to dismiss (Doc. 9).

## II. STANDARD OF REVIEW

A party may move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (quoting Hill v. Blue Cross & Blue Shield, 409 F.3d 710, 716 (6th Cir. 2005)). If a party presents matters outside the pleadings in connection with the motion, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

In deciding a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to [*6] state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## III. DISCUSSION

Defendant argues Plaintiff's refusal to remain silent about alleged illegal activities advanced only her private and proprietary interest, rather than the public good. As such, Defendant argues, Plaintiff fails to state a claim under the TPPA.

The TPPA's prohibition on retaliatory discharge is a narrow exception to Tennessee's employment-at-will-doctrine. Sykes v. Chattanooga Hous. Auth., 343 S.W.3d 18, 26 (Tenn. 2011). A TPPA plaintiff must establish the following four elements:

> (1) the plaintiff was an employee of the defendant;
> (2) the plaintiff refused to participate in or remain silent about illegal activity;
>
> (3) the defendant employer terminated the plaintiff's employment; and
>
> (4) the defendant terminated the plaintiff's

---

[5] Plaintiff attaches to her memorandum in opposition a copy of a January 29, 2016 letter from her counsel to Defendant's "Legal Team." (Doc. 16-1.) Plaintiff does not explain why the Court should consider this document in connection with Defendant's motion. The Court excludes the letter from consideration as to the motion to dismiss. See Fed. R. Civ. P. 12(d).

employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity.

Epperson v. Res. Healthcare of Am., Inc., 566 F. App'x 433, 436 (6th Cir. 2014) (citing Webb v. Nashville Area Habitat for Humanity, 346 S.W.3d 422, 437 (Tenn. 2011)). "Illegal activity" is defined as "activities that are in violation [*7] of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety, or welfare." Tenn. Code Ann. 50-1-304(a)(3).

A plaintiff's whistleblowing activity must go beyond a merely private purpose to come within the TPPA. Guy v. Mut. of Omaha Ins. Co., 79 S.W.3d 528, 537 n.4 (Tenn. 2002). A "plaintiff must assert that his or her whistleblowing activity 'serves a public purpose [that] should be protected. So long as the employee['s] actions are not merely private or proprietary, but instead *seek to further the public good*, the decision to expose illegal or unsafe practices should be encouraged.'" *Id.* (emphasis and first alteration in original) (quoting Wagner v. City of Globe, 150 Ariz. 82, 722 P.2d 250, 257 (Ariz. 1986) (in banc), *disagreed with on other grounds by* Demasse v. ITT Corp., 194 Ariz. 500, 984 P.2d 1138 (Ariz. 1999)). "[I]mposing liability for the discharge of a whistleblower . . . must be limited to situations in which an employee has exposed the wrongful conduct of the employer in furtherance of the public interest . . . ." Haynes v. Formac Stables, Inc., 463 S.W.3d 34, 41 (Tenn. 2015).

Thus, a plaintiff must show not only that he or she reasonably believed the employer was engaging in illegal activity, but also that the refusal to stay silent about or participate in the activity served a public purpose that should be protected. Williams v. Greater Chattanooga Pub. Television Corp., 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011). Whistleblowing activity may serve a public purpose where, for example, it relates [*8] to potential insurance fraud, Guy, 79 S.W.3d 528, 537-38, dangerous working conditions, Mason v. Seaton, 942 S.W.2d 470, 472 (Tenn. 1997), safe transportation of a developmentally disabled individual by a residential care facility, Epperson, 566 F. App'x at 437, or copyright law, Williams, 349 S.W.3d at 515. Failure to assert that the defendant's alleged illegal activity implicated important public policy concerns may be grounds for dismissal of the complaint. Hastings v. Remarketing Sols., Inc., 316 F. App'x 488, 489-90 (6th Cir. 2009) (affirming dismissal of TPPA claim for, among other things, failure to assert defendant had engaged in an illegal activity that implicated important public policy concerns);

Plaintiff alleges she was "terminated from her employment in retaliation for complaining about, refusing to participate in, or remain silent about Defendant's illegal activities in violation of" the TPPA. (Doc. 1-1 [Compl.] ¶ 29.) The illegal activity to which she refers was the violation of "her civil rights protecting the public against discrimination under the Tennessee Human Rights Act, T.C.A. §4-21-401 et seq. and Federal law under Title VII, 1964 Civil Rights Act, 42 USC 2000e, et seq." (Doc. 16 at 5 (so in original).)

