EXHIBIT 5

 Positive

As of: February 12, 2022 12:55 AM Z

# Chunn v. Southeast Logistics, Inc.

United States District Court for the Western District of Tennessee, Western Division

December 28, 2018, Decided; December 28, 2018, Filed

No. 2:17-cv-02848-TLP-dkv

**Reporter**
2018 U.S. Dist. LEXIS 217361 *; 2018 WL 6834715

MICHAEL L. CHUNN, Plaintiff, v. SOUTHEAST LOGISTICS, INC., Defendant.

**Subsequent History:** Affirmed by *Chunn v. Southeast Logistics, 2019 U.S. App. LEXIS 36084 (6th Cir. Tenn., Dec. 5, 2019)*

## Core Terms

alleges, accrued cause of action, limitations period, tolled, statute of limitations, insurance coverage, unsound mind, disability, diligence, fraudulent concealment, reasonable care, discovering, concealed, amended complaint, fraud claim, wrongdoer, accrued, answers

**Counsel:** [*1] For Michael Leland Chunn, Plaintiff: Linda Kendall Garner, LAW OFFICE OF LINDA K. GARNER, Memphis, TN.

For Southeast Logistics, Inc., Defendant: Christopher L. Vescovo, LEWIS THOMASON, Memphis, TN.

**Judges:** THOMAS L. PARKER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** THOMAS L. PARKER

## Opinion

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

Defendant moves to dismiss Plaintiff's Amended Complaint (ECF No. 8) arguing that Plaintiff has failed to state a claim upon which relief can be granted and that any cognizable claim falls outside of the applicable statute of limitations. (ECF No. 21.) Plaintiff moves to file a second amended complaint. (ECF No. 23.) For the reasons below, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

### BACKGROUND

Plaintiff was a truck driver employed by Defendant in June 2009 when he was injured by a cargo strap that broke free and struck him on his head. (ECF No. 8 at PageID 2-3.) Plaintiff had previously purchased independent operators' insurance and workers' compensation insurance, with the premiums being deducted from his pay by Defendant. (*Id.* at PageID 2.) After he was hurt on June 30, 2009, Plaintiff contacted Defendant's manager and owner, [*2] Tim Daniels, to report his injury. (*Id.* at PageID 3.) Plaintiff was told by Daniels to seek treatment at a specified hospital and then have the hospital contact Defendant to obtain payment. (*Id.*) Approximately two months later, Plaintiff

began experiencing blurred vision and severe headaches. (*Id.*)

Thereafter, Plaintiff's condition began deteriorating and he sought out "insurance coverage answers that he was unable to comprehend" from Defendant due to his "incapacitated state of mind." (ECF No. 8 at PageID 4.) Plaintiff alleges that in January of 2011 he was depressed and his cognitive functions were not fully operational. (*Id.*) He alleges that Defendant took advantage of his "drug-decimated mental state" by concealing his insurance status and refusing to provide him with a copy of the requested policy. (*Id.*) As a result of Defendant's conduct, Plaintiff alleges he suffered extensive physical and emotional pain and suffering and financial hardship. (*Id.* at PageID 5.) Plaintiff filed a complaint in November 2017 alleging that Defendant committed intentional fraud by preventing him from obtaining insurance coverage or workers' compensation. (ECF No. 8.)

Now, Defendant moves to dismiss [*3] the complaint under *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. (ECF No. 21.) Defendant first argues that Plaintiff has failed to state a claim for fraud because the Amended Complaint "alleges no specific act on the part of [Defendant] which satisfies the elements of fraud under Tennessee law . . . ." (ECF No. 21-1 at PageID 65.) Second, Defendant states that the claim should be dismissed because it was filed "well after the three (3) year statute of limitations period for fraud claims" in Tennessee. (*Id.*)

## LEGAL STANDARD

*Rule 8(a)(2) of the Federal Rules of Civil Procedure* requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." To survive a motion to dismiss under *12(b)(6)*, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*; see *Engler v. Arnold, 862 F.3d 571, 575 (6th Cir. 2017)*.

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)*. "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved [*4] consistent with the allegations.'" *Herhold v. Green Tree Serv., LLC, 608 F. App'x 328, 331 (6th Cir. 2015)* (quoting *Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003))*. "Dismissal of the action is proper if there is an absence of law to support the type of claim made, if the facts alleged are insufficient to state a valid claim, or if, on the face of the complaint, there is an insurmountable bar to relief." *Doe v. Ohio, No. 2:91-CV-464, 2012 U.S. Dist. LEXIS 200107, 2012 WL 12985973, at *5 (S.D. Ohio Feb. 16, 2012)* (citations omitted).

