EXHIBIT 15

 Neutral

As of: February 12, 2022 5:49 AM Z

# Precision Tracking Solutions, Inc. v. Spireon, Inc.

United States District Court for the Eastern District of Tennessee

July 7, 2014, Filed

No. 3:12-cv-00626-PLR-CCS

**Reporter**
2014 U.S. Dist. LEXIS 92255 *; 2014 WL 3058396

PRECISION TRACKING SOLUTIONS, INC. d/b/a GPS Secure-It, Plaintiff, v. SPIREON, INC., and PROCON, INC., Defendants.

**Prior History:** *Precision Tracking Solutions, Inc. v. Spireon, Inc., 2013 U.S. Dist. LEXIS 134936 (E.D. Tenn., Sept. 20, 2013)*

## Core Terms

customers, statute of limitations, three-year, detrimental reliance, unjust enrichment, misrepresentation, fraudulent concealment, contracted, alleges, motion to dismiss, economic loss, intentional interference, limitations, concealed, tolling statute, gravamen, asserts, cause of action, three year, contends, accrued

**Counsel:** [*1] For Precision Tracking Solutions, Plaintiff: Brent R Watson, LEAD ATTORNEY, Jerrold L Becker, Bunstine, Watson & McElroy & Becker (Knoxville), Knoxville, TN.

For Spireon, Inc., Defendant: Richard M Carter, Shea Sisk Wellford, PRO HAC VICE, Martin, Tate, Morrow & Marston, PC, Memphis, TN.

For Procon, Inc, ProconGPS, Inc, Procon Fleet Services, Inc., Enfotrace GPS, Inc., Syslocate, Inc, Drive OK, Inc., Defendants: Shea Sisk Wellford, LEAD ATTORNEY, Richard M Carter, PRO HAC VICE, Martin, Tate, Morrow & Marston, PC, Memphis, TN.

**Judges:** PAMELA L REEVES, UNITED STATES DISTRICT JUDGE.

**Opinion by:** PAMELA L REEVES

## Opinion

### AMENDED MEMORANDUM AND ORDER

Plaintiff brought this suit alleging the defendants tortiously acquired its customer database and attempted to steal customers. Plaintiff asserts claims for breach of contract, intentional interference with contract, fraud, detrimental reliance, and unjust enrichment. Presently before the court is the defendants' motion to dismiss the claims for intentional interference with contract, fraud, detrimental reliance, and unjust enrichment. The defendants have not moved to dismiss the breach of contract claim.

### I. Factual Background

Plaintiff Precision Tracking Solutions, Inc. ("Precision") [*2] contracted with defendant Procon, Inc. ("Procon") to become a reseller of Procon's GPS tracking devices, to distribute Procon products, and to provide other related services. The GPS devices are installed in cars purchased by customers in the "buy here pay here"

market to allow dealers and lenders to disable the engines and locate the vehicles for repossession if the borrower defaults on the auto loan. Pursuant to the distributor agreement (the "Agreement") signed June 18, 2008, Procon agreed to "make 'best efforts' to prevent the inadvertent contact and solicitation by Procon direct sales personnel of GPS Secure-It/PTS Tracking [Precision] customers."

In November 2008 after the Agreement was in effect, Procon merged with another GPS device company. The plaintiff learned in February 2009 that representatives of the newly merged company, still acting under the name Procon, had begun contacting plaintiff's existing customers directly and offering to undercut Precision's prices. Procon allegedly found some or all of these customers by using plaintiff's database and customer list. Procon then allegedly used mass mailings and made direct salesperson contact with the plaintiff's customers. [*3] Plaintiff became aware of the customer contact in February 2009 and realized by August 2009 that it had lost 132 of its 162 customers.

Precision alleges that sometime in late 2009, Procon, Inc. formed the new entity named Procon GPS, Inc., and that operations of Procon, Inc. shifted to that new entity which did business in the same office space and using the same representatives. Plaintiff has no documentation of a formal assignment of the Agreement from Procon, Inc. to Procon GPS, Inc., but asserts that the new entity assumed Procon Inc.'s obligations under the Agreement. Plaintiff further asserts that the new entity continued to sell devices directly to the plaintiff's established customers through access to the plaintiff's customer list. Plaintiff alleges that Procon GPS, Inc. changed its name to Spireon, Inc. in March of 2012 assuming all liabilities and obligations of Procon GPS, Inc. and Procon, Inc. Precision alleges the defendants are liable, individually as well as jointly and severally, for breach of contract, interference with contracts, unjust enrichment, detrimental reliance, and fraud.

