IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No: 3:21-cv-00923 |
| | ] |
| THE LAMPO GROUP, LLC, d/b/a | ] |
| RAMSEY SOLUTIONS; DAVE | ] |
| RAMSEY | ] JURY DEMAND |
| | ] |
| Defendants. | ] |

## RESPONSE TO DEFENDANT LAMPO'S MOTION TO DISMISS

Comes now the Plaintiff, Brad Amos, by and through counsel respectfully responds to Defendant the Lampo Group, LLC, d/b/a Ramsey Solution's ("Defendant Lampo" or "Lampo") Motion to Dismiss. On February 11, 2022, Defendant Lampo submitted a motion to dismiss Plaintiff's complaint. Pursuant to Local Rule 7.01, Plaintiff respectfully submits a response to Defendant Lampo's Motion to Dismiss.

### PROCEDURAL HISTORY

Defendant alleges that this is the third filing Plaintiff has made regarding this matter. This statement is incorrect. As indicated in Defendant's motion, Plaintiff initially filed this complaint in Williamson County on April 15, 2021. Plaintiff listed six (6) charges against Defendant Lampo. Plaintiff voluntarily dismissed the case pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure (non-suit) on August 24, 2021. Plaintiff filed this lawsuit on December 13, 2021.

### LEGAL ARGUMENT

I. **12(b)(6) Standard**

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Motion to Dismiss under 12(b)(6) the court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020)

## II.  Count I – Tennessee Public Protection Act (TPPA)

Defendant argues that Plaintiff's actions were made purely for personal reasons and are therefore outside the TPPA's protection. However, in a refusal-to-participate claim, the plaintiff only must show that he refused to participate in illegal activities and the requisite causal relationship between his refusal to participate and his discharge. *Grizzard v. Nashville Hosp. Cap., LLC*, No. 3:18-CV-00034, 2021 WL 3269955, at *27 (M.D. Tenn. July 30, 2021) (internal citations omitted).[1] It is not required to show his failure to participate was inspired by any particular purpose.

Tennessee's Court of Appeals have rejected the notion subjective intent for a public purpose is a requirement for a TPPA action alleging failure to participate. *VanCleave v. Reelfoot Bank*, No. W200801559COAR3CV, 2009 WL 3518211, at *8 (Tenn. Ct. App. Oct. 30, 2009).[2] It is sufficient that the plaintiff show that the alleged illegal activity implicates important public policy concerns; in a refusal-to-participate retaliatory discharge claim, she need not show a subjective intent to further the public good." Defendant cites *Williams v. Greater Chattanooga Pub. Television Corp.* to support their argument, but that court also adopted the holding in *Vancleave*. 349 S.W.3d 501, 515 (Tenn. Ct. App. 2011) (finding Plaintiff was "not required to show that her motivation in avoiding violation of a statute was concern for the public.") The

---

[1] Attached hereto as Exhibit 1
[2] Attached hereto as Exhibit 2

Middle District has also acknowledged this standard and clarified that it applies specifically to refusal to participate allegations and not refusal to remain silent allegations. *Smith v. C.R. Bard, Inc.*, 730 F. Supp. 2d 783, 798 (M.D. Tenn. 2010).

Accepting all facts as true and construing ambiguities in Plaintiff's favor, Plaintiff has provided more than sufficient facts to allege a "refusal-to-participate" TPPA claim. *Grizzard v. Nashville Hosp. Cap., LLC*, No. 3:18-CV-00034, 2021 WL 3269955, at *27 (M.D. Tenn. July 30, 2021) ("In a refusal-to-participate claim, the plaintiff must show that he refused to participate in illegal activities and the requisite causal relationship between his refusal to participate and his discharge."). Plaintiff has alleged that Defendant Lampo engaged in illegal activities and forced employees to participate. Plaintiff has also alleged facts showing that his refusal to participate in these activities solely resulted in his termination. Plaintiff has no obligation to distinguish his intent.

