**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **BRAD AMOS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **vs.** | ]       **Case No: 3:21-cv-00923** |
| | ] |
| **THE LAMPO GROUP, LLC, d/b/a** | ] |
| **RAMSEY SOLUTIONS; DAVE** | ] |
| **RAMSEY** | ]       **JURY DEMAND** |
| | ] |
| **Defendants.** | ] |

## RESPONSE TO DEFENDANT RAMSEY'S MOTION TO DISMISS

Comes now the Plaintiff, Brad Amos, by and through counsel respectfully responds to Defendant Dave Ramsey's ("Defendant Ramsey" or "Mr. Ramsey") Motion to Dismiss. On February 11, 2022, Defendant Ramsey submitted a motion to dismiss Plaintiff's complaint. Pursuant to Local Rule 7.01, Plaintiff respectfully submits a response to Defendant Ramsey's Motion to Dismiss.

## PROCEDURAL HISTORY

Defendant alleges that this is the third filing Plaintiff has made regarding this matter. This statement is incorrect. As indicated in Defendant's motion, Plaintiff initially filed this complaint in Williamson County on April 15, 2021. Plaintiff listed six (6) charges against Defendant Lampo, one of which was ongoing investigation at the Equal Employment and Opportunity Commission. On July 28, Defendant Lampo filed a motion to dismiss Plaintiff's complaint. At this point, Plaintiff's investigation with the EEOC had come to a close, and Plaintiff subsequently received a right to sue. As such, Plaintiff voluntarily dismissed the case on August 24, 2021, and re-raised all

claims appropriately in federal court on December 13, 2021. Plaintiff now responds to Defendant Ramsey's Motion to Dismiss. Defendants have kept relevant documents away from the court for some unknown reason but seems to be part of a personal vendetta exhibit by Defendant towards Plaintiff and his attorneys. This vendetta is evidenced both in filings and the numerous false statements made through the media in this matter.

## LEGAL ARGUMENT

The Sixth Circuit has upheld that motions seeking to dismiss claims under Rule 12(b)(6) are subject to *de novo* review, where "all factual allegations made by the plaintiff are deemed admitted" and "ambiguous allegations must be construed in the plaintiff's favor." *In re Sofamor Danek Grp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Furthermore, this Court found that a Rule 12(b)(6) motion should never be granted "based on disbelief of factual allegations in the complaint." *Id* (citing *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995), cert. denied, 516 U.S. 1158, 116 S. Ct. 1041, 134 L.Ed.2d 189 (1996).)

Defendant Ramsey asserted attacks on each of Plaintiff's complaints, individually. In the interest of clarity, Plaintiff will also validate the strength of each count asserted in his complaint one-by-one.

### I. Count III- Fraud

**Plaintiff's Claims are not Time-Barred**

Plaintiff originally filed this lawsuit in the Williamson County Chancery Court on April 15, 2021 in order to preserve Plaintiff's statute of limitations. Once the EEOC issued the right to sue on their federal claims; Plaintiff voluntarily dismissed that lawsuit pursuant to Tennessee Rule of Civil Procedure 41.01 on August 24, 2021. Plaintiff filed the current action on December 13, 2021.

Pursuant to Tenn. R. Civ. P. 41.01 and the Tennessee "saving statute", Tenn. Code Ann § 28-1-105, Plaintiff has one year from the time of their voluntary dismissal to refile their lawsuit from the date of the voluntary dismissal. Plaintiff is not time barred from bringing up any claim from a previous complaint which was voluntarily dismissed. Tenn. R. Civ. P. 41.01. *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) ("The "saving statute" accords unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action.").

Specifically, Plaintiff can file suit upon any fraud actions not time-barred at the filing of the initial action. *Id*. This savings statute has also been adopted as a substantive law recognized by suits that are moved from State to federal court. *Holden v. Cities Serv. Co.*, 514 F. Supp. 662, 664–65 (E.D. Tenn. 1980); *See also Eason v. Memphis Light, Gas & Water Div., a Div. of City of Memphis*, 866 S.W.2d 952, 954 (Tenn. Ct. App. 1993).

Under Tennessee law, the terms intentional misrepresentation, fraudulent misrepresentation, and fraud are synonymous, and the claim has the following elements: (1) defendant made a representation of an existing or past fact; (2) representation was false when made; (3) representation was in regard to a material fact; (4) false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) ***plaintiff suffered damage as a result of misrepresentation***. *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897 (W.D. Tenn. 2011), aff'd, 559 F. App'x 508 (6th Cir. 2014) (emphasis added).

Defendants rely on T.C.A. 28-3-104 to argue Plaintiffs' claims are barred by the statute of limitations. Plaintiffs would argue the more proper statute of limitations would be contained in

T.C.A. 28-3-105 as it is not a personal injury claim and should be a 3-year statute of limitations. Courts have treated economic loss by fraud or misrepresentation as an injury to personal property and therefore subject to a three-year statute of limitations under Tenn. Code Ann. § 28–3–105. *Evans v. Walgreen Co.,* 813 F.Supp.2d 897, 934–935 (W.D.Tenn.2011).

However even looking at language of the one year statute of limitations Defendant asks the court to rely on; Plaintiffs claims are not time barred: "Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action **accrued**:" T.C.A. 28-3-104 (emphasis added). Plaintiff did not suffer damages, a required element for any fraud claim, until he was terminated on July 31, 2020; as such his claims are not time barred. (Plaintiff's First Amended Complaint ¶ 317-318).

## Mr. Ramsey's Fraudulent Statement

Defendant Ramsey has said on both his radio show and other media outlets countless times: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management.". When Plaintiff was interviewing for his position, he specifically asked about this statement and was assured it was true. (Amended Complaint ¶ 46-47). Plaintiff relied on this statement when he took the job. He suffered damages because of his reliance when he was terminated on July 31, 2020. (Amended Complaint 356-360). Taking all these statements as true and all inferences taken in favor of the Plaintiff; this claim should not be dismissed.

## II.    Count IV- Negligent Misrepresentation and Count V- Promissory Estoppel

Plaintiff agrees these claims should be dismissed without prejudice.

### III.    Count VI- Deceptive Practices and False Pretenses

Tennessee Code Annotated 50-1-102(a)(1) states:

> "It is unlawful for any person to induce, influence, persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any type of labor in this state through or by means of false or deceptive representations, false advertising or false pretenses, concerning the kind and character of the work to be done, or the amount and character of compensation to be paid for the work, or the sanitary or other conditions of the employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to the engagement."

Defendant Ramsey is a person. Defendant Ramsey made false and deceptive representations (to wit: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management") which caused Plaintiff to relocate from California to Tennessee. Plaintiff would further rely on his arguments in the preceding section of this brief regarding Ramsey's fraudulent statements.

**Conclusion**

For the reasons stated above, Defendants Motion should be denied.

Respectfully Submitted,

/s/  *JONATHAN A. STREET*
JONATHAN A. STREET, BPR No. 021712
G. BRANDON HALL, BPR No. 034027
CULLEN HAMELIN, BPR No. 037317
LAUREN IRWIN, BPR No. 038433
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was sent via the Court's electronic case filing system to the following on this the 4th day of March, 2022:

Leslie Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

/s/ Jonathan Street
Jonathan Street