UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BBRAD AMOS. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21cv923 |
| ) | Judge Richardson |
| THE LAMPO GROUP, LLC, et al., ) | Magistrate Judge Holmes |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on March 7, 2022. Counsel participating were: Jonathan Street and Lauren Irwin for Plaintiff and Leslie Sanders for Defendants. In-house general counsel for Defendant The Lampo Group, LLC, Daniel Cortez, also appeared. From the parties' joint proposed initial case management order (Docket No. 20) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted:

A. JURISDICTION: This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 USC § 1332(a), and 28 U.S.C. §1331.Venue is proper in the Middle District as all events giving rise to this lawsuit occurred in or around Williamson County, Tennessee.

B. BRIEF THEORIES OF THE PARTIES:

**For Plaintiff**: Plaintiff was terminated by Defendant illegally. Plaintiff has brought this lawsuit under both statutory and common law causes of action as set out in their Amended Complaint. As a result of Defendant's actions, Plaintiff suffered damages.

1

Defendant's Motion to Dismiss is factually inaccurate and legally deficient as set out in Plaintiff's response.[1]

**For Defendant**: Plaintiff was terminated for performance reasons. Defendant did not make any misrepresentations or fraudulent statements to induce Plaintiff to come to work for Defendant. In fact, Plaintiff sought employment from Defendant on multiple occasions. As explained in Defendants' motions to dismiss, Plaintiff's Complaint is factually and legally deficient. The individual defendant is an improper defendant.[2]

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Damages and liability.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **April 1, 2022**. The initial disclosures must include, without limitation: by Plaintiff, any documentation of damages, including mitigation; by Defendants, a copy of Plaintiff's personnel file and any investigative file; by both parties, any communications between or on behalf of the parties with the other and any writings that the party relies on as supporting or refuting any allegations, claims, or defenses.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **August 31, 2022**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and**

---

[1] Defendants' motion to dismiss was rendered moot by the filing of Plaintiff's amended complaint (Docket No. 21). *See* Order at Docket No. 25.

[2] See n.1.

**discuss settlement.** By no later than **March 3, 2023**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

      G.     DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **February 15, 2023**.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be

brought promptly to the attention of the Magistrate Judge via a request for a discovery conference, which must be filed as a "motion for resolution of discovery dispute". All discovery-related motions must be filed by no later than **February 15, 2023**, unless otherwise permitted. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response.

      H.     MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **August 31, 2022** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

      I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS: Any party bearing the burden on an issue must identify and disclose all expert witnesses and expert reports as to that issue on or before **July 29, 2022**. The party contesting said issue must identify and disclose expert witnesses and reports on or before **August 29, 2022**. No other rebuttal experts or reports shall be

permitted except by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **February 15, 2023**.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. Any party may request or the Court may set a status or case management conference at any time. By no later than **January 2, 2023**, counsel for the parties must confer about the following matters and file a joint case status report that updates the Court on: the status of discovery (including any known or anticipated discovery disputes); the prospect for settlement (including propriety of ADR); the status of the case generally and all upcoming case management deadlines; and, any other matters that might require the Court's attention or with which the parties would request the Court's assistance. The joint status report must also either (i) state that the case is on track according to the case management schedule and no further assistance from the Court is needed at the time or (ii) request a status/case management conference that details the matters needing the Court's attention or with which the parties request the Court's assistance.[3]

K. DISPOSITIVE MOTIONS: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **April 14, 2023**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial

---

[3] If a status/case management conference is requested, the joint report should be filed as a motion rather than as a notice.

summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. Said plan shall be filed by the parties no later than **April 1, 2022**. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or

more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The **JURY** trial of this action is expected to last **approximately 5 days**.[4] A trial date no earlier than **September 26, 2023** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[4] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.