UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS BY DEFENDANT, DAVE RAMSEY**

Defendant, Dave Ramsey, by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01, files this memorandum of law in support of his Motion to Dismiss (Doc. #28) asking him to dismiss all claims filed against him in this case by Plaintiff, Brad Amos, with prejudice.

**I.    INTRODUCTION**

This is an employment case. Plaintiff has sued his former employer, The Lampo Group, LLC, ("Lampo") and its CEO, Dave Ramsey ("Ramsey"). Defendant Ramsey filed a Motion to Dismiss (Doc. #12) all claims against him. In response, Plaintiff filed the First Amended Complaint (Doc. #21) ("Amended Complaint"). Plaintiff's current claims against Defendant Ramsey in the Amended Complaint are narrow and include only the following:

- Count III – Religious discrimination in violation of the Tennessee Human Rights Act, T.C.A. §4-2-101 ("THRA")
- Count IV – Fraud

(Amended Complaint at ¶¶ 330-380).

Plaintiff's decision to sue Mr. Ramsey individually is either a personal vendetta or

publicity stunt because he has not and cannot articulate a factual or legal basis for it. This is Plaintiff's *fourth* attempt to come up with a claim against Mr. Ramsey and in this latest attempt, he brings yet another claim that does not exist. He originally sued both Defendants on April 15, 2021, in the Chancery Court for Williamson County, Tennessee, asserting six claims – 1) religious discrimination under the THRA, 2) deceptive practices under T.C.A. §50-1-102, 3) fraud, 4) negligent misrepresentation, 5) promissory estoppel, and 6) retaliation under the TPPA. Plaintiff's original state complaint was indiscernible because he referred to the parties inconsistently throughout and at sometimes interchangeably, so Defendants filed a motion for more definite statement. Plaintiff eventually responded by amending his state complaint to correct some of the inconsistencies and clarify that he was filing TPPA and THRA claims only against Defendant Lampo and not Defendant Ramsey. Defendants each filed motions to dismiss Plaintiff's amended state complaint on July 28, 2021 pointing out additional deficiencies in the claims, but Plaintiff voluntarily dismissed the case on August 24, 2021 pursuant to Rule 41 of the Tennessee Rules of Civil Procedure before it could be heard by the state court.

Despite being put on express notice by Defendants of the defects in his claims, the original Complaint filed by Plaintiff in this case on December 13, 2021 (Doc. #1) is nearly identical to his amended state complaint except for additional allegations related to his new Title VII claim. Defendant Ramsey and Defendant Lampo each filed motions to dismiss *again* for virtually the same reasons they stated in their state court motions to dismiss. Plaintiff then made his *fourth* attempt to assert claims against Defendant Ramsey when he filed the Amended Complaint. Plaintiff finally dropped some of the non-existent claims against Ramsey including negligent misrepresentation, promissory estoppel and deceptive practices[1]. But for some

---

[1] There are no allegations in the Amended Complaint attributing the deceptive practices claim

inexplicable reason, Plaintiff raised *for the very first time in either the state court or federal court proceedings* a claim against Defendant Ramsey under the THRA. Plaintiff articulated an aiding and abetting claim against Mr. Ramsey under the THRA for the first time in the Amended Complaint. Plaintiff also raised a THRA claim against Defendant Ramsey for retaliation even though he did not raise that claim in state court and specifically clarified in his amended complaint in state court that he was not asserting a THRA claim against Defendant Ramsey. Plaintiff continues to accuse Defendant Ramsey of fraud but he has clarified in the Amended Complaint that the accusation is based on one statement that Mr. Ramsey did not even make to Plaintiff. So now we are left with two non-existent, frivolous claims against Defendant Ramsey – THRA and fraud. Both claims should now be dismissed and Defendant Ramsey should be dismissed as a party.

## II. LEGAL STANDARD

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to

---

against Defendant Ramsey. Plaintiff's Response to Defendant Ramsey's Motion to Dismiss indicates that it continues to allege the deceptive practices claim against Mr. Ramsey individually. While the only relevant pleading should be the Amended Complaint, out of an abundance of caution and to avoid having to file yet another motion to dismiss in the future, Defendant Ramsey includes an argument *infra* addressing the fact that there can be no claim against him for deceptive practices.

