EXHIBIT 3

 Cited

As of: March 16, 2022 10:53 AM Z

# Murden v. Wal-Mart

United States District Court for the Western District of Tennessee, Western Division

March 8, 2021, Decided; March 8, 2021, Filed

Case No. 2:20-cv-2505-JPM

### Reporter

2021 U.S. Dist. LEXIS 42748 *; 2021 WL 863201

DEMETRIUS MURDEN, Plaintiff, v. WAL-MART, Defendant.

## Core Terms

harassment, allegations, retaliation, terminated, gender harassment, illegal activity, hostile, refuse to participate, motion to dismiss, remain silent, gender

**Counsel:** [*1] Temiika Gipson, Miscellaneous, Pro se, Memphis, TN.

For Demetris Murden, Plaintiff: Catherine Carter Walsh, LEAD ATTORNEY, THE CRONE LAW FIRM, PLC, Tennessee, Memphis, TN; E. Nicole Trail, Harris, Shelton, Hanover & Walsh, PLLC, Memphis, TN.

For Wal-Mart Stores East, L.P., Defendant: John Morris Russell, LEAD ATTORNEY, RUSSELL OLIVER & STEPHENS, PLC, Memphis, TN; Lauren A. Wong, RUSSELL OLIVER & STEPHENS, PLC, TN, Memphis, TN.

**Judges:** JON P. McCALLA, UNITED STATES DISTRICT COURT JUDGE.

**Opinion by:** JON P. McCALLA

## Opinion

### ORDER GRANTING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS

Before the Court is Defendant Wal-Mart Stores East, LP's ("Walmart") Partial Motion to Dismiss, filed on September 24, 2020. (ECF No. 21.) Defendant requests that Plaintiff Demetrius Murden's claims brought under the *Tennessee Public Protection Act ("TPPA")*, as well as the gender harassment claims brought under Title VII and the *Tennessee Human Rights Act* ("THRA") be dismissed for failure to state a claim upon which relief can be granted. The Court agrees. Defendant's Motion to Dismiss is **GRANTED IN PART** with respect to Plaintiff's TPPA and Title VII gender harassment claims.

### I. Background

#### a. Factual History

Plaintiff is an African American female [*2] residing in Memphis[1], Tennessee. ("Complaint", ECF No. 1-1 ¶ 5.) Plaintiff was hired by Walmart on September 27, 1993 as a Photo Center Associate at a Memphis Walmart store. (Id. ¶ 10.) In 1998, Plaintiff was promoted to Photo Center Manager and remained at this position

---

[1] Plaintiff's brief in response to Defendant's motion indicates that Plaintiff is now "living in Central Arkansas." (ECF No. 26 at PageID 119.)

until transferring to a different Memphis Walmart store in 2004. (Id. ¶¶ 11-12.) In 2006, Plaintiff was promoted to Assistant Manager before transferring to a Bartlett, Tennessee Walmart store. (Id. ¶¶ 13-14.) In 2009, Plaintiff was promoted to Co-Manager, and then in 2017, Plaintiff was promoted to Store Manager at Walmart store 6807 ("Store 6807") on Raleigh Lagrange Road in Memphis, Tennessee. (Id. ¶¶ 15-16.)

As Store Manager, Plaintiff reported to Market Manager, Augustine Gonzales ("Mr. Gonzales"). (Id. ¶ 17.) After taking over as Store Manager of Store 6807, Plaintiff noted cash flow shortages and broken processes, which she reported to Mr. Gonzales, as well as Jason Haynes of the Asset Protection Team, and upper management. (Id. ¶¶ 18-19.) Plaintiff alleges that these issues persisted for a year before she submitted a formal complaint to the ethics department alleging issues with behavior and practices by Mr. [*3] Gonzales. (Id. ¶¶ 20-21.) In October 2018, Mr. Gonzales reported Plaintiff for poor job performance, which she appealed to human resources. (Id. ¶ 23.)

After no action was taken on her appeal, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge"), which alleged that she was being discriminated and retaliated against due to her gender and her race. (Id. ¶¶ 25-26.) Following the filing of her EEOC charge, Mr. Gonzales again filed complaints and wrote-up Plaintiff on November 27, 2018 and December 27, 2018. (Id. ¶ 28.) Plaintiff was also contacted by human resources on December 23, 2018 and told that she was at risk for being terminated. (Id. ¶ 29.) Plaintiff attempted to step down from her position as Store Manager to Co-Store Manager, but was unable to obtain permission from Mr. Gonzales and Matthew Margenta in order to so. (Id. ¶¶ 30-31.) On February 13, 2019, Mr. Gonzales informed Plaintiff that he had been instructed to fire her, and on March 22, 2019, Mr. Gonzales terminated Plaintiff. (Id. ¶¶ 33-34.) Plaintiff was informed that she was being terminated for cash office shortages and gun audits. (Id. ¶ 35.) Plaintiff subsequently [*4] amended her EEOC Charge to include the November and December 2018 write ups. (Id. ¶ 38.)

