IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | |
| vs. | Case No: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC, d/b/a RAMSEY SOLUTIONS; DAVE RAMSEY | JURY DEMAND |
| Defendants. | |

## RESPONSE TO DEFENDANT RAMSEY'S SECOND MOTION TO DISMISS

Comes now the Plaintiff, Brad Amos, by and through counsel respectfully responds to Defendant Dave Ramsey's ("Defendant Ramsey" or "Mr. Ramsey") Motion to Dismiss. On March 15, 2022, Defendant Ramsey submitted a motion to dismiss Plaintiff's complaint. Pursuant to Local Rule 7.01, Plaintiff respectfully submits a response to Defendant Ramsey's Second Motion to Dismiss.

## PROCEDURAL HISTORY

Defendant alleges that this is the third filing Plaintiff has made regarding this matter. This statement is incorrect. As indicated in Defendant's motion, Plaintiff initially filed this complaint in Williamson County on April 15, 2021. Plaintiff listed six (6) charges against Defendant Lampo, one of which was ongoing investigation at the Equal Employment and Opportunity Commission. On July 28, Defendant Lampo filed a motion to dismiss Plaintiff's complaint. At this point, Plaintiff's investigation with the EEOC had come to a close, and Plaintiff subsequently received a right to sue. As such, Plaintiff voluntarily dismissed the case on August 24, 2021, and re-raised all

claims appropriately in federal court on December 13, 2021. Plaintiff now responds to Defendant Ramsey's Second Motion to Dismiss.[1] Defendants have kept relevant documents away from the court for some unknown reason but it seems to be part of a personal vendetta exhibit by Defendant towards Plaintiff and his attorneys. This vendetta is evidenced both in filings and the numerous false statements made through the media in this matter.

## LEGAL ARGUMENT

The Sixth Circuit has upheld that motions seeking to dismiss claims under Rule 12(b)(6) are subject to *de novo* review, where "all factual allegations made by the plaintiff are deemed admitted" and "ambiguous allegations must be construed in the plaintiff's favor." *In re Sofamor Danek Grp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Furthermore, this Court found that a Rule 12(b)(6) motion should never be granted "based on disbelief of factual allegations in the complaint." *Id* (citing *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995), cert. denied, 516 U.S. 1158, 116 S. Ct. 1041, 134 L.Ed.2d 189 (1996).)

Defendant Ramsey asserted attacks on each of Plaintiff's complaints, individually. In the interest of clarity, Plaintiff will also validate the strength of each count asserted in his complaint one-by-one.

    **I.    Count III – Religious Discrimination in violation of the Tennessee Human Rights Act**

**<u>Plaintiff's Claim is not Time-Barred</u>**

Plaintiff's Tennessee Human Rights Act (THRA) claim against Ramsey relates back to the original filing made on April 15, 2021. Defendant attempts to make the argument that this claim may not relate back to the original filing because Defendant Ramsey was not put on notice of

---

[1] Plaintiff notes that Defendant previously filed a nearly identical Motion to Dismiss in Williamson County Chancery Court, making this Defendant's third Motion to Dismiss.

potential liability. This argument is not only unfounded, but also irrelevant to controlling law. Tennessee Courts have found when determining if an amendment <u>*for an additional cause of action*</u> relates back to a prior filing, the "amendment must arise from the <u>same conduct, transaction or occurrence</u> as set forth in the original pleadings." *Rainey Bros. Const. Co. v. Memphis & Shelby Cty. Bd. of Adjustment*, 821 S.W.2d 938, 942 (Tenn. Ct. App. 1991).

While notice is helpful in this circumstance, Tennessee Courts have made it clear that the most important factor for this type of amendment is "whether the amendments arise out of the conduct, transaction, or occurrence in the original complaint." *Maize v. Friendship Cmty. Church, Inc.*, No. E201900183COAR3CV, 2020 WL 6130918, at *11 (Tenn. Ct. App. Oct. 19, 2020), appeal denied (Mar. 17, 2021).[2]

In *Huber v. Marlow*, 2008 WL 2199827, at *5 (Tenn. Ct. App. May 28, 2008) the Tennessee Court of Appeals stated that whether notice is an actual requirement for the application of the relation back doctrine depends on whether the amendment seeks to change a party or add a new party. If it does seek to add a new party, the plain language of Rule 15.03 requires notice, among other things. If it does not, then Hawk indicates that notice is not a required element, although "notice may be a useful analytical tool." *Id*.

