UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| Defendants. | ) |

### REPLY BY DEFENDANT, DAVE RAMSEY

Defendant, Dave Ramsey, ("Defendant Ramsey") by and through the undersigned counsel and pursuant to the Court's Order dated March 25, 2022 (Doc. #34), files this Reply to Plaintiff's Response to Defendant Ramsey's Second Motion to Dismiss (Doc. #35).

There is no legitimate reason for Defendant Ramsey to be a party in this lawsuit. The more Plaintiff tries to justify the inclusion of Defendant Ramsey, the deeper the hole he digs.

**I.    THRA**

In the Amended Complaint (Doc. #21), Plaintiff asserts for the first time a THRA claim not only against his employer, The Lampo Group, LLC, ("Defendant Lampo") but also against Defendant Ramsey. No THRA claim was asserted against Defendant Ramsey in the state court proceeding, so it is clearly time-barred.

Even if Plaintiff's claims were timely, there is no basis for individual liability against Defendant Ramsey. Individual liability under the THRA—even for aiding and abetting violations—was categorically eliminated by the 2014 amendments. *See, e.g., Brown v. Shelby Cty. Bd. of Educ.,* 2016 U.S. App. LEXIS 23870 at * 20 (6th Cir. April

26, 2016)[1]; *Austin v. Alexander,* 439 F. Supp. 3d. 1019, 1024 FN3 (M.D. Tenn. 2020); *Bowles v. Heath Consultants, Inc.,* 2017 U.S. Dist. LEXIS 37554 at *4-12 (W.D. Tenn. March 16, 2017)[2]; *Strong v. HMA Fentress Cnty. Gen. Hosp., LLC*, 194 F. Supp. 3d 685, 688 FN1 (M.D. Tenn. 2016).

Nevertheless, Plaintiff counters with two cases from the Middle District of Tennessee.

First, Plaintiff cites *Robinson v. Wilson County Schools,* where the Court refused to dismiss an aiding and abetting claim against an individual defendant under the THRA. 2020 U.S. Dist. LEXIS 261751 at *6-7 (M.D. Tenn. Jan. 10, 2020).[3] However, this appears to be an errant decision, made in the context of an initial review of a *pro se* complaint. In *Robinson*, the Court relied on two cases that predated the 2014 amendments—*Thompson v. City of Memphis*, 86 Fed. Appx. 96 (6th Cir. 2004) and *Carr v. United Parcel Service*, 955 S.W.2d 832 (Tenn. 1997). A month later, the Court reached the exact opposite conclusion in *Austin v. Alexander*, dismissing THRA claims against an individual defendant based on the 2014 amendments. 439 F. Supp. 3d at 1024 FN3.

Second, Plaintiff cites the following excerpt from *Walton v. Interstate Warehousing, Inc.*, 2020 U.S. Dist. LEXIS 58132 at *11-12 (M.D. Tenn. Apr. 2, 2020)[4]:

> The court found that the THRA is broader than Title VII because it (1) applies to entities employing fewer employees than required by Title VII, and (2) extends liability to persons who "[a]id, abet, incite, compel or

---

[1] A copy of this unpublished case is attached as Exhibit 1.

[2] A copy of this unpublished case is attached as Exhibit 2.

[3] On response, Plaintiff attached the wrong case. *See* Doc. #35-2. A correct copy of this unpublished case is attached as Exhibit 3.

[4] A copy of this unpublished case is attached as Exhibit 4.

2

command a person to engage in any of the acts or practices declared discriminatory by this chapter."

(Doc. #35 at p. 4). This excerpt was referring to *Carr*, a 1997 pre-amendments case. And Plaintiff took it completely out of context. In fact, *Walton* notes that the Tennessee Supreme Court in *Carr* "rejected the plaintiff's expansive view of 'employer' liability under the THRA – i.e., that employees of an employer could be individually liability – because it 'agree[d] with the federal courts' analyses' rejecting the view and because 'the slight deviation of the THRA's definition of employer from Title VII's definition does not warrant an interpretation that would be inconsistent with Title VII." *Walton* at *5-6 (quoting *Carr* at 835).

For some inexplicable reason, Plaintiff argues that because Defendant Ramsey relied on the language of the THRA – *i.e.*, "no individual employee or agent of an employer shall be liable for any violation of [the THRA]…" – Defendant Ramsey is asserting facts not in the pleadings. As this bizarre argument goes, Plaintiff urges the Court to consider Defendant Ramsey's motion to dismiss as a motion for summary judgment because "Plaintiff has not alleged Ramsey is an employee of Defendant Lampo" and "Plaintiff has not alleged Ramsey was acting as an agent of Lampo." (Doc. #35 at p. 5). We have no idea what Plaintiff is talking about. In the Amended Complaint, Plaintiff alleges that Defendant Ramsey "is the President of Lampo Group, LLC" (Doc. #21 at ¶11) and "Defendant Ramsey through his actions as the leader of Lampo aided, abetted, incited, compelled or commanded Defendant Lampo to engage in the aforementioned illegal activities." (Id. at ¶355). Plaintiff refers to Defendant Ramsey as the "Chief Executive Officer of [Plaintiff's] prospective employer." (Doc. #35 at p. 8). Plaintiff cannot now claim that Defendant Ramsey is a separate employer when he

3

clearly alleges that Defendant Ramsey was acting in his capacity as an employee or other agent of Defendant Lampo.

## II. Fraud

Plaintiff put the finishing touch on Defendant Ramsey's motion to dismiss by killing his own fraud claim. The basis for Plaintiff's fraud claim is that Defendant Ramsey allegedly made a statement to the public at large (not to Plaintiff directly) that Ramsey had been voted the best place to work without interference from management. Plaintiff and Defendant Ramsey agree that an essential element of his fraud claim is that he must have suffered damage because of the misrepresentation. *See* Id. at p. 11. Apparently acknowledging that Plaintiff discovered this alleged fraud more than one year before filing his original lawsuit in state court, Plaintiff tries to keep his fraud claim from being time-barred. This attempt to save his claim operates as a dagger. The final sentence of Plaintiff's response brief says:

> Plaintiff did not suffer damages, a required element for any fraud claim, until he was terminated on July 31, 2020; as such his claims are not time barred.

(Id. at p. 12).

Defendant Ramsey's alleged statement did not cause Plaintiff to be terminated. At best, it caused him to move from California to Tennessee. But according to Plaintiff's own pleading, *Plaintiff suffered no damages until he was terminated from his employment.* Plaintiff *never* alleges that Defendant Ramsey's alleged statement made to the public at large had anything whatsoever to do with his termination from employment. The fraud claim is dead and should be dismissed.

### III. These Claims Should Be Dismissed

Despite repeated efforts, Plaintiff has not and indeed cannot state a viable claim against Defendant Ramsey. Plaintiff's claims against Defendant Ramsey should be dismissed, with prejudice, and he should be dismissed as a party to this case.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on April 12, 2022, I caused the foregoing, *Reply by Defendant Dave Ramsey,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*