EXHIBIT 3

 Neutral

As of: April 13, 2022 4:18 AM Z

# Robinson v. Wilson Cty. Sch.

United States District Court for the Middle District of Tennessee, Nashville Division

January 10, 2020, Decided

NO. 3:19-cv-01092

**Reporter**
2020 U.S. Dist. LEXIS 261751 *; 2020 WL 12932419

PHYLLIS ROBINSON, Plaintiff, v. WILSON COUNTY SCHOOLS, et al., Defendants.

**Subsequent History:** Summary judgment granted by, in part, Summary judgment denied by, in part Robinson v. Wilson Cty. Sch., 2021 U.S. Dist. LEXIS 158720, 2021 WL 3725979 (M.D. Tenn., Aug. 23, 2021)

## Core Terms

allegations, extension of time, retaliation, pro se, packet

**Counsel:** [*1] For Jerry Partlow, Transportation Director, Defendant: W. Carl Spining, Ortale Kelley Law Firm, Nashville, TN.

For Phyllis Robinson, Phyllis Robinson, Phyllis Robinson, Plaintiffs: Kyle Frederick Biesecker, BIESECKER DUTKANYCH & MACER LLC, Nashville, TN.

For Wilson County Schools, Defendant: Rachel Hogan, W. Carl Spining, Ortale Kelley Law Firm, Nashville, TN.

**Judges:** WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** WAVERLY D. CRENSHAW, JR.

## Opinion

### MEMORANDUM OPINION AND ORDER

Phyllis Robinson, a Tennessee resident, filed a *pro se* employment discrimination complaint against Wilson County Schools and Jerry Partlow (Doc. No. 1), an application to proceed in this Court without prepaying fees and costs (Doc. No. 2), and a "Motion for Extension of Time" (Doc. No. 3). Counsel has since entered a notice of appearance on Plaintiff's behalf. (Doc. No. 5.) The complaint is before the Court for an initial review.

### I. Application to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's *in forma pauperis* application (Doc. No. 2) reflects that she does not have sufficient financial resources to pay the full $400.00 filing fee, so the application [*2] will be granted.

### II. Motion for Extension of Time

In this *pro se* motion, Plaintiff requests an extension of time "to file an answer or otherwise plead" so that her anticipated counsel can "prepare for representation" and "prepare an initial pleading." (Doc. No. 3 at 2.) Plaintiff is now represented by counsel. (Doc. No. 5.) The Court notes that Plaintiff already initiated this action by filing a

complaint, and that it is the responsibility of a defendant, not a plaintiff, to file an answer or other initial responsive pleading. See Fed. R. Civ. P. 12(a)-(b). The *pro se* "Motion for Extension of Time" (Doc. No. 3) will therefore be denied, but without prejudice to counsel's ability to request a specific extension of time as necessary.

## III. Initial Review

The Court must review and dismiss any complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting [*3] Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). An assumption of truth does not extend to allegations consisting of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

### A. Factual Allegations

Plaintiff alleges that Wilson County Schools hired her to be a bus driver in July 2013. (Doc. No. 1 at 6.) Plaintiff, an African American woman (id. at 9-10), allegedly suffered harassment and retaliation during her employment before being wrongfully terminated (id. at 7).

### 1. Events During Employment

Jerry Partlow was the transportation director for Wilson County Schools during Plaintiff's employment. (Id. at 2.) Plaintiff alleges that Partlow "never approached [her] as a person with feelings," and always talked to her "in a condescending manner." (Id. at 8.) Plaintiff generally alleges that she "filed several complaints of discrimination against" Partlow. (Id. at 6.)

Without providing specific supporting allegations, Plaintiff alleges that she experienced "verbal and written" discrimination from Rebecca Owens, an agent or employee of Wilson County Schools. (Id. [*4] at 9.) Plaintiff also alleges that she reported discriminatory conduct to "management level personnel," including Don Weather, Mickey Hall, Bill Robinson, Wayne McNeese, and Donna Wright. (Id. at 9-10.) After complaining of Wilson County Schools' "discrimination employment practices," Plaintiff alleges, she was removed from her "normal bus route" and was no longer allowed to drive "the style of bus she was accustomed to." (Id. at 11-12.)

Plaintiff documented two examples of "discrimination/harassment." (Id. at 7.) First, on March 11, 2016, Defendant Partlow and another person called Plaintiff for a meeting because a school principal did not want Plaintiff to "drive his . . . route." (Id.) According to Partlow, the principal "felt that [P]laintiff was causing too many problems with the students as far as write ups and disciplinary issues on the bus." (Id.) Plaintiff was given the option of driving a different school's route, but Plaintiff rejected it and said she "would get back with them during Spring break" the coming week. (Id.) Later,

Plaintiff learned that Partlow and this principal "were friends," causing Plaintiff "so much stress" that she sought "medical attention for anxiety." [*5] (Id.)

Second, at a school on April 10, 2018, Partlow told Plaintiff, "[T]here's a new sheriff in town and []you people[] . . . will learn to follow the new procedures that will be put into force starting today." (Id.) Plaintiff took Partlow's use of the term "you people" to refer to black people. (Id.) Plaintiff asked Partlow why he "address[ed] her," among the seven or eight other white bus drivers present, "in an arrogant, inconsiderate tone." (Id.) Plaintiff then "walked away because she knew . . . Partlow was trying to provoke her into saying something derogatory." (Id. at 7-8.)

