UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| | ) |
| Defendants. | ) |

## REPLY BY DEFENDANT, THE LAMPO GROUP, LLC

Defendant, The Lampo Group, LLC, ("Lampo") by and through the undersigned counsel and pursuant to the Court's Order dated March 25, 2022 (Doc. #34), files this Reply to Plaintiff's Response to Defendant Lampo's Second Motion to Dismiss (Doc. #37).

### I. TPPA

Plaintiff has failed to state a claim against Lampo under the TPPA. In the First Amended Complaint, Plaintiff asserted TPPA claims under opposition and participation theories. *See, e.g.,* Doc. #21 at ¶332. On response, Plaintiff appears to have abandoned his TPPA claim based on opposition as he focuses exclusively on participation.

Plaintiff's participation-based claim fails because he has still not alleged that Lampo engaged in any actual or reasonably perceived violations of law. On response, Plaintiff attempts an end-run by arguing that the TPPA's definition of "illegal activities" extends beyond violations of law. But Plaintiff's interpretation runs counter to the plain meaning of "illegal activities." It was also rejected by the Tennessee Court of Appeals in *Davis v. Vanderbilt University Medical Center,* which dismissed a TPPA claim based on violations of the 2015 OSHA workplace violence guidelines because they were "non-

mandatory guidance only." 2020 Tenn. App. LEXIS 349 at *8-9 (Tenn. Ct. App. Aug.5, 2020).[1]

Plaintiff also devotes two convoluted paragraphs to Governor Lee's Executive Orders No. 17 and 22 that fuse allegations from the First Amended Complaint with new allegations or at least characterizations added for the first time on response.[2] *See* Doc. #37 at PageID #1131.

Plaintiff claims that Executive Order No. 17 "directed employers to allow employees to work from home whenever possible", but the relevant section of that order—Section 4—is clearly just a work-from-home recommendation.

Likewise, Plaintiff claims that Executive Order No. 22 required non-essential employees to stay at home and only allowed essential businesses to operate. However, the relevant section of that order—Section 2—only closed non-essential businesses "for public use."[3] Executive Order No. 22 did not prohibit employees of non-essential businesses from reporting to work, as evidenced by the fact that Section 2 encouraged those non-essential businesses to do things like provide delivery, curbside delivery, online or telephone orders, etc. Clearly, Executive Order No. 22 allowed and indeed expected non-essential businesses to keep operating at least on an employee-only basis.

---

[1] Lampo has attached a copy of this unpublished case as Exhibit 1.

[2] Plaintiff claims that he attached Executive Orders No. 17 and 22 to the First Amended Complaint as Exhibits F and D, respectively, but that is not accurate. We have attached copies to this Reply as Exhibits 2 and 3, respectively.

[3] On response, Plaintiff argues that Lampo was a non-essential business for purposes of Executive Order No. 22. We do not believe that matters given the language in Section 2 of the order. Nevertheless, Plaintiff grossly mischaracterizes the scope of Essential Services described in Attachment A to Executive Order No. 22, which include, for example, all "Media" in Paragraph 10 and any kind of business operating with 10 or fewer persons in Paragraph 29.

Plaintiff's TPPA claims should be dismissed.

## II. Title VII & THRA

Plaintiff has also failed to state a claim for religious discrimination under Title VII or the THRA. Even after filing four different complaints and responding to two motions to dismiss, Plaintiff still has not articulated a sincerely held religious belief that prevented him from complying with Lampo's policies or explained how he was allegedly discriminated against by Lampo. In fact, by Plaintiff's own admission, he was not treated differently *because* of his religious belief. In the Amended Complaint, Plaintiff makes two allegations that completely negate his claims for religious discrimination:

1. Plaintiff returned to the office as *all employees were required to do* starting May 4, 2020; and
2. Lampo took adverse employment actions against *all employees who requested to work from home.*

(Doc. #21 at ¶¶ 253-254) (emphasis added). If *all* employees were treated the same, then religion was not a factor. Plaintiff did not make Lampo aware of any religious belief that prevented him from complying with company policy. Instead, Plaintiff alleges that his sincerely held religious beliefs were at "odds" with Lampo's Covid policies. By his own admission, Plaintiff was treated the same as all other similarly situated employees, regardless of his religious beliefs. Because there is no basis for a religious discrimination claim, Plaintiff's THRA and Title VII claims should also be dismissed.

## III. Fraud, Promissory Estoppel & T.C.A. §50-1-102

Plaintiff has also failed to state claims against Lampo for fraud, promissory estoppel, or violations of T.C.A. §50-1-102. The sections of Plaintiff's response devoted to those claims are largely incoherent and without citation to the First Amended

3

Complaint. The discernable issues raised by Plaintiff have already been adequately addressed in Lampo's Second Motion to Dismiss.

However, for the first time on response, Plaintiff perplexingly claims that all three claims first accrued upon the termination of his at-will employment with Lampo on July 31, 2020. (Doc. #37 at PageID # 1137 (fraud), 1143 (promissory estoppel), and 1145 (T.C.A. §50-1-102)). This is material for two reasons.

First, none of the alleged statements supporting Plaintiff's claims for fraud, promissory estoppel, or violations of T.C.A. §50-1-102 have anything to do with the termination of his employment with Lampo. Plaintiff has not alleged that Lampo made any statements regarding the at-will nature, duration, or termination of his employment. If Plaintiff did not incur any damages on account of Lampo's statements until he was terminated on July 31, 2020, then his fraud, promissory estoppel, and T.C.A. §50-1-102 claims necessarily do not exist.

Second, Plaintiff's insistence that he did not incur any damages until his at-will employment was terminated on July 31, 2020 just further emphasizes the fact that his fraud, promissory estoppel, and T.C.A. §50-1-102 claims are governed by the one-year statute of limitations provided for personal injury claims in T.C.A. §28-3-104 and, therefore, all time-barred under any circumstances.

Plaintiff's fraud, promissory estoppel, and T.C.A. §50-1-102 claims should also be dismissed.

4

Case 3:21-cv-00923   Document 39   Filed 04/13/22   Page 4 of 5 PageID #: 1411

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on April 13, 2022, I caused the foregoing, *Reply by Defendant, The Lampo Group, LLC,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*