UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) ) ) ) Case No. 3:21-cv-00923 |
| v. | ) ) Jury Demand |
| THE LAMPO GROUP, LLC, et al, | ) ) |
| Defendants. | ) |

**AGREED CONFIDENTIALITY ORDER[1]**

The parties have submitted this Agreed Confidentiality Order for the Court's review and consideration. After reviewing the parties' submission (Docket No. 40-1), the Court will adopt their Agreed Confidentiality Order, with certain modifications, and specifically ORDERS the following:

1. This Agreed Confidentiality Order ("Order") will govern information and documents designated by any party as "Confidential."

2. Any party may, upon good faith belief that the material meets the standard for a protective order under the Federal Rules of Civil Procedure, may designate any document as confidential pursuant to the procedures and requirements set out by this agreed order. A party's designation of material as Confidential shall not be construed as a determination by or binding on the Court for any purposes.

3. The party who designates information or documents as Confidential as follows:

    a. A document may be designated as Confidential by (i) affixing the term **CONFIDENTIAL** on the document

---

[1] The Court's modifications to the parties' agreed confidentiality order are delineated by striking through deleted language (if any) and underlining added language.

b. A tangible object, other than a document, may be designated as Confidential by affixing the term **CONFIDENTIAL** on the object

c. Portions of deposition testimony may be designated as Confidential by (i) identifying and designating the portion of the testimony on the record during the deposition or (ii) after receipt of the deposition transcript, providing a Confidentiality Log to the other parties that identifies and designates the testimony.

4. The parties will only use information and documents designated as Confidential for purposes of this case and any appeals therefrom. However, this Order does not restrict a party's use of information or documents that were in their lawful possession at the commencement of this case.

5. Information designated as Confidential may only be disclosed to the following:

    a. The parties;

    b. The parties' attorneys of record in this case and their staff;

    c. Outside consultants (including expert witnesses) engaged by a party, but only if they are first provided with a copy of this Order and agree in writing to be bound by it;

    d. Court reporters and their staff who are engaged to record, transfer, and/or store deposition transcripts and/or video depositions during this case and any appeals therefrom;

    e. Mediators selected by the parties to attempt to mediate this case and their staff;

    f. The Court and its staff;

    g. The Jury; and

    h. Anyone else with the written consent of the designating party.

6. ~~The~~ The parties will resolve any disagreements regarding the designation of information or documents as Confidential pursuant to the Court's procedures for discovery disputes. To facilitate resolution, if a party feels the document does not meet the standard for a protective order under the Federal Rules of Civil Procedure they may dispute marking the document as confidential by notifying the party seeking the confidentiality marking within 14 days of the designation. A party will act in good faith in claiming the document should not be marked as confidential. The party seeking the confidential marking bears the burden of showing it is entitled to such protection under the Federal Rules of Civil Procedure. A party shall treat a designated document or deposition testimony as Confidential and shall not file it with the court until 14 days after they inform the party seeking the designation that they disagree with the designation (grace period). If the party who seeks the Confidential designation ~~files with the court for a protective order~~ <u>seeks a judicial determination in accordance with the discovery dispute resolution procedures</u> within the grace period, the parties will treat the document as Confidential and will not file said document unsealed prior to the court's ruling. <u>Pending a determination by the Court, after the parties have complied with the discovery dispute resolution procedures, the material designated as Confidential shall be treated in accordance with the provisions of this Order.</u>

7. Any party who desires to file information or documents that have been designated as Confidential either by agreement of the parties under this order or by the Court will move the Court for leave to do so under seal <u>in accordance with Local Rule 5.03</u>.

8. This Order will remain in effect following the conclusion of this case. Within 45 days of the conclusion of this case and any appeals therefrom, each party will return or destroy all information and documents in their possession that have been designated by another party as

3

Confidential. However, the parties may retain any information and documents that were in their lawful possession at the commencement of this case.

9. <u>Nothing in this order, including a party's designation of material or information as Confidential, shall be construed as a determination by or binding on the Court for any purposes, including whether to restrict public access to such material or information if offered as part of the record in this case.</u>

**IT IS SO ORDERED.**

_____
**BARBARA D. HOLMES**
**United States Magistrate Judge**