IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS | ) | |
| | ) | |
| v. | ) | NO. 3:21-0923 |
| | ) | Richardson/Holmes |
| THE LAMPO GROUP, LLC | ) | |
| d/b/a Ramsey Solutions, and | ) | |
| DAVE RAMSEY | ) | |

**O R D E R**

Based on review of the record in this case, including the parties' separately filed case resolution status reports (Docket Nos. 46 and 47), the case resolution plan in the initial case management order is modified as follows:

The parties are ORDERED to participate in mediation pursuant to Local Rule 16.02(b)(1) Mediation must be completed by no later than **March 17, 2023**. A report of mediation, which shall constitute the parties' second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **March 21, 2023**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **January 13, 2023**, the parties must file a joint notice of mediation details, which confirms their selection and identity of a mediator and the date on which mediation is scheduled. If the parties are unable to agree on selection of a mediator, they must promptly, and by no later than **January 6, 2023**, file a joint motion for a status conference to discuss selection of a mediator.

Additionally, **by no later than 14 days** from the date of entry of this Order, Defendants must respond to Plaintiff's settlement demand with a counter-offer as previously ordered. (Docket No. 45.) The Court's order of September 19, 2022 expressly directed Defendants to respond to Plaintiff's settlement demand with a counter-offer. Despite this plain instruction, Defendants

apparently elected to respond with something less than a counter-offer. To be clear, the counter-offer must include specific settlement terms that do not include further litigation. Following Defendants' counter-offer and prior to mediation, the parties must continue efforts to resolve this case. Further, the parties must follow any instructions of the mediator.

While the Court cannot compel the parties to settle this litigation, the Court can, and certainly does, require that the parties act in good faith. The parties were previously cautioned that failure to follow the Court's instructions would have repercussions. (Docket No. 45 at 1-2.) Defendants are now put on notice that failure to comply with this or any further order of the Court will result in imposition of sanctions, including any of those authorized by Fed. R. Civ. P. 16(f).

All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge