UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, ) | |
| ) | Jury Demand |
| Defendants. ) | |

## DEFENDANTS' NOTICE OF COMPLIANCE

On November 30, 2022, the Court entered an order (Doc. No. 49) ("November Order") instructing Defendants to respond to Plaintiff's settlement demand with a counteroffer as previously ordered by the Court on September 19, 2022 (Doc. No. 45) ("September Order"). The November Order was prompted by Plaintiff's case resolution status report (Doc. No. 47) in which Plaintiff misrepresented the case resolution discussions between the parties. Defendants file this Notice of Compliance to (1) show the Court that they complied with the September Order and (2) to set the record straight.

The September Order required Plaintiff to make a settlement demand by October 3, 2022 and for Defendants to make a counteroffer by October 17, 2022. Plaintiff's counsel informed Defendants on October 3, 2022 that they were "finalizing a number" and would have a settlement demand by October 4, 2022. On October 6, 2022, Plaintiff made his initial settlement demand and told Defendants they could have an additional two (2) days to respond. Later, on October 6, 2022, Plaintiff told Defendants that they could have a "symmetrical allowance of time" to respond to the initial demand. Defendants responded to the initial demand on October 19, 2022 with a counteroffer

that would fully resolve the case.[1]

As required by the September Order, Defendants prepared a joint resolution status report that Plaintiff refused to sign because his counsel did not consider Defendants' counteroffer reasonable. In an attempt to comply with the September Order and get a joint resolution status report filed by October 31, 2022, Defendants drafted the report to simply state that they "responded" to the settlement demand in hopes that Plaintiff would agree to the language and sign the joint resolution status report. Plaintiff refused and filed his own status report on the day after the report was due with the Court. Defendants did not respond because they did not want to bother the Court with what Defendants considered a petty and unnecessary dispute. Defendants now realize that they should have responded to correct Plaintiff immediately.

While Defendants are bound by the Federal Rules of Evidence not to disclose the terms of the settlement discussions between the parties, Plaintiff's accusation that Defendants responded to Plaintiff's settlement demand with a threat of litigation is false. At no time in the settlement discussions did Defendants raise a counterclaim or threaten litigation. Instead, Defendants rejected the demand and responded with a counteroffer that was appropriate given the merits of Plaintiff's case and the amount of Plaintiff's settlement demand. If the Court would like to conduct an *in camera* review of the settlement communications between the parties, Defendants will be glad to submit them to the Court under seal.

---

[1] Defendants have not included details of the settlement discussions in this Notice of Compliance because settlement negotiations are confidential and inadmissible evidence pursuant to Rule 408 of the Federal Rules of Evidence. To show the Court that Defendants have acted in good faith, however, Defendants request a private status conference with the Court and the parties so that Defendant may provide to the Court details, including the amount of Plaintiff's initial demand and the terms of Defendants' counteroffer.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
BARTON PLLC
1033 Demonbreun Street
Suite 300
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on December 9, 2022, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*