IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No: 3:21-cv-00923 |
| | ] |
| THE LAMPO GROUP, LLC, d/b/a | ] Judge Richardson/Holmes |
| RAMSEY SOLUTIONS; and DAVE | ] |
| RAMSEY, | ] JURY DEMAND |
| | ] |
| Defendants. | ] |

### RESPONSE TO DEFENDANT'S "NOTICE" OF COMPLIANCE

Plaintiff responds to Defendants' "Notice" of Compliance herein.[1] Attached to this response is the actual correspondence between the parties regarding their attempt to comply with the court's order of September 19, 2022 (Doc. 45).

Defendants claim they filed their notice to "set the record straight" and "Plaintiff's accusation that Defendant responded to Plaintiff's initial settlement demand with litigation is false." In other words, Defendants have brazenly and falsely accused Plaintiff of lying in this matter and in doing so, have themselves presented several falsehoods to this Court.

On October 6, 2022, Plaintiff presented a settlement demand to Defendants in the amount of $800,000.00 which is in line with his damages expert report since provided to Defendants. On October 15, 2022 Defendants responded:

> "Lauren – Defendants reject your client's settlement demand of $800,000. We are willing to resolve this case for a walk-away and dismissal with prejudice. Defendants will not seek fees and costs as part of the settlement proposal."[2]

---

[1] Defendants refer to their filing as a "Notice" however in a footnote in the notice, they move the court to set "a private status conference with the Court and the parties so that Defendants may provide to the Court details, including the amount of Plaintiff's initial demand and the terms of Defendants' counteroffer".

[2] Exhibit A- emails between counsel, page 2.

Plaintiff questioned Defendants' response immediately stating:

> "This is your good faith response? Wanted to make sure before we filed report with the court."

Defendants responded:

> "Yes. We'll send a draft of the joint report tomorrow."[3]

Defendants then sent to Plaintiff a proposed Joint Resolution Status Report attached hereto as Exhibit B. The language stated in part:

> "The parties, by and through the undersigned counsel and pursuant to Initial Case Management Order (Doc. # 26) and the Court's Order entered on September 19, 2022 (Doc. #45), report to the Court that counsel for the parties have conferred about the potential for resolution in compliance with the Court's Order (Doc. #45). Plaintiff made a settlement demand to which Defendants responded."

The court's order of September 19, 2022 stated:

> "Accordingly, by no later than October 3, 2022, Plaintiff must make a settlement demand of Defendants, ***to which Defendants must respond with a counter-offer*** by no later than October 17, 2022. Thereafter, the parties and their counsel must participate in substantive settlement discussions.1 By no later than October 31, 2022, the parties must file a joint case resolution status report, which confirms their compliance with these instructions." (Doc 45 emphasis added)

Plaintiff sent to Defendants proposed changes to the Notice of Compliance. Plaintiff's proposed changes made the notice less misleading than what Defendants proposed.[4] Plaintiff stated in his proposed notice that Plaintiff had made a demand but Defendants have chosen not to make a counter-offer.

The parties then had the following e-mail exchange:

(Defendants) Jon - we made a counteroffer. We are going to seek fees and costs, particularly with respect to the individual defendant. We will forego that to settle this case. The original language I proposed is accurate. If you prefer, we can file 2 separate statements. Just let me know by 4:30. Thanks.

---

[3] Exhibit A- page 1
[4] Exhibit C

(Plaintiff) The language you used was not accurate in regard to Plaintiff's position on ADR. An offer of zero is not a counter-offer. Please don't file anything that makes any statement on our behalf without our approval. If you have alternative language you would suggest, we will look at it.[5]

(Defendants) "Jon – You are welcome to add Plaintiff's view of ADR. Our offer was meaningful. Costs alone in this case will be at least $30k (with experts), not to mention fees. We are willing to walk away from seeking fees and costs from your client….."[6][7]

(Plaintiff) What you sent seems a little misleading is all. Why doesn't your client just say they have no interest in settlement?[8]

(Defendants) I don't think our statement is misleading at all. "Plainiff made a settlement demand to which Defendants responded. The parties did not reach a resolution." That is exactly what happened. Because you dispute that our counteroffer was actually a counteroffer, I stated that Defendants "responded" instead of saying "Defendants made a counteroffer."[9]

Defendants could not have been more clear their response to Plaintiff's demand was Plaintiff could dismiss this lawsuit or be sued for costs and fees. Plaintiff stated that Defendants' offer was not in fact a counter-offer but a threat. Defendants were then unwilling to take any part of the Joint Resolution Status Report referring to their response as a "counter-offer".

Eventually, the court also agreed with Plaintiff that Defendants responded with something "less than a counter-offer."

Defendants in this matter have tried to bully Plaintiff from the beginning of this case. As evidenced through the e-mails, Defendants sent Plaintiff a lengthy proposed Rule 11 motion they intended on filing unless Plaintiff dismissed his case. Plaintiff ignored the baseless motion and of

---

[5] Exhibit D- emails between attorneys, page 6-7
[6] Exhibit D- emails between attorneys, page 5
[7] Defendants claim they never threatened to file a counter-claim or file a separate lawsuit against Plaintiff, Plaintiff never claimed they did. Despite this fact, Defendants filed their notice claiming Plaintiff has lied to the court. Apparently, Defendants' dispute is with the word "sue", perhaps Plaintiff should have stated Defendants "would not pursue money damages in court against Plaintiff individually" if he dismissed his lawsuit instead of the word "sue". To Plaintiff, it makes no difference. The threat of litigation against Plaintiff individually for money damages was indeed made by Defendant numerous times as the response to Plaintiff's demand.
[8] Exhibit D- emails between attorneys, page 2 (Plaintiff has included only the relevant portions from these emails but has attached them in their entirety given Defendants' false allegations that Plaintiff has lied to the court)
[9] Exhibit D- Page 1

course, Defendants never filed the inappropriate and dishonest motion. Discovery disputes in this matter are numerous on the part of Defendant. Despite this, Defendants responded to a court ordered settlement demand with a threat to sue Plaintiff for attorney fees and costs if he did not dismiss his lawsuit.

This is not the first time Defendants have made a *brutum fulmen* in this matter. They previously threatened unwarranted Rule 11 sanctions and when Plaintiff refused to be intimidated by this ridiculous posturing; they dropped the threat.

Combine all this with the numerous inappropriate statements by Defendants through their spokesperson to the media regarding this matter, it is clear Defendants are upset they are not simply able to bully their way through this lawsuit with no resistance.

Defendant Dave Ramsey said it himself:

"Ramsey said in an October episode that his criteria for hiring a lawyer to fight a lawsuit against him is, "All I want to know is 'Can you whip their butt? Are you mean and nasty? Will you absolutely, intellectually dominate the other side?"[10]

Defendants clearly feel they are above the rules and the orders of this court. They feel the proper way to handle oneself in litigation is to be as "mean and nasty" as possible in hopes to "dominate" the other side.

Plaintiffs do not object to the court setting a conference as Defendants requested should the court feel the need to do so. However, Plaintiff plans on complying with all the orders of the court instead of asking for a conference to explain why they chose not to do so.

---

[10] Exhibit E

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ JONATHAN A. STREET**
**JONATHAN A. STREET, BPR No. 021712**
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste 402
Nashville, TN 37203
(615) 850-0632

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing was served via the Court's electronic filing system this 13th day of December, 2022 to the following:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**BARTON PLLC**
1033 Demonbreun Street
Suite 300
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com

*Attorneys for Defendants*

/s/ Jonathan A. Street
Jonathan A. Street