# EXHIBIT A

| | |
|---|---|
| **Subject:** | RE: Recap of Discovery Dispute Meet & Confer on September 20, 2022 |
| **Date:** | Wednesday, October 19, 2022 at 4:33:09 PM Central Daylight Time |
| **From:** | Sanders, Leslie Goff (Nashville) |
| **To:** | Jonathan Street, Lauren Irwin |
| **CC:** | Crowell, Daniel (Nashville) |

**Attachments:** image001.png, image198486.png

Yes. We'll send a draft of the joint report tomorrow.



### Leslie Goff Sanders
Attorney at Law

**Jackson Lewis P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Direct: (615) 565-1665 | Main: (615) 565-1661 | Mobile: (270) 776-1721
Leslie.Sanders@jacksonlewis.com | www.jacksonlewis.com

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Wednesday, October 19, 2022 2:16 PM
**To:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Re: Recap of Discovery Dispute Meet & Confer on September 20, 2022

**[EXTERNAL SENDER]**

This is your good faith response? Wanted to make sure before we filed report with the court.


Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**From:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>
**Sent:** Wednesday, October 19, 2022 1:34:08 PM
**To:** Lauren Irwin <lauren@eclaw.com>; Jonathan Street <street@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** RE: Recap of Discovery Dispute Meet & Confer on September 20, 2022

Lauren – Defendants reject your client's settlement demand of $800,000. We are willing to resolve this case for a walk-away and dismissal with prejudice. Defendants will not seek fees and costs as part of the settlement proposal.



### Leslie Goff Sanders
Attorney at Law

**Jackson Lewis P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Direct: (615) 565-1665 | Main: (615) 565-1661 | Mobile: (270) 776-1721
Leslie.Sanders@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Lauren Irwin <lauren@eclaw.com>
**Sent:** Thursday, October 6, 2022 6:18 PM
**To:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>; Jonathan Street <street@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Re: Recap of Discovery Dispute Meet & Confer on September 20, 2022

**[EXTERNAL SENDER]**

**[EXTERNAL SENDER]**

A symmetrical allowance of time. Our initial demand is $800,00

**Lauren Irwin | Associate Attorney**
**Employment & Consumer Law Group**

1720 West End Ave., Ste 402,
Nashville, TN 37203
Ph: (615) 850-0632
Fax: (866) 578-6038

**From:** Lauren Irwin <lauren@eclaw.com>
**Sent:** Thursday, October 6, 2022 6:04:49 PM
**To:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>; Jonathan Street <street@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Re: Recap of Discovery Dispute Meet & Confer on September 20, 2022

Hi Leslie,

We're nailing things down. We're fine with a symmetrical allowance. Call me if anti opposition. My cell is  . Let me know.

**Lauren Irwin | Associate Attorney**
**Employment & Consumer Law Group**

1720 West End Ave., Ste 402,
Nashville, TN 37203
Ph: (615) 850-0632
Fax: (866) 578-6038

---

**From:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>
**Sent:** Thursday, October 6, 2022 4:09:34 PM
**To:** Jonathan Street <street@eclaw.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Re: Recap of Discovery Dispute Meet & Confer on September 20, 2022

I am out of the office this week. My assistant was working on schedule but had a death in the family. I will send a proposed schedule of deposition dates when I return to office next week.

As for discovery dispute, please send me the information we discussed. I will review when I return.

### Leslie Goff Sanders
Attorney at Law

**Jackson Lewis P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Direct: (615) 565-1665 | Main: (615) 565-1661 | Mobile: (270) 776-1721
Leslie.Sanders@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Thursday, October 6, 2022 3:55:27 PM
**To:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Re: Recap of Discovery Dispute Meet & Confer on September 20, 2022

[EXTERNAL SENDER]

Leslie-

What is going on with this?

Also, did you get dates for the witnesses we requested?

