# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

BRAD AMOS,                              )
                                        )
    Plaintiff,                    )  Case No. 3:21-cv-00923
                                        )
v.                                      )  District Judge Richardson
                                        )
THE LAMPO GROUP, LLC, et al,            )  Magistrate Judge Holmes
                                        )
    Defendants.                   )

## DEFENDANT, DAVE RAMSEY'S, RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Dave Ramsey, ("Ramsey") by and through the undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits the following responses to Plaintiff's First Request for Production of Documents.

1. A copy of any document identified in Defendant's Initial disclosures.

   **RESPONSE: There are no responsive documents in Ramsey's possession, custody, or control.**

2. A copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto.

   **RESPONSE: Ramsey objects to this Request because it is not proportional to the needs of this case, seeks documents that are not relevant to this case, and seeks documents protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

   **Given the breadth of Plaintiff's factual allegations in the First Amended Complaint (Doc. #21), a request for any statement by any person regarding any of**

those allegations could encompass a multitude of documents that have little or nothing to do with the merits of this case.

Subject to and without waiving the foregoing objections, there are no non-privileged, responsive documents in Ramsey's personal possession, custody, or control regarding any of Plaintiff's claims in the First Amended Complaint.

3. All emails, messages, text messages or other correspondence between (1) Defendant and (2) any other party relating in any way to the Plaintiff. This includes all personal and business e-mail accounts or any messenger service used as well. This includes emails, messages, and correspondence you were included or copied on as well as those sent to/by you directly.

**RESPONSE: Ramsey objects to this Request because it seeks documents that are protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

Subject to and without waiving the foregoing objections, there are no non-privileged responsive documents in Ramsey's personal possession, custody, or control.

4. All emails, messages, text messages, or other correspondence in your possession relating in any way to the Plaintiff no matter who the parties. This includes all personal and business e-mail accounts or any messenger service used as well.

**RESPONSE: Ramsey objects to this Request because it seeks documents that are protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, there are no non-privileged responsive documents in Ramsey's personal possession, custody, or control.**

5. All emails, messages, text messages, or other correspondence between (1) Defendant and (2) any other party relating in any way to any charge/claims/lawsuits of discrimination, harassment, retaliation, whistleblowing, fraud made against Defendant or Lampo Group, LLC. This includes all personal and business e-mail accounts or any messenger service used as well.

   **RESPONSE: Ramsey objects to this Request because it is not proportional to the needs of this case, seeks documents that are not relevant to this case, and seeks documents protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

6. Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.

   **RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

7. A copy of any document which relates in any way to the termination of the Plaintiff.

   **RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

8. A copy of any document which relates in any way to the job performance of the Plaintiff.

   **RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

9. A copy of any statement made by any individual who has personal knowledge of discoverable matters or matters likely to lead to discoverable material.

**RESPONSE: Ramsey objects to this Request because it is not proportional to the needs of this case, seeks documents that are not relevant to this case, and seeks documents protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, there are no non-privileged, responsive documents in Ramsey's personal possession, custody, or control regarding any of Plaintiff's claims in the First Amended Complaint.**

10. All insurance policies and declaration pages which may provide liability coverage or defense coverage to Defendant in this case.

**RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

11. Produce all document(s) and things, including electronically stored information, evidencing or supporting Defendant's denial that he violated the Tennessee Human Rights Act or any other claim brought against him in this lawsuit. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

12. If not already provided, produce each and every document(s) and thing, including electronically stored information, that supports or contradicts any denial or defense asserted by Defendant, which has not been produced in response to the foregoing Requests

4

for Production. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

13. If not already provided, produce all documents and things, including electronically stored information, making reference to the decision to terminate Plaintiff. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: There are no responsive documents in Ramsey's personal possession, custody, or control.**

14. Copies of all documents and things, including but not limited to correspondence, complaints, grievances, reports, tape recordings, video recordings, statements and emails concerning incidents of discrimination, harassment, or retaliation by any current or former employee of Defendant Lampo Group for the years 2015 through 2022. This includes Plaintiff's claims as well.

**RESPONSE: Ramsey objects to this Request because it is not proportional to the needs of this case, seeks documents that are not relevant to this case, and seeks documents protected from disclosure by the spousal privilege, attorney-client privilege, and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, there are no non-privileged, responsive documents in Ramsey's personal possession, custody, or control regarding any of Plaintiff's claims in the First Amended Complaint.**

5

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on April 29, 2022, I caused a copy of the foregoing, *Defendant, Dave Ramsey's, Responses to Plaintiff's First Requests for Production of Documents,* to be sent via e-mail to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*

6