# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| | ) |
|     Defendants. | ) |

## DEFENDANT LAMPO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, The Lampo Group, LLC ("Lampo") provides the following responses to Plaintiff's Interrogatories.

## INTERROGATORIES

1. Please state the full name, home address, and job title of each and every person who provided information used in responding to any of the following interrogatories, and identify the particular discovery request each individual listed provided information for in responding to that request.

**RESPONSE:** Lampo objects to Interrogatory No. 1 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, Lara Johnson, Executive Director of Video at Lampo provided information responsive to Interrogatories 2, 4, 5 and 9, David DiCicco, Video Creative Director at Lampo, provided information responsive to Interrogatories 6 and 9 and Armando Lopez, Senior Executive Director of Human Resources, provided information responsive to Interrogatories 3, 8 and 10. All

communication with the individuals identified in response to this Interrogatory No. 1 should be directed to counsel for Lampo.

2. Identify each person, by name, address, and telephone number, who has knowledge of relevant facts relating to the subject matter of this litigation and state in detail the nature of each such person's knowledge. This request is broader than Defendant's initial disclosures as it requests names and information regardless of whether Defendant may use the individual to support its claims or defenses. A person has knowledge of relevant facts for purposes of this Interrogatory when he or she has or may have knowledge of any discoverable matter which relates to the facts of this case. The information need not be admissible in order to satisfy the requirements of this Interrogatory, and personal knowledge is not required of the individual identified.

**RESPONSE:** Lampo objects to Interrogatory No. 2 because it is not proportional to the needs of the case and seeks information protected by the attorney-client privilege. The Amended Complaint contains 380 separately numbered paragraphs spanning a wide range of topics. Lampo cannot reasonably be expected to know or identify every single person (regardless of affiliation with Lampo) who knows anything directly or indirectly about any of the allegations. Without waiving the objections, Lampo believes the following individuals, in addition to those identified in Lampo's Initial Disclosures, have direct material knowledge relevant to Plaintiff's claims in the Amended Complaint: David DiCicco, Video Creative Director at Lampo, is aware of Plaintiff's job performance, Armando Lopez, Senior Executive Director of Human Resources at Lampo, is aware of Lampo's COVID protocol, hiring procedures, Plaintiff's personnel file, and Lampo's designation as a "Best Place to Work," and J.B. Waggoneer, Associate Director of Post Production, was Brad Amos' direct leader during his employment. All communication with the individuals identified should be directed to counsel for Lampo.

3. Has Defendant ever been a party to or participated in any lawsuit, arbitration, judicial, or administrative proceeding other than this lawsuit in which allegations were made that Defendant violated Title VII of the Civil Rights Act of 1964 and/or the Tennessee Human Rights Act? If so, please identify each such case (i.e., describe the parties involved, their legal counsel, the date the proceedings were initiated and terminated, the nature of the claims involved, the court or administrative body to whom the case was submitted, and the style of the case). This request includes, but is not limited to, any investigation conducted by the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.

**RESPONSE:** Lampo objects to this Interrogatory No. 3 because it seeks information that is not relevant to any of Plaintiff's claims or Lampo's defenses and it is not proportional to the needs of the case. Without waiving this objection, Lampo has had no other litigation in the last three (3) years similar in nature to the lawsuit and EEOC Charge of Discrimination filed by Plaintiff. However, in the past three (3) years, the following Title VII and/or THRA claims related to Further, Lampo has been a respondent or defendant in the following claims that included a Title VII or THRA have been filed:

Caitln O'Connor v. The Lampo Group, LLC – U.S. District Court, Middle Tennessee and EEOC

Julie Anne Stamps v. The Lampo Group, LLC – U.S. District Court, Middle Tennessee and EEOC

Kristoffer Sketch – Tennessee Human Rights Commission

4. Please identify and describe all facts/information considered by Defendant in making the decision to terminate Plaintiff's employment on or around July 31, 2020. In responding to this interrogatory identify (a) the facts/information itself, (b) the individual(s) responsible for

providing those facts/information; (c) all documents evidencing or supporting any fact/information identified or were created as a result of these facts/information, and (d) the contact information of any person identified in this interrogatory. Pursuant to Rule 34, please provide a copy of any document identified.

