IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No: 3:21-CV-00923 |
| | ] |
| THE LAMPO GROUP, LLC, d/b/a | ] JURY DEMAND |
| RAMSEY SOLUTIONS, | ] |
| | ] |
| DAVE RAMSEY, | ] |
| | ] |
| Defendants. | |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT LAMPO GROUP

Defendant, The Lampo Group, LLC ("Defendant" or "Lampo") responds to Plaintiff's Second Set of Requests for Production of Documents to Defendant Lampo Group as follows:

### REQUESTS FOR PRODUCTION

1. A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021.

   **RESPONSE:** **Objection. Request No. 1 seeks information that is neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant is not aware of any written transcripts.**

2. A copy of all videos, audio recordings, notes, and/or written transcripts from all meetings with Plaintiff during his employment.

> **RESPONSE**: Objection. Request No. 2 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.

3. A copy of all correspondence, notes, and/or statements regarding any meeting with Plaintiff during his employment.

> **RESPONSE:** Objection. Request No. 3 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.

4. A copy of all notes, statement, or other documents regarding Plaintiff.

> **RESPONSE:** Objection. Request No. 4 seeks information that is neither relevant nor proportional to the needs of the case and appears to seek information protected by the attorney-client privilege or the attorney work product doctrine. Without waiving this objection, Defendant states the following: Defendant produced all documents responsive to the discovery requests that were returned using the search terms identified in response to Request Number 6 of Plaintiff's First Request for Production of Documents; Defendant subsequently expanded the search described in response to Request Number 6 of Plaintiff's First Request for Production of Documents to extend the date to August 20, 2020 and produced all non-privileged responsive documents; and Defendant expanded the search for documents to include the following search terms at the request of Plaintiff's counsel by e-mail dated October 20, 2022, with Brad Amos as the custodian:
>
>> Zoom, devotional, "one on one", "one-on-one," deadline, "edit bay," "meeting link," "endorsed local provider," "ELP," Documentary,

**"weakness of spirit," "pray and keep moving forward," "pray away," humble, humility, "on-board," onboard*, "Ramsey Way," "safety protocols," "social distancing," "social distance," Quarantin*, "personal protective equipment," "PPE," "peer review," EEOC, grievance, N95, "eye shields," mask, wife, marriage, spouse, lawsuit, charge, discriminat*, harass*, complain*, retaliate*, Summit, Gaylord, Marriott**

**Without waiving the foregoing objection, Defendant will produce all non-privileged responsive documents as a result of the search described above.**

5. A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.

**RESPONSE: Objection. Request No. 5 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed during this entire period of time. Without waiving this objection, Defendant has no written transcripts in its possession.**

6. A copy of all videos Plaintiff worked on during his employment.

**RESPONSE; Objection. Request No. 6 is vague and seeks information that is neither relevant nor proportional to the needs of the case. Without waiving this objection, Defendant will produce a list of video projects that it reasonably believes Plaintiff worked on during his employment.**

7. A copy of any written policy of Defendant that prohibits or discourages employee gossip.

**RESPONSE: Defendant already produced all documents in its possession responsive to this request.**

8. A copy of any correspondence, reports, investigations, notes, and/or other documents regarding any employee's social media from 2019 through 2021.

> **RESPONSE: Objection. Request No. 8 seeks information that is neither relevant nor proportional to the needs of the case. Without waiving this objection and as Defendant reasonably interprets this Request, Defendant is not aware of any investigations or reports in its possession responsive to this request.**

9. A copy of any correspondence, reports, investigations, notes, and/or other documents from all spousal interviews with Plaintiff and Plaintiff's wife.

> **RESPONSE: Defendant has produced all documents in its possession responsive to this Request No. 9.**

10. A copy of all notes, materials, documents, and/or the like related to Bible studies lead by Defendant which Plaintiff attended.

> **RESPONSE: Defendant is not aware of any Bible studies that it conducted during Plaintiff's employment.**

11. A copy of all written disciplinary actions and/or written warnings given to Plaintiff.

> **RESPONSE: Defendant has produced all documents in its possession responsive to this Request No. 11.**

12. A copy of all meeting agendas for meetings Plaintiff attended or was expected to attend.

> **RESPONSE: Objection. Request No. 12 seeks documents that are neither relevant nor proportional to the needs of this case and it is vague. Without**

**waiving this objection and as Defendant reasonably interprets this Request, responsive documents in Defendant's possession have been produced.**

13. A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.

> **RESPONSE: Objection. Request No. 13 seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks information that is outside the dates of Plaintiff's employment. Without waiving this objection, Defendant will produce agendas in its possession for staff meetings during Plaintiff's employment. There are no agendas for devotionals.**

14. A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.

> **RESPONSE: Objection. Request No. 14 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant has conducted a reasonable search and produced all documents in its possession responsive to this Request No. 14.**

15. A copy of all communications between any employees of Defendant regarding Plaintiff's employment, personal life, spouse, and/or applications for employment from 2017 through 2021.

