UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:21-cv-00923 |
| v. | ) |
| | ) Jury Demand |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

**JOINT DISCOVERY DISPUTE STATEMENT**
**RELATED TO DEPOSITION**

The parties, by and through the undersigned counsel and pursuant to the Initial Case

Management Order (Doc. # 26) and the Court's Order dated January 4, 2023 (Doc. #54), file this

Joint Discovery Dispute Statement detailing each party's position with respect to the deposition of

Defendant, Dave Ramsey.

**A. DEFENDANTS' – DEPOSITION OF DAVE RAMSEY**

**1. Defendants'[1] Position**

Plaintiff has noticed Ramsey for deposition on January 30, 2022. Ramsey is the CEO of

Lampo, a company with over 1,000 employees. As Plaintiff conceded in deposition testimony,

Ramsey had nothing to do with Plaintiff's hiring, firing, or employment at Lampo. Plaintiff's claims

against Ramsey individually are not only legally deficient as detailed in Ramsey's motion to

dismiss (Docs. #28-29), but they also lack a good faith basis in *any* facts.

In the Amended Complaint, Plaintiff has asserted two causes of action against Ramsey

---

[1] Both defendants in this case dispute the deposition of Defendant Ramsey. Defendant Lampo seeks
relief because if Plaintiff in this case can depose Lampo's CEO who had virtually no interaction
with Plaintiff nor any personal knowledge of Plaintiff's employment, then any company's CEO can
be deposed in every case involving an employee.

individually: (1) "aiding and abetting" religious discrimination in violation of the Tennessee Human Rights Act ("THRA"), a claim which no longer exists in Tennessee, and (2) a claim for fraud based on a single statement Ramsey allegedly made to the public on his radio show – "Lampo had been voted 'best place to work' for over 10 years in a row by their own employees without interference from management." (Doc. #21 at ℙℙ 348-366). Plaintiff has also alleged (without any factual basis whatsoever) that Ramsey, individually, was his employer separate from and in addition to Lampo. (Id. at ℙ12).

The parties completed briefing regarding Ramsey's motion to dismiss on April 13, 2022, and that motion awaits resolution by the Court. (Docs. #28-29, 35-36, 38).[2] Since then, Ramsey has answered written discovery from Plaintiff. Lampo has also answered written discovery from Plaintiff and deposed Plaintiff. Plaintiff has deposed Lampo's 30(b)(6) witness, and Plaintiff plans to depose additional employees of Lampo.

Discovery completed to date has not revealed *any* factual support for Plaintiff's claims against Ramsey individually:

1.      In Plaintiff's deposition, he testified to very limited interaction with Ramsey during his entire employment with Lampo, all of which was in a group setting. Plaintiff claims that he asked a question in a Q&A session with Lampo employees and Ramsey responded. One interaction was literally eye contact only. Plaintiff was present when Ramsey complimented Luke Lefevre (Plaintiff's *third-level* supervisor) on a video project that Plaintiff had supported. While complimenting Mr. Lefevre, Plaintiff claims that Ramsey's eyes rested on him for two seconds. The only other direct interaction Plaintiff claims to have had with Ramsey was a chance encounter in the kitchen at Lampo when Ramsey's granddaughter was born.

---

[2] Lampo also filed a motion to dismiss, which is pending before the Court. (Docs. #30-31, 37, 39).

2.      In response to Plaintiff's requests for production of documents, Lampo conducted an extensive search for and produced e-mails and other electronic communications related to Plaintiff, Plaintiff's personnel documents, and other documents related to Plaintiff's hiring and termination. Ramsey has not appeared in *any* of those documents because he had *nothing* to do with Plaintiff's employment with Lampo.

This is the factual backdrop against which Plaintiff has filed and doggedly maintained this case against Ramsey individually. A single statement that Ramsey made during his national radio show, answered questions at Lampo Q&A's, an extended glance, and zero documents.

Plaintiff does not have a good faith basis for seeking Ramsey's deposition at this stage, particularly in light of Ramsey's pending motion to dismiss and the fact that Plaintiff has not yet deposed *a single* Lampo employee except for Lampo's 30(b)(6) witness. Rule 26(c)(1) of the Federal Rules of Civil Procedure empowers the Court "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (applying the rule to a high-level executive and acknowledging that "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it"); *Fox v. Amazon.com, Inc.*, No. 3:16-cv-03013, Doc. #80 at PageID #832 (M.D. Tenn. September 21, 2017)[3] (holding "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant" (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Scales v. J.C. Bradford*, 925 F.2d 901, 906 (6th Cir. 1996)).

Defendants ask the Court for a protective order prohibiting the deposition of Dave Ramsey

---

[3] Defendants have attached a copy of this unpublished decision as Exhibit A.

unless and until Plaintiff can show good cause.

**Plaintiff's Response**

It is ludicrous to ask that Plaintiff be required to show "good cause" in order for the court NOT to enter a protective order. This assertion serves as more evidence that these Defendants simply do not think any law, rule, or order apply to them. Recently, Judge Frensley in the Middle District ordered Mr. Ramsey to provide a deposition as a witness in a Title VII claim not dissimilar to the one at issue. A copy of that decision is attached hereto as Plaintiff's Exhibit A.

