IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 3:20-cv-00628 |
| v. | ) Judge Richardson/Frensley<br>) Jury Demand<br>) |
| THE LAMPO GROUP,<br>    Defendant. | )<br>)<br>) |

## ORDER

Pending before the Court is a discovery dispute related to the Plaintiff's request to take the deposition of Dave Ramsey in this matter. Following the Court's most recent case management conference with the Parties to discuss their disputes, the Parties have each filed briefs outlining their positions (Docket Nos. 63 and 64) which the Court has reviewed. For the reasons set forth herein, Plaintiff's request to depose Dave Ramsey in this matter is **GRANTED**.

## BACKGROUND

This is an employment discrimination action related to the termination of the Plaintiff by Defendant in June of 2020, based upon the Plaintiff's alleged violation of Defendant's "Core Values" Righteous Living Policy. Docket No. 37. Mr. Ramsey is the Chief Executive Officer and Chairman of the executive committee of the Lampo Group, LLC ("Lampo"). Docket No. 64-4. As Chairman and CEO, Mr. Ramsey is responsible for "oversight and management of the Lampo enterprise." *Id.* Additionally, he has numerous events and obligations, many of which require extensive travel and/or preparation. *Id.*

Though discovery in this matter closed on October 1, 2021, (Docket No. 48) the Parties originally presented the issue of Mr. Ramsey's deposition during a case management conference

on July 7, 2021. At that time, the Court reserved the issue "pending completion of additionally scheduled depositions." Docket No. 44. The Parties continued their meet and confer efforts in an attempt to resolve the matter without further action by the Court but were unable to do so. On October 27, 2021, the Court held a case management conference to discuss Mr. Ramsey's deposition and other discovery matters still in dispute. Docket No. 62. The Court allowed the Parties the opportunity to provide further briefing on this matter. The Plaintiff filed a brief outlining her position that the Court should allow the deposition of Mr. Ramsey to proceed. Docket No. 63. Defendant filed a brief arguing that Mr. Ramsey's deposition is disproportionate to the needs of the case, would pose an undue burden on Mr. Ramsey and is sought only for the purposes of embarrassment and annoyance. Docket No. 64.

## LAW AND ANALYSIS

### A. Legal Standard

### 1. Generally

As a general proposition, disclosure of information of public concern should be encouraged. However, in specific civil litigation, countervailing interests of the parties such as the avoidance of undeserved commercial harm must be taken into account. See, Fed. R. Civ. P. 26(c)("the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden, or expense"). The need for disclosure is obviously greater when that disclosure is necessary to prosecute the case.

The scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26,

2

"[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305. That sentiment has continued through subsequent revisions to Rule 26 including the most recent ones.

The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules . . . [t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason, to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011, n.2, *quoting HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988).

### 2. Protective Orders

A motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" when justice requires. Fed. R. Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

### B. Dave Ramsey Deposition

Mr. Ramsey is not excused from sitting for a deposition simply because of his position as CEO and Chairman of the company or the fact that he has a busy schedule. However, Courts have consistently recognized that the deposition of high-ranking executives within a company may be premised on an improper motivation. However, such an improper motivation is not automatically assumed nor is it assumed that the burdens on a high-ranking official will shield them from participation in discovery. As with most discovery disputes the issue comes down to relevance, burdens, and proportionality.
4

Mr. Ramsey's role at Lampo is somewhat unique in that the company is an extension of his persona, beliefs and principles. Presumably, the "Core Values" of Lampo are the Core Values of Dave Ramsey. Presumably, Mr. Ramsey had an important role in developing those Core Values and principles and equally important role in assuring that they are implemented in a manner acceptable to him. As the Defendant notes, "[a]t issue in this discovery dispute is the application of the Righteous Living Core Value." Docket No. 64, p. 6.

The Defendant asserts that the deposition of Mr. Ramsey is unnecessary to understand the application of the Righteous Living Core Value to this case because the decisions related to violations of righteous living were made by the Defendant's Human Resource Committee ("HRC") and Operating Board whom the Defendant has made available for deposition. *Id.* Defendant further asserts that Plaintiff has deposed a witness under Fed. R. Civ. P. 30(b)(6) regarding Plaintiff's termination and the Plaintiff's supervisor at the time of her termination. *Id.* pp. 6-7. Defendant has also produced relevant documents. *Id.*

The Plaintiff argues that the deposition of Mr. Ramsey is appropriate based upon his unique knowledge relevant to this action. Docket No. 63. Specifically, Plaintiff contends that Mr. Ramsey was involved in employment decisions at his company for violations of its "Core Values" including the decision regarding Plaintiff's employment. *Id.* at pp. 1-2. Plaintiff notes two email communications between Mr. Ramsey and HRC members related specifically to the Plaintiff and the decisions regarding her continued employment. Plaintiff also asserts that "most of the comparators identified by Defendant include Mr. Ramsey's opinion on the subject that termination is mandatory due to its religious righteous living value." *Id.* at p. 2. In further support of her position, Plaintiff sets forth several examples of Mr. Ramsey communicating with the employment decision makers about various employees and the application of the company's core values. *Id.*

5

at pp. 2-3.

