## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

### JOINT DISCOVERY DISPUTE STATEMENT- PLAINTIFF'S ISSUES

The parties, by and through the undersigned counsel and pursuant to the Initial Case

Management Order (Doc. # 26), file this Joint Discovery Dispute Statement detailing each party's

position with respect to the disputes raised in their Joint Motion for Resolution of Discovery

Dispute (Doc. #53).

### Plaintiff's Position

1. **DEFENDANT'S ABUSE OF PRIVILEGE CLAIMS AND IMPROPER OBJECTIONS.**

Plaintiff sent to Defendant Ramsey 14 Requests for Production. Defendant withheld

documents pursuant to either Work Product Privilege, Attorney Client Privilege, or Spousal

Privilege to 6 of these requests. Defendant claimed he did not have "personal possession" to 6 of

these requests. (addressed below) Defendant claimed he did not have "possession" to one response.[1]

Plaintiff sent Defendant Lampo 12 interrogatories. Lampo withheld information to 11 of the 12

interrogatories based on privilege or other objections which are not compliant with the Federal

Rules of Civil Procedure.

---

[1] See Plaintiff's Notice of Filing for each of these documents referenced

Plaintiff sent Defendant Lampo 50 request for production. Incredibly, Defendant Lampo withheld documents to an outstanding 40 of those requests based on improper objections or some sort of privilege. For several requests, Defendant promised to provide documents once an appropriate protective order was entered. A protective order was entered but Defendant still did not provide documents.

    a. Defendants' Abuse of Claims Of Privilege

Of the 14 Ramsey Requests for Production; Defendant withheld documents to 6 of those requests based on spousal privilege, work product privilege, and attorney client privilege. Of the 12 interrogatories sent to Lampo, Defendant withheld information in response to 7 of their responses based on attorney client privilege or work product.

Of the 50 Requests for Production sent to Lampo, Defendant withheld documents by claiming attorney client OR work product privilege and withheld documents in 17 of their responses.

Plaintiff has repeatedly requested Defendant provide a privilege log for any document withheld on any claimed privilege. Defendants have refused to do so on each occasion. This court has previously addressed this issue stating:

> A party withholding privileged documents or other communications on the basis of privilege has the burden of establishing the existence of a privilege that protects such information by doing two things: (1) "expressly" making a claim of privilege, and (2) describing the withheld documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Questions of privilege must be assessed under federal common law in federal questions cases, *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998), and courts are generally guided by federal common law in cases involving both federal and state law claims. *See Zamorano v. Wayne State Univ.*, No. 07-12943, 2008 WL 2067005, at *4 (E.D. Mich. May 15, 2008)

*Flexider USA Corp. v. Richmond,* No. 3:19-0764, 2021 WL 6496809, at *2 (M.D. Tenn. Mar. 8, 2021).

Defendants are under the misguided belief that their requirements under the rules are met by typing "privilege" to any discovery request then refusing to answer the request fully. This is not the case.

Further Defendant instructed the 30(b)(6) witness to refuse to answer certain questions because of "work product" without demonstrating the necessary requirements for the privilege to apply. The deposition issues are set out in more detail below.

Plaintiffs request Defendant be required to identify what information or documents are being withheld in privilege log "describing the withheld documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A), id. This is what this court has required of Defendants in the past and despite what these particular Defendants believe; they are not above the laws, rules, and orders every other party must follow.

     b.  Defendant Ramsey's Refusal to Provide Responses to Request for Production of Documents Regarding "Possession"

Defendant Ramsey has declined to produce responsive documents to Requests Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14 because Defendant Ramsey does not have the documents in his "personal possession, custody, or control." However, this is not the standard for discovery. The Sixth Circuit has held that "documents are deemed to be within the 'possession, custody, or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *St. Clair Cnty. Employees' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-CV-00988, 2022 WL 4095387, at *9 (M.D. Tenn. Sept. 7, 2022) (citing *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995)) (internal quotations omitted). Further, the Middle District has clarified that the concept of control is highly fact driven and extends beyond only a legal right, but a practical ability as well. *Id.* at *10. As the founder, CEO, and President of

the Lampo Group, LLC, any documents within the control of the Lampo Group are reasonably within Mr. Ramsey's control as well. Though Mr. Ramsey may not currently have personal possession, custody, or control of the requested documents, if he can obtain them through a legal demand of the individual or entity who does have actual possession, custody, or control he is required to produce them and should amend his Responses accordingly.

