**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| v. | ) | District Judge Richardson |
| | ) | |
| THE LAMPO GROUP, LLC, et al, | ) | Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION

Defendant, The Lampo Group, LLC ("Defendant"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, asserts the following objections to the topics set forth in Plaintiff's Notice of 30(b)(6) Deposition issued on September 21, 2022. The numbered paragraphs below correspond with the numbered designated matters in the 30(b)(6) Notice.

1. No objection to Topic No. 1.

2. Defendant objects to Topic No. 2 because it is overbroad and does not contain sufficient limiting language. Defendant has produced over 500 documents, many of which are e-mails and correspondence between employees. The 30(b)(6) witness will testify on official documents of the Company including personnel files, company policies and letters or forms issued by the Company. As for personal conversations, the Company has no official position on conversation between its employees.

3. No objection to Topic No. 3.

4. No objection to Topic No. 4.

5. No objection to Topic No. 5.

6. Defendant objects to Topic No. 6 to the extent it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

7. Defendant objects to Topic No. 7 because it is overbroad and does not contain sufficient limiting language. Defendant cannot be expected to have knowledge of, an opinion about or information related to every communication between its employees or any other individuals for over one year.

8. Defendant objects to Topic No. 8 because it is overbroad and does not contain sufficient limiting language.

9. No objection to Topic No. 9.

10. No objection to Topic No. 10.

11. No objection to Topic No. 11.

12. No objection to Topic No. 12.

13. No objection to Topic No. 13.

14. No objection to Topic No. 14.

15. No objection to Topic No. 15.

16. No objection to Topic No. 16.

17. No objection to Topic No. 17.

18. No objection to Topic No. 18.

19. Defendant objects to Topic No. 19 because it is not proportional to the needs of the case and it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

20. Defendant objects to Topic No. 20 because it is overbroad and does not contain sufficient limiting language.

21. Defendant objects to Topic No. 21 because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

22. Defendant objects to Topic No. 22 because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

23. Defendant objects to Topic No. 23 because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

24. No objection to Topic No. 24 unless it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine, in which event, Defendant objects.

25. Defendant objects to Topic No. 25 because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

26. Defendant objects to Topic No. 26 because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

27. Defendant objects to Topic No. 27 because it is overbroad and does not contain sufficient limiting language, because it is disproportional to the needs of the case and because it seeks information protected by the attorney/client privilege and/or the attorney work product doctrine.

28. No objection to Topic No. 28.


Defendant objects to the Documents Requested Duces Tecum because any and all documents used, referenced or referred to in response to the 30(b)(6) Notice that have not already been produced are protected by the attorney/client privilege or the attorney work-product doctrine.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
JACKSON LEWIS P.C.
611 Commerce Street, Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
Email: leslie.sanders@jacksonlewis.com
       daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on October 13, 2022, a true and correct copy of the foregoing was served

via electronic mail upon the following counsel of record via e-mail:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*