# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| BRAD AMOS | ) | |
| | ) | **Case No. 3:21-cv-00923** |
| v. | ) | **Judge Richardson** |
| | ) | **Magistrate Judge Holmes** |
| THE LAMPO GROUP, LLC and | ) | |
| DAVE RAMSEY | ) | |

## MEMORANDUM ORDER

Pending before the Court is the parties' joint discovery dispute statement related to the deposition of Defendant Dave Ramsey (Docket No. 61), pursuant to which Defendants essentially seek a protective order seeking to preclude the deposition of Dave Ramsey. The Clerk is directed to convert the joint discovery dispute statement (Docket No. 61) to a motion, which, for the following reasons, as to the request for a protective order, is DENIED.

## Background

Familiarity with this case and with the circumstances of this discovery dispute are presumed and are not again recited here except as necessary for explanation of or context to the Court's ruling. Essentially, Plaintiff seeks to take the deposition of Ramsey as a party defendant and a fact witness. Defendants resist making Ramsey available for deposition, arguing that Ramsey had very little interaction with Plaintiff or decisions about Plaintiff's hiring or firing[1], that Ramsey has filed a motion to dismiss, and that Plaintiff has not yet taken depositions of employees of Defendant The Lampo Group except for a Rule 306(b)(6) witness.[2] Plaintiff argues that he is not required to demonstrate good cause to depose a party and that it is Defendants' burden to demonstrate good cause for a protective order, which they have failed to do.

---

[1] In response, Plaintiff filed the transcript of his deposition (Docket No. 65-1), pointing out Plaintiff's testimony of encounters with Ramsey. (Docket No. 65 at 1-2.)

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

1

The issue presented to the Court is straightforward and uncomplicated and the Court finds no reason for further motion, briefing, or argument.

## Legal Standards and Analysis

Generally, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).[3] Rule 26 sanctions a broad search and the information sought by a party need not be admissible to be discoverable. *Id.* The discovery rules "were written to facilitate the discovery of all relevant evidence. Rule 26 authorizes expansive discovery, provided the material sought has some probative value in proving or disproving a claim or defense." *Spencer v. DTE Elec. Co.*, No. 15-11421, 2016 WL 8308942, at *2 (E.D. Mich. Mar. 11, 2016) (internal citations omitted). However, the scope of discovery has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *see also Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F.Supp3d 818, 835 (E.D. Mich. 2015) (same); *Brown v. Tax Ease Lien Servicing, LLC*, Civil Action No. 3:15-CV-208-CRS, 2017 WL 6939338, at *9 (W.D. Ky. Feb. 16, 2017) (collection of cases confirming broad scope of inquiry permitted by Rule 26(b)(1)). Ultimately, the scope of discovery and management of discovery are within the sound discretion of the trial court. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)); *see also Crawford-El. v. Britton,* 523 U. S. 574, 598-99 (1998)

---

[3] The more recent duty imposed on courts for consideration of proportionality in resolution of discovery disputes is based on the following factors:
> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added).

2

(trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets) (internal citations omitted); *McNeil v. Community Probation Services, LLC*, 2019 WL 5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (scope of discovery is within the broad discretion of the trial court) (internal citations omitted).[4]

The trial court is directed to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Discovery may be denied if (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party has already had ample opportunity to obtain; or (iii) it falls outside the scope of discovery set forth in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The party opposing such production bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26. *See Shropshire v. Laidlaw Transit, Inc.*, 2006 WL 6323288, at *2 (E.D. Mich. Aug. 1, 2006) (party resisting discovery has burden to show discovery should not be allowed and burden of clarifying, explaining, and supporting its objections).

Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (internal citation omitted). "A court must balance the right to discovery with the need to prevent fishing expeditions." *Id*. at 236-37 (internal quotations

---

[4] That sentiment has continued throughout revisions to Rule 26 including the most recent ones. The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules . . . [t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011 n.2 (quoting *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988)).

3

and citation omitted). The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007) (quoting *Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996)).

Additionally, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1)(A). "The burden of establishing good cause for a protective order rests with the [party requesting the protective order]." *Nix v. Sword*, 11 F.App'x. 498, 500 (6th Cir. 2001) (internal citations omitted). To show good cause, the party or individual moving for a protective order must articulate specific facts showing "clearly defined and serious injury" resulting from the discovery sought. *Id*. Ultimately, the scope of discovery, including whether to grant a protective order, is within the sound discretion of the trial court. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)).

A showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule 26(c). Contrary however to Defendants' inference that the narrow issues for trial, that is, after resolution of Ramsey's motion to dismiss, establish the foundational basis for relevancy, the plain language of Rule 26 dictates otherwise. Fed. R. Civ. P. 26(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable.") Ordinarily, once material sought in discovery appears to be relevant,

> the party who is resisting production has the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure. *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211-212 (D. Kan. 2002). A party who seeks to avoid disclosure of requested materials "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury ..." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D.

4

323, 326 (S.D. Fla, 1985) (citing *Citicorp v. Interbank Card Association*, 478 F.Supp. 756 (S.D.N.Y. 1979)). Courts generally do not grant protective orders without a strong showing of good cause, and the burden of establishing good cause falls on the party who seeks such an order. *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985) (citing 8 Charles Alan Wrights & Arthur Miller, *Federal Practice & Procedure*, § 2035 (1st ed. 1970)).

*Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). *See also O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (burden is on party resisting discovery to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm); *Allgood v Baptist Memorial Medical Group, Inc.*, 2020 WL 86455,*1 (W.D. Tenn. Jan. 7, 2020) (internal citations omitted) (when information sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case").

