IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRAD AMOS ) | |
| ) | Case No. 3:21-cv-00923 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC and ) | |
| DAVE RAMSEY ) | |

**O R D E R**

A telephonic discovery conference was held on January 23, 2023. Counsel participating were: Jonathan Street and Lauren Irwin for Plaintiff and Leslie Goff Sanders, Daniel Crowell, and Steven Stovall for Defendants. Pending before the Court are various joint discovery dispute statements, one of which (Docket No. 61) is disposed of by order separately. Still pending are the discovery disputes referenced in Docket No. 63, which the Clerk is directed to treat as a motion and which is resolved as follows:

1. Based on statements of counsel that Defendants did not withhold any documents based on claims of privilege, including work product, Defendants are directed to provide supplemental responses removing those objections and otherwise in compliance with the Federal Rules of Civil Procedure. The timing of the supplemental responses shall be addressed in the parties' joint motion, the filing of which is required below.

2. To the extent that Defendants respond to any future discovery requests with privilege objections, Defendants must provide a contemporaneous privilege log that complies with Rule 26(b)(5)(A).

3. Defendants must produce any litigation hold letter(s) related to this litigation. The timing of production shall be addressed in the parties' joint motion, as directed below.

4.      Defendants must provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case, including that were interviewed, by providing a complete list of all such individuals and otherwise in compliance with the Federal Rules of Civil Procedure. The timing of the supplemental response shall be addressed in the parties' joint motion, as directed below. Further, Defendants cannot call any witnesses at trial or use the statements for any purposes of witnesses who were not disclosed to Plaintiff in discovery.

5.      Ramsey must provide supplemental sworn answers to discovery to expressly state as to appropriate requests that he has no documents or information in his possession beyond that provided by Lampo Group. The timing of the supplemental responses shall be addressed in the parties' joint motion, as directed below.

6.      Defendants must produce a full and complete copy of all emails and documents found in Plaintiff's email box from his employment with Ramsey Solutions. These materials may be produced as confidential under the provisions of the protective order already in effect in this case. The timing of the production shall be addressed in the parties' joint motion, as directed below.

7.      The temporal limit for all discovery requests is January 1, 2019 through December 31, 2020.

8.      By no later than **seven (7) days** from the date of entry of this order, the parties must file a joint motion to set deadlines for the supplemental discovery responses required herein, for the filing by Plaintiff of a motion to compel, and for a requested extension of the discovery deadline.

9.      Following Defendants' supplemental discovery responses and production, if there remain any issues in dispute, Plaintiff may file a motion to compel, by the deadline to be set by

further order. If the motion to compel relies on already-filed documents, for instance, deposition transcripts, the supporting memorandum of law or brief must clearly state the docket entry number and page number of any relied upon information. Such motion may be filed without the necessity of an additional round of attempted resolution. Such motion must be filed and briefed, including responsive briefing, in accordance with Local Rule 7.01(a), except that (i) the memoranda of law or briefs in support of or in opposition to the motion **shall not exceed 10 pages**, exclusive of case caption, signature blocks, and certificate of service and (ii) no reply is permitted except by order of the Court for good cause shown.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge