UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION SETTING SUPPLEMENTAL DISCOVERY DEADLINES AND FOR EXTENSION OF DISCOVERY**

Defendants, The Lampo Group, LLC and Dave Ramsey, by and through the undersigned counsel, respond to Plaintiff's Motion Setting Supplemental Discovery Deadlines and for Extension of Discovery (Doc. #69).

**I. The Court's Order**

On January 24, 2023, the Court entered an Order resolving several discovery disputes between the parties (Doc. #67). The Court's Order required Defendants to provide certain supplemental discovery responses. (Id. at ¶¶ 1-6).

The Court's Order also required the parties to file a joint motion by today—January 31, 2023—to set deadlines for (1) Defendants to make those supplemental discovery responses, (2) Plaintiff to file a motion to compel, and (3) a proposed discovery extension. (Id. at ¶8).

## II. Discovery Deadlines[1]

The Court's Order instructed the parties to agree upon specific discovery-related deadlines. As indicated in Plaintiff's motion, the parties ultimately agreed upon deadlines for Defendant's supplemental discovery responses, a proposed extension of the discovery deadline, and a proposed extension of the dispositive motion deadline. (Doc. #69 at PageID #2114-2115).[2]

After those deadlines were finalized, Plaintiff indicated that he wanted to include a deadline for Defendants to provide any privilege logs. While Defendants did not believe that a separate deadline was necessary given their obligation to produce any necessary privilege logs *with* their discovery responses, we ultimately agreed with Plaintiff to set a separate privilege log deadline of February 15, 2023.

However, rather than simply adding a deadline for Defendants' privilege log, Plaintiff insisted upon adding the following paragraph:

> "Defendants will provide complete responses to any discovery submitted by Plaintiff in this matter which have not already been provided by February 15, 2023 using the temporal limit set by the court in Paragraph 7 of the order. An accompanying privilege log will be provided if necessary pursuant to Paragraph 2 of the order."

Defendants interpret the first sentence of this paragraph as essentially overriding all their objections to Plaintiff's written discovery requests, many of which are objectionable for reasons beyond temporal scope. To the extent that Plaintiff takes issue with any of

---

[1] Plaintiff continues to make outlandish statements in pleadings, including the most recent rant that Defendants are hiding documents and are frustrated that they have to comply with the Court's orders. We are not going to proactively waste Defendants' resources or the Court's time by addressing Plaintiff's false accusations, but we will certainly respond to anything that concerns the Court.

[2] Incidentally, Plaintiff never proposed and his motion does not include a deadline for filing a motion to compel as required by the Court's Order. (Doc. #67 at ¶¶ 8-9). Defendants propose a Motion to Compel deadline of March 1, 2023.

Defendants' remaining objections, the Court's Order authorized him to address those via a motion to compel filed *after* Defendants have supplemented their discovery responses. (Doc. #69 at ¶¶ 8-9).

Plaintiff claims that the first sentence of this paragraph was necessary to give effect to Defendants' requirement to produce privilege logs, but that makes no sense. Defendants have a standing obligation to produce privilege logs under Rule 26(b)(5) and will do so if they withhold any responsive documents on the basis of privilege. No additional context is required. It is that simple.

Therefore, Defendants' opposition to Plaintiff's motion (apart from his latest round of wild allegations) is limited to the first sentence of his proposed subparagraph (f). As indicated in Plaintiff's motion, Defendants have agreed to all of the deadlines listed in subparagraphs (a) through (e), the proposed extension of discovery to May 15, 2023, and the proposed extension of the dispositive motion deadline to June 2, 2023 and subsequent responsive briefing deadlines.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON PLLC
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on January 31, 2023, I caused the foregoing *Defendants' Response to Plaintiff's Motion Setting Supplemental Discovery Deadlines and for Extension of Discovery* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

                                          /s/Daniel Crowell
                                          Daniel Crowell (TN #31485)
                                          *Attorney for Defendants*