IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS )
)
v. ) No. 3:21-0923
)
THE LAMPO GROUP, LLC, et al )

**FOURTH MODIFIED CASE MANAGEMENT ORDER[1]**

Pending before the Court is Plaintiff's motion to set supplemental discovery deadlines and for an extension of discovery (Docket No. 69), to which Defendants filed a response (Docket No. 70). Plaintiff's motion (Docket No. 69) is GRANTED IN PART to the extent provided for below.

It is clear to the Court from the parties' filings that the Court's admonitions have had no impact and that the parties are intent on further straining the Court's already limited resources with their inability or unwillingness to manage this case, including discovery, without judicial intervention, which impairs not only the efficient and expeditious resolution of the parties' disputes in this case but also interferes with the Court's responsibility to administer justice fairly, promptly, and adequately to all litigants in all other cases. *See Ciccio v. SmileDirectclub, LLC*, Case No. 3:19-cv-00845, 2021 WL 3291787, at *3 (Aug. 2, 2021) ("The common admonition that parties should respect a court's time and resources is not, ultimately about the court itself; it is about the court's obligations to *all* litigants – not merely ones with a penchant for hard-nosed tactics and a seemingly bottomless litigation budget – to administer justice fairly, promptly, and adequately. The court strongly urges the parties to consider those other litigants as this case proceeds.") (emphasis in original). Going forward, the Court intends to impose appropriate sanctions,

---
[1] Although not specifically designated as such, the first modified (Docket No. 44), second modified (Docket No. 45), and third modified (Docket No. 49) case management orders were previously entered by the Court.

including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct, including a party's lack of cooperation in discovery.[2]

The discovery schedule in this case and the parties' responsibilities regarding discovery shall proceed as follows:

1. The deadline for written discovery and complete of fact witness depositions is extended to **April 17, 2023**.[3] The parties are expected to comply with this deadline, as no other extensions will be granted because of the current trial date. The parties must comply with the following specific discovery deadlines, as articulated in the Court's prior order of January 24, 2023 (Docket No. 67), which, according to the parties' respective filings, were essentially agreed to:[4]

   i. Defendants must comply with paragraph 1 of the January 24 Order by **February 9, 2023**.

   ii. Defendants must comply with paragraph 3 by **February 9, 2023**.

   iii. Defendants must comply with paragraph 4 by **February 10, 2023**.

---

[2] In that regard, the parties are reminded that cooperation in discovery runs both ways. Unreasonableness in discovery requests is every bit as subject to possible sanctions as unreasonableness in discovery responses.

[3] The requested extended deadlines provide the parties with the flexibility of long stretches of additional time, while simultaneously and unreasonably compressing the time for resolution of dispositive motions before the trial date. Although the local rules require only 90 days between the dispositive motion reply deadline and the trial date, that is a mandatory minimum interval, not an automatic maximum one. The Court's practice of ensuring at least 120 days between the dispositive motion reply deadline and trial was discussed at length with counsel during the initial case management conference. Given the length of time this case has been pending and the parties' knowledge of the expected schedule for preparation of this case, the Court finds no necessity for lengthy extensions of case management deadlines. If the parties give as much attention and diligence to managing this case within the modified schedule as they obviously give to finding ways to be uncooperative, the modified schedule provided for below provides ample preparation time.

[4] Because of the Court's other workload, it was not feasible to issue this order prior to this date. For that reason, the parties' agreed deadlines are briefly extended, although the best outcome would be for Defendants to have voluntarily complied with the earlier agreed-upon deadlines. Regardless, compliance should not be an issue because the parties have been aware of the Court's expectations regarding the specific discovery at issue and they already agreed to earlier dates for supplemental responses.

iv. Defendants must comply with paragraph 5 by **February 15, 2023**.

v. Defendants must comply with paragraph 6 by **February 15, 2023** and must produce the information in both native format collectively and in PDF format with Bates numbers on each page.

vi. If any of Defendants' supplemental responses contain claims of privilege, including if Defendants do not withdraw such objections through their supplemental response(s), Defendants must, contemporaneously with the supplemental response(s), provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A).

vii. Plaintiff must file a motion to compel any additional response(s) by no later than **February 22, 2023**. As previously provided (Docket No. 67 at 3), the motion to compel may be filed without the necessity of an additional round of attempted resolution.[5] Nor further efforts at resolution prior to the filing of the motion to compel are required. Any response to the motion to compel must be filed **within 7 days** of the filing of the motion. As also previously provided (*id*.), briefs or memorandum of law in support of or in opposition to the motion to compel shall not exceed 10 pages per issue per side. No reply is permitted except by Court order for good cause shown.

All other provisions for discovery, including for resolution of discovery disputes, remain unchanged.

2. The deadline to file dispositive motions is extended to **May 5, 2023**. Responses to dispositive motions must be filed **within 21 days** of the filing of the motion. Optional replies

---

[5] For all the reasons discussed above, Plaintiff is however cautioned to proceed carefully with any motion to compel.

may be filed **within 7 days** of the filing of the response. All other provisions for dispositive motions, including briefing page limits, restrictions on motions for partial summary judgment, and expected compliance with Judge Richardson's requirements for statements of undisputed material facts, remain unchanged.

       3.    Given the current trial date, no other extensions of case management deadlines will be granted.

       4.    All other case management deadlines and provisions found in prior orders remain in full force and effect.

       It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge