2020 WL 6484254
Only the Westlaw citation is currently available.
United States District Court, M.D. Tennessee, Nashville Division.

HLFIP HOLDING, INC. d/b/a Smart Communications Ip Holdings, Plaintiff,
v.
RUTHERFORD COUNTY, TENNESSEE, et al., Defendants.

NO. 3:19-cv-00714
|
Signed 09/13/2020

**Attorneys and Law Firms**

Gregory S. Reynolds, Jason P. Grier, Jason Jackson, Kutak Rock LLP, Denver, CO, Jeffrey Lesovitz, Philadelphia, PA, John David Clark, Katrina M. Quicker, Atlanta, GA, Keane A. Barger, Riley, Warnock & Jacobson, Nashville, TN, Kevin P. Flynn, Mark Einsiedel, Robert T. Razzano, Baker & Hostetler LLP, Cincinnati, OH, for Plaintiff.

Andre J. Bahou, Christopher T. McNeill, Waller, Lansden, Dortch & Davis, LLP, Nashville, TN, for Defendants.

**ORDER AND MEMORANDUM OPINION**

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE

*1 Pending before the Court is Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 108, "Motion for Review") in this patent infringement action. Plaintiff asks the Court to review and reverse the Magistrate Judge's May 27, 2020 Order (Doc. No. 107) to the extent it denied Plaintiff's Motion for a Protective Order and to Strike (Doc. No. 89). Defendants oppose the Motion for Review. (Doc. No. 110).

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of the Magistrate Judge's Order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Retirement Sys. v. Community Health Sys., Inc.*, No. 3:11-cv-00433, 2019 WL 3003647, at *1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). A finding of fact is "clearly erroneous" when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *JSC MCC EuroChem v. Chauhan*, 3:17-mc-00005, 2018 WL 3872197, at *2 (M.D. Tenn. Aug. 15, 2018). A legal conclusion is "contrary to law" if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* "The Court is not empowered to reverse the magistrate judge's finding simply because the Court would have decided the issue differently." *Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014), *cited in Dowell v. Bernhardt*, No. 3:19-cv-00105, 2019 WL 6909461, at *2 (M.D. Tenn. Dec. 19, 2019).

**MOTION TO STRIKE**

Plaintiff contends that this discovery-related dispute arose in connection with two "settlement letters" sent by Plaintiff's President, Jim Logan, to some of the Defendants. Defendants, on the other hand, argue that the letters were actually only two of numerous attempts by Plaintiff to force settlement in this case. The following context is helpful.

As a result of what they perceived as numerous attempts to force settlement, Defendants moved to amend the existing protective order to prohibit Plaintiff from communicating directly with Defendants (rather than through Defendants' counsel) regarding settlement offers and negotiations. (Doc. No. 61). Defendants claimed that Plaintiff's president and in-house counsel were attempting to contact Defendants regarding settlement, in violation of the Rules of Professional Conduct. The Magistrate Judge denied the motion to amend the protective order as unnecessary because, under the Tennessee Rules of Professional Conduct, "counsel is already forbidden from engaging in such behavior [contacting a represented individual]." (Doc. No. 106 at 5). He also found that *parties* to a matter may communicate directly with each other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make. (*Id.* at 6 (citing Tenn. Sup. Ct. R. 8, RPC 4.2, comment 4.)) The Magistrate Judge noted Rule

4.2's comment's warning that a lawyer may not make a communication prohibited by Rule 4.2 through the acts of another, but he found "none of the evidence leads the Court to th[e] conclusion" that, in this case, a lawyer made a communication prohibited by this Rule. (*Id.* at n.1). Finally, the Magistrate Judge ordered that, going forward, Plaintiff should contact Defendants regarding settlement only through Defendants' attorneys of record. (*Id.*) This Order was not appealed.

*2 Later, Plaintiff filed a motion (Doc. No. 89, "Plaintiff's Motion"), supported by a memorandum (Doc. No. 90), seeking several kinds of relief. Plaintiff sough a protective order to preclude Defendants' "harassing discovery requests" about "inadmissible and immaterial settlement letters" and to preclude the deposition of David Gann, in-house counsel for Plaintiff. Plaintiff also sought to strike certain portions of Defendants' briefing (Doc. Nos. 62 and 83) supporting the Defendants' above-described motion to amend the protective order; the contents Plaintiff sought to strike were described by Plaintiff as false allegations of scandalous motives on Plaintiff's part and of ethical violations by David Gann. (Doc. No. 90 at 15-16).

