2021 WL 5863598
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

CHS/COMMUNITY HEALTH SYSTEMS,
INC., and CHSPSC, LLC, Plaintiffs,
v.
MEDICAL UNIVERSITY
HOSPITAL AUTHORITY, Defendant.

No. 3:20-cv-00163
|
Filed 01/04/2021

**Attorneys and Law Firms**

David Andrew Curtis, John R. Jacobson, Riley, Warnock & Jacobson, Nashville, TN, for Plaintiffs CHS/Community Health Systems, Inc., CHSPSC, LLC.

Celeste T. Jones, Columbia, SC, Emily Harper Mack, J. Alex Little, Burr & Forman, LLP, Nashville, TN, for Defendant.

**ORDER**

JEFFREY S. FRENSLEY, United States Magistrate Judge

*1 Pending before the Court is Defendant's Motion to Stay Discovery Until Immunity Issue Decided. Docket No. 30. The Plaintiff has filed a Response in opposition to the motion. Docket No. 31. The Defendant has filed a Reply. Docket No. 32. For the reasons stated herein, the Defendant's Motion to Stay is **DENIED**.

This action arises out of the alleged breach of two contracts the Parties executed in connection with the sale of hospitals to Defendant. Docket No. 1. The matter was removed to this Court from the Williamson County Chancery Court on the basis of diversity. Docket No. 1. On May 5, 2020, the Court entered an Initial Case Management Order setting deadlines for this action. Docket No. 18. The Parties have engaged in discovery and participated in ongoing efforts to seek a resolution to this matter. On July 21, 2020, the Plaintiff filed an Amended Complaint. Docket No. 26. In response, the Defendant has filed a Motion to Dismiss based on the Eleventh Amendment and sovereign immunity. Docket No. 27. That matter is fully briefed and pending before the Court for resolution.

The Defendant has filed the instant motion to stay until such time as the Motion to Dismiss has been resolved. Docket No. 30. The Defendant contends that because the Motion to Dismiss is based on an assertion of sovereign immunity, the Court should exercise its inherent authority and discretion to stay discovery during the pendency of the dispositive motion. *Id.* The Defendant cites the well-established law that generally a stay of discovery is appropriate pending disposition of motions to dismiss based on immunity rather than other types of dismissal under Rule 12. *Id.* The Defendant submits that the Court should stay discovery until this threshold question of jurisdiction is resolved and that the Plaintiffs will not be prejudiced by delay of discovery. *Id.* They further contend that the burden on Defendant to participate in discovery in a matter where they may ultimately be immune from suit outweighs any potential prejudice because of delay. *Id.*

The Plaintiff opposes the motion to stay. Docket No. 31. Specifically, Plaintiffs contend that irrespective of the Court's ruling on the motion to dismiss, the claims will proceed in one of two pending actions and because the discovery is necessary regardless of the Court's ruling, there is no reason to stay discovery. *Id.* Plaintiffs assert that the Defendant's argument in support of its motion to dismiss is not that it is immune from liability for the underlying contract claims. Rather, the Defendant asserts that it enjoys immunity in this court and that the action should proceed in the United States District Court for District of South Carolina. *Id.* The Plaintiffs note that a stay is not automatic in all circumstances where immunity is raised as a defense. Rather, they contend a stay operates only to avoid the burdens of unnecessary discovery and costs associated therewith. *Id.* They contend that because this action will proceed in some forum, a stay is not appropriate and the burden of staying discovery outweighs any benefits. *Id.*

*2 In reply, the Defendant distinguishes cases cited by the Plaintiffs. Docket No. 32. Further, they argue that if this action is dismissed it is not clear whether the Plaintiffs will be able to pursue all of their pending claims or that those claims may look different in another forum. *Id.* Further, they contend that efficiency and economy justify the stay because the rules and parameters governing discovery may vary depending on the ultimate forum in which this action proceeds. Finally, they contend that a stay would allow the parties to continue engaging in efforts to resolve the issue without incurring

unnecessary expenses associated with formal discovery. *Id.* Because the Court may ultimately not have jurisdiction over the Defendant, it contends that it would be inappropriate to compel it to participate in discovery and therefore its motion should be granted. *Id.*

Trial courts have broad discretion to stay discovery pending resolution of preliminary questions that may be case dispositive. *See, Smith v. Allstate Insurance Co.*, 403 F. 3d 401, 407 (6th Cir. 2005). Pursuant to Fed. R. Civ. P. 26 (c), the court has the power to impose a stay of discovery and to specify its terms and conditions and to otherwise limit discovery.

