2020 WL 13443362
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

CBX LAW, LLC d/b/a Latitude, Plaintiff,

v.

LEXIKON SERVICES, LLC. Defendant.

Case No. 3:19-cv-00867
|
Filed 03/18/2020

**Attorneys and Law Firms**

D. Gil Schuette, Samuel P. Funk, Sims Funk, PLC, Nashville, TN, for Plaintiff.

Bennett James Wills, Brian T. Boyd, Law Office of Brian T. Boyd, Brentwood, TN, for Defendant.

**ORDER**

JEFFERY S. FRENSLEY, United States Magistrate Judge

*1 Pending before the Court is the Defendant's Motion for Clarification or in the Alternative to Stay Discovery on the Merits. Docket No. 24. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 28. Defendant has filed a Reply. Docket No. 31. Also, pending is a joint statement regarding a discovery dispute filed by the Parties. Docket No. 32. The Court held a telephone conference with the Parties to discuss the outstanding matters on March 12, 2020. Based upon the pleadings and argument of counsel, Defendant's Motion (Docket No. 24) is DENIED. Defendant shall respond to Plaintiff's outstanding written discovery within 30 days of the entry of this Order.

This action was originally filed in the Chancery Court for Williamson County on August 24, 2019. Docket No. 1-1. The Defendant filed a notice of removal and bought the action to this Court on October 1, 2019. Docket No. 1. The Defendant thereafter filed a Motion to Dismiss on the grounds that "Plaintiff has no basis upon which to assert personal jurisdiction over the Defendant in this court." Docket No. 8. The initial case management conference in this matter was set for December 6, 2019. Docket No. 4. On November 21, 2019, Defendant filed a motion to continue the initial case management conference. Docket No. 14. The Court granted the Defendant's Motion and continued the case management conference but ordered the Parties to exchange initial disclosures and that they may engage in written discovery however, no depositions were to be taken pending the entry of a case management order. Docket No. 16.

On December 23, 2019, Defendant filed a Motion to Dismiss the Case and Compel Arbitration. Docket No. 17. Plaintiff has filed a Response in Opposition to the Motion to Compel Arbitration (Docket No. 21) and Defendant has filed a Reply (Docket No. 27). The matter is fully briefed and pending before the Court for resolution.

On January 6, 2020, the Defendant filed the instant motion to clarify or in the alternative to stay discovery. Docket No. 24. In its motion, the discovery dispute statement and argument, the Defendant argues that Plaintiff is not entitled to conduct discovery in this case until such time as the Court has ruled on the pending motions to dismiss. Docket Nos. 25, 32. Specifically, Defendant contends that "Lexikon did not need to request a stay of discovery because Latitude was never entitled to it in the first place." Docket No. 32, p. 8. Defendant argues that as a matter of law, Plaintiff is only entitled to conduct discovery related to whether there is personal jurisdiction. While Defendant seeks to compel arbitration, the primary force of its argument related to the personal jurisdiction challenge.

Under the local rules, this Court does not stay discovery based solely on the pendency of a motion to dismiss. Local Rule 16.01(g). Notwithstanding Defendant's assertions to the contrary, the Court has found no authority that supports the proposition that Plaintiff is not entitled to conduct discovery during the pendency of a motion to dismiss based on personal jurisdiction or a motion to compel arbitration as a matter of law. A decision to stay discovery is a matter committed to the sound discretion of the trial court. *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005)(citing *Hahn v. Star Bank*, 190 F. 3d 708, 719 (6th Cir 1999)). While it is not uncommon for a party to file a motion to stay discovery while a motion to dismiss is pending, courts are generally not inclined to grant such a motion. *Ohio Valley Bank Co. v. Metabank*, 2019 WL 2170681 at *2 (S. D. Ohio, May 20, 2019). In "special circumstances," however, the court may find that a discovery stay is appropriate. *Id*. The stay may serve the interest of judicial economy and in making the determination, "a court weighs the burden of proceeding with discovery upon the

party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro Library Bd. of Trustees.*, 2010 WL 3719245, at *1 (S. D. Ohio Sept. 16, 2010).

***2** In exercising the Court's discretion and applying the principles above, the Court concludes that the Defendant has failed to show good cause for a complete stay of discovery. Clearly, it is not enough that a case dispositive motion is pending. Otherwise, the Local Rule would be rendered ineffective. Similarly, if a motion to dismiss were sufficient grounds alone to stay discovery, one would expect to see such a declaration in the text of Rule 12. It is not.

Apart from its argument that there is an absolute prohibition on discovery prior to resolution of dispositive motions challenging personal jurisdiction, Defendant's only other argument is a concern that participating in discovery ordered by the Court would waive its challenge of personal jurisdiction. The Court does not believe these arguments weigh in favor of a complete stay of discovery.

The absence of an absolute prohibition of discovery does not mean that the discovery should not be appropriately tailored in light of the pending dispositive motions. The Court must also weigh the relative discovery burdens in the case to determine what if any limits are appropriate. In the instant case, the Court had previously engaged in such an exercise concluding that limited discovery consisting of only written discovery and not depositions would not pose an undue burden especially in light of the fact that the litigation would proceed in some forum. Docket No. 16. The Court further notes that engaging in discovery may likewise facilitate the prospects of settlement in the case by allowing the Parties to obtain information that would aid in such negotiations. More importantly however, in none of its pleadings has the Defendant set forth any specific prejudice it would suffer as a result of participating in limited written discovery.

The Plaintiff originally filed this action in August of 2019 in state court. A complete stay of discovery would substantially limit Plaintiff's ability to pursue this action and result in prejudice to them. Notwithstanding the Court's prior Order on December 2, 2019 authorizing the Parties to proceed with written discovery, the Defendant has not responded to any discovery requests from Plaintiff. Docket No. 32. As noted below, the Court is ordering Defendant to respond to the requests within 30 days of the entry of this Order. As a result, there has effectively been a stay of discovery in this case for approximately 7 months.

Balancing these competing interests, the Court finds that the scale tips in Plaintiff's favor. The mere fact that Defendant has filed case dispositive motions does not move the scale one direction or the other. Similarly, the Court is unconvinced by Defendant's argument that discovery is absolutely prohibited by law. Because Defendant has failed to identify any burden it would suffer by participating in the limited discovery ordered by the Court, while Plaintiff's interest in prosecuting this matter regardless of the forum would be impaired by a total stay; the Court remains convinced that the limited written discovery ordered in this case strikes the appropriate balance. Therefore, for the reasons to set forth herein, Defendant's Motion for Clarification or in the Alternative to Stay Discovery on the Merits (Docket No. 24) is DENIED. Defendant shall respond to Plaintiff's written discovery within 30 days of the entry of this Order.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 13443362