2019 WL 13125499
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

AMERICAN ADDICTION CENTERS, INC., Recovery Brands, LLC and Addiction Labs of America, LLC, Plaintiffs,
v.
NATIONAL ASSOCIATION OF ADDICTION TREATMENT PROVIDERS, Defendant.

Civil Action No. 3:19-cv-376
|
Signed 11/07/2019

**Attorneys and Law Firms**

Daniel Warren Van Horn, Butler Snow LLP, Memphis, TN, Gibeault C. Creson, K&L Gates LLP, Nashville, TN, for Plaintiffs American Addiction Centers, Inc., Recovery Brands, LLC, Addiction Labs of America, LLC.

Brian S. Faughnan, Lewis, Thomason, King, Krieg & Waldrop, P.C., Memphis, TN, Christen C. Blackburn, Lewis, Thomason, King, Krieg & Waldrop, P.C., Nashville, TN, for Defendant.

**ORDER**

JEFFERY S. FRENSLEY, United States Magistrate Judge

*1 This matter is before the Court upon Defendant's Motion to Stay Discovery pending the Court's decision on the Defendant's Motion to Dismiss. Docket No. 44. Defendant has filed a supporting memorandum of law. Docket No. 45. Plaintiff's have filed a response in opposition to the motion (Docket No. 46) and the Defendant has filed a reply (Docket No. 47). For the reasons stated herein, the Defendant's motion is DENIED.

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin*, 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001)(citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979)(citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

As Plaintiffs note, "[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Stirling v. Hunt*, 2012 WL 12899060, at *1 (W. D. Tenn. November 15, 2012)(citation omitted). Further, both Judge Richardson's initial case management order and Local Rule 16.01(g) provide that "discovery is not stayed during dispositive or other motions, unless ordered by the Court." While the filing of a motion to dismiss or other dispositive motions may support a stay; if the filing of the motion alone resulted in a stay it would render Judge Richardson's order and the local rule meaningless.

The Defendant's argument for staying the discovery in this case is not persuasive. Their arguments are conclusory and could be made in virtually any case in which a dispositive motion is filed. The Court agrees that Defendant has not made the required showing of good cause to justify a stay pending ruling on the motion to dismiss. For these reason, the Defendant's motion to stay (Docket No. 44) is DENIED.

*2 IT IS SO ORDERED.

© 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

**All Citations**

Slip Copy, 2019 WL 13125499

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.