2019 WL 7421757
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

ASURION, LLC

v.

SQUARETRADE, INC.

No. 3:18-1306
|
Filed 10/15/2019

**Attorneys and Law Firms**

Bryan Jacob Wolin, Erica C. Chanin, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, Overton Thompson, III, Bass, Berry & Sims, Nashville, TN, R. Charles Henn, Jr., Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for Asurion, LLC.

Douglas A. Winthrop, George F. Langendorf, Arnold & Porter Kaye Scholer LLP, San Francisco, CA, Joshua D. Wilson, Richard S. Busch, King & Ballow, Nashville, TN, Katelyn E. Rey, Michael A. Berta, Arnold & Porter Kaye Scholer LLP, San Francisco, CA, for Squaretrade, Inc.

**ORDER**

BARBARA D. HOLMES, United States Magistrate Judge

 *1  Pending before the Court is Asurion's motion for reconsideration (Docket No. 55), in which Asurion requests that the Court reconsider its earlier order permitting discovery of certain pricing and other information. For the reasons stated below, the motion to reconsider (Docket No. 55) is GRANTED IN PART as to Asurion's request for reconsideration. But the Court declines to reverse its earlier determination and, instead, temporarily stays any further discovery related to SquareTrade's unclean hands defense to allow for Judge Campbell's determination of Asurion's pending motion for partial judgment on the pleadings.

Additionally, based on the telephonic status/case management conference held on October 7, 2018.[1], the Court modifies the case management schedule and plan in this case as follows:

The deadline for completing fact discovery and fact witness depositions is extended to **December 2, 2019**. If the timing of resolution of the pending motion for judgment on the pleadings does not permit completion of discovery by this date, the parties may file a motion to continue trial.[2]

The deadline for completion of the parties' first attempt at case resolution by mediation is extended to **December 9, 2019**. By no later than **December 16, 2019**, the parties must file their first joint case resolution status report of whether the mediation was successful. All other requirements of the case resolution plan found in prior orders and not modified herein remain in effect.

The deadline for Asurion's disclosure of experts and reports is extended to **January 6, 2020**. The deadline for SquareTrade's disclosure of experts and reports is extended to **February 11, 2019**. The deadline for completion of expert depositions remains as **February 26, 2020**. All other requirements for expert disclosures and discovery found in prior orders and not modified herein remain in effect.

All other case management deadlines and provisions found in prior orders and not modified herein remain in effect.

Regarding Asurion's motion for reconsideration, while the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.2004); *see also In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n. 6 (6th Cir.2009) ("[A] district court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case.").[3] Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez*, 89 F. App'x at 959 (internal quotation marks and brackets omitted). Courts traditionally will find justification for reconsidering interlocutory orders only when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir.2009) (citing *Rodriguez*, 89 F. App'x at 959). This standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n. 7.

**\*2** The Court finds a basis to reconsider its earlier order in the new evidence of SquareTrade's entry into the loss/theft coverage market and the filing of Asurion's motion for partial judgment on the pleadings. The Court does not, however, find a basis for reconsideration in most of the other arguments made by Asurion.

Most notably, Asurion's suggestion that the Court was required to resolve this dispute through a motion to compel has no purchase. *See* Docket No. 56 at 9 (no motion to compel "authorized" with issue decided on "extremely limited record) and 10 (Asurion would have provided additional facts and legal authority if "provided the opportunity to brief the discovery issues in response to a [m]otion to [c]ompel"). District courts have broad discretion to manage the discovery process and control their dockets. *Marie v. Am. Red Cross,* 771 F.3d 344, 366 (6th Cir.2014).

