2007 WL 9789535
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Sandra KURTZ, Plaintiff,

v.

DEPARTMENT OF THE ARMY, Pete Geren,
Acting Secretary of the Army, Defendants.

Case No. 3:06-1209
|
Filed 06/15/2007

**Attorneys and Law Firms**

Robert J. Martin, Clarksville, TN, for Plaintiff.

Mercedes C. Maynor-Faulcon, Michael L. Roden, Office of the United States Attorney, Nashville, TN, for Defendants.

**ORDER**

E. Clifton Knowles, United States Magistrate Judge

 *1  This matter is before the Court upon Defendants' "Motion to Stay All Discovery" (Docket No. 18), pending the Court's ruling upon Defendants' previously-filed "Motion to Dismiss" (Docket No. 14).

Plaintiff has filed a Response in Opposition to the Motion. Docket No. 20. In that Response, Plaintiff argues that Defendants' "Motion to Dismiss" is, in reality, a Motion for Summary Judgment, and that Plaintiff needs to undertake discovery in order to properly respond to the Motion for Summary Judgment.[1]

Defendants cite no authority for the proposition that the Court should stay discovery merely because a dispositive motion is pending. In fact, Defendants did not file a Memorandum of Law in support of the pending Motion. *See* Local Rule 7.01(a).

Local Rule 16.01(e)(1) provides, "Discovery is not stayed unless specifically authorized by Fed. R. Civ. P. 26(d) or ordered by the case management judge." Rule 26(d) provides as follows:

**(d) Timing and Sequence of Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the Court upon motion, for the convenience of parties and witnesses and in the interests of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

The only stay of discovery that is "specifically authorized" by Fed. R. Civ. P. 26(d), is a stay of discovery "before the parties have conferred as required by Rule 26(f)." Thus, Local Rule 16.01(e)(1) generally contemplates that discovery will not be stayed during the pendency of dispositive motions.

Moreover, as one Court has aptly stated, "A request to stay discovery pending resolution of the motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 FRD 683, 685 (M.D. Fla. 2006) (citing authorities). The *McCabe* Court also stated:

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.
>
> *2  *Id.* (Citation omitted.)

The undersigned has reviewed the pending Motion to Dismiss and supporting Memorandum (Docket Nos. 14, 15-1). The Motion makes six different arguments as to why this action, or certain claims asserted herein, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.[2] Specifically, Defendants argue as follows:

(1) only Title VII provides this Court with jurisdiction over plaintiff's claims and waives sovereign immunity against the federal defendant [*sic*],[3] and thus all other jurisdictional bases offered by the plaintiff must be dismissed or stricken; (2) the Secretary of the Army is the only proper defendant in this action and the Department of the Army must be dismissed; (3) the plaintiff's demand for punitive damages

© 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

must be dismissed; (4) several of the plaintiff's allegations were untimely brought to an EEO counselor's attention for agency processing; (5) by the plaintiff's own administrative testimony, she was "retaliated against" not because she engaged in EEO activity, but rather because she took a grievance outside her chain of command; and (6) none of the actions of which the plaintiff complains are materially adverse.

Docket No. 14, p. 1-2 (footnote added).

Grounds 1, 2, 3, and 4 seek to dismiss only parts of this action, not the entire action. Even if the Court granted the "Motion to Dismiss" based on one or all of these arguments, other issues would remain. While some of the issues raised in Defendants' Motion may present only legal issues and could be decided without discovery, it appears that discovery is appropriate with regard to at least one of those issues.

To the extent Defendants are concerned that they will be inundated with unnecessary discovery, the Court presumes that Plaintiff will not waste her time undertaking discovery on purely legal issues. If she does so, Defendants have options under the Federal Rules of Civil Procedure to address that situation.

For the foregoing reasons, Defendants' "Motion to Stay All Discovery" (Docket No. 18) is DENIED.

**\*3** IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2007 WL 9789535

---

Footnotes

1    Plaintiff apparently believes that, if she can properly characterize the "Motion to Dismiss" as a Motion for Summary Judgment, the Court will necessarily conclude that discovery is appropriate. Fed. R. Civ. P. 56(f), however, provides as follows:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

2    Defendants refer to Fed. R. Civ. P. 12(f), which pertains to Motions to Strike. Defendants explain, "The Court may utilize this rule to strike a claim for damages that is improperly contained in the plaintiff's complaint." Docket No. 15-1, p. 14.

3    There are currently two Defendants in this action: (1) the Department of the Army, and (2) the Secretary, or Acting Secretary, of the Army. Throughout materials filed with this Court, however, Defendants often refer to themselves in the singular and, in the instant situation, refer to themselves as "the federal Defendant." *See, e.g.*, Docket No. 15-1, p. 1, 19 n.5, 20; Docket No. 22, passim. While one of the arguments raised in Defendants' Motion to Dismiss is that the Secretary of the Army is the only proper Defendant and that the Department of the Army must be dismissed, that Motion has not been granted. Thus, any references to the two Defendants in this action as "Defendant" are incorrect.

---

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.