2017 WL 6521314
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

John Anthony GENTRY, Plaintiff,
v.
The State of TENNESSEE et al., Defendants.

Case No. 3:17-cv-0020
|
Signed 09/13/2017

**Attorneys and Law Firms**

John Anthony Gentry, Goodletsville, TN, pro se.

Stephanie A. Bergmeyer, Tennessee Attorney General's Office, Erika R. Barnes, Lauren Paxton Roberts, Stites & Harbison, PLLC, William S. Walton, Butler Snow LLP, Nashville, TN, for Defendants.

**ORDER**

ALETA A. TRAUGER, United States District Judge

 *1 Before the court are the following motions: (1) Plaintiff's Motion to Alter July 18, 2017 Memorandum & Order Denying Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. No. 109); (2) Plaintiff's Emergency Motion for Court Review of Magistrate's Oral Ruling on August 23, 2017 and/or Petition for Writ of Mandamus and Incorporated Memorandum of Law (Doc. No. 112); and (3) Plaintiff's Emergency Motion for Court Review of Magistrate's Order Dated August 29, 2017 (Doc. No. 114).

The court will address each motion separately.

**I. Motion to Alter July 18, 2017 Memorandum & Order (Doc. No. 109)**

On July 18, 2017, the court entered an Order (Doc. No. 102) overruling plaintiff John Anthony Gentry's Objection (Doc. No. 72) to the magistrate judge's June 5, 2017 Report and Recommendation (Doc. No. 70) and denying Mr. Gentry's first Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 19), filed on February 27, 2017. Invoking Rule 59(e) of the Federal Rules of Civil Procedure, the plaintiff now requests that the court reconsider that ruling. (Doc. No. 109.)

The court will not reiterate the entire background of this case or the basis for its original holding, but, generally speaking, the plaintiff's motion asked the court to preliminarily enjoin the Tennessee Board of Judicial Conduct ("TBJC"), Judge Chris Craft, Timothy Discenza, and "all persons acting on behalf of the [TBJC]" from destroying, disposing of, or concealing any documents related to any complaints filed against judges. The plaintiff argued in support of his motion that he is likely to succeed at trial and that the defendants he sought to enjoin would destroy documents to avoid embarrassment.

The court denied the motion, finding that the plaintiff had not shown that the court should exercise jurisdiction over non-parties by issuing the requested injunction or that the requisite factors weighed in favor of issuing a temporary restraining order or preliminary injunction. (Doc. No. 102.) The plaintiff now seeks reconsideration of that Order under Rule 59, based on "additional facts" and "new docket entries filed subsequent to the issuance of the Court's Memorandum and Order." (Doc. No. 109, at 2–3.) He also invokes the "good of the people." (*Id.* at 3.)

In his Motion to Alter, the plaintiff argues that his motion does not require the court to exercise jurisdiction over non-parties, because the State of Tennessee remains a party, and the Tennessee Board of Professional Responsibility ("TBPR") and its agents, formerly named as defendants, are all "arms of the state." (Doc. No. 109, at 4–5.) The plaintiff also reiterates his arguments that he has a substantial likelihood of success on the merits of his claim against the State of Tennessee, that he will suffer irreparable harm if the requested relief is not granted, and that it is in the interest of the welfare of the people of Tennessee to preserve the evidence necessary to the prosecution of his suit.

 *2 Under Rule 59, a court may alter a judgment, including a motion denying preliminary injunctive relief, based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010), (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The plaintiff here has not presented newly discovered evidence

© 2023 Thomson Reuters. No claim to original U.S. Government Works.    1

and, instead, largely repackages arguments previously made. The court is not persuaded that its original denial of relief constituted a clear error of law or that relief is necessary to prevent manifest injustice. The motion to alter the court's prior ruling (Doc. No. 109) is **DENIED**.

