2016 WL 9409010
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Sally V. MASON and
Michael E. Mason, Plaintiffs,
v.
SUNTRUST MORTGAGE, INC.,
Specialized Loan Servicing LLC,
and Timothy A. Davis, Defendants.

No. 3:16-383
|
Filed 05/06/2016

**Attorneys and Law Firms**

Jeffrey A. Land, Law Firm of Jeffrey A. Land, Memphis, TN, for Plaintiffs.

Lauren Paxton Roberts, Nicholas R. Barry, Stites & Harbison, PLLC, James Auman Haltom, Nelson, Mullins, Riley & Scarborough, LLP, Nashville, TN, for Defendants.

## MEMORANDUM

KEVIN H. SHARP, UNITED STATES DISTRICT JUDGE

**\*1** Pending before the Court are Motions to Dismiss filed by Defendants SunTrust Mortgage, Inc. ("SunTrust") (Docket No. 16) and Specialized Loan Servicing LLC ("SLS") (Docket No. 14), to which Plaintiffs Sally V. and Michael E. Mason have responded in opposition (Docket Nos. 19 & 20), and SunTrust has replied (Docket No. 21). Both Motions will be granted.

## I.

The relevant facts, drawn from the allegations in the "Sworn Complaint" and record, are as follows:

In December 31, 2007, Plaintiffs purchased a residence located at 7103 Marshall Place, Fairview, Tennessee. Defendant SunTrust provided a loan for the acquisition of the property pursuant to terms set forth in a Promissory Note and Deed of Trust.

On March 22, 2013, Plaintiffs refinanced the loan. SunTrust was again the lender.

On June 17, 2014, SunTrust assigned the loan to SLS. However, Plaintiffs allege that this transfer was in violation of the automatic stay provisions of the bankruptcy code because, on June 2, 2014, they filed a Chapter 7 proceeding in the United States Bankruptcy Court for the Middle District of Tennessee.

The Chapter 7 proceedings were converted to Chapter 13 proceedings on September 15, 2014. On October 30, 2014, the Bankruptcy Court entered an Order confirming the Chapter 13 Plan that, among other things, stated SunTrust would be paid $1,235.28 monthly through the Bankruptcy Court.

On March 23, 2015, the Bankruptcy Court granted the Trustee's Motion to Disallow the proof of claim filed by SLS because it allegedly failed to (1) properly name the creditor on the face of the form, (2) properly support the claim, and (3) provide the amount of the monthly payment. Plaintiffs allege that their bankruptcy attorney, Timothy A. Davis ("Davis"), was negligent because he knew or should have known that no proper proof of claim had been filed on behalf of either SunTrust or SLS, and he should have rectified the matter so as to protect their interests. Further, while Plaintiff made semi-monthly payments into the bankruptcy court which should have been paid to either SunTrust or SLS, those funds were allocated to other creditors.

While the bankruptcy case was pending, Plaintiff Michael Mason was informed by his employer that he needed to relocate to Memphis, Tennessee. As a result, Plaintiffs sought to sell their property. They learned, however, that the mortgage payments on their residence were not being paid.

On February 2, 2016, Davis filed a motion to voluntarily dismiss the bankruptcy case so Plaintiffs could sell their house. That motion was granted the same day.

On February 11, 2016, SLS sent Plaintiff a "Notice of Default and Notice of Intent to Foreclose" letter that indicated Plaintiffs had not made their mortgage payments since October 2014, and demanded payment in the amount of $20,290.54 within thirty days.

© 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

Plaintiffs entered into an agreement to sell their property to a third party for $256,000. That sale was scheduled for March 11, 2016. To avoid foreclosure proceedings before the scheduled sale, Plaintiffs filed their "Sworn Complaint" for declaratory and injunctive relief in this Court. They set forth five "Causes of Action": (1) "Declaratory Judgment"; (2) "Res Judicata"; (3) "Legal Malpractice"; (4) "Punitive Damages"; and (5) "Injunctive Relief".

**\*2** Contemporaneously with the filing of their complaint, Plaintiffs moved for an *ex parte* temporary restraining order, which was granted by this Court on March 1, 2016. The Court then set the matter for a preliminary injunction hearing on March 8, 2016. However, that hearing was cancelled after Plaintiffs and SLS jointly stipulated that further injunctive relief was unnecessary given the pending sale. The sale of Plaintiffs' Fairview residence was consummated on March 11, 2016.

## II.

Defendants seek dismissal on two grounds. First, they argue that dismissal is warranted under Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction. Second, they argue that dismissal is appropriate under Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief may be granted. The Court agrees with the latter argument.

