2019 WL 6904599
Only the Westlaw citation is currently available.
United States District Court, M.D. Tennessee, Nashville Division.

BLUEWATER MUSIC SERVICES CORPORATION and Blue Water Music Corporation Plaintiffs,

v.

SPOTIFY USA INC. Defendant.

Robert Gaudio and Four Seasons Partnership, Inc. Plaintiffs,

v.

Spotify USA Inc. Defendant.

A4V Digital, Inc.; J & J Ross Co. LLC; Lakshmi Puja Music Ltd; Lindabet Music Corp.; Music By Shay; Music of the West; and Swinging Doors Music, Plaintiffs,

v.

Spotify USA Inc. Defendant.

Thomas Morgan Robertson; Lost Toy People, Inc. and Lisa Moberly d/b/a Optic Noise, Plaintiffs,

v.

Spotify USA Inc. Defendant.

Civil Action No. 3:17-cv-01051, Civil Action No. 3:17-cv-01052, Civil Action No. 3:17-CV-01256, Civil Action No. 3:17-cv-01616
|
Filed 03/25/2019

**Attorneys and Law Firms**

Christina Manna, Joshua D. Wilson, Liz A. Natal, Matthew G. Sipf, Richard S. Busch, Tara N. Stampley, King & Ballow, Nashville, TN, for Plaintiffs.

A. Grace Van Dyke James, Breeding Henry Baysan PC, Knoxville, TN, Christopher Jon Sprigman, Michael Steven Carnevale, Sarah A. Sheridan, Thomas McMahon Cramer, Simpson, Thacher & Bartlett LLP, New York, NY, Harrison Frahn, Jeffrey E. Ostrow, Michael H. Joshi, Simpson, Thacher & Bartlett, LLP, Palo Alto, CA, Nicholas R. Valenti, Samuel F. Miller, Miller Legal Partners PLLC, Nashville, TN, for Defendant.

**ORDER**

JEFFERY S. FRENSLEY, U. S. Magistrate Judge

*\*1* This matter is before the Court upon Defendant's Motion for Protective Order Barring the Deposition of Daniel Ek. Docket No. 211 Defendant has also filed a Supporting Memorandum of Law. Docket No. 212. Plaintiffs have filed a Response in Opposition. Docket No. 230. Defendants have filed a Reply. Docket No. 249. With leave of Court, Plaintiffs have filed a Sur-Reply. Docket No. 264. For the reasons discussed below, Defendant's Motion is GRANTED.

**I. INTRODUCTION**

In this copyright infringement action, Plaintiffs allege Defendant Spotify USA, Inc. ("Spotify") is making unauthorized use of musical compositions that belong to Plaintiffs "in blatant disregard of the exclusive rights that are vested in copyright owners." Docket No. 1, p. 1. Specifically, Plaintiffs claim that Spotify has reproduced and streamed 2,339 copy righted works without the appropriate license and without paying the proper royalties. *Id.* at 2-24. Spotify denies these allegations. This Motion seeks the entry of a protective order to bar the taking of the deposition of Daniel Ek, co-founder, Chairman and Chief Executive Officer ("CEO") of Spotify AB, the Swedish corporate parent of Spotify and President of Spotify USA, Inc. Docket No. 212. Mr. Ek is a citizen of Sweden residing in Stockholm, Sweden. Docket No. 212. Defendant contends that Mr. Ek has no firsthand knowledge of the relevant facts at issue in the case, the information Plaintiff seeks from Mr. Ek could be obtained through the testimony of other witnesses, and there is no reason to depose Mr. Ek other than to harass and annoy the CEO of a global company. *Id.* Therefore, they contend that Plaintiffs efforts to depose Mr. Ek fail to meet the proportionality requirements of Rule 26.

**II. LAW AND ANALYSIS**

   **A. Discovery Requests and Protective Orders**

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works.　　1

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case ....' " *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 WL 323748, at *1, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

   (1) the importance of the issues at stake in the action,

   (2) the amount in controversy,

   (3) the parties' relative access to relevant information,

 **\*2**  (4) the parties' resources,

   (5) the importance of the discovery in resolving the issues, and

   (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added).

"Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *Carell*, 2011 WL 2078023, at *1, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

For "good cause," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by preventing the disclosure of information that would otherwise be discoverable. Fed. R. Civ. P. 26(c). "The good cause necessary to sustain a protective order under Rule 26(c) must be shown by particular and specific facts, as distinguished from stereotyped and conclusory statements." *Abriq v. Metropolitan Gov't of Nashville & Davidson Cty.*, No. 3:17-0690, 2018 WL 1907445, at *1, 2018 U.S. Dist. LEXIS 67994, at *4 (M.D. Tenn. Apr. 23, 2018) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 26(b)(2) allows the court to relieve any undue burden on a responding party. The court can limit discovery if the information sought is overly broad or imposes an undue burden upon the party from whom discovery is sought. In *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), the Sixth Circuit observed that: "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." (quoting *Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996). As to the judge's role in discovery disputes "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles*, 474 F. 3 305. That sentiment has continued through subsequent revisions to Rule 26 including the most recent ones.

The court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules," "[t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.' " *Id.* at 1011, n. 2 (quoting *HMG Property Investors, Inc. v. Parque Indust. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988).

