2020 WL 8254263
Only the Westlaw citation is currently available.
United States District Court, E.D. Tennessee.

ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE et al., Plaintiffs,

v.

AMERIGROUP TENNESSEE, INC. et al., Defendants.

No. 3:19-cv-00180
|
Filed 08/12/2020

**Attorneys and Law Firms**

Dillon J. Ferguson, Pro Hac Vice, R. Casey Low, Pro Hac Vice, Pillsbury Winthrop Shaw Pittman LLP, Austin, TX, Lucas R. Smith, Pro Hac Vice, Paige W. Mills, Bass, Berry & Sims, PLC, Nashville, TN, for Plaintiffs.

Abraham J. Souza, Pro Hac Vice, Brian F. Hendricks, Pro Hac Vice, Brian T. Phelps, Pro Hac Vice, Douglas G. Hewitt, Pro Hac Vice, Martin J. Bishop, Pro Hac Vice, Reed Smith, LLP, Chicago, IL, Debra Hewetson Dermody, Reed Smith, LLP, Pittsburgh, PA, Kyle W. Eiselstein, Roger W. Dickson, Miller & Martin, PLLC, Chattanooga, TN, for Defendant Amerigroup Tennessee Inc.

Jahnisa T. Loadholt, Pro Hac Vice, Matthew L.J.D. Dowell, Pro Hac Vice, Wade P. Miller, Pro Hac Vice, William Herman Jordan, Pro Hac Vice, Alston & Bird, LLP, Atlanta, GA, Marc H. Harwell, Harwell Law Group, PLLC, Chattanooga, TN, for Defendants BlueCross BlueShield of Tennessee, Inc., Volunteer State Health Plan, Inc.

John E. Winters, Bryce Ellsworth Fitzgerald, Kramer, Rayson LLP, Knoxville, TN, for Defendants Physicians' Medical Enterprises LLC, Allergy Associates, P.A., Ned DeLozier.

**MEMORANDUM AND ORDER**

PAMELA L. REEVES, CHIEF UNITED STATES DISTRICT JUDGE

\*1 Now before the Court is Defendants' Motion to Stay Discovery [R. 63]. Plaintiffs have responded in opposition [R. 68], and Defendants have replied [R. 69]. Defendants also filed a Supplemental Brief [R. 67], and Plaintiff's responded [R. 70].[1] Accordingly, for the reasons more fully explained below, the Court **DENIES** Defendants' Motion to Stay Discovery [R. 63].[2]

**I. POSITIONS OF THE PARTIES**

Defendants BlueCross BlueShield of Tennessee, Inc., Volunteer State Health Plan, Inc., Amerigroup Tennessee, Inc., Allergy Associates, P.A. d/b/a The Allergy, Asthma and Sinus Center, P.C., Physicians' Medical Enterprises, LLC d/b/a PME Communications, and Ned DeLozier request a status conference, which has already occurred [R. 75], and move to stay discovery and all deadlines in this matter until the Court's ruling on the pending Motions to Dismiss.

There have been three motions to dismiss filed in this case. Physicians' Medical Enterprises, LLC, Allergy Associates, P.A. and Ned Delozier filed a motion to dismiss [R. 29] Plaintiffs' Complaint. That motion to dismiss avers that Plaintiffs lack standing to assert claims under the Sherman Act and have failed to assert any other claim upon which relief may be granted. Amerigroup Tennessee, Inc. filed a motion to dismiss [R. 33] arguing that Plaintiffs' complaint lacked subject matter jurisdiction and failed to state a claim upon which relief can be granted. Finally, Bluecross Blueshield of Tennessee, Inc. and Volunteer State Health Plan, Inc. filed a motion to dismiss [R. 36] asserting a lack of subject matter jurisdiction and that Plaintiffs failed to state a claim upon which relief can be granted.

Defendants argue that a stay is consistent with what Defendants characterize as the Sixth Circuit's "default rule" that "district courts must assess the plausibility of an alleged illegal agreement before parties are forced to engage in protracted litigation and bear excessive discovery costs." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 907 (6th Cir. 2009). Defendants also argue that "there is no good reason for the Defendants to be forced to conduct enormously expensive and burdensome discovery when the likelihood that their motions to dismiss will be granted is high." Plaintiffs argue that Defendants have not met their burden of "good cause" to show why they are entitled to a stay of all discovery.

\*2 In their supplemental brief [R. 67], the Defendants argue that given that all of the Defendants are in healthcare in some capacity "[t]he urgency for a stay has only increased now that the full attention of the Defendants has turned to addressing

the national emergency concerning the novel coronavirus disease (COVID-19) outbreak." Plaintiffs responded to this motion by stating that because discovery is currently limited to document production and written responses, neither of which are impacted by the COVID-19 challenges briefed in Defendants' motion for leave, the relief requested in Defendants' supplemental brief [R. 67] is moot.

