IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRAD AMOS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC and DAVE RAMSEY, | ] Judge Richardson/Holmes |
| Defendant. | ] Jury Demand |

## MOTION TO COMPEL

Comes now the Plaintiff and files this Motion to Compel pursuant to this court's orders dated January 24, 2023 (Doc. 67) and February 6, 2023 (Doc. 71). Even though not required, Plaintiff has informed Defendants of their shortcomings in their discovery responses and are open to resolving these matters between the parties before they are required to file a response. (Doc 71, p. 2). This was done in a good faith effort to resolve these matters.

The Court permitted Plaintiff's to file a Motion to Compel based on the issues raised in the Joint Discovery Statement filed on January 18, 2023 (Doc. 63) which were not resolved by the court ordered supplementations on the part of the Defendant. As such, the following specific items remain at issue and the Plaintiff respectfully requests the Court grant this Motion to Compel.

    a. Specific Discovery Requests

        i. *<u>Defendant Lampo Group's Responses to Plaintiff's First Request for Production of Documents</u>*

<u>The following remains insufficienctly supplemented by Defendant Lampo as of the date of this Motion:</u>

**Request No. 5:** All documents or things signed or filled out by Plaintiff relating to the obtaining or holding of employment or any other matter.

**Defendant's Response:**

**Objection. Request Number 5 is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Specifically, the phrases "all documents or things" and "relating to … any other matter" are overbroad, vague, and ambiguous, as these phrases fail to describe what information Plaintiff seeks and improperly requires Defendant to guess Plaintiff's intended meaning. Without waiving this objection, Defendant upon information and belief produced documents related to Plaintiff's application of employment with its Initial Disclosures.[1]**

**Request No. 10:** Any document required to be submitted by Plaintiff during the entirety of his employment.

**Defendant's Response:**

**Objection. Request No. 10 seeks documents that are not proportional to the needs of the case. Specifically, if Plaintiff seeks documents beyond those in Plaintiff's Outlook account, the Outlook accounts of the three custodians who were responsible for supervising Plaintiff and/or directing his work, the documents identified by the supervisors and the personnel file, then the request is not proportional to the needs of the case. Without waiving this objection, Defendant Lampo has provided Plaintiff's entire personnel file and it will produce the entire contents of Plaintiff's Outlook account that was provided by Defendant Lampo during his employment.[2]**

Defendant objected to these requests citing vagueness, relevance, and proportionality. The information sought is highly relevant and easily obtained by Defendant.

Plaintiff did not only request Defendant to produce Plaintiff's job application; they asked them for any document signed, filled out, or submitted by Plaintiff relating to the obtaining or holding of employment or any other matter. It would include documents from the "onboarding" process, any document regarding "best place to work poll", or other conditions and terms of employment. It is certainly not much of a burden to the Defendant, as both these categories of documents are kept in the ordinary course of Defendant's business. Specifically, it is reasonable

---

[1] Exhibit A- Defendant Lampo's Responses to Plaintiff's First Set of Request for Production
[2] Exhibit B- Defendant Lampo's Supplemental Responses to Plaintiff's First Set of Request for Production,

to conclude that Defendant has a set onboarding process when new employees are hired, as this is a standard practice of nearly all large companies and Defendant employees, by their own admission, approximately 1,000 employees. (Doc. 72, page 1-2). Further, Defendant Lampo alleges on their corporate website that they have been voted the "best place to work."[3] Plaintiff simply seeks documents relating to this designation. This is a proper request and Defendant should be required to respond.

> **Request No. 6:** All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.
>
> **Defendant's Response:**
>
> **Per the Court's Order (Doc. #67), Defendant Lampo will respond to this Request No. 6 by producing all messages in Plaintiff's Outlook account maintained by Defendant Lampo. [4]**
>
> **Request No. 7**: All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way. See definitions above.
>
> **Defendant's Response:**
>
> **Objection. Request No. 7 seeks documents that are neither relevant nor proportional to the needs of this case. This would require Defendant Lampo to search the accounts of its nearly 1,000 employees for "Brad" and "Amos." When Defendant Lampo searched the accounts of the three (3) employees who supervised Plaintiff or his work for "Brad" and "Amos," approximately 11,000 documents were found. Defendant Lampo has produced documents responsive to this request as described in Response to No. 2 and anticipates producing additional documents responsive to this request once it completes its additional searches using the Additional Date Parameters. If there are documents in the additional searches that are protected from disclosure by the attorney-client privilege or the work product doctrine, then Defendant Lampo will withhold those documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).[5]**

---

[3] https://www.ramseysolutions.com/business/entreleadership-empowering-and-transforming-you-and-your-team
[4] Exhibit B- Defendant Lampo's Supplemental Responses to Plaintiff's First Set of Request for Production, page 3
[5] Exhibit B

Defendant did supplement this response, but they did not provide text messages or other correspondence as requested by the Requests. Defendants only address e-mails in their responses when the request is broader.

