UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT LAMPO GROUP**

Defendant Lampo Group submits the following supplemental responses to the following requests in Plaintiff's First Request for Production of Documents to Defendant Lampo Group:

2. A copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto.

**RESPONSE**: *This response replaces Defendant Lampo's original response to this Request No. 2.*

**Objection. Request Number 2 seeks, in part, documents that are neither relevant nor proportional to the needs of this case. To provide statements made by any person regarding any of the 366 allegations in the Complaint would not only be disproportionate to the needs of the case but impossible. Furthermore, as drafted, this request would seek information that is not relevant. For example, as written, this request would require Lampo to produce any statement that any of its employees or their agents ever made in any context, including outside the scope of their employment, about Lampo being located in Franklin, TN (Complaint at ¶8) or Governor Lee's executive orders during the COVID-19 pandemic (Complaint at ¶¶ 130,**

131, 133, 182, 193) regardless if the statements were related to Plaintiff or in the case of the second example, even Lampo.

Without waiving this objection and in an effort to respond to this Request No. 2 and locate documents that are related to Plaintiff's claims, Defendant Lampo ran the following searches:

a. The Outlook accounts of all Lampo employees were searched for the month of June 2019 (the month in which Plaintiff was applying and interviewing for the job he received and held during his employment at Lampo) for messages related to Brad Amos.

b. Lampo's applicant tracking system for all documents related to Plaintiff, which includes messages among employees who interviewed Plaintiff or were involved with the hiring process.

c. Messages from August 12, 2019 through August 20, 2020 containing the terms "Brad" or "Amos" in the following custodians' Outlook accounts: Lara Johnson, David DiCiccio and Luke Lefevre. Defendant Lampo will run this search using the following date parameters: January 1, 2019 through August 11, 2019 and August 21, 2020 through December 31, 2020 ("Additional Date Parameters").

Defendant Lampo reviewed over 12,000 documents that were returned in these searches and produced all documents related to the allegations in the lawsuit. If Defendant Lampo discovers any additional statements that are responsive to this Request No. 2, then it will produce them unless they are protected by the attorney-client privilege or work product doctrine, in which case they will be withheld and a privilege log compliant with FRCP 26(b)(5)(A) will be provided.

4. The complete contents of any other file maintained in Plaintiff's name by Defendant.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 4.*

**As Defendant Lampo reasonably interprets this request, the personnel file produced with the Initial Disclosures is the only file Defendant Lampo maintained in Plaintiff's name.**

6. All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 6.*

**Per the Court's Order (Doc. #67), Defendant Lampo will respond to this Request No. 6 by producing all messages in Plaintiff's Outlook account maintained by Defendant Lampo.**

7. All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 7.*

**Objection. Request No. 7 seeks documents that are neither relevant nor proportional to the needs of this case. This would require Defendant Lampo to search the accounts of its nearly 1,000 employees for "Brad" and "Amos." When Defendant Lampo searched the accounts of the three (3) employees who supervised Plaintiff or his work for "Brad" and "Amos," approximately 11,000 documents were found. Defendant Lampo has produced documents responsive to this request as described in Response to No. 2 and anticipates producing additional documents responsive to this request once it completes its additional searches using the Additional Date Parameters. If there are documents in the additional**

**searches that are protected from disclosure by the attorney-client privilege or the work product doctrine, then Defendant Lampo will withhold those documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

8. Any and all documents, communications, and/or training material provided to Plaintiff during his employ by Defendant.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 8.*

**Objection. Request No. 8 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Specifically, it is impossible for Defendant Lampo to know every document or communication that was ever provided to Plaintiff during the course of his employment by any employee of Defendant, whether or not in the course and scope of employment. Without waiving this objection, see Responses No. 2 and No. 6. Also, see the Initial Disclosures.**

9. Any and all documents, communications, statements and/or recruiting material provided to Plaintiff at any time during the hiring process.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 9.*

**Defendant Lampo searched its entire Outlook for all employees for "Brad Amos" in the month of June 2019, which is when Plaintiff was interviewing for the job he eventually received. In addition, Defendant Lampo provided all documents in its applicant tracking system related to Brad Amos. Defendant Lampo is not aware of any documents responsive to this request that have not already been produced.**

10. Any document required to be submitted by Plaintiff during the entirety of his

4

employment.

**RESPONSE:** *This response replaces Defendant Lampo's original response to this Request No. 10.*

**Objection. Request No. 10 seeks documents that are not proportional to the needs of the case. Specifically, if Plaintiff seeks documents beyond those in Plaintiff's Outlook account, the Outlook accounts of the three custodians who were responsible for supervising Plaintiff and/or directing his work, the documents identified by the supervisors and the personnel file, then the request is not proportional to the needs of the case. Without waiving this objection, Defendant Lampo has provided Plaintiff's entire personnel file and it will produce the entire contents of Plaintiff's Outlook account that was provided by Defendant Lampo during his employment.**

11. Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.

