UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**DEFENDANT, THE LAMPO GROUP, LLC'S, RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, The Lampo Group, LLC,[1] ("Lampo") by and through the undersigned counsel and pursuant to the Fourth Modified Case Management Order (Doc. #71), files this response in opposition to Plaintiff's Motion to Compel (Doc. #75).

**I.    SUMMARY OF LAMPO'S DISCOVERY EFFORTS**

To date, in this *single-plaintiff employment case*, Lampo has reviewed nearly 46,000 documents totaling nearly 100,000 pages in response to Plaintiff's exceedingly broad discovery requests.

Of the nearly 46,000 documents and 100,000 pages that Lampo has reviewed, the company has produced the following documents to Plaintiff:

**1.    Lampo's Initial Disclosures.** Lampo produced Plaintiff's entire personnel file, all company policies, and every document related to Plaintiff in the company's applicant tracking system as LAMPO0001-0113, 0509-0519. These documents were provided on April 11, 2022, and supplemented on October 24, 2022.

---

[1] Plaintiff's Motion to Compel only seeks discovery from Lampo and, therefore, only Lampo has filed a response.

1

2. **Lampo's Responses to Plaintiff's First Request for Production of Documents.**

In response to Plaintiff's First Request for Production of Documents, which would have required Lampo to search for and review literally hundreds of thousands of documents including the Outlook accounts of over 1,000 former and current employees with no date parameters, Lampo conducted the following more proportionate search:

    a. The Outlook accounts (including Microsoft Teams messages, calendars and emails)[2] of all employees of Lampo in June 2019 (the month in which Plaintiff was interviewed for employment) for any messages related to Brad Amos;

    b. The Outlook accounts of Lara Johnson, David DiCicco, and Luke Lefevre (the employees who supervised Plaintiff or helped evaluate his performance) for *any e-mails* containing the terms "Brad" or "Amos" from August 12, 2019, through July 31, 2020 (the full duration of Plaintiff's employment); and

    c. The Outlook account of Plaintiff from February 1, 2020, through July 31, 2020, for the terms "COVID" and "Corona."

This search returned approximately 12,000 documents[3], all of which Lampo reviewed for responsiveness. Of those approximately 12,000 documents, only around 400 pages were responsive to Plaintiff's First Request for Production of Documents. Defendant produced those responsive pages on September 22, 2022 (LAMPO 0114-0508) and November 8, 2022 (LAMPO0520-0553).[4]

---

[2] Lampo conducts business using Outlook.

[3] References to "documents" are not the same as references to "pages." Most documents contain multiple pages.

[4] Lampo realized that its original search inadvertently went "up to" July 31, 2020 (the date Plaintiff's employment was terminated) instead of "through and including" July 31, 2020, so

2

Case 3:21-cv-00923 Document 77 Filed 03/01/23 Page 2 of 12 PageID #: 2261

3. **Lampo's First Supplemental Responses to Plaintiff's First Request for Production of Documents.** Despite Lampo's extensive document review, Plaintiff was not satisfied with the documents he received. In an attempt to pacify Plaintiff's counsel and avoid a discovery dispute, Lampo voluntarily agreed to extend the date of its e-mail searches described *supra* in Section 2(b) to August 20, 2020 (the date that Plaintiff's counsel sent a demand letter to Lampo). Lampo also voluntarily agreed to search Plaintiff's entire Outlook account for e-mails that contained any of the following terms *proposed by Plaintiff*:

> Zoom, devotional, "one on one," "one-on-one," deadline, "edit bay," "meeting link," "endorsed local provider," "ELP," Documentary, "weakness of spirit," "pray and keep moving forward," "pray away," humble, humility, "on-board," onboard*, "Ramsey Way," "safety protocols," "social distancing," social distance," Quarantin*, "personal protective equipment," "PPE," "peer review," EEOC, grievance, N95, "eye shields," mask, wife, marriage, spouse, lawsuit, charge, discriminat*, harass*, complain*, retaliate*, Summit, Gaylord, Marriott.

