IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 3:21-CV-00923 |
| THE LAMPO GROUP, LLC, d/b/a RAMSEY SOLUTIONS and DAVE RAMSEY | ] JURY DEMAND |
| Defendants. | ] |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL[1]

Defendants in this matter consistently tout the sheer number of documents they claim to have reviewed in this matter. Plaintiff admits Defendants did indeed "dump" many documents in response to Plaintiff's requests. A great majority of which are non-responsive and irrelevant to the case. Plaintiff would state it is not a numbers game when it comes to discovery; the question is always whether or not Defendant provided documents actually responsive to the requests submitted. A "document dump…." does not comply with a party's discovery obligations. *Stooksbury v. Ross*, 528 F. App'x 547, 550 (6th Cir. 2013); *Neale v. Coloplast Corp.*, No. 118CV00274TRMSKL, 2020 WL 6948361, at *6 (E.D. Tenn. Nov. 2, 2020).[2]

Defendant also go on for pages explaining their method for collecting these discovery documents. ***The method Defendant used to collect any documents in discovery is irrelevant, the only question that should be answered is whether Defendant has actually provided the documents requested by Plaintiff.***[3]

---

[1] If specific requests were not addressed in this Reply, they are not agreed to; however, a reply is not necessary as the parties have already presented their positions clearly
[2] Attached hereto as Exhibit A
[3] Defendant's Response to Plaintiff's Motion to Compel (Doc 77, pp 1-5)

### I. Specific Discovery Requests in Plaintiff's First Request for Production

**Request No. 5:** All documents or things signed or filled out by Plaintiff relating to the obtaining or holding of employment or any other matter

**Request No. 11:** Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.

Defendant claims for the first time in their response they have produced everything responsive to this request. As such, Plaintiff will strike these requests from their Motion to Compel at this time.

**Request No. 10:** Any document required to be submitted by Plaintiff during the entirety of his employment.

Regardless of what Defendant tells us they have produced, they simply refuse to state they have produced everything responsive to this request.

**Request No. 6:** All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.

**Request No. 7:** All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way. See definitions above.

Unfortunately, in typical fashion in this litigation, Defendants use their response to this Motion to Compel to disparage Plaintiff's counsel and engage in childish name calling.[4] Plaintiff will not engage Defendant on this particular portion of their response.

Defendants claim Plaintiff at some point gave up on part of these requests but provide no evidence of this. They also falsely claim that Plaintiff tried to expand a discovery request when he was making a good faith offer to limit a request. Most ridiculously, they falsely claim Plaintiff brings this issue up for the first time in his Motion to Compel.

*Plaintiff's good faith attempt to limit the requests*

In his Motion to Compel, Plaintiff in a good faith effort to limit a discovery dispute attempted to limit the above requests to certain employees. Defendant responded "Plaintiff now demands searches

---

[4] Defendants Response to Plaintiff's Motion to Compel (Doc 77, p. 8)

of the following…..". Plaintiff made no such demand. Plaintiff made an offer to compromise on this dispute in good faith. Defendant also claims falsely that Armando Lopez has been deposed individually[5]; he was the 30(b)(6) representative chosen by the Defendant. Plaintiff has been waiting to have all the documents he requested in discovery before proceeding with the remaining depositions; a perfectly normal approach to discovery. Plaintiff can agree to remove Daniel Cortez from the list of persons to whom the request should apply.

<em><u>Defendants' claim Plaintiff never brought up text messages until the Motion to Compel</u></em>

Defendants claim Plaintiff surprised them by insisting they answer the requests as written by falsely claiming Plaintiff is bringing up the issue of text messages for the first time in his Motion to Compel. The record shows differently. On September 14, 2022[6] correspondence regarding Defendants' response to Plaintiff's Request for Production, Plaintiffs stated:

> "Request for Production Nos 6-7:
>
> You produced no documents related to this request although you have stated you will be instead only producing what you feel like producing: please respond to the request as written. Further, please identify how you determined relevance as to these documents."

The parties were unable to resolve the issues and they eventually filed a joint discovery dispute statement. Plaintiff included these requests in their entirety in the Joint Statement.[7]

Plaintiff expressly stated in the joint statement: "**<u>Defendant, by their own admission, also failed to review text messages.</u>**"[8] Clearly, Plaintiff felt the text messages were part of the discovery dispute on the date the Joint Statement was filed. Defendants were sent a complete copy of the joint statement prior to it being filed and they indicated they had no problem with the wording and Plaintiff

---

[5] Doc 77, p. 7
[6] Attached hereto as Exhibit B
[7] Doc 63, pp 5-6
[8] Doc 63, p. 6

had permission to file.[9] Defendants' portion of the Joint Discovery Dispute statement did not claim Plaintiff had foregone this claim in any way. They did not dispute it was in fact an issue in dispute. Defendants' claim the first time Plaintiff brought up the issues of text messages is in his Motion to Compel is simply a falsehood.[10] [11] Defendants "now he wants text messages!" hair on fire accusation is disingenuous at best.

## II. Specific Discovery Requests in Plaintiff's Second Request for Production

**Request No. 4:** A copy of all notes, statement, or other documents regarding Plaintiff

Defendants claim for the first time in their response they have produced all responsive documents; as such Plaintiff will strike this request from their Motion at this time.

**Request No. 1:** A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021.

**Request No. 5:** A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.

**Request No. 13:** A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.dcv fgdre

Plaintiff's requests have been limited by this court to certain dates.[12] The Defendants do not claim it will be difficult for them to retrieve the items sought. Defendants claim they do not record devotional meetings, however, attorneys for Defendants have stated in open court they are in fact recorded.[13] These recordings should be produced.

---

[9] E-mail Attached hereto as Exhibit C; Doc 63 which contains the language "Defendant, by their own admission, also failed to review text messages" was filed by the Defendants. The parties agreed Plaintiff would send Defendant their position statement, Defendant would add their response and then file. This is in fact what happened.

[10] The issue the Defendant is probably facing is that many of the text messages sought have been improperly deleted and are seeking to avoid a spoliation claim. Plaintiff informed Defendants litigation was imminent in this matter in an e-mail dated August 20, 2020 (Exhibit D), however, Defendant did not issue a litigation hold until nearly a month later. (Exhibit E and F). Defendant expressly admitted the litigation hold notice was sent by Plaintiff on August 20, 2020. (Doc 63, page 25) Defendant Lampo is no stranger to litigation, they understand their responsibilities under the rules. They initially made the novel claim that the litigation hold was protected by privilege in an attempt to hide this from Plaintiff.

[11] Defendant does maintain cell phones for managerial employees. Exhibit G- Transcript from Hogan proceedings Oct. 3, 2019, p. 35, l. 13-18

[12] Doc 67, p. 2, paragraph 7

[13] Exhibit G- Transcript from Hogan proceedings Oct. 3, 2019, p. 30, l. 2-9

**Request No. 2:** A copy of all videos, audio recordings, notes, and/or written transcripts from all meetings with Plaintiff during his employment.

**Request No. 3:** A copy of all correspondence, notes, and/or statements regarding any meeting with Plaintiff during his employment.

**Request No. 14:** A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.

Defendants have produced calendar entries for Plaintiff and said he should be happy with that. Plaintiff's request is much more broad and these documents should be produced. Defendants do not claim they have produced all documents in their possession responsive to this request. Only that they "dumped" a lot of documents Plaintiff did not request.

**Request No. 6:** A copy of all videos Plaintiff worked on during his employment.

Plaintiff requests Defendant provide the video in either .mp4 or .mov format. They do not seem to object to producing them, as such Plaintiff will strike these from his Motion once they are produced.

**III.  Second Deposition of 30(b)(6) representative**

Defendants do not seem to object to this request. Plaintiff will provide a notice and Defendants will have a chance to seek a protective order should they wish regarding any topic on the notice.

                                            Respectfully Submitted,

                                            /s/ Jonathan A. Street
                                            Jonathan A. Street, BPR No. 02172
                                            Lauren Irwin, BPR No. 038433
                                            1720 West End Ave, Suite 402
                                            Nashville, TN 37203
                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on February 22, 2023, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
611 Commerce Street, Suite 2603
Nashville, TN 37203

                                            */s/* Jonathan A. Street