IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS ) | |
| ) | Case No. 3:21-cv-00923 |
| v. ) | Richardson/Holmes |
| ) | |
| THE LAMPO GROUP, LLC and ) | |
| DAVE RAMSEY ) | |

# **ORDER**

Pending before the Court is Plaintiff's Motion to Compel. (Docket No. 75.)[1] Defendant The Lampo Group LLC responded in opposition (Docket No. 77) and Plaintiff filed a reply (Docket No. 80).[2] For the reasons that follow, Plaintiff's motion (Docket No. 75) will be GRANTED.

## Background

Familiarity with this case and with the circumstances of this discovery dispute are presumed and are not again recited here except as necessary for explanation of or context to the Court's ruling. The genesis of this litigation is Plaintiff's employment by Defendant from August 2019 to July 2020 when he was terminated. (Docket No. 21 at ¶¶ 53, 318–19.) Plaintiff asserts that he was demoted and then terminated because he and his wife did not agree with positions taken by

---

[1] Plaintiff's motion does not comply with applicable Local Rules or this Court's prior orders. Specifically, Plaintiff did not separately file a memorandum of law in support of his motion as required by Local Rule 7.01(a)(2). Further, Plaintiff's motion exceeds 10 pages in violation of this Court's January 24, 2023 order. (Docket No. 67 at 3.) The Court reminds Plaintiff to closely review and abide by the requirements set forth in the Local Rules and all applicable Court orders. Failure to comply in the future may become increasingly consequential.

[2] In this motion, Plaintiff is seeking to compel discovery from Defendant The Lampo Group LLC and not Defendant Dave Ramsey. Accordingly, the use of "Defendant" in this order shall refer only to Lampo, unless otherwise noted.

Defendant (or its CEO, Defendant Dave Ramsey) regarding the COVID-19 pandemic. (*See, e.g.*, *id.* at ¶¶ 150, 154, 178, 183, 248.)

In his First Amended Complaint, Plaintiff alleges that Defendant: (1) retaliated against Plaintiff because of his stances and actions regarding the COVID-19 pandemic in violation of the Tennessee Public Protection Act (*id.* at ¶¶ 330–33); (2) committed religious discrimination against Plaintiff under Title VII of the Civil Rights Act of 1964 (*id.* at ¶¶ 334–47); (3) committed religious discrimination against Plaintiff under the Tennessee Human Rights Act[3] (*id.* at ¶¶ 348–53); (4) engaged in fraud when hiring Plaintiff[4] (*id.* at ¶¶ 356–66); (5) is liable to Plaintiff under a theory of promissory estoppel (*id.* at ¶¶ 367–72); and (6) made deceptive representations to Plaintiff regarding his future employment in violation of Tenn. Code Ann. § 50-1-102 (*id.* at ¶¶ 373–80). In response to these allegations, Defendant filed a motion to dismiss, which is pending.[5] (Docket No. 30.)

The parties have engaged in discovery, including the exchange of written discovery, the production of documents, and the taking of depositions. (Docket No. 53.) They have also engaged in several discovery disputes, for which they have previously been reproached by this Court, though these admonishments continue to go unheeded. As this Court previously stated:

> It is clear to the Court from the parties' filings that the Court's admonitions have had no impact and that the parties are intent on further straining the Court's already limited resources with their inability or unwillingness to manage this case, including discovery, without judicial intervention, which impairs not only the efficient and expeditious resolution of the parties' disputes in this case but also

---

[3] Plaintiff also alleges that Defendant Dave Ramsey committed religious discrimination against Plaintiff under the Tennessee Human Rights Act. (Docket No. 21 at ¶¶ 354–55.)

[4] Plaintiff also alleges that Defendant Dave Ramsey engaged in fraud. (*Id.* at ¶ 358.)

[5] Defendant Dave Ramsey also filed a motion to dismiss, which is pending. (Docket No. 28.)

interferes with the Court's responsibility to administer justice fairly, promptly, and adequately to all litigants in all other cases.

(Docket No. 71 at 1 (citing *Ciccio v. SmileDirectclub, LLC*, Case No. 3:19-cv-00845, 2021 WL 3291787, at *3 (Aug. 2, 2021).)

With respect to the present dispute, following a telephonic discovery conference on January 23, 2023, the Court entered an order resolving several of the parties' pending discovery disputes, including issues related to potential withholdings of documents, privilege objections, litigation hold letters, supplemental written responses, and more. (Docket No. 67.) The Court set a temporal limit for all discovery requests from January 1, 2019 through December 31, 2020, and ordered Defendant to supplement discovery responses and productions. (*Id.* at ¶¶ 1, 3, 4, 6–7.) The Court also included the following provision:

> Following Defendants' supplemental discovery responses and production, if there remain any issues in dispute, Plaintiff may file a motion to compel, by the deadline to be set by further order. . . . Such motion may be filed without the necessity of an additional round of attempted resolution. Such motion must be filed and briefed, including responsive briefing, in accordance with Local Rule 7.01(a), except that (i) the memoranda of law or briefs in support of or in opposition to the motion **shall not exceed 10 pages**, exclusive of case caption, signature blocks, and certificate of service and (ii) no reply is permitted except by order of the Court for good cause shown.

(*Id.* at ¶ 9 (emphasis in original).) The Court directed the parties to file a *joint* motion to set deadlines for the supplemental discovery responses (*id.* at ¶ 8), but Plaintiff filed its own motion to which Defendant responded (*see* Docket Nos. 69, 70). In response to the parties' continued contentious filings, the Court issued a Fourth Modified Case Management Order in which it set forth deadlines and laid out the parties' responsibilities regarding discovery. (Docket No. 71.) The Court set February 22, 2023 as the deadline for Plaintiff to file a motion to compel as permitted in the above quoted paragraph. (*Id.* at ¶ 1(vii) (citing Docket No. 67 at ¶ 9).) The Court reiterated that

3

both parties faced a 10-page limit for their memoranda of law in support of or in opposition to the motion to compel. (*Id.*).

On February 22, 2023, Plaintiff filed the instant motion in which it seeks to compel Defendant to (1) supplement responses to 15 requests for production from Plaintiff's first and second sets of requests (Docket No. 75 at 1–11),[6] and (2) undertake a "second deposition" of its Rule 30(b)(6) witness (*id.* at 11–12).[7] In response, Defendant argues either that it has already produced the requested documents, does not have the requested documents in its possession, or that the requests are some combination of overly broad, vague, and/or not proportionate to the needs of the case. (Docket No. 77 at 6–10.) Further, Defendant believes Plaintiff's request to re-depose Defendant's Rule 30(b)(6) witness is "premature" because Plaintiff has not provided a proper deposition notice with additional topics. (*Id.* at 10.)

**Legal Standards and Analysis**

The scope and management of discovery are within the sound discretion of the trial court. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)); *see also Crawford-El. v. Britton*, 523 U.S. 574, 598–99 (1998) (trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets) (internal citations omitted); *McNeil v. Community Probation Services, LLC*, No. 1:18-cv-00033, 2019 WL 5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (scope of discovery is within the broad discretion of the trial court) (internal

---

[6] Plaintiff originally sought to compel Defendant to supplement responses to 18 requests for production, but struck certain requests from its motion, including Nos. 5 and 11 from its First Set of Requests for Production and No. 4 from its Second Set of Requests for Production.

[7] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

4

citations omitted). "[I]n deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and [her] order is overruled only if the district [judge] finds an abuse of discretion." *Spencer v. DTE Elec. Co.*, No. 15-11421, 2016 WL 8308942, at *2 (E.D. Mich. Mar. 11, 2016).

As set forth in prior orders related to discovery disputes in this matter, generally, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 authorizes a broad scope of discovery and is similarly liberally construed by federal courts. Generally, material that has some probative value in proving or disproving a claim or defense is within the scope of Rule 26. *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F.Supp.3d 818, 835 (E.D. Mich. 2015); *see also Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6939338, at *9 (W.D. Ky. Feb. 16, 2017) (collection of cases confirming broad scope of inquiry permitted by Rule 26(b)(1)). However, the scope of discovery has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *see also Hemlock Semiconductor Corp.*, 116 F.Supp.3d at 835.

Ordinarily, once discovery material sought appears to be relevant, the party who is resisting discovery must establish that the material "either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211–12 (D. Kan. 2002)). The resisting party "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Invesco*, 244 F.R.D. at 380 (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)). Courts "generally do

5

not grant protective orders without a strong showing of good cause," which must be demonstrated by the party seeking the protective order. *Invesco*, 244 F.R.D. at 380 (citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)). Although a party seeking discovery "should not be denied access to information necessary to establish her claim," a trial court nevertheless retains discretion to determine that a request is overly broad and oppressive, and the court may ensure that the party seeking discovery is not merely going "fishing." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). *See also Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.").

With respect to proportionality, the Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC,* No. 3:14-1747, 2016 WL 323748 at *1, (M.D. Tenn. Jan. 27, 2016) (quoting Fed. R. Civ. P. 26(b)(1)). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added).

6

With these general principles in mind, the Court addresses the specific disputes in the format originally set forth by Plaintiff. (Docket No. 75.)

**<u>Plaintiff's First Set of RFPs No. 10</u>**

Plaintiff requests "[a]ny document required to be submitted by Plaintiff during the entirety of his employment" and contends that Defendant "refuse[s] to state [it has] produced everything responsive to this request." (Docket No. 80 at 2.) Plaintiff asserts that relevant documents would include "documents from the 'onboarding' process, any document regarding 'best place to work poll', or other conditions and terms of employment." (Docket No. 75 at 2.) It is not clear to the Court if Plaintiff believes that Defendant has failed to produce certain documents, or if Plaintiff is seeking confirmation in writing from Defendant that it has produced all responsive documents.

It appears to the Court that, in response to this request, Defendant has produced Plaintiff's personnel file, his Outlook account, and all documents in the company's applicant tracking system related to his hiring. (Docket No. 77 at 6.) Defendant also states that it has produced all documents related to the "best place to work" issue. (*Id.*) However, in its written response to the request, Defendant asserts that the production of any additional documents would "not [be] proportional to the needs of the case." (Docket No. 75-2 at 5.)

The issues surrounding this request appear, more than anything, to be a product of miscommunication between the parties. Nevertheless, although neither party offers any argument on relevancy or proportionality, the Court finds this request to be relevant, proportional to the needs of the case, and otherwise reasonable pursuant to Rule 26(b)(1). Defendant has provided this Court with no evidence of undue burden. Accordingly, to the extent Defendant has withheld any additional responsive documents because it believes they are "not proportional to the needs of

7

the case," Defendant must produce the requested documents and materials from January 1, 2019 through December 31, 2020 (*see* Docket No. 67 at ¶ 7). Otherwise, Defendant must supplement its written response to clarify that it has produced all responsive documents.

### **Plaintiff's First Set of RFPs Nos. 6, 7**

Once again, the parties appear to be talking past one another, which leaves this Court to settle a dispute that the parties should have resolved on their own. Furthermore, the parties have provided the Court with surface level arguments unsupported by any relevant case law.[8] From what the Court can gather from the parties' muddled arguments, the real issue seems to be whether Defendant must produce text messages.

In these two requests, Plaintiff requests two categories of emails, text messages, and correspondence. The first is between Plaintiff and Defendant without limitation. The second is between any parties "in Defendant's custody or control" that relate to Plaintiff. In an attempt to resolve the dispute, Plaintiff has offered to limit the scope of the request to include only certain categories of people, including both named individuals and groups of individuals. (Docket No. 75 at 4.) In response, Defendant asserts that the parties previously came to an agreement for Defendant to undertake defined searches of Outlook accounts in lieu of searching and producing text messages. (Docket No. 77 at 7.) Plaintiff disagrees that such an agreement was made. (Docket No. 80 at 2-4.)

---

[8] In addition, Plaintiff prematurely raises the issue of spoliation in a footnote within his Reply. (Docket No. 80 at 4 n.10.) This Court takes no position on any matters related to spoliation because they are not properly before this Court. Further, the Court is unimpressed with premature accusations from either party on issues that are irrelevant to the matters at hand.

8

Case 3:21-cv-00923   Document 82   Filed 03/14/23   Page 8 of 15 PageID #: 2366

The Court finds both requests to be relevant under the broad scope of relevancy for discovery purposes. However, Request No. 7 is overly broad in its request for all documents related to Plaintiff "in any way." A more appropriate scope would be for documents related to the issues in dispute in this litigation. Nevertheless, the Court finds that Plaintiff has appropriately narrowed the scope of Request No. 7 by proposing that only communications between certain individuals and categories of individuals be produced.

Accordingly, with respect to Request No. 6, Defendant is ordered to produce any text messages between it and Plaintiff from January 1, 2019 through December 31, 2020. It appears that Defendant has already produced some emails, messages, and "other correspondence" between it and Plaintiff. Furthermore, Plaintiff would ostensibly have some or all the requested documents in its possession.

With respect to Request No. 7, Defendant is ordered to produce any "emails, messages, text messages or other correspondence" from January 1, 2019 through December 31, 2020 between those parties set forth by Plaintiff (*see* Docket No. 75 at 4), with the caveat that those text messages must be within the custody and control of Defendant. If Defendant believes that certain communications are protected by privilege, it shall respond with the appropriate objections and provide a privilege log in accordance with this Court's January 24, 2023 order. (Docket No. 67 at ¶ 2.)

**Plaintiff's Second Set of RFPs Nos. 1, 5, 13**

Plaintiff requests video recordings, audio recordings, and written transcripts of company meetings and "devotional meetings," as well as agendas or notes for "all-employee" meetings from 2019 to 2021. (Docket No. 75 at 5–6.) Defendant argues that there are several audio recordings

9

that have "little or no relation to Plaintiff's claim." (Docket No. 77 at 9.) Defendant claims that the production of these audio recordings would be "wildly disproportionate" but offers the Court no evidence to support this assertion. Accordingly, this Court finds that Defendant has not met its burden to prove that the scope of discovery is not proportional under Rule 26(b)(1).

It appears that Defendant has produced agendas for staff meetings, but it has not produced any video or audio recordings of any meetings despite stating that audio recordings are available. It is not clear to the Court what audio or video recordings are available for which categories of meetings. Neither party has clearly set forth what documents have and have not been produced, which has made it difficult for the Court to parse through their disputes.

However, to the extent Defendant has in its possession video recordings, audio recordings, and/or written transcripts of or from companywide meetings, devotional meetings, or all-employee meetings from January 1, 2019 through December 31, 2020 that it has not yet produced, Defendant shall produce those materials, which can be provided in an electronic or other easily reproducible format.[9]

**Plaintiff's Second Set of RFPs, Nos. 2, 3, 14**

These requests seek documents related to meetings between Plaintiff and Defendant, including videos, audio recordings, notes, written transcripts, correspondence, and statements. (Docket No. 75-3 at 1–2, 5.) Defendant objects to these requests because they are "vague" (*id.* at

---

[9] In its reply in support of its motion, Plaintiff cited to and separately filed a transcript from an October 3, 2019 proceeding in a separate matter, *Hogan v. Hogan*, in the Chancery Court for Williamson County, Tennessee. (Docket No. 80-7.) In this transcript, counsel for The Lampo Group LLC stated that the company "audio-record[s] devotional meetings which occur on Wednesdays as opposed to staff where we don't audio-record or video-record." (*Id.* at 30:2–4.) To the extent this practice of audio recording devotional meetings continued from January 1, 2019 to December 31, 2020, Defendant is obligated to produce such audio recordings.

10

1–2) or "neither relevant nor proportional to the needs of the case" (*id.* at 5). Defendant also argues in its response to the motion that the term "meeting" is broad and ambiguous. (Docket No. 77 at 9.) Defendant further states that it has provided Plaintiff with calendar entries, which it presumably believes has satisfied this request. (*Id.*) The Court finds that these requests are relevant under the broad scope of relevancy for discovery purposes; that Defendant has not met its burden to prove that the scope of discovery is not proportional under Rule 26(b)(1); and that there is no ambiguity in the term "meeting," which is a commonly used word with a plain meaning. Rather, the Court finds an inability or unwillingness on Defendant's part to provide fulsome document production, which it does, in part, by refusing to use common sense in responding to discovery, including to give words their ordinary and plain meaning.

Nevertheless, it is once again not clear to the Court what categories of documents have been produced in response to this request and what may be outstanding. Accordingly, to the extent Defendant has in its possession, custody, and control any videos, audio recordings, notes, written transcripts, correspondence, and/or statements related to any meetings between Plaintiff and Defendant from January 1, 2019 through December 31, 2020 that it has not yet produced, Defendant must produce those documents.

### **Plaintiff's Second Set of RFPs No. 6**

There appears to have been no actual disagreement over the scope of this request, which seeks copies of all videos that Plaintiff worked on while employed with Defendant. Instead, the parties had not properly communicated about the format in which the requested videos would be produced. The Court understands that Plaintiff was attempting to reserve any argument on this request, but this is the type of issue that should be easily resolved between the parties without the

need to involve the Court. The parties must agree on a format for production of the videos. Failure to do so will result in the Court imposing sanctions on the party or their counsel who fails to cooperate.

### **Plaintiff's Second Set of RFPs No. 15**

In this request, Plaintiff seeks a copy of communications between employees of Defendant regarding Plaintiff's "employment, personal life, spouse, and/or applications for employment." (Docket No. 75-3 at 5.) Defendant has objected and refused to produce any documents on the bases of relevancy and proportionality. (*Id.*) Defendant states, "Plaintiff cannot seriously expect Lampo to search for all communications of its 1,000+ employees over a four-year period for any reference to Plaintiff. The document searches that Lampo has already conducted are sufficient and proportionate." (Docket No. 77 at 10.)

Rule 26(b)(1) authorizes a broad scope of discovery. Defendant has failed to meet its burden to establish that "the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco*, 244 F.R.D. at 380. As the Court has reminded both parties throughout the course of this litigation, the Rules permit a broad scope of discovery. Accordingly, this Court finds Defendant's terse objection to the request and its broad and presumptuous statement in its response to the motion to be unavailing. Defendant is not immune from the requirements of discovery. Based on the information that the Court has before it from the parties' filings and the evidence in the record, the Court finds that the scope of discovery with respect to these requests is proportional under Rule 26(b)(1). Accordingly, to the extent Defendant

has any documents that are responsive to this request from January 1, 2019 through December 31, 2020 that it has not yet produced, Defendant must produce those documents.

**Plaintiff's Second Set of RFPs Nos. 18, 19, 20, 23**

In these requests, Plaintiff seeks documents related to Defendant's designation as a "best place to work," including internal communications about the designation and communications with the third-party company that provided the designation. (Docket No. 75-3 at 6–8.) Defendant objects based on relevance and proportionality, but states that it has produced some responsive documents, including information about the third-party company, INC Magazine, and Plaintiff's entire Outlook account. (*Id.*; Docket No. 77 at 10.) Defendant states that it would be "wildly disproportionate to the needs of the case" to search the emails of "1,000+ employees." (Docket No. 77 at 10.)

The Court understands that no party is eager to undertake an extensive search and review of documents. However, such is the burden that litigants face. The Rules are written to protect parties from producing onerous discovery that is not "relevant" and not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court finds that the requests are relevant. To support its claim for fraud, Plaintiff alleges that Defendant Ramsey's statement that Defendant has been voted "best place to work" was knowingly false. (Docket No. 21 at ¶ 357.) Accordingly, requests related to this designation are relevant under the broad scope of the Rules. Further, as discussed with respect to other requests at issue, it is Defendant's burden to demonstrate that the requests are not proportional. Once again, Defendant has provided broad and unsubstantiated assertions rather than specific arguments as to the proportionality factors set forth in Rule 26(b)(1).

Based on the information that the Court has before it from the parties' filings and the evidence in the record, the Court finds that the scope of discovery with respect to these requests is proportional under Rule 26(b)(1). However, the scope of Request Nos. 19 and 20 as written is overly broad and shall be limited to communications relating to Defendant's designation as a "best place to work." Accordingly, to the extent Defendant has any documents that are responsive to these requests from January 1, 2019 through December 31, 2020 that it has not yet produced, Defendant must produce those documents.

**Second Deposition of Defendant's 30(B)(6) Representative**

This issue appears to have been raised prematurely to the Court. To the extent Plaintiff seeks to depose Defendant's Rule 30(b)(6) representative, the Court expects both parties to comply with the applicable Rules and to confer and make a good faith attempt to resolve any issues that may arise.

Based on the foregoing, Plaintiff's motion to compel (Docket No. 75) is GRANTED as follows:[10]

1. To the extent Defendant has withheld or failed to produce any responsive documents as set forth above, it must, **within 21 days** of the date of entry of this order, supplement

---

[10] Although the Court has granted Plaintiff's motion to compel, this order should not be taken as a "victory" for Plaintiff. The Court finds both Plaintiff's and Defendant's conduct in this matter with respect to discovery to be obstreperous. The Court understands that the parties are emotionally invested in this litigation, but the Court will not hesitate to order the parties to pay fees for any additional unnecessary discovery disagreements or motions. As this Court has reminded the parties at many junctures, this is not the only matter before this Court, so the time spent on the parties' avoidable discovery motions is time that this Court cannot spend on other litigants' more meritorious motions.

its discovery responses as set forth above, including supplementation of both interrogatory responses and document production.

2. To the extent Defendant responds to any discovery requests with privilege objections, Defendant must provide a contemporaneous privilege log that complies with Rule 26(b)(5)(A).

3. To the extent the deadline described in Paragraph 1 falls beyond the operative discovery cut-off deadline, the deadline is extended solely to accommodate this additional discovery.

4. All other case management deadlines and provisions found in prior orders remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge