IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | |
| vs. | Case No: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC and DAVE RAMSEY, | Judge Richardson/Holmes |
| Defendant. | Jury Demand |

## MOTION FOR SANCTIONS

Comes now the Plaintiff and moves this court to sanction both Defendants in this matter pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and the previous orders of this court.

### I. BRIEF PROCEDURAL HISTORY

Previously in this matter, the court entered an order (Doc. 49) regarding the parties' failure to file a "joint" case resolution status report. In its ruling, the court stated:

> "The parties were previously cautioned that failure to follow the Court's instructions would have repercussions. (Docket No. 45 at 1-2.) ***Defendants are now put on notice that failure to comply with this or any further order of the Court will result in imposition of sanctions, including any of those authorized by Fed. R. Civ. P. 16(f).***"
> (Doc 49, page 2 of 2) (emphasis added).

Subsequently, the court issued an order following a telephonic discovery conference the parties held on January 23, 2023. (Doc. 67). As a result of that phone conference, the court entered a "Fourth Modified Case Management Order" (Doc. 71) in which the court stated as follows:

> "Going forward, the Court intends to impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to

comply with this or any discovery order or upon a finding of other discovery misconduct, including a party's lack of cooperation in discovery." (Doc 71, pp 1-2).

Unfortunately, Defendants did not take heed of this court's prior orders and failed to comply with the court's order yet again.

Plaintiff understands these discovery issues have been trying for the court and certainly do not wish to waste the court's time. (Doc 82, p. 14). As a result of this previous rulings of the court, Plaintiff has attempted to get Defendant to comply with the order through good faith negotiations although FRCP 37 requires no such attempt.[1] Defendants however refused to address their failure without court intervention. As such, Plaintiff is left no choice but to file this Motion.

## II. MR. RAMSEY'S COURT ORDERED SUPPLEMENTAL SWORN ANSWERS

The court in this matter ordered in relevant part:

> Ramsey must provide supplemental sworn answers to discovery to expressly state as to appropriate requests that he has no documents or information in his possession ***beyond that provided by Lampo Group***. [Doc. 67, Paragraph 5]. (emphasis added)

Defendant did not appeal this order. Instead, Defendant Ramsey subsequently sent to Plaintiff the following sworn declaration:

> I, David L. Ramsey, III, declare under penalty of perjury that I have no documents responsive to the Plaintiff's First Request for Production of Documents to Defendant Dave Ramsey in my personal possession, custody or control. ***Responsive documents, if any, would be in the possession, custody and control of The Lampo Group, LLC***.[3]

Defendant Ramsey does not "expressly state" what the court ordered. He **does not** state he has any documents not already ***provided*** by Lampo Group as instructed by the court. He states there may be responsive documents but they are in the possession of The Lampo Group.

---

[1] See attached Collective Exhibit A- communications between counsel
[3] Exhibit B- Declaration of Dave Ramsey

In the hearing the court explicitly stated that any document possessed by the Lampo Group would also be considered in the possession of Dave Ramsey given their special relationship. This also was touched on by the court in its order that Mr. Ramsey must give a deposition in this matter in part because his "role at Lampo is somewhat unique in that the company is an extension of his persona, beliefs, and principles." (Doc 66, p. 5).

Plaintiff attempted to resolve this issue prior to filing this Motion and Defendant responded on March 22, 2023:

> "Plaintiff:
>
> Judge Holmes was clear that because of Mr. Ramsey's relationship with The Lampo Group, documents within their control are **also** in the control of Mr. Ramsey. The judge stated that Mr. Ramsey should state all responsive documents have already been ***provided by the Lampo Group***, not that any responsive documents are in the possession of Lampo.
>
> To that end, if there are responsive documents in either Ramsey's or Lampo's possession that have not been provided, please produce them immediately.
>
> Defendant:
>
> *I disagree with your interpretation and you did not raise it in your Motion to Compel. However, I believe it is moot. I will provide supplemental responses to Lampo's discovery so that there is no question what has been produced."*[4]

Defendant has not supplied any supplemental responses as promised. Regardless, the court ordered Mr. Ramsey to explicitly state that any documents he has not provided have already been provided by the Lampo Group. Clearly Parties are not required to file Motions to Compel opposing parties to comply with court orders. The court's order on this issue was clear. Defendant Ramsey simply chose not to comply.

### III. THE IDENTITY OF WITNESSES INTERVIEWED

In the court's order dated January 24, 2023; the court stated:

---

[4] Exhibit A, p. 2

> Defendants must provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case, ***including that were interviewed***, by providing a complete list of all such individuals and otherwise in compliance with the Federal Rules of Civil Procedure...... (Doc. 67, Paragraph 4). (emphasis added).

Again, Defendant Lampo did not appeal this order. Lampo instead responded to the court's order by providing a supplemental response[5] which stated:

> Since Plaintiff initiated litigation, Defendant Lampo has produced documents in response to Plaintiff's document requests that include the names of a number of individuals. **Defendant Lampo did not interview any of those individuals identified in the documents** unless they are listed in this Second Supplemental Interrogatory Response **prior to Plaintiff initiating litigation**.

The court did not limit its order to persons interviewed by Lampo "prior to Plaintiff initiating litigation". Plaintiff again, in a good faith effort to resolve this matter e-mailed opposing counsel and they responded.

> Plaintiff: Did Lampo interview witnesses at any point (even after Plaintiff initiated litigation) that are not listed? Hopefully this can be resolved with some simple clarification
>
> Defendant: *Anyone interviewed once the litigation was initiated was by me, not Lampo.......*[6]

The court did not limit its order to witnesses interviewed prior to initiating litigation. It certainly did not limit the order to those interviewed by Lampo employees and not Lampo attorneys.

Defendant Lampo apparently appears to be making a work product objection to the court's order although they did not appeal the court's order of January 24th, did not claim a work product in their supplemental response, and did not provide a privilege log along with their response. (Doc 67, Paragraph 2) Perhaps Defendant claims the identity of these individuals they

---

[5] Attached hereto as Exhibit C
[6] Exhibit A- p. 2

interviewed are protected by the attorney client privilege however Tennessee law states:

> No attorney, solicitor or counselor shall be permitted, in giving testimony against a client or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person during the pendency of the suit, before or afterward, to the person's injury.
>
> Tenn. Code Ann. § 23-3-105 (West).

Plaintiff in this matter does not seek counsel for the Defendant to "disclose any communication made to the attorney"; Plaintiffs simply want Defendant to comply with the order of the court and identify the witnesses they did in fact interview.

## IV. APPROPRIATE SANCTIONS UNDER FRCP 37

Rule 37 of the Federal Rules of Civil Procedure governs sanctions for one's failure to make or cooperate in discovery. The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013) (citing *Bratka v. Anheuser–Busch Co.*, 164 F.R.D. 448, 459 (S.D. Ohio 1995)). (internal citations omitted).

Fed. R. Civ. P. 37 states in relevant part:

"(b) Failure to Comply with a Court Order…

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party…. fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;…"

"'[I]f a party has the ability to comply with a discovery order and does not, dismissal' ... or entry of default [judgment], 'is not an abuse of discretion.' " *Hampton v. Madison Cnty., TN*, No. 21-5553, 2022 WL 17438317, at *2 (6th Cir. Nov. 7, 2022) (internal citations omitted).[7] When Courts review a district court order for default judgment because of discovery sanctions, they consider four factors:

> 1. whether the disobedient party acted in willful bad faith;
> 2. whether the opposing party suffered prejudice;
> 3. whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and
> 4. whether less drastic sanctions were imposed or considered.

*KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020).

Further, as an alternative ground for sanctions, "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L.Ed.2d 585 (2017). The Court's inherent authority supports the imposition of sanctions upon Defendants for their failure to comply with the Court's Order. *United States v. Quebe*, 321 F.R.D. 303, 312 (S.D. Ohio 2017) (ordering discovery deadline for Defendants be extended while not changing the deadline for the Plaintiffs). Under Fed. R. Civ. P. 37, The sanction imposed is vested in the court's discretion. *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 490 (E.D. Mich. 2020).

---

[7] Attached hereto as Exhibit D

Defendants have continuously failed to comply with the orders of the Court. As a result, a sanction of a default judgment would be justified. However, should the court feel this remedy too extreme other sanctions would be appropriate including:

- The Defendants be required to comply with the orders of this court.

- As a result of Defendants obstinance in discovery and their unwillingness to follow the orders of the court; Plaintiff has been unable to hold meaningful depositions in this matter. A discovery deadline is fast approaching as Defendants hope they can get past without actually complying with the Court's orders. Currently, the Parties' discovery deadline is April 17, 2023. An appropriate sanction therefore would be to allow Plaintiff to collect discovery up to and including the date their response to any dispositive motion would need to be filed. This date is May 26, 2023. Defendants' discovery deadline should remain April 17, 2023.[8]

- Defendants should be disallowed to utilize any information collected from any witness they interviewed regarding Plaintiff or any fact contained in the Complaint; whether or not they were disclosed prior to the filing of this Motion.

- An adverse jury instructing stating that Defendant Lampo withheld the identity of potential witnesses through discovery in an attempt to hide information and the jury should assume these witnesses had relevant information but Plaintiff was prevented from deposing them to find out what information they had.

- An adverse jury instructing stating that Defendant Ramsey withheld relevant documents in discovery in an attempt to hide information and they jury should assume

---

[8] Plaintiffs will file a Motion to Continue the trial date in this matter as even extending the discovery deadline to the requested date will put them in a hardship caused completely by Defendant's actions.

these documents contained relevant information but Plaintiff was prevented from accessing them by Defendant Ramsey.

- Rule 37(b)(2)(C) states the court <u>must</u> order the disobedient party to pay the costs and reasonable attorney fees unless the failure is substantially justified. Plaintiffs gave Defendants more opportunities to cure their failure than required of them, obviously these failures are not justified.

- Any other sanction this court finds appropriate under the Federaul Rules of Civil Procedure or statute.

Respectfully Submitted,

/s/ Jonathan A. Street

Jonathan A. Street
Lauren Irwin
1720 West End Ave, Suite 402
Nashville, TN 37203
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on April 3, 2023, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON PLLC**
611 Commerce Street, Suite 2603
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*/s/* Jonathan A. Street