| | |
|---|---|
| **Subject:** | RE: Depositions -- Amos Lawsuit |
| **Date:** | Thursday, March 23, 2023 at 3:16:34 PM Central Daylight Time |
| **From:** | Leslie Goff Sanders |
| **To:** | Lauren Irwin, Jonathan Street |
| **CC:** | Daniel Crowell |

**Attachments:** image003.png, image004.png, image005.png, image006.png

Lauren – see responses below in *italics.* Please let me know if you would like to discuss. Thanks.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard





---

**From:** Lauren Irwin <lauren@eclaw.com>
**Sent:** Wednesday, March 22, 2023 9:19 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>; Jonathan Street <street@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Depositions -- Amos Lawsuit

Hi Leslie,

Couple of things need to try to clear up.

1. The court's order of Jan 24, paragraph 5 says:

   Ramsey must provide supplemental sworn answers to discovery to expressly state
   as to appropriate requests that he has no documents or information in his possession beyond that
   **provided by Lampo Group**. The timing of the supplemental responses shall be addressed in the
   parties' joint motion, as directed below.

Mr. Ramsey's sworn statement says:

   I, David L. Ramsey, III, declare under penalty of perjury that I have no documents
   responsive to the Plaintiff's First Request for Production of Documents to Defendant Dave
   Ramsey in my personal possession, custody or control. **Responsive documents, if any, would
   be in the possession, custody and control of The Lampo Group, LLC**.

Judge Holmes was clear that because of Mr. Ramsey's relationship with The Lampo Group, documents within their control are **also** in the control of Mr. Ramsey. The judge stated that Mr. Ramsey should state all responsive documents have already been ***provided by the Lampo Group***, not that any responsive documents are in the possession of Lampo.

To that end, if there are responsive documents in either Ramsey's or Lampo's possession that have not been provided, please produce them immediately. *I disagree with your interpretation and you did not raise it in your Motion to Compel. However, I believe it is moot. I will provide supplemental responses to Lampo's discovery so that there is no question what has been produced.*

2. The Jan 24 order of the court, paragraph 4 says:

    Defendants must provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case, including that were interviewed, by providing a complete list of all such individuals and otherwise in compliance with the Federal Rules of Civil Procedure. The timing of the supplemental response shall be addressed in the parties' joint motion, as directed below. Further, Defendants cannot call any witnesses at trial or use the statements for any purposes of witnesses who were not disclosed to Plaintiff in discovery.

The supplemental interrogatories and the statement by Mr. Lopez states:

> Since Plaintiff initiated litigation, Defendant Lampo has produced documents in response to Plaintiff's document requests that include the names of a number of individuals. **Defendant Lampo did not interview any of those individuals identified in the documents** unless they are listed in this Second Supplemental Interrogatory Response **prior to Plaintiff initiating litigation**.

Did Lampo interview witnesses at any point (even after Plaintiff initiated litigation) that are not listed? Hopefully this can be resolved with some simple clarification *Anyone interviewed once the litigation was initiated was by me, not Lampo. We've identified everyone we know with knowledge.*

3. Mr. Amos's inbox

The Court has also ordered the production of the entirety of Mr. Amos's inbox. To the extent the entire contents have not been produced, please produce them no later than April 4th. *His entire Outlook account was produced, not just his inbox.*

As a final matter, would Defendants oppose a continuance of the trial and a respective extension of discovery? There are still unresolved discovery issues and also an unresolved issue regarding Mr. Ramsey's deposition. If your clients appeal the last decision by the Judge then this confounds the issue even further. *We do not believe an extension is necessary. The Court gave us 21 days to provide documents. We are going to get them to you much sooner and in fact, I will begin sending as early as tomorrow. If Mr. Ramsey's deposition is not resolved before the discovery deadline, the Court will permit you to depose him beyond the deadline. Please confirm the dates I provided you for the company witnesses as we are holding those dates on our calendars. If you need me to re-send the email with the proposed schedule, let me know.*

Best regards,
Lauren

**Lauren Irwin | Associate Attorney**
**Employment & Consumer Law Group**
Ph: (615) 850-0632

---

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Date:** Thursday, March 16, 2023 at 8:30 AM
**To:** Jonathan Street <street@eclaw.com>, Lauren Irwin <lauren@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Depositions -- Amos Lawsuit

OK. I'm out today too but will take a look at everything tomorrow. Thanks.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard





---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Thursday, March 16, 2023 8:28 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Depositions -- Amos Lawsuit

Look at the language court order and what Ramsey provided. Just emailing in good faith effort to resolve although I don't think that's required under rule 37.

Unfortunately I have Covid and am pretty sick so might be hard to get hold of this week

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Thursday, March 16, 2023 8:25:05 AM
**To:** Jonathan Street <street@eclaw.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Depositions -- Amos Lawsuit

Are you referring to the Motion to Compel? I will take a look at his affidavit but I believe it is compliant. Let me know why you think it does not.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard





**From:** Jonathan Street <street@eclaw.com>
**Sent:** Thursday, March 16, 2023 8:23 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Depositions -- Amos Lawsuit

Also, I know discovery deadline is fast approaching but we want to have the supplemental responses are provided per court order.

Also- I don't believe Mr. Ramsey's affidavit supplied per court order complies with that order. Take a look and let me know what you think.

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Thursday, March 16, 2023 8:18:42 AM
**To:** Jonathan Street <street@eclaw.com>; Lauren Irwin <lauren@eclaw.com>
**Cc:** Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** FW: Depositions -- Amos Lawsuit

Please see below the proposed deposition schedule. For the HRC, we are willing to provide a 30(b)(6) in the interest of time. As for Armando Lopez, are you asking to depose him in his individual capacity or continuation of the corporate 30(b)(6)?

3/30 – Armando Lopez – 9:00; Lara Johnson – 1:00
3/31 – Luke LeFevre and J.B. Waggoner (FYI – J.B. Waggoner's wife is due to have a baby on 4/3. Should he be unavailable on 3/31, we will agree to schedule his deposition after the discovery deadline (if necessary) with the court's approval which should not be an issue given the circumstances).
4/5 – David DiCicco (following the deposition of Melissa Amos)

In addition, we need to schedule a one-hour Zoom deposition of Brad Amos to cover the topics we reserved (namely damages). Also, you have provided a list of witnesses which you updated this week but you have not provided any of the information required by the discovery requests including a description of what they know about the case. Please provide that ASAP so that we can determine if we need to depose any of them. I will provide a more comprehensive list of your other discovery deficiencies but this one needs to be addressed by *tomorrow* so that we can subpoena the witnesses for deposition if necessary. Thanks.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard





**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.**

**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.**

**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.**