UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 <br> ) <br> ) District Judge Richardson |
| v. | ) <br> ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) <br> ) Jury Demand |
|     Defendants. | ) |

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES TO DEFENDANT LAMPO**

Defendant Lampo submits this supplemental response to Defendant Lampo's Responses to Plaintiff's First Set of Interrogatories to Defendant Lampo to comply with the Court's Order dated January 24, 2023 (Doc. #67).

Plaintiff has identified every witness that was interviewed by Lampo as part of the investigation it conducted after it received the first e-mail communication from Plaintiff's attorney on August 20, 2020, a copy of which is attached as Exhibit A to these Supplemental Responses. Lampo did not interview any witnesses prior to receiving this initial email from Plaintiff's attorney. After receiving the email, Defendant investigated the circumstances surrounding Plaintiff's termination from employment and interviewed Lara Johnson and Luke LeFevre. Defendant received another email from Plaintiff's attorney on September 16, 2020, a copy of which is attached as Exhibit B to these Supplemental Responses. On the same day, Defendant sent a litigation hold notice to Lara Johnson, Luke LeFevre, Molly Dimitt (who was Mr. LeFevre's administrative assistant) and the HR Committee. On the following day, the litigation hold notice was sent to David DiCicco after he was identified as a person who might have relevant information about Mr. Amos. A copy of the litigation hold notice is included as Exhibit C to these Supplemental Responses. Defendant is producing the litigation hold notice and the information provided herein pursuant to

the Court's Order (Doc. #67) and does not intend to waive any attorney-client privilege.

Prior to Plaintiff initiating litigation, Defendant learned that David DiCicco and J.B. Waggoner both had information related to Plaintiff's job performance. Armando Lopez was involved in gathering information related to Plaintiff's employment and termination before Plaintiff initiated litigation.

Since Plaintiff initiated litigation, Defendant Lampo has produced documents in response to Plaintiff's document requests that include the names of a number of individuals. Defendant Lampo did not interview any of those individuals identified in the documents unless they are listed in this Supplemental Interrogatory Response prior to Plaintiff initiating litigation. Defendant Lampo does not know of any persons with knowledge of this case other than the individuals it has specifically identified in discovery or that Plaintiff has identified in discovery.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON PLLC
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

## DECLARATION

I declare on behalf of Defendant The Lampo Group, LLC under penalty of perjury that on February 2, 2023 I have reviewed the above *Supplemental Responses to Plaintiff's First Request for Production of Documents to Defendant Lampo Group* and that they are true and correct to the best of my knowledge.

_____
ARMANDO LOPEZ

**CERTIFICATE OF SERVICE**

I certify that, on February 2, 2023, I sent the foregoing *Supplemental Responses to Plaintiff's First Request for Production of Documents to Defendant Lampo Group* via email to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders_____
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*