Hampton v. Madison County, TN, Not Reported in Fed. Rptr. (2022)

2022 WL 17438317

2022 WL 17438317
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

Janice HAMPTON, Plaintiff-Appellant,

v.

MADISON COUNTY,

TN, Defendant-Appellee.

No. 21-5553
|
FILED November 7, 2022

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TENNESSEE

**Attorneys and Law Firms**

Janice Hampton, Jackson, TN, Pro Se.

Nathan D. Tilly, James Irvin Pentecost, Pentecost, Glenn &
Tilly, Jackson, TN, for Defendant-Appellee.

Before: COLE, KETHLEDGE, and LARSEN, Circuit
Judges.

ORDER

*1 Janice Hampton, a pro se Tennessee plaintiff, appeals the
district court's judgment dismissing her federal employment-
discrimination complaint under Federal Rule of Civil
Procedure 41(b) for failure to prosecute and under Federal
Rule of Civil Procedure 37(b)(2)(A)(v) as a sanction for
failure to cooperate in discovery. Hampton moves the court
to appoint counsel to represent her on appeal. This case has
been referred to a panel of the court that, upon examination,
unanimously agrees that oral argument is not needed. See Fed.
R. App. P. 34(a).

In May 2019, Hampton, proceeding pro se, filed a complaint
against her former employer, Madison County, Tennessee,
alleging that she was discriminated against and fired from
her job with the Madison County Juvenile Court Services
in violation of Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e, et seq., the Age Discrimination in
Employment Act, 29 U.S.C. § 621, et seq., and the Americans

With Disabilities Act, 42 U.S.C. § 12101, et seq. On
motion of Madison County, the district court dismissed
Hampton's Title VII claims because she failed to exhaust
her administrative remedies. The court also dismissed some
aspects of Hampton's disability-discrimination claims as
untimely.

On April 27, 2020, Madison County filed a motion to
compel under Federal Rule of Civil Procedure 37, contending
that Hampton had not timely answered its first set of
interrogatories and requests for production of documents.
Hampton did not respond to the motion to compel, so on
October 23, 2020, a magistrate judge ordered her to show
cause on or before November 6, 2020, why the case should not
be dismissed for failure to prosecute and why the motion to
compel should not be granted. The magistrate judge cautioned
Hampton that her failure to respond to the show-cause order
could result in dismissal of the action.

Despite the magistrate judge's admonition, Hampton did not
respond to the show-cause order. Consequently, on November
30, 2020, the magistrate issued a report and recommendation
that advised the district court to dismiss Hampton's case
under Rule 41(b) for failure to prosecute. Hampton objected
to the report and recommendation, blaming her failure to
respond on her pro se status and restrictions imposed on her
by her alleged disability (carpal tunnel syndrome) and the
COVID-19 pandemic. Despite criticizing Hampton's failure
to respond to Madison County's discovery requests and
the magistrate judge's show-cause order, the district court
concluded that the sanction of dismissal was not warranted
at that point because Hampton had not clearly engaged in
contumacious conduct, and she did not have sufficient prior
notice that dismissal was a possible sanction. The court
therefore sustained Hampton's objections to the report and
recommendation. The court recommitted Madison County's
motion to compel to the magistrate judge for a ruling and
to consider lesser sanctions if Hampton failed to comply
with discovery orders. Further, the court "strongly cautioned
[Hampton] that her failure to cooperate in discovery, make
timely responses to Defendant's motions, or any other failure
to comply with court orders may result in the dismissal of her
case without further notice."

*2 On January 29, 2021, the magistrate judge granted
Madison County's motion to compel and ordered Hampton to
respond to its discovery requests on or before February 19,
2021. Additionally, the magistrate judge ordered Hampton to
file a notice with the court stating that she had complied with

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.      1

Hampton v. Madison County, TN, Not Reported in Fed. Rptr. (2022)

2022 WL 17438317

the order. The magistrate judge again cautioned Hampton that failure to comply could result in dismissal of her case or other appropriate sanctions.

On March 1, 2021, Madison County moved to dismiss Hampton's complaint under Rules 37(b) and 41(b) because she still had not answered its discovery requests, in violation of the court's prior orders. Hampton did not respond the motion to dismiss, so on April 8, 2021, the magistrate judge ordered her to show cause by April 23, 2021, why the motion should not be granted and the case dismissed. The magistrate judge also ordered Hampton to respond to Madison County's discovery requests by the same date. The magistrate judge cautioned Hampton once more that failure to comply with the show-cause order could result in dismissal of the action.

Hampton again did not respond to the show-cause order. Consequently, on May 4, 2021, the district court dismissed Hampton's complaint under Rule 41(b) for failure to prosecute and under Rule 37(b)(2)(A)(v) as a discovery sanction. In deciding that dismissal was the appropriate sanction, the court cited Hampton's "ongoing failure" to respond to Madison County's discovery requests and to comply with the court's discovery and show-cause orders, despite repeated warnings about the consequences of not complying. Additionally, the court found that more than 17 months had passed since Madison County had served its discovery requests on Hampton, that she had never offered an excuse for not responding, and that her conduct had forced Madison County to file multiple motions seeking relief from the court. The court therefore concluded "that dismissal of the case is now required."

On appeal, Hampton contends that she was not instructed on the applicable discovery procedures, and she again blames the pandemic and her disability for not being able to respond to Madison County's discovery requests and meet the court's deadlines. Hampton also suggests that the district judge was biased against her.

In addition to her appellate brief, Hampton has filed what she asserts are responses to Madison County's interrogatories that she emailed to defense counsel in December 2019 and again in January 2020. But as Madison County correctly argues, this assertion cannot be true because the interrogatory form is date-stamped at the top with the district court's docket information, which shows that the form was attached to the motion to compel that Madison County filed on April 27, 2020. In any event, Hampton did not present this

exhibit to the district court—indeed, as discussed above, she did not respond at all to Madison County's motion to compel or any of the district court's show-cause orders. Absent exceptional circumstances not present here, we do not consider arguments and factual allegations raised for the first time on appeal. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614-15 (6th Cir. 2014); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328-29 (6th Cir. 2006). And in view of Hampton's misrepresentations concerning the authenticity of this document, we would not consider it even if we were otherwise inclined to.

We review a district court's judgment dismissing a case as sanction for violating a discovery order for an abuse of discretion. *Mager v. Wis. Cent., Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). " '[I]f a party has the ability to comply with a discovery order and does not, dismissal' ... or entry of default [judgment], 'is not an abuse of discretion.' " *Bank One*, 916 F.2d at 1079 (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)); *see* Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing a district court to dismiss an action "in whole or in part" for violating a discovery order); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vi) (authorizing a district court to enter a default judgment against a party who disobeys a discovery order). Before dismissing a case, however, the district court must find that the party's failure to cooperate in discovery was due to willfulness, bad faith, or fault. *Bank One*, 916 F.2d at 1073 (citing *Reg'l Refuse*, 842 F.2d at 153-54). Additionally, the court should consider whether the other party was prejudiced, whether the sanctioned party was warned that failure to cooperate could lead to dismissal, and whether to impose a sanction less drastic than dismissal. *Id.* "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager*, 924 F.3d at 837 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

**\*3** We find no abuse of discretion here. As the district court found, for nearly a year and a half Hampton refused or failed to cooperate in discovery, failed to respond to motions and the court's show-cause orders, and forced Madison County to file multiple motions to obtain the discovery that she was obligated to provide under the Federal Rules of Civil Procedure. And all along the way Hampton ignored numerous warnings that dismissal was a potential consequence of failing to comply with the district court's discovery orders. Hampton's pro se status does not excuse her failure to

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Hampton v. Madison County, TN, Not Reported in Fed. Rptr. (2022)

2022 WL 17438317

cooperate in discovery. *See Bank One*, 916 F.2d at 1079. And her argument that we should now excuse her litigation misconduct because of the pandemic and her disability rings hollow in view of her belated but untrue assertion that she responded to Madison County's interrogatories in a timely fashion. Although the district court did not specifically consider a sanction less than dismissal, the court did not abuse its discretion in dismissing Hampton's complaint in view of her clear track record of delay and obstinate failure to respond to its orders. *See Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) ("Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.' " (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008))); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding that the defendant was prejudiced by the plaintiff's failure to cooperate in discovery because "[n]ot only had [the defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide").

We reject Hampton's claim of judicial bias because it is based on nothing more than the district judge's adverse rulings, which is a circumstance that does not mandate recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, we **AFFIRM** the district court's judgment. We **DENY** Hampton's motion for appointment of counsel because this case does not involve exceptional circumstances that warrant extending that privilege to her. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 17438317

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.