UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants, The Lampo Group, LLC ("Lampo) and Dave Ramsey ("Ramsey"), by and through the undersigned counsel and pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, respond in opposition to the Motion for Sanctions (Doc. #83) by Plaintiff, Brad Amos ("Amos").

**I.    Introduction**

Plaintiff seeks sanctions against each Defendant related to two (2) discrete issues:

- Plaintiff's belief that the Court ordered Ramsey to certify the document production of Lampo ("Ramsey Issue"); and

- Lampo's disclosure of witnesses, including those it interviewed ("Lampo Issue").

Plaintiff accuses Defendants of refusing to comply with the Court's orders and failing to cooperate in discovery. This is no time for Defendants to respond to Plaintiff's insults and inflammatory rhetoric in like-fashion. Instead, Defendants respond with the facts and implore the Court to consider the comprehensive timeline presented below to assess these very serious allegations and the draconian sanctions sought by Plaintiff. It is imperative that the Court has the

1

full picture of the discovery process in this case so that it may fairly and accurately assess the actions of Defendants and their attorneys.

## II. Timeline

- <u>April 11, 2022</u>[1]. Lampo provided Initial Disclosures identifying three (3) individuals likely to have discoverable information that Lampo might use to support its defenses in the case: Brad Amos, Lara Johnson, and Luke LeFevre. Lampo also produced Plaintiff's entire personnel file, all company policies, and every document related to Plaintiff in the company's applicant tracking system.

- <u>April 29, 2022</u>. Ramsey provided responses to Plaintiff's First Request for Production of Documents. In the responses, Ramsey stated unequivocally that he had no documents related to Plaintiff in his possession, custody or control. Ramsey included objections to certain requests as they sought information between Ramsey and any party, including his attorneys, that relate to Plaintiff or the lawsuit. Ramsey objected to the requests that sought privileged information.

- <u>September 23, 2022</u>. Lampo provided responses to Plaintiff's First Set of Interrogatories. In response to Interrogatory No. 2 asking Lampo to identify every person with "knowledge of relevant facts relating to the subject matter of this litigation," Lampo identified David DiCicco, Armando Lopez and J.B. Waggoneer, in addition to those persons previously identified in Initial Disclosures.

- <u>January 23, 2023</u>. The Court held a telephonic discovery conference to address several issues raised by Plaintiff, including the Ramsey Issue and the Lampo Issue.

<u>Ramsey Issue</u>. Plaintiff insisted that Ramsey was withholding documents based on the privilege objections he asserted in response to production requests. Counsel for Ramsey

---

[1] Initial Disclosures were supplemented on October 24, 2022.

explained that (i) Ramsey had no responsive documents in his personal possession, privileged or otherwise, (ii) if Ramsey later discovered any privileged responsive documents, they would be properly identified on a privilege log, (iii) any documents related to Plaintiff would be in the possession of Lampo, not Ramsey, and (iv) offered a sworn statement from Ramsey that he had no responsive documents in his possession.

Lampo Issue. There was confusion over whether Plaintiff was asking Lampo for a list of people it had interviewed or a list of witnesses with relevant information. Lampo confirmed that it had identified everyone that it believed had knowledge, but objected to the extent Plaintiff was asking Lampo's counsel to reveal her privileged communications with witnesses. Counsel for the parties had a similar debate at the deposition of Lampo's 30(b)(6) witness, which was described in the Joint Discovery Dispute Statement (Doc. # 63, p. 26-27). Lampo's counsel was also concerned that "everyone with knowledge" was broad considering the extensive operative complaint, which includes allegations about general corporate details and statements made on radio shows and podcasts.

- January 24, 2023. The Court entered an order ("Discovery Order") requiring Ramsey to:

> …provide supplemental sworn answers to discovery to expressly state as to appropriate requests that he has no documents or other information in his possession beyond that provided by Lampo Group.

(Doc. # 67, ¶5). The Discovery Order required Lampo to:

> …provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case, including that were interviewed, by providing a complete list of all such individuals and otherwise in compliance with the Federal Rules of Civil Procedure.

(Doc. #67, ¶4). The Discovery Order also permitted Plaintiff to file a motion to compel if he was dissatisfied with Defendants' supplemental discovery responses. (Doc. #67, ¶9).

- February 6, 2023. The Court ordered (a) Ramsey to comply with Discovery Order ¶5 by February 15, 2023, (b) Lampo to comply with Discovery Order ¶4 by February 10, 2023, and (c) Plaintiff to file any motion to compel additional discovery responses no later than February 22, 2023. *See* Fourth Modified Case Management Order (Doc. #71, ¶1 (iv), (vii)).

- February 2, 2023[2]. Lampo provided Supplemental Responses to Plaintiff's First Set of Interrogatories. (Doc. #83-3). Specifically, Lampo provided the following testimony under oath:

> [Defendant] has identified every witness that was interviewed by Lampo as part of the investigation it conducted after it received the first e-mail communication from Plaintiff's attorney on August 20, 2020….Lampo did not interview any witnesses prior to receiving this initial email from Plaintiff's attorney. After receiving the email, Defendant investigated the circumstances surrounding Plaintiff's termination from employment and interviewed Lara Johnson and Luke LeFevre….
>
> Prior to Plaintiff initiating litigation, Defendant learned that David DiCicco and J.B. Waggoner both had information related to Plaintiff's job performance. Armando Lopez was involved in gathering information related to Plaintiff's employment and termination before Plaintiff initiated litigation.
>
> Since Plaintiff initiated litigation, Defendant Lampo has produced documents in response to Plaintiff's document requests that include the names of a number of individuals. Defendant Lampo did not interview any of those individuals identified in the documents unless they are listed in this Supplemental Interrogatory Response prior to Plaintiff initiating litigation. Defendant Lampo does not know of any persons with knowledge of this case other than the individuals it has specifically identified in discovery or that Plaintiff has identified in discovery.

(Doc. #83-3).

- February 15, 2023. Ramsey complied with the Discovery Order by providing a sworn declaration to Plaintiff that stated the following:

> …I have no documents responsive to the Plaintiff's First Request for Production of Documents to Defendant Dave Ramsey in my personal possession, custody or

---

[2] This appears out of order on the timeline because it relates to compliance with the Order dated February 6, 2023. By the time the Court issued the Fourth Modified Case Management Order (Doc. #71), Lampo had already complied with Paragraph 4 of the Discovery Order.

control. Responsive documents, if any, would all be in the possession, custody or control of The Lampo Group, LLC.

(Doc. #83-2 ("Ramsey Declaration")).

- February 22, 2023. Plaintiff filed a Motion to Compel asserting that certain documents provided by Lampo did not comply with the Discovery Order. Plaintiff's Motion to Compel did not take issue with the Ramsey Declaration or otherwise assert that Ramsey had failed to comply with the Discovery Order in any respect. (Doc. #75).

- March 14, 2023. The Court granted Plaintiff's Motion to Compel, ordering Lampo to supplement its document production by April 4, 2023. (Doc. #82).

- March 22, 2023. Plaintiff's counsel sent an email to Defendants' counsel objecting, for the first time, to the Ramsey Declaration and Lampo's Supplemental Interrogatory Responses. (Doc. #83-1).

> Ramsey Issue. In the email, Plaintiff's counsel said:
>
> Judge Holmes was clear that because of Mr. Ramsey's relationship with The Lampo Group, documents within their control are **also** in the control of Mr. Ramsey. The judge stated that Mr. Ramsey should state all responsive documents have already been ***provided by the Lampo Group***, not that any responsive documents are in the possession of Lampo.
>
> To that end, if there are any responsive documents in either Ramsey's or Lampo's possession that have not been provided, please produce them immediately.

(Doc. #83-1). Defense counsel responded:

> I disagree with your interpretation and you did not raise it in your Motion to Compel. However, I believe it is moot. I will provide supplemental responses to Lampo's discovery so that there is no question what has been produced.

(Doc. #83-1).

> Lampo Issue. In the same email, Plaintiff cited the Discovery Order and Lampo's Supplemental Interrogatory Responses. Plaintiff's counsel then said:

> Did Lampo interview witnesses at any point (even after Plaintiff initated litigation) that are not listed? Hopefully this can be resolved with some simple clarification.

Defense counsel responded:

> Anyone interviewed once the litigation was initiated was by me, not Lampo. We've identified everyone we know with knowledge.

(Doc. #83-1).

- <u>March 24 – April 4, 2023</u>. Defendant Lampo complied with the Court's March 14, 2023 Order, producing over 200 hours of recorded audio, searching approximately 3,300 Outlook accounts for "Brad Amos" and Lampo's designation as a Best Place to Work, and producing another 2,273 pages of documents bringing the total pages of documents produced in this case to over 51,000. Lampo also provided Second Supplemental Responses to Plaintiff's Requests for Production of Documents ("Second Supplemental Responses") (Doc. #89-1).

- <u>March 24, 2023</u>. Plaintiff's counsel emailed Lampo's counsel the following:

> I'll get back to you on [M]onday on the failure to comply with the court order Lauren emailed about.
>
> I will point out that no motion to compel is required to have a party comply with a court order, even Dave Ramsey.
>
> Hopefully we can get it worked out.

(Doc. #89-2).

- <u>March 30, 2023</u>. In response to Lampo's counsel sending documents in response to the Court's March 14 Order, Plaintiff's counsel emailed:

> I am not taking depositions the day after you dump this on us. I will send some potential dates tomorrow.
>
> On another note –
>
> We need Mr. Ramsey to send us a sworn declaration stating what he was ordered to state by the court.

6

> Also, we need the names of all witnesses identified whether it was Lampo or yourself.
>
> Please let me know if you plan on doing so by the end of the day or we will plan on filing our Rule 37 motion.

(Doc. #89-3).

Defendants' counsel responded as follows:

> I have reviewed the Court's Order dated January 24, 2023, the Declaration of David L. Ramsey served on February 15, 2023 and Lauren's email dated March 22, 2023. The first sentence of Mr. Ramsey's declaration says he has no documents in his personal possession, custody or control. I do not understand your concern. With respect to witnesses, what are you asking for that we have not already provided?

(Id).

Plaintiff's counsel then responded with the following:

> Defendant Ramsey's statement clearly does not reflect what the court ordered him to state. Please let us know if he plans on complying. His response leaves open the potential responsive documents exist but they are in the possession of Defendant Lampo, not Defendant Ramsey. This was precisely the response the court stated would be inappropriate.
>
> …
>
> Who were the witnesses you interviewed? You were ordered to disclose. The court specifically stated the identities were not protected by privilege.
>
> We are not required to try and work this out with you before filing however we are doing so in good faith.
>
> I'm not going to get into a long drawn out discussion. Either you can commit to comply with the order or not.

(Id).

- <u>April 3, 2020</u>. Plaintiff filed the Motion for Sanctions on the Ramsey Issue and the Lampo Issue.

7

- <u>April 4, 2022</u>. As referenced above, Lampo timely provided the Second Supplemental Responses once it exhausted each and every possible search that was required by the Court's Order granting Plaintiff's Motion to Compel so that the responses could be complete and final. Lampo stated unequivocally that it had produced every responsive document in its possession and described the search it conducted to find all those documents. Two responses are particularly important for Plaintiff's Motion for Sanctions.

First, in response to First RFPD No. 7 seeking "all emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way," Lampo definitively answered that it had "produced every document in its custody and control related to the issues in dispute in this litigation." In describing the extensive search for documents, Lampo explained that it searched:

> d. Messages from January 1, 2019 through December 31, 2020 containing "Brad Amos" in every … Outlook account maintained by Defendant in that time period, including Defendant Dave Ramsey's account. The total number of Outlook accounts searched was approximately 3,300.

(Doc. #89-1, p. 2).

Second, in response to Second RFPD No. 2 asking for "a copy of all videos, audio recordings, notes and/or written transcripts from all meetings with Plaintiff during his employment," Lampo stated definitively that it had produced every document responsive to this request. Lampo then explained how it determined its search method and where it searched for documents so that it could confidently say it had produced everything:

> a. Through interviews with Luke Lefevre, David DiCicco, Lara Johnson and J.B. Waggoner, Defendant determined that they were the only employees that held meetings with Plaintiff on behalf of the Defendant or at the direction of the Defendant during Plaintiff's employment. FN*. Defendant then collected from them any documents responsive to this request. Those documents have been produced and included on the Document Log.

8

Case 3:21-cv-00923   Document 89   Filed 04/17/23   Page 8 of 12 PageID #: 2414

(Id., p. 3-4). The FN* said:

> These four (4) employees are the only individuals that have been interviewed by Defendant or its attorneys in connection with this case.

(Id., p. 4).

### III. Legal Standard

Sanctions for disobeying discovery orders are governed by Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. If a party disobeys a discovery order, the Sixth Circuit directs district courts to consider the following four factors when deciding whether and to what extent sanctions should be imposed:

1. Whether the party's failure to comply with the discovery order was due to willfulness, bad faith, or fault;
2. Whether the adverse party has been prejudiced;
3. Whether the party was warned that failure to cooperate could lead to the sanction; and
4. Whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997); *United States Securities and Exchange Commission v. Bolton*, 2023 WL 2335367 at *3 (M.D. Tenn. March 2, 2023).[3]

"'Willfulness, bad faith, or fault' can only be found where the party to be sanctioned has displayed 'an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings.'" *Bolton* at *3 (quoting *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008)).

Any sanctions imposed by the Court must include an award of expenses that the adverse party incurred because the sanctioned party disobeyed the discovery order *unless* the Court finds

---

[3] Defendants have attached a copy of this unpublished case as Doc. #89-4.

that the sanctioned party's disobedience was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. Pro. 37(b)(2); *see also, e.g., Technology Recycling Corp. v. City of Taylor,* 186 Fed. Appx. 624, 637 (6th Cir. 2006).

The sanctioned party's "'[c]onduct is "substantially justified" if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 381-82 (6th Cir. 2022)(quoting *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005)).

### IV. Plaintiff's Motion For Sanctions Should Be Denied

The Court should deny Plaintiff's Motion for Sanctions because Defendants have complied with the Discovery Order as they interpreted it.[4] Plaintiff's claims to the contrary appear to be based upon a different interpretation of the Discovery Order or a misinterpretation of Defendants' discovery responses.

Ramsey interpreted the Discovery Order as requiring him to swear under oath that he had no responsive documents in his personal possession. The Ramsey Declaration affirmatively states that he has no responsive documents in his "personal possession, custody, or control." Lampo is the only Defendant with responsive documents and they have *all* been provided to Plaintiff.

Lampo interpreted the Discovery Order as requiring it to provide a complete list of all individuals with knowledge of Plaintiff's claims. In response to the Discovery Order, Lampo confirmed that it had (1) identified everyone with knowledge of Plaintiff's claims and (2) identified everyone that it had interviewed. As directed by the Court, Lampo also produced every

---

[4] Defendants not only complied with the Discovery Order, but they have consistently provided the same answers to the questions at issue in this Motion over and over throughout this lawsuit.

email referencing Brad Amos sent to or from any Lampo employee from January 1, 2019 through December 31, 2020. Finally, in Lampo's Second Supplemental Responses, Lampo affirmed it had already identified everyone that had been interviewed by the company or its attorney – Lara Johnson, Luke LeFevre, David DiCicco and J.B. Waggoner.

Plaintiff accuses Defendants of disrespecting the Court's Discovery Order. The evidence proves otherwise. Defendants provided timely and complete responses that address both the Ramsey Issue and the Lampo Issue; incidentally, neither of which were raised in Plaintiff's Motion to Compel. If Defendants misinterpreted any part of the Discovery Order, it was inadvertent and certainly not willful or in bad faith.

If the Court remains concerned about anything in Plaintiff's Motion for Sanctions, Defendants request a hearing to address those issues. Otherwise, Defendants ask the Court to deny Plaintiff's Motion for Sanctions and award Defendants' reasonable attorneys' fees and costs incurred in responding to it. Fed. R. Civ. Pro. 16(f).

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I certify that, on April 17, 2023, I caused the foregoing *Defendants' Response in Opposition to Plaintiff's Motion for Sanctions,* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren Irwin
Brandon Hall
Cullen Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

      /s/Daniel Crowell
      Daniel Crowell (TN #31485)
      *Attorney for Defendants*

12

Case 3:21-cv-00923   Document 89   Filed 04/17/23   Page 12 of 12 PageID #: 2418