UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LAMPO GROUP**

Defendant Lampo Group[1] submits the following supplemental responses to discovery issued to Defendant Lampo Group:

**I. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ("First RFPD")**

6. All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.

**RESPONSE**: **Defendant has produced Plaintiff's entire Outlook account.**

7. All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way. . . .

**RESPONSE**: **Defendant has produced every document in its custody and control related to the issues in dispute in this litigation. In order to identify these documents, Defendant conducted the following searches and produced non-privileged[2] documents:**

**a. The Outlook accounts of all Lampo employees for the month of June 2019 (the**

---

[1] References to "Defendant" throughout this document refer to Defendant Lampo.

[2] Privileged documents responsive to any request were all dated after Plaintiff's termination from employment and are identified on the Privilege Log provided by Defendant.

month in which Plaintiff was applying and interviewing for the job he received and held during his employment at Lampo) for messages containing "Brad Amos."

b. Lampo's applicant tracking system for all documents related to Plaintiff, which includes messages among employees who interviewed Plaintiff or were involved with the hiring process.

c. Messages from January 1, 2019 through December 31, 2020 containing the terms "Brad" or "Amos" in the following custodians' Outlook accounts: Lara Johnson, David DiCicco and Luke LeFevre.

d. Messages from January 1, 2019 through December 31, 2020 containing "Brad Amos" in every other Outlook account maintained by Defendant in that time period, including Defendant Dave Ramsey's account. The total number of Outlook accounts searched was approximately 3,300.

e. Text messages per the Court's Order (Doc. #75) along with a log identifying the custodians of the messages ("Document Log").

10. Any document required to be submitted by Plaintiff during the entirety of his employment.

**RESPONSE**: Defendant has produced every document responsive to this request. In order to identify the responsive documents in its possession, Defendant did the following and produced all non-privileged documents:

a. Collected Plaintiff's Outlook account and produced it in its entirety.

b. Collected Plaintiff's personnel file and produced it in its entirety.

c. Searched its applicant tracking system for "Brad Amos" and produced all documents.

**II. PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ("Second RFPD")**

1. A copy of all videos, audio recordings, and/or written transcripts from companywide meetings from 2019 through 2021.

**RESPONSE: Defendant has two weekly companywide meetings – staff meetings and devotionals. During the time period of January 1, 2019 through December 31, 2020, Defendant recorded all staff meetings and devotionals by either audio or video and Defendant has produced those recordings. Because the recordings total over 200 hours and because Defendant was ordered to produce them within 21 days from the Court's entry of its Order dated March 14, 2023 (Doc. #82), Defendant did not have an opportunity to listen to the recordings before producing them. Thus, Defendant produced all of these files as "Confidential" per the guidance provided by the Court during the discovery dispute conference.**

2. A copy of all videos, audio recordings, notes and/or written transcripts from all meetings with Plaintiff during his employment.

**RESPONSE: Defendant has produced every document responsive to this request. Defendant has concluded that it has no videos, audio recordings or written transcripts from meetings with Plaintiff during his employment. In order to identify the documents responsive to this request, Defendant did the following:**

   a. **Through interviews with Luke LeFevre, David DiCicco, Lara Johnson and J.B. Waggoner, Defendant determined that they were the only employees that held meetings with Plaintiff on behalf of the Defendant or at the direction of the**

Defendant during Plaintiff's employment.[3] Defendant then collected from them any documents responsive to this request. Those documents have been produced and included on the Document Log.

b. Searched messages from January 1, 2019 through December 31, 2020 containing the terms "Brad" or "Amos" in the following custodians' Outlook accounts: Lara Johnson, David DiCicco and Luke LeFevre and produced all documents related to any meetings any of them had with Plaintiff.

c. Messages from January 1, 2019 through December 31, 2020 containing "Brad Amos" in every other Outlook account maintained by Defendant in that time period, including J.B. Waggoner, and produced all documents related to any meetings with Plaintiff on behalf of or at the direction of the Company. The total number of Outlook accounts searched was approximately 3,300.

3. A copy of all correspondence, notes, and/or statements regarding any meeting with Plaintiff during his employment.

**RESPONSE**: **Defendant has produced all documents responsive to this request. In order to determine documents responsive to this request, Defendant conducted the searches identified in Defendant's supplemental response above to Second RFPD No. 2.**

5. A copy of all videos, audio recordings, and/or written transcripts from all companywide "devotional meetings" from 2019 through 2021.

**RESPONSE:** **See Defendant's supplemental response above to Second RFPD No. 1.**

6. A copy of all videos Plaintiff worked on during his employment.

---

[3] These four (4) employees are the only individuals that have been interviewed by Defendant or its attorneys in connection with this case.

**RESPONSE:** Defendant has produced all videos that Plaintiff worked on during his employment.

13. A copy of all meeting agendas and/or notes kept by Defendant for all all-employee meetings from 2019 through 2021.

**RESPONSE: Defendant has produced every agenda of every staff meeting from January 1, 2019 through December 31, 2020. Defendant has no agendas of devotionals during this time period.**

14. A copy of all notes kept from meetings with Plaintiff regarding his employment and/or personal life.

**RESPONSE: Defendant has produced every document responsive to this request. In order to determine documents responsive to this request, Defendant conducted the searches identified in Defendant's supplemental response above to Second RFPD No. 2.**

15. A copy of all communications between any employees of Defendant regarding Plaintiff's employment, personal life, spouse, and/or applications for employment from 2017 through 2021.

**RESPONSE: Defendant has produced every non-privileged document in its possession responsive to this request. See Defendant's supplemental response above to No. 7 of the First RFPD for a description of how Defendant identified documents responsive to this request.**

18. A copy of all communications between Defendant employees from 2019 through 2021 regarding Defendant being the "best place to work."

**RESPONSE: Defendant has produced every document in its possession responsive to this request. In order to identify documents responsive to this request, Defendant searched "best place to work" in every Outlook account maintained by Defendant from January 1,**

**2019 through December 31, 2020, which was approximately 3,300 accounts. Companywide emails were deduplicated. All emails related to Defendant's designation as a best place to work were produced.**

19. A copy of all communications between Defendant and INC.

**RESPONSE: Defendant conducted the search referenced in its response to Request No. 19 (see Defendant's Response to Plaintiff's Second Set of Requests for Production of Documents to Defendant Lampo Group) and produced all responsive documents. In addition, see Defendant's supplemental response above to Second RFPD 18.**

20. A copy of all communications between Defendant and the company in Nashville who allegedly certified Lampo/Ramsey as a "best place to work." (Specific name of the company could not be identified during the 30(b)(6) deposition; but its existence was identified).

**RESPONSE: See Defendant's supplemental response above to Second RFPD 18.**

23. All documents and/or communications related to, or regarding, Defendant's polling of employees pursuant any Best Places to Work survey from 2019 through 2021. (Inc. or the Nashville company Defendant claimed existed in their 30(b)(6) deposition).

**RESPONSE: Defendant does not have any documents responsive to this Request. Defendant has produced every document related to its designation as a Best Place to Work as set forth in the supplemental responses above to Second RFPD Nos. 18, 19 and 20.**

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on April 4, 2023, I sent the foregoing *Second Supplemental Responses to Plaintiff's Requests for Production of Documents to Defendant Lampo Group* via email to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*