IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No. 3:21-cv-00923 |
| THE LAMPO GROUP, LLC, ET AL., | ] JURY DEMAND |
| Defendant. | ] |

**PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO MOTION FOR SANCTIONS**

Initially, Defendants in this matter state the wrong standard in their response to Plaintiff's Motion for Sanctions under Fed. R. Civ. P. 37. The standard cited by Defendants is the standard considered when determining if a dismissal or default is an appropriate sanction; not the standard to look to if sanctions should apply at all.[1] Fed. R. Civ. P. 37 provides a district court authority to issue sanctions in certain circumstances, including: when a party "fails to obey an order to provide or permit discovery" (Fed. R. Civ. P. 37(b)(2)); *Tenpenny v. Prime Now, LLC*, No. 3:19-0420, 2020 WL 2062121, at *7 (M.D. Tenn. Apr. 29, 2020).[2] Although Plaintiff argues default is an appropriate sanction; he has alternatively requested the court consider other sanctions as well.

---

[1] Courts generally consider four factors in determining whether ***dismissal*** under these circumstances is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Quantum Bus. Consulting, Inc. v. Interconnect Media Network Sys., LLC*, No. 3:21-CV-00037, 2021 WL 6752265, at *2 (M.D. Tenn. Dec. 16, 2021) (emphasis added) (attached hereto as Exhibit A) See also *Braswell v. Glisson*, No. 3:21-CV-00145, 2022 WL 2500325, at *2 (M.D. Tenn. July 6, 2022), (Courts generally consider four factors in determining whether ***dispositive*** relief under these circumstances is appropriate (emphasis added) (attached hereto as Exhibit B)

[2] Attached hereto as Exhibit C

### The Order is not ambiguous nor open to multiple interpretations

Even using the incorrect standard cited by the Defendants, it is hard to understand how their conduct is not willful. Defendants claim they have complied with the Order "as they interpreted it" (Doc. No. 89, p. 10). The language of the court's Order is well reasoned, plain, and clear. It is in no way ambiguous. At some point, Defendants' consistent refusal to comply with the Orders of this court remove any doubt their actions are willful. They have consistently flouted the Orders of this Court with impunity resulting in significant delays in discovery and extensive unnecessary motion practice wasting the time of the parties and this Court.

### Defendant Ramsey's Statement

The Court's order of January 24, 2023 stated:

> Ramsey must provide supplemental sworn answers to discovery to expressly state as to appropriate requests that ***he has no documents or information in his possession beyond that provided by Lampo Group***. The timing of the supplemental responses shall be addressed in the parties' joint motion, as directed below. (Doc 67, p. 2) *emphasis added.*

Why is Defendant Ramsey simply unable to provide a sworn answer which states this as the Court explicitly required? Why must he, instead, say "Responsive documents, if any, would be in the possession, custody and control of The Lampo Group, LLC"? (Doc 83, Ex B). Even in their response to this Motion for Sanctions, Defendants refuse to commit to have Mr. Ramsey provide a sworn answer containing the language ordered by this Court.

As pointed out in Plaintiff's Motion for Sanctions, what Defendant Ramsey stated does not comply with the Court's Order and does not comply with the "spirit" of the order either.

### The identity of persons interviewed by Defendant regarding Plaintiff's claims

The court's order of January 24, 2023 further stated:

> "Defendants must provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case,

including that were interviewed, by providing a complete list of all such individuals and otherwise *in compliance with the Federal Rules of Civil Procedure*." (Doc 67, p. 2). (emphasis added)

Defendants claim in their response their "supplemental response"[3] complied with the Court's order. It clearly did not. Fed. R. Civ. P. 33(b)(3) states:

> "Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

Defendants were ordered to supplement their responses in a manner that complies with the Federal Rules of Civil Procedure, however what they provided was a long, confusing, sworn statement by Armando Lopez which appears to serve as a global supplement to all Plaintiff's interrogatories. Mr. Lopez's statement does not identify which interrogatories it was designed to supplement. This statement neither supplies a list of persons with knowledge nor a list of persons interviewed by Defendants.

Further, the "supplement" contains contradictory and ambiguous statements. Specifically, Defendants stated that anyone interviewed after the litigation commenced was interviewed by counsel and not by other employees of Defendant and therefore do not need to be identified.[4] There is no relevant distinction between individuals interviewed by Defendants' employees or those interviewed by Defendants' attorneys for purposes of the Court's order.

Defendants do not claim a work product objection in the "supplementation" provided yet appear to be withholding information based on this claimed privilege. Objections to interrogatory responses must be stated with specificity or they are waived. Fed. R. Civ. P. 33(b)(4).

---

[3] Doc 83, Ex. C
[4] Doc 83, p. 6, Ex A, Ex C

Defendants' "supplement" failed to provide a list of names in compliance with the Federal Rules of Civil Procedure and this Court's order. Defendants do not identify any work product objection in the supplementation as required by the Federal Rules of Civil Procedure.

Perhaps most incredulous, Defendants claim the names of people they were required to identify in supplemental interrogatory responses appear somewhere in the over 51,000 documents Defendants "dumped" on Plaintiff.[5] This is not proper under Fed. R. Civ. P. 33:

> "The plain language of Rule 33(d) thus requires that a party may use that rule to answer interrogatories only when three requirements are met: (1) the answer to the interrogatory may be determined from the business records: (2) the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party responding to the interrogatory; and, (3) the specification is in sufficient detail to permit the interrogating party to identify, as readily as the responding party could, the records from which the answer may be ascertained.
>
> Generally, referencing a mass of documents or records does not comply with Rule 33(d). ….This generic reference does not provide the kind of specific detail required by the rule. When relying on Rule 33(d), the responding party must "precisely specif[y] for each interrogatory ... the actual documents where information will be found.""" *Johnson Marcraft, Inc v. W. Sur. Co.*, No. 3:15-CV-01482, 2016 WL 3655299, at *2 (M.D. Tenn. July 8, 2016) (internal citations omitted).

Defendants' admissions in their response to Plaintiff's Motion for Sanctions only strengthens the position of the Plaintiff that sanctions are appropriate.

### Additional/Alternative Sanction Requested

On the same day Plaintiff filed this Reply, the District Court issued an order continuing the trial date in this matter to January 30, 2024. As such, Plaintiff would request (in addition/aternatively to previous relief sought) the court to extend the discovery deadline in this matter to July 14, 2023. Dispositive Motion filings would be due the same date as a sanction.

---

[5] "Since Plaintiff initiated litigation, Defendant Lampo has produced documents in response to Plaintiff's document requests that include the names of a number of individuals." (Doc 83, Ex. C, p. 2)

Responses to any dispositive Motion would be due August 11, 2023 and any reply due by August 25, 2023. This would end dispositive motion briefing more than 150 days prior to the trial date.

Plaintiff also requests Defendants be required to allow discovery on any documents or responses they are required to supplement as a result of this motion at Defendant's expense .

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

/s/ *Jonathan A. Street*
**JONATHAN STREET, BPR NO. 021712**
**LAUREN IRWIN, BPR No. 034833**
Attorneys for Plaintiff
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via electronic mail this 24th day of April, 2023 to the following:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com
*Attorneys for Defendants*

/s/ *Jonathan A. Street*
**Jonathan A. Street**