KeyCite Yellow Flag - Negative Treatment
Dismissed as Moot by Quantum Business Consulting, Inc. v. Interconnect Media Network Systems, LLC, M.D.Tenn., May 5, 2022

2021 WL 6752265
Only the Westlaw citation is currently available.
United States District Court, M.D. Tennessee, Nashville Division.

QUANTUM BUSINESS CONSULTING, INC.
v.
INTERCONNECT MEDIA NETWORK SYSTEMS, LLC

Case No. 3:21-cv-00037
|
Signed 12/16/2021

**Attorneys and Law Firms**

Robert D. MacPherson, MacPherson & Youmans, P.C., Lebanon, TN, for Plaintiff.

Henry C. Leventis, Shea T. Hasenauer, Bone, McAllester & Norton, PLLC, Nashville, TN, for Defendant.

**TO: The Honorable William L. Campbell, Jr., United States District Judge**

**REPORT AND RECOMMENDATION**

BARBARA D. HOLMES, United States Magistrate Judge

*1 On November 3, 2021, the Court entered an order permitting Defendant to file a motion to compel discovery responses from Plaintiff and expressly directing Plaintiff to respond in accordance with Local Rule (a)(3), including to specifically address Plaintiff's apparently admitted failure to timely respond to discovery and requests for admission and why, if Plaintiff is in default in responding to discovery, the Court should not impose the sanctions authorized by Rule 37(d)(3). (Docket No. 23.) Plaintiff failed to comply with the Court's direction and did not file a response to the motion to compel. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's complaint be DISMISSED under Rules 16(f), 37(d)(3) and 41(b) of the Federal Rule of Civil Procedure.[1]

**Background**

Familiarity with this case is presumed and only those underlying facts and circumstances that are necessary to explain or provide context for this report and recommendation are recited here. This case has been pending since January 15, 2021. (Docket No. 1.) Following an initial case management conference, the Court entered an initial case management order that provided for, among other deadlines, the exchange of initial disclosures by July 1, 2021 and completion of written discovery and fact witness depositions by November 5, 2021. (Docket No. 19 at ¶¶ E and G.)

On November 2, 2021, Defendant filed an emergency motion for a discovery conference, based on Plaintiff's failure to timely provide initial disclosures and failure to respond to discovery requests that were served on September 24, 2021. (Docket No. 22.) In the joint discovery dispute statement part of the motion, Plaintiff's position is stated as "it will provide the discovery responses." (Id. at 1.)

Rather than holding a discovery conference, the Court entered its November 3 order permitting Defendant to file a motion to compel and expressly instructing Plaintiff to respond and to demonstrate why, if Plaintiff is in default in responding to discovery, the Court should not impose the sanctions authorized by Rule 37(d)(3). (Docket No. 23.) Plaintiff failed to timely respond to the motion to compel.

**Legal Standards and Analysis**

Rule 37(d) of the Federal Rules of Civil Procedure[2] authorizes the district court to sanction a party for failure to cooperate in discovery, including for failure to serve "answers, objections, or written responses" to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Dismissal is among the sanctions that the court may impose. Fed. R. Civ. P. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(v)).[3]

*2 Additionally, federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay,

contumacious conduct, or failure to prosecute by the plaintiff. *See* Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 364 (6th Cir. 1999); Bishop v. Cross, 790 F.2d 38, 39 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[4] Further, the plain language of Rule 16(f) authorizes dismissal as a remedy when a party or its attorney fails to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Courts generally consider four factors in determining whether dismissal under these circumstances is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998) (citing Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153-55 (6th Cir. 1988)). No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. Knoll, 176 F.3d at 363 (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See* In re McDonald, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of dismissal. Plaintiff's statement in the parties' joint discovery dispute statement that "it will provide the discovery responses" (Docket No. 22 at 1) is an admission of its obligation to comply with the requirements of the discovery rules. That Plaintiff has failed to fulfill its discovery obligations in a timely fashion and has failed to give any reason or excuse for not having done so, despite Defendant's patience and the Court's explicit instructions, can only be construed as willful and in bad faith.

There can be little argument that Defendant has been prejudiced by Plaintiff's unwillingness to comply with its discovery obligations. The deadline to complete discovery has expired without Defendant obtaining the required discovery responses, despite its best efforts. This second factor therefore also supports dismissal.

Plaintiff was given an express opportunity to show why sanctions, including dismissal, for its failure to provide discovery responses should not be imposed. Instead, Plaintiff cavalierly ignored that opportunity and failed to file any response to Defendant's motion to compel, despite the Court's clear instruction. This lack of any explanation of the failure to observe uncomplicated discovery obligations and orders from the Court militates in favor of dismissal under the third and fourth factors. Because Plaintiff was given an opportunity to avoid dismissal and failed to do so, the Court cannot find that any less drastic remedy would produce a different result.[5]

## RECOMMENDATION

*3 For all these reasons, it is respectfully RECOMMENDED that Plaintiff's complaint (Docket No. 1) be dismissed under Rules 16(f), 37(d)(3), and 41(b) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See* Thomas v. Arn, 474 U.S. 140, 154-55 (1985). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted

**All Citations**

Slip Copy, 2021 WL 6752265

## Footnotes

| 1 | Although the underlying circumstances upon which the recommendation is made involve a discovery dispute, which would ordinarily be within the jurisdiction of the Magistrate Judge to resolve by order, because dismissal is warranted and is dispositive, the undersigned submits this report and recommendation. Nevertheless, should the District Judge |

|   |   |
|---|---|
| | determine that dismissal for failure to comply with discovery obligations and an order of the Court is relief that can be granted by a magistrate judge, this report and recommendation may be treated as an order directing that relief, subject to review as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). |
| 2 | Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure. |
| 3 | The Court finds the other requirements of Rule 37(d) are satisfied. Specifically, that Defendant filed a motion as required by Rule 37(d)(1)(A) and that the parties conferred in good faith in an attempt to resolve the dispute prior to filing the motion. *See* Docket No. 22. |
| 4 | Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). |
| 5 | Further, the interests of justice dictate that Defendant should not be required to expend any more resources on a case in which Plaintiff has apparently lost interest. Similarly, the Court's expenditure of additional resources on this case is unfair to all the other litigants who are willing to commit the necessary attention and resources to properly administer and prepare their cases. *See Ciccio v. Smiledirectclub, LLC*, No. 3:19-0845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) ("The common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants ... to administer justice fairly, promptly, and adequately.") (emphasis in original). |