2022 WL 2500325
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division,
at Nashville.

David Allen BRASWELL and
Operating Engineers Local Union
No. 474 Health and Welfare Fund
v.
Jessie R. GLISSON
v.
Laci D. Brantley

Case No. 3:21-cv-00145
|
Filed July 6, 2022

**Attorneys and Law Firms**

Karla M. Campbell, R. Jan Jennings, Branstetter, Stranch & Jennings, PLLC, Nashville, TN, for David Allen Braswell.

Karla M. Campbell, Kerry Lee Dietz, R. Jan Jennings, Branstetter, Stranch & Jennings, PLLC, Nashville, TN, for Operating Engineers Local Union No. 474 Health and Welfare Fund.

Robin Celeste Moore, Carthage, TN, for Jessie R. Glisson.

**REPORT AND RECOMMENDATION**

BARBARA D. HOLMES, United States Magistrate Judge

 *1 **TO: The Honorable William L. Campbell, Jr., United States District Judge**
On June 6, 2022, the Court entered an order directing Third-Party Defendant Laci Brantley to show cause by no later than June 29, 2022, why default judgment should not be entered against her. (Docket No. 65). On May 25, 2022, Third-Party Plaintiff Jessie Glisson filed a motion for summary judgment (Docket No. 58) to which Brantley has failed to respond, despite the Court's express directions. For the reasons discussed below, the undersigned respectfully recommends that judgment be entered against Third-Party Defendant Laci Brantley, including under Rules 16(f), 37(d)(3), 55, and 56 of the Federal Rules of Civil Procedure, as to the relief requested in the third-party complaint.[1]

**Background**

Familiarity with this case is presumed and only those underlying facts and circumstances that are necessary to explain or provide context for this report and recommendation are recited here.[2] This case has been pending since February 24, 2021. (Docket No. 1.) An amended complaint was filed on May 18, 2021. (Docket No. 16.) The amended complaint alleges that Defendant Jessie Glisson is an individual plan participant in the Operating Engineers Local Union No. 474 Health and Welfare Fund (the "health fund") of which Plaintiff Braswell is chairman of the Board of Trustees. The amended complaint further alleges that following Glisson's divorce, the health fund paid a total of $27,850.16 in plan benefits for Glisson's ex-wife, Laci Brantley, who was no longer eligible for plan benefits.

On June 18, 2021, Glisson filed an answer to the amended complaint and a third-party complaint against Brantley, alleging that Brantley continued to receive health fund plan benefits after her divorce from Glisson without Glisson's knowledge. (Docket No. 22.) Brantley filed an answer to the third-party complaint. (Docket No. 28.)[3] However, she has taken no other action to proceed with her defense to the third-party complaint.

 *2 On January 26, 2022, Plaintiffs filed a motion for discovery sanctions – specifically, for attorney fees – for Brantley's failure to appear for her scheduled deposition. (Docket No. 35.) According to the deposition transcript, Brantley contacted Plaintiffs' counsel on the morning of the deposition to inform counsel that she would not be appearing for the deposition. (Docket No. 35-1.) On February 28, 2022, Glisson filed a similar motion also requesting attorney fees for Brantley's failure to appear for her deposition. (Docket No. 39.) Brantley failed to respond to either motion. Brantley also failed to respond to the Court's order for her to show cause why she should not be sanctioned for failing to appear for her deposition. (Docket No. 37.) The Court sanctioned Brantley by an award of attorney fees to Plaintiffs and to Glisson. (Docket No. 51.)

By order entered on May 6, 2022, the Court scheduled a status/case management conference for May 25, 2022,

and ordered Brantley to appear either through counsel or personally as an unrepresented party. (Docket No. 49.) Contrary to the Court's order, Brantley failed to appear for the May 25 status/case management conference.

On May 25, 2022, Glisson filed a motion for an order for Brantley to show cause why default judgment should not be entered against Brantley for her failure to defend the third-party action. (Docket No. 56.) The Court issued an order on June 6, 2022 for Brantley to show cause by no later than June 29, 2022 why judgment should not be entered against her. (Docket No. 65.) Brantley failed to respond to the show cause order.

On May 25, 2022, Glisson also filed a motion for summary judgment (Docket No. 58) with supporting exhibits, statement of undisputed material facts, and supporting memorandum of law. (Docket Nos. 59 through 61.) Glisson's motion for summary judgment asserts that Brantley was responsible for directly paying her own medical expenses following her divorce from Glisson and that the parties' divorce decree relieved Glisson of any obligation to pay any portion of the $27,860.16 paid on behalf of Brantley. Brantley was notified of the summary judgment motion, informed of the need to respond, and given a deadline of June 29, 2022, to file a response. (Docket No. 64.) Brantley was specifically warned that her failure to file a timely response could result in entry of judgment against her. Brantley failed to respond to the motion.

**Legal Standards and Analysis**

Rule 37(d) of the Federal Rules of Civil Procedure[4] authorizes the district court to sanction a party for failure to cooperate in discovery, including for failure to serve "answers, objections, or written responses" to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Entry of judgment is among the sanctions that the court may impose. Fed. R. Civ. P. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(vi)). Additionally, the plain language of Rule 16(f) authorizes entry of judgment as a remedy when a party or its attorney "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) and (C). Further, federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1961).

Courts generally consider four factors in determining whether dispositive relief under these circumstances is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dispositive outcome; and (4) whether less drastic sanctions were imposed or considered before disposition was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). No single factor is determinative, although the Sixth Circuit has held that dispositive relief is properly granted where there is a clear record of delay or contumacious conduct. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

*3 The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of entry of judgment against Brantley. Brantley has been given numerous opportunities to demonstrate her willingness to pursue a defense in the third-party action. *See e.g.* Docket No. 35 (Plaintiffs' motion for discovery sanctions); Docket No. 37 (order directing Brantley to show cause why discovery sanctions should not be imposed); Docket No. 39 (Glisson's motion for discovery sanctions); Docket No. 45 (order imposing discovery sanctions); Docket No. 49 (order directing Brantley to appear at scheduled status/case management conference); Docket No. 64 (order directing Brantley to respond to Glisson's motion for summary judgment); and, Docket No. 65 (order directing Brantley to show cause why judgment should not be entered against her for failure to appear at status/case management conference as directed).[5] Brantley expressly refused to appear for her scheduled deposition (*see* Docket No. 36-1 at 2), which evidences willfulness, bad faith, and fault. That Brantley has failed to fulfill her discovery obligations in a timely fashion, has failed to appear for scheduled court proceedings, and has failed to take action directed by the Court, all while failing to give any reason or excuse, despite the parties' patience and the Court's explicit instructions, can only be construed as willful and in bad faith.

There can be little argument that the other parties have been prejudiced by Brantley's unwillingness to pursue her

defense in the third-party action, including by her failure to comply with her discovery obligations. The deadline to complete discovery has long since expired without the other parties obtaining Brantley's deposition, despite their best efforts. Further, the parties have expended substantial resources in attempting to compel Brantley's cooperation and participation. This second factor therefore also supports entry of judgment against Brantley.

Brantley was expressly given multiple opportunities to show why sanctions should not be imposed, including entry of judgment against her, for her failure to provide discovery responses and to otherwise cooperate in preparation of this case. Instead, Brantley cavalierly ignored those opportunities, despite the Court's clear instructions that she show cause why judgment should not be entered against her. Brantley's lack of any explanation of her failure to observe uncomplicated orders from the Court militates in favor of entry of judgment against her under the third and fourth factors.[6] Because Brantley was given an opportunity to avoid entry of judgment and failed to do so, the Court cannot find that any less drastic remedy would produce a different result.[7]

**Glisson's motion for summary judgment**

 *4  A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "A genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

When a motion for summary judgment is properly supported under Rule 56, such as Glisson's motion, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence supporting the party's claims and establishing the existence of a genuine issue of material fact that requires that the lawsuit proceed to trial. *See* Celotex Corp., 477 U.S. at 323-24; Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002). Brantley's *pro se* status does not relieve her of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty* Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). Brantley has not satisfied this threshold obligation. She has not responded to the motion for summary judgment, has not rebutted Glisson's evidence or arguments, and has not supported her defenses with any affirmative evidence. This is so even though the Court specifically advised Brantley of the need to respond to the motion and gave her a specific response deadline.[8]

 *5  Additionally, Brantley did not respond to Glisson's statement of undisputed facts (Docket No. 60), as required by Rule 56.01(c) of the Local Rules of Court. When a responding party fails to timely respond to the moving party's statement of undisputed material facts, "the asserted facts shall be deemed undisputed for purposes of summary judgment." Local Rule 56.01(f). Accordingly, the Court is permitted to rely upon the facts set forth by Glisson as the undisputed facts.

The undisputed facts before the Court demonstrate that Brantley was responsible for directly paying her own medical expenses following her divorce from Glisson and that the parties' divorce decree relieved Glisson of any obligation to pay any portion of the $27,860.16 in benefits paid by the health fund on behalf of Brantley. The divorce decree obligated Glisson to pay Brantley $1,000 dollars toward post-divorce medical expenses (Docket No. 60 at ¶ 1 and 61-4 at 5), which there is no evidence that he did not pay. Further, the divorce decree required Glisson to maintain Brantley as a dependent under his health insurance "if his employer allows, through December 31, 2019." (Docket No. 61-4 at 6) However, Brantley became ineligible for continued coverage

under Glisson's health plan upon her divorce from Glisson and Glisson had no other obligation to pay medical expenses on behalf of Brantley. (Docket No. 16 at ¶ 8 and Docket No. 60 at ¶ 3.) Despite this lack of continued coverage, it is undisputed that Brantley continued to make claims under Glisson's health plan for medical services, and for which the health fund paid benefits totaling $27,860.16. (Docket No. 60 at ¶¶ 10-14.)

Even if Brantley has raised legally sufficient defenses to the claims in the third-party complaint that she is responsible for the benefits paid by the health fund on her behalf, there is no evidence before the Court to support such defenses.[9] Given the undisputed facts that are before the Court and the lack of any evidence supporting Brantley's defenses, no reasonable jury could find in Brantley's favor. According, Glisson is entitled to summary judgment.

**RECOMMENDATION**

For all these reasons, it is respectfully RECOMMENDED that, pursuant to Rules 16(f), 37(d)(3), and Rule 56 of the Federal Rules of Civil Procedure, judgment be entered against Third-Party Defendant Laci Brantley in favor of Third-Party Plaintiff Jessie Glisson in the amount for which Glisson is held responsible for payment to Plaintiffs, up to a total of $27,850.16.

The Clerk is directed to send a copy of this Report and Recommendation to Third-Party Defendant Laci Brantley by first class mail at her address of record and by email to laci_brantley@outlook.com.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. See Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140, 154-55 (1985). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. See Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

**All Citations**

Slip Copy, 2022 WL 2500325

Footnotes

1   Although the underlying circumstances upon which the recommendation is made include a discovery dispute, which would ordinarily be within the jurisdiction of the Magistrate Judge to resolve by order, because judgment against Brantley is warranted and is dispositive, the undersigned submits this report and recommendation.

2   These facts are taken from the record and, unless otherwise noted, are largely undisputed.

3   In the answer, Brantley agreed to provide the Clerk with any change in her mailing address and acknowledged her understanding that her failure to do so would have consequences. (Docket No. 28 at 6.) This is important because the filings and orders mailed to Brantley at the only address she has provided to the Clerk have mostly, if not all, been returned as undeliverable. However, copies have also been sent to an email address for Brantley, which appears to be in good working order. Regardless, Brantley's failure to keep the Court informed of her current contact information is at her own peril.

4   Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

5   The docket reflects that Brantley's last contact with the Court was her answer filed on September 1, 2021. (Docket No. 28.) The Court notes that many, if not all, the filings and orders that were mailed to Brantley were returned as undeliverable. However, there is no indication that the emailed copies sent to Brantley were not received. Further, the Court's local rules expressly require that "a party proceeding *pro se* must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information." Local Rule 41.01(b). *See also* n.3 above.

6   Further, the interests of justice dictate that the other parties should not be required to expend any more resources on a case in which Brantley has apparently lost interest. Similarly, the Court's expenditure of additional resources on this case is unfair to all the other litigants who are willing to commit the necessary attention and resources to properly administer

| | |
|---|---|
| | and prepare their cases. *See Ciccio v. Smiledirectclub, LLC*, No. 3:19-0845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) ("The common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants ... to administer justice fairly, promptly, and adequately.") (emphasis in original). |
| 7 | Rule 55(a) also provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Although the Sixth Circuit has not spoken definitively on the issue of whether default can be entered against a party who has answered, the majority of circuits considering that question have broadly imposed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2nd Cir. 2011) (collection of cases).In at least one case, the Sixth Circuit discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed.R.Civ.P. 41." *See Smith v. Commissioner of Internal Revenue*, 926 F.2d 1470, 1478 (6th Cir. 1991). In *Smith*, however, it was unnecessary for the Court to decide which interpretation was correct. Effectively, Brantley has failed to "otherwise defend" in this action. Other than filing of an answer, she has taken no action to defend against the third-party complaint. Under the plain language of Rule 55(a), entry of default is therefore warranted for that reason alone. *See Dow Corning v. Jie Xiao*, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) (corporate defendant's failure to comply with court's order to obtain counsel is failure to defend under Rule 55(a) warranting default) (citations omitted). Application of Rule 55(a) in conjunction with Rule 56, as discussed in more detail below, compels entry of judgment against Brantley as recommended herein. |
| 8 | It is also not appropriate for the Court to supply or assume facts supporting Brantley's defenses, and the Court is not required to make legal arguments on behalf of a non-responsive or *pro se* party. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D. Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D. Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). |
| 9 | Given the lack of any evidencing supporting Brantley's defenses, the Court finds it unnecessary to further evaluate whether the defenses are legally meritorious. |

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.