IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS ) | |
| ) | Case No. 3:21-cv-0923 |
| v. ) | Richardson/Holmes |
| ) | |
| THE LAMPO GROUP, LLC and ) | |
| DAVE RAMSEY ) | |

**O R D E R**

Pending before the Court is Plaintiff's Motion for Sanctions.[1] (Docket No. 83.) Defendants The Lampo Group LLC and Dave Ramsey responded in opposition (Docket No. 89) and Plaintiff filed a reply (Docket No. 94). For the reasons that follow, Plaintiff's Motion (Docket No. 83) will be **GRANTED IN PART AND DENIED IN PART**. Further, for the reasons discussed below, the discovery dispute resolution procedures already in effect in this case are further modified to require that before any party may bring a discovery dispute to the Court for resolution, lead counsel must meet in-person[2] and the joint discovery dispute statement or joint motion for a discovery conference must certify that the required in-person meeting was held. Further, to the extent not clearly provided for otherwise, this in-person meeting between lead counsel is a required predicate for any motion for sanctions under Rule 37.

---

[1] Once again, Plaintiff did not separately file a memorandum of law in support of his motion as required by Local Rule 7.01(a)(2), which states that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof." Although Plaintiff embeds legal authority in his motion, that is not consistent with the express requirements of Local Rule 7.01(a)(2).

[2] The required in-person meeting is just what it sounds like. Lead counsel must be in the same room at the same time. Meeting by videoconference is not permitted.

## BACKGROUND

Familiarity with this case and with the circumstances of this discovery dispute are presumed and are not again recited here except as necessary for explanation of or context to the Court's ruling.

On January 24, 2023, following a telephonic discovery conference, the Court set forth deadlines for, among other things, Lampo and Ramsey to provide supplemental sworn answers to Plaintiff's discovery requests regarding the identification of persons with knowledge of the case and regarding Ramsey's possession of documents and information provided by Lampo. (Docket No. 67.) The Court stated:

> 4. Defendants [Lampo and Ramsey] must provide supplemental sworn interrogatory answers as to any interrogatory requesting identification of persons with knowledge of this case, including that were interviewed, by providing a complete list of all such individuals and otherwise in compliance with the Federal Rules of Civil Procedure. The timing of the supplemental response shall be addressed in the parties' joint motion, as directed below. Further, Defendants cannot call any witnesses at trial or use the statements for any purposes of witnesses who were not disclosed to Plaintiff in discovery.
>
> 5. Ramsey must provide supplemental sworn answers to discovery to expressly state as to appropriate requests that he has no documents or information in his possession beyond that provided by Lampo Group. The timing of the supplemental responses shall be addressed in the parties' joint motion, as directed below.

(*Id.* at 2.) In response to the parties' contentious filings,[3] the Court issued a Fourth Modified Case Management Order in which it set forth deadlines and laid out the parties' responsibilities regarding discovery. (Docket No. 71.) The Court set February 10, 2023 as the deadline for Lampo

---

[3] The Court has thoroughly detailed these filings in its prior order granting Plaintiff's motion to compel. (Docket No. 82 at 3–4.)

and Ramsey to comply with Paragraph 4 above and set February 15, 2023 as the deadline for Ramsey to comply with Paragraph 5 above. (*Id.* at 2–3.)

With respect to Paragraph 4 above, on February 2, 2023, Lampo provided supplemental interrogatory responses in which it stated that that it had "identified every witness that was interviewed by Lampo as part of the investigation it conducted after it received the first e-mail communication from Plaintiff's attorney on August 20, 2022."[4] (Docket No. 83-3.) With respect to Paragraph 5 above, on February 15, 2023, Ramsey provided a sworn declaration in which he stated, "I have no documents responsive to the Plaintiff's First Request for Production of Documents to Defendant Dave Ramsey in my personal possession, custody or control. Responsive documents, if any, would all be in the possession, custody and control of The Lampo Group, LLC." (Docket No. 83-2.)

On February 22, 2023, Plaintiff a motion to compel in which he sought to compel Lampo to supplement responses to 15 requests for production from Plaintiff's first and second sets of requests and to undertake a "second deposition" of its Rule 30(b)(6) witness. (Docket No. 75.) Plaintiff did not reference Paragraphs 4 or 5 of the Court's January 24, 2023 Order in his motion to compel. The Court granted Plaintiff's motion on March 14, 2023. (Docket No. 82.)

On April 3, 2023, Plaintiff filed the instant motion in which he seeks sanctions against Lampo and Ramsey for their failures to comply with Paragraphs 4 and 5 of the Court's January 24, 2023 Order. (Docket No. 83.) In response, Lampo and Ramsey argue that they have provided the information required by the Court's Order, so sanctions would be inappropriate. (Docket No. 89.)

---

[4] There is no indication from any of the parties if Ramsey provided supplemental interrogatory responses as directed in Paragraph 4.

## LEGAL STANDARDS AND ANALYSIS

The scope and management of discovery are within the sound discretion of the trial court. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)); *see also Crawford-El. v. Britton*, 523 U.S. 574, 598–99 (1998) (trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets) (internal citations omitted); *McNeil v. Community Probation Services, LLC*, No. 1:18-cv-00033, 2019 WL 5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (scope of discovery is within the broad discretion of the trial court) (internal citations omitted). "[I]n deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and [her] order is overruled only if the district [judge] finds an abuse of discretion." *Spencer v. DTE Elec. Co.*, No. 15-11421, 2016 WL 8308942, at *2 (E.D. Mich. Mar. 11, 2016).

Plaintiff seeks discovery sanctions under Rule 37(b)(2)(A), which authorizes the imposition of sanctions for failure to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). "The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989) (quotation omitted). Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Instead of or in addition to the discretionary sanctions of Rule 37(b)(2)(A), under Rule 37(b)(2)(C), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused

by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"In the Sixth Circuit, a court generally need not make a finding of bad faith before sanctioning a party under Rule 37[(b)]." *Fausz v. NPAS, Inc.*, No. 3:15-cv-00145-CRS-DW, 2017 WL 1227943, at *3 (W.D. Ky. Mar. 31, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003)). However, when determining whether dismissal is warranted, courts must consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F. 3d 451, 458 (6th Cir. 2002)). Conduct meeting the first prong "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party's] conduct on those proceedings." *Id.* (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)).

In the present dispute, that parties disagree on whether: (1) Lampo complied with Paragraph 4 of the Court's January 24, 2023 Order; (2) Ramsey complied with Paragraph 5 of the Court's January 24, 2023 Order; and (3) Lampo and Ramsey are subject to sanctions under Rule 37(b)(2)(A) and Rule 37(b)(2)(C).

### Lampo's Compliance with Paragraph 4

In short, this disagreement centers on whether Lampo has disclosed individuals with "knowledge of the case," including those who were interviewed by Lampo. Plaintiff says that Lampo has not disclosed enough names, and Lampo says that it has. The parties have each interpreted the Court's order to require the disclosure of different information. This discovery issue, like most of the others that the parties have presented to the Court, appears, more than

5

anything, to be a result of miscommunication by counsel. The parties exchanged emails on this issue, but never spoke on the phone or met in person to attempt to resolve their differences.[5] Although the Court finds that Lampo failed to comply with Paragraph 4 of the Court's January 24, 2023 Order, the Court is confident that the parties could have more clearly communicated with each other regarding this issue and potentially resolved any differences before bringing this to the Court's attention.

Plaintiff argues that Lampo has failed to comply with Paragraph 4 of the Court's January 24, 2023 Order because it has only named persons interviewed by Lampo "prior to Plaintiff initiating litigation." (Docket No. 83 at 4.) Plaintiff contends that the Court's Order was not limited to pre-litigation interviews, but more broadly required disclosure of all persons interviewed by Lampo employees and by Lampo's counsel, both before and during litigation. (*Id.*) Plaintiff believes that Lampo is withholding information and failing to name post-litigation interviewees based on a "work product objection" and that Lampo has failed to produce a privilege log in

---

[5] In its motion, Plaintiff states that Rule 37 does not require a "good faith" attempt to resolve the issues that make up Plaintiff's motion for sanctions. (Docket No. 83 at 2.) Whether this is true or not, the parties are well aware of the Court's frustration with what it perceives to be a lack of communication and cooperation among the parties. *See, e.g.*, Docket Nos. 71 at 1, 82 at 2–3. The failures of counsel to meet in person to discuss these discovery-related issues have resulted, time and again, in the Court's involvement in easily resolvable issues. Regardless of the language of Rule 37 otherwise, the Court can impose a requirement of a good faith attempt at resolution prior to filing of a motion for Rule 37 sanctions, if for no other reason than because a request for sanctions is generally predicated on some deficiency in discovery responses, the resolution of which do require a good faith attempt at resolution. Even in circumstances such as this, where one party asserts that the other failed to comply with discovery instructions, after judicial intervention, the Court nevertheless finds that imposition of a requirement for a good faith attempt at resolution will, at a minimum, result in lead counsel discussing the issues and, hopefully, arriving at some resolution.

compliance with Paragraph 2 of the Court's January 24, 2023 Order.[6] (*Id.*; Docket No. 94 at 3.) Plaintiff appears to want confirmation either that: (1) before and during litigation, Lampo has interviewed only four people – Lara Johnson, Luke LeFevre, David DiCicco, and J.B. Waggoner; or (2) Lampo has interviewed more people during litigation, but Lampo considers those interviews to be privileged, in which case Plaintiff believes Lampo should have produced a privilege log. Plaintiff also contends that Lampo should have provided individual and separate supplemental responses to its interrogatories rather than a "global" supplemental response. (Docket No. 94 at 3.) For these reasons, Plaintiff urges that Lampo has violated the Court's discovery order and should be sanctioned under Rule 37(a)(2)(A). (Docket No. 83 at 4–5.)

In response, Lampo states that it "interpreted" the Court's Order as "requiring it to provide a complete list of all individuals with knowledge of Plaintiff's claims." (Docket No. 89 at 10.) It believes it complied with that Order because it (1) "identified everyone with knowledge of Plaintiff's claims," (2) "identified everyone that it had interviewed," (3) "produced every email referencing Brad Amos," and (4) "affirmed it had already identified everyone that had been interviewed by the company or its attorney – Lara Johnson, Luke LeFevre, David DiCicco and J.B. Waggoner" in its Second Supplemental Responses.[7] (Docket No. 89 at 10–11.)

In its February 2, 2023 "Supplemental Response to Plaintiff's First Set of Interrogatories to Defendant Lampo," which were sworn to by Armando Lopez, Lampo stated that it had

---

[6] Plaintiff also argues that Lampo did not appeal the Court's January 24, 2023 Order, though he does not explicitly state how this failure to appeal impacts the Court's assessment of Lampo's compliance with Paragraph 4. (Docket No. 83 at 4.)

[7] Lampo also argues that Plaintiff failed to raise any objections to its supplemental response in Plaintiff's prior motion to compel, though it does not explicitly state how this failure to move to compel impacts the Court's assessment of Lampo's compliance with Paragraph 4. (Docket No. 89 at 5, 11.)

7

"identified every witness that was interviewed by Lampo."[8] (Docket No. 83-3.) Lampo then stated that it interviewed Lara Johnson and Luke LeFevre, and that it learned that David DiCicco, J.B. Waggoner, and Armando Lopez had information related to Plaintiff's employment. (*Id.*) As Plaintiff points out, this supplemental response was broadly made in response to the entirety of Plaintiff's first set of interrogatories rather than in response to individual interrogatories. (*Id.*) Later, in its April 4, 2023 "Second Supplemental Responses to Plaintiff's Requests for Production of Documents to Defendant Lampo Group," to which no Lampo representative has sworn, Lampo stated that it interviewed Luke LeFevre, David DiCicco, Lara Johnson, and J.B. Waggoner and that those four employees were "the only individuals that have been interviewed by Defendant or its attorneys in connection with this case." (Docket No. 89-1 at 3–4.) This response was made to Plaintiff's Request for Production No. 2, which asked for copies of videos, audio recordings, and notes from meetings with Plaintiff. (*Id.*)

Based on Lampo's supplemental discovery responses from February 2, 2023 and April 4, 2023 (Docket Nos. 83-3, 89-1), the email communications between counsel for the parties (Docket No. 83-1), and the parties' filings, the Court finds that Lampo failed to comply with Paragraph 4 of the Court's January 24, 2023 Order. The Court clearly ordered Lampo to provide supplemental sworn interrogatory answers to *any* interrogatory that requested Lampo to identify persons with knowledge of the case.[9] (Docket No. 67 at 2.) Lampo did not do this. Instead, it provided a "global" supplemental response to all of Plaintiff's first set of interrogatories, as well as individual

---

[8] This supplemental response references Exhibits A, B, and C, but these exhibits have not been filed with the Court.

[9] For example, Plaintiff's Interrogatory No. 2 asked Lampo to "[i]dentify each person . . . who has knowledge of relevant facts relating to the subject matter of this litigation," among other requests. (Docket No. 60-3 at 2.) This would clearly be an interrogatory to which Paragraph 4 applied and for which a supplemental sworn interrogatory answer would be required.

8

supplemental responses to Plaintiff's first set of requests for production. (Docket Nos. 83-3, 89-1.) In this "global" supplemental response, Lampo stated that it interviewed two people – Lara Johnson and Luke LeFevre. (Docket No. 83-3 at 1.) However, in its later supplemental response to Plaintiff's requests for production, Lampo stated that it interviewed four people – Lara Johnson, Luke LeFevre, David DiCicco, and J.B. Waggoner. (Docket No. 89-1 at 3–4.) Further, counsel for Lampo stated in emails with counsel for Plaintiff that "[a]nyone interviewed once the litigation was initiated was by me [counsel for Lampo], not Lampo. We've identified everyone we know with knowledge." (Docket No. 83-1 at 2.) In short, Lampo has not made it clear who has knowledge of the case, despite Plaintiff's interrogatories requesting such information and this Court's Order requiring it to do so.[10]

Accordingly, Lampo must provide individual supplemental answers to each and every interrogatory propounded by Plaintiff that requests that Lampo identify persons with knowledge of the case. Lampo's answers must contain a complete list of all such persons and must be sworn.[11]

---

[10] Further, both Plaintiff and Lampo are spending too much time on whether individuals with knowledge were interviewed by or on behalf of Lampo and the timing of any such interviews. If individuals potentially have knowledge of the underlying facts and circumstances of this dispute, those individuals must be identified and the general gist of their knowledge disclosed. That they have been interviewed by Lampo's attorney is of no consequence to the required disclosures. Presumably, Lampo resists disclosure based on some work product claim. However, the work product doctrine does not protect the discovery of underlying facts, "including facts concerning the creation of work product or the facts contained within the work product." *McNeil v. Mount Carmel Health System*, Case No. 2:20-cv-258, 2021 WL 5235103, at *3 (S.D. Ohio Nov. 10, 2021) (internal citation omitted). Lampo most certainly is not required to disclose the impressions of its attorney of the interviews, but it must disclose the identity of individuals with knowledge of this case and what they know about this case, as those are facts that are not protected by the work product doctrine.

[11] Although Plaintiff argues that the names of persons interviewed by Lampo's counsel are discoverable, *see* Docket No. 83 at 4, the Court does not have enough information before it to express an opinion on this issue. Should the parties continue to disagree on this issue or on any other issue(s) related to discovery in this matter, the lead counsel for Plaintiff and for Lampo and/or Ramsey must conduct an in-person meeting and make a good faith effort to resolve any dispute(s),

9

**Ramsey's Compliance with Paragraph 5**

Plaintiff argues that Ramsey has failed to comply with Paragraph 5 of the Court's January 24, 2023 Order because he did not "expressly state" that he has no documents or information in his possession "beyond that provided by Lampo Group." (Docket No. 83 at 2.) In response, Ramsey states that he interpreted the Court's order as requiring him to swear that "he had no responsive documents in his personal possession" at all. (Docket No. 89 at 10.) In other words, Ramsey believes that this statement implies that he has no documents beyond those provided by Lampo Group even though he does not say so explicitly. He believes that the statement in his declaration that he has no responsive documents in his "personal possession, custody, or control" satisfies the requirement in Paragraph 5. (*Id.*) Ramsey states in his response that "Lampo is the only Defendant with responsive documents and they have all been provided to Plaintiff." (*Id.*)

In short, this disagreement appears to be one of semantics. Plaintiff believes that Ramsey should have stated that Lampo has provided all responsive documents and that Ramsey has no other documents beyond those, whereas Ramsey believes his statement that he has no responsive documents in his possession is enough. Nevertheless, the Court's January 24, 2023 Order clearly states that Ramsey must provide supplemental sworn answers to discovery to expressly state "that he has no documents or information in his possession beyond that provided by Lampo Group." (Docket No. 67 at 2.) The Court finds that Ramsey failed to comply with this Order. First, Ramsey provided a declaration rather than supplemental sworn answers to discovery. Second, Ramsey stated that he did not have responsive documents, and not that he had no documents in his

---

as detailed in this Order and as required by the discovery dispute resolution procedures already in effect in this case.

possession beyond those provided by Lampo. The Court does not find Ramsey's interpretation of this Court's order to be persuasive.

Accordingly, if Ramsey does not have documents or information in his possession beyond that provided by Lampo that would be responsive to Plaintiff's requests for production, Ramsey must provide individual supplemental answers to each and every request for production propounded by Plaintiff in which Ramsey states that he has no documents or information in his possession beyond that provided by Lampo Group. If Ramsey does have documents or information in his possession beyond that provided by Lampo Group that would be responsive to Plaintiff's requests for production, he must produce such documents or information.

**Sanctions Under Rule 37(b)(2)(A)**

Plaintiff asks this Court to impose a variety of sanctions on Lampo and Ramsey for their violations of this Court's January 24, 2023 Order. These include: rendering a default judgment against Lampo and Ramsey; allowing Plaintiff to "collect discovery" until May 26, 2023, while Lampo and Ramsey must abide by the current discovery deadline of April 17, 2023;[12] disallowing Lampo and Ramsey from "utiliz[ing]" any information collected from any witness they interviewed; ordering an adverse jury instruction that Lampo withheld the identity of potential

---

[12] In Plaintiff's reply, he asks the Court to further extend his discovery deadline from May 26, 2023 to July 14, 2023 while leaving Defendants' discovery deadline unchanged. (Docket No. 94 at 4.) On April 24, 2023, the Court issued a Fifth Modified Case Management Order in which it granted Plaintiff's motion for modification of certain case management deadlines (Docket No. 90) and extended the deadline for the parties to complete discovery to May 12, 2023, among other deadlines. (Docket No. 92.) For the reasons described below, the Court will deny Plaintiff's request to sanction Defendants by extending the discovery deadline in any manner that is inconsistent with the Court's Fifth Modified Case Management Order and/or all other case management deadlines and provisions found in prior orders that were not modified by the Fifth Modified Case Management Order. Nevertheless, the Court notes that Judge Richardson has now continued the trial (Docket No. 93) and any party may seek extensions of case management deadlines based on the rescheduled trial date and otherwise in conformity with the requirements for modifications of the case management schedule.

11

witnesses in an attempt to hide information; ordering an adverse jury instruction that Ramsey withheld relevant documents in an attempt to hide information; ordering Lampo and Ramsey to pay costs and reasonable attorney's fees; and imposing any other sanction the Court finds appropriate. (Docket No. 83 at 7–8.)

The Court does not find the imposition of any of the discretionary sanctions listed under Rule 37(b)(2)(A) to be appropriate. Although the purpose of these sanctions is to encourage future compliance with discovery rules and punish past behavior, *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989), the Court believes that it is more appropriate at this juncture to order Lampo and Ramsey to supplement their discovery responses in compliance with the Court's January 24, 2023 Order and with this Order. Such supplementation should resolve any outstanding issues. While the Court can understand how Plaintiff may be frustrated with what he perceives to be a lack of forthrightness from Lampo and Ramsey, the most equitable solution is not to render a default judgment, disallow the use of an extremely broad category of information, or order an adverse jury instruction, but to order that Lampo and Ramsey properly respond to discovery.

However, under Rule 37(b)(2)(C), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Neither party provides the Court with much argument on whether Lampo and Ramsey's failure to comply with the Order was "substantially justified." Plaintiff argues that their failure was not justified because he gave them "more opportunities to cure their failure than required." (Docket No. 83 at 8.) Lampo and Ramsey do not explicitly argue that their failure was justified, but instead cite to Sixth Circuit case law that focuses on whether an action is "substantially justified" in the context of a motion to compel under Rule

12

Case 3:21-cv-00923   Document 97   Filed 04/27/23   Page 12 of 14 PageID #: 2485

37(a) rather than a motion for sanctions under Rule 37(b). (Docket No. 89 at 10 (citing *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 381–82 (6th Cir. 2022) (citations omitted).)

As the Court has noted throughout this litigation, many of the issues that have arisen between the parties are due, in large part, to a lack of constructive communication between counsel. With respect to the issues in Plaintiff's present motion, the Court finds that much of the motion could have been resolved if the parties had properly conferred prior to filing the motion. Accordingly, under all the circumstances, the Court finds that an award of expenses would be unjust and denies Plaintiff's motion as to the request for an award of expenses and fees.

Based on the foregoing, Plaintiff's motion for sanctions (Docket No. 83) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. In accordance with Paragraph 4 of this Court's January 24, 2023 Order (Docket No. 67), Lampo must, **within 7 days of the date of the entry of this order**, provide individual supplemental answers to each and every interrogatory propounded by Plaintiff that requests that Lampo identify persons with knowledge of the case. Lampo's answers must contain a complete list of all such persons and must be sworn.

2. In accordance with Paragraph 5 of this Court's January 24, 2023 Order (Docket No. 67), if Ramsey <u>does not</u> have documents or information in his possession beyond that provided by Lampo that would be responsive to Plaintiff's requests for production, Ramsey must, **within 7 days of the date of the entry of this order**, provide individual supplemental answers to each and every request for production propounded by Plaintiff in which Ramsey states that he has no documents or information in his possession beyond that provided by Lampo Group. However, if Ramsey <u>does</u> have documents or information in his possession beyond that provided by Lampo

Group that would be responsive to Plaintiff's requests for production, Ramsey must produce such documents or information **within 7 days of the date of the entry of this order**.

3. Should the parties continue to disagree on any issues that are related to (i) the Court's January 24, 2023 Order (Docket No. 67), (ii) Plaintiff's motion for sanctions (Docket No. 83), or (iii) any discovery in this matter, lead counsel for Plaintiff and lead counsel for Lampo and/or Ramsey must conduct an in-person meeting and make a good faith effort to resolve any dispute(s). That this required in-person meeting occurred must be certified in any subsequent joint discovery dispute statement or joint motion for a discovery conference. All other provisions for discovery, including for resolution of discovery disputes, remain unchanged. Further, the Court's prior orders regarding discovery remain in effect and the parties must carefully consider whether they have fully complied with those orders. Failure to fully comply may result in sanctions.

4. The remaining relief of sanctions requested in Plaintiff's motion is denied without prejudice to reconsideration should there continue to be a lack of cooperation by Defendants in fulfilling their discovery obligations in this case.[13]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[13] Plaintiff should not construe this reservation as one-sided. The Court expects Plaintiff to fulfill his obligations to cooperate in discovery. Further, the Court expects all parties and their counsel to act courteously and professionally in resolution of any additional discovery disputes. Failure of any party or counsel to so conduct themselves will likely result in sanctions, as the Court has reached the limits of its patience with the parties' apparent inability or unwillingness to cooperatively manage this case to a final resolution.