UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

Defendants, Dave Ramsey ("Ramsey") and The Lampo Group, LLC ("Lampo"), by and through the undersigned counsel and pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.01, file this memorandum in support of their motion for review of the Memorandum Order entered on January 24, 2023 (Doc. #66). (Doc. #99).[1]

I. **Procedural Background**

This case arises out of the former employment relationship between Plaintiff, Brad Amos, ("Amos") and Lampo. Ramsey is the CEO of Lampo, a closely held company with approximately

---

[1] The Memorandum Order is described as resolving a motion for protective order filed by Ramsey. (Doc. #66). Ramsey never actually filed a motion for protective order. Pursuant to the Initial Case Management Order (Doc. #26), the parties filed a joint discovery dispute statement regarding Ramsey's deposition (Doc. #61) and participated in a telephone conference with Magistrate Judge Holmes on January 23, 2023. After Magistrate Judge Holmes stated her position regarding Ramsey's deposition, Defendants asked for leave to file a motion for protective order. Magistrate Judge Holmes denied Defendants' request. However, after the telephone conference concluded, Magistrate Judge Holmes construed Lampo and Ramsey's discovery position as a motion for protective order and ruled accordingly. (Doc. #66). Given Magistrate Judge Holmes' requirement that Defendants limit their discovery dispute statement with respect to Ramsey's deposition to three (3) pages (Doc. #54), Defendants ask the Court for leave to present expanded, more fully articulated arguments here.

1,000 employees.

On December 13, 2021, Amos filed his original Complaint against Lampo and Ramsey. (Doc. #1). Lampo and Ramsey responded with motions to dismiss under Rule 12(b)(6).[2] (Docs. #12, 14).

On March 4, 2022, Amos filed his Amended Complaint (Doc. #21), which is now the operative complaint in this case. Lampo and Ramsey responded again with motions to dismiss under Rule 12(b)(6). (Docs. #28, 30). Defendants' motions seek dismissal of all claims, the parties completed briefing in April 2022, and the parties await resolution by the Court.

In the meantime, the parties have exchanged and answered written discovery, Defendants have deposed Amos and his expert witness, and Amos has deposed Lampo's corporate representative pursuant to Rule 30(b)(6).

Amos now seeks to depose Ramsey, both individually and in his official capacity as CEO of Lampo. Ramsey and Lampo do not believe that he should be deposed until the Court has resolved their motions to dismiss. Out of deference to the presumption in Local Rule 16.01(g) and Magistrate Judge Holmes' emphasis that discovery will not be stayed during the pendency of dispositive motions, Defendants have not sought a broad stay of discovery. However, Defendants have consistently objected to Ramsey's deposition and identified it as a line of demarcation from the start of this case.[3]

---

[2] All references to rules in this Memorandum are to the Federal Rules of Civil Procedure or the Court's Local Rules.

[3] This is a single-plaintiff employment case. Amos was employed by Lampo for less than a year. Nevertheless, Lampo has responded to broad-sweeping discovery requests from Amos and produced over 51,000 pages of documents. Furthermore, Lampo has cooperated in the scheduling of multiple company witnesses identified by Amos without objection and despite Defendants' pending motions to dismiss.

On January 18, 2023, the parties presented this issue to Magistrate Judge Holmes via a joint discovery dispute statement. (Doc. #61). Magistrate Judge Holmes held a telephone conference with the parties on January 23, 2023, and entered the Memorandum Order on January 24, 2023, requiring Ramsey to be deposed. (Doc. #66).

Defendants ask the Court to stay the deposition of Dave Ramsey until their Second Motions to Dismiss are resolved. If any issues remain following the disposition of Defendants' motions to dismiss, then Amos can reassess the necessity of deposing Ramsey and Defendants can determine whether to seek a protective order under Rule 26(c).

## II. Legal Standard

The Memorandum Order resolves a non-dispositive, pretrial matter, so it is reviewable by the Court under Rule 72(a). The Court succinctly restated the standard of review under Rule 72(a) in *Hlfip Holding, Inc. v. Rutherford County, Tennessee*:

> Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of the Magistrate Judge's Order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Retirement Sys. v. Community Health Sys., Inc.*, No. 3:11-cv-00433, 2019 WL 3003647, at *1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). A finding of fact is "clearly erroneous" when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *JSC MCC EuroChem v. Chauhan*, 3:17-mc-00005, 2018 WL 3872197, at *2 (M.D. Tenn. Aug. 15, 2018). A legal conclusion is "contrary to law" if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* "The Court is not empowered to reverse the magistrate judge's finding simply because the Court would have decided the issue differently." *Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014), *cited in Dowell v. Bernhardt*, No. 3:19-cv-00105, 2019 WL 6909461, at *2 (M.D. Tenn. Dec. 19, 2019).

2020 WL 6484254 at *1 (M.D. Tenn. Sept. 13, 2020).[4]

---

[4] Ramsey has attached a copy of this unpublished case as Exhibit 1.

### III. The Memorandum Order is Contrary to Law

The Memorandum Order compelling Ramsey's deposition is contrary to law and should be overruled. The Court should stay Ramsey's deposition until Defendants' Second Motions to Dismiss have been resolved.

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court raised the pleading standard for federal civil cases to "plausibility" for two principal reasons: (1) district courts' difficulty policing discovery abuses and (2) related concerns that parties would be driven to settle weak or even meritless cases simply to avoid discovery-related costs. 550 U.S. 544, 560 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (clarifying that *Twombly* applies to all federal civil cases, not just antitrust cases). As the primary legal mechanism for enforcing federal pleading standards and protecting defendants from unnecessary discovery-related costs, *Twombly* implicitly requires resolution of Rule 12 motions before parties are required to conduct any (or at least extensive) discovery.

Consistent with *Twombly*, the Sixth Circuit presumes that discovery should be stayed during the pendency of a Rule 12(b)(6) motion to dismiss. The Sixth Circuit has repeatedly emphasized that (i) plaintiffs are not entitled to discovery during the pendency of a Rule 12(b)(6) motion to dismiss *and* (ii) the fundamental purpose of Rule 12(b)(6) is the early resolution of cases, before much or any discovery has occurred, to protect defendants from expending resources unnecessarily. *See, e.g., Hower v. Damon*, 2022 WL 16578864 at *4 (6th Cir. Aug. 31, 2022)[5]; *Pittman v. Spectrum Health System,* 612 Fed. Appx. 810, 815 (6th Cir. 2015); *Kolley v. Adult Protective*

---

[5] Ramsey has attached a copy of this unpublished case as Exhibit 2.

*Services*, 725 F.3d 581, 587 (6th Cir. 2013); *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir. 2003).

In *Kolley*, the Sixth Circuit unequivocally prioritized resolution of Rule 12(b)(6) motions ahead of discovery and summary judgment: "A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment." 725 F.3d at 587.[6]

The Court has not consistently complied with the Supreme Court and Sixth Circuit's instructions. The problem originates with Local Rule 16.01(g), which provides in relevant part:

> Discovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. Pro. 26(d) or by order of the Court, or with regard to e-discovery, as outlined in Administrative Order 174-1.

As written, Local Rule 16.01(g) is workable given that it applies to all types of dispositive motions, includes the broad exceptions "unless specifically authorized by Fed. R. Civ. Pro. 26(d) or by order of the Court", and can be completely disregarded by the Court pursuant to Local Rule 1.01(a). There are situations where discovery during the pendency of dispositive motions may make sense and not implicate the concerns raised in *Twombly*, like when a defendant files a motion for partial dismissal under Rule 12 and the case will proceed regardless of the motion's disposition or when a defendant files an early motion for summary judgment under Rule 56 that necessarily goes beyond the pleadings.

However, in practice, the Court frequently treats Local Rule 16.01(g) as an unassailable mandate that discovery continue during the pendency of dispositive motions, including Rule

---

[6] In *Hower*, the Sixth Circuit implied in dicta that the outer limit of any discovery during the pendency of a Rule 12(b)(6) motion would be discovery that a plaintiff could somehow demonstrate was necessary to respond to the defendant's motion to dismiss. 2022 WL 16578864 at *4.

12(b)(6) motions that seek dismissal of all claims. *See e.g., Jones v. Metropolitan Government of Nashville and Davidson County,* 2021 WL 6499976 at *1-2 (July 6, 2021); *Collabera, Inc. v. Liggett*, 2021 WL 6496801 at *1-2 (M.D. Tenn. June 21, 2021); *Lee v. The Vanderbilt University,* 2021 WL 4340525 (M.D. Tenn. April 15, 2021); *CHS/Community Health Systems, Inc. v. Medical University Hospital Authority*, 2021 WL 5863598 at *1-4 (M.D. Tenn. Jan. 4, 2021); *Benson v. Asurion Corp.,* 2010 WL 2253533 at *2 (M.D. Tenn. June 1, 2010); *CBX Law, LLC v. Lexikon Services, LLC*, 2020 WL 13443362 at *1-2 (M.D. Tenn. March 18, 2020); *American Addiction Centers, Inc. v. National Association of Addiction Treatment Providers*, 2019 WL 131254 at *1 (M.D. Tenn. Nov. 7, 2019); *Asurion, LLC v. Squaretrade, Inc.,* 2019 WL 7421757 at *1-3 (M.D. Tenn. Oct. 15, 2019); *Kurtz v. Department of the Army,* 2007 WL 9789535 at *1-3 (M.D. Tenn. June 15, 2007); *cf. Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2-3 (M.D. Tenn. May 10, 2013).[7]

Contrary to the Supreme Court and the Sixth Circuit's instructions, nearly all of these cases hold that neither a pending dispositive motion nor the cost of potentially unnecessary discovery warrant a stay. This leaves defendants with no means for combatting unnecessary discovery during the pendency of dispositive motions except the liberal standards in Rules 26(b) and (c). Blunting Rule 12(b)(6) erodes federal pleading standards and ultimately encourages reckless pleading and fishing expeditions by plaintiffs who can reliably unlock undeserved discovery.[8]

---

[7] *But see, e.g., Corl v. Kenan Advantage Group Inc.*, 2020 WL 7694967 at *4 FN5 (M.D. Tenn. Dec. 28, 2020); *Gentry v. Tennessee,* 2017 WL 6521314 at *7 (M.D. Tenn. Sept. 13, 2017); *Greve v. Bass*, 2017 WL 387203 at *2 (Jan. 27, 2017); *Mason v. SunTrust Mortgage, Inc.,* 2016 WL 9409010 at *3 (M.D. Tenn. May 6, 2016). Defendants have attached copies of all unpublished cases referenced in this section as Exhibits 3 to 16.

[8] This is especially egregious in the Rule 12(b)(6) context because those motions address fatal flaws in plaintiffs' pleadings and necessarily do not require or involve any discovery. Other Rule 12 motions may require at least limited discovery (e.g., jurisdictional discovery for a Rule 12(b)(2)

The Memorandum Order repeats these mistakes. The Court's analysis glosses over Defendants' pending Rule 12(b)(6) motions to dismiss.[9] Given that Defendants' motions would resolve this entire case, *Twombly, Yuhasz*, and their progeny strongly suggest, if not compel, that Ramsey's deposition be stayed in the interim.[10] The case for staying Ramsey's deposition is even stronger given that he is merely requesting a stay rather than a prohibition. *See, e.g., Solomon v. Solomon,* 2022 WL 1460364 at *2 (M.D. Tenn. Feb. 15, 2022).[11]

The Memorandum Order's analysis and conclusions are contrary to Supreme Court and Sixth Circuit precedent regarding the purpose of federal pleading standards, role of Rule 12(b)(6), and propriety of discovery during the pendency of Rule 12(b)(6) motions seeking complete dismissal. The Court should overrule the Memorandum Order and stay Ramsey's deposition until Defendants' Second Motions to Dismiss have been resolved.

---

motion) or result in the case being transferred or refiled in another forum (e.g., a Rule 12(b)(3) motion) such that discovery will inevitably occur regardless of the motion's disposition. That is not the case with Rule 12(b)(6) motions.

[9] It appears that the Court may have forgotten about Lampo's Second Motion to Dismiss or did not appreciate that Defendants' motions to dismiss would collectively resolve this entire case. The Memorandum Order only mentions Ramsey's Second Motion to Dismiss and, even then, only in the context of potentially narrowing issues for trial. (Doc. #66 at PageID #2103). To be clear, there are two pending Rule 12(b)(6) motions to dismiss—one by Ramsey (Doc. #28) and one by Lampo (Doc. #30)—and they would collectively result in complete dismissal of this entire case.

[10] Defendants are not opposed to a broader stay of discovery if the Court determines that is more appropriate. Given the presumption against staying discovery in this district, Defendants took what they considered a practical approach to proceed with all discovery except for the deposition of Ramsey, both as an individual and as the CEO of Lampo, so as not to delay the case.

[11] Ramsey has attached a copy of this unpublished case as Exhibit 17.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on April 28, 2023, I filed the foregoing *Memorandum in Support of Defendants' Motion for Review of Nondispositive Order of Magistrate Judge* via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

        /s/Leslie Goff Sanders
        Leslie Goff Sanders (TN #18973)
        *Attorney for Defendants*