2022 WL 16578864
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

Michael David HOWER, Plaintiff-Appellant,
v.
Chris DAMRON, Officer; Jason C. Streeval, Warden, Defendants-Appellees.

No. 21-5996
|
FILED August 31, 2022

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

**Attorneys and Law Firms**

Michael David Hower, Milan, MI, Pro Se.

Charles P. Wisdom, Jr., Cheryl D. Morgan, Assistant U.S. Attorneys, Lauren Tanner Bradley, Office of the U.S. Attorney, Lexington, KY, for Defendants-Appellees.

Before: CLAY, BUSH, and MURPHY, Circuit Judges.

ORDER

*1 Michael David Hower, a pro se federal prisoner, appeals the district court's judgment dismissing his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He also moves for the appointment of counsel. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Hower filed this action against Chris Damron, a correctional officer at FCI Ashland, and J.C. Streeval, former warden of FCI Ashland. According to Hower, Damron told him that he had listened to a phone call during which Hower told his mother that a new " 'difficult' officer [was] starting soon and he targeted sex offenders for harassment"; Damron apparently thought that Hower was referring to him and "became enraged." Damron then allegedly told Hower that he needed to move out of his unit or else Damron "was going to get rid of" him by "terrorizing the other inmates in the unit until they did something to [him]" or by "do[ing] it himself by putting a weapon or other contraband in [his] locker," which would result in a transfer to a higher security prison. Thereafter, Damron allegedly attempted to bribe other inmates with contraband to violently attack Hower.

Two other officers (Sexton and Bishop, who are not defendants) allegedly at Damron's direction, verbally harassed Hower and searched his cell for contraband, but none was found. Hower was then questioned about making false claims and filing false reports against officers for their purported misconduct. Hower denied reporting any false claims and instead said that he had merely emailed his mother, telling her that he had heard that officers were committing physical and verbal assaults. At the end of the meeting, Sexton allegedly told Hower that if he did not stop sending "stupid emails to his mother," he would be sent to the lieutenant's office and placed in protective custody. Damron and Sexton then "berate[d]" him about his allegations of officer misconduct and threatened to "shake down" his cell, which Sexton did, and send him to the special housing unit.

As to Streeval, Hower alleges that he encouraged and approved of Damron's harassment and, in an effort to protect Damron from an internal investigation, willfully ignored policies that required him to report Damron's misconduct.

Based on these allegations, Hower brings claims for violations of his First, Fourth, and Eighth Amendment rights. He sues Damron and Streeval in their official and individual capacities and seeks injunctive and monetary relief.

The defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) or, in the alternative, for summary judgment. The district court granted the motion to dismiss, reasoning that (1) Hower's claims against the defendants in their official capacities are barred by sovereign immunity and (2) it lacked subject-matter jurisdiction over Hower's claims against the defendants in their individual capacities because the claims do not fall within the narrow set of circumstances in which a plaintiff can obtain a remedy under *Bivens*.

*2 On appeal, Hower challenges the dismissal of his *Bivens* claims against the defendants in their individual capacities only. He also appeals the denial of his request for discovery and the denials of his motions for injunctive relief and the appointment of counsel.

Dismissal of Complaint

*Standard of Review*

We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013). We also review de novo a district court's dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Willman v. Att'y Gen. of U.S.*, 972 F.3d 819, 822 (6th Cir. 2020) *cert. denied*, 141 S. Ct. 1269 (2021). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Willman,* 972 F.3d at 823 (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010)).

**Bivens *Claims***

To state a claim under *Bivens*, a plaintiff must allege that he was "deprived of rights secured by the Constitution or laws of the United States" and that "the defendants who allegedly deprived [him] of those rights acted under color of federal law." *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (emphasis omitted).

The Supreme Court has explicitly recognized only three contexts in which a private right of action for damages may be properly brought against federal officials for constitutional violations: (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens,* 403 U.S. at 389, 397; (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman,* 442 U.S. 228, 230–31, 248–49 (1979); and (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green,* 446 U.S. 14, 16 n.1, 19 (1980). The Supreme Court has since counseled that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1857 (2017). Thus, in determining whether *Bivens* should be expanded in a particular case, a court must first ask "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]"; if so, "then the context is new." *Id.* at 1859. If presented with a new context, then a court must determine whether " 'special factors counsel[ ] hesitation' in recognizing the new claim." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) (alteration in original) (quoting *Abbasi,* 137 S. Ct. at 1859); *see also Egbert v. Boule,* 142 S. Ct. 1793, 1803 (2022). Such factors include "whether alternative processes exist for protecting the right," "whether existing legislation covers the area," and "separation-of-powers principles"—e.g., whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Callahan,* 965 F.3d at 524 (citing *Abbasi,* 137 S. Ct. at 1858, 1862; *Hernandez v. Mesa,* 140 S. Ct. 735, 743 (2020)).

*New Context*

**\*3** Hower claims that the defendants violated his First, Fourth, and Eighth Amendment rights. As set forth below, each of these claims arises in a "new context."

First, "the [Supreme] Court has never recognized a *Bivens* action for *any* First Amendment right." *Id.* at 523 (emphasis added); *see Reichle v. Howards,* 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). Hower argues that this may change in view of the Supreme Court's grant of the defendant's petition for a writ of certiorari in *Egbert v. Boule,* 142 S. Ct. 457 (2021). Since Hower made that argument, however, the Supreme Court issued its opinion in *Egbert* and held that "there is no *Bivens* action for First Amendment retaliation." *Egbert,* 142 S. Ct. at 1807. In other words, Hower's First Amendment claim presents a new context to which the Supreme Court has not extended *Bivens*.

Hower's Fourth Amendment claim also arises in a new context because it involves the search of a prison cell—not a private residence, as was the case in *Bivens*. *See Bivens,* 403 U.S. at 389. And his Eighth Amendment claim presents a new context because it involves Damron's alleged harassment and threats and Streeval's alleged failure to protect him from the same, whereas *Carlson* involved the alleged failure to provide adequate medical care to a prisoner. *See Carlson,* 446 U.S. at 16 n.1.

*Special Factors*

Because Hower's claims arise in a new context, the next question is whether " 'special factors counsel[ ] hesitation' in recognizing the new claim." *Callahan,* 965 F.3d at 524 (alteration in original) (quoting *Abbasi,* 137 S. Ct. at 1859). They do. Most significantly, "alternative processes exist for protecting the right." *Id.* Hower has "full access to remedial mechanisms established by the [Federal Bureau of Prisons (BOP)], including suits in federal court for

injunctive relief and grievances filed through the BOP's Administrative Remedy Program." *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 74 (2001). The BOP's inmate grievance process "is substantial" in that it "contains its own statutes of limitations, filing procedures, and appeals process" and allows for prisoners to retain counsel to assist with the process. *Callahan,* 965 F.3d at 524.

Hower, though, argues that the BOP's grievance process is "inadequate and ineffective" at protecting him and deterring future wrongful acts. More specifically, he asserts that the grievance process is deficient because, even though he and other prisoners filed numerous grievances to remove Damron from the housing unit, Damron stayed as the housing unit officer and "continued to harass [him] and work toward securing his assault by other inmates." But in *Callahan,* we determined that the BOP's grievance process indeed "provides an alternative path for [a prisoner] to air his claims" and thus counseled against extending *Bivens* to the plaintiff's First Amendment retaliation claim. *Id.* at 524; *see Egbert,* 142 S. Ct. at 1806–07. Even if, according to Hower, the BOP's grievance process is not enough to deter Damron from misconduct, "the threat of an investigation through the BOP's Internal Affairs Office or the Department of Justice's Office of the Inspector General may also serve to deter misconduct," as aptly noted by the district court. And as noted above, injunctive relief is available. The presence of these alternative processes "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi,* 137 S. Ct. at 1858.

 *4 As to other "special factors": Congress enacted the Prison Litigation Reform Act, which "does not provide for a standalone damages remedy against federal jailers" and, thus, "suggests a considered decision not to extend a damages remedy to First Amendment violations" and other contexts in which the Supreme Court has not provided for a *Bivens* remedy. *Callahan,* 965 F.3d at 524 (quoting *Abbasi,* 137 S. Ct. at 1865). In addition, "separation of powers concerns counsel a policy of judicial restraint" and "counsel in favor in other words of the judiciary not creating new causes of action in this area." *Id.* (quoting *Turner v. Safley,* 482 U.S. 78, 85 (1987)). Further, "[p]rison-based claims also present a risk of interference with prison administration," tasks that "fall 'peculiarly within the province of the legislative and executive branches.' " *Id.* (quoting *Safley,* 482 U.S. at 85).

In short, consideration of the foregoing special factors counsels against extending *Bivens* to Hower's First, Fourth, and Eighth Amendment claims. *See id.* at 524–25; *see also, e.g., Earle v. Shreves,* 990 F.3d 774, 779–81 (4th Cir. 2021) (concluding that special factors counseled against extending *Bivens* to a prisoner's "claim that the defendants violated his First Amendment rights by retaliating against him for filing grievances"), *cert. denied,* 142 S. Ct. 358 (2021); *Egbert,* 142 S. Ct. at 1801–02, 1804–07 (declining to extend *Bivens* to a private citizen's claim that a border patrol agent violated his Fourth Amendment rights by entering onto his property and using excessive force against him, finding that alternative remedies existed in this border-security context); *Schulte v. Bureau of Prisons,* No. 20 Civ. 2795 (PGG) (GWG), 2022 WL 1468017, at *5 (S.D.N.Y. May 10, 2022) (declining to extend *Bivens* to a prisoner's Fourth Amendment claim after finding that special factors counseled against a *Bivens* remedy, including "the fact that the other branches are better suited to address these issues, the risk of interfering with prison administration, and the availability of another form of relief"); *Dudley v. United States,* No. 4:19-cv-317-O, 2020 WL 532338, at *5, 7–8 (N.D. Tex. Feb. 3, 2020) (thoroughly analyzing the relevant special factors and declining to extend *Bivens* to an Eighth Amendment failure-to-protect claim).

*Conclusion*
Hower, both here and in the district court, has failed to point to any authority supporting the extension of *Bivens* remedies to his claims, particularly in light of the context in which they were presented. *See, e.g., Callahan,* 965 F.3d at 524 (noting that "the array of challenges facing prison administration and the complexity of those problems ... counsel in favor ... of the judiciary not creating new causes of action in this area"). The district court therefore did not err in dismissing Hower's complaint.

Request for Discovery
Hower maintains that he should have been afforded an opportunity to pursue discovery before his complaint was dismissed. But a plaintiff does not have a "general right to discovery upon filing of the complaint. The very purpose of [Rule] 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.' " *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987)); *see Kolley v. Adult Protective Servs.,* 725 F.3d 581, 587 (6th Cir. 2013). Although he sought to continue the proceedings by claiming the need for discovery under Federal Rule of Civil Procedure 56(d), Hower has not specified what information he could have gained through discovery that would have allowed him to avoid dismissal of his complaint. The district court therefore

did not abuse its discretion in denying Hower's request for discovery. See *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009).

Motions for Injunctive Relief

**\*5** To the extent Hower also appeals the district court's denial of two motions for injunctive relief that he had filed, we review that decision for an abuse of discretion. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). In the motions, Hower argued that his mail was being tampered with, withheld, or discarded by or at the direction of S.I.S. Lieutenant Shelton; he claims that at least ten documents that he sent either never arrived to the court or arrived weeks late. He thus asked the district court to order the BOP to stop interfering with the delivery of his mail. The district court denied the motions, reasoning that it had received "numerous letters and motions" from Hower during the time period in which his mail was allegedly interfered with, including a motion to amend his complaint to add Shelton as a defendant and a subsequently tendered amended complaint. Hower does not dispute that the district court received all of the documents that it lists in its order (e.g., the motion to amend and letters requesting the docket sheet), and he does not identify on appeal any particular document that the district court did not receive. The district court therefore did not abuse its discretion in denying Hower's motions for injunctive relief.

Motions for the Appointment of Counsel

The district court did not abuse its discretion by denying Hower's motions for the appointment of counsel that he had filed before the defendants filed their motion to dismiss, see *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and his renewed motion for counsel in this court likewise must be denied. A plaintiff does not have a constitutional right to counsel in a civil case; rather, the appointment of counsel is "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Hower has not demonstrated that such exceptional circumstances exist in this case.

Accordingly, we **DENY** the motion for the appointment of counsel and **AFFIRM** the district court's judgment.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 16578864

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.