2021 WL 6499976
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division,
At Nashville.

Layton JONES, individually and on behalf of persons similarly situated, Plaintiffs,
v.
METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, et al., Defendants.

Civil Action No. 3:21-cv-00112
|
Filed 07/06/2021

**Attorneys and Law Firms**

Bryant B. Kroll, W. Gary Blackburn, The Blackburn Firm, PLLC, Nashville, TN, for Plaintiffs.

Allison L. Bussell, Mallory Schneider Ricci, Metropolitan Legal Department, Nashville, TN, for Defendant/Metropolitan Government of Nashville and Davidson County, Robert Osborne, Ronnell Griffin.

Mary Elizabeth McCullohs, Tennessee Attorney General's Office, Nashville, TN, for Defendant/Yvette Cain.

**ORDER**

JEFFERY S. FRENSLEY, United States Magistrate Judge

*1 Pending before the Court is the Defendants' Joint Motion to Stay Discovery (Docket No. 31) and supporting memorandum of law (Docket No. 32). The Plaintiff has not responded to the motion. For the reasons stated herein the Defendants' Motion to Stay is **GRANTED**.

This litigation involves Metropolitan Nashville's regulations on short term rental properties. In addition to the Metropolitan Government, the Plaintiff has named several individual Defendants in this action. *Id.* In response to the Complaint, the Defendants have filed motions to dismiss which are awaiting briefing for the Court's consideration. Docket Nos. 16-23. The individually named Defendants have filed motions to dismiss asserting in part immunity defenses.

In the instant motion, the Defendants seek a stay of discovery pending resolution of the motions to dismiss. Docket No. 31. The individual Defendants assert that they should not be subject to discovery and other aspects of litigation based on their assertion of immunity to the claims. Docket No. 32. Metropolitan Government argues that while it cannot bring immunity defenses, judicial economy and fairness weigh in favor of staying discovery until the dispositive motions are resolved. *Id.* Metro asserts that there would necessarily be significant overlap into any discovery related to the claims against the municipality and the individuals that would essentially force the individual Defendants into participating in the discovery. *Id.* at pp. 5-6. Defendants further argue that because this action asserts potential class claims, the discovery could be highly burdensome, and a stay would be appropriate pending the resolution of dispositive motions.

Trial courts have broad discretion to stay discovery pending resolution of preliminary questions that may be case dispositive. *See, Smith v. Allstate Insurance Co.*, 403 F. 3d 401, 407 (6th Cir. 2005). Pursuant to Fed. R. Civ. P. 26 (c), the court has the power to impose a stay of discovery and to specify its terms and conditions and to otherwise limit discovery.

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a clearly defined

and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin*, 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001)(citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979)(citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

**\*2** As an initial mater, the Local Rules of Court provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court." Local Rule 16.01(g). Any Defendant who files a motion to dismiss believes that they should not be subjected to the costs and conduct of litigation because they do not believe themselves to be liable under any theory plead by the Plaintiff. While this is the general rule, it is not without exception, particularly in cases where a party has asserted an immunity defense such as the instant case. As Defendant notes, claims of immunity are often an exception to the rule and justify a stay of discovery.

The law in this area is significantly developed in the context of qualified immunity. "Qualified immunity is intended not only to protect officials from civil damages but just as importantly, to protect them from the rigors of litigation including the potential disruptiveness of discovery." *Everson v. Leis*, 556 Fed. 3d 484, 491 (6th Cir. 2009). For this reason, "questions of qualified immunity should be resolved at the earliest possible stage of litigation," or else the "driving force" behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated." *Id.* at 492. (*quoting Pearson v. Callahan*, 555 U. S. 223, 231-232 (2009)). The logic behind staying discovery when an immunity defense is raised is evident and equally applicable to other types of immunity such as sovereign immunity as asserted in this case.

Under the well-established law of the Sixth Circuit, the Defendants asserting immunity defenses are entitled to a stay of discovery pending resolution of those matters. The more difficult question is whether Metro is entitled to a stay or whether additional discovery can be conducted. The Court discussed this matter with the Parties previously and they were unable to reach any agreement with regard to the scope of any permissible discovery in this case.

The Defendants assert that anything less than a total stay would be inefficient and potentially prejudice the Parties asserting immunity. The Plaintiff has not suggested any permissible discovery notwithstanding the assertion of immunity. For the reasons set forth in the Defendants' memorandum of law, the Court finds that the discovery as to all of the Defendants is inextricably intertwined and the prudent approach would be to stay all discovery pending a ruling on the dispositive motions.

For the reasons set forth herein, the Defendants' Joint Motion to Stay Discovery (Docket No. 31) is **GRANTED.**

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 6499976

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.