2021 WL 6496801
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

COLLABERA, INC. Plaintiff

v.

Samuel LIGGETT, an individual. Defendant.

Civil Action No. 3:21-cv-00123
|
Filed 06/21/2021

**Attorneys and Law Firms**

Elizabeth Bulat Turner, Matthew D. Treco, Martenson, Hasbrouck & Simon, LLP, Atlanta, GA, Hunter C. Branstetter, Sherrard Roe Voight & Harbison, PLC, Nashville, TN, for Plaintiff.

Rachel Sodee, Russell B. Morgan, Bradley Arant Boult Cummings LLP, Nashville, TN, for Defendant.

**ORDER**

JEFFERY S. FRENSLEY, United States Magistrate Judge

*1 Pending before the Court is Defendant's Motion to Stay Discovery and Ruling on Plaintiff's Motion for Preliminary Injunction. Docket No. 25. Defendant has filed a supporting memorandum of law. Docket No. 26. The Plaintiff has filed a Response in opposition. Docket No. 33. The Defendant has filed a Reply. Docket No. 36.

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin*, 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001)(citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979)(citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

As Plaintiffs note, "[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Stirling v. Hunt*, 2012 WL 12899060, at *1 (W. D. Tenn. November 15, 2012)(citation omitted).

Even where a jurisdictional challenge is directed to the issue of standing, that alone does not necessarily weigh in the favor of granting a stay. *See Bodie v. P & C Bank*, 203 WL 394523, at *2 (S. D. Ohio January 31, 2013)(the court, in the exercise of its discretion, denied stay of discovery where standing issue turned on issues not easily resolved). Rather, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the court has routinely declined to grant a stay. *See e. g. Ohio Bell Telephone*, 2008 WL 641252 at *2 ("refusing to stay discovery during the pendency of a motion to dismiss where the jurisdiction issues raised was fairly debatable"). Without expressing any opinions as to the merits of the Defendants' dispositive motion, a brief overview of the parties briefing and arguments on the instant motion reveals that the issue is "fairly debatable." Early dispositive motions challenging standing are not uncommon in litigation and thus do not create exceptional circumstance to justify a stay. For these reasons, the Court declines to grant a stay on the grounds that the dispositive motion raises the issue of standing.

*2 The Court has reviewed the pleadings in this matter and is aware of the pending dispositive motion. However, giving due consideration to the presumption that discovery is not stayed pending dispositive motion in the Local Rules of Court and

the likelihood this matter will continue in some forum, the Court does not believe that a stay is appropriate.

For the reasons stated herein, the Defendants' Motion to Stay Discovery and Ruling on Plaintiff's Preliminary Injunction (Docket No. 25) is **DENIED**. Discovery will not be stayed and the District Court will rule on the Plaintiff's Motion for Preliminary Injunction (Docket No. 11) in due course.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 6496801

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.