2010 WL 2253533
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Cornelia BENSON, et al.

v.

ASURION CORPORATION, et al.

Civil Action No. 3:10–0526.
|
June 1, 2010.

**Attorneys and Law Firms**

David W. Garrison, Barrett, Johnston & Parsley, Nashville, TN, for Cornelia Benson and Judy Kieffer.

*ORDER*

E. CLIFTON KNOWLES, United States Magistrate Judge.

 *1 This action was filed on May 28, 2010, and the Initial Case Management Conference is set for July 22, 2010, at 10:00 a.m. before the undersigned, as the Case Management Judge.

Local Rule 16.01(d)(1)(a) provides in pertinent part that the "Case Management Judge *shall* schedule and *convene* a mandatory Initial Case Management Conference within sixty (60) days of the date the Complaint is filed...." (Emphasis added.) All attorneys shall comply with the requirements of Local Rule 16.01, as well as Rule 26 of the Federal Rules of Civil Procedure, and be prepared to discuss the issues set forth therein.

Pursuant to Local Rule 16.01(d)(1)(a), the Initial Case Management Conference in this action will not be continued absent good cause, established by the filing of a written Motion setting forth the reasons necessitating the delay of the Initial Case Management Conference. The failure of Plaintiff to serve Defendant prior to the Initial Case Management Conference, or the fact that Defendant may have been served but an answer is not yet due, shall not constitute good cause for continuing the Initial Case Management Conference. If Plaintiff has not served Defendant prior to the Initial Case Management Conference, Plaintiff's counsel shall appear at the Initial Case Management Conference prepared to explain why service has not been effectuated.

Most cases will be set for trial at the Initial Case Management Conference (assuming that all parties are represented at the Initial Case Management Conference), and, unless the case is very complex and/or involves unusual circumstances, it will be set for trial within twelve to fourteen months from the date of the Initial Case Management Conference, depending on Judge Echols' trial docket. If the parties believe there is good cause for setting the trial beyond that time frame, they shall explain that good cause in the Initial Case Management Order, and they shall be prepared to discuss that matter at the Initial Case Management Conference.

**Once the case is set for trial, it is unlikely that it will be continued by Judge Echols absent exceptional circumstances. The parties, therefore, are encouraged to discuss and formulate a realistic schedule for the preparation and trial of this case. The parties are further directed to take all necessary steps to ensure that the deadlines in the Case Management Order are met and that the case is ready for trial on the trial date selected.**

With regard to the Initial Case Management Order and further management of this case, the Court directs the attention of counsel to Fed.R.Civ.P. 16(b), which states in pertinent part, "A schedule [in a Scheduling or Case Management Order] shall not be modified except upon a showing of good cause ..." Additionally, the Court directs the attention of counsel to Local Rule 16.01(d)(4) (a), which states, "The parties are not permitted to modify a case management order by stipulation among themselves without the prior approval of the case management judge."

 *2 Furthermore, Local Rule 16.01(e)(1) provides, "Discovery is not stayed unless specifically authorized by Fed.R.Civ.P. 26(d) or ordered by the case management judge." Thus, discovery is not stayed during the pendency of any motions, including dispositive motions.

The stay of discovery, imposed by Rule 26(d) of the Federal Rules of Civil Procedure, is hereby LIFTED.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2253533

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.