2013 WL 1966304
Only the Westlaw citation is currently available.
United States District Court,
M.D. Tennessee,
Nashville Division.

Cleopatra COCKRILL, Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, et al., Defendants.

No. 3:13–0031.
|
May 10, 2013.

**Attorneys and Law Firms**

Kathy Ann Leslie, Sister in Law Legal Firm, Nashville, TN, for Plaintiff.

J. Matthew Kroplin, Stites & Harbison, PLLC, Nashville, TN, for Defendants.

*REPORT AND RECOMMENDATION*

E. CLIFTON KNOWLES, United States Magistrate Judge.

*1 This matter is before the Court upon a "Motion to Stay Pre–Trial Deadlines and Discovery," filed by Defendants Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., and the Bank of New York Mellon. Docket No. 13. Defendants have filed a supporting Memorandum which is only slightly longer than the Motion itself, and which cites essentially no authority for the stay Defendants seek. Docket No. 14. Judge Campbell has referred the Motion to the undersigned for a Report and Recommendation. Docket No. 16.

The Motion states that Defendants "respectfully move this Court for an Order staying certain pre-trial deadlines and from initiating the discovery period set forth in the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Tennessee, pending a ruling on Defendants' Motion to Dismiss which was filed on April 22, 2013." Docket No. 13, p. 1–2.

In their supporting Memorandum, Defendants state as follows:

Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 22, 2013, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted and Fed.R.Civ.P. 8(a) for failure to provide a short, plain statement of the facts showing that the pleader is entitled to relief. Defendants have moved to dismiss all of the claims set forth in the Complaint. Compliance with the discovery obligations set forth in the Federal Rules and Local Rules is premature at this juncture because the Court's ruling on the Motion to Dismiss could dispose of this action in its entirety. The time and resources that the parties would expend in conducting discovery will have been spent unnecessarily if the Court were to find that Plaintiff's Complaint should be dismissed. Moreover, if the Court should decide that Plaintiff has stated a viable claim, Plaintiff will not be prejudiced by a short delay in the start of the discovery period. Further, the time for the meeting of the parties under Fed.R.Civ.P. 26(f) has not expired, hence, the discovery period has not commenced.

Therefore, Defendants request the Court temporarily stay all pre-trial deadlines and discovery deadlines required under the Local Rules or the Federal Rules of Civil Procedure pending the resolution of the Motion to Dismiss.

Docket No. 14, p. 2.

Defendants' statement concerning Rule 26(f) is mistaken. Rule 26(f) requires, with certain exceptions not relevant here, that the parties "must confer regarding discovery as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The significance of Rule 26(f) can be better understood by reference to Rule 26(d)(1), which provides in relevant part as follows:

(d) Timing and Sequence of Discovery.

(1) Timing. A party pay not seek discovery from any source before the parties have conferred as required by Rule 26(f) except in a proceeding exempted from initial disclosure under Rule 26(a) (1)(B), or when authorized by the rules, by stipulation, or by court order.

*2 Defendants apparently read these two rules as meaning "the discovery period has not yet commenced," because "the time for the meeting of the parties under Fed.R.Civ.P. 26(f) has not expired...." Defendants, however, have overlooked

Judge Campbell's Order entered January 15, 2013, which states in relevant part, "Pursuant to Local Rule 16.01(e)(1) and Fed.R.Civ.P. 26(d), discovery is not stayed absent order of the District Judge." Docket No. 6. Any stay of discovery provided by Rules 26(d)(1) and 26(f) was lifted by Judge Campbell's previous Order. Despite Defendants' statement, the "discovery period" has indeed commenced as of January 15, 2013. In essence, Defendants seek to reimpose a stay of discovery that has already been lifted by Judge Campbell.

The Federal Rules do not specifically provide for a "Motion to Stay Discovery." Several Courts have essentially held that a Motion to Stay Discovery should be viewed as a Motion for a Protective Order under Fed.R.Civ.P. 26(c)(1). That Rule provides in relevant part, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (B) [s]pecifying terms, including time and place, for the disclosure or discovery." Fed.R.Civ.P. 26(c)(1)(B). Additionally, Fed.R.Civ.P. 26(d)(2)(A) provides that methods of discovery may be used in any sequence, unless, on motion, the Court orders otherwise.

As one Court has stated:

> Rule 26(c) of the Federal Rules of Civil Procedure allows the district court to stay discovery upon a showing of "good cause." Rule 26(d) of the Federal Rules of Civil Procedure allows the district court upon motion to control by order the sequence and timing of discovery. Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.... The movant bears the burden to establish good cause.

*Association Fe y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y.) (citations and quotation marks omitted).

At least one Court has recognized that the movant must make a "strong showing" of good cause. *Skellerup Industries, LTD. v. City of Los Angeles,* 163 F.R.D. 598 (C.D.Calif.1995). The *Skellerup* Court stated in relevant part as follows:

> A party seeking a stay of discovery carries a heavy burden of making a "strong showing" why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975). The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements....

> In this case, defendant City has not made a "strong showing"; rather, defendant City merely urges that compliance with plaintiff's discovery request should be stayed pending the District Judge's ruling on its motion to dismiss. Defendant City has done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirements. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions..... Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b) (6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."

**\*3** *Id.* at 600–01 (citations omitted).

Defendants' arguments for staying discovery in this case are not persuasive, are conclusory, and could be made in virtually any case in which a defendant has filed a Motion to Dismiss. Obviously, in any such case, the Court's ruling on the Motion could dispose of the entire action, and the time and resources that the parties would expend in conducting discovery will have been spent unnecessarily if the Court dismisses the Complaint.

Finally, Defendants' Memorandum focuses solely on that portion of their Motion that seeks to stay discovery. The Motion, however, also seeks a stay of "certain pretrial deadlines." Docket No. 13, p. 1. The Court does not understand which "pretrial deadlines" Defendants wish to stay.

For the foregoing reasons, the undersigned recommends that the instant "Motion to Stay Pre-trial Deadlines and Discovery," (Docket No. 13) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474

© 2023 Thomson Reuters. No claim to original U.S. Government Works.   2

U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); 28 U.S.C. § 636(b) (1); Fed.R.Civ.P. 72.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 1966304

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.