2017 WL 387203
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Patrick M. GREVE, Plaintiff,

v.

Austin J. BASS; Metropolitan Government of Nashville–Davidson County; Oleg Bulut; M Street Entertainment Group; and John Doe One Through Five; Defendants.

Civil No. 3:16–cv–372
|
Entered 01/27/2017

**Attorneys and Law Firms**

Richard L. Tennent, Bell, Tennent & Frogge, PLLC, Nashville, TN, Thomas W. Condit, Law Office of Thomas W. Condit, Cincinnati, OH, for Plaintiff.

Keli J. Oliver, Melissa S. Roberge, Metropolitan Legal Department, Daniel P. Berexa, Rebecca Wells Demaree, Cornelius & Collins, LLP, Nashville, TN, for Defendants.

**MEMORANDUM & ORDER**

ALETA A. TRAUGER, United States District Judge

*1 The plaintiff, Patrick M. Greve, has filed a Motion for Discovery Relative to Municipal Liability (Docket No. 43), to which the Metropolitan Government of Nashville–Davidson County ("Metro") has filed a Response in Opposition (Docket No. 44). For the following reasons, the motion will be denied.

As alleged in the Complaint, Mr. Greve was arrested by one of the defendants, Officer Bass of the Metropolitan Nashville Police Department ("MNPD"), in the early morning hours of February 25, 2015, while he was attempting to collect his belongings from a Nashville club known as Citizen/Virago ("Virago"). (Docket No. 1 ¶ 1.) This action arises out of that arrest and the subsequent prosecution of Mr. Greve for aggravated burglary and public intoxication. Though municipalities are generally not liable for constitutional violations committed by their employees, Mr. Greve alleges that Metro is legally responsible for Officer Bass's allegedly unconstitutional conduct. In the Complaint, Mr. Greve bases his claim of municipal liability on allegations that (1) Officer Bass "acted pursuant to the policies, practices, customs and training" of the MNPD; and (2) departments within Metro ratified Officer Bass's unconstitutional conduct when they denied Mr. Greve's "modest settlement demand." (*Id.* ¶¶ 7.2–7.3.)

On April 25, 2016, Metro and Officer Bass filed separate Motions to Dismiss, with Metro arguing that it could not be held liable for Officer Bass's conduct and Officer Bass arguing that he was entitled to qualified immunity from Mr. Greve's claims. (Docket Nos. 13, 16.) Shortly thereafter, the court entered an order granting the parties' request that the scheduled case management conference be continued until the court had resolved Officer Bass's Motion to Dismiss. (Docket No. 26.) The court further ordered—consistent with an agreement between the parties—that all discovery in the action be stayed, and that Mr. Greve not be required to respond to Metro's Motion to Dismiss, pending resolution of Officer Bass's motion. (*Id.*)

On November 4, 2016, the court denied Officer Bass's Motion to Dismiss and reset the matter for a case management conference. (Docket Nos. 37, 38.) At the December 12, 2016 conference, Mr. Greve requested the opportunity to file a motion for discovery into his claim of municipal liability before being required to respond to Metro's pending Motion to Dismiss. The court granted this request and ordered Mr. Greve to file his motion for discovery by December 23, 2016, with the court planning to set the deadline for his response to Metro's Motion to Dismiss by later order. (Docket No. 42.)

Mr. Greve timely filed his Motion for Discovery Relative to Municipal Liability, in which he requests discovery relating to his theory that, by ratifying Officer Bass's unconstitutional conduct, Metro has made itself legally responsible for that conduct. (Docket No. 43.) According to Mr. Greve, all available evidence suggests that a claims representative in Metro's Department of Law investigated his allegations regarding Officer Bass and, after the investigation, "provided Officer Bass nothing but a full-throated defense." (*Id.* at p. 6.) Mr. Greve requests that the court permit him to obtain (1) all documents relevant to this investigation and (2) deposition testimony from Officer Bass and from Metro employees familiar with the investigation and with Metro policies concerning police training and discipline. (*Id.*)

**\*2** As Metro correctly argues, however, a plaintiff is generally not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003); *accord Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."). Mr. Greve appears to argue that the court should allow discovery because he plans to attach exhibits to his response to Metro's motion, thereby converting it to a motion for summary judgment pursuant to Rule 12(d). (*See* Docket No. 43, p. 2.) Mr. Greve, however, has not presented the court with any legal authority supporting his contention that these circumstances merit the extraordinary action of requiring Metro to engage in potentially costly discovery before the court has decided whether the allegations of the Complaint are legally sufficient. (*See id.*) Moreover, in the event that Mr. Greve does attach documentary evidence to his response, the court is not *required* to convert Metro's Motion to Dismiss into one for summary judgment. Under Rule 12(d), whether or not to allow such a conversion is within the court's discretion, and Mr. Greve has not convinced the court that it is likely to find such a conversion necessary or even advisable. Mr. Greve, therefore, has failed to present the court with any persuasive reason, supported by legal authority, for allowing him to conduct discovery before the court has decided Metro's Motion to Dismiss.

For the reasons discussed herein, Mr. Greve's Motion for Discovery Relative to Municipal Liability (Docket No. 43) is **DENIED**. The deadline for Mr. Greve to respond to Metro's Motion to Dismiss (Docket No. 13) is hereby **SET** for February 10, 2017.

It is so **ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 387203

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.