2022 WL 1460364
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Aaron SOLOMON
v.
Angelia SOLOMON, et al

NO. 3:21-0498
|
Filed 02/15/2022

**Attorneys and Law Firms**

Ashleigh D. Karnell, Paige Waldrop Mills, Bass, Berry & Sims, Nashville, TN, for Aaron Solomon.

Angelia Solomon, Franklin, TN, Pro Se.

Kirk D. Catron, McCarter East PLLC, Murfreesboro, TN, for Melanie Hicks.

J. Alex Little, Ross M. Johnson, Burr & Forman, LLP, Nashville, TN, Zachary C. Lawson, Bone, McAllester & Norton, PLLC, Nashville, TN, for Melanie Hicks, Wynn Hicks, Anna Smith, Kami Abbate.

**ORDER**

BARBARA D. HOLMES, United States Magistrate Judge

*1 Pending before the Court is Defendants' motion to stay discovery. (Docket No. 36.) Plaintiff filed a response in opposition (Docket No. 37) and Defendants filed a reply (Docket No. 38). For the reasons discussed below, Defendants' motion to stay discovery (Docket No. 36) is GRANTED. Discovery is stayed pending resolution of Defendants' motion to dismiss. If any modifications to impacted case management deadlines are necessary because of the stay, the parties may file an appropriate motion or may raise that matter for discussion during the status/case management conference presently scheduled for March 24, 2022. *See* Docket No. 33.

Defendants request the Court stay discovery pending resolution of their motion to dismiss which requests dismissal under Fed. Civ. R. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1] The Court had previously permitted Plaintiff to proceed with limited discovery (Docket No. 21 at 2-3) that he identified as necessary in connection with the pending motion for a preliminary injunction (Docket No. 5.).

The scope of discovery set out in Rule 26 in the Federal Rules of Civil Procedure explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998). As this Court has previously noted, "the power of a court to stay discovery is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nissan North America, Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015). Moreover, trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Id. (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) and *Lubinski v. Hub Group Trucking, Inc.*, 2015 WL 4603878, at *1 (W.D. Tenn. July 30, 2015)). A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Id.* Courts may stay discovery for "good cause" to protect a party from undue expense or burden. *Id.*; *see also* Fed. R. Civ. P. 26(c)(1).

The Court recognizes its own local rule that discovery is not ordinarily stayed during the pendency of dispositive motions. Indeed, if the Court were to stay discovery in the face of every garden-variety Rule 12(b)(6) motion, very few cases would progress in a timely manner. However, based on the subject matter jurisdiction issue raised by Defendants in their motion to dismiss, the Court finds this is an appropriate case in which to stay discovery. The Court concurs with the reasoning of former District Judge Todd J. Campbell that, in a case where jurisdiction is challenged, as it is here, "should the Court find it has no jurisdiction and dismiss the action," the Defendants "would have no need for the burden or expense of participating in the litigation." *Id.*; *see also Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995) (limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery"). That is not to say that a stay of discovery is necessarily appropriate

in every case in which jurisdictional issues are raised. The determination is case specific.

*2 Based on the unique circumstances of this case, including that two of the defendants who challenge subject matter jurisdiction are recent high school graduates, the Court finds that the burden on Defendants in proceeding with discovery that might be unnecessary based on further developments outweighs any delay to Plaintiff in proceeding with discovery.[2] See e.g. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983) (when a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery). The Court will therefore stay discovery pending resolution of Defendants' motion to dismiss.

It is SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 1460364

---

Footnotes

1   Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

2   The Court's determination is further bolstered by the undisputed fact that Plaintiff previously filed a lawsuit against Defendants in state court where he could have proceeded with discovery but elected to nonsuit there and file the instant lawsuit.

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

© 2023 Thomson Reuters. No claim to original U.S. Government Works.