IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | |
| vs. | Case No: 3:21-CV-923 |
| THE LAMPO GROUP, LLC and DAVE RAMSEY, | Judge Richardson/Holmes. |
| Defendants. | |

## JOINT MOTION TO AMEND FIFTH MODIFIED CASE MANAGEMENT ORDER

Comes now the Plaintiff and moves the court to alter and amend the Court's Fifth Case Management Order. For reasons, Plaintiff would state as follows:

1. The Parties in this matter encountered an expansive discovery dispute resulting in a discovery conference held on January 23, 2023. (Doc 67).

2. On February 6, 2023, based on this, the Court entered an order based on this setting deadlines for Defendant to respond to certain discovery and a deadline for Plaintiff to file a Motion to Compel of February 22, 2023. (Doc 71). Plaintiff filed their Motion to Compel regarding 17 items for which they claimed Defendant did not properly respond. The Court granted Plaintiff's Motion and gave Defendants 21 days to comply with the courts order.

3. The Defendants complied with the Order and provided approximately 30,000 pages of documents to Plaintiff by February 15. Plaintiff's law firm consists of 3 lawyers total, to work through these documents took some time. However, they began doing so immediately.

4. Plaintiff sent to Defendant a list of people they wanted to depose on April 3, 2023, two days prior to the Defendants deadline to produce all documents pursuant to the Court's order

(Doc. 82). By April 5, 2023 Defendants had produced over 50,000 documents. Still Plaintiff in an attempt to complete discovery by April 17th sent Defendants a proposed deposition schedule starting April 12th. (Doc. 82, Exhibit A).

5. The deposition schedule would have required 3 depositions to take place on each day from April 12-April 17 including a Saturday and Sunday, however given the situation with the discovery deadline it was what would be required. The proposed deposition schedule would have been extremely taxing on both parties. As such, the parties conferred and proposed a Joint Motion to Extend the Deadlines to Complete Discovery in this matter.[1]

6. On April 5, 2023 the parties filed a Joint Motion to Extend the Deadlines, with these deadlines based on Defendant agreeing to allow discovery past the dispositive motion deadline, which was denied without prejudice by the court. (Doc. 85).

7. Plaintiff then filed a Motion to Continue the trial date and extend discovery deadlines, which was denied without prejudice by the Court as it requested relief from both the District Judge and the Magistrate Judge in the same Motion.[2] The Court said no further extension on case management deadlines would be granted "because of the current trial date" (Doc. 87).

8. In a short time period after this, the court granted Plaintiffs Motion to extend discovery to May 12, 2023. The district court also granted the Motion to Continue the trial date.[3] This court granted Plaintiff's Motion for Sanctions in part and denied it in part but required further disclosures by the Defendant. Defendant will provide supplemental discovery responses in compliance with the court's order on Plaintiff's Motion for Sanctions by May 4, 2023.

---

[2] Plaintiff does not dispute this was error on the part of the parties.
[3] The court previously stated there would be no more discovery extensions given the current trial date. However since that time, the district court has continued the trial date from October, 2023 to January, 2024

9. The parties have attempted to schedule depositions in this matter desperately in the two weeks since the deadline for which Defendant was required to provide all documents pursuant to the Court's order. In fact not a single day has passed that Plaintiff and Defendants have not been in contact through multiple e-mails and phone calls attempting to schedule these depositions; however there were not enough days to get all depositions scheduled by May 12.

10. In addition to the six depositions set by Plaintiff, Defendant has also set a deposition to take place in California.

11. Further, in and around this same time period, counsel for the Plaintiff developed health issues which required nearly two weeks of bed rest. Attorney for the Plaintiff is also having to have testing done now for these same issues.[4] This also has caused unforeseen and unavoidable delays as well.

12. Plaintiff's attorneys would show they currently have a jury trial set to begin May 15, 2023 in the United States District Court for the Western District of Tennessee, making discovery completion by May 12, 2023 extremely difficult given the work required to prepare for an out of town Jury Trial. (Joseph Williams v. City of Memphis, Civil Action No. 2:21-cv-02274-MSN-atc).

13. Perhaps most importantly, pursuant to the Court's previous orders, and in a good faith attempt to resolve any outstanding discovery disputes and to arrange as many depositions as possible prior to the discovery deadline of May 12, Counsel for the Plaintiff and the Defendants had a face to face meeting in the office of Plaintiff's counsel on May 2, 2023. The Parties discussed what Defendants would provide to Plaintiff per the Court's order on the Motion for Sanctions as

---

[4] Plaintiff would be glad to file medical records in camera should the court require him to do so though Defendants' counsel does not dispute counsel's explanation.

well as scheduled 7 depositions for both parties in this matter which are set to occur prior to May 12.

14. There are more depositions that need to be scheduled in this matter. However they simply cannot be completed by May 12.

15. Defendants have currently filed with the court for a Protective Order regarding one of the depositions currently set. (Doc. 100).

16. Plaintiff has agreed no more written discovery will be required unless new issues arise in these upcoming depositions.

17. The Parties have taken the instructions of the Court in previous orders seriously and have attempted to work together much, much better in the past month and have filed joint and unopposed motions in order to complete discovery. The face-to-face meeting on May 2 resolved many disputes and allowed them to put together a tight discovery schedule which allowed them to schedule 7 depositions in the next 2 weeks. However, it does not allow time for all discovery that needs to be taken and puts stress on the parties to complete.

18. This is the first Motion to extend Court deadlines filed by either party since the District Court continued the trial date in this matter.

19. The parties request a brief 45-day extension until June 30, 2023, which will give the parties time to complete discovery in this matter and will allow for dispositive motion briefing to be completed more than 120 days outside of the currently set trial date.

20. The parties are aware the court is growing weary of the issues in this case; the parties are as well. Both parties have certainly not been dilatory in their attempts to complete discovery in this matter, however they have not been able to do so despite each side's best efforts.

21. FRCP 16 deals with the standard for extending pre-trial deadlines and states extensions may be granted for "good cause". The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. Another relevant consideration is possible prejudice to the party opposing the modification. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Crowell v. M St. Ent., LLC*, No. 3:21-CV-00517, 2023 WL 2763124, at *2 (M.D. Tenn. Apr. 3, 2023).

22. Defendants join in this motion. Here, no party opposed this Motion and it the parties have been working diligently to meet the current deadlines. Defendants are not prejudiced by an extension of the discovery deadline to complete depositions.

23. If the discovery deadline is reset as the parties request until June 30, 3023 the parties could reasonably and without hardship complete discovery and dispositive motion briefing more than 120 days prior to the current trial date.

WHEREFORE THE PARTIES Respectfully request this Court to:

1. Extend the discovery deadline for depositions in this matter to June 30th

2. Extend the dispositive Motion Deadline to July 28th, with responses due by August 18th and any replies due by August 25th, which would complete dispositive motion briefing 158 days prior to the currently scheduled trial date.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

/s/ *Jonathan A. Street*
**JONATHAN STREET, BPR NO. 021712**
**LAUREN IRWIN, BPR No. 034833**
Attorneys for Plaintiff
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

*Counsel for Plaintiff*

**BARTON, LLP**

**/s/** *Leslie Goff Sanders*_____
**LESLIE GOFF SANDERS, BPR NO. 018973**
**DANIEL CROWELL, BPR NO. 031485**
**STEPHEN STOVALL, BPR No. 37002**
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via the Court's electronic filing system this 3d day of May, 2023 to the following:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Barton LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 240-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

/s/ *Jonathan A. Street*
**Jonathan A. Street**