IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | |
| vs. | Case No: 3:21-CV-923 |
| THE LAMPO GROUP, LLC and DAVE RAMSEY, | Judge Richardson/Holmes. |
| Defendants. | |

## RESPONSE TO DEFENDANTS' MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

As stated in Defendant's Motion, this matter has been submitted to the Court previously with full briefing by both parties. (Doc. 72, 74).

The Magistrate Judge's order Defendants are asking this court to review was issued on January 24, 2023. (Doc 66) Defendants' Motion for Review was filed April 28, 2023; **94 days** after the aforementioned order was entered. In the aforementioned order, Magistrate Judge Holmes issued a well-reasoned opinion as to why Defendant Ramsey should be required to submit to a deposition in this matter both as a party and a witness.

The parties have been embroiled in a discovery dispute dating back to January of this year. Plaintiff has identified and brought to the Court multiple failures and refusals to act in good faith during discovery on the part of the Defendants. The Court has agreed with the Plaintiff on every issue brought to the court and ruled in their favor each time. (Docs. 66, 67, and 82).[1]

---

[1] In nearly every filing made in this matter Defendants state they have "produced over 51000" pages of documents. However well over half of these documents were duplicates, blank pages, lists of names and email addresses

Defendants only asked for review of one of those orders. The aforementioned order regarding Defendant Ramsey's deposition.

Plaintiff has requested dates for the deposition of Mr. Ramsey's deposition multiple times since the court's order that he be required to provide a deposition. Defendants have refused to acknowledge Plaintiff's request each time. Plaintiff has been required to notice Mr. Ramsey to deposition more than once but have agreed to strike the notice each time in attempts to work with Defendants in this matter.

Defendants did not request a stay of the magistrate's order in their original objections to said order and no such stay was issued. (Doc 72). Middle District of Tennessee local rule 72.01(c) clearly states:

> "Stay of Order. There shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge or the District Judge."

Defendants attempt to circumvent this rule by filing an untimely Motion they have already filed. This is the definition of bad faith; it wastes the time and resources of counsel and this Court.

In addition to granting all of the Plaintiff's filings related to discovery in this matter, the court granted and denied in part Plaintiff's Motion for Sanctions finding the Defendants failed to comply with previous court orders.[2] Specifically the court found:

> "In short, Lampo has not made it clear who has knowledge of the case, despite Plaintiff's interrogatories requesting such information and this Court's Order requiring it to do so." (Doc 97, p. 9).

> "The Court finds that Ramsey failed to comply with this Order. First, Ramsey provided a declaration rather than supplemental sworn answers to discovery. Second, Ramsey stated that he did not have responsive documents, and not that he had no documents in his possession beyond those provided by Lampo. The Court does not find Ramsey's interpretation of this Court's order to be persuasive." (Doc 97, pp. 10-11).

---

included on calendar invites, and other irrelevant and indecipherable documents. For Defendant to say they have been participating in discovery in this matter in good faith is disingenuous.

[2] The court agreed with the Plaintiff that Defendants failed to comply with the orders of the court but denied some of the sanctions sought by the Plaintiff. (Doc 97).

Defendants continue to demonstrate an attitude that the rules of procedure and orders of the Court simply do not apply to them. The filing of this Motion is another such example.

Defendants filed this Motion appealing the decision of the magistrate pursuant to FRCP 72 and Middle District Local Rule 72.01. (Doc 100, p. 1) The time for asking for review of the order under either of these rules has long passed. Any party objecting to a non-dispositive order by a magistrate judge must do so by filing a motion for review no later than fourteen (14) days from service of the Order. *See* Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.01(a) of the Local Rules of Court. *Miller v. Hurst*, No. 3:17-0791, 2019 WL 6896917, at *3 (M.D. Tenn. Feb. 22, 2019).[3]

Plaintiffs would rely on their previously filed Response to Defendant's Objections to Memorandum Order (Doc 74) and said response is incorporated by reference in its entirety in this response.[4]

In good faith, Plaintiff does not seek costs for having to respond to this duplicative, pointless Motion. However Plaintiff would ask the Court to consider this another example of the Defendants in this matter refusal to accept that the rules of procedure and this Court do indeed apply to them.

Plaintiff respectfully request this court deny Defendants Motion For Review of Non-dispositive Order of Magistrate Judge (Doc 100) for (1) the reasons stated in Plaintiff's response to Defendants

---

[3] Attached hereto as Exhibit A
[4] Attached hereto as Exhibit B

Respectfully Submitted,

/s/ Jonathan A. Street

Jonathan A. Street
Lauren Irwin
1720 West End Ave, Suite 402
Nashville, TN 37203
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on April 3, 2023, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON PLLC**
611 Commerce Street, Suite 2603
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*/s/* Jonathan A. Street