2019 WL 6896917
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Jack Victor MILLER
v.
Kenneth HURST, et al.

NO. 3:17-0791
|
Filed 02/22/2019

**Attorneys and Law Firms**

Jack Victor Miller, Readyville, TN, pro se.

Barry Neil Shrum, Shrum & Associates, Nashville, TN, Amy J. Everhart, Everhart Law Firm PLC, Franklin, TN, for Kenneth Hurst, et al.

Russell Sims, Dowellton, TN, pro se.

Sims Records, Dowelltown, TN, pro se.

English Music, Dowelltown, TN, pro se.

## ORDER

BARBARA D. HOLMES, United States Magistrate Judge

 *1  There are a multitude of motions pending in this action. The passage of time and subsequent other filings have rendered some of the motions moot. Additionally, although Plaintiff is entitled to some latitude because he is proceeding *pro se*, the manner in which he has litigated his lawsuit has muddled and complicated the issues. Finally, it is apparent that the recent decision in the on-going state court litigation between Plaintiff and Nina Miller Graves may impact some of the claims in this case. In light of these considerations, the motions are ruled on as follows.[1]

The Clerk is directed to TERMINATE Plaintiff's motion for partial summary judgment (Docket Entry No. 62) as a pending motion. Plaintiff's motion was filed both prematurely and in a procedural posture that prevents the merits of the motion from being addressed. Indeed, Plaintiff filed several motions after his motion for partial summary judgment that seek to admit into the record evidence in support of his claims. Clearly, Plaintiff's motion for partial summary judgment was not ready to be presented when it was filed. Additionally, and more importantly, the pleadings are not closed in this case, as the parties have not yet even progressed beyond contests over the sufficiency of the pleadings, a situation created by Plaintiff's own actions. At the time Plaintiff filed his motion for partial summary judgment, he was actively seeking to amend his complaint and had either sought leave to file and/ or filed without leave no less than three proposed amended complaints. *See* Docket Entry No. 56; Docket Entry No. 59-1; and Docket Entry No. 61. Plaintiff's pleadings and his exact claims must be in their final form and adequate discovery must be exchanged before the issue of summary judgment can be explored. The termination of Plaintiff's motion for partial summary judgment is without prejudice to Plaintiff pursuing a future motion at the appropriate time and in a procedurally correct posture.

Given the termination of the motion for partial summary judgment, several of Plaintiff's pending motions have become moot because the motions pertain to rebuttal evidence from Defendants to which Plaintiff objects or pertain to evidence that he seeks to submit in support of his request for partial summary judgment. There is no need for the Court to pass upon the relevance, admissibility, or weight of any of this evidence at this time. Accordingly, Plaintiff's requests for oral argument (Docket Entry Nos. 75 and 78), motion to admit affidavit (Docket Entry No. 81), motion to admit declaration (Docket Entry No. 82), and motion to enter supplemental documents (Docket Entry No. 84) are DENIED as moot and without prejudice. Similarly, Plaintiff's objection and request to strike the Declaration of Nina Graves (Docket Entry No. 74) is OVERRULED without prejudice.

As noted *supra*, Plaintiff's pleadings have been an ever changing vehicle for his claims. Although he was initially granted leave to amend his complaint in the face of Defendants' motion to dismiss, *see* Order entered February 16, 2018 (Docket Entry No. 47), his First Amended Complaint (Docket Entry No. 29) was apparently either not complete or not a well thought out presentation of his claims and allegations and he has presented three new variations of his pleadings: (1) a second amended complaint ("Second Amended Complaint") that was filed without leave of the Court on March 9, 2018 (Docket Entry No. 56);[2] (2) a proposed verified second amended complaint ("Verified Second Amended Complaint") filed March 16, 2018 (Docket Entry No. 59-1) with an accompanying amended motion

for leave to amend (Docket Entry No. 59); and, (3) an unsigned "amended complaint" that was filed without leave of the Court on March 19, 2018 (Docket Entry No. 61). Additionally, Plaintiff has filed a motion to correct (Docket Entry No. 65), by which he seeks to correct an erroneously stated passage in his proposed Verified Second Amended Complaint.

**\*2** The Clerk is directed to STRIKE from the docket Plaintiff's notice of filing (Docket Entry No. 61). The amended complaint contained in this filing does not comply with Rule 11 of the Federal Rules of Civil Procedure because it is not signed by Plaintiff, as is required by Rule 11. Furthermore, because Plaintiff has already amended his pleadings on one occasion, Plaintiff may amend his complaint only with the opposing party's written consent or leave of the Court, neither of which he obtained. *See* Rule 15(a)(2) of the Federal Rules of Civil Procedure. Accordingly, Defendants' motion (Docket Entry No. 68) to strike this amended complaint is GRANTED.

Plaintiff's motion (Docket Entry No. 53) for leave to file a second amended complaint and the Second Amended Complaint (Docket Entry No. 56) that he filed have become moot in light of a subsequent filing made by Plaintiff. In Plaintiff's amended motion (Docket Entry No. 59) for leave to file a verified second amended complaint, he states that the subsequently filed amended motion for leave and the proposed Verified Second Amended Complaint are intended to replace his prior motion for leave to amend and the second amended complaint that he filed. *See* Docket Entry No. 59 at 1. Accordingly, the motion for leave to amend (Docket Entry No. 53) is DENIED as moot and Defendants' motion to strike (Docket Entry No. 67) is likewise DENIED as moot. The Clerk is directed to STRIKE the Second Amended Complaint (Docket Entry No. 56).

Plaintiff's remaining attempt to amend his complaint presents a more difficult issue. Plaintiff's request to amend is opposed by Defendants and is thus governed by Rule 15(a)(2), which requires him to obtain leave of the Court in order to amend his complaint. Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires." Defendants vigorously oppose any further amendment, arguing that the proposed amendment offers nothing that would save Plaintiff's copyright claim from dismissal and further offers no new allegations that would likewise save Plaintiff's non-copyright claims from dismissal. *See* Defendants' response in opposition (Docket Entry No. 66). Thus, they contend that the proposed amendment is futile and should be denied. *Id.*

Defendants' arguments are not without some persuasiveness. Nevertheless, Plaintiff's proposed Verified Second Amended Complaint adds new allegations and a slightly different theory as to two of the works at issue in his copyright claim and new allegations as to his non-copyright claim, additions which can be argued to have cured at least some of the pleading deficiencies in his First Amended Complaint. *See* Docket Entry No. 59-1 at 1 and Section III, ¶¶ 18, 134-135, 138-139, 154, and p. 33 at XVI(g). The Court finds that the proposed Second Amended Complaint is not so lacking or deficient that it can be viewed as clearly futile. Finally, Plaintiff's *pro se* status dictates a certain measure of leeway and, on some level, justice requires that Plaintiff's claims, in their final form, be made a part of the actual pleadings before being subjected to scrutiny and possible dismissal. Accordingly, Plaintiff's amended motion (Docket Entry No. 59) for leave to file a verified second amended complaint is GRANTED.[3] The Clerk is directed to file the proposed pleading (Docket Entry No. 59-1) as Plaintiff's Verified Second Amended Complaint. Plaintiff's motion to correct (Docket Entry No. 65) is GRANTED, and the Verified Second Amended Complaint is deemed corrected as to the noted passage set out in Plaintiff's motion. Plaintiff is, however, put on notice and expressly cautioned that, despite the liberality of Rule 15 and his *pro se* status, amendments cannot go on forever. At some point, multiple prior amendments by a party become a weighted consideration against allowing any other amendments.

**\*3** Given the filing of the Verified Second Amended Complaint, which then becomes the legally operative complaint for all purposes,[4] Defendants' joint motion to dismiss or for abstention (Docket Entry No. 50) is TERMINATED without prejudice to being re-filed. Plaintiff's motion (Docket Entry No. 52) for an extension of time to respond to the joint motion to dismiss is DENIED as moot in light of the termination of the joint motion to dismiss.

The Court acknowledges, again, that this ruling may frustrate Defendants. However, the Court finds it a more appropriate use of judicial resources to address any issues that go to dismissal via a motion to dismiss directed at the actual operative pleading and the final allegations made by Plaintiff, as opposed to addressing those issues via futility arguments in motions that are directed at proposed pleadings. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240 (6th Cir. 1984)

(whether judicial economy is advanced is an appropriate consideration in determining whether to apply the futility doctrine). Additionally, a new dismissal motion provides a more complete opportunity for both parties to address the impact of the Chancery Court decision on the merits of Plaintiff's claims in terms of the need for abstention and any possible preclusive effect the decision may have on Plaintiff's claims.

Plaintiff's motion (Docket Entry No. 80) to add certificates of service is GRANTED to the extent that Plaintiff seeks to update the docket as to the noted certificates of service.

The Graves Defendants' motion (Docket Entry No. 88) to make supplemental filings is GRANTED. The Clerk is directed to docket the proposed filings (Docket Entry Nos. 88-1, 88-2, and 88-3) as the Graves Defendants' supplemental memorandum of law and attachments A and B.

Plaintiff's motion (Docket Entry No. 86) to join GoDaddy, LLC, as a defendant to his lawsuit is DENIED. The Court is unpersuaded by the arguments made by Plaintiff. Those arguments do not present a sound legal basis for the liability of GoDaddy, LLC, under the Anti-cybersquatting Consumer Protection Act. See *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 548 (9th Cir. 2013) (the Anti-cybersquatting Consumer Protection Act does not provide for a cause of action against GoDaddy.com Inc., for contributory cybersquatting).

Any party objecting to this Order must do so by filing a motion for review no later than fourteen (14) days from service of this Order. *See* Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.01(a) of the Local Rules of Court. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Any response to the motion for review (objections) must be filed within fourteen (14) days after service of the motion for review (objections). *See* Rule 72.01(b) of the Local Rules of Court.

So ORDERED.

**All Citations**

Slip Copy, 2019 WL 6896917

## Footnotes

1. Plaintiff's motion for a stay or injunctive relief (Docket No. 87) will be addressed separately at a later date.

2. Although Plaintiff filed a Motion for leave to file second amended complaint (Docket Entry No. 53), he nonetheless filed the Second Amended Complaint without first obtaining a ruling on his motion for leave to file.

3. A motion to amend a complaint is a non-dispositive matter that may be determined by the magistrate judge in accordance with 28 U.S. § 636(b)(1)(A). See *Gentry v. Tennessee Bd. of Judicial Conduct*, 2017 WL 2362494 at *1 (M.D. Tenn. May 31, 2017) (Trauger, J.).

4. An amended complaint supplants and supercedes all prior complaints and becomes the only operative complaint in a civil case. See *B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008); *Drake v. City of Detroit*, 266 Fed. App'x 444, 2008 WL 482283, *2 (6th Cir. Feb. 21, 2008); *Parks v. Federal Express Corp.*, 1 Fed.Appx. 273, 277 (6th Cir. Jan. 4, 2001).

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.