# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | |
| vs. | Case No: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC and DAVE RAMSEY, | Judge Richardson/Holmes |
| Defendant. | Jury Demand |

## RESPONSE TO DEFENDANTS' OBJECTIONS TO MEMORANDUM ORDER

Comes now the Plaintiff and responds to Defendants' Objections to Memorandum Order No. 66 as follows:

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district court may "reconsider" a magistrate judge's decision on a non-dispositive, "non-excepted, pending pretrial matter" only if it is clearly erroneous or contrary to law. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.' *Id.* It is well established that a stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Acad. of Allergy & Asthma in Primary Care v. Amerigroup Tennessee, Inc.*, No. 3:19-CV-00180, 2020 WL 8254263, at *2 (E.D. Tenn. Aug. 12, 2020).[1] "The scope of discovery is, of course, within the broad discretion of the trial court." *Bluewater Music Servs. Corp. v. Spotify USA Inc.*, No. 3:17-

---
[1] Exhibit A

CV-01051, 2019 WL 6904599, at *2 (M.D. Tenn. Mar. 25, 2019) (internal citations omitted).[2] Generally, however, the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." *Id*.

## **ARGUMENT**

   I.   <u>The cases relied on by Defendants in their objections do not state discovery should be stayed pending a Motion to Dismiss.</u>

Defendants claim in the memorandum order (Doc. 66) is contrary to law because *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Kolley v. Adult Protective Services*, 725 F.3d 581, 587 (6th Cir. 2013) both require discovery to be stayed while a court rules on a Motion to Dismiss. This is a blatant mischaracterization of both cases; neither *Twombly* nor *Kolley* make such a ruling. *Twombly* and its progeny deal with the standard for a Motion to Dismiss. Nowhere in *Twombly* is a prohibition on discovery while the Motion is being considered. Further, *Kolly* does not state discovery must be stayed while a Motion to Dismiss is being considered; it simply states that a court has discretion to do so. It is true that a court has broad discretion to allow discovery while a Motion to Dismiss is pending; but just because the judge in their discretion rules in a way a party may not like, it certainly does not make that judge's decision contrary to law. To rule the valid use of discretion by a judge in deciding an issue where such discretion is allowed can be considered "contrary to law"- is to end judicial discretion completely.

Defendants claim that the Magistrate Judge's decision compelling Ramsey's deposition is "contrary to law and should be overruled. The Court should stay Ramsey's deposition until Defendants' Second Motions to Dismiss have been resolved." (Doc. 72, page 4). Then contrary to their own argument, they then go on to list ten cases where the court refused to stay discovery

---
[2] Exhibit B

pending a Motion to Dismiss.

    II.    <u>Defendant Ramsey is a fact witness who should be deposed regardless of the outcome of Defendants' Motion to Dismiss.</u>

Even when a party's deposition is stayed pending the resolution of a dispositive motion, this does not necessarily prevent that party from being deposed as a fact witness. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020). Even if an individual is dismissed as a party, that does not necessarily preclude them from being a witness.

The Magistrate Judge ordered Mr. Ramsey's deposition would take place because Defendant has not demonstrated that Defendant Ramsey lacks discoverable knowledge. (Doc. 66, page 6). Judge Holmes ordered that Mr. Ramsey could be deposed to the extent of his discoverable knowledge. *Id*. Defendants do not appeal this portion of the decision, nor do they seek all witness depositions be halted prior to the Motion being decided, only Mr. Ramsey. Mr. Ramsey holds no special place as a witness over any other individual. The hardship of taking off work and personal commitments is nearly universally applicable. There is no reason Mr. Ramsey's deposition should be postponed any more than any other fact witnesses with discoverable knowledge in this case. To treat Mr. Ramsey any differently because he has attained some level of celebrity would in fact be contrary to law.

In fact, the Magistrate Judge ordered that discovery would not be stayed pending resolution of the Motion to Dismiss in her original case management order (Doc. 26), yet Defendants did not file objections to this order. This failure further illustrates that Defendants seek preferential treatment for fact witness Dave Ramsey than every other witness in this case for no allowable reason under the rules.

    III.    <u>Granting a stay of discovery pending Defendants' Motion to Dismiss necessitates</u>

<u>a total halt to all proceedings in this matter.</u>

Should the court grant Defendant's objections to the Magistrate Judge's order, then Plaintiffs request the trial date be continued and new discovery deadlines be established so to ensure Mr. Ramsey's deposition be allowed to take place if the court declines to completely dismiss both cases against both Defendants.

A stay of discovery pending the resolution of a motion to dismiss is directly at odds with the need for expeditious resolution of litigation. Granting a stay of discovery pending a motion to dismiss necessarily requires that the Court "make preliminary finding of the likelihood of success on the motion to dismiss." *Osman v. Mission Essential Pers., LLC*, No. 2:11-CV-577, 2012 WL 1831706, at *1–2 (S.D. Ohio May 18, 2012). *Osman* goes onto hold that "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden—variety Rule 12(b)(6) motion." *Id.* This is not the case here. Defendants' have not argued that Defendant Ramsey should be dismissed due to any sort of immunity. In fact, all Defendant Ramsey has only argued the standard, garden variety "failure to state a claim" in their motion. Thus, in consideration of Defendant Ramsey's garden variety Motion to Dismiss, there is no good cause for the Court to stay discovery as to Defendant Ramsey.

Should the court stay discovery as to Defendant Ramsey, but not dismiss Plaintiff's Complaint as to Defendant Ramsey, the parties would be required to proceed with their claims against Defendant Lampo as a practically separate lawsuit, despite Plaintiff's common complaints against both Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Magistrate Judge Holmes' Order be upheld and Plaintiff be permitted to proceed with Defendant Ramsey's deposition pending Defendants' Motions to Dismiss.

Respectfully Submitted,

*/s/ Lauren Irwin*
Jonathan A. Street
Lauren Irwin
**THE EMPLOYMENT AND CONSUMER LAW GROUP**
1720 West End Ave, Suite 402
Nashville, TN 37203
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on February 21, 2023, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON PLLC**
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

                                                                                             */s/ Lauren Irwin*
                                                                                             Lauren Irwin