IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                )
                          )
    Plaintiff,            )    NO. 3:21-cv-00923
                          )
v.                        )    JUDGE RICHARDSON
                          )
THE LAMPO GROUP, LLC and DAVE )
RAMSEY,                   )
                          )
    Defendants.           )

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is Defendants' motion for review of nondispositive order of the Magistrate Judge. (Doc. No. 99, "motion for review"). Defendants filed a memorandum in support (Doc. No. 100). Plaintiff filed a Response (Doc. No. 103).

For the reasons discussed herein, the Court will deny Defendants' motion for review.

BACKGROUND

Plaintiff filed suit against Defendants, a limited liability company and its alleged "President,"[2] under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. and the Tennessee Public Protection Act, T.C.A. § 50-1-304, *et seq*. (Doc. No. 21 at 1).

---

[1] References herein to "the Court" are references to the undersigned district judge (as opposed to the magistrate judge who filed the order at Doc. No. 66).

[2] Generally, a limited liability company does not necessarily have a "president," but it is certainly possible that this one did based on the management titles it created for leadership positions.

Plaintiff thereafter filed an Amended Complaint (Doc. No. 21), which remains the operative complaint. Defendants filed two motions to dismiss (Doc. Nos. 28 and 30),[3] which remain pending.

Plaintiff seeks to take the deposition of Defendant Dave Ramsey as a party defendant and a fact witness. Defendants seek a stay of Ramsey's deposition until their motions to dismiss (Doc. Nos. 38 and 30) are resolved. The Magistrate Judge issued an order in which she declined to stay or preclude Ramsey's deposition. (Doc. No. 66, "Magistrate Judge's Order"). Defendants subsequently filed the motion for review, arguing that the Magistrate Judge's Order should be overruled as "contrary to law" because the pending motions to dismiss must be decided prior to Ramsey's deposition. (Doc. No. 100 at 4).

## LEGAL STANDARD

> Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of the Magistrate Judge's Order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard . . . . A legal conclusion is "contrary to law" if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent.

*HLFIP Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-cv-00714, 2020 WL 6484254, at *1 (M.D. Tenn. Sept. 13, 2020) (citations omitted).

## DISCUSSION

Defendants forgo any argument that the Magistrate Judge's Order was clearly erroneous, and instead assert only that it was "contrary to law." Specifically, Defendants argue that due to the pending motions to dismiss (Doc. Nos. 28 and 30), the deposition of Ramsey must be stayed. Defendants argue that because the Supreme Court in *Twombly* was concerned about the costs of discovery in meritless cases, "*Twombly* implicitly requires resolution of Rule 12 motions before

---

[3] The Court is aware pf the pendency of these motions and can assure the parties that it intends to resolve them as soon as feasible given the size and complexity of the Court's current caseload.

parties are required to conduct any (or at least extensive) discovery." (Doc. No. 100 at 4) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007)). But *Twombly* expounding on the costs of discovery does not amount to holding that discovery must be stayed prior to resolution of motions to dismiss. *Twombly* was primarily concerned with unnecessary discovery that occurs in *meritless* cases, too many of which were surviving motions to dismiss (according to the Supreme Court). *Twombly*, 550 U.S. at 559 ("the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings"). That is why *Twombly* effectively raised the pleading standard for plaintiffs and lowered the bar for defendants to succeed on a motion to dismiss. *Id.* at 563. The effect of *Twombly* was to make it easier for courts to identify those meritless cases and subsequently halt litigation. But *Twombly* did not say that discovery is precluded prior to any merits determination.

And neither has the Sixth Circuit held that discovery must be stayed where there is a pending motion to dismiss. Defendants cite *Kolley v. Adult Protective Services*, 725 F.3d 581, 587 (6th Cir. 2013), in which the Sixth Circuit wrote "[a] plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment." That statement, however, suggests only that discovery *will not always* occur prior to the resolution of motions to dismiss, not that it *must never* occur. That is why the Sixth Circuit has made clear that district courts have the *discretion*—as opposed to the *obligation* or *imperative*—to stay discovery under these circumstances. !See !*Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016) ("A court has the discretion to stay discovery until questions that may dispose of the case, including a motion to dismiss for failure to state a claim, are determined.") (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

Indeed, it is the general practice of at least two other district courts in this circuit *not* to stay discovery based solely on a defendant having filed a motion to dismiss. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *1 (S.D. Ohio Feb. 22, 2021); *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, No. 2:16-CV-13040, 2019 WL 2541774, at *1 (E.D. Mich. June 20, 2019). Ultimately, "the Court has the discretion to order, or not to order, a stay of discovery while a motion to dismiss is pending[.]" *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs.*, No. 2:09-CV-1054, 2010 WL 2541366, at *1 (S.D. Ohio June 18, 2010).

When a matter is within the discretion of a judge, the judge's decision on the matter is not contrary to law unless it reflects an abuse of discretion. Here, the Magistrate Judge's Order reflects a decision not to stay discovery (including Defendant Ramsey's deposition), and this decision was within her discretion. So what Defendants need to show is that the Magistrate Judge's particular decision here was an abuse of discretion. Defendants have failed to do so; indeed, in their memorandum in support of the motion for review, the word "discretion" does not even appear.

None of the analysis here is inconsistent with the notion, upon which Defendants rely, that "plaintiffs are not entitled to discovery during the pendency of a Rule 12(b)(6) motion to dismiss[.]" (Doc. 100 at 4). A plaintiff may not be *"entitled" to discovery* during such time, but even so, a plaintiff may be *granted discovery via a discretionary decision of the judge.* And again, when a magistrate judge has made such a discretionary decision, a defendant opposing discovery must show an abuse of discretion under the particular circumstances at issue—something Defendants have not done, or even tried to do, here. Instead, Defendants make a broad-based attack on what they perceive as this Court's strong historical tendency not to stay discovery during the pendency of dispositive motions. But the issue is not what the Court has done or tends to do. The issue is whether the magistrate judge abused her discretion in effectively denying a stay of

discovery (including Defendant Ramsey's deposition) in this case, and Defendants do not supply the Court with any case-specific fodder.

The Court recognizes that defendants may be frustrated by having to conduct discovery while the possibility still exists that discovery will prove immaterial based on the granting of a still-pending motion to dismiss. But neither the Supreme Court nor the Sixth Circuit has held that discovery must be stayed prior to the resolution of a motion to dismiss, and to the contrary, it is clear that a court in its discretion may decline such a stay.

## CONCLUSION

For the reasons discussed herein, the Magistrate Judge's Order cannot be said to be "contrary to law." Accordingly, Defendants' motion for review (Doc. No. 99) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE