UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants, The Lampo Group, LLC ("Lampo") and Dave Ramsey ("Ramsey"), by and through the undersigned counsel and pursuant to Local Rule 7.01, file this memorandum of law in support of their Motion for Protective Order (Doc #106).

## I. Background

Plaintiff claims that Lampo terminated his employment because he disagreed with the company's approach to COVID-19.[1] He has couched this as a religious dispute, i.e., that his religious beliefs required him to take more stringent COVID-19 precautions than Lampo, like working from home. Plaintiff has *never* asserted that he was terminated for violating Lampo's "Company Conduct" policy, which states:

> The image of Ramsey Solutions is held out to be Christian. Should a team member engage in behavior not consistent with traditional Judeo-Christian values or teaching, it would damage the image and the value of our good will and our brand. If this should occur, the team member would be subject to review, probation or termination.

---

[1] Plaintiff also alleges claims for fraud, promissory estoppel and deceptive practices, but the issue presented in Defendants' Motion for Protective Order relates only to his wrongful termination claims.

Yet Plaintiff used the deposition of Ramsey on June 21, 2023, as an opportunity to interrogate Ramsey about his and Lampo's historical application of the Company Conduct policy. Plaintiff also took shots at Ramsey's personal convictions which, again, have nothing to do with Plaintiff's claims or Lampo's COVID-19 response.

Defense counsel objected to Plaintiff's questions about Ramsey and Lampo's views on controversial social issues and approach to related hypotheticals. When Plaintiff began asking about abortion (a topic completely unrelated to Plaintiff's claims), defense counsel stopped the questioning and stated an objection under Rule 30(d) of the Federal Rules of Civil Procedure because the questions were asked in bad faith and intended only to embarrass, annoy, or oppress Defendants. Fed. R. Civ. Pro. 30(d)(3). Defense counsel stated the same objection to questions related to two lawsuits that are also completely unrelated to Plaintiff's claims, one of which is still pending. Defense counsel then stated her intent to file a motion for protective order regarding Plaintiff's questions.

Plaintiff's counsel then initiated a call with the Court to discuss the parties' dispute. The Court provided guidance to the parties and asked the court reporter to provide an unofficial transcript.[2] (Doc. 107-1 ("Rough Draft") at 199-211).

Following the Court's guidance, defense counsel revised her position and instructed Ramsey to answer Plaintiff's questions related to the irrelevant Company Conduct policy and to another lawsuit that had been dismissed. (Id. at 215-216). Defense counsel maintained, however, that she would file a motion for protective order with respect to questions related to *Caitlin O'Connor v. The Lampo Group, LLC,* Case No. 3:20-cv-00628, also currently pending in the U.S.

---

[2] The court reporter provided an unofficial transcript of Ramsey's deposition on June 22, 2023. Defendants have filed relevant portions of the transcript as Exhibit 1.

District Court for the Middle District of Tennessee (the "Pending Litigation"). (Rough Draft at 215-216). Plaintiff's counsel then proceeded with his questioning and defense counsel stopped the questioning only if it related to the Pending Litigation.

Defendants seek a protective order only on questions that are related to the Pending Litigation because they are not relevant to this case and were asked in a bad faith attempt to annoy, embarrass, or oppress Defendants in violation of Rule 30(d)(3).

## II.     Legal Standard

Rule 26(c) authorizes the district court to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." *Phillips v. Estates of Byrd, et al.*, 307 F.3d. 1206 (9th Cir. 2002). As noted in *Phillips*, the Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* at 1211 (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

In *Pictsweet Co. v. R.D. Offutt Co. et al.,* the Court described the legal standard for seeking a protective order under Rule 26(c):

> Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." [*In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)]. "A court must balance the "right to discovery with the need to prevent fishing expeditions." *Id.* At 236-37 (internal quotation marks and citation omitted.)
>
> Rule 26 (c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26 (c). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F.App'x 498, 500 (6th Cir. 2001) (internal citations omitted). However, a showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule

3

> 26(c). *Anwar v. Dow Chemical Co.,* 876 F.3d 841, 854 (citing *Smith v. Dowson*, 158 F.R.D. 138, 140 (D.Minn.1994)). Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross,* 979 F.2d 1135, 1138 (6th Cir. 1992).

2020 WL 12968432 at *2 (M.D. Tenn April 23, 2020).[3]

A party may move to terminate a deposition at any time on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. Pro. 30(d)(3)(A). A party who believes a line of questioning to be in violation of Rule 30(d)(3) may stop the deposition and immediately seek a protective order. *See generally Allred v. Moroni Feed Co.,* 2015 WL 1467587 at *5 (D. Utah, March 30, 2015).[4]

### III. Argument

The only issue before the Court is whether Plaintiff should be allowed to ask Ramsey questions related to the Pending Litigation. Plaintiff asked Ramsey about his views on various kinds of conduct and whether he would consider them a violation of the Company Conduct policy. Defense counsel objected to Plaintiff's questions because they had no relevance to this case but allowed Ramsey to answer all of them unless they related to the Pending Litigation.

The Pending Litigation asserts claims of gender, disability, and FMLA discrimination. Specifically, the plaintiff in the Pending Litigation was terminated for violating the Company Conduct policy when she admittedly engaged in premarital sex. By contrast, Amos does not claim he was terminated in violation of the Company Conduct policy. Instead, he asserts claims of religious discrimination and violations of the Tennessee Public Protection Act. Even under the broad scope of discovery as permitted by Rule 26, the Pending Litigation is not relevant. The

---

[3] Defendants have attached a copy of this unpublished decision as Exhibit 2.

[4] Defendants have attached a copy of this unpublished decision as Exhibit 3.

Pending Litigation has nothing to do with Lampo's COVID-19 response. Nor does it relate in any way to Plaintiff's lawsuit. This complete failure to establish relevancy is evidence of bad faith.

The Court has recognized that evidence in one case may be protected from discovery in another. For example, in a recent case before Judge Trauger, *SurgiCor, LLC v. Christopher Wade*, Case No. 3:22-cv-00291, the plaintiff accused the defendant of misappropriating trade secrets. The defendant sought to depose the plaintiff's corporate representative regarding a pending state court case in which the plaintiff was accused of misappropriating the same kinds of trade secrets. In a telephonic hearing, Judge Trauger refused to allow the defendant to depose the plaintiff regarding the state court case, citing lack of relevance and potential prejudice to the plaintiff.[5]

Perhaps the most compelling evidence of Plaintiff's counsel's violation of Rule 30(d)(3) is the fact that he asked Ramsey almost no questions about Brad Amos. Ramsey testified that he did not know Amos, that he did not remember ever meeting him, and that he was not involved in the decision to terminate Amos' employment. Ramsey was deposed for nearly six (6) hours primarily on topics unrelated to Amos and completely outside the scope of discovery in this case.

Plaintiff seems intent on putting Ramsey on trial for his personal convictions, which have nothing to do with Plaintiff's termination from employment. Plaintiff claims he was terminated because he did not agree with Lampo's response or Ramsey's views regarding COVID-19. Defendants claim Plaintiff was terminated for his conduct directed toward a senior leader at Lampo. Plaintiff's counsel spent very little time questioning Ramsey on either party's position regarding Amos' termination. Instead, Plaintiff's counsel asked questions about topics that he hoped would be considered controversial in an attempt to annoy, embarrass and oppress

---

[5] This telephonic hearing was held on May 16, 2023, but not recorded and no order was issued. *See* 3:22-cv-00291 at Docs #35, Minute Entry on May 16, 2023.

Defendants. Questions related to the Pending Litigation have no relevance whatsoever to this lawsuit and should not be permitted.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2023, I filed the foregoing *Memorandum in Support of Defendants' Motion for Protective Order* via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*
