UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 <br> ) <br> ) District Judge Richardson |
| v. | ) <br> ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC | ) <br> ) Jury Demand |
|     Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RESOLUTION OF DISPUTE UNDER THE
AGREED CONFIDENTIALITY ORDER**

Defendant, The Lampo Group, LLC ("Lampo"), by and through undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Agreed Confidentiality Order dated July 6, 2022 (Doc. #42) ("Confidentiality Order"), files this Memorandum in support of its Motion for Resolution of Dispute Under the Confidentiality Order (Doc. #118). The parties dispute a limited number of confidentiality designations in six (6) deposition transcripts of Lampo witnesses.

A. PROCEDURAL BACKGROUND

The Confidentiality Order (Doc. #42) authorizes the parties to designate information as confidential to avoid public disclosure. Any party who wishes to file designated information must do so in accordance the Confidentiality Order and Local Rule 5.03. The Confidentiality Order balances a party's right to protect confidential information with the other party's right to disclose confidential information that is necessary to establish its claims or defenses. If a party designates information as confidential and the other party disputes it, then the Confidentiality Order provides a mechanism for the judicial resolution so that neither party is prejudiced. (Doc. #42, p. 3).

Plaintiff deposed Lampo's 30(b)(6) witness on October 25, 2022. Plaintiff deposed all other company witnesses between May 16, 2023 and June 28, 2023. Plaintiff took a total of nine (9) depositions. After receiving the transcripts, Lampo provided confidentiality designations to Plaintiff including portions of the testimony that should be marked confidential and the basis for the designation. Plaintiff disputed certain designations on the following transcripts, which are identified by witness and the date of the deposition: Luke LeFevre (May 16, 2023), J.B. Waggoner (May 30, 2023), David DiCicco (June 9, 2023), Armando Lopez (June 15, 2023), David Ramsey (June 21, 2023) and Jack Galloway (June 28, 2023).

According to the Confidentiality Order, Plaintiff has 14 days to dispute a confidentiality marking. (Doc. #42, p. 3). As the party disputing the confidentiality marking, Plaintiff is required to act in good faith in claiming the document should not be marked as confidential. (Id.). The designating party (in this case, Lampo) then has a 14-day grace period to follow the same procedures required in a discovery dispute and ultimately seek a resolution from the Court if the designations remain disputed among the parties. (Id.). In this case, the discovery dispute resolution process requires lead counsel for the parties to meet in-person and make a good-faith effort to resolve the dispute. (Doc. #26, Doc. #97). If the parties still cannot resolve the dispute, then they may file a motion for resolution with the Court. (Doc. # 26, pp. 3-4).

The first designations disputed by Plaintiff were those in the LeFevre transcript. The Agreed Confidentiality Order would have required the parties to meet and confer by July 14, 2023. However, as of July 13, 2023, two of the deposition transcripts had just arrived and one transcript was still outstanding. Rather than having multiple in-person meetings to discuss each transcript separately (and potentially multiple motions for dispute resolution), the parties agreed to address all designations in one meeting and to present any remaining disputes to the Court in one motion.

Lead counsel for the parties met on August 3, 2023 at the office of Plaintiff's counsel. The attorneys reviewed the confidentiality designations on each of the six (6) transcripts at issue. Plaintiff asked for additional explanation regarding Lampo's basis for confidentiality designations. Lampo explained that there were five (5) basic reasons it was seeking the designations: (1) the testimony related to an exhibit that had been marked "confidential" and not challenged by the Plaintiff, (2) the testimony revealed third-party personnel information, (3) the testimony related to a pending lawsuit and revealed information that had been sealed in that lawsuit, (4) the testimony revealed confidential business information with no relevance to the case, and/or (5) the parties had already previously agreed to keep the information confidential.

At the meeting of counsel, Plaintiff's attorney agreed to review the disputed designations in light of the additional explanation provided by defense counsel and provide a justification for any remaining disputes. Lampo's attorney agreed to reconsider certain exhibits that had been marked "confidential" even though Plaintiff's attorney had not challenged the designation within the time allotted in the Confidentiality Order. Plaintiff's attorney represented that he would be out of the country until mid-August.

On August 22, 2023, Plaintiff's attorney sent an email to defense counsel agreeing with some of the confidentiality designations and providing his justification for the designations that remained in dispute. In the same email, Plaintiff's attorney indicated that Lampo's 14-day grace period had already expired, despite the fact that the impasse had not occurred until that very day. He further explained that Plaintiff intended to file the disputed confidential information unredacted. Lampo's attorney stated her intention to seek relief from the Court before Plaintiff's response to Defendant's Motion for Summary Judgment was due (which at this point was less than 14 days from August 22, 2023) and informed Plaintiff that Lampo would provide redacted

3

transcripts as a courtesy. Plaintiff reiterated that even if Lampo provided redacted transcripts, he would still file the unredacted transcripts rather than protecting the confidential information pending judicial resolution.

B. ANALYSIS

Plaintiff has indicated no purpose for disclosing the confidential information. He may be conflating the confidentiality designation process under the Confidentiality Order with the sealing process. Regardless of Lampo's confidentiality designations, Lampo acknowledges that it has the burden to prove to the Court why the designated information should be sealed. At this juncture, however, Lampo is simply asking Plaintiff to comply with the Confidentiality Order and move for leave to file transcripts containing designated information under seal.[1]

Lampo acted in good faith in designating the information as confidential. As an initial matter, Lampo designated very little information in the transcripts as confidential. The information it designated was based on one or more of the following bases:

1. The information related to third-party personnel matters.

2. The information revealed confidential business information.

3. The parties agreed to mark information as confidential.

4. The information was sealed in another lawsuit.

5. The testimony related to a document that had been marked by Lampo as confidential and not challenged by Plaintiff.

---

[1] Plaintiff has not definitively indicated whether he even intends to file this designated information in his response to Lampo's motion for summary judgment. Nevertheless, Lampo has already provided Plaintiff with redacted copies of *all* designated deposition transcripts to make his compliance with the Confidentiality Order even easier.

Each of these reasons is discussed below along with a description of the testimony that Lampo designated as confidential.

1. Third-Party Personnel Matters

Plaintiff's counsel asked witnesses a number of questions about other employees at Lampo. Lampo seeks only to redact the names and identifying information of non-parties so that personnel information is not publicly disclosed in Plaintiff's response to Defendant's Motion for Summary Judgment. In *In re Knoxville News-Sentinel*, 723 F.2d 470, 477 (6th Cir. 1983), the Sixth Circuit explained that when records relate to the reputations of third parties who had a justifiable expectation of privacy, they may be protected from disclosure. Plaintiff asked the company witnesses about employees whose employment from Lampo had been terminated. None of the third parties were terminated for reasons that were remotely related to Plaintiff. Even if the third parties were comparators to Plaintiff, there is no justifiable reason for disclosing their identities in Plaintiff's response to Lampo's summary judgment motion. Lampo seeks only to redact the names of the third parties to protect their privacy.

2. Confidential Business Information

Lampo seeks only to protect information related to the identities of its members. Lampo is a privately held limited liability company. The members' ownership interest is not publicly available and irrelevant to this lawsuit. Lampo seeks to redact approximately 10 lines of testimony in two of the deposition transcripts that reveal this confidential business information.

3. Agreed Designations

During the deposition of David Ramsey, Plaintiff's counsel asked a number of questions related to both Mr. Ramsey and Lampo's views on potentially controversial matters unrelated to the lawsuit, like abortion. Defense counsel objected to the line of questioning under FRCP 30(d)

5

Case 3:21-cv-00923   Document 119   Filed 08/29/23   Page 5 of 8 PageID #: 2709

and stated on the record that Plaintiff's questions were asked in bad faith. Plaintiff's counsel agreed on the record that the line of questioning would be designated as confidential. Lampo is simply asking Plaintiff to abide by his agreement and file transcripts with the line of questioning and Mr. Ramsey's answers redacted so that Lampo can seek to have the information sealed.

4. Other Lawsuits

Plaintiff asked the witnesses about other lawsuits, including another pending lawsuit. Defendant designated information related to the pending lawsuit as confidential for a number of reasons including (a) certain information was sealed in the pending lawsuit, (b) some of the information was related to non-party personnel records that were not publicly available, and (c) if the information was disclosed in the other lawsuit, it was a matter of public record and there was no legitimate reason to ask the witnesses questions about it. Again, Lampo is simply asking Plaintiff to refrain from disclosing the information publicly so that Lampo can seek to have it sealed.

5. Confidential Documents.

At the time of the deposition, Lampo had marked a number of documents as "confidential" simply because Lampo was required by the Court to produce several thousands of pages in a short period of time. Because Lampo's attorneys would not have time to review all of the documents before producing them, the Court permitted Lampo to mark them confidential. In reviewing the exhibits to the depositions, Lampo has withdrawn the confidentiality designation of most exhibits and has maintained it only on deposition exhibits that reveal confidential third-party personnel information, including the names of employees who tested positive for COVID and reported it to Lampo.

Lampo is seeking only to have the information described above protected from disclosure until such time as the Court determines whether it may be sealed. Alternatively, the Court may resolve this dispute per the Confidentiality Order either before or after Plaintiff files his response to Lampo's summary judgment motion so long as Plaintiff files the transcripts with the redactions. Plaintiff has stated no legitimate purpose for wanting to publicly file the information designated by Lampo. Plaintiff's refusal to keep this information confidential in its response to Lampo's summary judgment motion is a mystery to Lampo, particularly since (again) Lampo has provided redacted transcripts alleviating any additional work or inconvenience to Plaintiff's counsel.

Surely, Plaintiff will file the redacted transcripts provided by Lampo thereby eliminating the need for the Court to resolve this dispute. But as of August 25, lead counsel for Plaintiff maintained that he would not honor Lampo's confidentiality designations and intended to file the transcripts only with redactions he considered appropriate – none of which included the five (5) categories of information identified above. For this reason, Lampo is asking the Court to resolve this dispute by ordering Plaintiff to comply with the Confidentiality Order and file the redacted transcripts provided by Lampo should Plaintiff rely on any of them in his response to Lampo's summary judgment motion.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on August 29, 2023, I filed the foregoing *Memorandum in Response to Defendants' Motion for Resolution of Dispute Under the Agreed Confidentiality Order* via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*