IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS | ) | |
| | ) | Case No. 3:21-cv-00923 |
| v. | ) | Richardson/Holmes |
| | ) | |
| THE LAMPO GROUP, LLC | ) | |

**O R D E R**

Pending before the Court is Defendant's Motion for Resolution of Dispute Under the Agreed Confidentiality Order. (Docket No. 118.) Although the time allowed for a response from Defendant has not yet expired, the Court finds it appropriate to issue an interim order on the motion to establish procedures for resolution of the merits of the motion (which the parties apparently waited until the last possible minute to discuss, making the timing of any resolution inconsistent with the summary judgment motion briefing schedule). The Clerk is, however, directed to maintain Defendant's motion (Docket No. 118) as pending on the docket. Plaintiff must respond to the motion in accordance with Local Rule 7.01(b).

According to the motion, the parties have reached a disagreement over whether certain documents – namely deposition designations that Plaintiff may use in support of his response in opposition to Defendant's motion for summary judgment – can be designated as confidential. Plaintiff states that the designations at issue come from the deposition transcripts of Luke LeFevre (May 16, 2023), J.B. Waggoner (May 30, 2023), David DiCicco (June 9, 2023), Armando Lopez (June 15, 2023), David Ramsey (June 21, 2023) and Jack Galloway (June 28, 2023) (the "Disputed Information"). (Docket No. 119 at 2.)

The parties previously entered into an Agreed Confidentiality Order (Docket No. 42), which includes a dispute resolution procedure regarding documents designated as confidential:

1

> The parties will resolve any disagreements regarding the designation of information or documents as Confidential pursuant to the Court's procedures for discovery disputes. To facilitate resolution, if a party feels the document does not meet the standard for a protective order under the Federal Rules of Civil Procedure they may dispute marking the document as confidential by notifying the party seeking the confidentiality marking within 14 days of the designation. A party will act in good faith in claiming the document should not be marked as confidential. The party seeking the confidential marking bears the burden of showing it is entitled to such protection under the Federal Rules of Civil Procedure. A party shall treat a designated document or deposition testimony as Confidential and shall not file it with the court until 14 days after they inform the party seeking the designation that they disagree with the designation (grace period). If the party who seeks the Confidential designation seeks a judicial determination in accordance with the discovery dispute resolution procedures within the grace period, the parties will treat the document as Confidential and will not file said document unsealed prior to the court's ruling. Pending a determination by the Court, after the parties have complied with the discovery dispute resolution procedures, the material designated as Confidential shall be treated in accordance with the provisions of this Order.

(Docket No. 42 at ¶ 6.)

Defendant states that the parties have complied with the dispute resolution procedure set forth above, but that they have reached an impasse regarding the Disputed Information. (Docket No. 118 at 1–2.) Defendant further asserts that Plaintiff has indicated an intention to file the Disputed Information publicly "despite the grace period set forth in the Confidentiality Order." (*Id.* at 2; Docket No. 119 at 4 n.1.)[1]

To allow compliance with the summary motion briefing schedule and for resolution of the dispute described in Defendant's pending motion, the Court **ORDERS** as follows:

1. If Plaintiff intends to include any Disputed Information in support of his response in opposition to Defendant's motion for summary judgment or for any other purpose, Plaintiff

---

[1] Defendant has presented the Court with some argument as to the propriety of designating the Disputed Information as confidential. (Docket No. 119 at 4–6.) However, the Court is neither prepared to nor able to make this determination at this time. The Court will consider this question following Plaintiff's response to the pending motion and upon presentation of a motion to seal made in accordance with Local Rule 5.03 and as directed in this Order.

2

must file a motion to seal in compliance with Local Rule 5.03(b).[2] Defendant, as the party who designated the Disputed Information as confidential, will retain the burden of meeting the requirements set out in Local Rule 5.03(a).

2. If Plaintiff files a response that includes Disputed Information and for which he files a motion to seal in accordance with the preceding paragraph and Local Rule 5.03(a), he must also separately file a redacted version of the response as required by Local Rule 5.03(c).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The Agreed Confidentiality Order requires the party who desires to file information or documents as confidential to file a motion to seal in accordance with Local Rule 5.03. (Docket No. 42 at ¶ 7.) However, the Order does not contemplate the filing of a motion to seal by the party who is challenging the designation of information or documents as confidential. Nevertheless, Local Rule 5.03 does contemplate for such an occasion.