Costanzo, Emily 9/1/2023
For Educational Use Only

EXHIBIT
H

2021 WL 2292305
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Belinda Mary **GROOMS**, Plaintiff,
v.
**WALDEN** SECURITY and Toni Crocker, Defendants.

No. 3:21-cv-00363
|
Signed 06/03/2021

\*\*\* Start Section

...

**Attorneys and Law Firms**

Belinda Mary **Grooms**, Hermitage, TN, Pro Se.

## MEMORANDUM OPINION

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE

\*1 Plaintiff Belinda Mary **Grooms** filed a pro se Complaint against **Walden** Security and Toni Crocker under Title VII of the Civil Rights Act of 1964. (Doc. No. 1.) Plaintiff also filed an application to proceed as a pauper. (Doc. No. 2.) The case is before the Court for a ruling on the application and initial review of the Complaint.

### APPLICATION FOR LEAVE TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). According to the application, Plaintiff is a 71-year-old, married woman with some college education. (*See* Doc. No. 2.) Although Plaintiff has made a good faith effort to complete the application, the Court discerns from the information provided that Plaintiff's spouse segregates and keeps confidential his income and finances and declines to provide such...

\*\*\* Start Section

... allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

B. FACTUAL ALLEGATIONS

\*2 Liberally construing the Complaint, Plaintiff makes the following factual allegations. On June 27, 2018, Plaintiff began working as a security officer at **Walden** Security. (Doc. No. 1 at 4.) Plaintiff's religious faith is Seventh-day Adventist. (*Id*.) Plaintiff requested an accommodation of management so that she would not have to work on the Sabbath. (*Id*.) On July 15, 2019, **Walden** Security failed to accommodate Plaintiff and offered her only positions that required work on the Sabbath. (*Id*. at 4, 7.) On July 17, 2019, **Walden** Security human resources manager Toni Crocker terminated Plaintiff. (*Id*. at 5.) On the Separation Notice, **Walden** Security checked "quit" and wrote "voluntary resignation – refused available work." (*Id*.)

C. ANALYSIS

Liberally construed, the Complaint advances claims of religious discrimination based on failure to accommodate and termination. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of religion. *Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 692 (M.D. Tenn. 2020) (citing *Jiglov v. Hotel Peabody, G.P.*, 719 F. Supp. 2d 918, 927 (W.D. Tenn. 2010); 42 U.S.C. § 2000e-2(a)). The law broadly defines "religion" to mean "all aspects of religious observance and practice, as well as belief." *Id*. (citing 42 U.S.C. § 2000e-2(j)).

As an initial matter, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997); *see also Ingram v. Regano*, No. 1:19-cv-2926, 2021 WL 1214746, at \*9 (N.D. Ohio Mar. 31, 2021) (quoting *Delozier v. Bradley Cnty. Bd. of*

*Educ.*, 44 F. Supp. 3d 748, 766 (E.D. Tenn. 2014) ("Congress did not intend individuals to face liability under the [Title VII] definition of 'employer'"). The Complaint does not allege that Defendant Crocker, a Walden Security human resources employee, was Plaintiff's employer. Thus, Plaintiff's claims against Crocker must be dismissed. The Court now turns to claims against Walden Security.

To establish a prima facie claim of religious discrimination under Title VII based on circumstantial ("indirect") evidence,[1] Plaintiff must demonstrate that: (1) she was a member of a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for the position, and (4) she was replaced by a person outside of the protected class or was treated differently than similarly situated employees. *Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589, 594-97 (6th Cir. 2019) (citing *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007)). For a discrimination claim based on a failure to accommodate religion, Plaintiff must demonstrate that she: (1) holds a sincere religious belief that conflicts with an employment requirement; (2)...

*** Start Section

... F.3d 605, 609 (6th Cir. 2012) ("*Swierkiewicz*...reemphasized that the...use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements.")

Applying these pleading requirements, the Court concludes that Plaintiff has stated a colorable religious discrimination claim. The Complaint alleges that: Plaintiff is a Seventh-day Adventist; Plaintiff was, at least impliedly, qualified for her position; and Plaintiff was terminated because her religion precluded her from taking shifts on the Sabbath. Although Plaintiff does not identify her replacement, the Complaint implies that Plaintiff was removed in favor of employees willing to work on the Sabbath. Accordingly, Plaintiff has plausibly alleged that Walden Security engaged in religious discrimination prohibited by Title VII. This claim may proceed for factual development.

Plaintiff also has stated a colorable failure-to-accommodate religion claim. The Complaint alleges that: Plaintiff's belief in Seventh-day Adventism conflicted with an employment requirement; Plaintiff informed Walden Security and sought a religious accommodation; Walden Security refused the accommodation and only offered Plaintiff assignments that directly conflicted with her religious beliefs; and Walden Security fired Plaintiff when she would not accept those conflicting assignments, falsely portraying the firing as Plaintiff having "quit." The Complaint, therefore, provides an adequate factual basis for a plausible claim that Walden Security refused to accommodate Plaintiff's sincere religious belief. Accordingly, the failure-to-accommodate claim may proceed for factual development.

## CONCLUSION

For these reasons, the Court concludes that Plaintiff has stated colorable Title VII religious discrimination and failure-to-accommodate religion claims against Walden Security. All other claims will be dismissed with prejudice. Defendant Crocker will be dismissed from this action. This case will be referred to the Magistrate Judge for further case management.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

An appropriate Order will enter.

**All Citations**

Slip Copy, 2021 WL 2292305

**Footnotes**

1      As the Sixth Circuit has explained:

> A plaintiff may show discrimination by direct evidence, or a plaintiff lacking direct evidence of discrimination may succeed on a Title VII claim by presenting indirect evidence under the framework first set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802–03, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).
>
> To succeed under the *McDonnell Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by a preponderance of the evidence. This Court ha[s] held consistently that a plaintiff's burden of establishing a prima facie case is not an onerous one....Once the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Should the defendant do so, the plaintiff then must prove by a preponderance of the evidence that the stated reasons were a pretext for discrimination.

*Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606-07 (6th Cir. 2019) (citations and internal quotation marks omitted).

Notably, "direct evidence is evidence which, if believed, 'requires the conclusion that unlawful discrimination was at least a motivating factor.'" *Bartlik v. U.S. Dep't of Labor*, 73 F.3d 100, 103 n.5 (6th Cir. 1996) (quoting *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995)). "Consistent with this definition, direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003). When there is direct evidence, "the existence of unlawful discrimination is 'patent.'" *Id.* " 'Whatever the strength of the evidence, it is not "direct" evidence if [it] admits more than one plausible interpretation, and requires a significant inference or presumption on the part of the trier of fact." *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir.2005) (quoting *Norbuta v. Loctite Corp.,* 1 F. App'x 305, 313 (6th Cir. 2001)). If an inference is required to draw from the evidence the conclusion that an employer was animose against a protected class, then the evidence is not direct evidence. *Zivkovic v. Juniper Networks, Inc.*, 450 F. Supp. 2d 815, 825 (N.D. Ohio 2006).

Here, the Complaint suggests that Plaintiff would proceed under an indirect evidence theory, as she does not allege facts suggesting that she has evidence suggesting that unlawful discrimination was "patent" or could be found without drawing any inferences from the evidence. But as indicated below, Plaintiff is not locked into either theory at his point.

…