Costanzo, Emily 9/1/2023
For Educational Use Only

Owens v. City of New York Department of Education, Not Reported in Fed. Rptr. (2022)

EXHIBIT J

2022 WL 17844279
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Catherine **OWENS**, Plaintiff-appellant,
v.
**CITY** OF **NEW YORK** DEPARTMENT OF **EDUCATION**, Nadav Zeimer, Defendants-Appellees.

21-2875
|
December 22, 2022

\*\*\* Start Section
...

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

For Plaintiff-Appellant: Thomas Ricotta, White, Ricotta & Marks, P.C., Long Island City, NY.

For Defendants-Appellees: Chloe K. Moon, Assistant Corporation Counsel (Richard Dearing, MacKenzie Fillow on the brief), on behalf of Sylvia O. Hinds-Radix, Corporation Counsel of the **City** of **New York**, New York, NY.

Present: Debra Ann Livingston, Chief Judge, Barrington D. Parker, Michael H. Park, Circuit Judges.

**SUMMARY ORDER**

**\*1** Plaintiff-Appellant Catherine **Owens** ("**Owens**") appeals from an August 30, 2021, opinion and order of the district court granting in its entirety Defendants-Appellees' motion for summary judgment under Federal Rule of Civil Procedure 56(a). See *Owens v. City of N.Y. Dep't of Educ.*, No. 17-CV-519 (SHS), 2021 WL 3862974 (S.D.N.Y. Aug. 30, 2021). **Owens** alleges violations of Title VII, 42 U.S.C. § 2000e; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; 42 U.S.C. § 1983 ("Section 1983"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290; and the **New York City** Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, in connection with several allegedly adverse employment actions that she experienced as a teacher at Harlem Renaissance High School. She alleges she was the victim of discrimination on the basis of disability and religion, and that she was subject to a hostile work environment and retaliation after her complaints of discrimination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* a district court order granting a motion for summary judgment, and we draw all reasonable inferences and resolve all factual ambiguities in favor of the nonmoving party. See *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d...

\*\*\* Start Section
..., 90 (2d Cir. 2003).

**I. DISABILITY DISCRIMINATION CLAIM**

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. See *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020). The standard for a failure-to-accommodate claim is identical except that, "for the fourth factor, [she] must show by a preponderance of the evidence that [her] employer refused to make a reasonable accommodation." *Id.* The same elements are required for **Owens's** NYSHRL and the NYCHRL claims, except that the standard under the NYCHRL is "broader" and "the NYCHRL directs that the plaintiff's qualification for the position is not an element of a prima facie case." *Williams v. MTA Bus Co.*, 44 F.4th 115, 137 (2d Cir. 2022).

**\*2** Once a plaintiff makes out a *prima facie* case, the same familiar burden-shifting standard applies to each of **Owens's** claims as would apply in the Title VII context. See *Spiegel*

Costanzo, Emily 9/1/2023
For Educational Use Only

*v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). The defendant must proffer a legitimate, nondiscriminatory reason for its actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). The plaintiff must then establish that the defendant's proffered reasons were pretext for unlawful discrimination. *Id.*

Here, even assuming Owens has satisfied her burden under the first prong of the *McDonnell Douglas* test by establishing a *prima facie* case of discrimination, we conclude that she has failed to provide any evidence that the allegedly adverse actions taken against her were pretextual.[1] As detailed in the district court's thorough opinion, the record is replete with legitimate, nondiscriminatory reasons for the actions by Defendants-Appellees that Owens complains of, including her lateness, failure to sign into work, failure to submit lesson plans, failure to engage students, failure to conduct parental outreach, missed deadlines, and poor teaching evaluations. *See, e.g.*, A86, A134, A604-06, A615-17, A645-46, A656-58, A660-62, A676, A690, A702-07, A709-11, A721-22, A725-27, A981. Our cases require Owens to "point to evidence that reasonably supports a finding of prohibited discrimination." *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). She has failed to adduce any such evidence apart from stray, ambiguous remarks outside the statute of limitations and the fact that Defendant-Appellee Nadav Zeimer was aware of her alleged disabilities (attention deficit hyperactivity disorder ("ADHD") and hidradenitis suppurativa) for a period during which her performance problems persisted. A683-84. Given the overwhelming evidence of performance deficiencies predating that evidence (and continuing after), no reasonable jury could conclude on this record that it was "more likely than not that the employer's decision was motivated at least in part by discrimination." *Stratton v. Dep't for the Aging for City of New York*, 132 F.3d 869, 879 (2d Cir. 1997). And the same is true construing Owens's complaint as a failure to accommodate claim because, for substantially the reasons the district court has explained, she was never refused a reasonable accommodation. Accordingly, we AFFIRM the district court's grant of summary judgment on Owens's disability discrimination claims.

## II. RELIGIOUS DISCRIMINATION CLAIM

We also analyze Owens's Title VII, Section 1983, NYSHRL, and NYCHRL religious discrimination claims using the *McDonnell Douglas* burden-shifting test. *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016). Although this Court has not expressly set forth the elements of a "reverse" religious discrimination claim, we assume *arguendo* that Owens must show (1) that she was subjected to some adverse employment action; (2) that, at the time the employment action was taken, her job performance was satisfactory; and (3) there is some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow her employer's religious beliefs. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007); *Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1038 (10th Cir. 1993). Assuming *arguendo* that Owens has set forth a *prima facie* case, we construe the NYCHRL "more liberally" than its State and federal counterparts, interpreting it "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Makinen v. City of New York*, 857 F.3d 491, 495 (2d Cir. 2017).

**\*3** Owens alleges that she was discriminated against for repeatedly declining to attend training conferences administered by a company called Landmark, which Owens believes to be a "quasi-religious organization." A182. Again, for substantially the same reasons as explained by the district court, we conclude that Owens has failed to satisfy the third prong of the *McDonnell Douglas* test. Owens has failed to adduce evidence of inconsistencies in the Defendants-Appellees' account sufficient to give rise to an inference of pretext, and Owens has acknowledged many of her own performance problems or otherwise complained only of insufficient support. No reasonable jury could conclude that Owens's performance problems were a pretext for reverse religious discrimination. We therefore AFFIRM the district court's grant of summary judgment on Owens's religious discrimination claim.

\* \* \*

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 17844279

Costanzo, Emily 9/1/2023
For Educational Use Only

Owens v. City of New York Department of Education, Not Reported in Fed. Rptr. (2022)

## Footnotes

1   We consider only those allegedly adverse actions within the statutes of limitations as identified by the district court because Owens has waived any challenge to the district court's statute of limitations analysis on appeal. See *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

2   In particular, because the allegedly adverse actions Owens faced were never "severe and pervasive," *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002), or related to any "relevant characteristic," *Bilitch v. New York City Health & Hosps. Corp.*, 194 A.D.3d 999, 1003 (2d Dept 2021), we also affirm the district court's grant of summary judgment as to Owens's hostile work environment claim. Summary judgment was properly granted as to Owens's ADA, Title VII, Section 1983, and NYSHRL retaliation claims because Owens's extensive performance problems long predated any of her protected activity, so that no reasonable jury could conclude that any adverse action was connected to this activity. See *Gorzynski*, 596 F.3d at 110 (requiring a causal connection between engaging in protected activity and adverse employment action). And as to Owens's NYCHRL retaliation claim, this claim too fails in the absence of any causal connection between protected activity and some occurrence "reasonably likely to deter a person [from] engaging in" such activity. *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 (2d Cir. 2015).

---

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.

...