# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 <br> ) <br> ) District Judge Richardson |
| v. | ) <br> ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) <br> ) Jury Demand |
|     Defendant. | ) |

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Plaintiff, Brad Amos, by and through the undersigned counsel and pursuant to Local Rule 56.01(b), files this Statement of Additional Material Facts in support of its Response in Opposition to Defendant's Motion for Summary Judgment (Doc. #121).

1. In California, Mr. Amos made approximately $200,000 to $250,000 per year as a Creative Director. (Dep. of Amos at 84:8-12; 87:9-10).

2. In line with industry standards, every other year or so, Mr. Amos would informally apply to various positions to see if there would be a better fit for his family. (Dep. of Amos at 88:14-21; 90:15-24).

3. Mr. Amos was willing to relocate his family given "the right job" and if "everything lined up." (Dep. Of Amos at 120:23-24).

4. One of Defendant's recruiters reached out to Mr. Amos about a position they thought he'd be a good fit for. (Dep. of Amos at 85:23-86:8).

5. Defendant utilizes a lengthy interview process for applicants consisting of a ninety-day review period and includes multiple Zoom and in person

interviews, spousal interviews, and requires applicants submit personal finance and budget information. (Dep. of Amos at 89:24-90:4; Dep. of Johnson 17:9-13).

6. Defendant requires a "Final On-Site Interview and Spousal." (Dep. of Johnson at 33:24-25).

7. During a dinner hosted by Defendant, Mr. Amos made it clear that his belief system does not include taking things at face value nor adhering to a belief system blindly. (Dep. Of Amos at 246:15-21).

8. Mr. Amos' belief is that "we're driving the car" and should act with free will. (Dep. Of Amos at 246:22-25).

9. Mr. Amos' evaluation notes that he was "an extremely talented candidate that will need to be fast track re: contributing." (Dep. of Amos at 35:1-4).

10. Employees were expected to attend various religious affiliated activities, like weekly devotionals. (Dep. of Amos at 45:1-2; Dep. of Johnson at 63:20-23; Dep. of A. Lopez 10/25/22 at 245:8-9; 165:11-16).

11. All religious speakers were evangelical, Defendant never had priests, rabbis, or anybody from any other religions speak during devotionals. (Dep. of Amos at 56:19-24).

12. Other religious affiliated extracurriculars were expected of employees like volunteer work at churches and bible journaling. (Dep. Of Amos at 193:10-15).

13. Another employment requirement was attendance at weekly staff meetings.

(Dep. of Amos at 44:15-18; Dep. of Johnson at 61:7-9; Dep. of A. Lopez 10/25/22 at 165:11-16).

14. Staff meetings would always end with a closing prayer. (Dep. of Johnson at 61:13-23).

15. Employees were required to complete weekly reports about their job and personal life. (Dep. of Amos at 74:10-16; Dep. of Johnson at 72:9-10).

16. Weekly reports were a general form and employees would fill in their highs and lows for the week, stressors they were experiencing, comments on their workload, and anything else they'd like to share. (Dep. of Johnson at 71:7-13).

17. Employees submitted these reports to their immediate supervisor. (Dep. of Amos 74:22-23; Dep. of Johnson at 71:17-18).

18. Employees were told not to look things up on the internet about Mr. Ramsey. (Dep. Of Amos at 63:2-17).

19. Mr. Ramsey would bring a PowerPoint presentation to staff meetings with negative articles on the internet where he would dissect them and interpret them for the staff. (Dep. Of Amos 65:10-15).

20. On one occasion, Suzanne Sims, a board member for Defendant, spoke during an employee meeting with the goal of finding people who were "Dave-ish". (Dep. Of Amos at 55: 1-3; 56:4-17).

21. Defendant held a rally to root out these "Dave-ish" people for termination; this statement received a standing ovation at the rally. (Dep. Of Amos at

55:13-17).

22. Plaintiff never received a write up during his time at Lampo and received rave reviews from his employers. (Dep. Of Amos at 69:17-70:14; 77:21-78:15).

23. On one occasion, his supervisor, Luke LeFevre, told Mr. Amos he was "killing it" and doing "a great job". (Dep. Of Amos at 136:10-13).

24. Defendant's code name for Mr. Amos was the "big fish." (Dep. Of Amos at 203:21-22).

25. March 16, Defendant gathered Mr. Amos and approximately 900 other employees for a presentation about Covid-19. (Dep. of Amos at 293:8-25).

26. During this meeting employees were encouraged to "take a breath" and "chill out because everybody [was] losing their freaking minds" and to pray. (Dep. of Amos at 293:18-25).

27. Following this presentation, Mr. Amos' supervisor reinforced this message with his team stating, "We could all use a good prayer, and I think that's going to see us through." (Dep. of Amos at 294:1-6).

28. After mocking this anonymous employee for reporting them, Mr. Ramsey told staff that the CDC would "not do a damn thing." (Dep. of Amos at 295:15-19).

29. Mr. Amos noticed other coworkers and members of management comment about or stare at him for implementing Covid precautions like wearing a mask or social distancing. (Dep. of Amos at 295:21-297:2).

30. Mr. Amos was told he had been on-boarded incorrectly when hired and needed to begin "re-onboarding sessions." (Dep. of Amos at 191:2-9).

31. During these "re-onboarding meetings" Ms. Johnson would ask Mr. Amos his thoughts on Mr. Ramsey's rants, specifically the rants about employees who had sued the company for disagreeing with Mr. Ramsey's policies. (Dep. Of Amos at 52:1-20).

                Respectfully submitted,

                <u>/s/ *Lauren Irwin*</u>
                *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that, on September 1, 2023, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002) BARTON LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendant*

/s/ *Lauren Irwin*