UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 <br> ) <br> ) District Judge Richardson |
| v. | ) <br> ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) <br> ) Jury Demand |
|     Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RESOLUTION OF DISPUTE UNDER THE AGREED CONFIDENTIALITY ORDER**

Plaintiff, Brad Amos, by and through undersigned counsel and pursuant with Local Rule 7.01(b), files this Response to Defendant's Motion for Resolution of Dispute Under the Agreed Confidentiality Order (Doc. #42) ("Confidentiality Order").

**I.    Procedural Background**

On July 6, 2022, the Court entered the parties Agreed Confidentiality with a few provisions added by the court *sua sponte*. Paragraph 2, 3(c), and 6 of the aforementioned order states:

> "2.    Any party may, upon good faith belief <u>*that the material meets the standard for a protective order under the Federal Rules of Civil Procedure*</u>, may designate any document as confidential pursuant to the procedures and requirements set out by this agreed order. A party's designation of material as Confidential shall not be construed as a determination by or binding on the Court for any purposes.
>
> 3 (c).   Portions of deposition testimony may be designated as Confidential by (i) identifying and designating the portion of the testimony on the record during the deposition or (ii) <u>*after receipt of the deposition transcript, providing a Confidentiality Log to the other parties that identifies and designates the testimony.*</u>

6. ***The parties will resolve any disagreements regarding the designation of information or documents as Confidential pursuant to the Court's procedures for discovery disputes***. To facilitate resolution, if a party feels the document does not meet the standard for a protective order under the Federal Rules of Civil Procedure they may dispute marking the document as confidential by notifying the party seeking the confidentiality marking within 14 days of the designation. A party will act in good faith in claiming the document should not be marked as confidential. ***The party seeking the confidential marking bears the burden of showing it is entitled to such protection under the Federal Rules of Civil Procedure.*** A party shall treat a designated document or deposition testimony as Confidential and shall not file it with the court ***until 14 days*** after they inform the party seeking the designation that they disagree with the designation (grace period). ***If the party who seeks the Confidential designation seeks a judicial determination in accordance with the discovery dispute resolution procedures within the grace period***, the parties will treat the document as Confidential and will not file said document unsealed prior to the court's ruling. Pending a determination by the Court, after the parties have complied with the discovery dispute resolution procedures, the material designated as Confidential shall be treated in accordance with the provisions of this Order. (Doc. #42) (emphasis added, portions of the order stricken by the court have been removed)."

## II.     Factual Background

On June 15th, 2023 a revised confidentiality log for the deposition of Mr. Luke LeFevre was sent to Plaintiff by Defendant. Plaintiff responded notifying Defendant two topics designated in the log did not meet the standard for a protective order under the Federal Rules of Civil Procedure. A few days later, Plaintiff received confidentiality logs for David DiCicco and JB Waggoner. Again, Plaintiff responded stating certain items did not meet the standard for a protective order under the rules.

On July 13, Defendant's counsel asked Plaintiff's counsel to agree to extend the grace period for Mr. LeFevre until 21 days for ease of the parties addressing all disputed confidential designations at once. Plaintiff's counsel agreed to this extension, contingent on Defendant's counsel providing the reasoning as to why the markings need to be designated as confidential. After this, Plaintiff also received a confidentiality log for Mr. Galloway's deposition, Mr. Lopez'

deposition (both personal and as a 30(b)(6) witness), and Mr. Ramsey's deposition. Plaintiff responded stating certain items did not meet the standard required under the rules.

Plaintiff requested several times for an explanation from Defendant why the items identified in the confidentiality log would meet the standard for a protective order under the rules. Relevant portions of the correspondence included:

- July 13—Plaintiff: "I'd just ask you let me know as soon as possible and before we meet why you think the designations meet the standard for a protective order so our meeting will not be a waste of time." (Ex. A, pg. 4).
- July 13— Defendant: "Yes – we'll send one list addressing each of them. Thanks." (Ex. A, pg. 3).
- July 27—Plaintiff: "I will also need to know the rationale and legal argument behind your designations before we meet, or the meeting will not be in good faith as required by the court." (Ex. A, pg. 1-2).
- July 27—Defendant: "I'll…provide a rationale by Monday evening." (Ex. A, pg. 1).
- August 1—Plaintiff: "I didn't get your reasoning for why these deposition portions should remain confidential as promised." (Ex. B, pg. 11-12).
- August 2—Defendant: "We gave you justification in the original designations."[1] (Ex. B, pg. 11).

Lead counsel for the parties met on August 3, 2023 at the office of the Plaintiff's attorney. At the meeting, counsel for the Defendant stated she was not prepared to discuss each item

---

[1] Ex. C- Confidentiality Logs- These logs clearly do not show the rationale for marking them as confidential.

contained in the confidentiality logs one by one; instead providing very broad statements which may or may not apply to each of the items identified.

Defendant listed five general reasons for marking portions of the depositions as confidential: (1) the testimony related to an exhibit that had been marked "confidential" and not challenged by the Plaintiff, (2) the testimony revealed third-party personnel information, (3) the testimony related to a pending lawsuit and revealed information that had been sealed in that lawsuit, (4) the testimony revealed confidential business information with no relevance to the case, and/or (5) the parties had already previously agreed to keep the information confidential. Defendant did not state which of these 5 reasons applied to any particular item contained in the confidentiality log.

In sum, there were 67 separate items marked in these confidentiality logs. To date, Defendant has not presented Plaintiff with any explanation for each particular item beyond identifying 5 very general reasons and saying "one of these may apply." The confidentiality logs themselves provide no reasoning or rationale as to why they would be entitled to a protective order under the Rules of Civil Procedure.[2] Defendant has not sent Plaintiff any correspondence providing any reason or rationale for each item subsequent to their face to face meeting.

Defendant clearly bears the burden to show an item would be entitled to protection under the rules; it is not up to the Plaintiff to try and guess which of these 5 broad reasons Defendant may claim for each particular statement and respond accordingly.

### III. "The Grace Period" in the Agreed Protective Order

Per the Confidentiality Order, after receiving notice of a party's opposition to a confidential marking, the designating party has a 14-day grace period to file for a protective

---

[2] Ex. C

order. The party seeking the confidential marking bears the burden of showing it is entitled to such protection under the Federal Rules of Civil Procedure.

Defendant has both failed to meet their burden of showing they are entitled to confidentiality and failed to file for a protective order in a timely manner. In good faith, Plaintiff agreed to extend the grace period until the parties met face to face. However as stated previously, that meeting was 41 days ago and still no Motion for Protective Order has been filed. Plaintiffs last email to Defendant on this matter trying to decipher which of these 5 broad claims applies to each item was sent on August 22, 2023; this was 21 days ago. Defendant still has not responded with their reasoning or rationale. (Ex. B, pg. 1-8). Perhaps if Defendant would provide their rationale for each item- this discovery dispute could at a minimum be reduced to a smaller number of items. Plaintiff has done everything they could possibly do to get Defendant to comply with these procedures yet they refuse to do so.

Defendant is welcome to file for a protective order once they have complied with the dispute resolution procedure set forth above, however as set out above, to date they have not. For Defendant to file for a protective order, a joint statement by the parties regarding the actual dispute must be filed prior to any discovery motion being considered (Doc. #67); Defendant has made no attempt to draft such a statement despite the burden being on them to do so. Since Defendant was unable to identify specific reasons for each item listed on the confidentiality logs at the face to face meeting; it is arguable whether a "good faith" face to face meeting was held. Plaintiff has been discussing this issue with Defendant now for months; yet Defendant waited until 3 days before Plaintiff was to file their response to Defendant's Motion for Summary Judgment before taking any action whatsoever.

The grace period identified in the confidentiality order has long passed, Defendant has not complied with the court's dispute resolution process set out in local rules and previous orders of this court, and Defendant has not filed for a protective order in accordance with the local rules.

Defendant is welcome to complete the court's dispute resolution process and file for a protective order under the rules; however as of now there is no reason for any part of these depositions to be marked confidential.

Respectfully submitted,

/s/ *Jonathan Street*
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that, on September 12, 2023, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002) BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendant*

/s/ *Jonathan Street*