**Subject:** FW: Confidential markings for Depositions.
**Date:** Friday, September 8, 2023 at 2:15:32 PM Central Daylight Time
**From:** Jonathan Street
**To:** Emily
**Attachments:** image001.png

EXHIBIT

B

**Jonathan A. Street | Managing Partner**
**Employment & Consumer Law Group**

1720 West End. Ave, Ste 402, Nashville, TN 37203
Ph: (615) 850-0632   Fax: (866) 578-6038
www.eclaw.com

**From:** Jonathan Street <street@eclaw.com>
**Date:** Tuesday, August 22, 2023 at 11:22 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>, Daniel Crowell <dcrowell@bartonesq.com>,
Emily <emily@eclaw.com>
**Subject:** Confidential markings for Depositions.

Leslie,

During our meeting on August 8th, we discussed the confidential logs provided and your 5 main arguments for why you believe a protective order is warranted. Below we review the reasons you've offered and how they may or may not apply to testimony alleged as confidential.

**Deposition of Luke Lefevre:**
1. Mr. Lefevre's testimony does not contain any personal employee information warranting a protective order.  A protective order may be appropriate to protect the privacy of nonparty personnel files. *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 365 (6th Cir.1999). Personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims. (Id.; *see*: Material normally found in a personnel file includes salary, insurance, health, Social Security numbers, and family information. *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)). Here, no personal information of any employee is included in the testimony or exhibit. On the contrary, the testimony discusses the Plaintiff's wife, making it his private information.
2. Mr. Lefevre's testimony merely discusses the name and position of Defendant employees. This information would not warrant a protective order because it does not contain any

highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

3. Mr. Lefevre's testimony merely discusses the name and position of Defendant employees. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

4. Mr. Lefevre's testimony regarding O'Connor's termination does not warrant a protective order. O'Connor's termination is relevant to the Plaintiff's claims and establishing Defendant's treatment of employees. In Hill, the court allowed discovery of employee personnel files of other employees managed by the plaintiff's same supervisor to determine how he evaluated and treated them. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001). The court held that other employee's privacy interests would be adequately protected by excluding from production any unlisted addresses and telephone numbers, marital status, wage information, medical information, and credit history. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001).

5. Mr. Lefevre's testimony does not identify an employee by name nor contain any confidential personnel information. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

**Deposition of David DiCicco:**
1. Plaintiff agrees the testimony is confidential.
2. Plaintiff agrees the testimony is confidential.
3. Plaintiff agrees the testimony is confidential.
4. Mr. DiCicco's testimony only contains the name of Defendant employees. Plaintiff's spouse is the only spouse identified by name. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

5. Mr. DiCicco's testimony contains the name and position of one Defendant employee. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

6. Mr. DiCicco's testimony discusses an email about Plaintiff's job performance. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

7. Mr. DiCicco's testimony discusses of informal "teams" communications with Plaintiff about his job duties. This information would not warrant a protective order because it does

not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

8. Mr. DiCicco's testimony is about a company-wide email regarding employees' ability to work from home. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

## Deposition of JB Waggoner:

1. Plaintiff agrees the testimony is confidential.
2. Plaintiff agrees the testimony is confidential.
3. Plaintiff agrees the testimony is confidential.
4. Mr. Waggoner's testimony includes the name and position of an employee of Defendant. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
5. Plaintiff agrees the testimony is confidential.
6. Mr. Waggoner's testimony includes the name and position of two employees of Defendant. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
7. Mr. Waggoner's testimony discusses an email sent between himself and Plaintiff about Plaintiff's job performance and would be relevant to Plaintiff's claims. Additionally, this information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
8. Mr. Waggoner's testimony includes the name of a former employee of Defendant. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
9. I believe this is the one you said you would agree is not confidential.
10. Improper cite—only cites page 116 line 20 which is one word "voluntarily," the stuff about childcare is in the lines above.

## Deposition of Jack Galloway:

1. Plaintiff agrees the testimony is confidential.
2. Plaintiff agrees the testimony is confidential.
3. Plaintiff agrees the testimony is confidential.
4. Mr. Galloway's testimony does not contain any personal and/or private employee information warranting a protective order.
5. Mr. Galloway's testimony regarding Mr. Hogan does not warrant a protective order. The testimony is relevant to the Plaintiff's claims and establishing Defendant's treatment of

other employees. In Hill, the court allowed discovery of employee personnel files of other employees managed by the plaintiff's same supervisor to determine how he evaluated and treated them. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001). The court held that other employee's privacy interests would be adequately protected by excluding from production any unlisted addresses and telephone numbers, marital status, wage information, medical information, and credit history. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001).

### Deposition of Dave Ramsey:

1. Plaintiff agrees the testimony is confidential.
2. Mr. Ramsey's testimony does not warrant a protective order. Discussion of the ownership structure of the Lampo Group would not be considered information that "goes to the heart of [defendants] business." *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021). This is not the type of confidential business communications the court seeks to protect.
3. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
4. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
5. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
6. Mr. Ramsey's testimony identifying Jon Fulk would be insufficient to warrant a protective order. This information would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
7. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
8. Defendant fails to show good cause for a protective order over Mr. Ramsey's testimony. Defendant has not made a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," as to why the testimony requires a protective

order. (*Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004)).

9. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

10. Mr. Ramsey's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

11. Defendant fails to show good cause for a protective order over Mr. Ramsey's testimony. Defendant has not made a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," as to why the testimony requires a protective order. (*Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004)).

12. Defendant fails to show good cause for a protective order over Mr. Ramsey's testimony. Defendant has not made a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," as to why the testimony requires a protective order. (*Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004)).

13. The fact that the parties agreed to make the testimony confidential during Mr. Ramsey's deposition, is not dispositive of the testimony warranting a protective order. (Although parties may maintain discovery materials in confidence, the actual filing of documents— which implicates the interests of the public in unencumbered access to court proceedings —should not routinely be made under seal. (*Tarazi v. Oshry,* No. 2:10-CV-793, 2011 WL 3608119, at *3 (S.D. Ohio Aug. 1)).

14. Defendant fails to show good cause for a protective order over Mr. Ramsey's testimony. Defendant has not made a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," as to why the testimony requires a protective order. (*Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004)).

**Deposition of Armando Lopez:**
1. Plaintiff agrees the testimony is confidential.
2. Plaintiff agrees the testimony is confidential.
3. Mr. Lopez's testimony does not warrant a protective order. Discussion of the ownership structure of the Lampo Group would not be considered information that "goes to the heart of [defendants] business." *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021). This is not the type of confidential business communications the court seeks to protect.
4. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
5. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

6. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).

**Second Deposition of Armando Lopez:**

1. Cite doesn't make sense.
2. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
3. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
4. Mr. Lopez's testimony does not warrant a protective order. The testimony is relevant to the Plaintiff's claims and establishing Defendant's treatment of employees. In Hill, the court allowed discovery of employee personnel files of other employees managed by the plaintiff's same supervisor to determine how he evaluated and treated them. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001). The court held that other employee's privacy interests would be adequately protected by excluding from production any unlisted addresses and telephone numbers, marital status, wage information, medical information, and credit history. *Hill v. Motel 6,* 205 F.R.D. 490, 496 (S.D. Ohio 2001).
5. Mr. Lopez's testimony would not warrant a protective order because it does not contain any highly personal information courts seek to protect. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020)).
6. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021).
7. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
8. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).
9. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,*

No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

10. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

11. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

12. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

13. Defendant fails to show good cause for a protective order over Mr. Lopez's testimony. Defendant has not made a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," as to why the testimony requires a protective order. (*Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)).

14. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

15. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

16. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

17. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

18. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,* No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

19. Mr. Lopez's testimony does not include any personal and/or private employee information nor does it contain any confidential business information warranting a protective order. (*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359 (6th Cir.1999); *Murray v. City of Warren,*

No. 19-13010, 2020 WL 4783297 (E.D. Mich. Aug. 17, 2020); *Smith v. FirstEnergy Corp.,* No. 2:20-CV-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021)).

With providing you this, we feel the period for grace period is over under the agreed protective order and are should no longer be required to be field under seal.

Please let me know if you wish to discuss further. Thank you

Jon

Jonathan A. Street
Employment & Consumer Law Group

1720 West End Ave, Ste 402
Nashville, TN 37203
Ph: (615) 850-0632
Fax: (866) 578-6038
Email: street@eclaw.com

---

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Date:** Wednesday, August 2, 2023 at 1:36 PM
**To:** Jonathan Street <street@eclaw.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>, Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Meeting tomorrow

Works for me. Thanks.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard



---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Wednesday, August 2, 2023 12:35 PM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Meeting tomorrow

Leslie-

I'm not going to spend money on a court reporter for something you guys bear the burden for. So I'm just going to record the meeting myself and send it to have it transcribed if necessary. I will gladly send you a copy of the recording after the meeting or you can record it yourself or hire your own court reporter.

For the record- not arguing here. Just letting you know in case you want to get your own court reporter.

Thanks. See you tomorrow.

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

---

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Wednesday, August 2, 2023 11:55:17 AM
**To:** Jonathan Street <street@eclaw.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Meeting tomorrow

You can get it this time.


**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard



---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Wednesday, August 2, 2023 11:54 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Meeting tomorrow

Ok. Let me know if you are bringing the court reporter or if we will need to get one.

Thanks

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

---

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Wednesday, August 2, 2023 11:53:04 AM
**To:** Jonathan Street <street@eclaw.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Meeting tomorrow

I will review the rules and the confidentiality order yet again and determine if additional justification is required. I'm not arguing with you over email any more – those days are over. I will see you tomorrow at 1:30.


**Leslie Goff Sanders**

Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard



---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Wednesday, August 2, 2023 11:35 AM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** Re: Meeting tomorrow

Simply putting something on a piece of paper does not mean it meets the standards under the rules.

Under the agreed protective order you bear the burden of showing it is entitled to a protective order under the rules of civil procedure and relevant case law.

Meeting with us without explaining prior to the meeting as to how each portion separately and specifically meets this burden is not a meeting in good faith and any application for a protective order should be denied for that reason alone.

We agreed in an email to have the designations made within 14 days of receipt of the deposition. You failed to do so. As such, we will treat the deposition as if it has never been marked confidential and therefore no grace period is required.

I can meet you Thursday at 1:30. But we won't consider it a good faith meeting if it is simply something you are doing to check it off a list rather than genuinely resolve a discovery dispute.

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

---

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Wednesday, August 2, 2023 11:15:05 AM
**To:** Jonathan Street <street@eclaw.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>; Daniel Crowell <dcrowell@bartonesq.com>
**Subject:** RE: Meeting tomorrow

We gave you justification in the original designations. I reviewed them to make sure there were justifications on all of them and there are. I did not agree to change the rules or veer from the Confidentiality Order only with respect to Ramsey. The Confidentiality Order does not require 14 days. I agreed we would get it resolved within 14 days of receipt of the last deposition transcript to make sure it was before the Court before your SJ response brief was due. I have a full schedule tomorrow but could be in your office around 1:30 if that works for you. Please confirm.

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard



---

**From:** Jonathan Street <street@eclaw.com>
**Sent:** Tuesday, August 1, 2023 6:20 PM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>
**Subject:** Re: Meeting tomorrow

Leslie-

Thursday will work- I didn't get your reasoning for why these depositon portions should remain confidential as promised by yesterday as promised.

Please provide the reasoning by tomorrow.

Also- just a heads up- I did not receive your identification of the portions of the Ramsey deposition you feel are confidential within 14 days. The parties agreed this would be the process.

As such, We not consider your designations timely and defendants have waived any right to claim it confidential under the agreement at all. Therefore no grace period on that one is required.

As stated previously, we don't consider anything in that deposition meets the standard for a confidentiality order regardless.

I tell you this in advance in good faith so you can try to convince me otherwise on Thursday should you wish to file for any protective order on that particular deposition.

Thanks

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**From:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Sent:** Monday, July 31, 2023 2:34:37 PM
**To:** Jonathan Street <street@eclaw.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>
**Subject:** Re: Meeting tomorrow

That's awful! Yes, Wednesday or Thursday is better for me. Thanks

**Leslie Goff Sanders**
Nashville Managing Partner
Barton LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Tel: 615-340-6790 | Direct Dial: 615-340-6793
lsanders@bartonesq.com | www.bartonesq.com | bio | vcard



**From:** Jonathan Street <street@eclaw.com>
**Sent:** Monday, July 31, 2023 2:33:42 PM
**To:** Leslie Goff Sanders <lsanders@bartonesq.com>
**Cc:** Lauren Irwin <lauren@eclaw.com>
**Subject:** Meeting tomorrow

Leslie-

The air conditioning in our office is out and as you can imagine it's pretty miserable.

Could we move our meeting until Wednesday or Thursday? I will be in town both days now.

Jon

Jonathan A. Street
Managing Partner
The Employment and Consumer Group
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.**

**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.**

**This email was originated outside of Barton LLP.**

**Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient**

of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.

This email was originated outside of Barton LLP.

Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.

This email was originated outside of Barton LLP.

Barton LLP puts security of the firm at a high priority. Therefore, we have put efforts into ensuring that this message is error and virus-free. Unfortunately, full security of the email cannot be ensured as, despite our efforts, the data included in emails could be infected, intercepted, or corrupted. Therefore, we ask that you vigilantly check emails for correct email addresses, and to check with IT if you are unsure about an attachment. The recipient of this email is responsible for reviewing its content and sender to protect Barton LLP from any possible security threat.