# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Holmes |
| | ) |
| Defendant. | ) Jury Demand |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SEAL ITS RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Defendant, The Lampo Group, LLC ("Lampo"), by and through the undersigned counsel and pursuant to Local Rule 7.01, files this Memorandum in Support of its Motion to Seal its Response to Plaintiff's Motion to Seal (Doc. #128).

## Overview

Plaintiff claims that Lampo terminated his employment because he disagreed with the company's approach to COVID-19. In the depositions of Company witnesses, Plaintiff asked questions about private matters completely unrelated to this case including personnel information of non-parties (including reasons for separation from employment and medical information) and opinions on controversial subjects that have nothing to do with COVID-19 or Plaintiff's case. Basically, this lawsuit has become a platform for exposing non-party's private information and the opinions of innocent third parties. Defendant filed a Motion to Seal its Response to Plaintiff's Motion for Leave to Seal so that Defendant could explain its reasons for requesting the Court to seal its Response.

## Legal Standard

In *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016), the Sixth Circuit required litigants seeking to seal documents to provide "compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 207 (quoting *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. June 7, 2016).

In order to meet the standard in *Beauchamp*, Defendant has identified in its Response to Plaintiff's Motion to Seal the portions of transcripts and exhibits that should be sealed. Defendant has also included in detail the specific reasons that the information should be sealed. Defendant's response brief necessarily includes the very information it seeks to seal. For this reason, Defendant requests the Court to seal its Response to Plaintiff's Motion to Seal.

In *Nixon v. Warner Communications*, the Supreme Court explained that courts have supervisory power over their own records and files. As the Sixth Circuit noted in *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 473-474 (6th Cir. 1983), the "long-established legal tradition is the presumptive right of the public to inspect and copy judicial documents. Citing *Nixon*, the Sixth Circuit explained that there are important exceptions that limit the public's right of access to judicial records:

> [T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case."

> Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Id.* at 474 (quoting *Nixon* at 1312 (citations omitted)). The Sixth Circuit concluded that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *Id.* at 474.

In the same year that the Sixth Circuit issued its opinion in *Knoxville News-Sentinel*, it addressed a similar issue in *Brown & Williamson Tobacco Corp v. FTC,* 710 F.2d 1165 (6th Cir. 1983). The information in question in *Knoxville News-Sentinel* involved banking records of non-parties. The information in *Brown & Willamson* involved the FTC's administrative file related to the tar and nicotine content of the big five tobacco companies at that time.

The Sixth Circuit's distinction of the two cases is instructive in the case before this Court. First, the Sixth Circuit in *Brown & Williamson* held that court records could not be sealed simply because the information would harm the company's reputation or business prominence. By contrast, the records in question in *Knoxville News-Sentinel* related to the reputations of third parties who had a justifiable expectation of privacy. (*Id.* at 477). In the case at bar, Section 1 of Defendant's Response relates entirely to the personal opinions of a non-party or the reasons for termination of a non-party employee and the details surrounding the termination all of which are third parties with a justifiable expectation of privacy to this very personal information. Even Plaintiff has recognized this expectation of privacy.

Second, the Sixth Circuit in *Brown & Williamson* held that the information in question favored disclosure because the subject being litigated potentially involved the health of citizens with an interest in knowing the tar and nicotine content of cigarettes on the market. By contrast,

3

the information in *Knoxville New-Sentinel* advanced no public interest that outweighed the competing interests of privacy of the non-parties. (*Id.* at 477-478 *citing Nixon* at 598).

In the current case, there is no public interest in the private lives of non-parties or the personal opinions of non-parties on controversial social issues or unrelated lawsuits against Defendant. The press has demonstrated an interest in attempting to expose the Company for its moral stance. A handful of other ex-employees and spouses of ex-employees have an interest in criticizing the Company in blogs and on social media. But the public at large has no interest in the personal lives or opinions of non-parties. If such matters are made public in the course of this lawsuit, the privacy of the non-parties is threatened and compromised. Thus, Defendant is adamantly making every effort to protect the information and ultimately, the reputation of these non-parties.

Courts have also recognized the need to seal information that is not otherwise public in order to protect a non-party's identity or identifying information when there is no discernable public value in maintaining the information in the record. *See Walsh v. Doner Int'l Ltd.*, 2020 BL 298130 (E.D. Mich. Aug. 07, 2020) (holding that while names of customers would not be redacted, birthdates of customers would be redacted). This Court recently found that the public has no interest in "the names, addresses, or contact information of any third parties, nor does the public have an interest in accessing other information that is unrelated to the case and could serve to identify or embarrass third parties." *O'Connor v. Lampo Grp.*, No. 3:20-CV-00628, 2022 WL 3569588, at *2 (M.D. Tenn. Aug. 18, 2022). In order for Defendant to explain its reasoning for requesting the Court to seal the information in question, Defendant had to disclose the very information it seeks to protect.

4

Case 3:21-cv-00923   Document 129   Filed 09/15/23   Page 4 of 6 PageID #: 4062

## Conclusion

If Defendant's Response to Plaintiff's Motion for Leave to File Document Under Seal (Doc. # 130) is not sealed, then the very information it seeks to protect will be disclosed to the public. For the reasons set forth in Defendant's Motion to Seal (Doc. #128) and this Memorandum, Defendant requests the Court to seal its Response to Plaintiff's Motion for Leave to Seal (Doc. #130). In the alternative, if the Court denies Defendant's Motion to Seal the response in its entirety, Defendant requests that the Court give Defendant leave to prepare a redacted version of the Response protecting the identity of the non-parties.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street, Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

## CERTIFICATE OF SERVICE

I certify that, on September 15, 2023, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*