UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Holmes |
|     Defendant. | ) Jury Demand |

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S STATEMENT OF
ADDITIONAL MATERIAL FACTS**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Local Rule 56.01(b), files this Response to Plaintiff's Statement of Additional Material Facts (Doc. #123). While in many cases, the evidence contradicts Plaintiff's assertions, Defendant accepts the facts as characterized by Plaintiff in his Statement of Additional Material Facts as true solely to show that summary judgment is still appropriate even with Plaintiff's version of the facts.

1. In California, Mr. Amos made approximately $200,000 to $250,000 per year as a Creative Director. (Dep. of Amos at 84:8-12; 87:9-10).

   RESPONSE: Admitted for purposes of summary judgment only.

2. In line with industry standards, every other year or so, Mr. Amos would informally apply to various positions to see if there would be a better fit for his family. (Dep. of Amos at 88:14-21; 90:15-24).

   RESPONSE: Admitted for purpose of summary judgment only.

3. Mr. Amos was willing to relocate his family given "the right job" and if "everything

lined up." (Dep. Of Amos at 120:23-24).

    RESPONSE: Admitted for purposes of summary judgment only.

4. One of Defendant's recruiters reached out to Mr. Amos about a position they thought he'd be a good fit for. (Dep. of Amos at 85:23-86:8).

    RESPONSE: Admitted for purposes of summary judgment only. The recruiter in question reached out to Mr. Amos after he had applied for a position with Defendant and had been rejected. (Dep. of Amos at 85:23-25).

5. Defendant utilizes a lengthy interview process for applicants consisting of a ninety-day review period and includes multiple Zoom and in person interviews, spousal interviews, and requires applicants submit personal finance and budget information. (Dep. of Amos at 89:24-90:4; Dep. of Johnson 17:9-13).

    RESPONSE: Admitted for purposes of summary judgment only.

6. Defendant requires a "Final On-Site Interview and Spousal." (Dep. of Johnson at 33:24-25).

    RESPONSE: Although the testimony cited does not support the factual allegation and it is not material, Defendant admits that there was an on-site interview and a spousal dinner with Plaintiff when he applied for employment.

7. During a dinner hosted by Defendant, Mr. Amos made it clear that his belief system does not include taking things at face value nor adhering to a belief system blindly. (Dep. Of Amos at 246:15-21).

    RESPONSE: Admitted for purposes of summary judgment only.

8. Mr. Amos' belief is that "we're driving the car" and should act with free will. (Dep.

Of Amos at 246:22-25).

RESPONSE: Admitted.

9. Mr. Amos' evaluation notes that he was "an extremely talented candidate that will need to be fast track re: contributing." (Dep. of Amos at 35:1-4).

RESPONSE: The cite does not support the allegation. The allegation should not be considered a disputed material fact as it is neither supported by testimony nor is it material to the case.

10. Employees were expected to attend various religious affiliated activities, like weekly devotionals. (Dep. of Amos at 45:1-2; Dep. of Johnson at 63:20- 23; Dep. of A. Lopez 10/25/22 at 245:8-9; 165:11-16).

RESPONSE: Admitted that employees of Defendant attend weekly devotionals. Although Defendant did not testify that employee attendance was required, Defendant will accept Plaintiff's version for purposes of summary judgment only. The remaining allegations are denied as they are not supported by the testimony cited.

11. All religious speakers were evangelical, Defendant never had priests, rabbis, or anybody from any other religions speak during devotionals. (Dep. of Amos at 56:19-24).

RESPONSE: While Plaintiff's testimony was refuted by Company witnesses, Defendant accepts Plaintiff's version for purposes of summary judgment only and further avers that this asserted fact is not material to any of Plaintiff's claims.

12. Other religious affiliated extracurriculars were expected of employees like volunteer work at churches and bible journaling. (Dep. Of Amos at 193:10- 15).

RESPONSE: Admitted for purposes of summary judgment only. Plaintiff further testified

that he did not participate in any volunteer work at a church while employed by Defendant (Dep. of Amos at 193:9-15).

13. Another employment requirement was attendance at weekly staff meetings. (Dep. of Amos at 44:15-18; Dep. of Johnson at 61:7-9; Dep. of A. Lopez 10/25/22 at 165:11-16).

RESPONSE: Admitted.

14. Staff meetings would always end with a closing prayer. (Dep. of Johnson at 61:13-23).

RESPONSE: The testimony cited does not support the proposition that *all* staff meetings end in prayer. Nevertheless, for purpose of summary judgment, Defendant admits this statement.

15. Employees were required to complete weekly reports about their job and personal life. (Dep. of Amos at 74:10-16; Dep. of Johnson at 72:9-10).

RESPONSE: Lara Johnson specifically denied that the weekly reports asked for personal information (Dep. of Johnson at 72:6-8). Nevertheless, for purposes of summary judgment only, Defendant accepts Plaintiff's testimony that the weekly reports asked "how things are going in your job, or your day and your life." (Dep. of Amos at 74:12-14).

16. Weekly reports were a general form and employees would fill in their highs and lows for the week, stressors they were experiencing, comments on their workload, and anything else they'd like to share. (Dep. of Johnson at 71:7- 13).

RESPONSE: Admitted.

17. Employees submitted these reports to their immediate supervisor. (Dep. of Amos 74:22-23; Dep. of Johnson at 71:17-18).

RESPONSE: Admitted.

18. Employees were told not to look things up on the internet about Mr. Ramsey. (Dep. Of Amos at 63:2-17).

RESPONSE: Admitted for purposes of summary judgment only. Defendant avers that this is not a material fact, but even if it is, Defendants accept it for the limited purpose of summary judgment.

19. Mr. Ramsey would bring a PowerPoint presentation to staff meetings with negative articles on the internet where he would dissect them and interpret them for the staff. (Dep. Of Amos 65:10-15).

RESPONSE: Admitted for purposes of summary judgment only. Defendant avers that this is not a material fact, but even if it is, Defendants accept it for the limited purpose of summary judgment.

20. On one occasion, Suzanne Sims, a board member for Defendant, spoke during an employee meeting with the goal of finding people who were "Dave-ish". (Dep. Of Amos at 55: 1-3; 56:4-17).

RESPONSE: Admitted for purposes of summary judgment only though the second cite does not support this purported fact. Defendant avers that this is not a material fact, but even if it is, Defendants accept it for the limited purpose of summary judgment.

21. Defendant held a rally to root out these "Dave-ish" people for termination; this statement received a standing ovation at the rally. (Dep. Of Amos at 55:13-17).

RESPONSE: Admitted for purposes of summary judgment only. Defendant avers that this is not a material fact, but even if it was, Defendants accept it for the limited purpose of summary judgment.

22. Plaintiff never received a write up during his time at Lampo and received rave reviews from his employers. (Dep. Of Amos at 69:17-70:14; 77:21- 78:15).

RESPONSE: Admitted for purposes of summary judgment only.

23. On one occasion, his supervisor, Luke LeFevre, told Mr. Amos he was "killing it" and doing "a great job". (Dep. Of Amos at 136:10-13).

RESPONSE: Admitted for purposes of summary judgment only.

24. Defendant's code name for Mr. Amos was the "big fish." (Dep. Of Amos at 203:21-22).

RESPONSE: Admitted for purposes of summary judgment only.

25. March 16, Defendant gathered Mr. Amos and approximately 900 other employees for a presentation about Covid-19. (Dep. of Amos at 293:8-25).

RESPONSE: Admitted for purposes of summary judgment only.

26. During this meeting employees were encouraged to "take a breath" and "chill out because everybody [was] losing their freaking minds" and to pray. (Dep. of Amos at 293:18-25).

RESPONSE: Admitted for purposes of summary judgment only.

27. Following this presentation, Mr. Amos' supervisor reinforced this message with his team stating, "We could all use a good prayer, and I think that's going to see us through." (Dep. of Amos at 294:1-6).

RESPONSE: Admitted for purposes of summary judgment only.

28. After mocking this anonymous employee for reporting them, Mr. Ramsey told staff that the CDC would "not do a damn thing." (Dep. of Amos at 295:15-19).

RESPONSE: Admitted for purposes of summary judgment only.

29. Mr. Amos noticed other coworkers and members of management comment about or stare at him for implementing Covid precautions like wearing a mask or social distancing. (Dep. of Amos at 295:21-297:2).

RESPONSE: Admitted for purposes of summary judgment only.

30. Mr. Amos was told he had been on-boarded incorrectly when hired and needed to begin "re-onboarding sessions." (Dep. of Amos at 191:2-9).

RESPONSE: Admitted for purposes of summary judgment only.

31. During these "re-onboarding meetings" Ms. Johnson would ask Mr. Amos his thoughts on Mr. Ramsey's rants, specifically the rants about employees who had sued the company for disagreeing with Mr. Ramsey's policies. (Dep. Of Amos at 52:1-20).

RESPONSE: Admitted for purposes of summary judgment only.

Respectfully submitted,
/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
Fax: (615) 238-6762
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

## CERTIFICATE OF SERVICE

I certify that, on September 15, 2023, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*