UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

**DEFENDANT'S REPLY**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Local Rule 7.1, files this Reply in support of Defendant's Motion for Resolution of Dispute Under the Agreed Confidentiality Order. (Doc. #118). Plaintiff responded in opposition to Defendant's motion on September 12, 2023. (Doc. #127). This Reply addresses inaccuracies in Plaintiff's response.

Plaintiff accuses Defendant of not acting in good faith, claiming that Defendant did not provide reasons for designating information as "Confidential" pursuant to the Agreed Confidentiality Order. To the contrary, Defendant provided confidentiality logs with specific references to information in each deposition transcript that it considered "Confidential." The logs also identified Defendant's basis for each designation.[1]

---

[1] Plaintiff filed Defendant's confidentiality logs as Exhibit C to his response (Doc. #127-3) in violation of the Agreed Confidentiality Order because he did not redact the information therein that has been designated as confidential. Defendant asks the Court to tentatively place Exhibit C (Doc. #127-3) under seal so that Defendant may file an appropriate motion to seal the names of unrelated third parties in that document.

Collectively, Defendant has designated as "Confidential" (i) the personal information of third parties[2], (ii) information regarding other lawsuits, some of which has already been sealed by the Court in those cases, (iii) deposition testimony that the parties had already agreed to keep confidential on the record during those depositions, and (iv) additional documents, the designation of which Plaintiff did not challenge. In response to the designations listed in Defendant's confidentiality logs, Plaintiff only stated whether he either agreed or disagreed with the designations. Plaintiff did not explain *why* he disagreed with any designations.

With respect to the email exchanges cited in Plaintiff's response, he once again attempts to create an argument by mischaracterizing Defendant's actions. The emails clearly show Defendant's counsel attempting to come up with a solution to designate portions of deposition transcripts (some of which had not even been received yet) and address any of Plaintiff's objections prior to the required in-person dispute conference *and* with time to get them resolved before Plaintiff had to file his response to Defendant's Motion for Summary Judgment. *See* Doc. #127-1 and #127-2. On response, Plaintiff quotes only a portion of the email from Defendant's counsel on August 2, 2023. (Doc. #127-2, PageID#: 4026). He left out defense counsel's explanation that she reviewed *all the logs* "to make sure there were justifications on all of them and there are." Defendant's counsel followed up on the same day by saying: "I will review the rules and the confidentiality order yet again and determine if additional justification is required. I'm not arguing with you over email any more – those days are over. I will see you tomorrow [at the in-person meeting] at 1:30."

---

[2] Defendant originally designated information related to its ownership, but those designations have since been removed and are no longer in dispute.

2

Contrary to Plaintiff's characterization of the in-person meeting between counsel on August 3, 2023, Defendant's counsel was prepared. In preparation for the meeting, Defendant's counsel compiled a 5-page list of *every designation* that Plaintiff had objected to and brought it to the meeting so that she could go through *every* contested designation with Plaintiff's counsel. Plaintiff attempts to penalize Defendant for providing a summary of its bases for designating information. Defendant provided the summary in an attempt to facilitate resolution. Defendant designated very little deposition testimony as "Confidential" and the bases for Defendant's designations were straightforward and standard – primarily, personal information related to third parties, information the parties had already agreed would be treated as "Confidential", and designations that Plaintiff had not challenged in accordance with the procedures set forth in the Agreed Confidentiality Order.

The Agreed Confidentiality Order requires a party to "act in good faith in claiming the document should not be marked as confidential." Plaintiff did not fulfill this obligation until August 22, 2023, when he provided his reasons for challenging Defendant's designations.[3] *Two days later*, on August 24, 2023, Defendant's counsel sent an email to Plaintiff's counsel in another attempt to resolve the matter. Specifically, she said "I've gone through your list below. I'm going to send you proposed redactions and see if we can agree. If not, then we'll file a motion." (Doc. #133-1). In response, Plaintiff summarily dismissed defense counsel's effort, said that he considered nothing on the list as confidential, and claimed that Defendant's grace period had expired. Plaintiff argued that Defendant's grace period had expired because Defendant had

---

[3] Some of Plaintiff's rationale in his August 22, 2023, email (Doc. #127-2, PageID #:4016) fails to match the designated testimony in question. Defendant does not challenge it here, however, because it is either moot or addressed in detail in Defendant's Response to Plaintiff's Motion to Seal. (Sealed Doc. #130).

"plenty of time to get this filed." Again, Plaintiff did not provide his bases for challenging Defendant's designations until August 22, 2023.

Defendant's counsel reminded Plaintiff's counsel that, during their in-person meeting, he agreed to review the reasons provided by Defendant and respond with his bases for disagreement. Defendant's counsel also agreed to provide redacted transcripts that Plaintiff could file with his brief. (Doc. #133-1). Defendant's counsel then redacted all designated deposition transcripts (not knowing what Plaintiff would file with his brief) and sent them to Plaintiff as a courtesy. (Doc. #133-2). Plaintiff's counsel responded to Defendant's efforts with: "Thanks for letting us know what 'may' be filed with the court. We will take your suggestion with the seriousness it deserves." (Doc. #133-2).

There is no good reason for this dispute, and it should not be presently before the Court for resolution. Defendant designated a limited amount of deposition testimony as "Confidential." Plaintiff has provided no reason whatsoever for wanting to disclose any of this designated information. Plaintiff relied on virtually none of this designated information in either his response to Defendant's Motion for Summary Judgment (Doc. #121) or statement of additional material facts. (Doc. #123). There is nothing extraordinary about Defendant's designations. They cover information frequently designated as "Confidential" by parties in lawsuits. Plaintiff appears to be arguing about it just for the sake of arguing.[4]

---

[4] Since filing the Motion for Resolution of Dispute Under the Agreed Confidentiality Order (Doc. #119), Plaintiff has filed his Response to the Motion to Summary Judgment (Doc. #121) and certain deposition transcripts tentatively under seal. Defendant's sealed response to Plaintiff's Motion to Seal contains a detailed description of the testimony in question. (Sealed Doc. #130). If the Court would like any additional information about these designated materials before resolving the instant motion, Defendant asks for leave to supplement its motion with the information requested.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on September 19, 2023, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*