IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRAD AMOS ) | |
| ) | Case No. 3:21-cv-00923 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC ) | |

**O R D E R**

Pending before the Court is Defendant's Motion for Resolution of Dispute Under the Agreed Confidentiality Order (Docket No. 118), to which Plaintiff filed a response in opposition (Docket No. 127) and Defendant filed a reply in support (Docket No. 133). For the reasons that follow, Defendant's motion (Docket No. 118) is DENIED as moot and without prejudice as to any determination of whether the subject Disputed Information should remain under seal.

I. BACKGROUND

Familiarity with this case is presumed and the facts are only recited here as necessary to explain or give context to the Court's ruling. The parties' current disagreement[1] stems from

---

[1] The parties have engaged in an inordinate number of discovery disputes throughout this litigation. The parties have previously been reproached by this Court, but these messages appear to have had little to no effect. As this Court has stated multiple times:

> It is clear to the Court from the parties' filings that the Court's admonitions have had no impact and that the parties are intent on further straining the Court's already limited resources with their inability or unwillingness to manage this case, including discovery, without judicial intervention, which impairs not only the efficient and expeditious resolution of the parties' disputes in this case but also interferes with the Court's responsibility to administer justice fairly, promptly, and adequately to all litigants in all other cases.

(Docket No. 71 at 1 (citing *Ciccio v. SmileDirectclub, LLC*, Case No. 3:19-cv-00845, 2021 WL 3291787, at *3 (Aug. 2, 2021)); Docket No. 82.) A large portion of the parties' filings was spent describing and characterizing email correspondence between counsel, which the Court does not find helpful in any respect, as the Court is entirely capable of reading appended emails.

whether certain portions of deposition transcripts can be designated as confidential. The designations at issue come from the deposition transcripts of Luke LeFevre (May 16, 2023), J.B. Waggoner (May 30, 2023), David DiCicco (June 9, 2023), Armando Lopez (June 15, 2023), David Ramsey (June 21, 2023), and Jack Galloway (June 28, 2023) (the "Disputed Information"). (Docket No. 119 at 2.)

This dispute arose in the context of Defendant's dispositive motion and Plaintiff's response in opposition to that motion. Defendant filed a motion for summary judgment on July 28, 2023 (Docket No. 113) and Plaintiff's response was due to be filed by September 1, 2023. (Docket No. 117.) In the months of June, July, and August 2023, which led up to and followed the filing of Defendant's summary judgment motion, the parties exchanged emails regarding the confidentiality of the Disputed Information. (Docket No. 119 at 2–4; Docket No. 127 at 2–4; Docket No. 127-1; Docket No. 127-2; Docket No. 133-1; Docket No. 133-2.) On August 3, 2023, the parties met in person to discuss whether and how the Disputed Information would be designated as confidential. (*Id.*) The parties did not come to an agreement during this meeting.

On August 29, 2023 – three days prior to the deadline for Plaintiff to file his response to the summary judgment motion – Defendant filed the pending motion for resolution of dispute under the agreed confidentiality order. (Docket No. 119.) In its motion for resolution of dispute, Defendant alleged that Plaintiff had indicated an intent to "file the disputed confidential information unredacted" in support of his response to Defendant's summary judgment motion, which Defendant claimed was in violation of the parties' agreed confidentiality order. (*Id.* at 3.)

The next day, on August 30, 2023, this Court entered an interim order, which did not rule on the merits of the motion for resolution of dispute but instead directed the parties as follows:

1. If Plaintiff intends to include any Disputed Information in support of his response in opposition to Defendant's motion for summary judgment or for

2

any other purpose, Plaintiff must file a motion to seal in compliance with Local Rule 5.03(b). Defendant, as the party who designated the Disputed Information as confidential, will retain the burden of meeting the requirements set out in Local Rule 5.03(a).

2. If Plaintiff files a response that includes Disputed Information and for which he files a motion to seal in accordance with the preceding paragraph and Local Rule 5.03(a), he must also separately file a redacted version of the response as required by Local Rule 5.03(c).

(Docket No. 120 at 3 (footnote omitted).)

Plaintiff then timely filed his response in opposition to the summary judgment motion on September 1, 2023. (Docket No. 121.) In accordance with the Court's interim order, Plaintiff filed a motion to seal the deposition transcripts that were filed in support of his response (Docket No. 124), and he filed the transcripts under seal (Docket Nos. 126-1, 126–3 to 126-7).[2] On September 12, 2023, Plaintiff filed his response in opposition to Defendant's motion for resolution of dispute.[3] (Docket No. 127.) On September 19, 2023, Defendant filed its reply in support of its motion for resolution of dispute. (Docket No. 133.)

---

[2] Along with the six deposition transcripts referenced in motion for resolution of dispute, Plaintiff also filed under seal the transcript from the deposition of Lara Johnson (Docket No. 126-2) and seven exhibits (Docket Nos. 125-1 to 125-7). This transcript and these seven exhibits were not specifically referenced in Defendant's motion for resolution or in any filings in support of or opposition to the motion for resolution. (Docket Nos. 118, 127, 133.)

[3] On September 15, 2023, Defendant filed its response to Plaintiff's motion for leave to seal. (Docket No. 130.) Along with its response, Defendant filed under seal deposition transcripts with proposed redactions. (Docket Nos. 130-1 to 130-7.) Defendant also filed a separate motion in which it asked the Court to seal its response to Defendant's motion. (Docket No. 128.) In this order, the undersigned does not take a position or rule on either Plaintiff's motion for leave to file document under seal (Docket No. 124) or Defendant's response to Plaintiff's motion for leave to file documents under seal (Docket No. 128), which will be addressed by the District Judge in connection with the underlying motions to which the filings relate.

3

## II. ANALYSIS

The parties dispute whether the procedures from the Agreed Confidentiality Order were properly followed and whether the Disputed Information may be designated as confidential. In its motion, Defendant seeks resolution of the parties' dispute "regarding information in the deposition transcript of [Defendant's] witnesses designated confidential by [Defendant.]" (Docket No. 118 at 1.) Defendant asks the Court to order Plaintiff to file redacted versions of the deposition transcripts, which Defendant redacted itself. (*Id.* at 2.) Defendant seeks this relief to "preserve the designated information so that the Court may resolve the dispute in accordance with the Confidentiality Order." (*Id.*) In its memorandum in support of its motion, Defendant makes general substantive arguments about the propriety of the designations and "acknowledges that it has the burden to prove to the Court why the designated information should be sealed," but states that, "at this juncture," it is only asking the Court to order Plaintiff to "comply with Confidentiality Order" and file the transcripts with redactions. (Docket No. 119 at 4.)

In response, Plaintiff asserts that Defendant failed to properly follow the procedures set forth in the Agreed Confidentiality Order and to meet its burden to demonstrate that its desired designations are entitled to confidentiality. (Docket No. 127 at 5.) Defendant points to Plaintiff's failure to provide specific arguments to show why each designation should be deemed confidential and to Plaintiff's failure to file for a protective order. (*Id.*)

The parties previously entered into an Agreed Confidentiality Order, which sets forth procedures to designate information or documents as confidential. (Docket No. 42.) If a party seeks to designate any portion of deposition testimony as confidential, the party may do so either (i) during the deposition by identifying and designating the testimony on the record, or (ii) after receiving the deposition transcript by providing a "Confidentiality Log" to the other parties that

4

identifies and designates the testimony. (*Id.* at ¶ 3(c).) The Agreed Confidentiality Order also includes a dispute resolution procedure regarding documents designated as confidential. (*Id.* at ¶ 6.) To resolve any issues related to the deposition designations, the parties were to comply with the Court's procedures for discovery dispute resolution, which is clearly set forth in the Initial Case Management Order and with which the parties should be very familiar given the inordinate number of discovery disputes in this matter. The parties must: (1) hold a telephonic or in-person discussion with lead counsel with respect to the dispute; (2) make a good faith effort to resolve the dispute; and (3) promptly bring any unresolved disputes to the attention of the Magistrate Judge via a request for a discovery conference, which must be filed as a "motion for resolution of discovery dispute." (Docket No. 26 at ¶ G.)

As applied here, Plaintiff had 14 days to dispute Defendant's confidential deposition designations after Plaintiff received those designations. (Docket No. 42 at ¶ 6.) Defendant then had the burden to show that such designations were appropriate and met the standard for a protective order under the Federal Rules of Civil Procedure. (*Id.*) After Plaintiff informed Defendant that he disagreed with Defendant's designations, Plaintiff was barred from filing the designated depositions and the parties were ordered to treat the designations as confidential for 14 days, which is referred to as the "grace period." (*Id.*)

Defendant sent confidentiality logs to Plaintiff on the following dates:

- Luke LeFevre: June 15, 2023
- J.B. Waggoner: July 3, 2023
- David DiCicco: July 3, 2023
- Jack Galloway: July 21, 2023
- David Ramsey: July 28, 2023
- Armando Lopez: August 1, 2023[4]

---

[4] Defendant also sent designations for the deposition of Lara Johnson (Docket No. 127-3 at 20–23) and for the second 30(b)(6) deposition of Armando Lopez (*id.* at 4–7). Defendant did

5

(Docket No. 127-3.) The parties agreed that the grace period would be extended from 14 days after receipt of each individual deposition designation to 21 days after the parties could meet in person to discuss "all disputed designations before requesting a conference with the Court." (Docket No. 127-1 at 4.) This meeting occurred on August 3, 2023, so the final day of the grace period was August 24, 2023. (Docket No. 119 at 3; 127 at 3.)

In its motion, Defendant asserts that the parties complied with the discovery dispute resolution procedures and attempted to resolve the dispute but reached an impasse on August 22, 2023. (Docket No. 118 at 2.) On that date, Plaintiff's counsel sent an email to Defendant's counsel that purported to "review" the reasons that Defendant provided as to why the deposition designations were proper. (Docket No. 127-2 at 1.) In this email, Plaintiff's counsel agreed with some of the designations, but provided argument about why it felt that other designations were inappropriate. (*Id.* at 1–8.) The parties continued to share email correspondence regarding their positions on the designations through August 29, 2023. (Docket Nos. 133-1, 133-2.)

As of the date of this Order, the parties have not requested a conference with the Court to resolve the propriety of the deposition designations at issue. As the party seeking the confidential designation, Defendant should have timely sought a ruling from this Court on whether its desired deposition designations were appropriate and met the standard for a protective order under the Federal Rules of Civil Procedure. This was the procedure contemplated under the Agreed Confidentiality Order and Local Rule 5.03. Defendant failed to follow the proper procedure. This failure came despite Defendant's counsel indicating in email correspondence to Plaintiff's counsel that it was aware of the proper course of action to take:

---

not reference either deposition in its motion for resolution. Accordingly, the Court will not address these depositions in this order.

> Would you agree to an extension of the grace period until 21 days following receipt of the last transcript (Lopez No. 2) That would give us time to make any designations, you to review and challenge and then time to schedule a meeting to discuss all disputed designations before requesting a conference with the Court.

(Docket No. 127-1 at 4.) Rather than request a conference with the Court to decide on the propriety of the designations, Defendant filed a motion asking the Court to order Plaintiff to file versions of depositions transcripts that Defendant itself redacted.

In its motion, Defendant presented the Court with abbreviated arguments as to why the Disputed Information should be designated as confidential. (Docket No. 119 at 4–6.) Defendant argues that the Disputed Information was marked as confidential – and presumably should be designated as confidential – based on "one or more" of five broad bases, including that the information was "related to confidential business information" or "sealed in another lawsuit," among other reasons. (*Id.*) The Court finds these arguments to be overly general. The Court is not able to determine whether particular testimony may be designated as confidential and properly sealed from public view under the demanding standards articulated by the Sixth Circuit, which Defendant fails to acknowledge or address. *See, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016); *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202 (6th Cir. 2016); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016). *See also* Local Rule 5.03. As the Sixth Circuit has held, "[t]he proponent of sealing must provide compelling reasons to seal the documents and must demonstrate that the sealing is narrowly tailored to those reasons – specifically, by analyzing in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp*, 658 F. App'x at 207 (quoting *Shane Grp., Inc.*, 825 F.3d at 305–06) (internal quotations omitted). Defendant has failed to meet this standard in its motion for resolution of dispute under the agreed confidentiality order. Accordingly, to the extent Defendant is seeking to designate the Disputed

Information as confidential via the pending motion (Docket No. 118), that request is denied. Nevertheless, because Plaintiff followed the Court's procedures by filing a motion to seal certain portions of its response (Docket No. 124), and Defendant subsequently also filed a motion to seal (Docket No. 128), the issue of whether restricted access to the Disputed Information is warranted will be decided in the context of those motions.

Furthermore, the Court finds that Defendant's request that the Court order Defendant to file redacted transcripts has been mooted by Plaintiff's filing of the deposition transcripts under seal and by Plaintiff's motion for leave to file under seal (Docket No. 124). Defendant itself concedes in email correspondence between counsel that "if you [Plaintiff] file the redacted information and comply with Local Rule 5.03, the Motion will be moot." (Docket No. 133-2.) Defendant's concern – that the Disputed Information be "protected from disclosure until such time as the Court determines whether it may be sealed" (Docket No. 119 at 7) – has been alleviated by the filing of the Disputed Information under seal, even if that information was not filed in a redacted version as Defendant would prefer.[5]

For all of these reasons, Defendant's motion for resolution of dispute under the agreed confidentiality order (Docket No. 118) is DENIED without prejudice to any determination of whether the subject Disputed Information should remain under seal.

As a final matter, in a footnote in its reply, Defendant made a request that the Court "tentatively" place under seal the confidentiality logs (Docket No. 127-3) that Plaintiff filed in

---

[5] As stated above, the undersigned takes no position in this order on whether the Disputed Information should be sealed under Local Rule 5.03, applicable Sixth Circuit standards, or any other applicable law. *See supra*, n.3. The undersigned finds it important to note, however, that the parties have once again unnecessarily consumed judicial resources by failing to extra-judicially resolve the issue, which was as simple as reserving the question of confidentiality for determination by a motion to seal as contemplated by the Agreed Confidentiality Order and Local Rule 5.03.

support of his response to Defendant's motion. (Docket No. 133 at 1 n.1.) Defendant claims that the filing of the confidentiality logs is itself a "violation of the Agreed Confidentiality Order" because those confidentiality logs contained names of unrelated third parties. (*Id.*) The Court has reviewed the confidentiality logs and finds no discernible basis to seal those documents. The mere identification of unrelated third parties does not inherently carry any special considerations that would warrant sealing and the other descriptions of purported confidential information are of general references in deposition transcripts. Further, if the identification of unrelated third parties is so significant as to warrant nondisclosure, Defendant should have timelier moved to seal that information or at least made more of an effort to demonstrate a basis for sealing than a mere reference in a footnote. Defendant's minimal effort at requesting relief from the Court is simply too little too late. As to this specific information alone, the Court finds that there is no basis to seal the information under the strict standards imposed by the Sixth Circuit.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge