UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) Case No. 3:21-cv-00923 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**DEFENDANTS' REQUEST FOR COSTS, CORRESPONDING ITEMIZATION, AND DOCUMENTATION OF COSTS AND NECESSARY DISBURSEMENTS**

On December 13, 2023, this Court issued a Memorandum Opinion dismissing Plaintiff's claims in favor of Defendant, The Lampo Group, LLC ("Lampo") (Doc. #136. On December 13, 2013, the Clerk of the Court issued an Entry of judgment in favor of Lampo and against Plaintiff, Brad Amos ("Plaintiff"), and dismissed the action in its entirety. *See* Doc. 138.

    **I.    An Award of Costs is Appropriate**

The Federal Rules of Civil Procedure, Rule 54(d)(1) establishes a clear presumption in favor of awarding costs to the prevailing party. The Sixth Circuit recognizes "a presumption in favor of awarding costs" under Rule 54(d) and 28 U.S.C. § 1920. *Soberay Mach. & Equipment Co. v. MRF ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). An unsuccessful party may overcome this presumption only in cases where: (i) the costs are unnecessary or unreasonably large; (ii) the prevailing party should be penalized for unnecessarily prolonging the trial or adding unmeritorious issues; (iii) the prevailing party's recovery is so insignificant that judgment actually amounts to victory for the unsuccessful party; or (iv) the ligation is close and difficult. *See Cooley v. Lincoln Elec. Co.*, 776 F.Supp.2d 511, 574-577 (N.D. Ohio 2011) (awarding over $60,000 in costs). The

unsuccessful party bears the burden of proving circumstances sufficient to overcome the presumption. *Id.* at 574.

Here, an award of costs is undeniably appropriate because Lampo is the prevailing party and Plaintiff cannot possibly overcome this clear presumption. First, Lampo's costs are not unreasonably large or unnecessary. This case involved an extraordinary amount of discovery, including requiring Lampo to produce over 51,000 pages of documents, producing over 200 hours of recorded audio, and searching approximately 3,300 Microsoft Outlook accounts, all of which was due to Plaintiff's overreaching electronic discovery requests meant to be a fishing expedition for evidence that did not exist. Considering the five baseless causes of action Plaintiff asserted, the overreaching discovery requests, and Plaintiff's counsel's insistence that Lampo search every email account for every employee at Lampo, the costs were necessary and reasonably proportionate to the unreasonable discovery requests. Defendants were forced to engage an e-discovery vendor to manage the inordinate number of documents. Finally, the majority of the depositions were taken by Plaintiff – Defendants deposed only three (3) of Plaintiff's witnesses though he identified numerous witnesses.

Second, Lampo did not unnecessarily prolong the trial or add unmeritorious issues. To the contrary, in its Motion for Attorneys' Fees and Costs, Lampo explains in detail how Plaintiff and his counsel bear the blame for the protracted nature of this litigation.

Third, Lampo's recovery is not so insignificant that the judgment actually amounts to victory for Plaintiff. Indeed, the case was dismissed in its entirety and Plaintiff recovered none of the alleged damages he sought.

Finally, the litigation was not close or difficult. The case did not involve novel or complex issues of law.

For the foregoing reasons, an award of costs is appropriate and Lampo respectfully requests that the Court tax costs against Plaintiff.

## II. Itemization and Documentation of Costs and Necessary Disbursements

Pursuant to Local Rule 54.01(a), below is a chart itemizing the statutory costs incurred in this case, with documentation supporting those costs attached hereto as Exhibits 1 through 16.

### A. Costs of Summons and Subpoenas

Costs associated with fees of summons and subpoenas are taxable under 28 U.S.C. § 1920(1). Lampo hereby requests $799.22 in relation to summons and subpoenas to third parties during discovery as itemized below.

| Exhibit | Date | Vendor | Amount | Description |
|---|---|---|---|---|
| 1 | 03.07.2023 | First Legal | $190.88 | Multiple Attempts to Serve Subpoena in California to Testify on Melissa Amos |
| 2 | 04.27.2023 | First Legal | $514.34 | Multiple Attempts in California to Serve Subpoena to Testify on Melissa Amos |
| 3 | 04.29.2023 | First Legal | $94.00 | Service of Subpoena in California to Testify on Melissa Amos |
| | | | **$799.22** | |

### B. Costs for Transcripts

Costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in this case are taxable pursuant to 28 U.S.C. § 1920(2); *see also Freeman v. Blue Ridge Paper Products, Inc.*, 624 Fed.App'x. 934, 940 (6th Cir. 2015) (pretrial hearing transcript recoverable). Accordingly, Lampo hereby requests $11,715.60 in relation to fees for printed or electronically recorded transcripts necessarily obtained for use in this case as itemized below.

| Exhibit | Date | Vendor | Amount | Description |
|---|---|---|---|---|
| 4 | 10.24.2022 | Nashville Court Reporters | $2,337.30 | Fees for Court Reporter and Transcript of Deposition of Brad Amos (Volume I) |

| | | | | |
|---|---|---|---|---|
| 5 | 06.23.2023 | Nashville Court Reporters | $443.75 | Fees for Court Reporter and Transcript of Deposition of Plaintiff Brad Amos (Volume II) |
| 6 | 01.18.2023 | Patricia W. Smith, LCR, RPR, CCR | $455.80 | Fees for Court Reporter, Scanned Exhibits, and Transcript of Deposition of Plaintiff's expert, Charles L. Baum |
| 7 | 09.26.2022 | Cheryl Erwin, Videographer | $875.00 | Fees for Video Recording of Deposition of Plaintiff Brad Amos (Volume I) |
| 8 | 11.15.2022 | LEXITAS | $941.90 | Fees for Transcript of Deposition of Plaintiff Armando Lopez |
| 9 | 01.18.2023 | Cheryl Erwin, Videographer | $250.00 | Fees for Video Recording of Deposition of Plaintiff's expert, Charles L. Baum |
| 10 | 06.23.2023 | Cheryl Erwin, Videographer | $200.00 | Fees for Video Recording of Deposition of Plaintiff Brad Amos (Volume II) |
| 11 | 05.16.2023 | LEXITAS | $65.00 | Fees for Video Recording of Deposition of Luke LeFevre |
| 11 | 05.16.2023 | LEXITAS | $902.60 | Fees for Transcript of Deposition of Luke LeFevre |
| 11 | 05.31.2023 | LEXITAS | $608.40 | Fees for Transcript of Deposition of Lara Johnson |
| 11 | 06.09.2023 | LEXITAS | $582.85 | Fees for Transcript of Deposition of David DiCicco |
| 11 | 06.15.2023 | LEXITAS | $90.00 | Fees for Video Recording of Deposition of Armando Lopez |
| 11 | 05.30.2023 | LEXITAS | $515.80 | Fees for Transcript of Deposition of JB Waggoner |
| 11 | 06.21.2023 | LEXITAS | $65.00 | Fees for Video Recording of Deposition of Dave Ramsey |
| 11 | 06.21.2023 | LEXITAS | $1,327.85 | Fees for Transcript of Deposition of Dave Ramsey |
| 11 | 06.28.2023 | LEXITAS | $381.45 | Fees for Transcript of Deposition of Jack Galloway |
| 12 | 05.31.2023 | VERITEXT | $1,672.90 | Fees for Court Reporter, Exhibits and Processing, and Transcript of Deposition of Melissa Amos |
| | | | **$11,715.60** | |

### C. Costs for Witnesses

Costs associated with fees for witnesses are taxable under 28 U.S.C. § 1821(B). Lampo hereby requests $80.00 in relation to fees for witnesses as itemized below.

| Exhibit | Date | Witness | Amount | Description |
|---|---|---|---|---|
| 13 | 01.18.2023 | Charles L. Baum | $40.00[1] | Fee for Deposition of Plaintiff's expert Dr. Charles Baum |
| 14 | 03.08.2023 | Melissa Amos | $40.00 | Fee for Deposition of Melissa Amos |
| | | | **$80.00** | |

### D. Costs for Electronically Stored Information ("ESI") Discovery (28 U.S.C. § 1920(4))

Costs associated with ESI, including user fees and hosting, processing, and producing the ESI, are permitted under 28 U.S.C. § 1920(4). Lampo hereby requests $25,557.23 in relation to costs associated with ESI, including the hosting, processing, and production of the ESI.

The costs listed in this section are all costs charged to Lampo by an outside vendor for the conversion of electronic documents into reviewable format, storage and access of that electronic data, and conversion of responsive documents to a producible format. Lampo had to use an e-discovery vendor to deduplicate, sort, store and produce the documents. Otherwise, Lampo would have manually reviewed well over 200,000 documents without the benefit of electronic sorting, deduplicating and coding, which would have likely tripled the review time. The costs of complying with Plaintiff's overreaching ESI demands – such as processing and hosting the data – were a direct consequence of the scope of discovery sought by Plaintiff. Plaintiff's counsel knew the requests were far reaching and would result in a considerable burden to search, examine and store,

---

[1] Dr. Baum received $1,500.00 for his time at the deposition, however Lampo requests reimbursement for only $40.00 pursuant to 28 U.S.C. § 1821.

but Plaintiff's counsel insisted on proceeding in what turned out to be a fruitless fishing expedition. The simple fact is that the scope of the endeavor was dictated by Plaintiff, and the resulting costs were, therefore, "reasonably necessary for use in the case" and taxable under 28 U.S.C § 1920(4). *See*, *e.g.*, *Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, No. 11- 3417, 2015 WL 638198, at *2 (D. Colo. Feb. 13, 2015) (citing courts from various jurisdictions holding that "28 U.S.C. §1920(d) includes e-discovery related costs" and noting that the taxation of ESI costs was especially appropriate where "Defendants wrote to Plaintiffs' counsel three times describing the difficulties and complexities encountered in retrieving and restoring the ESI" and plaintiffs refused to "limit[] the scope of their request or take other measures to limit the costs of the endeavor"); *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013 WL 1402736, at *7 (N.D. Cal. Apr. 5, 2013) (finding the following ESI costs taxable under § 1920(4): electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, OCR conversion, certain processing costs tied to specific productions as part of the copying process, productions in agreed-to native format, and load files); *Country Vintner of N.C., LLC v. E.J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013) (holding that § 1920(4) includes ESI-costs of "converting electronic files to non-editable formats and burning the files onto discs"); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) ("[T]he scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved 'copying,' . . . the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.'").

6

The costs for hosting the ESI data are also recoverable. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 615 (E.D. Pa. 2011) (finding that hosting costs were taxable because electronic databases allow parties to "save costs associated with manually producing, handling, storing, and delivering thousands (and often millions) of pages of hard-copy documents"); *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *4 (W.D. Tex. Aug. 2, 2010) (awarding costs of electronic database because defendants needed database to avoid "printing out thousands of pages of documents which would have otherwise been required in response to Plaintiffs' discovery request"). Had Lampo not set up a database to host the data, they would have expended significant costs to print and copy the tens of thousands of pages of ESI-related documents requested by Plaintiff. Those costs would, indisputably, be taxable under 28 U.S.C. § 1920(3) or (4). Lampo used a format to host the data in order to reduce costs and should not be denied recovery of the amount expended.

Plaintiff was well aware that ESI costs would be substantial. In fact, the parties disputed the scope of electronic discovery, and Lampo protested the breadth of the requests posed by Plaintiff. Plaintiff persisted, and the Court was required to resolve the disputes over the scope of the discovery to be permitted. Lampo complied with the Court's orders fully, resulting in costs that were predicted before the search was begun. The taxation of ESI costs is certainly appropriate where the prevailing party made clear to the losing party the difficulties and expenses associated with ESI discovery, and the losing party insisted on proceeding. *See Comprehensive Addiction Treatment Ctr., Inc.*, 2015 WL 638198, at *2 (noting that the taxation of defendants' ESI costs was especially appropriate where "Defendants wrote to Plaintiffs' counsel three times describing the difficulties and complexities encountered in retrieving and restoring the ESI" and plaintiffs

7

refused to "limit[] the scope of their request or take other measures to limit the costs of the endeavor").

| Exhibit | Date | Vendor | Amount | Description |
|---|---|---|---|---|
| 15 | May 2022 | Trustpoint.One | $1,190.73 | ESI processing, hosting, and user costs |
| 15 | June 2022 | Trustpoint.One | $410.73 | ESI hosting and user costs |
| 15 | July 2022 | Trustpoint.One | $850.47 | ESI processing, hosting, and user costs |
| 15 | August 2022 | Trustpoint.One | $411.72 | ESI hosting and user costs |
| 15 | September 2022 | Trustpoint.One | $509.22 | ESI processing, hosting, and user costs |
| 15 | October 2022 | Trustpoint.One | $411.72 | ESI hosting and user costs |
| 15 | November 2022 | Trustpoint.One | $326.72 | ESI hosting and user costs |
| 15 | December 2022 | Trustpoint.One | $3,477.46 | ESI processing, hosting, production, and user costs |
| 15 | January 2023 | Trustpoint.One | $1,516.27 | ESI processing, hosting, production, and user costs |
| 15 | February 2023 | Trustpoint.One | $5,544.77 | ESI processing, hosting, production, and user costs |
| 15 | March 2023 | Trustpoint.One | $4,672.47 | ESI processing, hosting, production, and user costs |
| 15 | April 2023 | Trustpoint.One | $1,734.96 | ESI processing, hosting, production, and user costs |
| 15 | May 2023 | Trustpoint.One | $1,149.96 | ESI hosting and user costs |
| 15 | June 2023 | Trustpoint.One | $1,149.96 | ESI hosting and user costs |
| 15 | August 2023 | Trustpoint.One | $1,208.46 | ESI processing, hosting, and user costs |
| 15 | September 2023 | Trustpoint.One | $724.96 | ESI hosting and user costs |
| 15 | November 2023 | Trustpoint.One | $266.65 | ESI hosting costs |
| | | | **$25,557.23** | |

### III. The Costs were necessarily Incurred and Necessarily Performed

Pursuant to 28 U.S.C. § 1924, the foregoing costs itemized above in Sections A through D are correct, have been necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed. *See* Affidavit of Leslie Goff Sanders, attached as Exhibit 16. Therefore, Lampo respectfully requests to recover a total of **$38,152.05** in costs, taxable under LRCiv 54.01(a) and 28 U.S.C. § 1920.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on January 12, 2024, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*