IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | |
| Plaintiff, | Case No: 3:21-CV-00923 |
| vs. | Judge Richardson |
| THE LAMPO GROUP, LLC et al, | Magistrate Judge Holmes |
| Defendants. | Jury Demand |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE EXPENSES (DOC. 142)**

Plaintiff moves this court to strike Defendant's Motion for Attorney's Fees and Related Non-Taxable Expenses (Doc. 142) for failure to comply with Middle District of Tennessee Local Rule 7.01. Local Rule 7.01 states as follows:

> "In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts."

Defendants motion is not brought under Rule 12, 56, 49, or 60; and thus, they are not exempt from compliance.

Defendants made no attempt to contact Plaintiff's counsel prior to the filing of said motion. As such, Defendants could not state whether the relief requested in the motion was opposed. Notably, Defendants motion also, did not include nor describe any reasons they were unable to confer with Plaintiff's counsel.

Defendants' motion was a surprise filing preceding the mandatory mediation set by the Sixth Circuit Court of Appeals for Plaintiff's appeal of this Court's order. (Doc. 136). It is a completely baseless motion and an obvious attempt to force Plaintiff to withdraw his appeal.

Plaintiff certifies they conferred with local counsel on January 18, 2023, regarding the issue raised in this Motion. Defendants admit they never attempted to contact counsel for the Plaintiff regarding these issues yet refused to strike their motion. Plaintiffs should be able to present their case to Defendants who in good faith should consider the opposing view of this motion before wasting judicial resources and running up fees on both sides before the filing of this Motion. This is the purpose of Local Rule 7.01; however, again, as demonstrated throughout this litigation- this Defendants feel unconstrained by the orders and rules of the Court.

As a result of Defendants' violation of Local Rule 7.01(a)(1), Plaintiff requests the Court strike their motion for attorney's fees and related non-taxable expenses. Plaintiff's original date to reply to Defendants motion is January 26, 2024. However, Plaintiff requests the court suspend this deadline until this motion to strike is resolved.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

<u>/s/ *Jonathan A. Street*</u>
**JONATHAN STREET, BPR NO. 021712**
**LAUREN IRWIN, BPR No. 034833**
Attorneys for Plaintiff
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via electronic mail this 19th day of January, 2024 to the following:

    Leslie Goff Sanders (TN #18973)
    Daniel Crowell (TN #31485)
    Stephen Stovall (TN #37002)
    **BARTON PLLC**
    611 Commerce Street, Suite 2603
    Nashville, TN 37203
    lsanders@bartonesq.com
    dcrowell@bartonesq.com
    sstovall@bartonesq.com

    */s/ Jonathan Street*
    Jonathan Street