UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants, The Lampo Group, LLC ("Lampo") and Dave Ramsey ("Ramsey"), by and through the undersigned counsel, respond in opposition to Plaintiff's Motion to Strike Defendants' Motion for Attorney's Fees and Related Non-Taxable Expenses (Doc. #144).

I. **Background**

On January 12, 2024, Defendants moved the Court pursuant to Rule 54(d)[1] and Local Rule 54.01(b)(1) for an award of their reasonable attorney's fees and related non-taxable costs incurred in this case. (Doc. #142). Defendants contend that the award is appropriate, pursuant to the Court's inherent authority, 28 U.S.C. § 1927, 42 U.S.C. § 2000e-5(k), and T.C.A. § 50-1-304(e)(2), due to Plaintiff and his counsel's reckless pursuit and compounding of this frivolous case.

Plaintiff is correct that Defendants did not confer with him before filing their motion for attorney's fees. While defense counsel know and scrupulously try to follow the Local Rules, including Local Rule 7.01(a)(1), this is candidly the first time in defense counsel's combined

---

[1] Except as otherwise provided, all references to Rules in this brief are to the Federal Rules of Civil Procedure.

experience that they have ever filed—or even seriously contemplated filing—this kind of motion under Rule 54(d) and they simply did not think to confer with opposing counsel beforehand.

However, as soon as Plaintiff's counsel brought this issue to defense counsel's attention on January 18, 2024, Defendants offered to confer before Plaintiff's response to their motion was due or the Court could resolve it—satisfying the spirit, if not the letter, of Local Rule 7.01(a)(1). However, Plaintiff's counsel would not hear it. He repeatedly refused to confer until Defendants withdrew their motion for attorney's fees, even after defense counsel expressed concern that a refiled motion would be untimely. This entire exchange, which took place by e-mail, is attached as Doc. #146-1.

## II. Legal Standard

The Court's authority to strike filings arises under Rule 12(f) and the Court's inherent authority to manage its docket. *See, e.g., Dowell v. Bernhardt*, 2019 WL 6909461 at *5-6 (M.D. Tenn. Dec. 19, 2019). Since Rule 12(f) only applies to pleadings, Plaintiff's motion to strike Defendants' motion for attorney's fees implicates the latter. *Id.*

Any filing may be stricken if the Court determines that it is abusive or otherwise improper under the circumstances. *Id.* For example, in *Dowell*, the Court struck a second motion to dismiss filed in contravention of Rule 12(g)(2), which limits a party's ability to file multiple motions under Rule 12. *Id.* at *6. However, motions to strike are generally disfavored and should be used sparingly. *See, e.g., In re Caterpillar Inc.*, 2020 WL 1923227 at *7 (M.D. Tenn. April 21, 2020); *Hunter v. Rhino Shield*, 2019 WL 1934423 at *2 (S.D. Ohio May 1, 2019). And even when courts could strike a filing for a defect, they frequently give the filer or the parties an opportunity to correct it beforehand. *See, e.g., Bumpus v. Saul,* 2019 WL 4016105 at *2 FN5 (M.D. Tenn. Aug. 26, 2019) (giving parties an opportunity to confer regarding motion for

attorney's fees after initial failure to do so); *Newman v. University of Dayton,* 2017 WL 4076517 at *1 (S.D. Ohio Sept. 14, 2017) (allowing plaintiff to correct and refile memorandum opposing motion to dismiss that was already late and failed to comply with multiple local rules).

### III. Plaintiff's Motion to Strike Should be Denied

Defendants' failure to confer with Plaintiff prior to filing their motion for attorney's fees does not warrant a strike. Plaintiff's motion should be denied for three reasons.

First, Defendants have satisfied the purpose of Local Rule 7.01(a)(1), even if not the letter. The meet-and-confer requirement in Local Rule 7.01(a)(1) is intended to encourage the parties to resolve as many disputes as possible without Court intervention. As soon as Plaintiff raised this issue on January 18, 2024, Defendants offered to confer with Plaintiff *before* his response was due and *before* their motion for attorney's fees was fully briefed and could be resolved by the Court.[2] Plaintiff refused to confer unless Defendants withdrew their motion for attorney's fees, even after defense counsel expressed concern that any refiled motion would be untimely.

Practically, the purpose of Local Rule 7.01(a)(1) would be achieved by conferral now or at any time before Defendants' motion for attorney's fees is fully briefed and ready for resolution by the Court, but Plaintiff is not interested. Instead, true to form and contrary to the purpose of Local Rule 7.01(a)(1), Plaintiff has elected the most cumbersome approach possible in a bid to preserve his perceived "gotcha" and avoid responding to Defendants' motion for attorney's fees at all. Plaintiff's weaponization of Local Rule 7.01(a)(1) serves no interest but his own.

---

[2] In fact, Defendants are *still* willing to confer. Plaintiff's response to Defendants' motion for attorney's fees was originally due January 26, 2024. However, Defendants have just agreed not to oppose Plaintiff's request for a 14-day extension to that deadline. (Doc. #145). There is plenty of time for the parties to confer regarding Defendants' motion for attorney's fees, if Plaintiff does not completely oppose and is genuinely interested in resolving it.

Second, Defendants believe that any conferral with Plaintiff regarding their motion for attorney's fees would have been (and would be) futile. A Rule 54(d) motion for attorney's fees and related non-taxable costs as a *sanction* is inherently acrimonious. And while Plaintiff now refuses to say whether and to what extent he formally opposes Defendants' motion for attorney's fees on its merits (because, in his attorney's view, "[t]he time to do that would have been prior to its filing"), nothing about Plaintiff or his counsel's conduct during this case or their reaction to Defendants' motion leads us to believe that Plaintiff or his counsel concede any part of it or have any interest in paying anything.[3] Moreover, Plaintiff has already appealed the Court's dismissal of his claims against Lampo to the Sixth Circuit (Doc. #139), ostensibly signaling complete opposition to paying any of Defendants' attorney's fees or related non-taxable costs incurred in connection with those claims.

Third, Defendants' failure to confer with Plaintiff prior to filing their motion for attorney's fees did not provide them with an unfair advantage or unfairly burden Plaintiff. For example, Defendants have not filed a motion prohibited by the Federal Rules of Civil Procedure, a motion past its deadline, or a longer brief than allowed. Defendants' motion for attorney's fees is timely and proper in all respects, but for Local Rule 7.01(a)(1) which is easily curable and most likely moot given Plaintiff's apparent opposition to the motion.

Defendants ask the Court to deny Plaintiff's motion outright. Alternatively, Defendants ask the Court to (i) deny Plaintiff's motion but require the parties to confer in compliance with Local Rule 7.01(a)(1) and report back to the Court by a date certain or (ii) give Defendants leave

---

[3] In Plaintiff's motion to strike (Doc. #144), he characterized Defendants' motion for attorney's fees as "completely baseless" and an "obvious attempt to force Plaintiff to withdraw his appeal." We interpret this to mean that Plaintiff opposes Defendants' motion.

to refile their motion for attorney's fees upon satisfaction of Local Rule 7.01(a)(1) if Plaintiff's motion is granted.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on January 23, 2024, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*
