IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:21-cv-00923 |
| ) | |
| THE LAMPO GROUP, LLC d/b/a RAMSEY ) | Judge Eli J. Richardson |
| SOLUTIONS and DAVE RAMSEY, ) | Magistrate Judge Barbara D. Holmes |
| ) | |
|    Defendants. ) | |

**JONATHAN A. STREET'S MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEYS' FEES, OR IN THE ALTERNATIVE, DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE**

Jonathan A. Street ("Mr. Street") submits the following Motion to Stay Defendant's Motion for Attorneys' Fees, or in the alternative, Deny Motion for Attorneys' Fees Without Prejudice. As grounds for this Motion, Mr. Street contends that this action is predicated upon Plaintiff Brad Amos's ("Plaintiff") discharge from Defendant company the Lampo Group, LLC ("Lampo") and subsequent lawsuits against Lampo and its owner, Dave Ramsey ("Ramsey"). The Court granted Defendant Ramsey's Motion to Dismiss [Doc. 110] and granted Defendant Lampo's Motion for Summary Judgment [Docs. 136-138]. The Entry of Judgment was filed on 31 December 2023 [Doc. 138]. Plaintiff appealed this Court's Order granting summary judgment to Defendant Lampo to the United States Court of Appeals for the Sixth Circuit and filed a Notice of Appeal on 3 January 2024 [Doc. 139].

Defendants filed their Motion for Attorney's Fees and Related Non-Taxable Expenses [Doc. 142] and Memorandum of Law in Support [Doc. 143] on 12 January 2024. Mr. Street asserts that this Motion is premature while the case is pending appeal in the United States

Court of Appeals for the Sixth Circuit. Accordingly, this Court should stay or defer its ruling on Defendants' Motion for Attorney's Fees and Related Non-Taxable Expenses until the appeal is resolved. In the alternative, the Court should deny the Motion for Attorney's Fees and Related Non-Taxable Expenses without prejudice.

The Advisory Notes to Federal Rule of Civil Procedure 54(d) state that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note (1993).

The Middle District of Tennessee has acknowledged that "[u]nder some circumstances, 'staying the determination of ... attorneys' fees is the most efficient course of action[.]'" *Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 809 (M.D. Tenn. 2018) (internal citations omitted) (quoting *GS CleanTech Corp. v. Adkins Energy*, LLC, No. 10C4391. 2018 WL 1469001 at *3 (N.D. Ill. March 26, 2018). In recent cases, the Middle District of Tennessee has found that it is "prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed." *Wyatt v. Nissan N. Am., Inc.*, No. 3:17-CV-1545, 2020 WL 13719267, at *1 (M.D. Tenn. Apr. 10, 2020); *see also Average Joe's Ent. Grp., Inc. v. SoundCloud, Ltd.*, No. 3:16-3294, 2019 WL 2537659, at *1 (M.D. Tenn. Feb. 26, 2019); *McLemore v. Gumucio*, No. 3:19-CV-00530, 2022 WL 1394540, at *4 (M.D. Tenn. May 3, 2022), vacated and remanded, No. 22-5458, 2023 WL 4080102 (6th Cir. June 20, 2023).

In *Kryder*, the Middle District granted Defendant's Motion for Summary Judgment and dismissed the case with prejudice. 321 F. Supp. 3d at 805. After Defendant's Motion was

granted, Defendant filed a Motion to Amend requesting, among other things, attorneys' fees. Plaintiff then filed a notice of appeal. In response to Defendant's request for attorneys' fees while the case was on appeal, the Middle District of Tennessee stated the following:

> It would be an **incredible waste of time** and **judicial resources** to decide the attorney's fees issue now only to find out later that this Court's entry of summary judgment in favor of Rogers–Etcheverry was incorrect. And, even if this Court's merits decision is found to be correct, Rogers–Etcheverry would undoubtedly seek fees for the time spent on appeal, meaning that the Court would have to revisit the attorney's fees issue. Rather than deciding an issue that could ultimately be for naught, or deciding it twice, the Court will defer ruling or the request for attorney's fees and costs until after the appeal has run.

*Id.* at 810 (emphasis added). Consequently, the Court stayed the Defendant's request for attorneys' fees, costs, and expenses until after a mandate was issued on appeal. *Id.* at 805.

As the Court acknowledged in *Kryder*, *Average Joe's*, and *McLemore*, ruling on Defendants' most recent Motion for Attorneys' Fees would be poor use of the Court's resources and time. Defendants acknowledged in their Motion for Attorney's Fees and Related Non-Taxable Expenses, "everything is growing in this district except the size of the federal bench and number of hours in a day." (p. 12). It follows that the Court should only have to calculate attorneys' fees once: after the final resolution of this case.

Based on the foregoing, Mr. Street respectfully requests that this Honorable Court grant his Motion to Stay Defendant's Motion for Attorneys' Fees, or in the alternative, Deny Motion for Attorneys' Fees Without Prejudice.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

By: /s/ Jason M. Pannu
    Jason M. Pannu, BPR No. 023816
    Katherine E. Morsman, BPR. No. 041530
    Roundabout Plaza
    1600 Division Street, Suite 590
    Nashville, Tennessee 37203
    (615) 208-5890
    jason.pannu@fmglaw.com
    katherine.morsman@fmglaw.com

*Counsel for Jonathan A. Street*

## CERTIFICATE OF SERVICE

This is to certify that on this the 2nd day of February 2024, a copy of the foregoing MOTION TO STAY LITIGATION PENDING APPEAL was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.

| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email<br>☒ CM/ECF | Daniel C. Crowell<br>Leslie G. Sanders<br>Stephen C. Stovall<br>Barton, LLP<br>611 Commerce Street, Suite 2603<br>Nashville, Tennessee 37203<br>dcrowell@bartonesq.com<br>lsanders@bartonesq.com<br>sstovall@bartonesq.com<br><br>*Counsel for Defendants The Lampo Group, LLC d/b/a Ramsey Solutions and Dave Ramsey* | ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email<br>☒ CM/ECF | Brandon G. Hall<br>Cullen D. Hamelin<br>Jonathan A. Street<br>Lauren J. Irwin<br>Employment & Consumer Law Group<br>1720 West End Avenue, Suite 402<br>Nashville, Tennessee 37203<br>bhall@eclaw.com<br>chamelin@eclaw.com<br>street@eclaw.com<br>lauren@eclaw.com<br><br>*Counsel for Plaintiff Brad Amos* |

                                                       /s/ Jason M. Pannu
                                                       Jason M. Pannu