UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, et al, ) | |
| ) | Jury Demand |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO JONATHAN A. STREET'S (REVISED) MOTION TO STAY**

Defendants, The Lampo Group, LLC ("Lampo") and Dave Ramsey ("Ramsey"), by and through the undersigned counsel, respond in opposition to Jonathan A. Street's (Revised) Motion to Stay Defendants' Motion for Attorneys' Fees, or in the alternative, Deny Defendants' Motion for Attorneys' Fees without Prejudice. (Doc. #159).

**I.    The Scope of Mr. Street's Motion to Stay**

Defendants write briefly to address the scope of Mr. Street's motion to stay filed at Doc. #159.

First, Mr. Street's motion to stay has only been filed by him individually. Plaintiff, Brad Amos, did not join Mr. Street's motion and has not filed a response to it.[1] We take that to mean that Plaintiff neither supports nor opposes Mr. Street's motion.

Second, Mr. Street's motion only addresses Defendants' Motion for Attorney's Fees and Related Non-Taxable Expenses filed at Doc. #142. His motion does not address Defendants'

---

[1] Plaintiff responded in support of Mr. Street's original motion to stay. *See* Docs. #151, 154. Mr. Street subsequently struck his original motion to stay (Doc. #158) and filed the current, revised version (Doc. #159).

Bill of Costs filed at Doc. #141. We take that to mean that neither Plaintiff nor Mr. Street are seeking to stay the Court's resolution of Defendants' Bill of Costs.

## II. Legal Standard

Rule 54(d) creates a presumption that motions for attorney's fees should be resolved shortly after judgment is entered. *See, e.g., Prism Technologies, LLC v. McAfee, Inc.*, 2013 WL 571789 at *1-2 (D. Neb. Feb. 13, 2013) (addressing attorney's fees and costs); *Gandy v. Shelby County, Tennessee,* 2007 WL 9710092 at *3 (W.D. Tenn. Aug. 24, 2007) (addressing costs); *Holley v. Giles County, Tennessee*, 2005 WL 2230081 at *2 (M.D. Tenn. Sept. 12, 2005) (addressing costs); *Singleton v. Department of Correctional Education, et al*, 2003 WL 22299039 at *1-2 (W.D. Va. Oct. 3, 2003) (addressing costs). While courts retain discretion to delay ruling on motions for attorney's fees until any appeals have concluded, a valid reason is required for deviating from customary practice. *Id*.

In *Wyatt v. Nissan North America, Inc.*, the Court explained the considerations behind resolving requests for attorney's fees while an appeal is pending versus after the appeal has concluded. 2020 WL 13719267 (M.D. Tenn. April 10, 2020). The Court acknowledged that the decision rests in its sound discretion and that the Court may rule immediately, defer its ruling until the appeal has concluded, or deny the motion for attorney's fees without prejudice to refiling after the appeal has concluded. *Id.* at *1. The Court also observed that district courts have taken divergent approaches, though all centered on maximizing efficiency and judicial economy. *Id.*

The Advisory Committee Notes to the 1993 Amendments to Rule 54(d) address both sides of this coin:

> In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case…. Prompt

2

> filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case….
>
> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.

Fed. R. Civ. Pro. 54(d) Advisory Committee Notes, 1993 Amendments.

Decisions generally seem to come down to weighing the risks of (i) creating multiple piecemeal appeals by delaying resolution of a motion for attorney's fees versus (ii) the district court having to resolve a motion for attorney's fees twice, first during the pendency of an appeal and again after the appeal has concluded.

### III. Mr. Street's Motion to Stay Should Be Denied

Defendants believe that the Court should deny Mr. Street's motion to stay (Doc. #159) and resolve their Motion for Attorney's Fees and Related Non-Taxable Expenses (Doc. #142) while Plaintiff's appeal is pending for the following reasons:

First, Plaintiff has only appealed the Court's dismissal of his claims against Lampo. (Docs. #136-137). He has not and now cannot appeal the Court's dismissal of his claims against Ramsey. (Doc. #110). Plaintiff sued Ramsey over two years ago on December 13, 2021 (Doc. #1), Ramsey actively and successfully defended Plaintiff's claims for nearly two years, and the judgment entered in Ramsey's favor is now final and non-appealable. Ramsey's ability to pursue and potentially recover attorney's fees and related non-taxable costs should not be delayed by an

appeal to which he is not a party. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 4745933 at *4 (N.D. Cal. Sept. 19, 2014) (acknowledging prevailing party's interest in prompt payment of taxable costs).

Second, Plaintiff has not moved the Court to stay Defendants' Motion for Attorney's Fees and Related Non-Taxable Costs or responded in support of Mr. Street's motion. While Mr. Street is a party-in-interest with respect to Defendants' motion, he is the only party-in-interest requesting a stay and not a party-in-interest to Plaintiff's appeal before the Sixth Circuit.

Third, Defendants' Motion for Attorney's Fees and Related Non-Taxable Expenses seeks to recover attorney's fees and costs as sanctions for Plaintiff and his counsel's decision to file and pursue frivolous claims. It is intrinsically linked with the Court's decisions to dismiss Plaintiff's claims against Defendants pursuant to Rule 12(b)(6), which also happens to be the only issue before the Sixth Circuit on appeal—whether the Court properly dismissed Plaintiff's claims against Lampo pursuant to Rule 12(b)(6).

There would be substantial overlap between the Sixth Circuit's review of the Court's dismissal of Plaintiff's claims against Lampo pursuant to Rule 12(b)(6) and any award of attorney's fees and costs to Defendants as sanctions because Plaintiff's claims were frivolous. The Sixth Circuit's analysis would ultimately come down to degrees—(i) were Plaintiff's claims against Lampo frivolous and (ii) were Plaintiff's claims against Ramsey (and potentially Lampo) sufficiently frivolous to warrant sanctions?

Fourth and relatedly, this case is distinguishable from *Kryder v. Estate of Rogers*—a case emphasized in Mr. Street's motion to stay and the Court's decision in *Wyatt*—in that Defendants are seeking to recover attorney's fees and costs from Plaintiff and Mr. Street as sanctions for filing and pursuing frivolous claims, not as the prevailing party pursuant to a contractual fees and

4

costs provision. 321 F. Supp. 3d 803, 810 (M.D. Tenn. June 12, 2018) ("Here, the request for fees is based upon the terms of the April 16, 2010 Promissory Note…."). To the extent that Lampo pursues any additional attorney's fees and costs in connection with Plaintiff's appeal, that motion will presumably be filed with and resolved by the Sixth Circuit pursuant to Rule 38 of the Federal Rules of Appellate Procedure or another appropriate, non-contractual avenue.

In this case, there is a much greater risk of creating multiple piecemeal appeals by delaying resolution of Defendants' motion than the Court having to revisit Defendants' motion a second time by resolving it now. Efficiency and judicial economy would be best promoted by denying Mr. Street's motion and resolving Defendants' Motion for Attorney's Fees and Related Non-Taxable Expenses while Plaintiff's appeal is pending.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that, on February 22, 2024, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Lauren J. Irwin
Brandon G. Hall
Cullen D. Hamelin
THE EMPLOYMENT AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

Jason M. Pannu
Katherine E. Morsman
FREEMAN MATHIS & GARY, LLP

*Attorneys for Jonathan A. Street*

                                                 /s/Daniel Crowell
                                                 Daniel Crowell (TN #31485)
                                                 *Attorney for Defendants*

6

Case 3:21-cv-00923    Document 162    Filed 02/22/24    Page 6 of 6 PageID #: 4840