# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

BRAD AMOS,                                       ]
                                                 ]
                          Plaintiff,             ]        Case No: 3:21-CV-00923
                                                 ]
vs.                                              ]        Judge Richardson
                                                 ]
THE LAMPO GROUP, LLC et al,                      ]        Magistrate Judge Holmes
                                                 ]
                          Defendants.            ]        Jury Demand

---

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

---

The Plaintiff, Brad Amos, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 54 and Local Rule 54.01, files these objections to the bill of costs filed by the Defendants', The Lampo Group, LLC. (Doc. 141).

## I.      AN AWARD OF COSTS IS INAPPROPRIATE

Under Rule 54, Fed. R. Civ. Proc., it is within the Court's power to determine "the equity of awarding costs under all of the circumstances of the case." *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000). A court "may not award costs until it has determined that the expenses sought to be taxed as costs were for material or services necessarily obtained for use in the case and in an amount that is reasonable. *Cooley v. Lincoln Elec. Co.*, 776 F.Supp.2d 511, 573 (N.D. Ohio 2011). A court's authority to award costs is confined to the items listed under 28 U.S.C. § 1920. *Id.* Denial of costs may be justified in cases which (1) the taxable costs are unnecessary or unreasonably large; (2) the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for defendant; and (4) the

litigation is close and difficult. *Id.* Additionally, the Sixth Circuit may deny costs if a losing party brought the claims in good faith. *Wingo v. Michigan Bell Tel. Co.,* No. 16-12209, 2019 WL 9100372, at *1 (E.D. Mich. Mar. 14, 2019). Here, the Court should deny Defendants' requests for costs for the following reasons:

> a. <u>Defendants' are not entitled to costs for electronically stored information under 28 U.S.C. § 1920(4).</u>

Defendants' costs for electronically stored information are not recoverable under 28 U.S.C. § 1920(4) and should not be taxed. A court may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). A majority of Sixth Circuit district courts hold that ESI expenses are taxable only when they constitute real, copy-like costs. *Med. Mut. of Ohio v. Air Evac EMS, Inc.*, No. 1:16 CV 80, 2020 WL 13454002 (N.D. Ohio Sept. 1, 2020). In *Med. Mut. of Ohio*, the court determined that "scanning pages; converting files; producing documents; and importing, exporting, and loading data constitute[d] copying within the meaning of § 1920(4)." *Id.* at 6. Comparatively, payments for data housing, user licensing fees, sales tax, and various other administrative fees were not recoverable because they fail to relate to copying. *Id.*

Here, Defendants' Bill of Costs (Doc. 141) include $25,557.23 for "other costs" associated with ESI. Specifically, Defendants' request costs for "the hosting, processing, and production of the ESI." (Doc. 141, pg. 5). Defendants' improperly assert these costs as recoverable under 28 U.S.C. § 1920(4). Defendants' itemization of costs does not list "copying" or any "copy-like" costs which would be recoverable.

> b. <u>Defendants' costs are unnecessary and unreasonably large.</u>

Even if the Court determines Defendants' are entitled to costs under 28 U.S.C. § 1920, costs should be denied because they were unnecessary or unreasonably large. First, Defendants'

allege their costs "were necessary and reasonably proportionate to the unreasonable discovery requests." (Doc. 141-1, pg. 2). Defendants' maintain a significant portion of their costs result from having to produce over 51,000 documents, over 200 hours of recorded audio, and having to search approximately 3,300 email accounts. (*Id.*). However, only a minimal portion of the discovery provided by Defendants was actually responsive. Defendants' own persistence and refusal to comply with discovery requests and the Court's orders resulted in an accumulation of discovery. Plaintiff should not be responsible for bearing the cost of discovery the Court determined to be relevant and proportional to the needs of the case. Similarly, costs incurred by the Defendants' resulting from the production of non-responsive documents would be unnecessary or unreasonably large costs and should not be awarded.

Secondly, Defendants costs associated with fees of summons and subpoenas is unnecessary and unreasonably large. (Doc. 141-1, pg. 3). While a party may be awarded reasonable costs in relation to the personal service of subpoenas under 28 U.S.C. § 1920(1), "if a party uses a private server, the costs cannot exceed what would be charged by the U.S. Marshals Service for the same service." *Southall v. USF Holland, Inc.,* No. 3:15-CV-01266, 2021 WL 1397221, at *9 (M.D. Tenn. Feb. 10, 2021). The United States Marshals service fees for process served or executed personally are $65 per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114. Defendants' utilized a private server, First Legal Network, to serve a subpoena on Melissa Amos. (Doc. 141-1, pg. 3). On three occasions First Legal Network attempted to serve the subpoena and incurred charges amounting to $190.88, $514.43, and $94.00. (*Id.*). While Defendants' provide invoices for these attempts, they fail to identify what exactly occurred to warrant such large charges. Instead, the invoices include costs under a general "misc." category.

Clearly First Legal Network's fees exceed the $65 charged by the U.S. Marshals Service and are unnecessary and unreasonably large.

    c. <u>Plaintiff's claims were brought in good faith and contained novel and complex issues of law.</u>

Defendants' costs should be denied because Plaintiff's claims were brought in good faith and contained novel and complex issues of law. Defendants' allege costs should be awarded, in part, because the litigation was not close or difficult and the case did not involve novel or complex issues of law. (Doc. 141-1, pg. 2). This argument cannot stand. Plaintiff believed, and continues to believe, that he has been the victim of discrimination, fraud, deceptive practice, and unlawful retaliation and truly believes he is entitled to judicial relief. Plaintiff brought his claims in good faith as a result. Further, the outcome of Plaintiff's claims could not be known without ligation due to the novel and complex issues of law. Plaintiff brought a claim for "reverse religious discrimination" which the Sixth Circuit has not weighed in on as of yet—although other circuits have determined it is in fact a valid claim. *See, e.g. Noyes v. Kelly Servs*., 488 F.3d 1163 (9th Cir. 2007); *Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1038 (10th Cir. 1993). Similarly, Plaintiff's claims involved COVID-19 regulations which presented new issues for the court to interpret. Accordingly, Defendants' costs should be denied as litigation was close and difficult.

## II.    CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests Defendants' bill of costs be denied in full.

    Respectfully Submitted,

    **THE EMPLOYMENT & CONSUMER LAW GROUP,**

    <u>*/s/ Jonathan A. Street*</u>
    **JONATHAN STREET, BPR NO. 021712**

**LAUREN IRWIN, BPR No. 034833**
Attorneys for Plaintiff
1720 West End Ave, Suite 402
Nashville, TN  37203
(615) 850-0632

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via electronic mail and via the Court's electronic filing system this 23rd day of February, 2024 to the following:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON LLP**
611 Commerce Street, Suite 2603
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Counsel for Defendants The Lampo
Group, LLC d/b/a Ramsey Solutions
and Dave Ramsey*

Jason M. Pannu (BPR No. 023816)
Katherine E. Morsman (BPR No. 041530)
**FREEMAN MATHIS & GARY, LLP**
Roundabout Plaza
1600 Division Street, Suite 590
Nashville, Tennessee 37203
Jason.pannu@fmglaw.com
Katherine.morson@fmglaw.com

*Counsel for Jonathan A. Street*

*/s/ Jonathan Street*
Jonathan Street