IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS and DAVE RAMSEY, | ) Judge Eli J. Richardson<br>) Magistrate Judge Barbara D. Holmes |
| Defendants. | ) |

**BRAD AMOS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND OTHER NON-TAXABLE COSTS**

**I.      INTRODUCTION**

Plaintiff Brad Amos, by and through counsel, hereby submits this response in opposition to The Lampo Group, LLC d/b/a Ramsey Solutions ("Lampo") and Dave Ramsey's ("Mr. Ramsey") (collectively, "Defendants") Motion for Attorney's Fees and Other Non-Taxable Costs. Plaintiff adopts by reference Jonathan A. Street's Response to Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs in its entirety as if set out fully herein.

**II.     INTRODUCTION**

On 12 January 2024, Defendants filed their Motion for Attorney's Fees and Related Non-Taxable Expenses [Doc. 142] and a Memorandum of Law in Support [Doc. 143]. This Motion is premature as the case is pending appeal in the United States Court of Appeals for the Sixth Circuit. Therefore, Defendants' Motion should be stayed or deferred until the appeal is resolved. Alternatively, the Court should deny the Motion without prejudice. Further, Defendants Motion should be stricken for failure to comply with Local Rule 7.01 as set out in Plaintiff's Motion to

Strike Defendants' Motion for Attorney Fees and Related Non Taxable Expenses. (Doc 144). Throughout this Response, Plaintiff incorporates and adopts by reference facts and arguments laid out in full by Jonathan Street in his Response in Opposition to Defendants' Motion for Fees and Costs [Doc. 164]. This practice has been specifically permitted by this Court in *Southall v. USF Holland, LLC*, 2021 WL 1341232 at *3 (M.D. Tenn. April 9, 2021).

### III. FACTUAL BACKGROUND

Plaintiff adopts by reference the facts as stated by Jonathan A. Street in his Response to Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs. (Doc. 164).

### IV. THIS ACTION SHOULD BE STAYED UNTIL THE APPEAL IS COMPLETE

Plaintiff adopts by reference Mr. Street's argument that this action should be stayed until the appeal is complete as stated by Mr. Street in his Response to Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs. (Doc. 164). In accordance with this Court's decisions in *Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 809 (M.D. Tenn. 2018), *Wyatt v. Nissan N. Am., Inc.*, No. 3:17-CV-1545, 2020 WL 13719267, at *1 (M.D. Tenn. Apr. 10, 2020), it is Plaintiff's position that the most efficient course of action is to stay Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs until Plaintiff's appeal is fully resolved.

### V. THE DEFENDANTS SHOULD NOT BE AWARDED FEES UNDER 28 U.S.C. § 1927

Plaintiff adopts by reference Mr. Street's argument that Defendants should not be awarded fees under 28 U.S.C. § 1927 as stated by Mr. Street in his Response to Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs. (Doc. 164).

### VI. PLAINTIFF WAS NOT UNREASONABLE IN BRINGING THIS SUIT

Despite Defendants' contentions, a dismissal does not render a suit frivolous. In *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, the United States Supreme

Court cautioned district courts against using "hindsight logic" to determine whether a case is frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). To do so would prevent plaintiffs seeking justice and equity from bringing meritorious claims for fear they will be subject to crushing attorney's fees.

It is undeniable from the facts that Mr. Amos moved himself and his family across the country for his position with the Lampo Group. [Amended Complaint, ¶ 118, 209, 302, 374]. It is equally undeniable that Mr. Amos took a significant pay decrease for his position with the Lampo Group [Amended Complaint, ¶ 17, 51, 52, 214, 302, 305]. Mr. Amos made significant personal and professional sacrifices for his position with the Lampo Group [Amended Complaint, ¶ 17, 51, 52, 302]. In the midst of an unprecedented pandemic, Mr. Amos was terminated with little warning or reason [Amended Complaint, ¶ 121-130, 319-323]. It is only natural that Mr. Amos would be upset with this turn of events and seek legal counsel.

When Plaintiff's counsel was approached by Mr. Amos, the outcome of the lawsuit was unpredictable, as the COVID-19 regulations on which Mr. Amos' case relied were novel. No one could have known the outcome of this litigation without going through it. Plaintiff's claims were also novel as he brought a claim for "reverse religious discrimination" which the Sixth Circuit has not weighed in on as of yet—although other circuits have determined it is in fact a valid claim. *See, e.g. Noyes v. Kelly Servs*., 488 F.3d 1163 (9th Cir. 2007); *Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1038 (10th Cir. 1993). Even so, when determining whether an award of attorneys' fees and costs are appropriate "a plaintiff's failure to state a prima facie case is not dispositive." *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 637 (6th Cir. 2009) (citing *Christiansburg*, 434 U.S. at 421-22).

Ultimately, Plaintiff believed, and continues to believe, that he has been the victim of discrimination, fraud, deceptive practice, and unlawful retaliation and truly believed he was entitled to judicial relief. Nothing about Mr. Amos' suffering is frivolous based on the advice of counsel and the novelty of his claims. Defendant has also failed to identify any improper purpose on the part of Mr. Amos which would substantiate an award of attorneys' fees and costs.

## VII. DEFENDANT SHOULD NOT RECOVER FEES UNDER THE TENNESSEE PROTECTION ACT

The TPPA provides that attorney's fees may be awarded to the prevailing defendant "[i]f any employee files a cause of action for retaliatory discharge for any improper purpose, such as to harass or to cause needless increase in costs to the employer." *Id*. at § (f)(2). "[F]iling a claim that has no chance of success does not equate to filing a claim for an improper purpose." *Southall v. USF Holland, Inc.,* No. 3:15-CV-01266, 2021 WL 1397221, at *6 (M.D. Tenn. Feb. 10, 2021)

As the Court pointed out in its Order [Doc. 137], a party could, as Defendants did [Doc. 31 at pp. 3-4], construe the meaning of illegal activities to include "activities at least reasonably believed by Plaintiff to be illegal." This was certainly the case. During the coronavirus pandemic, the local government took several measures in an attempt to limit the spread of the coronavirus— including those cited in Mr. Amos's lawsuit. Because Tennessee had not experienced a pandemic of this kind in modern history, the government's action was necessarily unprecedented. Mr. Amos, who is notably not a trained lawyer or government official, received and reviewed Orders from the Governor of Tennessee instructing businesses and individuals about precautions to prevent the spread of Covid-19. Being that these Orders came directly from the highest ranking official in Tennessee and were the first of their kind, Mr. Amos reasonably believed these orders to be law. When he observed Defendants acting contrary to government orders, he formed a reasonable belief that Defendants were violating the law.

The TPPA further defines illegal activities as "any regulation intended to protect the public health, safety, or welfare." Tenn. Code Ann. 50-1-304(3)(a). Even if Mr. Amos could have known that the Court would find Governor Lee's orders to not be law, which he could not have, a belief that they were at least regulations referenced in the statute was reasonable prior to the Court's ruling because they were issued with the express purpose of limiting the spread of COVID-19 as a public health measure. While the Court eventually found these orders to be something less than the kind of "regulation" referenced in the TPPA, this was not a foregone conclusion when Mr. Amos filed his lawsuit. Mr. Amos filed his TPPA claim based on the honest belief that Defendants were not complying with the law, and not to harass either Defendant.

Simply put, Defendants in their brief have failed to identify any facts which tend to show Mr. Amos brought this lawsuit for any improper purpose such as to harass or needlessly increase the costs to the Defendant. Even if the Defendants can show that Mr. Amos's lawsuit had no chance of success, which they cannot, they have not identified an actual improper purpose for which they would be entitled to their attorneys' fees and costs.

## VIII. DEFENDANT SHOULD NOT RECOVER FEES UNDER TITLE VII

When the prevailing party in a Title VII action is the defendant, a court may award the defendant its attorney's fees if the "court find[s] that [the plaintiff's] claim was frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). Even a plaintiff's failure to state a prima facie case is not dispositive. *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 637 (6th Cir. 2009) (citing Christiansburg, 434

U.S. at 421-22). *Russ v. Memphis Light, Gas & Water Div.*, No. 14-02365, 2017 WL 2539803, at *3 (W.D. Tenn. June 12, 2017)

When Plaintiff filed his lawsuit, he did so based on the facts as he experienced them: his Christian belief to take certain countermeasures conflicted with his employment and ultimately cost him his job. Though the Court was ultimately not persuaded that Mr. Amos' beliefs and actions were religious in nature, this does not render the claim frivolous. The conflict between Mr. Amos' beliefs and actions and Lampo's policies ultimately came to a head as a result of an unprecedented global pandemic. Religious beliefs and claims of religious discrimination under Title VII had not previously been litigated in this context and prior to the Court's decision. The mere fact that Plaintiff's claim was ultimately dismissed does not render it frivolous, unreasonable, or groundless. Defendants also failed to identify any point at which Mr. Amos became aware that his claims were frivolous, unreasonable, or groundless. Defendants have instead repeatedly pointed out their belief that Mr. Amos' claims were groundless. Defendants' belief or opinion of Mr. Amos' claims are irrelevant. Mr. Amos had a good faith belief in pursuing his claims and until guidance from the Court was provided on this unique and novel set of facts, Mr. Amos had no reason to believe his claims would be anything other than meritorious.

The Sixth Circuit has also held that "attorneys' fees should be awarded to defense counsel in Title VII actions only in the most 'egregious circumstances.'" *Noyes v. Channel Prod., Inc.*, 935 F.2d 806, 810 (6th Cir. 1991) (citing *E.E.O.C. v. Bellemar Parts Industries*, 868 F.2d 199 (6th Cir.1989)). Mr. Amos' case certainly does not fit this bill. In *Noyes*, the Plaintiff filed a claim alleging that she had been constructively discharged. *Noyes*, 935 F.2d at 808. However, prior to filing her claim, the state court had determined that the Plaintiff had voluntarily terminated her employment. *Id*. When the Plaintiff filed her claim in federal court, Defendant filed a motion in

limine to preclude the re-litigation of matters that had been decided by the state court—specifically the issue of her constructive discharge, an essential element of her claim of retaliation. *Id.* at 808–809. The Court found for Defendant. *Id*. Because Plaintiff could no longer argue she had been constructively discharged, no issues of material fact remained. *Id.* However, Plaintiff did not concede the case subsequent to this ruling, and the Court found that she had unnecessarily prolonged the litigation and awarded attorneys' fees to Defendant. *Id*.

Mr. Amos' case is clearly distinguishable. At no point prior to the court's ruling on Defendants' Motions to Dismiss did the Court make Mr. Amos or his attorneys aware that any portion of his claim would preclude recovery. Mr. Amos continued to engage in reasonable, good faith discovery efforts in order to fully investigate his claims. Defendant has failed to point to any fact or ruling that should have put Mr. Amos on notice that his claims would be dismissed other than their own subjective assertions that they did not believe his claims to have merit. It is clear here that Mr. Amos' actions in this case were those of a reasonable Plaintiff and not the kind of egregious circumstances that warrant an award of attorney's fees and costs to Defendant.

IX. **DEFENDANTS SHOULD NOT BE AWARDED FEES PURSUANT TO THE COURT'S INHERENT AUTHORITY**

In order to award fees pursuant to the Court's inherent authority, there <u>must</u> be a finding of bad faith. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (emphasis added). The Court must further find that "the claims advanced were meritless, the counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Big Yank Corp. V. Linerty Mut. Firs Ins. Co.,* 125 F.3d 308, 313 (6th Cir.1997) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1375 (6th Cir.1987)). "A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad

faith exists and in assessing fees."). *In re John Richards Homes Bldg. Co.*, 552 F. App'x 401, 414–15 (6th Cir. 2013).

Mr. Amos' claims were neither brought in bad faith nor for an improper purpose. Mr. Amos brought his claims based on the good faith belief that the law had been violated. Several of Mr. Amos' claims, as discussed in more detail above, were novel and Mr. Amos could not have made any predictions about how the Court may rule without actually litigating his claims. Defendants have argued only that Mr. Amos' claims ultimately failed as a basis for awarding fees. This does not rise to the level of bad faith or harassment necessary for awarding fees under the Court's inherent authority.

Defendants repeatedly make the vague assertion that Plaintiff's claims were brought in bad faith without providing any support. Defendants cannot rely on these baseless assertions as the basis for their argument for receiving attorney's fees and costs.

## X.  THE FEES REQUESTED BY DEFENDANT ARE NOT REASONABLE

Defendants have requested $389,041.50 in legal fees between December 13, 2021 and Tuesday, November 30, 2023. This is unreasonable based on the alleged work done. There are numerous instances where billing amounts seem artificially inflated based on the number of hours billed as compared to tasks undertaken. On multiple occasions, several attorneys appear to spend inordinate amounts of time completing the same tasks.[1] Finally, a significant amount of the billing resulted directly from Defendants numerous failed attempts to obstruct the discovery process. By their own admission, at least 70% of their expenses arose as a result of the discovery process. Defendants cannot argue that the expenses incurred were the fault of the Plaintiff. Rather, any excessive fees incurred by Defendants were a result of their counsel's efforts to delay litigation by

---

[1] Plaintiff incorporates by reference the specific duplicative and unnecessary billing cited in Mr. Streets Response in Opposition to Defendant's Motion for Fees and Costs.

obstructing the discovery process—a tactic that was addressed by the Court on numerous occasions.

## XI. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests Defendants' Motion for Attorney's Fees and Other Non-Taxable Costs be denied in full, or, in the alternative, stayed until the resolution of Plaintiff's appeal.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

**/s/ *Lauren Irwin*** 
**JONATHAN STREET, BPR 021712**
**LAUREN IRWIN, BPR 034833**
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632

*Counsel for Plaintiff Brad Amos*

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of February 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON LLP**
611 Commerce Street, Suite 2603
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Counsel for Defendants The Lampo Group, LLC d/b/a Ramsey Solutions and Dave Ramsey*

Jason M. Pannu (BPR No. 023816)
Katherine E. Morsman (BPR No. 041530)
**FREEMAN MATHIS & GARY, LLP**
Roundabout Plaza
1600 Division Street, Suite 590
Nashville, Tennessee 37203
Jason.pannu@fmglaw.com
Katherine.morson@fmglaw.com

*Counsel for Jonathan A. Street*

                                                */s/ Lauren Irwin*
                                                Lauren Irwin