2017 WL 2539803
United States District Court, W.D.
Tennessee, Western Division.

Joanne P. RUSS, Plaintiff,
v.
MEMPHIS LIGHT, GAS AND
WATER DIVISION, Defendant.

No. 14-02365
|
Signed 06/12/2017

**ORDER**

SAMUEL H. MAYS, JR., UNITED STATES DISTRICT JUDGE

 *1  Before the Court is Defendant Memphis Light, Gas and Water Division's ("MLGW") November 8, 2016 Motion for Attorney's Fees (the "Motion"). (ECF No. 158 at 2924.[1]) Plaintiff Joanne Russ responded on February 13, 2017. (ECF No. 177 at 4550.) MLGW replied on March 6, 2017. (ECF No. 181 at 4569.)

For the following reasons, the Motion is DENIED.

**I. Background**

Russ filed this action against MLGW alleging discrimination and retaliation and seeking relief under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendment Act of 2008 (collectively, the "ADA"); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and 42 U.S.C. § 1983.[2] (ECF No. 1 at 1.)

MLGW moved to strike several paragraphs in the Complaint under Rule 12(f), contending that the Complaint alleged "only" a single count, a violation of the ADA "by discriminating and retaliating against [Russ] based upon her alleged disability or perceived disability."[3] (ECF No. 24 at 79-80; see also ECF No. 17 at 51-52.) MLGW argued that the allegations in those paragraphs were "(1) time-barred ...; (2) new and inconsistent with [Russ's EEOC] Charge; and/or (3) factually unrelated to Plaintiff's ADA cause of action." (ECF No. 24 at 79.)

MLGW also filed a "Partial Motion to Dismiss" under Rule 12(b)(6). (ECF No. 31 at 109.) Although MLGW contended that the Complaint included only "one general cause of action: alleged violations of the [ADA]," it asked that, "[t]o the extent [certain] allegations [in the Complaint] could be construed to support or constitute discrete and separate claims under the umbrella of Plaintiff's ADA cause of action ... these claims should be formally dismissed for failure to state a claim." (Id. at 110.) MLGW asked the Court "to dismiss with prejudice all discrete and separate claims contained in the Complaint that [were] (1) time-barred, having occurred prior to April 17, 2013; (2) not included in the Charge and alleged to have occurred prior to filing the Charge; (3) not based on disability discrimination; and (4) based on retaliatory acts that allegedly occurred before Plaintiff made her accommodation request." (Id.)

The Court entered an order addressing MLGW's motions. (ECF No. 39 at 174.) Addressing the partial motion to dismiss, the Court explained:

> MLGW's Partial Motion to Dismiss repeats the arguments made in its ... Motion to Strike. MLGW seeks to strike or dismiss paragraphs 6-17, 19-23, and 29 of the ... Complaint. MLGW argues that the allegations in those paragraphs are immaterial because the events alleged occurred before Russ'[s] disability or are not relevant to proving discrimination or retaliation under the ADA. MLGW's Partial Motion to Dismiss does not challenge either of Russ'[s] theories of recovery, discrimination or retaliation.

 *2  (Id. at 177 (citations omitted).) The Court construed MLGW's partial motion to dismiss as a motion to strike. (Id.)

Addressing the motions to strike, the Court found that "events in the challenged paragraphs, beginning with the start of [Russ's] employment at MLGW and leading up to the filing of her September 2013 internal charge and October 2013 request for accommodation, provide background information for Russ'[s] timely claims." (Id. at 180.) The Court also found that those events were "material ... to show that MLGW treated [Russ] differently after she became disabled" and "material ... to show that MLGW had a discriminatory motive." (Id. at 181.) The Court rejected MLGW's argument that, if the challenged paragraphs in the Complaint were not stricken, MLGW would be required to expend "considerable time and financial resources" to engage in discovery related to, and

defend itself against, time-barred and nontriable allegations. (Id. at 181-82.) The Court explained:

> The inclusion of the challenged allegations will not significantly prejudice MLGW. MLGW has ample incentive and opportunity to explore these matters in discovery. Because the alleged events may become relevant to proving or disproving a discriminatory motive, MLGW would have the same incentive to explore the challenged allegations in discovery even if they were not included in the ... Complaint.

(Id. at 182.) The Court denied MLGW's motions. (Id.)

MLGW subsequently moved for summary judgment. (ECF No. 81 at 316.) The Court entered an order granting in part and denying in part the motion. (ECF No. 111 at 1607.) The Court granted the motion on all claims for retaliation under the ADA and Title VII, the claim for hostile work environment under the ADA, and the claim for failure to accommodate under the ADA based on MLGW's denial of Russ's request for additional staff and a 9:30 a.m. start time. (Id. at 1640.) The Court denied the summary judgment motion on Russ's claim for failure to accommodate under the ADA based on MLGW's denial of Russ's request for a 40-hour work week and her claim for constructive discharge. (Id.) The Court did not address the claim under 42 U.S.C. § 1983 based on Russ's prior representations that she was not proceeding on that claim. (Id. at 1608.)

Russ's remaining claims proceeded to a seven-day jury trial. (ECF No. 139.) At the close of Russ's proof, MLGW moved for judgment as a matter of law under Rule 50. (ECF No. 143.) The Court deferred ruling on the motion. (Id.) At the close of all proof, MLGW renewed its motion for judgment as a matter of law. (ECF No. 146.) The Court again deferred ruling on the motion and submitted the case to the jury. (Id.) The jury returned its verdict in favor of MLGW and against Russ on the remaining claims. (ECF No. 147.) The Court entered judgment in favor of MLGW and dismissed the action. (ECF No. 151 at 1961.)

This Motion followed. MLGW seeks an award of "all its attorney's fees incurred in connection with this litigation—past, present and future." (ECF No. 158 ¶ 6 at 2926.) MLGW argues that "Plaintiff's lawsuit was frivolous, unreasonable and without any foundation, particularly with regard to her time-barred, non-exhausted, and non-ADA claims—based upon acts occurring in the 1970's, 80's, 90's and 2000's, discrimination in violation of Title VII (when no such allegations had been preserved in Plaintiff's Charge), and ADA retaliation (when Plaintiff had not included such a cause of action in her Original or Amended Complaints)." (ECF No. 155 at 2102.)

*3 At present, MLGW asks for $321,164.12, categorized as follows: (a) $16,751.00 for the pre-discovery phase; (b) $65,594.63 for the discovery phase; (c) $35,499.31 for the dispositive-motion phase; (d) $10,143.50 for two mediation attempts; (e) $113,714.88 for trial preparation; (f) $79,020.00 for trial; and (g) $440.80 for post-trial matters. (ECF No. 158 ¶¶ 7-8 at 2926-27.) MLGW does not differentiate among individual claims in presenting its fee calculations for each phase of the litigation.

## II. Legal Standards

MLGW seeks attorney's fees under Rule 54(d)(2) and Local Rule 54.1. Rule 54(d)(2) provides that a party seeking an award of attorney's fees must, *inter alia*, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii). Local Rule 54.1 provides:

> In addition to the requirements of Fed. R. Civ. P. 54(d)(2), a motion for an award of attorney's fees shall be supported by a memorandum setting forth the authority of the Court to make such an award, why the movant should be considered the prevailing party, if such a consideration is required for the award, and any other factors that the Court should consider in making the award.

L.R. 54.1(b). The rule requires that the motion be supported by "an affidavit or declaration of counsel setting out in detail the number of hours spent on each aspect of the case, and the rate customarily charged by counsel for such work." L.R. 54.1(b)(1).

MLGW seeks attorney's fees under the ADA (specifically, 42 U.S.C. § 12205), Title VII (specifically, 42 U.S.C. § 2000e-5(k)), and 42 U.S.C. § 1988(b) (the attorney's fees provision for actions under § 1983). The parties agree that the legal standard articulated in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), governs assessment of attorney's fees under these statutes.

In certain actions under the civil rights laws, "a district court may in its discretion award attorney's fees to a prevailing defendant" even though the action is "not brought in subjective bad faith." Id. at 421. A "plaintiff should not be assessed his opponent's attorney's fees unless a court finds

that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422.

"An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Cont'l Corp., 789 F.2d 1225, 1232 (6th Cir. 1986). A district court must not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," which "could discourage all but the most airtight claims." Christiansburg, 434 U.S. at 421-22. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. at 422.

"Courts should consider the following factors when making an attorneys' fees determination: (1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Balmer v. HCA, Inc., 423 F.3d 606, 615-16 (6th Cir. 2005), abrogated on other grounds by Fox v. Vice, 563 U.S. 826 (2011). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg." Hughes v. Rowe, 449 U.S. 5, 15-16 (1980). Even a plaintiff's failure to state a prima facie case is not dispositive. Garner v. Cuyahoga Cnty. Juvenile Court, 554 F.3d 624, 637 (6th Cir. 2009) (citing Christiansburg, 434 U.S. at 421-22).

**\*4** In an action "involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." Fox, 563 U.S. at 840-41. "[T]he presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." Id. at 834. However, the "defendant [may] receive only the portion of his fees that he would not have paid but for the frivolous claim." Id. at 836. Where a defendant incurs attorney's fees defending against frivolous claims, "if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." Id.

The fee applicant must "submit appropriate documentation to meet 'the burden of establishing entitlement to an award.' " Id. at 838 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). If " 'the documentation of hours is inadequate, the district court may reduce the award accordingly.' " Ohio Right to Life Soc'y, Inc. v. Ohio Elections Comm'n, 590 Fed.Appx. 597, 603 (6th Cir. 2014) (quoting Hensley, 461 U.S. at 433).

### III. Analysis

MLGW contends that Russ's entire action was "frivolous, unreasonable and without any foundation," including the claims that proceeded to trial. (ECF No. 155 at 2102.) MLGW argues that the jury found in its favor on those claims and that MLGW "should not be burdened with all of the costs it incurred to achieve the deserved verdict." (Id. at 2104.) Russ responds that her action survived summary judgment and that the Court twice declined to grant MLGW's motion for judgment as a matter of law. (ECF No. 177 at 4550-51.) Russ argues that "[t]here was no finding by the Court that the claims were frivolous, unreasonable or groundless," that she brought her claims in "subjective bad faith," or that she continued to litigate "after the action clearly became meritless." (Id. at 4551.)

Although the jury did not find for Russ on her trial claims, those claims were not frivolous, unreasonable, or groundless. Russ not only "presented sufficient evidence to establish a prima facie case" on those claims, but those claims also survived summary judgment and proceeded to "a full-blown trial on the merits." Balmer, 423 F.3d at 615-16. MLGW concedes that it attempted to settle the case prior to trial (ECF No. 155 at 2104), which is further evidence that the trial claims were not frivolous. See EEOC v. Peoplemark, Inc., 732 F.3d 584, 592 (6th Cir. 2013) (citing Balmer, 423 F.3d at 615-16) (finding attorney's fees awarded to defendant permissible in part because there was no indication defendant offered to settle the case). On the trial claims, the Balmer factors strongly point in Russ's favor, not MLGW's.

MLGW argues that the failure-to-accommodate claim was "unreasonable and lacking foundation" because Russ "never intended to base her ADA discrimination claim upon ... her entitlement to [a] 40-hour per week restriction" and "conveniently shifted the narrative of her case to suit the claims that remained" following summary judgment. (ECF No. 155 at 2103-04.) MLGW challenges the constructive discharge claim on the grounds that Russ "offered no evidence of [MLGW's] intention to force her to retire through its handling of her ADA accommodation request" and that she "herself offered several alternative reasons in support of her decision to retire." (Id. at 2103.)

That Russ elected to try the claims that remained following summary judgment, although some of her dismissed claims may have been more central to her Complaint, does not make the surviving claims "unreasonable and lacking foundation." MLGW challenges the sufficiency of the evidence supporting Russ's claims at trial, but the fact that Russ may not have "present[ed] sufficiently probative evidence of [her claims] at trial" does not necessarily "render [those] ... claims groundless." Muzquiz v. W.A. Foote Mem'l Hosp., Inc., 70 F.3d 422, 433 (6th Cir. 1995). MLGW's burden is to show that Russ's trial claims were "frivolous, unreasonable, or groundless," not merely non-meritorious.[4]

 *5  MLGW makes a case for the claims that failed to survive summary judgment, but those claims were not necessarily frivolous, unreasonable, or groundless. Responding to the motion for summary judgment, Russ argued that she had adequately preserved her claims in her EEOC Charge and adequately pled her claims in the Complaint, that she had made out a prima facie case for her claims, and that there were triable issues of fact. (See generally ECF No. 91-1 at 1136.) The Court was not persuaded by Russ's arguments, but it also did not decide that Russ's claims were frivolous, unreasonable, or groundless. Although Russ's § 1983 claim was of questionable merit, Russ did not "continue[ ] to litigate [it] after it clearly became so." Christiansburg, 434 U.S. at 422. In response to MLGW's motions to strike, Russ made it clear that she was no longer pursuing that claim. MLGW did not brief the § 1983 claim at summary judgment, and MLGW does not assert that it expended any resources defending that claim during discovery. (See ECF No. 81-1 at 320 n.5.)

Even if some of Russ's claims were considered frivolous, MLGW could receive only attorney's fees that it "would not have paid but for the frivolous claim[s]." Fox, 563 U.S. at 836. MLGW correctly quotes Fox that a " 'defendant may deserve fees even if not all the plaintiff's claims were frivolous,' " and that, regarding frivolous claims, a "court can shift to that plaintiff 'the reasonable costs that those claims imposed on [her] adversary.' " (ECF No. 155 at 2101-02 (alteration in original) (quoting Fox, 563 U.S. at 834).) However, MLGW has not submitted the documentation or made the distinctions that Fox requires, differentiating between fees incurred defending frivolous claims and fees incurred defending nonfrivolous claims. Although "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," some differentiation is necessary. Fox, 563 U.S. at 838-39. MLGW seeks all of the fees it incurred during the litigation. MLGW does not distinguish between trial claims and nontrial claims, let alone the various nontrial claims that were dismissed at summary judgment. Like the defendant in Fox, MLGW lumps together its fees for all claims at each phase of the litigation and takes the position that all claims were frivolous. (See ECF No. 158 at 2926-27.) That position would make the differentiation analysis that Fox requires unnecessary. For the reasons discussed above, however, MLGW's argument that all of Russ's claims were frivolous lacks merit.

MLGW contends that defending against Russ's frivolous claims imposed substantial costs that it should not have to assume. For example, MLGW contends that it was required "to engage in extensive discovery in order to prepare a comprehensive motion for summary judgment and to mount a successful defense at the trial," and that the "majority of the questions asked of the deposition witnesses were related to Plaintiff's dismissed claims." (ECF No. 155 at 2103.)

Fox's but-for standard does not provide that a defendant is entitled to "fees for work that is 'fairly attributable' to the frivolous portion of the lawsuit." 563 U.S. at 835. Rather, a defendant must show that the fees it seeks would not have been incurred "but for the frivolous claim[s]." Id. at 836. Fox offered an illustration and explained why discovery-related work done defending both frivolous and nonfrivolous claims is not compensable:

> Suppose, for example, that a defendant's attorney conducts a deposition on matters relevant to both a frivolous and a non-frivolous claim—and more, that the lawyer would have taken and committed the same time to this deposition even if the case had involved only the non-frivolous allegation. In that circumstance, the work does not implicate Congress's reason for allowing defendants to collect fees. The defendant would have incurred the expense in any event; he has suffered no incremental harm from the frivolous claim. In short, the defendant has never shouldered the burden that Congress, in enacting § 1988, wanted to relieve.

 *6  Id.

This Court has previously decided that the allegations that MLGW asked to be stricken in the Complaint were relevant to Russ's claims and that "[b]ecause the alleged events [might have] become relevant to proving or disproving a discriminatory motive, MLGW would have the same incentive to explore the challenged allegations in discovery even if they were not included in the ... Complaint." (ECF No. 39 at 182.) MLGW has not shown that it would not have

incurred its discovery expenses but for any frivolous claims. MLGW has likewise failed to make an appropriate showing regarding the other phases of litigation for which it seeks fees.

MLGW has not adequately demonstrated that it is entitled to attorney's fees in any amount. The Motion is DENIED.

**IV. Request for Hearing**

MLGW requests a hearing on the relief sought. (ECF No. 158 at 2928.) Because the relevant facts are not in dispute and the parties have fully briefed all issues of law, MLGW's request for a hearing is DENIED.

**V. Conclusion**

For the foregoing reasons, the Motion is DENIED.

So ordered this 12th day of June, 2017.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 2539803, 2017 A.D. Cases 199,153

Footnotes

1       Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2       Plaintiff later filed an Amended Complaint to correct a date in one of the allegations. (ECF No. 36 at 140.) Both the Complaint and the Amended Complaint are referred to as the "Complaint."

3       Unless otherwise noted, references to "Rule ___" are to the Federal Rules of Civil Procedure.

4       MLGW also argues that it "was required to prove at least one factor from the Christiansburg test in order to obtain reimbursement from Plaintiff for its non-taxable costs" and that, because Russ did not oppose MLGW's motion for nontaxable costs, "Plaintiff's assent to [MLGW's] receiving an award of non-taxable costs should be interpreted as an equal assent to [MLGW's] entitlement to reimbursement for its attorney['s] fees...." (ECF No. 181 at 4571-72.) MLGW contends that "Plaintiff should not be allowed to take an opposing stance at this juncture." (Id. at 4571.) MLGW asked for $3,260.39 in nontaxable costs and for $321,164.12 in attorney's fees. (ECF No. 155 at 2086; ECF No. 158 at 2926.) MLGW's argument that Russ agreed to pay something rather than nothing and is now bound to pay everything is not well taken, particularly given that the uncontested costs amount is insubstantial by comparison to the asserted attorney's fees.

**End of Document**                                                                                  © 2024 Thomson Reuters. No claim to original U.S. Government Works.