Although Plaintiff asserts that nondiscrimination laws protect the public, discriminatory actions against oneself do not appear to be the types of illegal activities that come within the narrow exception of [*9] the TPPA. *See, e.g.,* Frazier v. Phillip's Masonry Group, Inc., No. 1:09-0022, 2010 U.S. Dist. LEXIS 46322, 2010 WL 1882123 (M.D. Tenn. May 11, 2010) (plaintiff's complaints of racial discrimination in his pay did not bring him under the protection of the TPPA). Plaintiff has not directed the Court to a single case in which a court applied the TPPA to an employee who was terminated for refusing to participate in or remain silent

about illegal discrimination against himself or herself. The Court concludes that under the TPPA, blowing the whistle on discrimination against onself is a private and proprietary interest that must be vindicated through means other than the TPPA. See Haynes, 463 S.W.3d at 41 (Tennessee whistleblower protection is limited to situations in which an employee has furthered the public interest).

Plaintiff's sole substantive response to Defendant's argument on the public-interest requirement relies on Yates v. Hertz Corp., 285 F. Supp. 2d 1104 (M.D. Tenn. 2013).[6] In Yates, the district court denied the employer's motion for summary judgment on the plaintiff's claim that he had been discharged in retaliation for taking a break to which he was statutorily entitled under Tennessee Code Annotated § 50-2-103(d). Plaintiff quotes Yates for the proposition that a retaliatory-discharge plaintiff needs to establish only one of two alternatives: either that he or [*10] she was discharged for attempting to exercise a statutory or constitutional right, or that he or she was discharged for any other reason that violates a clear public policy. (Doc. 16 at 6 (quoting id. at 1112).) Plaintiff argues she was discharged for "assert[ing] her statutory right about which she refused to remain silent . . . ." (Id.)

---

[6] Plaintiff acknowledges Defendant has cited cases that "purport to support Defendant's position that Plaintiff's claim under the TPPA [is] personal and not for the public good." (Doc. 16 at 8 (internal punctuation removed).) Plaintiff makes no effort to distinguish the cases Defendant has cited, however. She focuses only on the illegality of Defendant's alleged actions, repeating that her Complaint asserts a civil-rights violation under state and federal law. (Id.) Plaintiff also argues she has sufficiently alleged causation under the TPPA. (Id. at 6-8.) Defendant has not questioned this element in its motion to dismiss, however. The sufficiency of Plaintiff's allegations on causation is irrelevant to the issue before the Court.

Yates does not save Plaintiff's Complaint. Yates concerned a common-law retaliatory-discharge claim, not a TPPA claim. Both actions are exceptions to the employment-at-will doctrine and have similar elements, with the often-discussed difference that the TPPA has a stricter requirement for causation. See Levan v. Sears, Roebuck & Co., 984 F. Supp. 2d 855, 869 (E.D. Tenn. 2013). But whereas both causes of action may apply to whistleblowing activity, the common-law action applies in at least one set of circumstances where the TPPA does not—where the employee was discharged for attempting to exercise a statutory or constitutional right. The third element of a common-law retaliatory-discharge claim is "that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, *or* for any other reasons which violates a clear public policy evidence by an unambiguous constitutional, statutory, or regulatory [*11] provision." Crews v. Buckman Labs. Int'l, 78 S.W.3d 852, 862 (Tenn. 2002) (emphasis added). Here, Plaintiff has not asserted a common-law claim for retaliatory discharge, and the language she has quoted from Yates is not included in the elements of a TPPA claim. Plaintiff's argument that she "asserted her statutory right about which she refused to remain silent" confuses the two causes of action. (See Doc. 16 at 6.) The Court finds Yates does not support Plaintiff's argument that she need not show Defendant's alleged illegal activities implicated an important public policy concern.

## IV. CONCLUSION

Plaintiff has failed to state a claim under the TPPA on which relief may be granted. Defendants' motion to dismiss (Doc. 9) will be **GRANTED.**

An appropriate Order will enter.

/s/ CURTIS L. COLLIER

UNITED STATES DISTRICT JUDGE

JUDGMENT ORDER

Before the Court is a motion to dismiss filed by Defendant, Wal-Mart Stores Inc.,[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Plaintiff, Cassonya Hall, has responded in opposition (Doc. 15), and Defendant has replied (Doc. 17). For the reasons stated in the Memorandum filed herewith, the Court **GRANTS** Defendant's motion (Doc. 9). This action is **DISMISSED.** There being no further issues, the Clerk of Court is **DIRECTED** to close the case.

**SO ORDERED.**

**ENTER [*12]** :

/s/ CURTIS L. COLLIER

UNITED STATES DISTRICT JUDGE

End of Document

---

[1] Defendant states in its motion that the correct entity to be a defendant in this action is Wal-Mart Stores East, LP., not Wal-Mart Stores, Inc.