## ANALSYIS

Tennessee law applies to this case because the Court has diversity jurisdiction. See *Kessler v. Visteon Corp., 448 F.3d 326, 329-30 (6th Cir. 2006)* (citing *Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938))*. Therefore, Tennessee's statute of limitations applies to Plaintiff's fraud claim. See *Hite v. Norfolk S. Ry. Co., 181 F. App'x 514, 516 (6th Cir. 2006)* (citing *Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945))*. And the Court applies

Tennessee law tolling the limitation period. See *Powell v. Jacor Comm. Corp., 320 F.3d 599, 603 (6th Cir. 2003)*.

Here, the parties agree that the limitations period for fraud claims in Tennessee is three years. (ECF No. 21-1 at PageID 68; ECF No. 22 at PageID 74); *see also Fortune v. Unum Life Ins. Co. of Am., 360 S.W.3d 390, 401 (Tenn. Ct. App. 2010)*. The limitations period begins to run on the date the cause of action accrues. *Redwing v. Cath. Bishop for Diocese of Memphis, 363 S.W.3d 436, 457 (Tenn. 2012)*. A claim of fraud is subject to the discovery rule. See *Fortune, 360 S.W.3d at 401*. "Under the current discovery rule, a cause of action accrues and the statute of limitations begins to run not only when the plaintiff has actual knowledge of a claim, but also when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] [*5] has suffered an injury as a result of wrongful conduct.'" *Redwing, 363 S.W.3d at 459* (quoting *Carvell v. Bottoms, 900 S.W.2d 23, 29 (Tenn. 1995))* (alteration in original). The latter situation "charges a plaintiff with knowledge of those facts that a reasonable investigation would have disclosed" and the limitations period begins to run when "a plaintiff gains information sufficient to alert a reasonable person of the need to investigate 'the injury' . . . ." *Id.* (quoting *Sherrill v. Souder, 325 S.W.3d 584, 593 n.7 (Tenn. 2010))*. However, the discovery rule does not delay the accrual of the cause of action until the plaintiff determines the full extent of her injury nor is it "intended to permit a plaintiff to delay filing suit until the discovery of all the facts that affect" her claim. *Id.*

Defendant asserts that the statute of limitations began to run when Plaintiff became aware of his injury on June 30, 2009. (ECF No. 24 at PageID 97.) The claim would be time-barred if this was the case. In response, Plaintiff argues that the statute of limitations was tolled under the doctrine of fraudulent concealment. (ECF No. 22 at PageID 74.) Plaintiff alleges that the statute of limitations was tolled until Plaintiff discontinued the use of prescription drugs and his disability was removed in January 2016. (*Id.* at PageID [*6] 75.) If this is true, Plaintiff's complaint would not be time-barred.

## I. The Doctrine of Fraudulent Concealment Under Tennessee Law

Tennessee law recognizes the doctrine of fraudulent concealment as a means to toll the statute of limitations to prevent a plaintiff from being twice deceived by the defendant. *Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 145-46 (Tenn. 2001)*. The doctrine of fraudulent concealment tolls the statute of limitations "when the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured." *Redwing, 363 S.W.3d at 462* (quoting *Fahrner, 48 S.W.3d at 146*). Under this doctrine, the "statute of limitations does not begin to run until the plaintiff, exercising reasonable diligence, discovers the fraud which the defendant wrongfully concealed." *Fahrner, 48 S.W.3d at 145* (citing *Vance v. Schulder, 547 S.W.2d 927, 930 (Tenn. 1977))*. To assert a claim of fraudulent concealment, a plaintiff must prove:

> (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so; (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and [*7] (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*Redwing, 363 S.W.3d at 462-63* (citations and internal quotation marks omitted). Plaintiffs are still charged with a duty to "exercise reasonable care and diligence in pursuing their claim." *Id. at 463*.

Here, Plaintiff asserts that Defendant was aware of his "debilitating injury" and refused to provide him with a copy of his insurance policy. (ECF No. 8 at PageID 14-15.) Furthermore, Plaintiff alleges that "[i]n a drug-decimated mental state, the Plaintiff was unable to withstand the continuous deceptions and evasion tactics engaged in by the Defendant to conceal" his insurance status. (*Id.* at PageID 14.) It is alleged that his mental condition prevented him from discovering his injury. (ECF No. 22 at PageID 75.) Defendant responds that even if Plaintiff's allegations are taken as true, "Plaintiff cannot argue in good faith that he 'could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence' . . . ." (ECF No. 24 at PageID 95.)

First, the Court accepts as true Plaintiff's allegations [*8] that Defendant affirmatively concealed material information--namely his workers' compensation insured status--from Plaintiff to prevent him from discovering that he was being unlawfully denied benefits--the injury. Second, it is accepted that Defendant was aware of Plaintiff's injury at all times. Thus, the viability of Plaintiff's complaint depends upon whether he has plead facts sufficient to show that he could not have discovered the injury despite reasonable care and diligence.

"Whether the plaintiff exercised reasonable care and diligence in discovering the injury or wrong is usually a fact question for the jury to determine." *Eldrige v. Savage, No. M2012-00973-COA-R3-CV, 2012 Tenn. App. LEXIS 919, 2012 WL 6757941, at \*5 (Tenn. Ct. App. Dec. 28, 2012)* (quoting *Wyatt v. ACandS, Inc., 910 S.W.2d 851, 854 (Tenn. 1995))*. However, dismissal of a complaint is proper in "situations where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct . . . ." *Id.* (quoting *Schmank v. Sonic Auto., Inc., No. E2007-01857-COA-R3-CV, 2008 Tenn. App. LEXIS 291, 2008 WL 2078076, at \*3 (Tenn. Ct. App. May 16, 2008))*. In this case, Plaintiff alleges that at some point in 2011, he "sought insurance coverage answers" from [*9] Defendant and the company refused to provide him answers or a copy of the requested policy. (ECF No. 8 at PageID 14.)

In *Humphreys v. Bank of America*, the Sixth Circuit affirmed the district court's dismissal of the plaintiff's misrepresentation claims under Tennessee law in a deceptive-mortgage-refinancing case because, among other reasons, the plaintiff admitted to "inquiring about the payment increases" when he began receiving notices from the defendant showing that he "reasonably should have known of the alleged misrepresentations . . . ." *557 F. App'x 416, 423 (6th Cir. 2014)*. In this case, Plaintiff should have been put on notice of his alleged injury when he begin inquiring about his insurance coverage. (*See* ECF No. 8 at PageID 4.) Furthermore, Plaintiff believed himself to be an employee of Defendant (ECF No. 8 at PageID 2-3) and, with the exercise of reasonable diligence, would have realized that he was due workers' compensation insurance coverage.

Thus, it seems that Plaintiff should have discovered his injury despite Defendant's alleged conduct. Plaintiff attempts to rebut this finding by arguing that he suffered from "diminished mental capacity" and was unable to discover the injury until that disability was [*10] removed. (ECF No. 22 at PageID 75.) This raises an issue other than fraudulent concealment. Specifically, it

brings into play the tolling of the statute of limitations due to mental disability under Tennessee Code Annotated § 28-1-106.

## II. Tolling the Limitations Period Under Tennessee Code Annotated § 28-1-106

The version of § 28-1-106 in effect at the time of Plaintiff's alleged disability states:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (2000).[1] Whether someone is of "unsound mind" on the date the cause of action accrues is resolved by the trier of fact. Sherrill v. Souder, 325 S.W.3d 584, 599-600 (Tenn. 2010). "[T]he modern test for determining whether an individual is of 'unsound mind' for purposes of section 28-1-106 is whether that individual was unable to manage his or her day-today affairs at the time the cause of action accrued." Wilhite v. Corr. Corp. of Am., 498 F. App'x 499, 502-03 (6th Cir. 2012) (quoting Sherrill, 325 S.W.3d at 601) (alteration in original). "The focus of the inquiry under [*11] section 28-1-106 should be on a plaintiff's mental capacity to understand his or her legal rights and responsibilities, including the cause of action that has accrued." Id. at 503 (quoting Sherrill, 325 S.W.3d at 601). Under Tennessee law, "one [must] be incapable of attending to any business or taking care of himself" to be of "unsound mind." Wade v. Knoxville Utils. Bd., 259 F.3d 452, 461 n.5 (6th Cir. 2001) (citing Smith v. Grumman-Olsen Corp., 913 F. Supp. 1077 (E.D. Tenn. 1995)). The plaintiff seeking to use the tolling statute bears the burden to prove that it applies. Wilhite, 498 F. App'x at 502.

In trying to meet this burden, Plaintiff alleges that he was prescribed Lorcet, Valium, and an atypical anti-psychotic drug on October 22, 2010, and a mental exam revealed suicidal ideations, anxiety, and depression. (ECF No. 8 at PageID 13.) Plaintiff further alleges that in January 2011 his cognitive function was described as a "flight of ideas" and he had loose associations with reality and monotonous speech. (Id. at PageID 14.) Ultimately, Plaintiff argues that between October 2010 and January 2016 the limitations period was tolled and the three-year limitations period did not begin to accrue until January 2016. (ECF No. 22 at PageID 75.)

### A. When Did The Cause of Action Accrue?

Glaringly absent from Plaintiff's complaint is a date on which the fraud is alleged to have begun. Plaintiff bears [*12] the burden to prove that he suffered the disability prior to the cause of action accruing. Defendant argues that the claim accrued on June 30, 2009, when Plaintiff was injured and first sought insurance coverage. (ECF No. 24 at PageID 97.) Plaintiff's complaint seems to allege that coverage was provided on that date but was later denied. (See ECF No. 8 at PageID 13.) However, Plaintiff does allege that he sought further treatment for symptoms associated

---

[1] "'Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise,' or unless the statute is remedial or procedural in nature." Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 845 (6th Cir. 2015) (quoting Nutt v. Champion Int'l Corp., 980 S.W.2d 365, 368 (Tenn. 1998)).

with his injury on October 22, 2010--more than one year after his head injury occurred. Furthermore, Plaintiff sought out insurance coverage answers sometime around January 2011--the latest point that Plaintiff should have discovered that he was injured. (*See* ECF No. 8 at PageID 14.) Therefore, reading the complaint in the light most favorable to Plaintiff, the Court finds that the cause of action accrued in January 2011.

### B. Did Plaintiff Suffer a Disability When the Claim Accrued?

To be of unsound mind, Plaintiff must allege that he was unable to take care of his day-today affairs. In *Johnson v. Memphis Light Gas & Water Division*, the Sixth Circuit determined that the plaintiff presented sufficient evidence to create a genuine issue [*13] of material fact as to whether he was of "unsound mind" when he submitted affidavits of his niece and a coworker which attested that he possessed "severe learning difficulties, . . . was burdened by severe memory problems, . . . [and] had difficulty carrying on conversations," because this evidence showed that the plaintiff was "an individual with extremely limited intellectual abilities who lacked the capacity to carry out legal functions." *777 F.3d 838, 845-47 (6th Cir. 2015)* (internal quotation marks and citation omitted).

Plaintiff's complaint merely alleges that he was "in an incapacitated state of mind" from a "drug-decimated mental state." (ECF No. 8 at PageID 14.) Yet, Plaintiff possessed sufficient mental capacity to contact Defendant to seek out insurance coverage answers. (*See id.*) His complaint does not establish facts which rise to the level of those in *Johnson* to plausibly allege that he was of unsound mind and unable to attend to his day-to-day affairs at the time the cause of action accrued.

Having found that a reasonable person would have discovered the injury by January 2011, at the latest, and that Plaintiff did not suffer from an "unsound mind" at this point, the Court determines that the limitations [*14] period would have been extinguished by January 2014. Plaintiff's complaint was filed in November 2017, more than three years after the statute of limitations for his fraud claim was exhausted. Therefore, the complaint is untimely. The Court does not address Defendant's argument that Plaintiff failed to specifically plead the elements of a fraud claim because the complaint is time-barred.

### III. Plaintiff's Motion to Amend the Complaint

Plaintiff now moves to amend his Complaint. (ECF No. 23.) Courts should "freely give leave [to amend the pleadings] when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*; accord *McCray v. Carter, 571 F. App'x 392, 399 (6th Cir. 2014)*. An amendment is futile if it could not survive a motion to dismiss. *Midkiff v. Adams Cty. Reg'l Water Dist., 409 F.3d 758, 767 (6th Cir. 2005)*.

Plaintiff's proposed second Amended Complaint (ECF No. 23-3) does not remedy the defects found in the first Amended Complaint. In fact, it does more harm than good because [*15] it would allege that he began inquiring about his workers' compensation benefits sometime before October 2010. (*See* ECF No. 23-3 at PageID 88.) Thus, the proposed amendment would

establish that a reasonable person would have discovered the injury before January 2011, when Plaintiff alleges that he had a severe mental decline. The proposed amendment would, therefore, be futile.

**CONCLUSION**

For these reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Motion to Amend is DENIED.

**SO ORDERED**, this 28th day of December, 2018.

/s/ Thomas L. Parker

THOMAS L. PARKER

UNITED STATES DISTRICT JUDGE

End of Document