## II. Standard for Rule 12(b)(6) Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes [*4] defendants to move to dismiss a complaint for a "failure to state a claim upon which relief can be granted." A complaint must include more than a conclusory allegation; instead, there must be a statement of the claim showing "the pleader is entitled to relief." *Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. The plaintiff must plead factual content that "allows the court to draw a reasonable inference that the defendant is liable." *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. The factual allegations in the complaint are accepted as true and the claim will only be dismissed if there is no set of facts that the plaintiff could prove that would entitle it to relief. *Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)*.

## III. Analysis

**A. Plaintiff's intentional interference with contract, unjust enrichment, detrimental reliance, and fraud claims are subject to Tennessee's three-year statute of limitations**

### 1. Intentional Interference with Contract

Plaintiff alleges the defendants are liable for intentional interference because the defendants intentionally interfered with the contracts the plaintiff had with its existing customers by contacting and taking the business of [*5] those customers. Plaintiff claims the defendants improperly used plaintiff's information to access to those customers, contacted those customers directly, falsely stated Precision was no longer selling

Procon, Inc. devices, and deliberately undercut Precision's prices to render the plaintiff uncompetitive. As a result, the plaintiff lost practically all its customer base by August 2009. Defendants moved to dismiss this claim on the grounds that it is barred by Tennessee's three-year statute of limitations.

Tennessee Code Annotated § 28-3-105 provides a three-year statute of limitation for intentional interference with contracts. The discovery rule in Tennessee prevents "the running of the limitations period whenever, and for whatever reason, the plaintiff could not have reasonably known he was injured." Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 146 (Tenn. 2001). Under Tennessee's single injury rule, one tortious act may be made up of multiple actions occurring over a period of time. Middle Tenn. Occupational & Envtl. Med., Inc. v. First Health Group Corp., 2005 U.S. Dist. LEXIS 31464, 2005 WL 3216282, at *3 (M.D. Tenn. Nov. 28, 2005). Pairing the discovery rule with the single injury rule means that once a plaintiff [*6] discovers its injury and knows that it was caused by the defendant, the cause of action has accrued and the plaintiff cannot bring suit any later than the applicable statute of limitations allows even if it continues to let the injury happen. 2005 U.S. Dist. LEXIS 31464, [WL] at *4.

Precision alleges it discovered Procon was interfering with customer contracts in February 2009 and Procon's actions caused the plaintiff to lose its customer base between June 2008 and August 2009. Precision filed its complaint on December 3, 2012, over three years after both the discovery of the injury in February 2009 and the date of the last claimed action causing injury in August 2009.

Plaintiff contends Procon fraudulently concealed the injury (thus tolling the statute of limitations) by methodically acquiring the plaintiff's customer base while representing to plaintiff that they were trying to stop that activity. The plaintiff relies on Procon's apologies for taking customers, its assurances that the customer-taking activity would cease, and Procon's encouragement that the plaintiff would be involved in new business ventures with the defendant. The defendant asserts that the applicable statute of limitations should not be tolled [*7] based on fraudulent concealment because Precision did not allege Procon concealed Precision's injury.

In Tennessee, the statute of limitations may be tolled if the defendant has made efforts to wrongfully conceal the plaintiff's injury. See Redwing v. Catholic Bishop for Diocese of Memphis, 363 S.W.3d 436, 462-463 (Tenn. 2012). The discovery rule tolls the statute of limitations if either the plaintiff does not know it has been injured or if it does not know by whom it has been injured. Id. The plaintiff must allege all four elements of fraudulent concealment. Id. These elements are: (1) that the defendant affirmatively hid the plaintiff's injury, wrongdoer's identity or failed to disclose material facts about the injury despite a duty to disclose; (2) that despite reasonable care and diligence the plaintiff could not have discovered the injury or wrongdoer's identity; (3) that the defendant knew both the plaintiff was injured and the wrongdoer's identity; and (4) that the defendant kept material information from the defendant by simply withholding or using a device to mislead the plaintiff to exclude suspicion or inquiry. Id. Once the plaintiff discovers or should have discovered the [*8] fraudulent concealment or facts to put the plaintiff on actual or inquiry notice of the claim through reasonable diligence, the statute of limitations is no longer tolled by fraudulent concealment. Id. at 463.

Acts that would deceive a reasonably diligent plaintiff will toll the statute, but plaintiffs who delay unreasonably in investigating suspicious circumstances will be barred by the statute of limitations. See, e.g. Carrier Corp. v.

*Outokumpu Oyj*, 673 F.3d 430, 447 (6th Cir. 2012). If a court finds, by exercising reasonable care and diligence, a plaintiff should have discovered the cause of action, the fraudulent concealment doctrine does not apply. See *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002.).

In the complaint, the plaintiff does not allege the injury was concealed from it, but rather the defendant made representations that it would stop what it was doing—thus implicitly acknowledging that the defendant was, in fact, responsible for the plaintiff's injury. Because the plaintiff admits that it confronted the defendant about the injury before August 2009, it cannot contend it was unaware of the injury. Even if the defendant's apologies and reassurances [*9] were later determined to be misrepresentations, the plaintiff acknowledges in its complaint that the customer loss occurred from June 2008 to August 2009. The complaint was filed on December 3, 2012. Under these circumstances, the Court finds there was not a fraudulent concealment and the plaintiff' tortious interference with contract claim will be dismissed.

## 2. Unjust Enrichment

Plaintiff avers the defendants are liable for unjust enrichment because Procon improperly used the plaintiff's information to acquire plaintiff's customer list and benefitted from selling products directly to 132 of plaintiff's customers. Plaintiff also contends that the defendants benefitted from the plaintiff's efforts to advertise and sell their products. Defendants have moved to dismiss this claim on the grounds that it is barred by Tennessee's three-year statute of limitations.

"There is no specific statute of limitations in Tennessee law for unjust enrichment." *Middle Tenn. Occupational & Envtl Med., Inc.*, No. 3-05-0218, 2005 U.S. Dist. LEXIS 31464, 2005 WL 3216282, at *4 (M.D. Tenn. Nov. 28, 2005). The court looks to the gravamen of the complaint, or real purpose of the action, to determine the statute of limitations in each case. [*10] *Id.* Courts look to the "basis for which the damages are sought" to identify the gravamen of the action. *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 793 (Tenn. 1996). The plaintiff seeks recovery for an economic loss allegedly caused by defendants improperly taking its customers. Under Tennessee law, an economic loss caused by fraud or misrepresentation is a tortious injury to personal property. *Vance v. Schulder*, 547 S.W.2d 927, 932 (Tenn. 1977). When a contract claim involves damages to property, the statute of limitations period is three years. Tenn. Code Ann. § 28-3-105 (West 2014); See *Jacobs v. Baylor Sch.*, 957 F. Supp. 1002, 1012 (E.D. Tenn. 1996). "[R]egardless of whether a complaint sounds in contract, if the suit seeks to recover damages for injuries to the plaintiff's property, the applicable limitations period is three years as found in Tenn. Code Ann. § 28-3-105." *Keller v. Colgems—EMI Music, Inc.*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996).

In the complaint, the plaintiff alleges Procon contracted with the plaintiff to gain access to plaintiff's customer base despite making representations that Procon was ceasing those practices. The plaintiff also accuses Procon of making misrepresentations [*11] to the plaintiff's customers. Because the plaintiff is seeking damages based on fraud and/or misrepresentation, a three-year statute of limitations applies. Tenn. Code Ann. § 28-3-105. The complaint clearly states the plaintiff realized its injury in February 2009 and had confirmed the magnitude of its loss by August 2009. The plaintiff filed its complaint in December 2012, well after the cause of action had accrued and the three-year statute of limitations had elapsed.

The plaintiff maintains that Tennessee's catch-all

statute, *Tenn. Code Ann. § 28-3-110*, which provides a ten-year statute of limitations for "all other cases not expressly provided for" is controlling, applies to this count. Plaintiff does not identify any legal authority to support its argument nor does it distinguish the Tennessee cases cited by the defendants applying the gravamen analysis. Tennessee courts use the gravamen-of-the-complaint analysis to determine if *Tenn. Code Ann. § 28-3-110* is the correct statute of limitations to apply. See *Home Guar. Ins. Corp. v. Third Fin. Servs., Inc., 694 F. Supp. 438, 439 (M.D. Tenn. 1988)*. *Jacobs v. Baylor Sch., 957 F. Supp. 1002, 1012 (E.D. Tenn. 1996)*; *Pera v. Kroger Co., 674 S.W.2d 715, 719 (Tenn. 1984)*; [*12] and *Yater v. Wachovia Bank of Georgia, N.A., 861 S.W.2d 369, 372 (Tenn. Ct. App. 1993)*.

The gravamen of the complaint for the plaintiff's unjust enrichment claim is the economic loss suffered because the defendants received money from accounts to which they were contractually not entitled. Economic losses caused by misrepresentation or fraud claims are treated under the gravamen-of-the-complaint analysis as a tortious injury to personal property and are governed by the three-year statute of limitations in *Tenn. Code Ann. § 28-3-105*. *Vance, 547 S.W.2d at 932*; Accord *Home Guar. Ins. Corp., 694 F. Supp. at 439* (holding that once the action was determined to not be one in tort and not one in contract, *Tenn. Code Ann. § 28-3-110 (3)* applies); *Briley v. Chapman, 182 S.W.3d 884, 888 (Tenn. Ct. App. 2005)* (using the gravamen-of-the-complaint analysis to determine that the injury to the property interest is not governed by the ten-year statute of limitations provided in *Tenn. Code Ann. § 28-3-110*). Because the complaint was filed over three years after the cause of action accrued, the statute of limitations bars the plaintiff's unjust enrichment claim.

The plaintiff contends Procon fraudulently [*13] concealed the injury, therefore tolling the statute of limitations. As previously discussed, plaintiff's claim does not meet the criteria for fraudulent concealment. Accordingly, the plaintiff's claim for unjust enrichment will be dismissed.

### 3. Detrimental Reliance

Plaintiff's claim for detrimental reliance rests on the statement in the Agreement that Procon would make 'best efforts' to avoid inadvertent contact with Precision's customers. The plaintiff relied on that promise and forwent opportunities to purchase and distribute from other companies. Plaintiff asserts Procon did not make best efforts as promised. To the contrary, Procon directly solicited the plaintiff's customers. Defendants have moved to dismiss this claim on the grounds that it is also barred by Tennessee's three-year statute of limitations.

In Tennessee, claims for detrimental reliance and promissory estoppel are treated the same way and the terms are used interchangeably. See *Chapman v. S. Natural Gas Co., No. 3:09CV224, 2011 U.S. Dist. LEXIS 25129, 2011 WL 883918, at *5 (E.D. Tenn. Mar. 11, 2011)*. Like unjust enrichment, Tennessee has no specific statute of limitations for detrimental reliance. The applicable statute of limitations is determined [*14] according to the gravamen-of-the-complaint analysis. See *Mackey v. Judy's Foods, Inc., 654 F. Supp. 1465, 1481-82 (M.D. Tenn. 1987)* (holding the gravamen of the complaint was fraud so the promissory estoppel claim was governed by three-year statute of limitations under *Tenn. Code Ann. § 28-3-105*). Claims seeking to recover for economic loss due to fraud or misrepresentation are ruled by the three-year limitations period of *Tenn. Code Ann. § 28-3-105*.

The plaintiff states in its complaint that Procon took its customers by misrepresenting its intentions for

contracting with the plaintiff, thereby causing an economic loss. The detrimental reliance is based on the promise not to solicit the plaintiff's customers, a promise that allegedly misrepresented Procon's intentions. Because the gravamen of the detrimental reliance claim is economic loss caused by fraud or misrepresentation, the three-year limit under Tenn. Code Ann. § 28-3-105 bars the plaintiff's detrimental reliance claim.

The plaintiff contends that Procon fraudulently concealed the injury, therefore tolling the statute of limitations, however, as previously discussed, the claim does not meet the criteria for fraudulent concealment. [*15] Because the three-year limitations period elapsed prior to the plaintiff bringing its suit, the plaintiff's detrimental reliance claim will be dismissed.

### 4. Fraud

Finally, the plaintiff asserts that the defendants, acting individually and in concert, are liable for fraud and misrepresentation because the defendants knowingly contracted with the plaintiff to use the plaintiff for customer lists, directly solicited those customers, and ultimately steel business from the plaintiff. The plaintiff alleges Procon repeatedly represented to the plaintiff that it was trying to stop other representatives from undercutting the plaintiff's prices and that they themselves were not involved in that behavior. Defendants have moved to dismiss this claim on the grounds that it is barred by Tennessee's three-year statute of limitations.

Courts have treated economic loss by fraud or misrepresentation as an injury to personal property and therefore subject to a three-year statute of limitations under Tenn. Code Ann. § 28-3-105. Evans v. Walgreen Co., 813 F. Supp. 2d 897, 934-935 (W.D. Tenn. 2011). The cause of action for fraud or misrepresentation "accrues when the plaintiff discovers his or her injury and [*16] the cause thereof." Cumberland & Ohio Co. of Texas v. Goff, 2009 U.S. Dist. LEXIS 98535, 2009 WL 3517531, at *4 n.8 (M.D. Tenn. Oct. 22, 2009).

The plaintiff alleges Procon purposely contracted with the plaintiff to obtain customer information and take those customers from the plaintiff. As previously stated, the plaintiff concedes that it realized it had been losing its customers to the defendant by February 2009, and by August 2009 it knew the magnitude of that loss. The cause of action would have accrued, at the latest, by August 2009 resulting in the statute of limitations barring the claim brought on December 3, 2012, over three years later than the latest possible accrual date.

The plaintiff contends Procon fraudulently concealed the injury, therefore tolling the statute of limitations, however as previously discussed, the claim does not meet the criteria for fraudulent concealment. Because the plaintiff's fraud claim is barred by the three-year statute of limitations, it will be dismissed.

### V. Conclusion

After consideration, the other arguments of the parties are deemed to be unnecessary to address in light of the court's present disposition of the case. For the reasons stated, the defendants' motion to dismiss [*17] [Doc. 31] the claims for intentional interference with contract, unjust enrichment, detrimental reliance, and fraud is **GRANTED**.

**It is so ORDERED.**

/s/ Pamela L. Reeves

**UNITED STATES DISTRICT JUDGE**

End of Document