### III. Count II – Title VII Religious Discrimination

To establish a prima facie case of religious discrimination under an accommodation theory, a plaintiff must show that "(1) [s]he holds a sincere religious belief that conflicts with an employment requirement; (2) [s]he has informed the employer about the conflicts; and (3) [s]he was discharged or disciplined for failing to comply with the conflicting employment requirement." Once the Plaintiff has established a prima facie case of discrimination, the burden then shifts to the employer to prove that it cannot reasonably accommodate the employee without incurring undue hardship. *O'Connor v. Lampo Grp., LLC*, No. 3:20-CV-00628, 2021 WL 4480482, at *5 (M.D. Tenn. Sept. 29, 2021)[3], reconsideration denied, No. 3:20-CV-00628, 2021 WL 4942869 (M.D. Tenn. Oct. 22, 2021) (internal citations omitted).[4]

---

[3] Attached hereto as Exhibit 3
[4] Attached hereto as Exhibit 4

Defendant Lampo argues that Plaintiff did not meet the second element by failing to make Lampo sufficiently aware of his religious beliefs and the conflict with an employment requirement of Lampo. As a condition of his employment, Defendant Lampo required Mr. Amos to participate in weekly meetings regarding his personal life, including his religious views and beliefs. (Plaintiff's First Amended Complaint ¶ 95-96). As the COVID-19 pandemic developed and Mr. Amos became aware that his family could be put at risk by Defendant Lampo's commitment to working in person, despite remote options being available. Mr. Amos expressed during these meetings that the conflict between his personal religious convictions and Ramsey's requirements cause him great strife in his personal life. (Plaintiff's First Amended Complaint ¶ 248).

At the outset of his employment, Mr. Amos informed Defendant Lampo that maintaining the health, safety, and wellbeing of his family. (Plaintiff's First Amended Complaint ¶ 35). Throughout his employment, Mr. Amos and Defendant Lampo had numerous conversations about Mr. Amos's increasing concerns about the developing COVID-19 crisis and his Christian duty to protect his family in light of this and how this conflicted with Lampo's employment policies. (Plaintiff's First Amended Complaint ¶ 148). These were also brought up in the "personal reports" Mr. Amos was required to complete as a condition of his employment. (Id. at ¶ 92, 148, 150).

While Mr. Amos did not explicitly reference his religion in each and every conversation with Defendant Lampo, the law does not require him to do so. "While the law does not require that a[n] employer divine the existence of a conflict or discern whether an accommodation is desired, there is no magic incantation required to put an employer on notice either. It would be contrary to the purpose of the statute to permit a[n] employer to close his eyes to that *which is obvious* in favor of a rule requiring particular verbiage to trigger constitutional protection." *Jackson v. Longistics*

*Transp., Inc.,* No. 11-2093-STA, 2012 WL 1252543, at *9–10 (W.D. Tenn. Apr. 13, 2012) (internal citations omitted).[5]

Mr. Amos had sufficiently notified Defendant Lampo of his religious beliefs and the practices he associates with those beliefs at the outset of his employment during the extensive and deeply personal interview process with employees who would later work directly with Mr. Amos. (Plaintiff's First Amended Complaint ¶ 21). Accepting the facts plead by Plaintiff as true, Plaintiff has sufficiently alleged religious discrimination in violation of Title VII of the Civil Rights Act.

### IV. Count III – Fraud

#### a. Plaintiff's previous non-suit under Tennessee Rule of Civil Procedure 41.01

Plaintiff originally filed this lawsuit in the Williamson County Chancery Court on April 15, 2021 in order to preserve Plaintiff's statute of limitations. Once the EEOC issued the right to sue on their federal claims; Plaintiff voluntarily dismissed that lawsuit pursuant to Tennessee Rule of Civil Procedure 41.01 on August 24, 2021. Plaintiff filed the current action on December 13, 2021.

Pursuant to Tenn. R. Civ. P. 41.01 and the Tennessee "saving statute", Tenn. Code Ann § 28-1-105, Plaintiff has one year from the time of their voluntary dismissal to refile their lawsuit from the date of the voluntary dismissal. Plaintiff is not time barred from bringing up any claim from a previous complaint which was voluntarily dismissed. Tenn. R. Civ. P. 41.01. *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) ("The "saving statute" accords unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action.").

---

[5] Attached hereto as Exhibit 5

Specifically, Plaintiff can file suit upon any fraud actions not time-barred at the filing of the initial action. *Id*. This savings statute has also been adopted as a substantive law recognized by suits that are moved from State to federal court. *Holden v. Cities Serv. Co.*, 514 F. Supp. 662, 664–65 (E.D. Tenn. 1980); *See also Eason v. Memphis Light, Gas & Water Div., a Div. of City of Memphis*, 866 S.W.2d 952, 954 (Tenn. Ct. App. 1993).

b. <u>Plaintiff's claims are not time barred by the statute of limitations</u>

Under Tennessee law, the terms intentional misrepresentation, fraudulent misrepresentation, and fraud are synonymous, and the claim has the following elements: (1) defendant made a representation of an existing or past fact; (2) representation was false when made; (3) representation was in regard to a material fact; (4) false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) ***plaintiff suffered damage as a result of misrepresentation***. <u>Evans v. Walgreen Co.</u>, 813 F. Supp. 2d 897 (W.D. Tenn. 2011), <u>aff'd,</u> 559 F. App'x 508 (6th Cir. 2014) (emphasis added).

Defendants rely on T.C.A. 28-3-104 to argue Plaintiffs' claims are barred by the statute of limitations. Plaintiffs would argue the more proper statute of limitations would be contained in T.C.A. 28-3-105 as it is not a personal injury claim and should be a 3 year statute of limitations. Courts have treated economic loss by fraud or misrepresentation as an injury to personal property and therefore subject to a three-year statute of limitations under Tenn. Code Ann. § 28–3–105. *Evans v. Walgreen Co.,* 813 F.Supp.2d 897, 934–935 (W.D.Tenn.2011).

However even looking at language of the statute Defendant asks the court to rely on; Plaintiffs claims are not time barred:

> "Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action **accrued**:" T.C.A. 28-3-104 (emphasis added)

Plaintiff did not suffer damages, a required element for any fraud claim, until he was terminated on July 31, 2020; as such his claims are not time barred. (Complaint 320)

Defendants argue Plaintiff suffered damages as a result of their fraud on April 9, 2020; the date Plaintiff was demoted from Senior Editor to Assistant Editor.[6] This is clearly incorrect. However, even accepting arguendo that the date was April 9, 2020- the Plaintiffs claims were not time barred.

Defendant conveniently fail to mention in their Motion to Dismiss that the parties entered into a tolling agreement on April 8, 2021.[7] The agreement stated in relevant part:

> "No statute of limitations on any claim under the Tennessee Human Rights Act or other state discrimination statutes, common law fraud, or common law negligent misrepresentation which the Employee may have against the Employer shall run against Employee and the same shall be tolled during the period of time while this Agreement is in effect ("Tolled Period")…...
>
> The Tolled Period is effective as of April 8, 2021, and shall terminate (a) on the same day as Employee files a complaint with any administrative agency or a court or (b) on the 30th day after either party gives written notice of cancellation to the other, whichever occurs first."

The statute of limitations on all of Plaintiff's claims were therefore tolled on April 8, 2021. The tolling agreement terminated the day Plaintiff filed his original lawsuit in Williamson County Chancery Court. The Defendants claim the statute of limitations period began to run on April 9, 2020 and since his Complaint was not filed until April 15, 2021, it is barred by the statute of limitations. Defendants are well aware the tolling agreement was in place from April 8, 2021 until

---

[6] Plaintiff's temporary demotion on the project occurring on March 20, 2020 did not cause Plaintiff to actually suffer damages as there was no loss in pay or change in job duties. Defendant also informed Plaintiff this change of job title was only temporary and Plaintiff would again be considered a Senior Editor once he returned to the office. (Plaintiff's First Amended Complaint ¶ 178-180).

[7] Attached hereto as Exhibit 6

the time the Complaint was filed in Williamson County Chancery Court and therefore this argument does not seem to be brought in good faith.

The 6th Circuit has long recognized that pleading requirements do not require the Plaintiff to address and anticipate potential affirmative defenses to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). For this reason, the *Cataldo* Court found that Rule 12(b)(6) motions are "generally an inappropriate vehicle" for dismissal on statute of limitations grounds. *Id*. A motion relying on the statute of limitations may only be introduced when Plaintiff's pleadings "affirmatively show that the claim is time-barred." The statute of limitations begins when a Plaintiff "discovers his injury or should have discovered his injury with reasonable diligence." *Chunn v. Se. Logistics, Inc.*, 794 F. App'x 475, 477 (6th Cir. 2019). Plaintiffs were clearly not required to make this tolling agreement part of their Complaint in this matter.

Plaintiff claims in his Amended Complaint that each statement was material in his accepting the position with Defendant Lampo. Taking every inference in favor of the Plaintiff, such reliance was reasonable (Amended Complaint 358). The fact Plaintiff in fact took a job that paid $150,000 less than the job he had in California is further evidence of the materiality and reliance of those statements.

### V. **Count IV- Negligent Misrepresentation**

Plaintiff agrees this claim should be dismissed without prejudice.

### VI. **Count V- Promissory Estoppel**

a. Plaintiff's claims are not time barred

Plaintiff originally filed this lawsuit in the Williamson County Chancery Court on April 15, 2021 in order to preserve Plaintiff's statute of limitations. Once the EEOC issued the right to sue on their federal claims; Plaintiff voluntarily dismissed that lawsuit pursuant to Tennessee Rule

of Civil Procedure 41.01 on August 24, 2021. Plaintiff filed the current action on December 13, 2021.

Pursuant to Tenn. R. Civ. P. 41.01 and the Tennessee "saving statute", Tenn. Code Ann § 28-1-105, Plaintiff has one year from the time of their voluntary dismissal to refile their lawsuit from the date of the voluntary dismissal. Plaintiff is not time barred from bringing up any claim from a previous complaint which was voluntarily dismissed. Tenn. R. Civ. P. 41.01. *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) ("The "saving statute" accords unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action.").

Specifically, Plaintiff can file suit upon any fraud actions not time-barred at the filing of the initial action. *Id*. This savings statute has also been adopted as a substantive law recognized by suits that are moved from State to federal court. *Holden v. Cities Serv. Co.*, 514 F. Supp. 662, 664–65 (E.D. Tenn. 1980); *See also Eason v. Memphis Light, Gas & Water Div., a Div. of City of Memphis*, 866 S.W.2d 952, 954 (Tenn. Ct. App. 1993).

Under Tennessee law, the terms intentional misrepresentation, fraudulent misrepresentation, and fraud are synonymous, and the claim has the following elements: (1) defendant made a representation of an existing or past fact; (2) representation was false when made; (3) representation was in regard to a material fact; (4) false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) ***plaintiff suffered damage as a result of misrepresentation***. *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897 (W.D. Tenn. 2011), aff'd, 559 F. App'x 508 (6th Cir. 2014) (emphasis added).

Defendants rely on T.C.A. 28-3-104 to argue Plaintiffs' claims are barred by the statute of limitations. Plaintiffs would argue the more proper statute of limitations would be contained in T.C.A. 28-3-105 as it is not a personal injury claim and should be a 3 year statute of limitations. Courts have treated economic loss by fraud or misrepresentation as an injury to personal property and therefore subject to a three-year statute of limitations under Tenn. Code Ann. § 28–3–105. *Evans v. Walgreen Co.,* 813 F.Supp.2d 897, 934–935 (W.D.Tenn.2011).

However even looking at language of the one year statute of limitations Defendant asks the court to rely on; Plaintiffs claims are not time barred:

> "Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action **accrued**:" T.C.A. 28-3-104 (emphasis added)

Plaintiff did not suffer damages, a required element for any fraud claim, until he was terminated on July 31, 2020; as such his claims are not time barred. (Plaintiff's First Amended Complaint ¶ 317-318). Further, Plaintiff's Promissory Estoppel claims are grounded in contract not tort, as such the statute of limitations under Tennessee law is 6 years.

### b. Defendant made Plaintiff an enforceable promise

Defendant argues that in order to succeed on a claim of promissory estoppel they must essentially prove fraud. This is false. To succeed on a claim of promissory estoppel, the plaintiff must show "(1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that they reasonably relied upon the promise to their detriment." *Chavez v. Broadway Elec. Serv. Corp.,* 245 S.W.3d 398, 404–05 (Tenn. Ct. App. 2007). A claim of promissory estoppel is not dependent upon the existence of an express contract between the parties, the key element is a promise. *EnGenius Entertainment, Inc. v. Herenton,* 971 S.W.2d 12,

19 (Tenn. Ct. App. 1997); *Wilson v. Price*, 195 S.W.3d 661, 670 (Tenn. Ct. App. 2005); *Amacher v. Brown–Forman Corp.,* 826 S.W.2d 480, 482 (Tenn. Ct. App. 1991).

Prior to accepting employment with Defendant Lampo, Defendant Lampo made several promises to Mr. Amos. These promises included that Mr. Amos would edit features and help create the new film department; Defendant Lampo was not "cult like"; Defendant Lampo operated a "drama free" workplace; and Defendant Lampo was family friendly and would allow Plaintiff to spend time with his family without interference from Defendants. (Plaintiff's First Amended Complaint ¶ 356). These promises were clear and unambiguous and Mr. Amos relied on them to his detriment when Defendant Lampo terminated him in response to his complaints about the promises being false.

### VII.  Count VI- Deceptive Representations and False Pretenses

Defendant alleges that Plaintiff's claim under T.C.A. § 50-1-102(a)(1) claims should fail for the same reasons as his common law fraud claims should fail. acts as a statutory fraud claim and fails for the same reasons as they allege Plaintiff's fraud claim fails.

Tennessee Code Annotated 50-1-102(a)(1) states:

> "It is unlawful for any person to induce, influence, persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any type of labor in this state through or by means of false or deceptive representations, false advertising or false pretenses, concerning the kind and character of the work to be done, or the amount and character of compensation to be paid for the work, or the sanitary or other conditions of the employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to the engagement."

From Defendant's Motion it is unclear whether they claim this claim is barred by the relevant statute of limitations. However, the proper statute of limitations on this claim is 3 years as set out above. Further, Plaintiff did not discover the statements which brought him to Tennessee until he was terminated on July 31, 2020 and therefore are not barred by the Statute of Limitations even if

it is one year. Plaintiff also relies on their response to Defendant's claim his common law fraud claims should be dismissed.

### VIII. Conclusion

For the reasons stated above, Defendants Motion should be denied.

                                            Respectfully Submitted,

                                            /s/ *JONATHAN A. STREET*
JONATHAN A. STREET, BPR No. 021712
G. BRANDON HALL, BPR No. 034027
CULLEN HAMELIN, BPR No. 037317
LAUREN IRWIN, BPR No. 038433
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing was sent via the Court's electronic case filing system to the following on this the 4th day of March, 2022:

Leslie Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

                                          /s/ Jonathan Street
                                          Jonathan Street