3

dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 U.S. Dist. LEXIS 189742 at *4-6 (M.D. Tenn. Nov. 6, 2018).[2]

### III. PLAINTIFF'S CLAIMS AGAINST RAMSEY SHOULD BE DISMISSED

Plaintiff's Amended Complaint fails to state a claim against Ramsey and should be dismissed. We will address the two remaining claims against Ramsey below, in turn.

**A. Count III – Religious Discrimination under the THRA**

Plaintiff alleges that Ramsey, as an individual, retaliated against Plaintiff for not following Ramsey's religious belief regarding covid precautions in violation of the THRA. Further, Plaintiff alleges Ramsey aided, abetted, incited, compelled, or commanded Lampo to engage in religious discrimination under the THRA. The desperate THRA allegations against Defendant Ramsey expose Plaintiff's bad motives in bringing this lawsuit against the individual.

It is important to note that Plaintiff never raised an aiding and abetting claim under the

---

[2] Ramsey has attached a copy of this unpublished case as Exhibit 1.

THRA against Defendant Ramsey until this latest iteration of a complaint. The alleged "aiding and abetting" would have happened on July 31, 2020 when Plaintiff was terminated from his employment at Defendant Lampo. A claim under the THRA must be filed within one year after the alleged discriminatory practice ceases. *Austion v. City of Clarksville*, 244 Fed. Appx. 639, 648 (6th Cir.) (citing T.C.A. § 4-21-311(d)). Plaintiff did not raise the aiding and abetting claim against Defendant Ramsey until he amended his complaint on March 4, 2022. As such, this claim was asserted more than seven (7) months after the statute of limitations expired, it does not relate back to the original state court pleadings[3] and Defendant Ramsey had no notice that this was even a potential claim.

Similarly and even more glaring is the fact that Plaintiff *never* filed a claim against Defendant Ramsey under the THRA until the Amended Complaint. In the original state court complaint, Plaintiff asserted that "Defendant" retaliated against Plaintiff under the THRA. After Defendant filed a motion for a more definite statement in state court, Plaintiff clarified in the amended complaint in state court that the THRA claim was against Defendant Lampo only. So the very first time that Plaintiff alleged any THRA claim against Defendant Ramsey was March 4, 2022, more than seven (7) months after the statute of limitation expired. There is no way Defendant Ramsey could have been on notice that a THRA claim would be filed against him individually, particularly when Plaintiff clarified in state court that he did not intend for the THRA claim to be against Defendant Ramsey.

While the THRA claim against Defendant is time-barred, it should be dismissed for an even more fundamental reason – it does not exist. The THRA has not provided for individual

---

[3] Defendant Ramsey has filed copies of the state court complaint as Exhibit 2 and the state court amended complaint as Exhibit 3.

liability for employment related discrimination or retaliation since 2014. *Austin v. Alexander*, 439 F. Supp. 3d 1019, 1024 n. 3 (M.D. Tenn. 2020) (finding the defendant cannot be held personally liable for violations of the THRA); *Strong v. HMA Fentress Cty. Gen. Hosp., LLC*, 194 F. Supp. 3d 685, 688 n.1 (M.D. Tenn. 2016) (finding no independent supervisory liability under the THRA); T.C.A. § 4-21-301(b). Prior to July 1, 2014, the THRA imposed individual liability where one or more persons aided, abetted, incited, compelled or commanded a person to engage in a discriminatory act. *Austin v. Alexander*, 439 F. Supp. 3d at 1024 n. 3 (citing *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 705 (W.D. Tenn. 2005)). This language was removed effective July 1, 2014, with the THRA now stating that "[n]o individual employee or agent of an employer shall be liable for any violation of [employment related discrimination] that any employer shall be found to have committed." *Austin v. Alexander*, 439 F. Supp. 3d at 1024 n. 3 (citing *Strong*, 194 F. Supp. 3d at 688 n.1 (quoting Tenn. Code Ann. § 4-21-301(b))). This amendment to the THRA also provides that there is no individual liability for a retaliation claim. *Strong*, 194 F. Supp. 3d at 689 (citing *Garner v. SDH Servs. East, LLC*, 55 F. Supp. 3d 1016, 1024 n. 7 (M.D. Tenn. 2014)).

### B. Count IV – Fraud

Plaintiff's fraud claim against Defendant Ramsey is equally deficient. Fraud is synonymous with intentional or fraudulent representation, *see, e.g., Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 FN1 (Tenn. 1999), and consists of the following six elements:

1. A representation made of an existing or present fact;
2. The representation was false when made;
3. The representation was in regard to a material fact;
4. The false representation was made knowingly or recklessly without regard for its truth;

6

5. Plaintiff reasonably relied upon the misrepresented material fact; and

6. Plaintiff suffered damage as a result of the misrepresentation.

*See, e.g., PNC Multifamily Capital Institutional Fund XXVI LP v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn. Ct. App. 2012).

In the Amended Complaint, Plaintiff identifies a single statement as the basis for his fraud claim against Ramsey: "Defendant Ramsey stated Lampo had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management." (Amended Complaint at ¶357). Plaintiff does not allege when the statement was made by Defendant Ramsey – only that he made it "on many occasions on his radio show and in other media outlets." (Amended Complaint at ¶47). This is the first time that Plaintiff pleads that this statement was made personally by Defendant Ramsey though he never alleges that Mr. Ramsey directed the statement to Plaintiff. Plaintiff also alleges in the Amended Complaint that he specifically asked other members of management about this particular statement during his interview process and that members of management confirmed it. (Amended Complaint at ¶48-50). Plaintiff does not allege that the statement is false but he does make a vague reference to Defendants forcing employees to respond to "polls" with praise for Defendants. There are several independent bases for dismissing Plaintiff's fraud claim against Ramsey.

### 1. *Inadequately Pled*

First, Plaintiff's fraud claims against Ramsey should be dismissed because they are inadequately pled. Fraud claims "pose a high risk of abusive litigation", so Rule 9 safeguards Ramsey by requiring Plaintiff to (1) specify the allegedly fraudulent statements on which he relied, (2) identify the speaker, (3) plead when and where the statements were made, and (4) explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.,*

7

683 F.3d 239, 247 (6th Cir. 2012); *Yuhasz v. Brush Wellman, Inc.* 331 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir.1993)); Fed. R. Civ. Pro. 9.

In the Amended Complaint, Plaintiff clarified that he attributes only one supposedly fraudulent statement to Defendant Ramsey with no reference whatsoever to *when* the statement was made. Plaintiff also does not explain what made Defendant Ramsey's statements that he made on the radio fraudulent. At best, Plaintiff alleges that both Defendants forced employees to complete "polls" (presumably for "best place to work" competitions) in a favorable manner though he does not specify whether he was forced to complete the poll, when the polls were completed or how he knew about the alleged "force" to complete the polls favorably. Plaintiff admits that in his job interview he questioned the statement made by Defendant Ramsey on his radio show. Plaintiff makes no allegation (nor could he) that Mr. Ramsey's alleged statement was directed at Plaintiff or intended to induce Plaintiff to come to work for Defendant Lampo. Plaintiff has failed to meet the third and fourth requirements of Rule 9.

2. *Materiality*

Second, Plaintiff's fraud claim should be dismissed because the single statement attributed to Defendant Ramsey is not sufficiently material to be actionable. To be material, a misrepresentation must have been so significant that it determined the conduct of the party seeking relief. *See, e.g., Grissim v. Powell Constr. Co.,* 1999 Tenn. App. LEXIS 413 at *8-9 (Tenn. Ct. App. June 25, 1999)[4]; *Dozier v. Hawthorne Dev. Co.*, 262 S.W.2d 705, 709-10 (Tenn. Ct. App. 1953). The materiality of a misrepresentation is a question of law for the Court. *Grissim* at *8-9.

The single statement by Defendant Ramsey was collateral to the primary terms and

---

[4] Lampo has attached a copy of this unpublished case as Exhibit 4.

conditions of Plaintiff's employment with Lampo and was not a guarantee of future circumstances. As an at-will employee of Lampo, Plaintiff's employment was subject to termination by Lampo at any time for any or no reason. *See, e.g., Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). So, it is simply not plausible for Plaintiff to argue that this single statement made to the public at large was sufficiently material to be outcome determinative.

### 3. *Reasonable Reliance*

Third and for similar reasons, Plaintiff's fraud claim against Defendant Ramsey should be dismissed because it could not have possibly induced reasonable reliance. Tennessee's strong presumption in favor of at-will employment and the inherently changeable nature of at-will employment make it extremely difficult for employees to maintain materiality and reasonable reliance-based claims like fraudulent misrepresentation and promissory estoppel. *See, e.g., Koch v. Lightning Transp., LLC*, 2015 U.S. Dist. LEXIS 707 at *22-23 (M.D. Tenn. Jan. 6, 2015)[5]; *Wright v. Wacker-Chemie AG*, 2014 U.S. Dist. LEXIS 105337 at *43-45 (E.D. Tenn. Aug. 1, 2014)[6]; *Chapman v. Southern Natural Gas Co.*, 2011 U.S. Dist. LEXIS at *13-15 (E.D. Tenn. Mar. 11, 2011).[7] A reasonable person would not have relied upon a statement made to the public that Defendant Lampo was voted "best place to work" to make the weighty decision to relocate his entire family from California to Tennessee for an at-will position that paid $150,000 less than his job in California. The statement made by Mr. Ramsey was certainly not made to Plaintiff nor

---

[5] Lampo has attached a copy of this unpublished case as Exhibit 5.

[6] Lampo has attached a copy of this unpublished case as Exhibit 6.

[7] Lampo has attached a copy of this unpublished case as Exhibit 7.

9

was it intended to induce him to move to Tennessee to take the job at Lampo. In fact, the Court does not even have to determine if Brad Amos acted reasonably. He admitted in his Amended Complaint that he did *not* rely on the statement that Mr. Ramsey made to the public. Instead, he questioned the statement in his interview process. Plaintiff had zero conversations with Defendant Ramsey about the "best place to work" designation or the way in which Defendant Lampo received the recognition.

### 4. *Time-Barred*

Plaintiff's fraud claim against Defendant Ramsey should be dismissed because it is time-barred. In Tennessee, the statute of limitations for fraud depends on the nature of the damage claimed—one year for personal injury, three years for property injury. *See, e.g., Evans v. Walgreen Co.,* 813 F. Supp. 2d 897, 934-35 (W.D. Tenn. 2011); T.C.A. §§ 28-3-104, 28-3-105. Plaintiff's fraud claim against Ramsey is based on one alleged statement (i) made before his employment with Lampo, and (ii) that he purportedly discovered to be untrue during his employment with Lampo. Tennessee does not recognize a property interest in at-will employment, so Plaintiff's fraud claim against Defendant Ramsey describes personal injuries subject to a one-year statute of limitations. *See, e.g., Evans* at 934-35; T.C.A. §28-3-104.

Tennessee has adopted the discovery rule to determine when fraud claims accrue. *See, e.g., Chunn v. Southeast Logistics, Inc.,* 2018 U.S. Dist. LEXIS 217361 at *4-6 (W.D. Tenn. Dec. 28, 2018).[8] Per the discovery rule, the statute of limitations associated with the single statement attributed to Defendant Ramsey began to run when he discovered or should have discovered that the statement was false. *Id*. Plaintiff did not need to know the full extent of the fraudulent statement to trigger its statute of limitations, only that some wrong had occurred. *Id*.

---

[8] Ramsey has attached a copy of this unpublished case as Exhibit 8.

While Plaintiff did not plead what part of the statement he contends is fraudulent, Defendant will assume for purposes of this Motion only that Plaintiff is referring to the "without interference from management" portion of the statement and not the designation as "best place to work."

Plaintiff's fraud claims against Ramsey are time-barred because they accrued before April 15, 2020[9] and certainly before December 13, 2021, one year respectively before he originally filed them in state court and subsequently refiled them in federal court. Accepting Plaintiff's allegations in the Complaint as true, he discovered the single statement attributed to Defendant Ramsey was allegedly false before April 15, 2020. Plaintiff alleges that Lampo made this statement before his employment began on August 12, 2019. The Amended Complaint does not allege when Plaintiff discovered this statement to be false. However, Defendant notes that Inc. Magazine required employees to complete the 2020 Best Workplaces survey by February 18, 2020.[10] So, if Lampo interfered with employees' completion of that survey, it must have occurred on or before February 18, 2020. Defendant asks the Court to exercise its discretion to take judicial notice of this date per Rule 201 of the Federal Rules of Evidence, particularly given the fact that Plaintiff failed to plead with particularity the place and time of the allegedly false statement. *See, e.g., Schuh v. HCA Holdings, Inc.,* 947 F. Supp. 2d 882, 885 FN2 (M.D. Tenn. 2013).

---

[9] Plaintiff's Response to Defendant Ramsey's Motion to Dismiss makes reference to a tolling agreement between Defendant Lampo and Plaintiff entered into on April 8, 2020. Plaintiff failed to plead the tolling agreement in his Complaint or Amended Complaint. Nevertheless, this tolling agreement has no application to this Defendant. Furthermore, it is irrelevant as the single statement attributed to Defendant Ramsey allegedly occurred before Plaintiff accepted employment at Defendant Lampo.

[10] https://events.inc.com/bwp2020. This web page was active as of February 11, 2022. However, Ramsey has attached a pdf version as Exhibit 9 in case the web page or that link are subsequently taken down.

In Paragraph 335 of the Amended Complaint, Plaintiff articulates the harm he allegedly suffered by purportedly believing the statement by Defendant Ramsey – he accepted the position at Lampo. As is often the case, the "harm" (accepting the position) occurred before Plaintiff discovered the alleged fraud (presumably management interference with the "poll"). So both the harm and the discovery occurred well over a year prior to April 15, 2021, which is the date of the first state court pleading

**C. Count VI – Deceptive Representations and False Pretenses**

Plaintiff does not state a claim against Ramsey individually under §50-1-102 in Count VI. Therefore, Plaintiff fails to meet the fundamental and basic requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff makes reference to the claim in Plaintiff's Response to Defendant Ramsey's Motion to Dismiss and because Defendant Ramsey does not want to file yet a *fourth* motion to dismiss on this frivolous claim, the reasons this claim does not exist against Defendant Ramsey are set forth below.

This relatively obscure statute makes it "unlawful for any person to induce, influence, persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any type of labor in this state through or by means of false or deceptive representations, false advertising or false pretenses, concerning the kind and character of the work to be done, or the amount and character of compensation to be paid for the work, or the sanitary or other conditions of the employment, or as to the existence or nonexistence of a strike or other trouble pending between employer and employees, at the time of or prior to the engagement." T.C.A. §50-1-102(a)(1); *see also Gillinsky v. Marcus & Millichap Real Estate Inv. Servs. of Seattle,* 2021 U.S. Dist. LEXIS 128263 at *48-51 (M.D.

Tenn. July 9, 2021).[11]

The Tennessee Court of Appeals has characterized T.C.A. §50-1-102 as functionally equivalent to fraudulent inducement, *i.e.,* an employer fraudulently inducing an employee to quit his/her current job and come work for them. *Shipp v. Ditch Witch Equip. of Tenn., Inc.,* 2007 Tenn. App. LEXIS 123 at *6, 24-25 (March 7, 2007).[12] As statutory fraud, T.C.A. §50-1-102 claims are subject to the same heightened pleading standards, materiality standards, and statutes of limitations as common law fraud claims. *Block v. Meharry Med. College,* 2016 U.S. Dist. LEXIS 69485 at *3-4 (M.D. Tenn. May 26, 2016) (statute of limitations)[13]; *Grissim v. Powell Constr. Co., Inc.,* 1999 Tenn. App. LEXIS 413 at *9-11 (June 25, 1999) (materiality)[14]; *See Metro. Prop. & Cas. Ins. Co. v. Bell,* 2005 U.S. App. LEXIS 17825 at *15-16 (6th Cir. Aug. 17, 2005) (applying Rule 9 to TCPA claims).[15]

Plaintiff's specific allegations (none of which include Defendant Ramsey) in Count VI merely recite the claim's basic elements. The one statement made by Defendant Ramsey to the public (not Plaintiff) at some unknown time that Plaintiff admittedly did not rely on is insufficient to state a claim under T.C.A. §50-1-102. Furthermore, it is effectively a statutory rehash of his fraud claim in Count III and fails for the same reasons.

## IV.  CONCLUSION

Plaintiff needs to stop. After a motion for more definite statement and now three (3) motions

---

[11] Ramsey has attached a copy of this unpublished case as Exhibit 10.

[12] Ramsey has attached a copy of this unpublished case as Exhibit 11.

[13] Ramsey has attached a copy of this unpublished case as Exhibit 12.

[14] Ramsey has attached a copy of this unpublished case as Exhibit 13.

[15] Ramsey has attached a copy of this unpublished case as Exhibit 14.

to dismiss, Plaintiff still has no basis for a claim against Defendant Ramsey because there is none to be found. His latest attempt is a THRA claim that has not existed since 2014. There is no plausible reason to pursue a lawsuit against Mr. Ramsey other than harassment. Defendant Ramsey requests that the Court dismiss the only two remaining claims against him for the reasons set forth herein and dismiss him as a party to this lawsuit.

Respectfully submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on March 15, 2022, I caused the foregoing *Memorandum of Law in Support of Second Motion to Dismiss by Defendant, Dave Ramsey,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)

4866-0715-3933, v. 6