### b. Procedural Background

The EEOC issued a Right to Sue letter to Plaintiff on or about March 4, 2020. (Complaint, ECF No. 1-1 ¶ 40.) Plaintiff filed suit in Shelby County Circuit Court on June 4, 2020, in which she alleges that Defendant violated Title VII, the THRA, and TPPA for discriminating against and harassing her based on gender and race and in retaliation for protected activity. (ECF No. 1-1.) The Complaint consists of eight counts: 1) THRA gender discrimination, 2) THRA gender harassment, 3) THRA race discrimination, 4) THRA retaliation, 5) Title VII gender discrimination, 6) Title VII gender harassment, 7) Title VII race discrimination, and 8) Title VII retaliation.

Defendant removed the case to this Court on July 14, 2020. (ECF No. 1.) On September 24, 2020, Defendant filed a Partial Motion to Dismiss. (ECF No. 21.) Plaintiff filed a Response to Defendant's Motion on October 28, 2020. (ECF No. 26.) Defendant filed a Reply to Defendant's Response on November 11, 2020. (ECF No. 28.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be [*5] granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir.

1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without [*6] facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 U.S. Dist. LEXIS 3538, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

## III. ANALYSIS

### a. Plaintiff's THRA Claims are not Time-Barred

Defendant originally argued that THRA claims are subject to dismissal because they are time-barred under T.C.A. § 4-21-311(d), which provides that a party has one year after the alleged discriminatory practice ceases to bring a civil suit for violation of the THRA. As Plaintiff correctly notes however, the Tennessee Supreme Court Administrative Order extended the statute of limitations in THRA cases due to the COVID-19 pandemic. (ECF No. 26 at PageID 123.) Tennessee Supreme Court Order No. ADM2020-00428 states that "[d]eadlines set forth in court rules, statutes, ordinances, administrative rules, or otherwise that are set to expire between March 13 and March 31, 2020 are hereby extended through April 6, 2020." (ECF No. 26-1 at PageID 133.) The Tennessee Supreme Court issued additional administrative orders regarding court operations and extension of deadlines on a monthly basis. (See, e.g., ECF No. 26-4 at PageID 146-47 ("Deadlines set forth in court rules, statutes, ordinances, administrative rules, or otherwise that are set to [*7] expire during the period from Friday, March 13, 2020, through Sunday May 31, 2020, remain extended through Friday, June 5, 2020[.]").)

Plaintiff was terminated from Walmart on March 22, 2019, and the one-year statute of limitations within which she needed to file suit would have expired on March 22, 2020. The March 22, 2020 date falls squarely within the Tennessee Supreme Court's Administrative Order, and Plaintiff timely filed suit within the extension provided by ADM2020-00428. As acknowledged by Defendant, "Walmart concedes that the recent orders of the Tennessee Supreme Court save Plaintiff's ordinarily untimely THRA claims from being time-barred[.]" (ECF No. 28 at PageID 152.) Accordingly, Defendant's motion is **DENIED** with respect to Plaintiff's THRA claims.

### b. Plaintiff's TPPA Claim Should be Dismissed

Defendant argues that Plaintiff's TPPA claim is subject to dismissal because she has not alleged any facts that would support a cognizable TPPA claim. (ECF No. 21-1 at PageID 88.) The TPPA provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). "To establish a claim for retaliatory [*8] discharge under the TPPA, a plaintiff must prove: (1) his status as an employee of the defendant; (2) his refusal to participate in, or remain silent, about illegal activities; (3) his termination; and (4) an exclusive causal relationship between the refusal to participate in, or remain silent about, illegal activities and his termination." Epperson v. Res. Healthcare of Am., Inc., 566 F.App'x 433, 436 (6th Cir. 2014) (citing Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 437 (Tenn. 2011)). "As the Tennessee Supreme Court has explained, the plaintiff must 'demonstrate that his whistleblowing behavior was the *sole* reason for his termination.'" Amos v. McNairy Cty., 622 Fed.Appx. 529, 536 (6th Cir. 2015) (citing Guy v. Mut. Of Omaha Ins. Co., 79 S.W.3d 528, 537 (Tenn. 2002)). "[I]mposting liability for the discharge of a whistleblower is a narrow exception to the employment-at-will doctrine and must be limited to situations in which an employee has exposed the wrongful conduct of the employer in furtherance of the public interest[.]" Haynes v. Formac Stables, Inc., 463 S.W.3d 34, 40-41 (Tenn. 2015).

As noted by Defendant, Plaintiff only mentions the TPPA one time in her Complaint. (ECF No. 21-1 at PageID 89.) Furthermore, Defendant asserts that "Plaintiff does not allege Walmart engaged in illegal activity involved a public interest," that "she refused to participate in or remain silent about illegal activities", or that "Walmart terminated her employment solely for her refusal to participate in or remain silent [*9] about illegal activities." (Id.) In response, Plaintiff asserts that she should be allowed to amend the complaint to include a specific charge arising under the TPPA, and that "the facts necessary to bring a cognizable claim for retaliation under the TPPA are [*sic*] are the same as the facts required to bring a cognizable claim of retaliation under the THRA and Title VII[.]" (ECF No. 26 at PageID 125.) This is not true. TPPA claims are distinct from retaliation under THRA and Title VII. "Under the TPPA, an employee is not entitled to protection simply for reporting illegal conduct; rather, the report must further an important public interest." Hayes v. Elmington Property Mgmt., 2019 U.S. Dist. LEXIS 226377, 2019 WL 8016518, at *11 (W.D. Tenn. Dec. 20, 2019); see also Hastings v. Remarketing Solutions, Inc., 316 F.App'x 488, 489 (6th Cir. 2009) (affirming dismissal of TPPA claims where Plaintiff failed to assert that employer engaged in illegal activity that implicated public policy concerns).

Here, Plaintiff's allegations in support of her THRA and Title VII retaliation claims are not sufficient to make out a claim under the TPPA. In Hall v. Wal-Mart Stores, Inc., the Middle District of Tennessee concluded that "under the TPPA, blowing the whistle on discrimination against oneself is a private and proprietary interest that must be vindicated through means other than the TPPA." [*10] 2017 U.S. Dist. LEXIS 75208, 2017 WL 2131649, at *4. Plaintiff's allegations regarding Mr. Gonzales' actions at the store do not raise matters of public concern and instead pertain to her private interest. Even if the Court were to allow Plaintiff to amend the Complaint to set out a claim of retaliation under the TPPA, there are simply insufficient facts for Plaintiff to state a claim under the TPPA. Accordingly, Plaintiff's asserted TPPA claim is **DISMISSED**.

### c. Plaintiff has not Sufficiently Alleged Gender

Harassment

Defendant asserts that "Plaintiff fails to allege any facts that would support a gender harassment claim under both the THRA and Title VII." (ECF No. 21-1 at PageID 89.) "A prima facie case of sexual harassment under the THRA is the same as under Title VII." Theus v. Glaxosmithkline, 452 F.App'x 596, 600 (6th Cir. 2011). "To establish liability for coworker harassment, the plaintiff must show that '(1) the employee is a member of a protected class; (2) the employee was subjected to unwelcome sexual harassment; (3) the harassment occurred because of the employee's gender; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew, or should have known of the harassment and failed to respond with prompt and appropriate corrective action." Id. at 600 (citing [*11] Campbell v. Florida Steel Corp., 919 S.W.2d 26, 31 (Tenn. 1996). "When the harassment is by a supervisor, the fifth element of employer liability is vicariously imposed, but the employee has the benefit of an affirmative defense." Carr v. United Parcel Serv., 955 S.W.2d 832, 838 (Tenn. 1997) (Holding that the elements of a supervisor hostile environment claim are the same as those in a coworker hostile environment claim.), overruled in part by Parker v. Warren Cnty. Util. Dist., 2 S.W.3d 170, 176 (Tenn. 1999). "The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

In the instant case, Plaintiff has not pled conduct that rises to the level of offensive behavior that creates an actionable claim. In fact, Plaintiff has not alleged that any of Mr. Gonzales' actions were sexually motivated. Plaintiff alleges that "the extraordinary acts by Mr. Gonzales could be considered demeaning and hostile enough as to alter Ms. Murden's workplace," but then points to actions that have no bearing or allegation of gender-motivation. [*12] Plaintiff argues that Mr Gonzales' allegedly "hostile and threatening" actions were that "he visited the store when he knew she wouldn't be there" and "he lowered the price of certain products but didn't tell Ms. Murden, knowing his actions would create an issue with Ms. Murden's budget and accounting." (ECF No. 26 at PageID 129.) These actions, taken as true, do not implicate gender-based harassment, and Plaintiff's Complaint does not contain any other allegations that rise to that level. Title VII "does not protect against general harassment, regardless of how severe or pervasive it may be." Scarborough v. Brown Group, 972 F.Supp 1112, 1122 (W.D. Tenn. 1997). It is unclear if Mr. Gonzales' behavior rises to even a "general harassment" level. "We have repeatedly stated that minor irritations do not amount to severe or pervasive harassment." Broska v. Henderson, 70 Fed. Appx. 262, 269 (6th Cir. 2003). Accordingly, Plaintiff has not sufficiently alleged gender harassment under the THRA or Title VII, and Defendant's motion to dismiss is **GRANTED** on counts 2 and 6 of the Complaint.

IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Defendant's Motion to Dismiss. While Plaintiff did not separately set out a TPPA count, any such claim is hereby **DISMISSED**. Additionally, Plaintiff's claims of [*13] gender harassment under the THRA and Title VII (counts 2 and 6 of the Complaint) are hereby

**DISMISSED**. Counts 1, 3, 4, 5, 7 and 8 remain in this case.

**IT IS SO ORDERED**, this 8th day of March, 2021.

/s/ Jon P. McCalla

JON P. McCALLA

UNITED STATES DISTRICT COURT JUDGE

End of Document