Both Lampo and Dave Ramsey were included in the original complaint in this matter, and were both represented by the same counsel. The same counsel who represents them in federal court now. The underlying facts that give rise to the cause of action under the Tennessee Human Rights Act against Lampo are the same facts which give rise to Plaintiffs claim under the Tennessee Human Rights Act against Ramsey. Defendants retaliated against Plaintiff for exercising COVID-19 precautions in an effort to conform to Plaintiff's personal religious beliefs. Defendant Ramsey

---

[2] Plaintiff has provided a copy of this case as Exhibit A.

found that this conduct clashed with Ramsey's personal directives, and as a result conspired with Defendant Lampo to retaliate against and fired Plaintiff. In short, Plaintiff was retaliated against by Defendants for opposing a practice declared discriminatory under the THRA.

**Plaintiff Makes a Valid Claim Against Defendant Ramsey Under the THRA for 12(b)(6) Purposes**

Defendant argues that the language added about personal liability in 2014 completely removes any individual liability for violations of the THRA. However, Sixth Circuit Courts have still recognized individual liability for aiding and abetting THRA violations. *Robinson v. Wilson Cty. Sch.*, No. 3:19-CV-01092, 2020 WL 12932419, at *3 (M.D. Tenn. Jan. 10, 2020) (finding THRA violations "broader than Title VII in at least one respect: An individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination may be held individually liable for violating the THRA") (See Also *Walton v. Interstate Warehousing, Inc.*, No. 3:17-CV-1324, 2020 WL 1640440, at *5 (M.D. Tenn. Apr. 2, 2020) ("the court found that the THRA is broader than Title VII because it (1) applies to entities employing fewer employees than required by Title VII, and (2) extends liability to persons who "[a]id, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter.")[3]

The Tennessee Human Rights Act states:

> a) It is a discriminatory practice for a person or for two (2) or more persons to:
>
> (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; TN ST § 4-21-301.

---

[3] Plaintiff has provided a copy of this case as Exhibit B.

Further, The Tennessee Human Rights Act states:

> No individual employee or agent of an employer shall be liable for any violation of part 4 of this chapter that any employer shall be found to have committed. TN ST § 4-21-301.

In this matter, Plaintiff has not alleged Ramsey is an employee of Defendant Lampo. Plaintiff has not alleged Ramsey was acting as an agent of Lampo. Plaintiff alleges Ramsey and Lampo, two persons, retaliated against Plaintiff for exercising his religious rights.

FRCP 12(d) states as follows:

> Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Defendant presents its motion apparently alleging that Ramsey is an employee of Lampo, however this fact does not appear in Plaintiff's Complaint. Their Motion to Dismiss should be treated as a Motion for Summary Judgment. Fed. R. Civ. Pro. 56.

Middle District Local Rule 56.01(b) states:

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact must be set forth in a separate, numbered paragraph. Each fact must be supported by specific citation to the record. After each paragraph, the word "response" must be inserted and a blank space provided that is reasonably calculated to allow the non-moving party sufficient space to respond to the assertion that the fact is undisputed. A copy of the statement of undisputed material facts must also be provided to opposing counsel in an editable electronic format. The requirement that a statement of undisputed material facts in the described format must accompany any motion for summary judgment applies to pro separties. Pro se parties are

excused from providing a copy of the statement of undisputed material facts to opposing counsel in an editable electronic format.

Defendant has not provided a statement of undisputed facts as required by this rule. As such, their motion should be dismissed. In the alternative, no discovery has been completed in this matter, and Plaintiff would request the court pursuant to FRCP 56(d) defer considering the motion until discovery is closed.[4]

## II. Count IV- Fraud

**Mr. Ramsey's Fraudulent Statement**

Defendant Ramsey has said on both his radio show and other media outlets countless times: "Defendants had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management.". When Plaintiff was interviewing for his position, he specifically asked about this statement and was assured it was true. (Plaintiff's First Amended Complaint at ¶ 46-47). Plaintiff relied on this statement when he took the job. He suffered damages because of his reliance when he was terminated on July 31, 2020. (Plaintiff's First Amended Complaint at ¶ 356-360). Taking all these statements as true and all inferences taken in favor of the Plaintiff; this claim should not be dismissed.

**Plaintiff's Claim is Adequately Plead**

In Plaintiff's First Amended Complaint, Plaintiff sufficiently meets the pleading standard for fraud. "Whether a state-law claim sounds in fraud, and so triggers Rule 9(b)'s heightened standard, is a matter of substantive state law, on which we must defer to the state courts." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Erie R.R. v.*

---

[4] See Exhibit C, Affidavit of Jonathan Street

*Tompkins,* 304 U.S. 64, 78 (1938); *Rutherford v. Columbia Gas,* 575 F.3d 616, 621 (6th Cir. 2009)). Fraud is sufficiently plead when the Plaintiff makes clear which Defendant spoke the fraudulent utterances and the contents of those utterances. *PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 549 (Tenn. Ct. App. 2012).

In Plaintiff's First Amended Complaint, Plaintiff alleges that Defendant Ramsey stated that Lampo had been voted "best place to work" through employee polls that lacked intervention from management. (Plaintiff's First Amended Complaint at ¶ 47). The allegation sufficiently identifies the speaker, the statement in reference, and ties the statement to the time at which the Plaintiff applied for employment. Throughout the Complaint, Plaintiff continues to specify instances in which he heard and relied on this statement. (*Id.* at ¶ 49-50, ¶ 325). Plaintiff's First Amended Complaint includes reference to the specific time in which he heard the statements and began formulating reliance around them—when Ramsey began pursuing employment with him. This finite period of time is sufficient to satisfy the heightened pleading standard for fraud.

**Defendant Ramsey's Statement is Sufficiently Material to be Actionable**

Defendant Ramsey's Statement, as plead in Plaintiff's First Amended Complaint, is material enough to be actionable. A fact is material if "(a) a reasonable [person] would attach importance to its existence or nonexistence in determining his [or her] choice of action in the transaction in question; or (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his [or her] choice of action, although a reasonable [person] would not so regard it. *Patel v. Bayliff*, 121 S.W. 3d 347, 353 (Tenn. Ct. App. 2003) (quoting *Lowe v. Gulf Coast Dev., Inc.*, No. 01–A–019010CH00374, 1991 WL 220576, at *8 (Tenn. Ct. App. 1991))." *PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.,* 387 S.W. 3d 525, 550 (Tenn.

Ct. App. 2012) (*See also,* Homestead Grp., LLC v. Bank of Tennessee, 307 S.W.3d 746, 752 (Tenn. Ct. App. 2009).

Here, both (a) and (b) apply. After hearing Defendant Ramsey's statements alleged in Paragraph 47 of Plaintiff's First Amended Complaint, Plaintiff acted as a reasonable person in using statements made by the Chief Executive Officer of his prospective employer to make a determination about whether or not he would move across the country for a job. (Plaintiff's First Amended Complaint at ¶ 359). The law does not require that the material fact which Plaintiff relied on be the only material fact relied on, such is the case here. In accordance with other material considerations, Plaintiff reasonably relied on Defendant Ramsey's statement about the working conditions at Defendant Lampo, as well as Defendant Lampo's assurances on those statements, as a crucial decision-making point in accepting employment with Defendant Lampo.

Additionally, Defendant Ramsey knew that the recipient of the statements would be likely to regard the matter as important in decision-making, whether or not that person is reasonable. Defendant Ramsey has made a career of advising individuals about financial planning and decision-making through the use of widespread media including television, radio, and print media. As a result, Defendant Ramsey frequently makes statements to prospective employees or customers that he expects to influence their decision-making either to come work for him or to purchase his products and services. Defendant Ramsey certainly knew that his statements about Defendant Lampo's work environment would be relied on in decision-making.

**Plaintiff Reasonably Relied on Defendant Ramsey's Fraudulent Statement**

Plaintiff's reliance on Defendant Ramsey's fraudulent statement was reasonable. When determining whether a party reasonably relied on a fraudulent statement, factors considered include: (1) the party's sophistication; (2) whether there are longstanding business or personal

relationships between the parties; (3) the relative availability of the information; (4) whether a fiduciary relationship exists between the parties; (5) whether there was concealment of the fraud; (6) whether the party had an opportunity to discover the fraud; (7) which party initiated the transaction; and (8) the specificity of the statements. (internal citations omitted). *Boynton v. Headwaters, Inc.*, 737 F. Supp. 2d 925, 931 (W.D. Tenn. 2010). Plaintiff notes that the third, fifth, and seventh factors are particularly operative.

Defendant Ramsey consistently makes public statements about the working environment at Defendant Lampo, which allowed the Plaintiff to make a reasonable inquiry into the truth of the statements. Plaintiff's efforts included reading reports from Defendant Ramsey regarding the working conditions at Defendant Lampo and asking the individuals recruiting him about the truth of the Defendant Ramsey's fraudulent statements at issue in this lawsuit. (Plaintiff's First Amended Complaint at ¶ 49-50, ¶ 325). Despite these efforts, Plaintiff had no reason to believe

Defendant made a clear effort to conceal the truth of the fraudulent statements. Despite Plaintiff's efforts, Plaintiff was given no reason to believe Defendant Ramsey's statements were false and continued to believe them as a reasonable person would. (*See Id.* at ¶ 375). Despite Plaintiff's best efforts to investigate the truth of Defendants' statements and affirmations, each and every employee confirmed the lie, resulting in Plaintiff's reasonable reliance on the statements and affirmations.

Finally, Defendants initiated the employment relationship with the Plaintiff and relied on Defendant Ramsey's fraudulent statements. (*Id.* at ¶ 18). Plaintiff did not independently seek employment with Defendants and acted reasonably in relying on their repeated assurances that Defendant Lampo would be one of the "best places to work" as decided by employees independent of managerial interference. These statements and assurances by both Defendants

were intended to, and in fact did, induce Plaintiff to quit his high paying job and move to Tennessee.

In contrast, a party is not justified in relying on a statement when they have received conflicting information which might create doubt in the veracity of the statement. *Homestead Grp., LLC v. Bank of Tennessee*, 307 S.W.3d 746, 753 (Tenn. Ct. App. 2009). After hearing Defendant Ramsey's statements about the working conditions at Defendant Lampo, Plaintiff took efforts to either confirm or refute what he believed to be true and intended to rely on. During such efforts, Plaintiff inquired to employees of Defendant Lampo to confirm the statements, which they did, and further encouraged Plaintiff to rely on the statements. Plaintiff took sufficient steps to discover whether there would be any reason to doubt that Defendant Ramsey's statements were untrue. Through these efforts, Plaintiff found no reason to doubt the veracity of the statements and continued to reasonably rely on them, ultimately to his detriment.

**Plaintiff's Claim is not Time-Barred**

Plaintiff originally filed this lawsuit in the Williamson County Chancery Court on April 15, 2021 in order to preserve Plaintiff's statute of limitations. Once the EEOC issued the right to sue on their federal claims; Plaintiff voluntarily dismissed that lawsuit pursuant to Tennessee Rule of Civil Procedure 41.01 on August 24, 2021. Plaintiff filed the current action on December 13, 2021.

Pursuant to Tenn. R. Civ. P. 41.01 and the Tennessee "saving statute", Tenn. Code Ann § 28-1-105, Plaintiff has one year from the time of their voluntary dismissal to refile their lawsuit from the date of the voluntary dismissal. Plaintiff is not time barred from bringing up any claim from a previous complaint which was voluntarily dismissed. Tenn. R. Civ. P. 41.01. *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) ("The "saving statute" accords

unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action.").

Specifically, Plaintiff can file suit upon any fraud actions not time-barred at the filing of the initial action. *Id*. This savings statute has also been adopted as a substantive law recognized by suits that are moved from State to federal court. *Holden v. Cities Serv. Co.*, 514 F. Supp. 662, 664–65 (E.D. Tenn. 1980); *See also Eason v. Memphis Light, Gas & Water Div., a Div. of City of Memphis*, 866 S.W.2d 952, 954 (Tenn. Ct. App. 1993).

Under Tennessee law, the terms intentional misrepresentation, fraudulent misrepresentation, and fraud are synonymous, and the claim has the following elements: (1) defendant made a representation of an existing or past fact; (2) representation was false when made; (3) representation was in regard to a material fact; (4) false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) ***plaintiff suffered damage as a result of misrepresentation***. *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897 (W.D. Tenn. 2011), ***aff'd***, 559 F. App'x 508 (6th Cir. 2014) (emphasis added).

Defendants rely on T.C.A. 28-3-104 to argue Plaintiff's claims are barred by the statute of limitations. Plaintiff would argue the more proper statute of limitations would be contained in T.C.A. 28-3-105 as it is not a personal injury claim and should be a 3-year statute of limitations. Courts have treated economic loss by fraud or misrepresentation as an injury to personal property and therefore subject to a three-year statute of limitations under Tenn. Code Ann. § 28–3–105. *Evans v. Walgreen Co.,* 813 F. Supp. 2d 897, 934–935 (W.D. Tenn. 2011).

However even looking at language of the one year statute of limitations Defendant asks the court to rely on; Plaintiffs claims are not time barred: "Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action **accrued**:" T.C.A. 28-3-104 (emphasis added). Plaintiff did not suffer damages, a required element for any fraud claim, until he was terminated on July 31, 2020; as such his claims are not time barred. (Plaintiff's First Amended Complaint at ¶ 317-318).

**Conclusion**

For the reasons stated above, Defendants Motion should be denied.

Respectfully Submitted,

/s/ JONATHAN A. STREET
JONATHAN A. STREET, BPR No. 021712
G. BRANDON HALL, BPR No. 034027
CULLEN HAMELIN, BPR No. 037317
LAUREN IRWIN, BPR No. 038433
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing was sent via the Court's electronic case filing system to the following on this the 5th day of April 2022:

Leslie Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

                                                    /s/ Jonathan Street
                                                      Jonathan Street