### 2. Termination of Employment

On May 11, 2018, a bus operated by a white driver struck a bus operated by Plaintiff, resulting in mirror damage to Plaintiff's bus. (Id. at 6.) On May 17, Partlow called Plaintiff to the office, suspended her without pay, and asked her to leave the premises. (Id.) On May 23, Plaintiff received a letter informing her that she was terminated effective immediately. (Id.) The other driver was not reprimanded, and there was no "investigation of the possibility that [he] was at fault." (Id.)

### 3. EEOC Proceedings

Attached to the complaint is an EEOC right-to-sue notice, dated September [*6] 12, 2019. (Doc. No. 1-1 at 1.) Plaintiff brought an EEOC charge against Wilson County Schools for retaliation and race-based discrimination (id. at 3), and the EEOC dismissed it (id. at 1).

### B. Discussion

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA"). (Doc. No. 1 at 9-12.) She checked boxes reflecting that the Defendants discriminated against her based on race and gender/sex, and that the "discriminatory conduct of which [she] complain[s]" includes termination of employment, unequal terms and conditions of employment, and retaliation. (Id. at 3.) The Court therefore construes the complaint to assert race-based discrimination claims under Title VII and the THRA,[1] a sex-based discrimination claim under Title VII, and a Title VII retaliation claim. Liberally construing the factual allegations and taking them as true, as required at this stage in the proceedings, the Court concludes that Plaintiff has stated claims against Wilson County Schools for discrimination under Title VII and the THRA, and for retaliation under Title VII.

As to Defendant Partlow, however, Plaintiff fails to state a claim under Title VII. "The law in this Circuit is clear that a supervisor [*7] who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII." *Little v. B.P. Expl. & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001)* (citing *Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 (6th Cir. 1997)*). Because Plaintiff has not alleged that Partlow qualifies as an employer under the Title VII, these claims will be dismissed.

The same is not true of Plaintiff's THRA claim. To be

---

[1] The Court recognizes that Plaintiff referred to these claims as being based on national origin in the "Relief" section of the complaint. (Doc. No. 1 at 9, 12.) But Plaintiff did not check the "national origin" box on the complaint form (id. at 3), and the record reflects that Plaintiff brought a race-based discrimination claim before the EEOC (Doc. No. 1-1 at 3). The Court, therefore, does not understand the complaint to assert national origin-based discrimination claims.

sure, "Tennessee courts have concluded that the legislature intended the THRA to be coextensive with federal law and . . . that they will look to federal case law interpreting Title VII for guidance in enforcing the THRA." *Thompson v. City of Memphis, 86 F. App'x 96, 103 (6th Cir. 2004)* (citing *Carr v. United Parcel Serv., 955 S.W.2d 832, 834 (Tenn. 1997)*). But "the THRA is broader than Title VII in at least one respect: An individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination may be held individually liable for violating the THRA." Id. (citing *Carr, 955 S.W.2d at 836*). At this early stage in the proceedings, the Court cannot determine whether Plaintiff's allegations against Partlow satisfy this standard. Accordingly, Plaintiff's THRA discrimination claim against Defendant Partlow will not be dismissed at this time.

### IV. Conclusion

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**, her *pro se* "Motion for Extension of Time" (Doc. [*8] No. 3) is **DENIED** without prejudice, and her Title VII claims against Defendant Partlow are **DISMISSED**.

The Court concludes that Plaintiff states a race-based THRA discrimination claim against Wilson County Schools and Jerry Partlow. As to just Wilson County Schools, Plaintiff also states Title VII claims for race-based discrimination, sex-based discrimination, and retaliation.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in *28 U.S.C. § 1915(e)(2)*, nor does it preclude the Defendants from filing a motion to dismiss any claim under *Federal Rule of Civil Procedure 12*.

Plaintiff is responsible for having the summons and complaint served. Because the Court granted Plaintiff's application to proceed *in forma pauperis*, the Court will direct the U.S. Marshals Service to serve the complaint on the Defendants at no cost to Plaintiff. *Fed. R. Civ. P. 4(c)(3)*. In order for the U.S. Marshals Service to serve the Defendants, however, Plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are often referred to as a "service packet."

The Clerk is [*9] **DIRECTED** to send Plaintiff two service packets (a blank summons and USM 285 form). Plaintiff **MUST** complete a service packet for each Defendant and return the completed service packet to the Clerk's Office within **21 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Plaintiff is warned that failure to complete service of process for a Defendant could result in dismissal of this action against that Defendant. *Fed. R. Civ. P. 4(m)*.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under *28 U.S.C. §§ 636(b)(1)(A)* and *(B)*, and to conduct further proceedings, if necessary, under *Rule 72(b) of the Federal Rules of Civil Procedure* and the Local Rules of Court.

IT IS SO ORDERED.

/s/ Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.

CHIEF UNITED STATES DISTRICT JUDGE

End of Document

Daniel Crowell