Thanks

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

---

**From:** Sanders, Leslie Goff (Nashville) <Leslie.Sanders@jacksonlewis.com>
**Sent:** Tuesday, September 20, 2022 9:16:34 PM
**To:** Jonathan Street <street@eclaw.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Crowell, Daniel (Nashville) <Daniel.Crowell@jacksonlewis.com>
**Subject:** Recap of Discovery Dispute Meet & Confer on September 20, 2022

Jon – during our meet and confer today, you asked me to send an e-mail with a recap of our discussion. We started with Plaintiff's responses to the discovery propounded by both Dave Ramsey and The Lampo Group. We sent you a letter dated August 21, 2022 pointing out the deficiencies in your responses. You responded by letter dated September 14, 2022 and e-mailed to me on September 15, 2022. We then discussed your separate letter dated September 14, 2022 and e-mailed to me on September 15, 2022 in which you took issues with some of Defendant Lampo's responses to your document requests. Below are my notes of the conference.

As an initial matter, I mentioned to you and Cullen in an earlier email that we never received the signed and verified versions of the responses. You indicated that Cullen is no longer with the firm but that you would address this. I forgot to raise this today. Please forward the signed, verified responses at your earliest convenience.

<u>Plaintiff's Response to Defendant Dave Ramsey's First Request for Admissions</u>

Plaintiff refused to answer Request Nos. 1, 2 and 3 claiming that he didn't have to answer requests being used for obtaining legal conclusions. You disagreed with our assessment that your objection was improper as

we explained in the August 21, 2022 letter. We did not resolve this. Thus, it will be an issue for the Court to decide.

Plaintiff's Response to Defendant Dave Ramsey's First Set of Interrogatories

Interrogatory 1 – Plaintiff identified 14 individuals with discoverable information but did not provide contact information. You indicated in your letter that they are employees of Ramsey. I informed you that some of them are not employees and we do not necessarily have the same contact information that Plaintiff has, even on the existing employees. You are going to check with your client and get the contact information to us. I will also check to see if any individuals on the list are still employed.

Interrogatories 4, 6, 7, 8, 9, 10, 11, 12 and 17 – These interrogatories ask Plaintiff for facts supporting specific allegations in the Amended Complaint. Plaintiff responded by referring to the entire Amended Complaint and the Response to the Motion to Dismiss. I pointed out that there are 380 allegations in the Amended Complaint and asked you to specify which allegations in the pleadings support the specific allegation asked about in each of the interrogatories. You agreed to review this and supplement.

Interrogatory 13 – You objected to our interrogatory but provided some response notwithstanding your objection. The interrogatory asked "when and how" Plaintiff discovered that the statement was not true. You agreed to discuss with your client to determine if he knows "when and how" and if he does not, you will respond that he does not know.

Interrogatory 14 – Plaintiff refused to provide information re: damages and agreed to supplement with any expert report. In your response letter, you cited *Schnatter v. 247 Grp., LLC* as authority for your position that you do not have to provide any damage information other than general categories of claimed damages. I assume you are referencing the prayer for relief in the Amended Complaint. I pointed out to you the interrogatory request at issue in *Schnatter* and explained that Interrogatory No. 12 in that case was similar to Interrogatory No. 14 in our case. In response to the interrogatory on damages, Schnatter provided 4.5 pages of damage description and facts but reserved lost opportunity costs for his expert economist. By contrast, Amos provided nothing in response to our interrogatory. You indicated that you were not going to supplement this response so we will address it with the Court.

Interrogatory 16 – Plaintiff refused to answer this interrogatory. We raised in the August 21, 2022 letter and again today in the telephone conference that Plaintiff made an allegation in Paragraph 326 that employees were terminated or disciplined for refusing to include only praise for Lampo and Ramsey in "best place to work" polls. As I mentioned today, Plaintiff verified the allegations in the amended complaint which means he must have known of multiple employees who were terminated or disciplined as described above. We want the identity of those employees and we are entitled to it. In your response letter, you indicated that you supplement when the information becomes available to you and your client. This is not sufficient because he must have known of some employees or he would not have sworn to that in the Amended Complaint. You are going to confer with your client and provide us with the employees he was referring to in Paragraph 326 of the Amended Complaint.

Plaintiff's Response to Defendant Dave Ramsey's Request for Production of Documents

In our August 22, 2022 letter, we questioned your objections to Request Nos. 2, 4, 8 and 10. In your response letter, you indicated that all documents in your possession responsive to our requests have been produced and/or identified. You reiterated today that you have provided all documents responsive to the requests. We resolved this issue.

Plaintiff's Response to Defendant The Lampo Group's Interrogatories

Interrogatory No. 2 – See the recap of Ramsey Interrogatory No. 1 above.

Interrogatory Nos. 4-11 – Plaintiff referred to the allegations in the Amended Complaint and the Response to the Motion to Dismiss as supportive of the specific allegations in the interrogatories. You indicated in your response letter and in the call that you would copy and paste all factual allegations in the Amended Complaint. I said that all 380 allegations were not supportive of each of the factual allegations referenced in each of the interrogatories. You said that is was more like 250 factual allegations. I said that was still too many and asked you to provide the specific allegations in the Amended Complaint and Response to Motion to Dismiss. You are going to get back to me with a response.

Interrogatory No. 12 – See the recap of Interrogatory No. 14 above

Interrogatory Nos. 13-14 – These interrogatories ask for facts related to mitigation of damages and Plaintiff's earnings immediately prior to working at Lampo. You did not answer the question with respect to earnings immediately prior to working at Lampo. You are going to get that information and send to me. I took issue with your reference to all documents produced by Plaintiff in response to an interrogatory about mitigation efforts was not responsive. You said that we should designate all documents that are responsive to each document request. I believe we resolved the issue by you contending that all documents were responsive to the mitigation interrogatory. We still need the information requested for each employer so that we can subpoena those records. Please provide.

Plaintiff's Response to Defendant The Lampo Group's Request for Production of Documents

See the recap of the discussion related to Ramsey's Request for Production of Documents. This is resolved because you represented that you have provided all documents in your possession that are responsive to the requests.

Defendant Lampo Group's Responses to Plaintiff's First Request for Production of Documents

Request No. 2 – You disagreed with our objection re: proportionality. I explained that I don't know how to formulate a search to capture any statement that any person has ever made regarding any of the 380 factual allegations in the lawsuit or defense. You did not agree to provide search terms or narrow the scope of this

request. Instead, you are going to arrange a meeting with me and your "computer guy" who you indicated would be better suited to formulate search terms. Please provide dates and times for the meeting at your earliest convenience.

Request Nos. 4-5 – I am going to confirm that the personnel file is the only file kept under Amos' name and that documents he was required to sign as a condition of his employment are in the personnel file. I will amend the response once I confirm this.

Request Nos. 6-7 – You confirmed that you want every single email/message that Brad Amos sent or received to anyone during his employment. I objected on the basis of proportionality. I provided you with the search terms that I used. I explained that it returned 11,000+ documents and that we reviewed all of them and produced every document related to Amos' employment. You disagree with our proportionality objection so you are going to raise this with the Court.

Requests No. 8 – You confirmed that you want every e-mail ever sent to or by Amos. This isn't proportional. We do not agree so you will raise this with the Court. We searched for training material and have provided everything that we believe exists.

Requests No. 9 – see our response to No. 6. I don't know if you believe this is sufficient but I think you continue to object. Thus, we didn't resolve this.

Requests No. 10 – I agreed to see if there are any documents he was required to sign during his employment that are not in the personnel file.

Requests No. 11 – I don't recall discussing this one.

You are going to try to get responses to me by Friday. I reserve the right to reconvene Plaintiff's deposition at a later date once we have discovery responses if necessary.

Thanks.



**Leslie Goff Sanders**
Attorney at Law

**Jackson Lewis P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Direct: (615) 565-1665 | Main: (615) 565-1661 | Mobile: (270) 776-1721
Leslie.Sanders@jacksonlewis.com | www.jacksonlewis.com