**RESPONSE**: Lampo objects to this Interrogatory No. 4 as it is compound and seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving the objections, Luke LeFevre, Lara Johnson and Plaintiff met on July 31, 2020 to discuss Plaintiff's work performance, to work on a plan to improve his performance and to determine if Plaintiff was willing to improve his performance. Mr. LeFevre discussed areas where Plaintiff not performing well. Mr. LeFevre pointed out Plaintiff's attitude of trying to portray himself as better than his team members, his lack of interest in the job as evidenced by his missing deadlines and his failure to follow instructions. Plaintiff was dismissive of the feedback, argumentative and disrespectful of Mr. LeFevre. Mr. LeFevre offered Plaintiff $15,000 severance if Plaintiff was unwilling to work on these issues. Plaintiff laughed at the suggestion. Mr. LeFevre determined that Plaintiff was unwilling to or at the very least resistant to making any changes so Mr. LeFevre terminated his employment effective immediately.

5. Please identify all persons involved in making the decision to terminate suspend Plaintiff's employment and specifically their particular actions taken. Please refer to the instructions section of these interrogatories when responding to this interrogatory.

**REPONSE:** Lampo objects to this Interrogatory No. 5 to the extent it seeks information not relevant to this lawsuit. Specifically, Plaintiff's employment was terminated but it was not suspended. Without waiving this objection, Luke LeFevre made the decision to terminate Plaintiff's employment.

6. Please identify and describe all facts/information considered by Defendant in disciplining Plaintiff during any time in his employment. In responding to this interrogatory identify (a) the facts/information itself, (b) the individual(s) responsible for providing those facts/information; (c) all documents evidencing or supporting any fact/information identified or were created as a result of these facts/information, and (d) the contact information of any person identified in this interrogatory. Pursuant to Rule 34, please provide a copy of any document identified.

**RESPONSE:** Lampo objects to this Interrogatory No. 6 because it is vague. Without waiving this objection, Lampo states that Plaintiff was never formally disciplined until his termination. See the response to Interrogatory No. 4 for information related to the termination.

7. Please identify and describe all statements, including but not limited to correspondence, verbal statements or conversations, memoranda, voice mail messages, recordings and electronic communications, between Plaintiff and Defendant and/or any employee of Defendant regarding (1) Plaintiff's termination, (2) concerns about his job performance, or (3) concerns about his personal life including his relationship with his family. In doing so, identify the individual(s) who were present for the communications, the individual(s) making or initiating the communications, and the substance of any statements. If the statement was written (e-mail, correspondence, etc.), then please provide a copy pursuant to FRCP 34.

**RESPONSE:** Lampo objects to Interrogatory No. 7 because it is not proportional to the needs of the case. Lampo cannot reasonably be expected to recall or identify every discreet communication between Plaintiff and any employee of Lampo regarding Plaintiff's job performance or his personal life. Without waiving this objection, in response to Plaintiff's Request

for Production of Documents, Request No. 6, Lampo provided (a) all documents returned in the search that are relevant to Plaintiff's claims and (b) responses to these Interrogatories.

8. If Defendant has written policies, including operating procedures, prohibiting discrimination or harassment in the workplace (including but not limited to religious-based harassment or discrimination), identify the effective date of the policy, each individual by name and job title responsible for formulating the policy, each individual by name and job title responsible for enforcing the policy, the consequences for violating the policy, the manner in which employees are informed of the policy, the person to whom a complaint of discrimination or harassment should be made, and the form a complaint of discrimination or harassment should take. Also, please provide a copy of any document reflecting this policy or relating to the policy in any way pursuant to FRCP 34.

**RESPONSE:** Lampo objects to Interrogatory No. 8 because it is not relevant to any party's claim or defense, it is not proportional to the needs of the case, and it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff has alleged a religious discrimination claim. He has not alleged a harassment claim or any other type of discrimination claim. Without waiving this objection, Lampo directs Plaintiff to the Team Member Handbook (Bates No. 0098-0105) which was effective at all times during Plaintiff's employment and was maintained by Lampo's Human Resources Department.

9. Please identify all investigations regarding Plaintiff's by either Defendant whether formal or informal. This would include correspondence between either Defendant and/or their employees where the work performance of the Plaintiff was discussed. It would also include any investigation into claim of religious discrimination performed by Defendant, at the request of Defendant, or on behalf of the Defendant. This includes all steps taken in said investigation(s), any facts discovered as a result, any documents reviewed or created during the investigation(s), the content of those documents, the persons responsible for the documents' creation, the identity of

any persons interviewed and/or who provided information to the investigation(s) and what information they provided, all actions taken in said investigation(s), all persons involved, and any conclusion(s) reached or facts discovered as a result of the investigation(s). If you claim work product in any way to this response, please provide a privilege log pursuant in accordance with Instruction No. 12 above. Please provide any documents created as a result or relied on in any investigation pursuant to FRCP 34.

**RESPONSE:** Lampo objects to Interrogatory No. 9 because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, Lampo did not investigate any of Plaintiff's claim of religious discrimination until after Plaintiff filed the EEOC Charge of Discrimination. As for Plaintiff's work performance, Lampo does not consider any of the information or documents an "investigation." Without waiving the objection and in a good-faith attempt to respond to Interrogatory No. 9, David DiCicco first noticed some concerns with Plaintiff's performance on February 19, 2020 but he reset expectations with Plaintiff and instructed him on ways to improve efficiency in order to complete a project by March 6, 2020. On March 5, 2020, Mr. DiCicco learned that Plaintiff was not only nowhere close to completing the March 6th project, he had also not communicated truthfully, accurately or clearly with the rest of his team about his progress or lack thereof. Plaintiff continued a pattern of assuring Mr. DiCicco and others that he was on track with his progress when in reality he was far behind. Documents related to Plaintiff's performance issues were produced in response to Request No. 6 of Plaintiff's Request for Production of Documents to Lampo.

10. Identify all documents related to any training Defendant makes available to its employees to prevent workplace discrimination or retaliation and the identify of all persons responsible for implementing any said policy.

**RESPONSE:** Lampo objects to Interrogatory No. 10 on the basis that it seeks information protected by the attorney-client and/or attorney work product privilege. Without waiving this objection, Lampo has not identified any documents related to training made available to employees during Plaintiff's employment at Lampo.

11. For each affirmative defense raised in your answer:

    A. State the factual basis for your contention.

    B. Are you aware of any fact, observation, document, or evidence that either directly or indirectly supports your contention? If so, please describe each such item in detail, and for each item please provide the name, address and telephone number of each person who has possession or firsthand knowledge of the subject fact, observation, document, or item of evidence. Also, please state the manner in which you obtained the subject information.

**RESPONSE:** Not applicable.

12. If not already provided, identify all documents and things relating to Plaintiff and/or this lawsuit of which you and/or your attorney have obtained and/or currently possess. For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession. Please provide a copy of any non-privileged document or thing pursuant to Rule 34. Produce a log in accordance with Instruction No. 12 above for any claims of privilege.

**RESPONSE:** Lampo objects to this Interrogatory No. 12 because it requests information protected by the attorney-client privilege and/or the attorney work product doctrine and because it is not proportional to the needs of the case. Lampo cannot reasonably be expected to identify and produce every single document or thing that has anything to do with Plaintiff regardless of its relevance to this case. Without waiving these objections, Lampo refers Plaintiff to its response to

Request for Production of Documents No. 6. Every document related to Plaintiff's claims in this lawsuit that were found in the search have been produced.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
Fax: (615) 206-2244
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on September 23, 2022, I served a true and correct copy of the foregoing *Defendant Lampo's Responses to Plaintiff's First Set of Interrogatories* via electronic mail upon the following counsel of record:

Jonathan A. Street
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
1720 West End Avenue
Suite 402
Nashville, TN 37203
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*

4875-2610-6165, v. 1

## VERIFICATION OF ANSWERS TO INTERROGATORIES

STATE OF TENNESSEE ]
COUNTY OF Williamson ]

I, Armando Lopez, individually and on behalf of The Lampo Group certify that I have read the foregoing answers to the Interrogatories and make oath that they are true to the best of my information, knowledge, and belief.

Armando Lopez
**Print Name**

Sr. Exec Director, HR
**Title**

*[signature]*
**Signature**

Sworn to and subscribed before me the undersigned notary public this 23rd day of September, 2022.

_[signature]_
**NOTARY PUBLIC**

My Commission Expires: 1/25/26