> **RESPONSE: Objection. Request No. 15 seeks documents that are neither relevant nor proportional to the needs of this case.**

16. A copy of all agendas for Devotionals conducted by Defendant from 2017 through 2021.

> **RESPONSE**: Objection. Request No. 16 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant does not have any agendas of Devotionals in its possession.

17. A copy of all videos of devotionals conducted by Defendant from 2017 through 2021.

> **RESPONSE:** Objection. Request No. 17 seeks documents that are neither relevant nor proportional to the needs of this case.

18. A copy of all communications between Defendant employees from 2019 through 2021 regarding Defendant being the "best place to work."

> **RESPONSE:** Objection. Request No. 18 seeks documents that are neither relevant nor proportional to the needs of this case.

19. A copy of all communications between Defendant and INC.

> **RESPONSE:** Objection. Request No. 19 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant will search for and produce emails, if any exist, between Defendant's employees responsible for communicating with INC Magazine from January 2019 through July 31, 2020.

20. A copy of all communications between Defendant and the company in Nashville who allegedly certified Lampo/Ramsey as a "best place to work." (Specific name of the company could not be identified during the 30(b)(6) deposition; but its existence was identified).

> **RESPONSE:** Objection. Request No. 20 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this

**objection, see the response to Request No. 19. The only vendor that reviewed the "best place to work" status in 2019 and 2020 was INC Magazine and its designated agent.**

21. A copy of all policies regarding, relating, and/or referring to employees of Defendant's spouses.

**RESPONSE: Objection. Request No. 21 seeks information that is neither relevant nor proportional to the needs of the case and it is vague. Without waiving this objection and as Defendant reasonably interprets this Request, no such documents exist.**

22. All documents and/or communications related to Plaintiff's mentorship of other employees of Defendant from 2019 through 2021.

**RESPONSE: Objection. Request No. 22 seeks information that is neither relevant nor proportional to the needs of the case and it is vague. Defendant is unaware of any mentorship involving Plaintiff and Plaintiff was not employed by Defendant in 2021. Without waiving this objection and as Defendant reasonably interprets this Request, Defendant is unaware of any documents responsive to this request that have not been produced.**

23. All documents and/or communications related to, or regarding, Defendant's polling of employees pursuant any Best Places to Work survey from 2019 through 2021. (Inc. or the Nashville company Defendant claimed existed in their 30(b)(6) deposition)

**RESPONSE: Objection. Request No. 23 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed by Defendant in 2021. Without waiving this objection and as Defendant**

**reasonably interprets this Request, Defendant has no responsive documents in its possession.**

24. A copy of all documents and/or communications referring or relating to video projects assigned to Plaintiff.

**RESPONSE: Objection. Request No. 24 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, see Defendant's response to Request No. 6.**

25. A copy of all documents and/or communications created for, or as a result of, any termination meeting with Plaintiff.

**RESPONSE: Objection. Request No. 25 seeks documents that are protected by the attorney-client privilege. Without waiving this objection, Defendant has produced all non-privileged documents responsive to this request. Upon information and belief, any privileged documents that were created "as a result of" the termination meeting with Plaintiff were authored after the date this controversy arose and are not required to be identified on a privilege log.**

26. A copy of all e-mails where Plaintiff is a recipient.

**RESPONSE: Objection. Request No. 26 seeks documents that are neither relevant nor proportional to the needs of this case.**

27. A copy of all e-mails regarding Plaintiff.

**RESPONSE: Objection. Request No. 27 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant refers Plaintiff to its response to Request No. 6 in**

**Defendant's Responses to Plaintiff's First Request for Production of Documents to Defendant Lampo Group and to Request No. 4 above.**

Respectfully Submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
BARTON PLLC
1033 Demonbreun Street
Suite 300
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on December 14, 2022, I sent the foregoing *Defendant's Response to Plaintiff's Second Request for Production of Documents* to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*