Mr. Ramsey is both a party to this lawsuit and a relevant witness who should be deposed. Mr. Ramsey's control over the company includes the public branding of Mr. Ramsey's name on the front of the company, employees' expressed devotion to the policies and beliefs of Mr. Ramsey as a means of remaining employed, and the shear fact that the employee email domain does not belong to "Lampo.com" or "RamseySolutions.com," but instead "DaveRamsey.com." Mr. Ramsey has demonstrated that he wishes to be seen as the leader and commander of Lampo Solutions, he cannot then assert that he does not have control of the company. Lampo is more than a company at which Mr. Ramsey serves in a senior role, but rather an extension of his persona, as indicated by Lampo's extensive branding under his name. Even in this instant filing, both Defendant Lampo and Defendant Ramsey oppose Mr. Ramsey's deposition, further evidencing that Mr. Ramsey uses Lampo as an alter ego of himself, using the corporate entity as both a sword and a shield when it conveniences him. Mr. Ramsey's employees understand him to direct all operations and implement all policies. From the facts already revealed in the limited discovery Plaintiff has been able to complete thus far, it is clear that Dave Ramsey, a named Defendant in this lawsuit, is a relevant witness to facts as issue and should be deposes

Mr. Ramsey, as President and CEO of Defendant Lampo certainly has information related to

4

Defendant Lampo's company policies related to discrimination, compensation and benefits, and Defendant Lampo's practices as they relate to investigations of reports of discrimination and litigation holds. He also is the leader of the company which is based completely on Mr. Ramsey's version of Christianity with no room for employees who have views who differ from his.

Through Mr. Amos's deposition, the Plaintiff made clear that Mr. Ramsey made high level decisions that directed the behaviors of every employee. Particularly, Mr. Amos testified that, as a part of ongoing meetings throughout his employment, he was required to give his opinion of Dave Ramsey. (Dep. of Pl. at 205:11-15).

Further, Plaintiff and Defendant Lampo's 30(b)(6) witness, Armando Lopez, each testified to the impact Mr. Ramsey had on company culture as a whole, noting that all employees are required to read books written by Mr. Ramsey as a prerequisite to employment and attend classes based on these books. (See Pl.'s Dep. at 188-189; 194-195; Dep. of Armando Lopez at 23:14-26:6). Finally, Mr. Amos testified that during the COVID-19 pandemic, nearly all messaging about returning to work came directly from Dave Ramsey as the sole decision maker. (See Pl. Dep. at 217:25-218:23). This in addition to Mr. Ramsey's claim that employees would not be paid for their work during the pandemic.

The burden for discoverability is not a high one, and it is not Plaintiff's burden to show "good cause" in order to depose a relevant witness, who also happens to be a party to this lawsuit. It is instead Defendant's duty to establish that the deposition of Mr. Ramsey would run afoul of Fed. R. Civ. P. 26(c)(1)'s enumerated harms by a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.,* 699 F. 3d 884, 901 (6th Cir. 2012). Defendant has not done this. The Sixth Circuit has further clarifies that the mere fact that the deposition of a senior corporate officer would create a substantial burden is not

5

sufficient to enter a protective order. *Id.* (citing Conti v. Am. Axle & Mfg., Inc. 326 Fed. Appx. 900, 907 (6th Cir. 2009)). It is clear from the law that though a deposition may be inconvenient for Mr. Ramsey's schedule, that inconvenience is not nearly enough to warrant a protective order.

It is clear from the above testimony that Mr. Ramsey has a unique knowledge of facts central to Mr. Amos's claims and is the most qualified individual to testify to these facts and policies, which Plaintiff contends precipitated his termination. Defendant alleges that Plaintiff had only one instance of direct interaction with Mr. Ramsey during his employment. This is false. Plaintiff specifically testified to several instances in which Mr. Ramsey personally directed his work and personally interacted with him.[4] His testimony regarding Mr. Ramsey stating his employees would have to work without salaries during covid, threatening employees who refused to vote Ramsey as best place to work, and other personal encounters of Plaintiff with Mr. Ramsey are surprisingly absent from Defendants' statement. Defendants have once again sought to mislead the court with the aim of assisting Mr. Ramsey evade a lawful deposition. They simply do not feel the rules apply to them.

Plaintiff is not opposed to rescheduling Mr. Ramsey's deposition. In fact, Plaintiff would prefer to have all documents and other information concealed by Defendant in discovery produced before taking his deposition. So long as the court will agree to extend the scheduling order, Plaintiff does not oppose taking Mr. Ramsey's deposition at a slightly later date or even after some other depositions have been taken. It should also be noted, Plaintiffs did not simply "notice" Mr. Ramsey's deposition. Then issued the notice only after the parties agreed on an appropriate date.

For the foregoing reasons, Plaintiff asks that the court deny Defendant's request for a protective order in regard to the deposition of Defendant Dave Ramsey.

---

[4] Plaintiff will produce portions of this testimony subsequent to this filing on January 19, 2023

6

Respectfully submitted,

| | |
|---|---|
| */s/ Lauren Irwin* | */s/ Leslie Goff Sanders (with permission)* |
| Jonathan A. Street (TN #21712) | Leslie Goff Sanders (TN# 18973) |
| Lauren Irwin (TN #34833) | Daniel Crowell (TN #31485) |
| THE EMPLOYMENT LAW AND | Stephen Stovall (TN #37002) |
| CONSUMER GROUP | BARTON PLLC |
| 1720 West End Ave. Suite 402 | 611 Commerce St. Suite 2603 |
| Nashville, TN 37203 | Nashville, TN 37203 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that, on January 18, 2023, I caused the foregoing to be filed via the Court's

electronic filing system, which will automatically notify and send a copy of the filing to:

BARTON PLLC
Leslie Goff Sanders
Daniel Crowell
Stephen Stovall
611 Commerce St., Suite 2603
Nashville, TN 37203

*Attorneys for Defendants*

/s/ *Lauren Irwin*
Lauren Irwin

*Attorney for Plaintiff*

7