The burden of relevance for purposes of discovery is intentionally not a high one. In this case, the Plaintiff has met the burden that Mr. Ramsey possesses relevant information for the claims and defenses asserted in this litigation. Specifically, the Court expects that he would have knowledge about the development and purposes of the company's "core values" and specifically, The Righteous Living Principle. Likewise, it does not appear that Mr. Ramsey is a disinterested corporate executive with only minimal knowledge of employment decisions made by the company. Rather, it appears Mr. Ramsey was specifically involved before, during and after the decision to terminate Plaintiff's employment.

When a party seeks to depose a high-ranking corporate official, the court may – under certain circumstances – limit discovery. *In re Google Litig.*, 2011 WL 4985279 at *2 (N.D. Cal. Oct. 19, 2011). However, a court should permit the deposition of a corporate official when the official has unique first-hand knowledge that cannot be obtained through other means. *Id.* Even a CEO or president of a corporation is subject to being deposed if he or she has personal knowledge of relevant information. *Id.* Moreover, "a claimed lack of knowledge, by itself, is insufficient to preclude a deposition." *Id.*

Even when the "apex doctrine" is involved, the Sixth Circuit has held that a party seeking a protective order must still meet the requirements of Fed. R. Civ. P. 26(c)(1)(A). *Serrano v. Cintas Corp.*, 699 F. 3d 884, 901 (6th Cir. 2012). Therefore, the party seeking a protective order must establish one of Rule 26(c)(1)'s enumerated harms by a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* A corporate officer's bald assertion that being deposed will present a substantial burden is not sufficient to obtain a protective order. *Id.* (citing *Conti v. Am. Axle & Mfg., Inc.* 326 Fed. Appx. 900, 907 (6th Cir. 2009)). In *Conti*,

6

the Court stated that accepting a witness's bald assertion that being deposed would present a substantial burden "frustrates the purpose of discovery and runs counter to the Supreme Court's explicit instruction that discovery privileges be 'construed broadly.'" 326 Fed. Appx. at 907 (internal citation omitted). Finally, a corporate officer's position alone, nor his or her busy schedule provides a basis for avoiding a deposition. *In re Google Litig.*, 2011 WL 4985279 at *2 (permitting deposition of Google's CEO).

Without question Mr. Ramsey maintains a busy schedule. Certainly, preparing and sitting for a deposition will create a burden. However, the Court finds that the burden is not an undue burden given the relevance of Mr. Ramsey's testimony as previously found. The Court has considered the proportionality factors and finds that it is appropriate to allow Mr. Ramsey to be deposed in this case.

The Defendant requests alternatively that if the Court were to order Mr. Ramsey to sit for a deposition, the deposition should be designated as Attorneys' Eyes Only per the Confidentiality Order in this case excluding Plaintiff's presence at the deposition; that the deposition be limited in scope to Mr. Ramsey's knowledge of the Plaintiff's termination and potential comparators identified in discovery; and that it be limited to one (1) hour. Docket No. 64, p. 11. The Court will grant this request in part.

The scope of this deposition will be limited to questions regarding the creation and implementation of the Defendant's Righteous Living Core Values, the Plaintiff's termination and potential comparators. The fact that the Plaintiff has spoken with others including the media about her lawsuit is not prohibited or otherwise uncommon. Nor is it uncommon for parties to communicate directly with each other during litigation. The Court has previously recognized that some of the information disclosed in discovery may be sensitive to third parties and has previously

7

allowed the exclusion of the Plaintiff at certain depositions in order to facilitate the completion of the depositions without undue delay. However, having been brought this request prior to the deposition of Mr. Ramsey, the Court can fully examine the parties' concerns and does not believe that her exclusion from the deposition is warranted. The Parties may still designate portions of the deposition as confidential, and the Plaintiff is expected to comply with the Court's Protective Order. The Court trusts that the lawyers will advise their clients of what is appropriate conduct during a deposition and in the event one party or the other has concerns during the deposition, those can be addressed. Further, the Court will not limit the time for Mr. Ramsey's deposition beyond that set forth in Fed. R. Civ. P. 30(d)(1), in light of the previously discussed limitation on the scope of the questioning.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**