2. **DEFENDANTS' IMPROPER OBJECTIONS**

"A party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." Davis v. Am. Highwall Mining, LLC, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). Defendant in this matter has made nothing but boilerplate objections to almost every response without setting out what in particular makes the request objectionable. They also object to certain requests with objections that have no basis in the rules. These responses are set out in more detail below.

a. Specific Discovery Requests

i. Defendant Lampo Group's Responses to Plaintiff's First Request for Production of Documents

**Request No. 2: A copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto**.

**Defendant's Response: A copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto.**

Defendant has objected on the basis of proportionality and relevance in addition to attorney-client privilege and work product. Plaintiff has since provided Defendant with additional relevant search terms and has not received any documents in response. Defendant has also failed to produce a privilege log. The information sought is highly relevant and easily obtained by Defendant. There

4

is a protective order in place which would protect the disclosure of sensitive information. Defendants still refuse to provide responses to this request.

**Request No. 4:** **The complete contents of any other file maintained in Plaintiff's name by Defendant.**

**Defendant's Response: Objection. Request Number 4 is vague. Specifically, Defendant does not understand what Plaintiff means by the phrase "any other file maintained in Plaintiff's name." If Plaintiff will clarify, Defendant will revise its response and objection.**

Defendant objected to this request citing vagueness. Plaintiff has provided clarity, and Defendant has indicated that they would produce any such file kept in Plaintiff's name related to his employment. The information sought is highly relevant and easily obtained by Defendant. There is a protective order in place which would protect the disclosure of sensitive information. Defendants still refuse to provide responses to this request.

**Request No. 5:** **All documents or things signed or filled out by Plaintiff relating to the obtaining or holding of employment or any other matter.**

**Defendant's Response: Objection. Request Number 5 is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Specifically, the phrases "all documents or things" and "relating to … any other matter" are overbroad, vague, and ambiguous, as these phrases fail to describe what information Plaintiff seeks and improperly requires Defendant to guess Plaintiff's intended meaning. Without waiving this objection, Defendant upon information and belief produced documents related to Plaintiff's application of employment with its Initial Disclosures.**

Defendant objected to this request citing vagueness, relevance, and proportionality. Plaintiff has provided clarity, and Defendant has indicated that they would produce any such documents

5

related to Plaintiff's employment. The information sought is highly relevant and easily obtained by Defendant. There is a protective order in place which would protect the disclosure of sensitive information. Defendants still refuse to provide responses to this request.

**Request No. 6:** **All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.**

**Defendant's Response: Objection. Request Number 6 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant has searched its e-mail and Microsoft Teams messages using the following search parameters (collectively referred to as "Search Parameters"):**

**- June 2019 messages related to Brad Amos**

**- Messages from August 12, 2019 through July 31, 2020 between the following custodians containing the terms "Brad" or "Amos:" Lara Johnson, David DiCiccio and Luke LeFevre**

**- Messages from February 1, 2020 through July 31, 2020 with Plaintiff as the custodian that contain the terms "COVID" or "Corona."**

**Defendant will review these documents and produce any documents that are relevant and proportional to the needs of this case subject to a confidentiality order.**

Plaintiff disagrees that communications between Plaintiff and Defendant are disproportional to the needs of this case considering the importance of these communications as well as the relatively brief period of time Plaintiff was employed. There is a protective order in place which would allow for the production of these documents; there is no reason for Defendant to refuse to produce these documents other than playing a game of "hiding the ball". Defendant, by their own admission, also failed to review text messages.

6

**Request No. 7**: All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way. See definitions above.

**Defendant's Response: Objection. Request Number 7 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, see Defendant's response to Request No. 6.**

Plaintiff disagrees that communications between Plaintiff and Defendant are disproportional to the needs of this case considering the importance of these communications as well as the relatively brief period of time Plaintiff was employed. Further, the request is not vague. The objection is simply boilerplate.

**Requests No. 8:** Any and all documents, communications, and/or training material provided to Plaintiff during his employ by Defendant.

**Defendant's Response: Objection. Request Number 8 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving the objection, Defendant will produce any training material provided to Plaintiff by Defendant subject to a confidentiality order.**

Defendant confirmed to Plaintiff that only training materials have been produced. This is not a complete response. Plaintiff requests Defendant produce all responsive documents.

**Requests No. 9:** Any and all documents, communications, statements and/or recruiting material provided to Plaintiff at any time during the hiring process.

**Defendant's Response: Objection. Request Number 9 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant will produce responsive documents subject to a confidentiality order.**

Plaintiff disagrees that communications between Plaintiff and Defendant are disproportional to the needs of this case considering the importance of these communications as well as the relatively brief period of time Plaintiff was employed. There is a protective order in place which would allow for the production of these documents; there is no reason for Defendant to refuse to produce these documents

**Request No. 10: Any document required to be submitted by Plaintiff during the entirety of his employment.**

**Defendant's Response: Any document required to be submitted by Plaintiff during the entirety of his employment.**

The parties conferred, and Defendant has agreed to produce any documents signed by Plaintiff in the court of his employment which are not contained in his personnel file. The information sought is highly relevant and easily obtained by Defendant. There is a protective order in place which would protect the disclosure of sensitive information. Defendants still refuse to provide responses to this request.

**Request No. 11: Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.**

**Defendant's Response: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection and in addition to documents already produced, Defendant will produce non-privileged documents using the Search Parameters that are responsive to this request subject**

**to a confidentiality order.**

Defendant has not produced a privilege log as to this request despite Plaintiff's repeated request for one. The information sought is highly relevant and easily obtained by Defendant. There is a protective order in place which would protect the disclosure of sensitive information. Defendants still refuse to provide responses to this request.

### ii. Defendant Lampo's Responses to Second Set Of Requests For Production

**Request No. 1:** **A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021.**

**Defendant's Response: Objection. Request No. 1 seeks information that is neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant is not aware of any written transcripts.**

Defendant inappropriately objects to this request. The information sought is relevant to Plaintiff's claims and well within the scope of discovery. Further, Defendant's answer fails to respond to each item listed in the request as required under Fed. Rule of Civil Procedure 34(b)(2)(B).

**Request No. 2:** **A copy of all videos, audio recordings, notes, and/or written transcripts from all meetings with Plaintiff during his employment.**

**Defendant's Response: Objection. Request No. 2 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.**

Plaintiff clearly stated the definitions and instructions provided with Plaintiff's First Request For Production of Documents to Defendant Lampo Group shall apply to these requests as well.

9

Included in those instructions was the invitation for counsel to seek clarification to any request as needed.

To clarify, Plaintiff requests Defendant produce a copy of all videos, audio recordings, notes, and/or written transcripts from all meetings where the Plaintiff was present throughout the entirety of his employment. Please amend your response accordingly.

**Request No. 3: A copy of all correspondence, notes, and/or statements regarding any meeting with Plaintiff during his employment.**

**Defendant's Response: Objection. Request No. 3 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.**

Plaintiff's request is written using precise and common terminology. Plaintiff encourages Defendant to read and interpret the requests as stated and without deviation from the common understanding of the language used. As previously stated, counsel is invited to request clarification as needed.

**Request No.4: A copy of all notes, statement, or other documents regarding Plaintiff.**

**Defendant's Response: Objection. Request No. 4 seeks information that is neither relevant nor proportional to the needs of the case and appears to seek information protected by the attorney-client privilege or the attorney work product doctrine. Without waiving this objection, Defendant states the following: Defendant produced all documents responsive to the discovery requests that were returned using the search terms identified in response to Request Number 6 of Plaintiff's First Request for Production of Documents; Defendant subsequently expanded the search described in response to Request Number 6 of Plaintiff's First Request for Production of Documents to extend the date to August 20, 2020 and**

produced all non-privileged responsive documents; and Defendant expanded the search for documents to include the following search terms at the request of Plaintiff's counsel by e-mail dated October 20, 2022, with Brad Amos as the custodian:

Zoom, devotional, "one on one", "one-on-one," deadline, "edit bay," "meeting link," "endorsed local provider," "ELP," Documentary, "weakness of spirit," "pray and keep moving forward," "pray away," humble, humility, "on-board," onboard*, "Ramsey Way," "safety protocols," "social distancing," "social distance," "Quarantine," "personal protective equipment," "PPE," "peer review," EEOC, grievance, N95, "eye shields," mask, wife, marriage, spouse, lawsuit, charge, discriminate*, harass*, complain*, retaliate*, "Summit," "Gaylord," "Marriott."

Without waiving the foregoing objection, Defendant will produce all non-privileged responsive documents as a result of the search described above.

Defendant fails to respond to the request as written. To comply with Fed. Rule of Civil Procedure 34(b)(2)(B), Defendant must respond specifically to each item or category requested. Please amend your response accordingly. Plaintiff sent to Defendant a scope for all searches of e-mails. Defendant however without Plaintiff's input made changes to the search which would continue to hide relevant documents in this litigation- much like they did when they inexplicably used inappropriate dates for their searches.

**Request No. 5:** A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.

**Defendant's Response: Objection. Request No. 5 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed during this**

entire period of time. **Without waiving this objection, Defendant has no written transcripts in its possession.**

Defendant inappropriately objects to this request. The information sought is relevant to Plaintiff's claims and well within the scope of discovery. Further, Defendant's answer fails to respond to each item listed in the request as required under Fed. Rule of Civil Procedure 34(b)(2)(B). Please amend your response accordingly.

**Request No. 6: A copy of all videos Plaintiff worked on during his employment.**

**Defendant's Response: Objection. Request No. 6 is vague and seeks information that is neither relevant nor proportional to the needs of the case. Without waiving this objection, Defendant will produce a list of video projects that it reasonably believes Plaintiff worked on during his employment.**

This request is clearly relevant to Plaintiff's claims and should be answered as written. Defendant fails to provide sufficient support for their inability to comply under the rules.

**Request No. 8: A copy of any correspondence, reports, investigations, notes, and/or other documents regarding any employee's social media from 2019 through 2021.**

**Defendant's Response: Objection. Request No. 8 seeks information that is neither relevant nor proportional to the needs of the case. Without waiving this objection and as Defendant reasonably interprets this Request, Defendant is not aware of any investigations or reports in its possession responsive to this request.**

This request is clearly relevant to Plaintiff's claims and should be answered as written. Defendant fails to provide sufficient support for their inability to comply under the rules.

**Request No. 12: A copy of all meeting agendas for meetings Plaintiff attended or was expected to attend.**

12

**Defendant's Response: Objection. Request No. 12 seeks documents that are neither relevant nor proportional to the needs of this case and it is vague. Without waiving this objection and as Defendant reasonably interprets this Request, responsive documents in Defendant's possession have been produced.**

Defendant's response is vague and fails to answer the request as written. If the requested documents have been produced, then Defendant should identify those documents by bates stamp number.

**Request No. 13: A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.**

**Defendant's Response: Objection. Request No. 13 seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks information that is outside the dates of Plaintiff's employment. Without waiving this objection, Defendant will produce agendas in its possession for staff meetings during Plaintiff's employment. There are no agendas for devotionals.**

This request is clearly relevant to Plaintiff's claims and should be answered as written. Defendant fails to provide sufficient support for their inability to comply under the rules.

**Request No. 14: A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.**

**Defendant's Response: Objection. Request No. 14 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant has conducted a reasonable search and produced all documents in its possession responsive to this Request No. 14.**

Defendant's response is vague and fails to answer the request as written. If the requested documents have been produced, then Defendant should identify those documents by bate stamp number.

**Request No. 15: A copy of all communications between any employees of Defendant regarding Plaintiff's employment, personal life, spouse, and/or applications for employment from 2017 through 2021.**

**Defendant's Response: Objection. Request No. 15 seeks documents that are neither relevant nor proportional to the needs of this case.**

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). This request is clearly relevant to Plaintiff's claims and should be answered as written.

**Request No. 17: A copy of all videos of devotionals conducted by Defendant from 2017 through 2021.**

**Defendant's Response: Objection. Request No. 17 seeks documents that are neither relevant nor proportional to the needs of this case.**

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). This request is clearly relevant to Plaintiff's claims and should be answered as written. P

**Request No. 18: A copy of all communications between Defendant employees from 2019 through 2021 regarding Defendant being the "best place to work."**

**Defendant's Response: Objection. Request No. 18 seeks documents that are neither**

14

relevant nor proportional to the needs of this case.

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). This request is clearly relevant to Plaintiff's claims and should be answered as written.

**Request No. 19: A copy of all communications between Defendant and INC.**

**Defendant's Response: Objection. Request No. 19 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant will search for and produce emails, if any exist, between Defendant's employees responsible for communicating with INC Magazine from January 2019 through July 31, 2020.**

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC,* 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). Further, Defendants response is vague and fails to adequately respond to the request as written. This request is clearly relevant to Plaintiff's claims.

**Request No. 20: A copy of all communications between Defendant and the company in Nashville who allegedly certified Lampo/Ramsey as a "best place to work." (Specific name of the company could not be identified during the 30(b)(6) deposition; but its existence was identified).**

**Defendant's Response: Objection. Request No. 20 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, see the response to Request No. 19. The only vendor that reviewed the "best place to work" status in 2019 and 2020 was INC Magazine and its designated agent.**

Defendant may not arbitrarily object nor choose to limit production of documents within the scope of discovery. The request seeks relevant information and Defendant fails to provide adequate explanation for inability to comply with the rules.

**Request No. 21: A copy of all policies regarding, relating, and/or referring to employees of Defendant's spouses.**

**Defendant's Response: Objection. Request No. 21 seeks information that is neither relevant nor proportional to the needs of the case and it is vague. Without waiving this objection and as Defendant reasonably interprets this Request, no such documents exist.**

Defendant may not arbitrarily object nor choose to limit production of documents within the scope of discovery. The request seeks relevant information and Defendant fails to provide adequate explanation for inability to comply with the rules. Please amend your response accordingly.

**Request No. 23: All documents and/or communications related to, or regarding, Defendant's polling of employees pursuant any Best Places to Work survey from 2019 through 2021. (Inc. or the Nashville company Defendant claimed existed in their 30(b)(6) deposition)**

**Defendant's Response: Objection. Request No. 23 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed by Defendant in 2021. Without waiving this objection and as Defendant reasonably interprets this Request, Defendant has no responsive documents in its possession.**

Plaintiff's request is written using precise and common terminology. Plaintiff encourages Defendant to read and interpret the requests as stated and without deviation from the common understanding of the language used. As previously stated, counsel is invited to request clarification

16

as needed.

**Request No. 24: A copy of all documents and/or communications referring or relating to video projects assigned to Plaintiff.**

**Defendant's Response: Objection. Request No. 24 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, see Defendant's response to Request No. 6.**

This request is clearly relevant to Plaintiff's claims and should be answered as presented.

**Request No. 25: A copy of all documents and/or communications created for, or as a result of, any termination meeting with Plaintiff.**

**Defendant's Response: Objection. Request No. 25 seeks documents that are protected by the attorney-client privilege. Without waiving this objection, Defendant has produced all non-privileged documents responsive to this request. Upon information and belief, any privileged documents that were created "as a result of" the termination meeting with Plaintiff were authored after the date this controversy arose and are not required to be identified on a privilege log.**

This request does not seek any information protected by attorney-client privilege. Documents and/or communications created for, or as a result of, any meeting where the Plaintiff was present are clearly relevant to Plaintiff's claims. This request should be answered as written. Please amend your response accordingly. Any item withheld should be identified on a proper privilege log.

**Request No. 26: A copy of all e-mails where Plaintiff is a recipient.**

**Defendant's Response: Objection. Request No. 26 seeks documents that are neither relevant nor proportional to the needs of this case.**

17

Defendants stated objection is vague and fails to state with specificity their inability to comply with the request. This request is clearly relevant to Plaintiff's claims and should be answered as written.

**Request No. 27: A copy of all e-mails regarding Plaintiff.**

**Defendant's Response: Objection. Request No. 27 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant refers Plaintiff to its response to Request No. 6 in Defendant's Responses to Plaintiff's First Request for Production of Documents to Defendant Lampo Group and to Request No. 4 above.**

Defendants stated objection is vague and fails to state with specificity their inability to comply with the request. This request is clearly relevant to Plaintiff's claims and should be answered as written.

3. **DEPOSITION OF DEFENDANT'S 30(b)(6) REPRESENTATIVE**

Plaintiff attempted to conduct the deposition of Defendant's 30(b)(6) Representative on October 25, 2022. During this deposition, counsel for Defendants repeatedly objected and instructed her client not to answer questions due to work product and/or attorney-client privilege. Even with the instruction to the deponent from Plaintiff's counsel to not divulge any attorney-client communications, Defendants' counsel continued to instruct the deponent not to answer questions which related to the facts surrounding Defendants' decision to terminate Plaintiff, investigations into Plaintiff's performance, and the identity of witnesses interviewed in the course of the investigation of Plaintiff's claims on the basis of privilege and/or work product. It is clear law that attorney-client privilege "only protects the disclosure of communications; it does not protect

18

disclosure of underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 685–86, 66 L. Ed. 2d 584 (1981). Despite Plaintiff's counsel's repeated attempt to make this clear to Defendants' counsel, Defendants' counsel instructed the deponent to not answer any questions in which the answer contains a fact they had told their attorney or in house counsel at any time. This is in conflict with the Supreme Court's decision in *Upjohn* and has resulted in an incomplete deposition of Defendant's 30(b)(6) Representative. This issue will also need to be resolved before Plaintiff can reliably depose any further employees of Defendant in order to avoid a replica of this dispute.

Plaintiff specifically provides the following examples of Defendants improper objection or refusal to provide discoverable information:

1. The witness agreed to get Plaintiffs the names of the 6-10 people who did not return to Lampo after bringing up COVID concerns for whatever reason. Defendant has refused to provide these names. (Dep. Of A. Lopez at 191).

2. Plaintiff asked the witness what witnesses he spoke to when he was investigating the claims of the Plaintiff. Counsel for the Defendant instructed the witness not to respond on the basis of "work product". Defendants claim they have not "hidden any witnesses" yet still refused to allow the deponent to answer the question. (*Id.* At 194-197).

3. The Defendants took statements from the individuals whom he refused to provide the names of the people they took statements from and has refused to provide the statements themselves. If Defendants claim work product, then a privilege log as set out above must be provided. Defendants should identify any witness to this litigation immediately. (*Id.* At 198.)

19

4. According to the witness, there are people who dispute our client's claims yet they refuse to identify these individuals under a claim or work product. (*Id.* At 199).

5. The witness refused to state whether certain documents exist; not questions about their content- but whether they actually exist. This further demonstrates the need for a full privilege log in this matter. If these documents exist, then they need to be identified. If Defendants claim they are protected by work product- the court should be able to make that determination based on the privilege log Defendants should be required to provide. (*Id.* At 227-228).

6. The deponent stated there were emails between employees of the company regarding the Plaintiff. Employees of the company, not employees and attorneys- yet the deponent refused to answer questions about them on the basis of Attorney Client privilege. If the deponent meant work product, then these emails should be listed in a privilege log as requested. (*Id.* At 231).

7. The deponent was asked to bring certain documents pursuant to a subpoena duces tecum. Deponent brought no documents to his deposition. (*Id*. At 232; See also Ex. 1 to Dep. Of A. Lopez).

8. Plaintiff asked the 30(b)(6) witness how many people were considered essential employees and Defendant objected alleging it was outside the scope, despite this being a relevant inquiry into a time in which Plaintiff was employed by Defendant. (*Id*. At 152).

9. The 30(b)(6) witness referenced Defendant instructing employees to hold onto potential evidence via an email from general counsel. Plaintiff requested to see

the email and Defendant claimed it was privileged and that it could be discussed

at another time, where they would allow Plaintiff the opportunity to convince

them it was not privileged. (*Id.* At 147-148).

Plaintiff requests the deposition of the 30(b)(6) witness be reconvened and they be ordered to answer the questions presented. Defendant should also be required to produce the documents identified in this section as well (such as the litigation hold correspondence they claim was sent)

4. **REQUEST FOR DISCOVERY EXTENSION**

The parties have discussed the ongoing nature of discovery due to the aforementioned disputes, and have agreed that an extension will likely be necessary. However, the parties disagree as to the length of such an extension. Plaintiff hereby requests an extension of the discovery deadline up until April 30, 2023 in order to resolve all outstanding disputes and complete many outstanding depositions which were delayed based on these disputes.

<u>**Defendants' Position**</u>

Defendants have conducted extensive searches in a timely manner and have reviewed nearly 15,000 documents. Plaintiff is not content. Counsel for the parties have had multiple conferences and exchanged letters and emails related to both Plaintiff's and Defendants' discovery disputes. Defendants have only one dispute at this point – the deposition of Defendant Lampo's CEO, which, per the Court's Order dated January 4, 2023 (Doc. #54) is included in a joint discovery dispute statement filed contemporaneously with this Statement. Defendants address below Plaintiff's issues that appear to be outstanding.

*Document Production*

Plaintiff issued discovery requests, many of which were broad and unreasonable. For example:

21

- "All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant [Lampo]."[2]

- "All emails, messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way."[3]

- "A copy of all e-mails where Plaintiff is a recipient."[4]

- "A copy of all emails regarding Plaintiff."[5]

Plaintiff included no suggested search terms or custodians and in many cases, no date parameters.

Defendant Lampo objected to these requests and other similar requests because per FRCP 26(b)(1), they seek information that is neither relevant nor proportional to the needs of this case. Additionally, because the document requests contained either no or overly broad date ranges beyond Plaintiff's dates of employment, Defendant included an objection to the extent Plaintiff sought attorney-client information including investigations by outside counsel and litigation strategy documents between outside counsel and Defendant.

In a good faith effort to provide Plaintiff with documents within the scope of FRCP 26(b)(1), Defendant searched for documents using the following parameters as set forth in Defendant Lampo's Response to Plaintiff's First Request for Production of Documents, No. 6:

- Messages in June 2019 related to Brad Amos
   - Plaintiff was interviewing for his position in June 2019 so Defendant Lampo searched its entire Outlook system for messages referencing his name during this month.

---

[2] Plaintiff's First Request for Production of Documents to Defendant Lampo Group, Request No. 6
[3] Plaintiff's First Request for Production of Documents to Defendant Lampo Group, Request No. 7
[4] Plaintiff's Second Request for Production of Documents to Defendant Lampo Group, Request No. 26.
[5] Plaintiff's Second Request for Production of Documents to Defendant Lampo Group, Request No. 27

22

- Messages from August 12, 2019 (Plaintiff's date of hire) through July 31, 2020[6] (Plaintiff's termination date) containing the terms "Brad" or "Amos" between the following custodians: Lara Johnson, David DiCiccio and Luke LeFevre.

- Messages from February 1, 2020 through July 31, 2020 with Plaintiff as the custodian that contain the terms "COVID" or "Corona."

This search returned approximately 11,000 documents, all of which Defendant reviewed. The vast majority were not even related to Plaintiff or were meeting invitations on the Outlook calendar. Defendants produced all documents related to Plaintiff's employment or the claims in the lawsuit. No privileged documents were included in this batch of documents.

Plaintiff was not satisfied with the search and provided additional search terms formulated by Plaintiff's outside IT consultant. Defendant searched for documents using the terms provided by Plaintiff. Specifically, in response to Plaintiff's Second Request for Production of Documents, Request No 4, Defendant Lampo summarized the previous search and set forth the terms it has used in a second search:

4. **A copy of all notes, statement, or other documents regarding Plaintiff.**

   **RESPONSE: Objection. Request No. 4 seeks information that is neither relevant nor proportional to the needs of the case and appears to seek information protected by the attorney-client privilege or the attorney work product doctrine. Without waiving this objection, Defendant states the following: Defendant produced all documents responsive to the discovery requests that were returned**

---

[6] Defendant's initial search erroneously included documents up to July 31 but was not inclusive of July 31. Defendant's re-ran the search to include the July 31 date and, at Plaintiff's request, extended the search to include documents through August 20, the date on which counsel for Plaintiff sent a demand letter, a threat to sue and a litigation hold notice to Plaintiff.

**using the search terms identified in response to Request Number 6 of Plaintiff's First Request for Production of Documents; Defendant subsequently expanded the search described in response to Request Number 6 of Plaintiff's First Request for Production of Documents to extend the date to August 20, 2020 and produced all non-privileged responsive documents; and Defendant expanded the search for documents to include the following search terms at the request of Plaintiff's counsel by e-mail dated October 20, 2022, with Brad Amos as the custodian:**

> **Zoom, devotional, "one on one", "one-on-one," deadline, "edit bay," "meeting link," "endorsed local provider," "ELP," Documentary, "weakness of spirit," "pray and keep moving forward," "pray away," humble, humility, "on-board," onboard\*, "Ramsey Way," "safety protocols," "social distancing," "social distance," Quarantin\*, "personal protective equipment," "PPE," "peer review," EEOC, grievance, N95, "eye shields," mask, wife, marriage, spouse, lawsuit, charge, discriminat\*, harass\*, complain\*, retaliate\*, Summit, Gaylord, Marriott**

**Without waiving the foregoing objection, Defendant will produce all non-privileged responsive documents as a result of the search described above.**

Defendant Lampo reviewed the non-duplicative documents and produced the new documents that were generated as part of this search.

There are approximately 1000 employees at Defendant Lampo. Plaintiff's requests require Defendant to search all of the Outlook accounts of 1000 employees for anything related to "Brad." Defendant would also be required to review every email ever received or sent by Plaintiff. This is virtually impossible as it would result in at least a million documents. Defendant used an expansive list of search terms and reviewed nearly 15,000 documents to find documents related to Plaintiff's claims and Defendant has produced nearly 1800 documents. Defendant has conducted an exhaustive search and has produced every document related to Amos' employment. Defendant is at a loss to

24

understand why Plaintiff wants access to every employee's Outlook account or how this is remotely proportional, particularly given the extensive search and review Defendant has already conducted.

As of the filing of this Joint Discovery Statement, Defendant has produced all responsive documents it discovered in the extensive searches, all documents related to the hiring process related to Plaintiff, Plaintiff's personnel file, all meeting agendas for all-employee meetings, and documents related to Defendant being designated a "best place to work." Defendant will produce videos that Plaintiff worked on during his employment as soon as it can get them in a transferrable format which will likely be before the discovery conference with the Court on January 23, 2023. In short, Defendant has produced everything other than the disproportional requests described *supra*.

### *Privilege*

As noted above, many of Plaintiff's discovery requests have no date parameters and none of them exclude information protected by the attorney-client privilege or work product doctrine. For example, Plaintiff's First Request for Production of Documents to Defendant Lampo Group, Response No. 2 requests "[a] copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto." Obviously, this request as written seeks information defense counsel shared with their clients and even with other attorneys in their firm. An objection based on privilege is not only appropriate but it would be irresponsible not to include it. Had Plaintiff specified that he was not seeking information protected by the attorney-client privilege or work product doctrine, the objection would not be necessary.

Counsel for Defendant has told Plaintiff's counsel on multiple occasions that *no privileged information exists within the documents reviewed resulting from the searches described in response to the two sets of document requests.* In fact, Defendant is unaware of any privileged documents before August 20, 2020 – the date on which Plaintiff's attorney sent a demand letter that included the first threat of litigation and the litigation hold notice.

Defendant has agreed that if it discovers any privileged documents responsive to the document requests prior to August 20, 2020, then Defendant will include the documents on a privilege log. Again, Defendant does not know what more Plaintiff wants other than a privilege log including every conversation and document defense counsel has had with their clients throughout the course of this litigation. This would be impossible to create and it is not required by the Default Standard for Discovery of Electronically Stored Information in this Court as set forth in Administrative Order No. 174-1(8). Defendant is not withholding any information on the basis of privilege that existed before the initiation of litigation. Apparently, Plaintiff wants Defendant to produce a log of information that does not exist.

*30(b)(6) Deposition*

Plaintiff issued a 30(b)(6) notice that was broad in scope and vague. See Defendant's Exhibit 1 (Doc. # 64). Defendant objected to some of the topics and asked Plaintiff for clarification. See Defendant's Exhibit 2 (Doc. #64). Plaintiff provided no clarification.

At the deposition, Plaintiff's counsel asked the 30(b)(6) questions related to the information gathered by defense counsel from her client. Defense counsel objected to the questioning. Plaintiff raises this issue with the Court but fails to direct the Court to pages 200- 201 of the deposition transcript. Here, it is clear that while counsel for the parties disagreed over the nature of the questioning, they resolved the issue as follows:

MS. SANDERS:  You may ask him –

MR. STREET: I'm not –

MS. SANDERS: -- everybody – every witness he believes has relevant information, you can ask him that.

MR. STREET: Okay.

26

MS. SANDERS: That's fine. Ask him.

MR. STREET: And then I'll ask him what it is.

MS. SANDERS: That's fine. It's all in the written documents. He can absolutely testify to that.

MR. STREET: Then, let's do it that way that makes your attorney happy.

BY MR. STREET:

Q.     Tell me every single witness you're aware of that has relevant information to this lawsuit.

A.     Luke LeFevre, David DiCicco, Lara Johnson.

Q.     Okay. Anyone else?

A.     No.

Obviously, the witness answered the question once it was presented in a way that did not seek privileged information. Again, Plaintiff is asking the Court for information he has already received. Plaintiff has identified absolutely no reason to re-depose the 30(b)(6) witness.

Respectfully submitted,

/s/ Jonathan Street
Jonathan A. Street (TN #21712)
Lauren Irwin (TN #34833)
THE EMPLOYMENT LAW AND
CONSUMER GROUP
1720 West End Ave. Suite 402
Nashville, TN  37203

*Attorneys for Plaintiff*

/s/ Daniel Crowell
Leslie Goff Sanders (TN# 18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON PLLC
611 Commerce St. Suite 2603
Nashville, TN 37203

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on January 18, 2023, I caused the foregoing *Joint Discovery Dispute Statement*

*– Plaintiff's Issues* to be filed via the Court's electronic filing system, which will automatically

notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*