To the extent that Defendants assert that information sought by Ramsey is irrelevant or disproportionate to the needs of this case, the Court finds no merit in those contentions. As discussed, the burden of relevance is intentionally not a high one. Plaintiff has met the burden that Ramsey possesses relevant information for the claims and defenses asserted in this litigation.[5] The complaint in this case includes numerous allegations referencing the company culture at Lampo, which is also referred to as "The Ramsey Way".[6] As previously noted by a colleague, Ramsey would presumably have familiarity with the precepts of The Ramsey Way, since his "role at Lampo is somewhat unique in that the company is an extension of his persona, beliefs, and principles." *O'Connor v. The Lampo Group,* Case No. 3:20-cv-00628, slip op. at 5 (M.D. Tenn. Nov. 5, 2021)

---

[5] To be clear, the Court expresses no opinion on the merits of Ramsey's pending motion to dismiss. Nor should anything in this order be construed or relied in that regard.

[6] *See e.g.* Docket No. 1 at ¶¶ 49, 51-55, 58, 59, 69, 89, 121, 122, 125-131, 141, 154-155, 209, 214, 232-235, 251-254, 259, 266, 269-270, 276-280, 310-313. Further, Plaintiff testified in his deposition to multiple encounters with Ramsey. (Docket No. 65 at 1-2.)

5

(noting Ramsey's important role in developing core values of Lampo and in assuring that core values "are implemented in a manner acceptable to him"). Further, the broad standard for relevance does not require that Plaintiff have evidence of the evidence that he seeks. The Court has also considered the proportionality factors and finds it appropriate to allow Ramsey's deposition in this case.

Defendants further contend, albeit somewhat obliquely, that giving a deposition would impose an undue burden on Ramsey that is disproportionate to any likely discoverable information that may be derived from his deposition testimony or is otherwise intended for some impermissible purpose, such as annoyance, embarrassment, oppression, or imposition of an undue burden. Specifically, Defendants assert that Ramsey has no personal knowledge of the facts involved in this litigation or about Plaintiff's employment independent of the testimony already given by or obtainable from other available witnesses with first-hand knowledge.[7] However, a witness, especially a party witness, is not afforded the luxury of deciding for himself whether he possesses discoverable information. The extent to which a party or other witness might have knowledge that is probative to prove or disprove a claim or defense is the very purpose of the discovery rules and for their liberal construction. Merely stating that Ramsey lacks discoverable knowledge of the claims in this case, which is all Defendants have done here, does not rise to the level required for a showing of disproportionality or any other bases for issuance of a protective order.

If Defendants' argument is that Ramsey's deposition would be duplicative of other Lampo witnesses, there is no evidence of unreasonable duplication, as required by the plain language of Rule 26(b)(2)(C). Overlap in witness testimony is not an uncommon occurrence. While there are

_____

[7] Defendants also speciously suggest that "if Plaintiff in this case can depose Lampo's CEO who had virtually no interaction with Plaintiff nor any personal knowledge of Plaintiff's employment, then any company's CEO can be deposed in every case involving an employee." (Docket No. 61 at n.1.) The Court declines to address that kind of inflated rhetoric.

6

certainly circumstances by which the testimony of witnesses might be properly limited as unreasonably duplicative, those circumstances do not exist here. Nor does the fact that Plaintiff elected to take Ramsey's deposition before deposing other Lampo witnesses change the outcome.

Further, to the extent that Defendants' resistance to Ramsey's deposition is based on some claim that it is an annoyance or embarrassment or is oppressive or an undue burden under Rule 26(c) because of his high-level position with Lampo or otherwise amounts to harassment under Rule 26(b)(2)(C), the Court is unpersuaded. A variation of this argument has sometimes been referred to as the "apex doctrine," which has been used by courts to shield high-level corporate officials from unnecessary or burdensome depositions. The viability of that doctrine, or at least the use of that term, has however been called into question. In the *Serrano* case, the Sixth Circuit made clear that the "apex doctrine" cannot be applied to grant a protective order based solely on an individual's corporate position without some showing that harm would result to the individual. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901-02 (6th Cir. 2012). In *Serrano*, upon which Defendants rely, the Sixth Circuit expressly rejected a construction of Rule 26(c)(1)(A) that assumes that harassment and abuse are inherent in depositions of high-level corporate officers to preclude their depositions as matter of routine. *Id*. at 901. The Sixth Circuit further reiterated the requirement that a corporate officer must meet Rule 26(c)(1)'s requirements and cannot rest on a bald assertion that being deposed would present a substantial burden. *Id*. (cleaned up). Certainly, *Serrano* does not stand for the proposition asserted by Defendants here that a party seeking to depose an individual corporate officer who is also a party must demonstrate good cause to take the deposition.

Rather, the burden is on Defendants to establish good cause for the issuance of a protective order under Rule 26(c). Upon consideration of the totality of the circumstances, including proportionality, the Court finds that Defendants have not shown good cause for a protective order barring Ramsey's deposition. As noted in *Serrano*, and emphasized by Defendants, even very slight

7

inconvenience may constitute unreasonable harm under Rule 26(c), if proportionally, "there is no occasion for the inquiry." *Serrano*, 699 F.3d at 901. Here, however, Plaintiff's complaint and his deposition testimony establish ample basis to proceed with Ramsey's deposition. On the other hand, there is little evidence that deposing Ramsey will be anything more than a temporary inconvenience.

## Conclusion

Because Defendants have failed to demonstrate any basis upon which the Court can reasonably find good cause for issuance of a protective order, that request is DENIED. Defendant Ramsey must appear for a deposition at a date and time mutually agreed to by the parties.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

8