The Magistrate Judge granted Plaintiff's Motion insofar as it sought protective orders. That is, the Magistrate Judge ruled that Plaintiffs did not have to respond to Defendants' discovery requests regarding the settlement letters and also prohibited Defendants from taking the deposition of Mr. Gann. (Doc. No. 107 at 7-10). With regard to the request to strike contained in Plaintiff's Motion, however, the Magistrate Judge did not rule in Plaintiff's favor. Instead, he held that: "[m]otions to [s]trike are governed by Rule 12[f]"; that pursuant to Rule 12(f), motions to strike are applicable only to *pleadings*; and that Defendants' briefs are not pleadings. (Doc. No. 107 at 11-12). Therefore, he denied Plaintiffs' request to strike. (*Id.*) Plaintiffs argue that the Magistrate Judge's decision on this request is contrary to law because, apart from Rule 12(f), the Court has inherent authority to strike non-pleadings.

The Federal Rules of Civil Procedure provide a way for courts to strike documents or portions of documents that are pleadings. Fed. R. Civ. P. 12(f). Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *Blair v. Johnson & Johnson*, Civil Action No. 3:19-cv-333-DJH-RSE, 2020 WL 1172715, at *4 (W.D. Ky. Mar. 11, 2020). The Sixth Circuit has held that "the action of striking a pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

The Court may strike improvident filings based on its inherent authority to manage its own docket. *Dowell*, 2019 WL 6906461, at *6. This includes the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances. *Id.* When deciding whether to strike non-pleading documents, trial courts invoke their inherent power to manage their own dockets. *Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017). However, motions to strike are generally disfavored and should be granted only when the material at issue has no possible relation to the controversy. *Id.*

Although a motion to strike rests within the discretion of the trial judge, it is disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration and their presence in the pleading throughout the proceeding will be prejudicial to the moving party. *Schlosser v. Univ. of Tenn.*, No. 3:12-CV-534, 2014 WL 5325350, at *2 (E.D. Tenn. Oct. 20, 2014). Motions to strike will generally be granted as to alleged "scandalous or impertinent" language only where the language is "extreme or offensive." *Id.* at *3. An allegation may be stricken as immaterial only when it bears no possible relationship to the controversy. *Id.* Courts generally grant a motion to strike only where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Id.* (citing *Siggers v. Campbell*, No. 07-12495, 2008 WL 4277262, at *2 (E.D. Mich. Sept. 17, 2008)).

*3 Relying solely on Rule 12(f), the Magistrate Judge did not mention the Court's inherent authority to strike. Addressing such authority may well have been prudent, especially since Plaintiff relied specifically on it. (Doc. No. 90 at 17). That the Magistrate Judge did not do so, however, does not mean that his decision was "contrary to law."

In the memorandum in support of Plaintiff's Motion, Plaintiff had pointed to Defendants' statement that "Smart Communications does not appear to respect the Rules of Professional Ethics or to honor the proper functioning of the

legal system" and asserted that Defendants repeatedly impute "scandalous motives" to Smart Communications without any evidence. (Doc. No. 90 at 16). Plaintiff also had asserted that Defendants made "insidious personal accusations," including immaterial, slanderous and defamatory statements, against Mr. Gann. (*Id.* at 17). Such assertions were a non-starter for the Magistrate Judge, since they related to accusations not contained in a "pleading" and thus could not be stricken under Rule 12(f).

In the Motion for Review, Plaintiff argues again that the Court has the inherent authority to, and should, strike the "abusive or otherwise improper" allegations of unethical conduct included in Defendants' briefs, maintaining that those allegations are attempts to "smear" Plaintiff's counsel. (Doc. No. 109 at 10). The Court recognizes its inherent authority to strike under certain circumstances, as discussed above, but finds that those circumstances do not exist in the present case and therefore the Magistrate Judge's non-exercise of such inherent authority was not contrary to law.

The Court has reviewed the two documents which have so inspired Plaintiff's indignation (Doc. Nos. 62 and 83) and finds that the allegations therein cannot be characterized as redundant, immaterial, scandalous, impertinent, extreme, or offensive. In the interest of not giving these allegations any additional "unnecessary notoriety," as described by Plaintiff, the Court will not restate the allegedly "pernicious" statements here. Although the Magistrate Judge found that there was no evidence to establish Defendants' allegations of unethical conduct and no basis to amend the protective order as Defendants requested (to require Plaintiffs' counsel not to communicate directly with Defendants), Doc. No. 106 at 6, he has also stated that Defendants' motion to amend the protective order was not frivolous or abusive. (Doc. No. 107 at 13). Further, he stated: "the Court does not find that the [Defendants' discovery] requests are completely frivolous or clearly brought for an improper purpose." (*Id.*) Thus, even though he ultimately found that the allegations of unethical conduct had no merit, the Magistrate Judge specifically held that Defendants' arguments related thereto were not frivolous, abusive, or brought for an improper purpose. There has been no finding that Defendants improperly raised their concerns that communications from Plaintiff directly to Defendants were a violation of at least the *spirit* of the rules of professional responsibility. Indeed, there is evidence in the record that gave Defendants reason to believe that in-house counsel was involved in writing at least one of the "settlement letters." (Doc. No. 82-2).

Therefore, even considering Plaintiff's Motion to Strike within the inherent authority of the Court, rather than under Rule 12(f), Plaintiff has not shown that the challenged passages are abusive or otherwise improper under the circumstances; neither has it persuaded the Court that these allegations are scandalous, impertinent, extreme, or offensive such that they should be stricken from the record. Plaintiff also has not carried its burden to show that the alleged accusations could have no possible bearing on the subject matter of this litigation. Defendants argue that settlement negotiations can be relevant to damages claims, specifically to the amount of reasonable royalties, in patent infringement cases, citing *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012), or that, at a minimum, such evidence would lead to admissible information under Fed. R. Civ. P. 26(c). Even though the Magistrate Judge stated that the evidence before him did not indicate that "negotiations documents surrounding the settlement letters, if they exist, are relevant to the issue of reasonable royalties in this case," he did not find that such an argument was frivolous or unreasonable.

**\*4** In short, Plaintiff does not have to *like* the allegations it seeks to strike, and they may in fact be without merit. But that does not mean that such allegations are subject to striking under the applicable standard. For all these reasons, and with a particular awareness of the disfavor with which motions to strike are viewed, the Court finds that the Magistrate Judge's decision to deny Plaintiff's Motion to Strike is neither clearly erroneous nor contrary to law, and that decision is affirmed.

Having affirmed the Magistrate Judge's decision on this basis, the Court need not address Defendants' proposed alternative basis for affirmance.

**MOTION FOR SANCTIONS**

Plaintiff contends that sanctions are required in this case because Defendants' discovery requests (various written discovery requests and the notice to depose Mr. Gann) were not consistent with the Federal Rules of Civil Procedure and not warranted by law.[1] Defendants argue that the Magistrate Judge did not conclude that their discovery requests were improper. Indeed, the Magistrate Judge specifically found that Defendants' Motion to Amend Protective Order, although denied, was *not* frivolous or abusive. (Doc. Nos. 106 and 107). Moreover, he specifically found that the discovery requests challenged in Plaintiff's Motion for Protective Order were

not "completely frivolous or clearly brought for an improper purpose." (Doc. No. 107 at 13).

Thus, Plaintiff's argument that Judge Frensley "found that Defendant's numerous discovery requests not only had no basis in law, but that they also were inconsistent with Rule 26" is simply not true. The fact that the Magistrate Judge found that Defendants ultimately had not demonstrated the elements required to obtain discovery from opposing counsel does not equate to a finding that Defendants' request had no basis in law or was inconsistent with Rule 26.[2] If that were the case, any time a court found that a party did not carry its burden to prove these elements, it would have to impose sanctions. There is no precedent for such a requirement.

Plaintiff argues that sanctions under Fed. R. Civ. P. 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the Rule 26(g)(1). No court has found that Defendants signed their discovery requests in violation of Rule 26(g)(1), however. Again, the Magistrate Judge specifically found that the discovery requests at issue were not frivolous or brought for an improper purpose. That finding is neither clearly erroneous nor contrary to law, and the denial of sanctions is affirmed.

## CONCLUSION

**\*5** For these reasons, Plaintiff's Motion for Review (Doc. No. 108) is **DENIED**, and the Order of the Magistrate Judge (Doc. No. 107) is **AFFIRMED**.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 6484254

## Footnotes

1    Plaintiff sought fees "incurred in addressing Defendants' improper and abusive discovery requests, as well as Smart Communications' fees incurred in responding to Defendants' frivolous Motion to Amend Protective Order and Smart Communications' fees incurred in bringing this motion [for protective order and to strike]." (Doc. No. 90 at 22).

2    The Magistrate Judge specifically stated that his ruling "does not prohibit Defendants from noticing Mr. Gann's deposition in the future if they can show that they are seeking relevant, nonprivileged information that is crucial to the preparation of their case and no means other than the deposition of Mr. Gann exists to obtain it." (Doc. No. 107 at 10). This statement related to a hypothetical future deposition notice for Mr. Gann, and not the served deposition notice for Mr. Gann about which Plaintiff was complaining. Nevertheless, the Magistrate Judge's statement here tends to underscore that the Magistrate Judge did not find that the noticing of Mr. Gann's deposition had had *no* basis (as opposed to an ultimately inadequate basis) in law.

**End of Document**            © 2023 Thomson Reuters. No claim to original U.S. Government Works.