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.) explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin*, 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001) (citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979) (citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

As Plaintiffs note, "[c]ourts typically deny motions to stay discovery if the underlying claims will proceed somewhere, regardless of how the court might rule on a pending motion to dismiss—even if the motion to dismiss concerns subject-matter jurisdiction. *Charvat v. NMP, LLC*, 2:09-cv-209, 2009 WL 3210379, 2009 U.S. Dist. LEXIS 96083 (S.D. Ohio Sept. 30, 2009) (denying motion to stay because the discovery will be usable in any subsequent state court action and a stay "would not really save [defendants] any resources in the long run, but would delay the ultimate resolution of the case"); *Ohio Valley Bank Company v. MetaBank*, 2019 WL 2170681, at *2, 2019 U.S. Dist. LEXIS 84440, at *4-9 (denying motion to stay pending resolution of motion to dismiss for lack of personal jurisdiction because "this case will proceed somewhere" and "the merits-based discovery at issue will be available for use in any subsequent action, and granting a stay will only delay the resolution"); *Mielcarek v. Jackson*, No. 2:11-cv-00255, 2012 WL 3834901 at *1, 2012 U.S. Dist. LEXIS 125159 at *3 (S.D. Ohio Sep. 4, 2012) (denying motion to stay pending the resolution of a motion to transfer because "discovery will have to be conducted in the new venue in any event[, and t]he burden of staying discovery thus outweighs its benefit").

**\*3** As an initial matter, the Local Rules of Court provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court." Local Rule 16.01(g). Any Defendant who files a motion to dismiss believes that they should not be subjected to the costs and conduct of litigation because they do not believe themselves to be liable under any theory plead by the Plaintiff. While this is the general rule, it is not without exception, particularly in cases where a party has asserted an immunity defense such as the instant case. As Defendant notes, claims of immunity are often an exception to the rule and justify a stay of discovery.

The law in this area is significantly developed in the context of qualified immunity. "Qualified immunity is intended not only to protect officials from civil damages but just as importantly, to protect them from the rigors of litigation including the potential disruptiveness of discovery." *Everson v. Leis*, 556 Fed. 3d 484, 491 (6th Cir. 2009). For this reason, "questions of qualified immunity should be resolved at the earliest possible stage of litigation," or else the "driving force" behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated." *Id.* at 492. (*quoting Pearson v. Callahan*, 555 U. S. 223, 231-232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). The logic behind staying discovery when an immunity defense is raised is evident and equally applicable to other types of immunity such as sovereign

immunity as asserted in this case. It also logically follows that if the discovery will occur anyway, regardless of the resolution of the immunity issue, the concerns supporting a stay of discovery no longer hold true. Instead, a stay only serves to delay the inevitable and potentially prejudice the non-moving party. Such is the case here.

The Defendant does not dispute Plaintiffs' assertion that the contract claims will exists in some forum regardless of what happens with the motion to dismiss. While they argue that "while it is not clear whether CHS will be able to transition all of its claims to the separate case pending between the parties in the District Court of South Carolina, they do not dispute those claims would none the less be viable in state court. Docket No. 32, p. 3. While they contend that "CHS may choose a different course of action that does not require discovery at all," if the only forum available is state court in South Carolina, (*Id.*) *t*hat again does not dispute the existence of the claims and their ability to be pursued a different forum. While they may prove to be right, Plaintiffs have not conceded that point and it is purely speculative. Defendant's contention that applicable discovery rules may differ in other forums may likewise be correct, but the Defendant has not identified any particular way in which any differences would have substantial impact on the conduct of discovery in the instant case or any undue burden associated with pursuing discovery under the Federal Rules of Civil Procedure and Local Rules of this Court. Therefore, this argument does not support the stay.

Finally, with respect to settlement efforts, the requested stay is not necessary for the Parties to engage in settlement negotiations. Participation in discovery can often be an aid to settlement by affording the Parties the opportunity to obtain information upon which to determine an appropriate settlement. Further the desire to avoid the burdens of formal discovery can likewise serve as motivation to seek resolution.

Because the underlying claims in this matter are likely to proceed somewhere regardless of how the Court rules on the pending motion to dismiss, and for the reasons discussed more fully herein, the Defendant's Motion to Stay Discovery Until Immunity Issue Decided (Docket No. 30) is **DENIED**

**\*4**  IT IS SO ORDERED.

**All Citations**

Slip Copy, 2021 WL 5863598

---

**End of Document**                © 2023 Thomson Reuters. No claim to original U.S. Government Works.