The very reason that the Court limits discovery statements is for the parties to focus their arguments on the merits of the discovery dispute. Too often, the parties waste their allotted pages on tangential arguments regarding the underlying merits of the litigation while barely mentioning the considerations for determination of discoverability.[4] Such is the case here. Asurion used most, if not all, of its three pages in the joint discovery dispute statement, and the additional thirteen pages of its memorandum of law in support of its motion to reconsider, to argue the merits of its motion for partial judgment on the pleadings and virtually ignored the actual issues that guide resolution of a discovery dispute—relevancy, proportionality, etc. Asurion's arguments on the merits are not at all helpful to the Court's resolution of the discovery dispute. Lack of meritorious claims or defenses is not a reason to deny discovery. *See* Local Rule 16.01(g) (discovery not stayed during pendency of dispositive or other motions). Allowing disputes on the merits to drive discovery is "a notion directly at odds with the need for expeditious resolution of litigation." *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.,* 2008 WL 641252, at \*1 (S.D. Ohio March 4, 2008). Further, considering Asurion's arguments about the merits of SquareTrade's unclean hands defense would require the Court to make a preliminary determination of those merits, which at best "would circumvent the procedures for resolution" of a party's contention that claims or defenses are insufficient. *Id.* Not to mention would be an inefficient use of judicial resources since Asurion's motion is already under advisement by Judge Campbell.

**\*3** Asurion is not the only party guilty of conflating a discovery dispute with the merits of the underlying contest. SquareTrade is equally at fault in attempting to bootstrap the Court's innocuous statement that Asurion had opened the relevancy door for discovery purposes into a basis for denying Asurion's motion for partial judgment on the pleadings. *See* SquareTrade's response, Docket No. 66 at 11-12. The Court expressly limited its holding to only the discovery dispute under the low threshold of relevancy. (Docket No. 52 at 2.) The broader expanse suggested by SquareTrade is not found in the Court's discovery order.

Although the Court finds a basis to reconsider its earlier order based on the new evidence of SquareTrade's entry into the loss/theft coverage market and the filing of Asurion's motion for partial judgment on the pleadings, that information does not of itself compel a different outcome to the underlying discovery dispute. However, because resolution of the legal propriety of SquareTrade's unclean hands defense will necessarily impact discovery, the Court finds that a stay of the requested discovery of Asurion's pricing and profits information is appropriate. The decision whether to stay discovery until preliminary issues are decided is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304-05 (6th Cir.2003). In fact, "trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Id.* at 304. Stay is appropriate "where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.*

For these reasons, the Court stays any further discovery related to SquareTrade's unclean hands defense to allow for Judge Campbell's determination of Asurion's pending motion for partial judgment on the pleadings. As provided above, if the timing of resolution of the pending motion for judgment on the pleadings does not permit completion of discovery by the extended discovery cut-off date, the parties may file a motion to continue trial.[5]

It is SO ORDERED.

**All Citations**

Slip Copy, 2019 WL 7421757

© 2023 Thomson Reuters. No claim to original U.S. Government Works.    2

Footnotes

1   Counsel participating in the telephonic status/case management conference were: Charles Henn for Asurion and George Langendorf for SquareTrade The Court notes that Mr. Langendorf participated on behalf of Douglas Winthrop, an attorney of record for SquareTrade, due to a conflict with Mr. Winthrop's schedule. The Court appreciates Mr. Langendorf's participation, which avoided rescheduling the conference, but notes that, if Mr. Langendorf intends to participate in any other proceedings in this case on behalf of SquareTrade, he must file a notice of appearance as required by Local Rule 83.01(e)(1).

2   To be clear, if the motion for partial judgment on the pleadings remains unresolved by whatever date in November would permit completion of discovery by December 2, the parties may request a continuance of the trial.

3   The Court also notes the inefficiency of a motion to reconsider a magistrate judge's determination on a non-dispositive issue. Rule 72(a) provides a mechanism for a party to effectively obtain reconsideration of a magistrate's judge ruling on a non-dispositive matter—by requesting review by the district judge. Fed. R. Civ. P. 72(a).

4   In that regard, the Court pauses to stress the importance of all litigants understanding that the Federal Rules of Civil Procedure authorize extremely broad discovery. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir.1976), cert. denied 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977). Rule 26 is liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191, 195 (S.D. Ohio 1980). Any matter that is relevant and is not privileged can be discovered. The concept of relevance during discovery is necessarily broader than at trial, *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 500–501 (6th Cir.1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." *Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir.1994). Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

5   If the trial is continued, the parties may also seek extensions of case management deadlines as needed.

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.

© 2023 Thomson Reuters. No claim to original U.S. Government Works.   3