## II. Emergency Motion for Review of Magistrate Judge's August 23, 2017 Oral Ruling (Doc. No. 112)

The plaintiff filed a second Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, this time against defendants Pamela Anderson Taylor and Brenton Hall Lankford, on June 26, 2017. ("TRO motion," Doc. No. 86.) This motion, filed with a supporting Memorandum (Doc. No. 87), asks the court to enjoin defendants Taylor and Lankford from continuing to engage in "Corrupt Racketeering Activities" in connection with ongoing state court litigation.

The specific act that inspired this particular TRO motion is the defendants' filing of an appellate brief in the Tennessee Court of Appeals requesting, in connection with an appeal pending before that court, an award of attorney's fees and costs associated with the appeal. The plaintiff asserts that this request for attorney's fees is "[w]ithout any legal basis whatever" and "corruptly" relies upon a particular Tennessee statute, Tenn. Code Ann. § 36-5-103(c), which the plaintiff contends is wholly inapplicable to the circumstances of that case. (Doc. No. 86, at 2.)

On July 31, 2017, the plaintiff filed a Motion for Status Update on Plaintiff's Current Motions (Doc. No. 108), to inquire about the status of his TRO motion, among other motions. On August 23, 2017, the magistrate judge still not having ruled on his TRO Motion or Motion for Status Update, the plaintiff presented himself at the Clerk's Office to request assistance in scheduling a hearing on his TRO motion. At no point, however, did the plaintiff actually file a written motion for a hearing on his TRO motion. Nonetheless, the plaintiff represents that a Clerk's Office employee called him later that morning to inform him that "his request for emergency hearing of his TRO motion was denied and that his pending TRO motion was being 'taken under advisement.'" (Doc. No. 112, at 5.)

The plaintiff now seeks review of that "oral ruling." Technically speaking, the plaintiff seeks review of the magistrate judge's alleged oral denial of his oral request —communicated through a Clerk's Office employee—for a hearing on his TRO motion. In support of his motion for review, he insinuates that the magistrate judge's involvement in the Nashville Bar Association creates a possible conflict of interest. He also presents arguments addressing the merits of his TRO motion and demands either that this court hold a hearing on his TRO motion, rule directly on his TRO motion, or issue a Writ of Mandamus directing the magistrate judge to rule promptly on all his pending motions.

Much of the plaintiff's request for relief has now been rendered moot. On September 6, 2017, Magistrate Judge Holmes issued a Report and Recommendation ("R&R") recommending that the plaintiff's TRO motion be denied. (Doc. No. 116.) In this R&R, the magistrate judge specifically notes that she did not issue an "oral ruling" on August 23, 2017. Rather, her staff "merely informed the Clerk's Office that no hearing was set on Plaintiff's motion." (Doc. No. 116, at 6 n.4.) She further observes that, pursuant to Local Rule 78.01, all motions must be in writing and are decided without oral argument unless otherwise ordered by the court. (*Id.*)[1] The magistrate judge also finds no merit in the plaintiff's assertions regarding conflicts of interest and suggestion that she should recuse herself.

\*3 Because it is clear that the plaintiff never filed a written motion for oral argument on his TRO motion, there was no such motion for the magistrate judge to rule upon, no order issued on that motion, and nothing for this court to review. The magistrate judge simply had no obligation to address a verbal request for a hearing transmitted through the Clerk's Office. Moreover, even if the plaintiff's current objections to the magistrate judge's purported ruling could be construed as a written motion for a hearing on the TRO motion, that request has now been rendered moot as a result of the magistrate judge's issuance of an R&R addressing the TRO motion. For the same reason, the plaintiff's request that this court rule directly on his TRO motion or direct the magistrate judge to rule on it promptly has also been rendered moot.

In short, the court **DENIES** the motion to review the magistrate judge's alleged oral denial of his oral request for a hearing.

## III. Emergency Motion for Review of Magistrate Judge's August 29, 2017 Order (Doc. No. 114)

The magistrate judge issued an Order on August 29 granting four and denying five different non-dispositive motions filed by the plaintiff and staying discovery pending resolution of the defendants' Motions to Dismiss. (Doc. No. 113.) The

plaintiff has now filed a motion for review in which he objects to:

(1) the magistrate judge's statement that she would address the plaintiff's TRO motion "as soon as possible given the Court's heavy docket of cases," insisting that this "is little different than a law enforcement officer telling a victim of abuse, 'I'll look into stopping the crime of abuse being committed against you when I have time' " (Doc. No. 114, at 2);

(2) the denial of the plaintiff's Motion for Leave of Court to Amend Complaint (Doc. No. 92);

(3) the magistrate judge's order staying all discovery pending resolution of the defendants' Motions to Dismiss;

(4) the denial of the plaintiff's Motion to Set Evidentiary Hearing and Supplemental Motion to Set Evidentiary or Other Appropriate Hearing (Doc. Nos. 73, 80);

(5) the denial of his motion to depose Judge Joe H. Thompson or, in the alternative, for an *ex parte* hearing (Doc. No. 88); and

(6) the magistrate judge's denial of his Motion to Reconsider (Doc. No. 89) her prior the Order (Doc. No. 7) exempting this case from customized case management and initial disclosures.

When a magistrate judge has issued a ruling on a pretrial matter that is not dispositive of a party's claim or defense, any party may "serve and file objections to the order within 14 days after being served with a copy.... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In this district, the procedure for objecting to a magistrate judge's non-dispositive ruling is to file a motion for review. L.R. 72.02(b)(1). The plaintiff's pending Motion for Review is timely. This court has reviewed the underlying motions, the order and the plaintiff's objections and finds that the magistrate judge's decisions are neither clearly erroneous nor contrary to law. The plaintiff's Motion for Review is **DENIED** in its entirety, for the reasons set forth below.

### Review of TRO Motion

**\*4** The court notes as an initial matter that the plaintiff's objections to the magistrate judge's reference to the timing of a ruling on the plaintiff's TRO motion has been rendered moot by the magistrate judge's having issued an R&R addressing that motion. Moreover, the magistrate judge's statement that she would issue a ruling as soon as possible on the TRO motion does not constitute an order subject to review by this court. The motion for review of her statement is **DENIED**.

### Motion for Leave to File Third Amended Complaint (Doc. No. 92)

The plaintiff filed his initial Complaint in this case on January 9, 2017. (Doc. No. 1.) The defendants named in the initial Complaint, after being granted an extension of the deadline for doing so, filed a joint Motion to Dismiss the Complaint on February 28, 2017. (Doc. No. 22.) The plaintiff sought (Doc. No. 24) and was granted (Doc. Nos. 25, 31) an extension of the deadline for responding to the Motion to Dismiss. The plaintiff filed his first Amended Complaint (Doc. No. 32) on March 16, 2017, dropping three of the defendants and adding three new defendants, Pamela Taylor Anderson, Brenton Hall Lankford, and Sarah Richter Perky, all private attorneys. Within two weeks thereafter, the plaintiff field a Second Amended Complaint (Doc. No. 36) against the same defendants, adding new factual allegations, new claims, and over thirty new pages to his pleading. In both instances, the plaintiff did not file a motion to amend his pleading; instead, he invoked Rule 15(a)(1)(A) and the court's Order (Doc. No. 31) granting him until March 31, 2017 to file "a first amended complaint." (Doc. No. 31.) The newly named defendants filed Motions to Dismiss the Second Amended Complaint (Doc. Nos. 45, 49, 51), and the defendants' first Motion to Dismiss was eventually denied as moot, by Order (Doc. No. 55) entered on April 26, 2017, in light of the filing of the amended pleadings and the Motions to Dismiss the Second Amended Complaint.

On April 24, 2017, shortly after the defendants filed their various Motions to Dismiss the Second Amended Complaint, the plaintiff filed a Notice of Intent to Amend, purporting to give notice pursuant to Fed. R. Civ. P. 15(a)(1)(B) of his intent to again amend his complaint "as a matter of course" and stating that he would file his Third Amended Verified Complaint on or before May 7, 2017. (Doc. No. 53.) Because the plaintiff no longer had the right to amend his complaint "as a matter of course" under Rule 15(a), the magistrate judge construed the plaintiff's Notice as a motion for leave to file a third amended complaint. In denying it, the magistrate judge observed that the plaintiff had already exhausted his ability under Rule 15(a)(1) to amend his complaint "once as a matter of course," that motions to dismiss the Second Amended Complaint were pending, and that the magistrate judge saw "no basis upon which to conclude that justice requires Plaintiff be granted leave to file yet another amended complaint in this action." (*Id.*) As she correctly stated:

> Permitting another amended complaint would in turn require Defendants to file a new round of motions to dismiss, which Plaintiff appears to believe would permit him to file another amended complaint in an unending cycle of amendments. However, Plaintiff has now had three opportunities to plead his claims, and has taken full advantage of those opportunities by filing a second amended complaint that is 103 pages long. He has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose. The pending motions to dismiss will be decided upon the pleadings that are already before the Court. Any arguments Plaintiff wishes to raise in objection to the motions to dismiss can be raised in his responses to the motions.

**\*5** (*Id.*)

The plaintiff promptly sought review of that Order by this court and further explained that he wanted to amend his complaint "to state new and additional facts giving rise to his causes of action" against defendants Perky, Taylor, and Lankford. (Doc. No. 56.) In the Order addressing the plaintiff's Motion for Review of the denial of his request to file a Third Amended Complaint, this court explained to the plaintiff that Rule 15(a) of the Federal Rules of Civil Procedure is not as expansive as the plaintiff appeared to believe, in that the rule makes it clear that a plaintiff may only amend his complaint "as a matter of course" *once*. (*See* Doc. No. 60.) The court therefore denied the plaintiff's Motion for Review and affirmed the magistrate judge's Order denying leave to amend. Still not persuaded, the plaintiff filed a motion to reconsider that Order (Doc. No. 61), which the court denied (Doc. No. 69). The plaintiff thereafter sought clarification of the Order denying the motion to reconsider the Order denying review of the Order denying leave to amend. (Doc. No. 71.) The court granted the motion for clarification but reaffirmed its prior rulings. (Doc. No. 74.)

Undeterred, on July 10, 2017, the plaintiff filed a formal Motion for Leave of Court to Amend Complaint and supporting Memorandum of law. (Doc. Nos. 92, 93.) In this motion, the plaintiff states that he seeks to file a Third Amended Complaint, adding new factual allegations to his already lengthy pleading and showing new evidence of conspiracy and racketeering activities by the defendants with Judge Joe H. Thompson. The plaintiff also wants to assert new causes of action based on the defendants' "legal monopoly" of the Tennessee courts and their alleged violation of the Emoluments Clause of the United States Constitution. He further seeks to amend in order to address certain legal arguments the defendants have raised in their motions to dismiss, including the statute of limitations and sovereign immunity.

The magistrate judge denied the motion, stating that she has reviewed and considered the plaintiff's arguments but nonetheless finds that (1) the same reasons for the prior denial of leave to amend continue to apply and (2) the arguments for dismissal raised by the defendants warrant review without the additional delay that would be caused by permitting yet another amendment to the complaint. The magistrate judge further notes that the plaintiff will have a "full opportunity to raise arguments against the dismissal of his claims via his responses in opposition" to the Motions to Dismiss and that, "[i]f there is legal merit to any of the Plaintiff's claims, those claims will survive and further proceedings will ensue as to those claims." (Doc. No. 113, at 3.)

In his motion for review of that Order, the plaintiff insists that justice requires that he be granted leave to amend his complaint a third time and that the magistrate judge's denial of his motion is clearly erroneous, contrary to law, and an abuse of discretion.

**\*6** The plaintiff first objects to the magistrate judge's characterization of his prior "Notice of Intent to Amend" as a request to amend his complaint. He continues to maintain that he had an irrefutable right under the Federal Rules of Civil Procedure to amend his pleading as a matter of

course in response to the defendants' Motions to Dismiss. The court will not revisit this issue other than to note that the magistrate judge did not abuse her discretion or engage in any impropriety or appearance of impropriety in broadly and generously construing the plaintiff's "notice" as a motion, when such a motion was required in order for a party to be granted leave to amend. In construing the notice as a motion, the magistrate judge properly afforded the *pro se* plaintiff more leeway than she would have granted a party represented by counsel.

The plaintiff also takes issue with the magistrate judge's failure to refer specifically by docket number to his supporting Memorandum of law, in which he "painstakingly detailed" the "additional facts, new facts, supplemental facts, and new causes of action" as well as "how, what and why" his motion should be granted. (Doc. No. 115, at 17–18.) He insists that the magistrate judge's denial of his motion without articulating the precise basis for doing so is an abuse of discretion and contrary to law. (Doc. No. 115, at 18 (citing *Foman v. Davis*, 371 U.S. 178 (1962)).)

The magistrate judge did not abdicate her responsibility to provide a "justifying reason" for the denial. *Foman*, 371 U.S. at 182. She cross-referenced the reasons already supplied in her April 26, 2017 Order (Doc. No. 55), which included that the plaintiff had already amended his pleading twice, that he had not shown the necessity for amending a third time, and that any arguments the plaintiff wished to raise in opposition to the motions to dismiss can be raised in his responses to the motions. (Doc. No. 55, at 2.) She added that she had "reviewed Plaintiff's arguments and is unpersuaded that justice requires allowing him to yet again amend his complaint." (Doc. No. 113, at 3.) The court finds that the magistrate judge provided sufficient reasons to justify her denial of the motion for leave to amend and that she did not abuse her discretion.

Moreover, this court has read the plaintiff's Memorandum in support of his motion and likewise finds that the leave to amend at this time is not warranted. Unlike in *Foman*, where the proposed amendment "would have done no more than state an alternate theory for recovery," 371 U.S. at 182, the plaintiff here seeks primarily to add new factual allegations to support his previously stated claims and new arguments addressing defenses raised in the defendants' motions to dismiss. If the plaintiff's claims as already articulated fail as a matter of law, additional facts to shore them up are unlikely to make a difference.[2] And, as the magistrate judge already

found, the appropriate avenue for addressing the defendants' legal claims is in response to their motions to dismiss, not in amendments to a pleading.

Finally, as best the court can tell, any new legal causes of action the plaintiff seeks to assert are largely aimed at refuting the legal bases for the defendants' motions to dismiss. For instance, the plaintiff seeks to assert claims that Tennessee's statute of limitations and the Tennessee Governmental Tort Liability Act are unconstitutional insofar as they violate his right to due process and equal protection of the law. These claims are not merely new legal theories based on the facts as already articulated; rather, they are legal arguments more properly directed toward the defendants' Motions to Dismiss.

**\*7** Justice does not require that the plaintiff here be granted leave to amend his complaint a third time, and the plaintiff has not shown that the magistrate judge's denial of his motion is clearly erroneous or contrary to law. The motion for review (Doc. No. 114) is **DENIED**, and the court **AFFIRMS** the magistrate judge's denial of the plaintiff's Motion for Leave to Amend Complaint (Doc. No. 92).

*Discovery Issues*

The magistrate judge's Order stayed all discovery pending resolution of the defendants' Motions to Dismiss; it does not appear that this portion of the Order was in response to any particular motion. She also, however, denied the plaintiff's motions for evidentiary hearing (Doc. Nos. 73, 80) and his motion to depose Judge Joe H. Thompson or, in the alternative, for an *ex parte* hearing (Doc. No. 88).

The plaintiff asserts that the magistrate judge failed to provide legal support for her decision to stay discovery; that the magistrate judge "should not even be considering dismissal without first allowing Plaintiff the opportunity to obtain and present his evidence" (Doc. No. 115, at 19); and, generally, that dismissal of his case without granting him the opportunity to conduct discovery and present that evidence in a hearing would violate his rights under the Due Process Clause of the United States Constitution.

To the contrary, the Sixth Circuit has recognized that "there is no general right to discovery upon filing of the complaint" and that "the very purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush*

© 2023 Thomson Reuters. No claim to original U.S. Government Works. 5

*Wellman*, 341 F.3d 559, 566 (6th Cir. 2003). In reviewing such a motion, the court presumes, without proof and without need for discovery, that all the well-pleaded factual allegations in the plaintiff's complaint are true. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the court must view the facts in the light most favorable to the plaintiff and draw every reasonable inference in favor of the plaintiff as the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). The sole question raised by a 12(b)(6) motions to dismiss is whether the complaint, thus construed, states a claim for which relief may be granted as a matter of law. Consequently, staying discovery pending resolution of a motion to dismiss is neither unusual nor, under the circumstances presented here, an abuse of discretion. See *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) (holding that the district court "did not err in granting the defendants' Rule 12(b)(6) motion before permitting discovery by plaintiffs" (citing *Yuhasz*, 341 F.3d at 566)).[3]

**\*8** The motion to review that decision is therefore **DENIED**, and the magistrate judge's Order staying discovery pending resolution of the Motions to Dismiss is **AFFIRMED**.

The motion to depose Judge Thompson (Doc. No. 88) as well as the motions for an evidentiary hearing (Doc. Nos. 73, 80) are rendered moot by the stay of discovery. The plaintiff's motion for review of the denial of those motions is, therefore, **DENIED**, and the magistrate judge's decisions are **AFFIRMED.**

### *Motion to Reconsider Order Exempting Case from Customized Case Management and Initial Disclosures*

The plaintiff continues to complain, as he has since the beginning of this lawsuit, about the magistrate judge's exemption of this case from customized case management and initial disclosures. In the present motion for review, he objects to the denial of his motion for reconsideration (Doc. No. 89) of the magistrate judge's prior Order (Doc. No. 7) exempting this case from customized case management. For the same reasons previously stated (*see* Order, Doc. No. 30), the court finds that the magistrate judge's decision—in accordance with Local Rule 16.01(b)(2)(b)—is not an abuse of discretion and does not violate the plaintiff's constitutional rights. The motion for review is **DENIED**, and the magistrate judge's decision is **AFFIRMED**. That said, if any of the plaintiff's claims survive the motions to dismiss, the court will likely impose customized case management upon this case.

The matter remains referred to the magistrate judge.

It is so **ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 6521314

---

Footnotes

1   She also noted that the plaintiff's request did not fall within the purview of Local Rule 65.01(d), because this is not a new case.

2   Further, the new facts are not new—the documentation attached to the plaintiff's motion all dates from 2014 and 2015, and the plaintiff does not allege that the facts are newly discovered or that the documentation was not previously in his possession. The documents appear to have been in the plaintiff's possession since well before he amended his complaint the first time in this case.

3   Two of the defendants' motions are also premised on Rule 12(b)(1), which authorizes dismissal for lack of subject-matter jurisdiction. Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of a complaint, and, when considering the motion, the court must view the material allegations of that complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id.* No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and to satisfy itself as to the existence of its power to hear the case. *Id.* Even in that situation, however, discovery on matters outside the scope of the jurisdictional inquiry is unwarranted.

   For 12(b)(6) motions, the court may consider matters outside the pleadings if those matters are integral to the complaint, matters of public record, or otherwise appropriate for the taking of judicial notice. *England Healthcare Employees Pension*

*v. Ernst & Young*, 336 F.3d 495, 501 (6th Cir. 2003). If—and only if—other matters outside the pleadings are presented to and not excluded by the court in ruling on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The premature entry of summary judgment can be an abuse an discretion. "*If* the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (internal quotation marks and citation omitted) (emphasis in original). The magistrate judge has not yet reviewed the Motions to Dismiss, and it would be premature at this juncture to conclude that discovery is required. Presumably, if the magistrate judge determines that it is necessary to consider matters outside the pleadings to rule on the motions and that the plaintiff has shown a need for discovery, she will lift the stay on discovery and permit whatever discovery might be necessary.

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.