### A.

In the "Sworn Complaint," Plaintiff invokes this Court's diversity jurisdiction. That document itself indicates that Plaintiffs and Davis, their bankruptcy attorney, are all Tennessee resident, meaning that complete diversity did not exist between the parties at the time of filing the complaint. However, after the Motions to Dismiss had been filed and, with no answer yet on file, Plaintiffs moved to voluntarily dismiss their claims against Davis in accordance with Rule 41(a)(1)(A)(i). As such, diversity jurisdiction exists. See Grupo Dataflux v. Atlas Global Group, Inc., 541 U.S. 567, 570-71 (2004) (the "time-of-filing rule is hornbook law (quite literally)" but dismissing the party that destroys diversity has "long been the exception to the time-of-filing rule"); AmSouth Bank v. Dale, 386 F.3d 763, 777-78 (6th Cir. 2004) (following Grupo and finding it "immaterial" whether dismissal of non-diverse defendant was pursuant to Rule 21 or Rule 41). Besides, Plaintiffs invoke not only Section 1332, but also Section 1331, although they never make clear the basis for federal question jurisdiction.

### B.

Turning to the substance, the essence of Plaintiffs' complaint is that Defendants abandoned their right to collect on the Promissory Note and Deed of Trust when they did not properly file a proof of claim in the Chapter 13 proceedings. As such, Plaintiffs contend that the entire debt was discharged in their bankruptcy proceeding or, at a minimum, they are not liable for the missed mortgage payments during the bankruptcy proceedings.

In moving to dismiss for failure to state a claim, SLS argues that it was not required to file a proof of claim in the bankruptcy proceedings and that, in any event, the failure to file such a claim does not discharge the debt. Further, SLS points out that several of Plaintiff's "causes of action," such as the one for "Res Judicata" and the one for "Punitive Damages" are not proper, self-standing claims. SunTrust joins in those arguments and additionally argues that it did not violate the automatic stay provisions as Plaintiffs allege.

Plaintiffs do not directly respond to the legal arguments raised by Defendants. Instead, they filed identical responses to the Motions to Dismiss, the substance of which are as follows:

> Defendant ... last asserts that this matter should be dismissed since Plaintiffs do not state a claim upon which relief can be granted. Plaintiffs certainly have asserted a cause of action by pleading, pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57, for a declaratory judgment that Defendants SunTrust and SLS have abandoned their claim to all payments they failed to receive due to their failure to correctly prepare and file a Proof of Claim in the approximate amount of $20,290.54 pursuant to 11 U.S.C. § 506(d), and that the mortgage payoff of the Second Loan be declared to be zero, or in the alternative, $184,769.53.
>
> **\*3** Further, as set forth in the Sworn Complaint at Paragraphs 29 through 31, Defendants threatened foreclosure for non-payment solely due to Defendants' fault. Plaintiffs are entitled to a declaratory judgment regarding Defendants' wrongful acts. To survive a motion to dismiss under Rule 12(b)(6): "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " Ashcroft v. Iqbal, 556 U.S.

662, 677-78, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)); accord Reger, 592 F.3d at 764. Under this standard, "a plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Id. (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)).

Plaintiffs have certainly asserted a cause of action as set forth in their Sworn Complaint, and Defendant's motion to dismiss should be denied.

(Docket No. 19 at 1-2; Docket No. 20 at 1-2).

Plaintiffs' recitation of the standard of review governing motions to dismiss is correct insofar as it goes. However, "[t]he very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003); see, Riddle v. Egensperger, 266 F.3d 542, 550 (6th Cir. 2001) (a 12(b)(6) "motion tests the legal sufficiency of the plaintiff's complaint"). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Notwithstanding Plaintiffs' citation to the declaratory judgment statute and the corresponding federal rule, their assertion that Defendants' "abandoned their claim to all payments" is a "bare assertion of legal conclusions" that the court is not bound to accept. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). Further, Plaintiffs' bald assertion that the remaining Defendants "threatened foreclosure for non-payment solely due" to their own "fault" is a non-sequitur given that, prior to dismissing Davis so as to create diversity jurisdiction, they placed a good deal of the blame on him. Regardless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, and Defendants have established that they are entitled to judgment as a matter of law, even construing the factual allegations in Plaintiffs' favor.

As noted, Plaintiffs' core claim and the basis on which they seek declaratory relief is that they are not required to pay on their promissory note because Defendants abandoned their right to payment in the bankruptcy court by failing to file a proof of claim. However, SunTrust and SLS were secured creditors and not required to file such a claim.

"Section 501(a) of the Bankruptcy Code provides that any creditor *may* file a proof of claim [, but] Federal Rule of Bankruptcy Procedure 3002(a) requires only unsecured creditors to file a proof of claim for the claim to be allowed." In re Matteson, 535 B.R. 156, 162 (B.A.P. 6th Cir. 2015) (emphasis in original). Although the failure to file such a claim may "affect[ ] the creditor's right to receive payment under a chapter 13 plan," ... [s]ecured creditors "are not required to file a proof of claim solely to preserve their lien." Id. at 162-63 (quoting In re Nwonwu, 362 B.R. 705, 708 (Bankr. E.D. Va. 2007)); see also, In re Miller, 513 Fed.Appx. 566, 570 (6th Cir. 2013) (citation omitted) ("Ordinarily, a secured creditor like the Bank is 'not required to file a proof of claim to maintain its interest in the collateral to which its security interest attaches,' but if the 'creditor's lien on the collateral exceeds the value of the property, that creditor has a partially unsecured claim and must file a proof of claim with the bankruptcy court if it wishes to receive any distribution from the estate to compensate for this deficiency' "); In re Nowak, 586 F.3d 450, 455 (6th Cir. 2009)(except to the extent that the lien on the property exceeds the property's value or where a trustee successfully voids a creditor's lien in an adversary proceeding, a secured creditor is "not required to file a proof of claim to maintain its interest in the collateral").

*4 Moreover, "[a] well-established principle of bankruptcy law is that liens pass through bankruptcy proceedings unaffected," and, as a consequence, "a creditor with a loan secured by a lien on a debtor's assets may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt." In re Matteson, 535 B.R. at 162. Such an "election not to participate in the chapter 13 plan, however, d[oes] not result in the Bank's waiver of its right to payment on the debt," and "[t]o avoid default on the Bank's mortgage loans, the Debtors [a]re still required to service the debt, if not through the plan, then by making payments outside the plan." Id. at 164. The fact that SLS attempted unsuccessfully to file a proof of claim that was disallowed does not alter

© 2023 Thomson Reuters. No claim to original U.S. Government Works. 3

the equation. See, In re Shelton, 735 F.3d 747, 747 (8th Cir. 2013) (untimely disallowed claim by secured creditor results in claims disallowance, not lien avoidance); In re Hamlett, 322 F.3d 342, 349-50 (4th Cir. 2003) ("even though a secured creditor may lose its right to participate in the distribution of the bankrupt estate (by virtue of having its claims against the bankrupt estate disallowed), the disallowance of its claim does not necessarily void its lien").

Plaintiffs did not make the monthly mortgage payments outside of the plan, nor did they file a proof of claim on their creditor's behalf as was their right under 11 U.S.C. § 501(c). See, Matter of Lindsey, 823 F.2d 189, 191 (7th Cir. 1987) ("Section 501(c) authorizes the debtor as well as the creditor to file a proof of claim, including proof of a secured claim under section 506(a). Such a filing not only drags the secured creditor into the bankruptcy proceeding against his will but brings section 506(d) into play, that is, strips down the lien, even if the lienor would have preferred to bypass the bankruptcy proceeding completely"). "That statutory provision, along with Bankruptcy Rule 3004 afford the debtor the broadest relief possible in bankruptcy by allowing the debtor to bring in all known claimants and, through payment under the plan, to reduce the amount of nondischargeable debt owed after the closing of the case." In re Grynberg, 986 F.2d 367, 372 (10th Cir. 1993).

Plaintiffs did not choose to file a proof of claim (or, as they contend, their attorney was negligent in failing to do so), nor did they make their mortgage payments as required. Therefore, under the terms of the Deed of Trust, SLS was entitled to accelerate the debt and institute foreclosure proceedings.

Notwithstanding SLS's rights under the terms of the Deed of Trust, Plaintiffs allege that Defendants fraudulently threatened foreclosure proceedings for which Plaintiffs are entitled to punitive damages. Those allegations are not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and subject to dismissal on that basis alone. See Adams v. Mort. Elect. Registration Sys., Inc., 2012 WL 5077356, at *4 (N.D. Ga. Oct. 17, 2012)(plaintiff's fraudulent misrepresentation claim that bank and mortgage company threatened foreclosure and promised a loan modification was subject to the heightened pleading standards of Rule 9(b)).

Even if Defendants were required to file a proof of claim, Plaintiffs do not explain the basis for their assertion that payments under the Promissory Note and Deed of Trust were discharged. As far as the Court can tell—and Plaintiffs do not suggest otherwise—none of Plaintiffs' debts were discharged because their Chapter 13 proceedings were prematurely discharged at their request.

Finally, Plaintiffs have failed to state a claim based upon SunTrust's alleged violation of the automatic stay provision of the Bankruptcy Code. Leaving aside authority which stands for the proposition that the automatic stay provision does not create a private cause of action outside the bankruptcy court —see, e.g., Galope v. Deutsche Bank National Trust Co., 2015 WL 866265, at *5 (C.D. Cal. Nov. 14, 2014) and Matthews v. HSBC Bank USA, 2014 WL 4270937, at * 4 (E.D. Va. Aug. 29, 2014) (both collecting cases)—transfer of servicing rights to a mortgage does not violate the automatic stay provisions found in 11 U.S.C. 362(a). In re Cook, 457 F.3d 561, 568 (6th Cir. 2006); Chase Manhattan Mortg. Corp. v. Cordero, 361 B.R. 257, 262 (S.D. Fla. 2007); In re Doble, 2011 WL 1465559, at *10-11 (S.D. Cal. April 14, 2011).

### III.

*5 For the foregoing reasons, Defendants' Motions to Dismiss will be granted. An appropriate Order will enter.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 9409010