**B. The Deposition of Daniel Ek**

Plaintiffs wish to take the deposition of Daniel Ek. Docket No. 230. As noted above, Mr. Ek is the co-founder, Chairman and CEO of Spotify AB and President of Spotify USA, Inc. Docket No. 212. Mr. Ek resides in Stockholm, Sweden. *Id.* While Plaintiffs contend that they "expect to take a thorough deposition regarding issues directly related to the issues in this case," the specific examples they point to appear to relate to "the launch of Spotify and its plan, ability and infrastructure to comply with the requirements set forth in the U.S. Copyright Law." Docket No. 230. They contend "Mr. Ek played an integral role in bringing Spotify to the United States, negotiating licenses with the records labels, while failing to negotiate and agree to licensing with publishers" and that "[h]is role and decision-making in determining whether Spotify would comply with U.S. Copyright Law and mechanical licensing requirements is directly connected to

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works.   2

Plaintiffs' claims that Spotify willfully failed to comply with U.S. Copyright Law." *Id.* at p. 5. They therefore contend that given the broad definition of relevancy at the discovery stage, they have the right to conduct this discovery deposition and Spotify has failed to meet its burden to establish the need for a protective order. *Id.*

**\*3** While Plaintiffs are correct both that there is a low bar for relevancy and heavy burden to show why a properly noticed deposition could not go forward, one way that a party can meet this heavy burden is to show that the deponent falls into a category of witnesses, like heads of agencies, CEOs of large corporations, or the opposing party's attorney, in which case the requesting party may have the burden of showing why the deposition is appropriate as these individuals are easy targets for harassment. *See, e.g. Libertarian Party of Ohio v. Husted*, 33 F. 3d 914, 925 (S. D. Ohio 2014); *Salter v. Upjohn Company*, 593 F. 2d 649 (5th Cir 1979). While it is not to say there is never an appropriate circumstance in which to take the deposition of a high ranking corporate officer, the well-known risks associated with seeking such discovery certainly create a heightened sensitivity to the issue as compared to other types of witnesses. See *8A Wright, et al, Fed. Practice and Procedures Civil*, § 2036 (3rd Ed. 2017)(citing *Serrano v. Syntis Corp.*, 699 F. 3d 884, 901 (6th Cir. 2012)).

Plaintiffs do not appear to make the argument that Mr. Ek has direct knowledge about any of the specific allegations in the lawsuit or specific alleged acts of infringement. Rather, they appear to be advancing an argument that, based upon his position as the founder and visionary of Spotify, his original intent for the company regarding licensing and payment of royalties can only be obtained through his deposition testimony. Spotify points out that any such information either from Spotify's founding in Sweden in 2006, or 2011 when service began in the United States "[has] no bearing on Plaintiffs' claims for copyright infringement for streams of sound recordings" at a minimum two years later. Docket No. 249. Additionally, Spotify has advised of numerous high-ranking officials within the company it has agreed to make available for depositions on various issues several of which overlap with those upon which Mr. Ek could testify but with greater knowledge of the issues related to the case. Docket No. 212, pp. 9-10.

Plaintiff's Sur-Reply further advances the argument that the deposition of Daniel Ek is necessary because he was "crucial in setting up Spotify's business model and executing its methodology for licensing musical compositions," "was actively involved in selling his product" and that his deposition "is necessary to discover foundational information related to the issues in these cases." Docket No. 264, pp. 2-3. Not surprisingly, Mr. Ek has given numerous interviews to media and trade publications, several of which have been filed in support of various pleadings in this case and Plaintiffs argue that they are entitled to question and cross examine Mr. Ek on his "statements and admissions" arguing the questioning is "crucial and goes to Spotify's willful behavior and infringement" and "[t]here is no substitute to doing so." *Id.*

Plaintiffs' Sur-Reply also advances a new argument in support of their position which is that the Rule 30(b)(6) witnesses designated by Spotify have been unable to testify concerning the subject matter identified in Plaintiffs' notice of deposition. *Id.* at pp. 3-7. Plaintiffs contend "it is clear that the witnesses did not have sufficient knowledge to testify on relevant topics, and that Spotify has a habit of designating witnesses that either lack knowledge or are unprepared for their deposition, and Spotify represents that witnesses have knowledge that they do not have." *Id.* at p. 7. Plaintiffs assert "[t]here is clearly a need for someone with knowledge of these cases to give testimony." *Id.* The problem with Plaintiffs' argument is that it fails to establish how or why Mr. Ek would be better suited to testify to the issues identified in the Rule 30(b)(6) designation. It is the province of the named organization to designate individuals to testify on its behalf. Spotify's alleged failures with regard to their designation of Rule 30(b)(6) deponents is more properly a subject of a motion for sanctions that a justification for deposing the Company's CEO.

**\*4** While Spotify's birth story and its founder's transition from teenage suburban web page designer to the founder and visionary of Spotify is interesting, nothing about that story suggests that Mr. Ek has first-hand knowledge of the relevant facts at issue in this case; and that story took place years before the conduct alleged in this action. Given those realities, Plaintiffs simply cannot establish that the burdens associated with Mr. Ek's deposition are proportional to the benefits that they have articulated.

It is also important to note that Mr. Ek resides in Sweden, substantially increasing the burdens associated with not only taking the deposition but also conducting necessary and reasonable preparation for the deposition. This factor is not insignificant, especially in light of the additional considerations raised by the parties.

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 3

While it is impossible to say the testimony of any witnesses would be wholly irrelevant, the Court is convinced that the proffered testimony by Plaintiffs is substantially attenuated to the claims at issue in this action. Furthermore, in light of the specific duty for the Court to consider discovery in light of the proportionality to the needs of the case; given the limited relevance and utility of Mr. Ek's testimony, the offer of Spotify to produce witnesses with greater and more contemporaneous knowledge of the facts relevant to the issues in this case, and the inconvenience to Mr. Ek as well as the parties associated with the deposition of a Swedish citizen, the Court finds that Spotify has met its burden of establishing good cause for a protective order. Therefore, Spotify's Motion for a Protective Order Barring the Deposition of Daniel Ek (Docket No. 211) is GRANTED.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 6904599

---

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.