## II. ANALYSIS

The Court has considered the parties' positions as outlined above, and for the reasons explained below, the Court **DENIES** Defendants' motion to stay [R. 63].

It is well established that a stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981). Moreover, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Courts have further explained that the "burden upon the party requesting the stay is less cumbersome when a stay—as opposed to a complete prohibition—of discovery is sought." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015). "Generally, however, the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." *Id.*

Defendants' argue that pursuant to *Travel Agent*, 583 F.3d 896 (6th Cir. 2009), the Sixth Circuit requires a stay of discovery in antitrust cases while dismissal motions are pending. Specifically, the Defendants state "[c]onsistent with the Sixth Circuit's directive, this Court should have the opportunity to assess the Defendants' motions to dismiss—similar to a motion that was granted in a sister judicial district—before subjecting Defendants to the burden and expense of protracted discovery." In making their argument, Defendants quote part of *Travel Agent* that states that "[p]ursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement before parties are forced to engage in protracted litigation and bear excessive discovery costs." *Travel Agent*, 583 F.3d at 908–09 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007)).

Plaintiffs are incorrect in stating that *Travel Agent* requires district courts to stay discovery in antitrust cases while dismissal motions are pending. In that case, the Sixth Circuit did not speak to a stay of discovery, but instead analyzed whether an antitrust claim should be dismissed. *See id.* More specifically, that court held that if a district court finds that a plaintiff's compliant is insufficient, then the parties may not be forced to "engage in protracted litigation and bear excessive discovery costs." *Id.* at 908-909 (quoting *Twombly*, 550 U.S. at 558-59). Further "the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Id.* at 904 (citing *Twombly*, 550 U.S. at 558).

*3 Here, this Court finds applicable the general rule that "the mere filing of a dispositive motion," such as a motion to dismiss, "is insufficient to support a stay of discovery." *Baker*, 2015 WL 6964702, at *1. Therefore, a stay of discovery is not warranted.

Defendants also aver that by failing to distinguish *Travel Agent* in its response [R. 68] to Defendants' Motion to Stay [R. 63], the Plaintiffs have waived their right to make such an argument. As discussed in the case Defendants cite in support of this waiver argument, *Medical Protective Co., v. Bolick*, when a party fails to address an issue, the court can consider it a waiver, but it is at the court's discretion to make such a determination. *Medical Protective Co., v. Bolick*, No. 2:15-CV-322, 2016 WL 5172282, *3 (E.D. Tenn. September 19, 2016) (citing *E.D. Tenn. L.R. 7.2*.). Therefore, even if Plaintiff waived this argument, it is this Court's choice whether to address that issue, and this Court has chosen to address the argument. *Id.*

Finally, in Defendants' Supplemental Brief [R. 67], the Defendants argue that because they are in the healthcare industry, the need for a stay has increased now that the full attention of the Defendants has turned to addressing the COVID-19 Pandemic. In Defendants' reply brief to their motion to stay [R. 69], however, the Defendants acknowledge that since filing their supplemental brief, the parties have temporarily addressed the issues initially raised in the supplemental brief. Although the parties continue to disagree on some discovery issues and the Defendants

have not produced documents since the motion to stay was filed, the parties have identified document custodians and negotiated search terms that can be undertaken with limited impact on the parties.

The Court acknowledges the disruption that the COVID Pandemic has had on individuals and businesses as well as the court system. Yet, the Court does not agree that discovery should be stayed. The parties have already worked together to conduct some discovery during this pandemic and have reduced the workload necessary to complete discovery. Given the unique circumstances this pandemic has created, if the parties cannot complete discovery by the current deadlines, they can file a motion with this Court to extend those deadlines or continue the trial date.

Accordingly, the Court **DENIES** Defendants' Motion to Stay Discovery [R. 63].

### III. CONCLUSION

For the reasons explained above, Defendants' Motion to Stay Discovery [R. 63] is **DENIED**.[3]

**All Citations**

Slip Copy, 2020 WL 8254263

Footnotes

1     The court notes that Plaintiff United Biologics, LLC filed a Notice of Supplemental Authority [R. 72] to alert the Court of a recent decision from the Western District of Texas that, according to Plaintiff United Biologics, rejects the same arguments that Defendants have made in their currently pending motions to dismiss. There have been two separate responses [R. 73 and 74] to the Notice of Supplemental Authority. Because the notice [R. 72] does not involve the motion to stay, the Court will not address the Notice of Supplemental Authority [R. 72] in this order.

2     In so concluding, the Court emphasizes that it expresses no opinion on the merits of the pending motions to dismiss.

3     The parties are directed to contact the chambers of United States Magistrate Judge Debra C. Poplin if they are unable to resolve any remaining discovery disputes relating to the motion to stay.

---

**End of Document**     © 2023 Thomson Reuters. No claim to original U.S. Government Works.