These documents are relevant in that they purportedly relate to Plaintiff, his performance at work, his relationship with his co-workers and supervisors, and communications they may tend to support or refute his claims. Defendant Lampo continually attempts to absolve themself of their duties in discovery in this matter by telling the Court how many documents they have actually provided in discovery; however the number of documents provided means nothing if the documents provided are not responsive to the requests. These individuals should have saved these text messages if any litigation hold correspondence was actually sent out. If it is Defendant's position that no further responsive document exists, they should indicate that.

In a good faith effort to resolve this dispute, Plaintiff can agree that the request can be limited to "All emails, messages, text messages or other correspondence relating to Plaintiff in any way where one of the recipients of the communication is of the following parties: (1) any person who served as Plaintiff's supervisor, (2) any person who supervised any of Plaintiff's supervisors, (3) the named Defendants, (4) any member of the HR committee, (5) Daniel Cortez, (6) Luke LeFevre, (7) Lara Johnson, (8) Molly Dimmitt, (9) JB Waggoner, (10) Mark Floyd, and (11) Armando Lopez."

Plaintiff has a deadline of today to file a Motion to Compel on this issue of today, so they cannot accept promises by the Defendant that they will supplement at a later date.

**Request No. 11:** Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.

**Defendant's Response:**

**All responsive documents have been produced and no privileged documents were**

discovered prior to August 20, 2020. Defendant Lampo will produce any additional responsive and non-privileged documents that it discovers when it performs the additional searches using the Additional Date Parameters. If there are documents in the additional searches that are protected from disclosure by the attorney-client privilege or the work product doctrine, then Defendant Lampo will withhold those documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).[6]

Plaintiff has a deadline of today to file a Motion to Compel on this issue of today, so they cannot accept promises by the Defendant that they will supplement at a later date. These documents should be promptly and wholly provided.

### ii. *Defendant Lampo's Responses to Second Set Of Requests For Production*

**Request No. 1:** **A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021**.

**Defendant's Response:**

**Objection. Request No. 1 seeks information that is neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant is not aware of any written transcripts.[7]**

**Request No. 5:** **A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.**

**Defendant's Response:**

**Objection. Request No. 5 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed during this entire period of time. Without waiving this objection, Defendant has no written transcripts in its possession.[8]**

**Request No. 13:** **A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.**

**Defendant's Response:**

**Objection. Request No. 13 seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks information that**

---

[6] Exhibit B
[7] Exhibit C- Defendant Lampo's Responses to Plaintiff's Second Set of Request for Production of Documents
[8] Exhibit C

is outside the dates of Plaintiff's employment. Without waiving this objection, Defendant will produce agendas in its possession for staff meetings during Plaintiff's employment. There are no agendas for devotionals.[9]

These requests are clearly relevant to Plaintiff's claims as they relate to the conditions of Plaintiff's employment and should be answered as written. It is at these meetings where Plaintiff claims Defendant Lampo or their representative and Defendant Ramsey made relevant statements regarding the company's COVID-19 policies, statements about being voted "Best Place to Work," and imposed their religious beliefs on employees.

It is Plaintiff's understanding that "devotional" meetings were companywide, and often were videotaped so they may be displayed later on Ramsey's YouTube channel or company website and were in fact often published both internally and publically. These videos are relevant because they will show the true culture of Defendant Lampo, perhaps better than any other evidence available. They are relevant and certainly not disproportionate. Plaintiff also claims it is at these meetings where Mr. Ramsey would talk about his views on COVID-19 and various other issues relevant to this Plaintiff's claims. Further, Defendant's answer fails to respond to each item listed in the request as required under Fed. Rule of Civil Procedure 34(b)(2)(B). A response is required.

> **Request No. 2:** A copy of all videos, audio recordings, notes, and/or written transcripts from all meetings with Plaintiff during his employment.
>
> **Defendant's Response:**
>
> **Objection. Request No. 2 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.**
>
> **Request No. 3**: A copy of all correspondence, notes, and/or statements regarding any meeting with Plaintiff during his employment.
>
> **Defendant's Response:**

---

[9] Exhibit C

> **Objection. Request No. 3 is vague. Without waiving this objection and as Defendant reasonably interprets this request, it has produced all documents in its possession that are responsive to this Request.**[10]

There is nothing vague about these requests. Plaintiff has specifically outlined his request and necessarily limited it to the period of Plaintiff's employment, which totaled less than a year. If Defendant seeks clarification of any or the items Plaintiff is seeking, they will be glad to clarify.

> **Request No.4: A copy of all notes, statement, or other documents regarding Plaintiff.**
>
> **Defendant's Response:**
>
> **Objection. Request No. 4 seeks information that is neither relevant nor proportional to the needs of the case. Specifically, to search for every note, statement or document regarding Plaintiff would require a company-wide search for 2 years for over 1000 custodians. Without waiving this objection, Defendant Lampo has produced all responsive documents generated by the searches as described in Defendant's Response to First Request for Production of Documents to Defendant Lampo Group. Defendant Lampo will produce any responsive documents it discovers as a result of the additional searches it has agreed to do as described in Supplemental Responses to First Request for Production of Documents to Defendant Lampo Group. If the documents are protected by the attorney-client privilege or the work product doctrine, then Defendant Lampo will withhold those documents and produce a privilege log in compliance with FRCP Rule 26(b)(5)(A).**[11]

Plaintiff has a deadline of today to file a Motion to Compel on this issue of today, so they cannot accept promises by the Defendant that they will supplement at a later date.

> **Request No. 5: A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.**
>
> **Defendant's Response:**
>
> **Objection. Request No. 5 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed during this entire period of time. Without waiving this objection, Defendant has no written transcripts in its**

---

[10] Exhibit C
[11] Exhibit D- Defendant Lampo Group's Supplemental Responses to Plaintiff's Second Set of Request for Production of Documents

possession.[12]

Defendant inappropriately objects to this request. The information sought is relevant to Plaintiff's claims and well within the scope of discovery. This is a case of religion discrimination, attendance mandatory "devotional meetings" and what is said there is very relevant to this matter. Plaintiff also claims it is at these meetings where Mr. Ramsey would talk about his views on COVID and other issues relevant to this case. Further, Defendant's answer fails to respond to each item listed in the request as required under Fed. Rule of Civil Procedure 34(b)(2)(B). A response is required.

> **Request No. 6:** A copy of all videos Plaintiff worked on during his employment.
>
> **Defendant's Response: Objection. Request No. 6 is vague and seeks information that is neither relevant nor proportional to the needs of the case. Without waiving this objection, Defendant will produce a list of video projects that it reasonably believes Plaintiff worked on during his employment.[13]**

This request is clearly relevant to Plaintiff's claims and should be answered as written. Defendants claim Plaintiff was terminated because of issues with these videos. Plaintiff claims he was praised for his work on these videos by Mr. Ramsey himself. They should be provided. The request is not vague, irrelevant, or disproportionate to the case.

> **Request No. 14:** A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.
>
> **Defendant's Response: Objection. Request No. 14 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant has conducted a reasonable search and produced all documents in its possession responsive to this Request No. 14.[14]**

Defendant objects on the basis of irrelevancy and disproportionality. These meeting notes are very relevant as they relate to the conditions of Plaintiff's employment and need to be turned

---

[12] Exhibit C
[13] Exhibit C
[14] Exhibit C

over immediately. It is in these meetings where Defendants claimed Plaintiff lacked "humility" which is one of the reasons they claim he was terminated. Plaintiff claims it is in these meetings where Defendant Lampo would ask him inappropriate questions which gave rise to the claims in this lawsuit.

If the requested documents have been produced, then Defendant should sufficiently identify those documents. Defendant fails to provide sufficient support for their inability to comply under the rules. Plaintiff has a deadline of today to file a Motion to Compel on this issue of today, so they cannot accept promises by the Defendant that they will supplement at a later date.

> **Request No. 15: A copy of all communications between any employees of Defendant regarding Plaintiff's employment, personal life, spouse, and/or applications for employment from 2017 through 2021.**
>
> **Defendant's Response: Objection.**
>
> **Request No. 15 seeks documents that are neither relevant nor proportional to the needs of this case.**[15]

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). This request is clearly relevant to Plaintiff's claims as it directly relates to the conditions of his employment and should be answered as written. Plaintiff's claims involve Defendants acting in a cult-like manner violating religious freedom employment laws. Part of the facts underlying this claim include the way Defendants attempted to control the personal and spiritual life of Plaintiff and his family through a variety of meetings for reasons other than work. These meetings included very personal questions about Plaintiff's spouse and family that had absolutely nothing to do with his

---

[15] Exhibit C

work performance.

**Request No. 18:** A copy of all communications between Defendant employees from 2019 through 2021 regarding Defendant being the "best place to work."

**Defendant's Response:**

**Objection. Request No. 18 seeks documents that are neither relevant nor proportional to the needs of this case.**

**Request No. 19:** A copy of all communications between Defendant and INC.

**Defendant's Response:**

**Objection. Request No. 19 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant will search for and produce emails, if any exist, between Defendant's employees responsible for communicating with INC Magazine from January 2019 through July 31, 2020.**

**Request No. 20:** A copy of all communications between Defendant and the company in Nashville who allegedly certified Lampo/Ramsey as a "best place to work." (Specific name of the company could not be identified during the 30(b)(6) deposition; but its existence was identified).

**Defendant's Response:**

**Objection. Request No. 20 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, see the response to Request No. 19. The only vendor that reviewed the "best place to work" status in 2019 and 2020 was INC Magazine and its designated agent.**

**Request No. 23:** All documents and/or communications related to, or regarding, Defendant's polling of employees pursuant any Best Places to Work survey from 2019 through 2021. (Inc. or the Nashville company Defendant claimed existed in their 30(b)(6) deposition)

**Defendant's Response:**

**Objection. Request No. 23 seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff was not employed by Defendant in 2021. Without waiving this objection and as Defendant reasonably interprets this Request, Defendant has no responsive documents in its possession.**[16]

---

[16] Exhibit C

Defendant's objection is improper as "a party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect." *Davis v. Am. Highwall Mining, LLC*, 570 F. Supp. 3d 491, 495 (E.D. Ky. 2020). The fraud claims in this matter involve the claim that Defendant Lampo was voted by their employees to be "best place to work". It was a sales tool used by Defendant Lampo to get new people to work there. This request is clearly relevant to Plaintiff's claims and should be answered as written.

Plaintiff's requests were not limited to the years 2019-2020 as Defendant attempts to limit their response. Plaintiff's claim that he was fraudulently lured into employment with Defendants necessarily includes statements made prior to the commencement of his employment. Defendant may not arbitrarily object nor choose to limit production of documents within the scope of discovery. The request seeks relevant information and Defendant fails to provide adequate explanation for inability to comply with the rules.

Plaintiff's request is written using precise and common terminology. Plaintiff encourages Defendant to read and interpret the requests as stated and without deviation from the common understanding of the language used. As previously stated, counsel is invited to request clarification as needed.

Plaintiff has a deadline of today to file a Motion to Compel on this issue of today, so they cannot accept promises by the Defendant that they will supplement at a later date.

### b. Second Deposition of Defendant Lampo's 30(b)(6) representative

Plaintiff would ask the court to compel a second deposition of Defendant Lampo Group's 30(b)(6) witness as to the supplementation previously ordered by the court or on any matter the court orders the Defendant to supplement as a result of this Motion. Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires the Court to limit discovery when "the discovery sought is

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." That is not the case here. Plaintiff deposed Defendant Lampo's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 25, 2022. Since then, Defendant Lampo has produced thousands of additional documents and written discovery responses. Defendant Lampo has not identified any other employee of Defendant Lampo who would be qualified to testify as to all documents produced by Defendant Lampo in the course of discovery in this matter. In order for Plaintiff to have a full and complete opportunity to question Defendant Lampo about their discovery responses, a second 30(b)(6) deposition is required.

      For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Compel.

Respectfully Submitted,

/s/ Jonathan A. Street

Jonathan A. Street
Lauren Irwin
**THE EMPLOYMENT AND CONSUMER LAW GROUP**
1720 West End Ave, Suite 402
Nashville, TN 37203
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on February 22, 2023, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON PLLC**
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

                                              */s/* Jonathan A. Street