**RESPONSE:** *This response replaces Defendant Lampo's original response to Request No. 11.*

**All responsive documents have been produced and no privileged documents were discovered prior to August 20, 2020. Defendant Lampo will produce any additional responsive and non-privileged documents that it discovers when it performs the additional searches using the Additional Date Parameters. If there are documents in the additional searches that are protected from disclosure by the attorney-client privilege or the work product doctrine, then Defendant Lampo will withhold those documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

12. A copy of any documents included in or relating to any investigation performed by Defendant relating to Plaintiff for any reason.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 12.*

**Defendant Lampo did not conduct an investigation prior to August 20, 2020 so there are no responsive documents have have been produced. Should Defendant Lampo discover any documents from August 21, 2020 through December 31, 2020 that relate to an investigation relating to Plaintiff's termination of employment, it will produce them. If the documents are protected by the attorney-client privilege or the work product doctrine, it will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

13. A copy of any document which relates in any way to the termination of the Plaintiff by Defendant.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 13.*

**See Defendant's response to Request No. 2 and Request No. 6 as well as the documents produced as of the date of these Supplemental Responses. Defendant Lampo is not aware of any other responsive documents in its possession dated prior to August 20, 2020 that have not been produced. Defendant will produce any documents responsive to this request that it discovers after the date of this response. If any documents discovered after the date of this response are protected by the attorney-client privilege or the work product doctrine, Defendant Lampo will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

14. A copy of any document which relates in any way to the job performance of the

Plaintiff.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 14.*

**See Defendant's response to Request No. 2 and Request No. 6 as well as the documents produced as of the date of these Supplemental Responses. Defendant Lampo is not aware of any other responsive documents in its possession dated prior to August 20, 2020 that have not been produced. Defendant will produce any documents responsive to this request that it discovers after the date of this response. If any responsive documents discovered after the date of this response are protected by the attorney-client privilege or the work product doctrine, Defendant Lampo will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

15. A copy of any statements made by any individual who has personal knowledge of discoverable matters or matters likely to lead to discoverable material.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 15.*

**Objection. Request No. 15 is vague and seeks documents that are not proportional to the needs of this case. Specifically, the request seems to seek documents that are outside of the control of Defendant Lampo from individuals who have no relationship to Defendant Lampo. Without waiving this objection, See Defendant's response to Request No. 2 and Request No. 6 as well as the documents produced as of the date of these Supplemental Responses. Defendant Lampo is not aware of any other responsive documents in its possession dated prior to August 20, 2020 that have not been produced. Defendant will produce any documents responsive to this request that it discovers after the date of this response. If Defendant discovers any**

**documents after this response that are protected by the attorney-client privilege or the work product doctrine, Defendant Lampo will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

19. Produce all document(s) and things, including electronically stored information, evidencing or supporting Defendant's denial that it violated the Title VII of the Civil Rights Act related to Plaintiff's claims in this lawsuit. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 19.*

**See Defendant Lampo's response to Request No. 2 and Request No. 6 as well as the documents produced as of the date of these Supplemental Responses. Defendant Lampo is not aware of any other responsive documents in its possession dated prior to August 20, 2020 that have not been produced. Defendant will produce any documents responsive to this request that it discovers after the date of this response. If Defendant discovers any responsive documents after the date of this response that are protected by the attorney-client privilege or the work product doctrine, Defendant Lampo will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

20. If not already provided, produce each and every document(s) and thing, including electronically stored information, that supports or contradicts any denial or defense asserted by Defendant, which has not been produced in response to the foregoing Requests for Production. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request*

*No. 20.*

**Defendant Lampo has not yet asserted any denials or defenses apart from the Second Motion to Dismiss which is based solely on the First Amended Complaint.**

21. If not already provided, produce all documents and things, including electronically stored information, making reference to the decision to terminate Plaintiff. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 21.*

**See Defendant Lampo's response to Request No. 2 and Request No. 6 as well as the documents produced as of the date of these Supplemental Responses. Defendant Lampo is not aware of any other responsive documents in its possession dated prior to August 20, 2020 that have not been produced. Defendant will produce any documents responsive to this request that it discovers after the date of this response. If any documents discovered after the date of this response are protected by the attorney-client privilege or the work product doctrine in which event, Defendant Lampo will withhold the documents and provide a privilege log compliant with FRCP Rule 26(b)(5)(A).**

22. If not already provided, produce each and every document(s) and thing, including electronically stored information, which were reviewed and/or considered in making the decision to terminate Plaintiff. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE**: *This response replaces Defendant Lampo's original response to Request No. 22.*

**Defendant Lampo has produced all documents in its possession responsive to this**

9

**request.**

>Respectfully submitted,
>
>/s/Leslie Goff Sanders
>Leslie Goff Sanders (TN #18973)
>Daniel Crowell (TN #31485)
>Stephen Stovall (TN #37002)
>BARTON PLLC
>611 Commerce Street
>Suite 2603
>Nashville, TN 37203
>Telephone: (615) 340-6790
>Fax: (615) 238-6762
>lsanders@bartonesq.com
>dcrowell@bartonesq.com
>sstovall@bartonesq.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on February 2, 2023, I sent the foregoing *Supplemental Responses to Plaintiff's First Request for Production of Documents to Defendant Lampo Group* via email to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

>/s/Leslie Goff Sanders
>Daniel Crowell (TN #31485)
>*Attorney for Defendants*