The additional searches generated 573 documents. After reviewing those 573 documents for responsiveness, Lampo produced approximately 900 additional pages of documents to Plaintiff (LAMPO0717-01631) on December 16, 2022.

4. **Plaintiff's Second Request for Production of Documents.** In response to Plaintiff's second, even broader requests for production, Lampo searched for and produced agendas for all company-wide staff meetings from January 1, 2019 (*eight months before Plaintiff's employment began*) through the termination of Plaintiff's employment on July 31, 2020, as LAMPO1632-1722. Lampo also searched for documents related to its designation as a

---

Lampo ran the same search "through and including" July 31, 2020 and produced additional responsive documents.

"Best Place to Work" and produced responsive documents as LAMPO1723-1758. Lampo also produced a list of videos that Plaintiff worked on while employed as LAMPO1759-1797.[5]

5.  **Lampo's Supplemental Production in Response to Court's Order (Doc. #67).**
On January 24, 2023, the Court ordered Lampo to conduct additional searches and produce additional documents. (Doc. #67). Lampo fully complied with the Order and produced the following:

   a. Plaintiff's *entire* Outlook account without regard for content, totaling 6,561 documents and 15,709 pages, which Lampo reviewed and produced in its entirety on February 15, 2023, as LAMPO1810-17579;

   b. The search described *supra* in Section 2(b) for the seven-month period *before Plaintiff's employment began*—January 1, 2019 to August 11, 2019—which yielded an additional 19,260 documents. Lampo reviewed all of those documents and produced 31,549 pages that referenced Plaintiff on February 15, 2023; and

   c. The search described *supra* in Section 2(b) for the four-month period after Lampo received a demand letter from Plaintiff's counsel—August 21, 2020 to December 31, 2020—which yielded 7,312 documents. Lampo reviewed all of those documents and produced any that referenced Plaintiff on February 15, 2023, except for 41 privileged documents that were identified to Plaintiff on a contemporaneously produced privilege log. All 41 documents withheld based on

---

[5] Lampo has not yet produced the actual videos because it is waiting on instructions from Plaintiff's counsel on preferred formatting per an email on February 2, 2023.

privilege were created *after* Plaintiff's employment was terminated and Lampo had received a demand letter from Plaintiff's counsel.[6]

Despite Lampo's exhaustive document review and production, which has already far exceeded the normal scope of discovery for a single-plaintiff employment case, Plaintiff remains dissatisfied. He audaciously accuses Lampo of failing to cooperate in discovery, obstructing discovery, and even hiding documents. Nothing could be further from the truth.

Lampo has diligently complied with *all* applicable Federal Rules of Civil Procedure, Local Rules, Court orders, and rules of professional conduct throughout this case, at times even voluntarily complying with unreasonable discovery requests and refraining from responding to Plaintiff's outbursts to diffuse Plaintiff and avoid embroiling the Court in a dispute. Plaintiff is frustrated by Lampo's discovery responses in this case for one reason—despite receiving 49,252 pages of documents so far in discovery, he has not found what he is looking for, *because it does not exist*. But rather than accepting that there is simply no evidence to support his allegations and claims against Lampo in this case as required by Rule 11, Plaintiff has embarked on an endless, ever-broadening fishing expedition that runs completely counter to the proportionality considerations of Rule 26. Plaintiff's conduct in this case turned vexatious long ago and must be stopped.[7]

---

[6] Of the thousands of documents that Lampo has reviewed and produced in this case, those 41 documents are the only documents that Lampo has withheld based on privilege.

[7] Plaintiff's conduct is made worse by the fact that Lampo promptly filed legitimate, non-frivolous motions to dismiss in this case approximately one year ago that would dispose of all his claims. (Docs. #14, 30).

5

## II. LAMPO'S RESPONSES TO THE SPECIFIC ALLEGATIONS IN PLAINTIFF'S MOTION TO COMPEL

Against the foregoing backdrop of Lampo's discovery efforts to date, the company addresses the specific allegations in Plaintiff's Motion to Compel as follows:

### 1. Lampo's Responses to Plaintiff's First Request for Production of Documents

**Request No. 5.** **All documents or things signed or filled out by Plaintiff relating to the obtaining or holding of employment or any other matter.**

Lampo has produced Plaintiff's entire Outlook account, his entire personnel file, every document related to his hiring, and every document related to his employment belonging to anyone responsible for supervising him. There is nothing else to produce.

**Request No. 10**. **Any document required to be submitted by Plaintiff during the entirety of his employment.**

*See* Lampo's response *supra* to Request No. 5. Plaintiff seems to think that Lampo is withholding something related to "Best Place to Work." Lampo produced all documents related to this *and* every single document in Plaintiff's personnel file, his entire Outlook account, and every single document in the company's applicant tracking system related to his hiring.

**Request No. 6.** **All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.**

Lampo has produced Plaintiff's entire Outlook file. Any other correspondence he had with the employees of Defendant should be in Plaintiff's possession. Plaintiff is obviously in the best position to produce such documents. Instead, Plaintiff wants Defendant to search messages of all 1000 employees for any correspondence with Plaintiff.

**Request No. 7**. **All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way.**

For the very first time in his Motion to Compel, Plaintiff takes issue with Lampo's Outlook searches. Now, he wants text messages. The original unbridled request sought every text

message of any past or present employee at Lampo who may have mentioned Plaintiff. Because of the impossibility of complying with such a broad request, Lampo proposed searches of Outlook accounts of Plaintiff, his supervisors, and the person who made the decision to terminate his employment. Lampo primarily uses Outlook to conduct business. In the numerous e-mails, letters, and phone calls between counsel discussing these discovery disputes, Plaintiff never raised an objection to the search of Outlook accounts only. More importantly, Plaintiff has never objected to searching Outlook accounts in lieu of text messages in any documents filed with the Court or hearing before the Court.

Perhaps even more remarkable is Plaintiff's demand, also made for the very first time in his Motion to Compel, for Lampo to conduct e-mail searches of additional custodians beyond the three already provided. Lampo's search of the Outlook accounts of Plaintiff and the three existing custodians yielded nearly 100,000 pages of documents. Yet Plaintiff now suddenly demands searches of the following: (1) any member of the HR committee, (2) Daniel Cortez, (3) Molly Dimmitt, (4) JB Waggoner, (5) Mark Floyd, (6) Armando Lopez, and (7) the named Defendants, which presumably includes Dave Ramsey and every single employee at Lampo. Plaintiff has had emails from the HR committee regarding Plaintiff since September 2022 as they were included in the emails of Lara Johnson and Luke Lefevre. Daniel Cortez is the General Counsel of Lampo and there is absolutely no justifiable reason to search his email, all of which is privileged as it relates to Plaintiff. JB Waggoner and Armando Lopez have been known to Plaintiff for months and both were identified as potential witnesses. Lopez has been deposed and Waggoner was scheduled to be deposed before Plaintiff cancelled his deposition. Molly Dimmitt was the administrative assistant to Luke Lefevre. There is no cognizable reason to search her messages.

7

Plaintiff cannot raise new discovery issues for the first time in his Motion to Compel, particularly at this stage in the case. He has had all the information necessary to raise these new objections and requests with Lampo and, if necessary, the Court for months. Plaintiff's tardiness results from his lack of organization and attention to detail. It should not be excused.

**Request No. 11.** **Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.**

Plaintiff takes issue with Lampo's response that it "will produce any additional responsive and non-privileged documents that it discovers when it performs the additional searches using the Additional Date Parameters." Lampo only responded in future tense because the company provided the supplemental responses on February 2, 2023, and the responsive documents on February 15, 2023 in accordance with the Fourth Modified Case Management Order (Doc. #71). To be clear, Lampo has produced all responsive documents, so Plaintiff's objection is moot.

2. **Lampo's Responses to Plaintiff's Second Request for Production of Documents**

**Request No. 1**. **A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021.**

**Request No. 5**. **A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.**

**Request No. 13.** **A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.**

Staff meetings and devotionals are both held weekly. Lampo does not systematically record video of every staff meeting or devotional, but often records audio of the meetings. Each meeting typically lasts an hour. The audio recordings requested by Plaintiff, alone, would be over 300 hours long and have little or no relation to Plaintiff's claims. This is wildly disproportionate.

8

Case 3:21-cv-00923   Document 77   Filed 03/01/23   Page 8 of 12 PageID #: 2267

Lampo provided Plaintiff with agendas for all staff meetings, which should have allowed Plaintiff to narrow his request to audio recordings of specific meetings. Likewise, although there are no agendas for devotionals, Plaintiff attended the devotionals while employed and should have been able to narrow his request to audio recordings of specific devotionals. But Plaintiff has never made any attempt to narrow his request; instead, he has consistently sought production of all 300+ hours of audio recordings of staff meetings and devotionals, regardless of content plus any videos.

**Request No. 2**. **A copy of all videos, audio recordings, notes and/or written transcripts from all meetings with Plaintiff during his employment.**

**Request No. 3.** **A copy of all correspondence, notes and/or statements regarding any meeting with Plaintiff during his employment.**

**Request No. 14**. **A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.**

"Meeting" is broad and ambiguous. Lampo has provided every entry on Plaintiff's Outlook calendar as well as every calendar entry of Plaintiff's supervisors that relate to Plaintiff. Lampo has also produced every document in its possession related to meetings with Plaintiff. Plaintiff's Motion to Compel is seeking documents that Lampo has already produced to him. He should have reviewed the documents produced by Lampo more closely before filing it.

**Request No. 4.** **A copy of all notes, statements or other documents regarding Plaintiff.**

Plaintiff's only objection is that Lampo stated it "will" produce documents. As Lampo noted *supra,* the company provided supplemental responses on February 2, 2023 and responsive documents on February 15, 2023. To be clear, Lampo has produced all responsive documents so Plaintiff's point is moot.

**Request No. 6**. **A copy of all videos Plaintiff worked on during his employment.**

On February 2, 2023, Lampo produced the list of projects and agreed to produce the videos as soon as Plaintiff specifies how he would like the videos to be produced. This is moot.

**Request No. 15. A copy of all communications between any employees of Defendant regarding Plaintiff's employment, personal life, spouse, and/or applications for employment from 2017 through 2021.**

Plaintiff cannot seriously expect Lampo to search for all communications of its 1,000+ employees over a four-year period for any reference to Plaintiff. The document searches that Lampo has already conducted are sufficient and proportionate.

**Requests No. 18, 19, 20 and 23. Requests related to "best place to work" designation.**

Lampo produced information about the vendor, INC Magazine, and the communications between Lampo and INC Magazine. Lampo has also produced Plaintiff's entire Outlook account. Again, Plaintiff expects Lampo to search the emails of 1,000+ employees which is wildly disproportionate to the needs of this case.

**Second Deposition of Defendant Lampo's 30(b)(6) Representative**

Lampo objects to Plaintiff's request to re-depose a 30(b)(6) witness as it is premature. Plaintiff has not provided a proper notice of topics for the additional 30(b)(6) witness. Plaintiff has had all documents related to his interview and hiring process since October 24, 2022, and all documents related to his performance and the decision to terminate his employment since November 8, 2022. If Plaintiff reviews the 49,245 pages of documents he has received and can articulate additional 30(b)(6) topics, he should be required to comply with FRCP 30(b)(6) and provide a proper notice.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on March 1, 2023, I caused the foregoing *Defendant, The Lampo Group, LLC's, Response in Opposition to Plaintiff's Motion to Compel,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren Irwin
Brandon Hall
Cullen Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendants*