2021 WL 1341232
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Ernest A. SOUTHALL, Plaintiff,
v.
USF HOLLAND, LLC, et al., Defendants.

NO. 3:19-cv-01033
|
Filed 04/09/2021

**Attorneys and Law Firms**

Gina Renee Crawley, Law Office of GRC, Nashville, TN, for Plaintiff.

John Alan Doran, Lori Wright-Keffer, Sherman & Howard, LLC, Scottsdale, AZ, Steven E. Anderson, Anderson & Reynolds, PLC, Nashville, TN, for Defendant USF Holland, LLC.

Austin C. Evans, Robert M. Burns, Howell & Fisher, PLLC, Nashville, TN, for Defendants Occupational Centers of the Southwest, P.A. Co., Concentra.

Samuel Morris, Timothy Paul Taylor, Godwin, Morris, Laurenzi & Bloomfield, PC, Memphis, TN, for Defendant Teamsters Local 480.

## MEMORANDUM OPINION

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE

*\*1* Pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment (Doc. No. 108, "Motion"), which is accompanied by a Memorandum (Doc. No. 108-1). At the Court's direction (Doc. No. 109), Defendants have filed responses to the Motion (Doc. Nos. 122, 124, and 125). Plaintiff asks the Court to change its Order (Doc. No. 106) and Memorandum Opinion (Doc. No. 105) granting Defendants' Motions to Dismiss.

## BACKGROUND

Plaintiff brought this action pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, et seq., alleging discrimination, retaliation, interference, and interactive process breakdown/neglecting to provide a reasonable accommodation. (Amended Complaint, Doc. No. 59 at 1). Plaintiff also alleged a state law claim for third-party breach of contract. (*Id.*) Defendants filed Motions to Dismiss (Doc. Nos. 61, 72, and 74), which were granted by the Court (Doc. No. 106).

The Amended Complaint alleges that Plaintiff has a "disability," as that term is defined in the ADA (Doc. No. 59 at ¶ 20), despite the fact that the Court previously found that, *based on his own statements*, Plaintiff could not demonstrate that (or even create a genuine issue of material fact as to whether) he has a "disability." *Southall v. USF Holland, Inc.*, No. 3:15-cv-1266, 2018 WL 6413651, at \*8 (M.D. Tenn. Dec. 5, 2018) ("*Southall I*"). The Amended Complaint also alleges that Plaintiff's sleep apnea substantially limits his major life activities of sleeping, breathing, and respirating, despite the fact that the Court found, in *Southall I,* that Plaintiff denied that his sleep apnea substantially limits any major life activity. *Id.* at 7.[1]

In its Memorandum Opinion (Doc. No. 105, "Prior Opinion"), the Court found that the claims in this action were barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion) by this Court's decision in *Southall I* and the Sixth Circuit Court of Appeals' affirmance thereof. *Southall v. USF Holland, Inc.*, 794 F. App'x 479 (6th Cir. 2019). The Court held that Plaintiff's ADA claims were previously decided against him and Plaintiff's breach of contract claim could and should have been raised in *Southall I.*

## STANDARD OF REVIEW

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence,

or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

*2 Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, Case No. 2:12-cv-02668-STA-dkv, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016). "Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor." *Id.* The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Id* [2].

**ANALYSIS**

Via the Motion, Plaintiff raises five alleged errors of law that he contends constitute manifest injustice: (1) the Court did not accord sufficient weight to the behavior of Defendants' attorneys; (2) recently announced law may require the Court to specifically indicate which portions of Defendants' attorney fee filings were relied upon to reach its result; (3) the Court appeared to confuse this case with another case; (4) the Court crafted a new joinder rule without providing sufficient notice; and (5) the Court's frivolous finding is not supported by the record or the law. (Doc. No. 108-1 at 1).

The Court can quickly dispose of Plaintiff's third contention by stating that the reference to *Sullivan I* on page 11 of the Prior Opinion was simply a typographical error and should have stated "*Southall I.*" Although the Court does not begrudge Plaintiff pointing out this error, the inadvertent mistake changes nothing about the analysis and it should have been clear, in context, that the Court was referring to *Southall I.*

Plaintiff's contention that the Court did not accord sufficient weight to the behavior of Defendants' attorneys in connection with *Southall I* misses the point of the Court's Prior Opinion. Regardless of the weight to be given any alleged misbehavior of Defendants' attorneys during the *Southall I* litigation, the issues concerning that behavior could and should have been raised in *Southall I*, as explained in the Prior Opinion. Plaintiff alleges that he discovered this alleged misbehavior when Defendants filed, in *Southall I*, their motions for attorneys' fees on January 4, 2019.[3] Instead of raising any issues regarding that behavior in *Southall I* (in this Court or on appeal), Plaintiff waited until November 19, 2019, and filed this second action (before the Sixth Circuit affirmed this Court's *Southall I* order). Plaintiff has not asserted that or how the alleged misbehavior by Defendants' attorneys affected his ability to bring any concerns to the Court's attention in *Southall I* (after he "discovered" that behavior) or how the alleged misbehavior affected his ability to raise any such issues on appeal.[4]

Plaintiff asserts that without giving the alleged misbehavior of Defendants' attorneys full analysis, the Court was unable to determine whether Plaintiff had a "full and fair opportunity" to litigate his claims in *Southall I.* Whether Plaintiff had a full and fair opportunity to litigate is part of the analysis for issue preclusion (collateral estoppel). *Funk-Vaughn v. Rutherford Cty., Tenn.,* No. 3:18-cv-01311, 2019 WL 4727642, at *3 (M.D. Tenn. Sept. 27, 2019). The case upon which Plaintiff relies states that the question of "full and fair opportunity to litigate" is one of fundamental fairness. *George v. Hargett,* 879 F. 3d 711, 719 (6th Cir. 2018). Here, as in *George*, Plaintiff falls far short of demonstrating how the alleged attorney misbehavior could be deemed to have resulted in fundamental unfairness. *Id.* And as in *George*, even if it had, Plaintiff's recourse lay in appellate review. *Id.* Plaintiff vigorously challenged many things in *Southall I* and certainly had the opportunity to litigate his claims for purposes of issue preclusion. Plaintiff has not shown how the alleged attorney misbehavior allegedly affected the outcome, or even the process, of *Southall I.*[5]

*3 Moreover, even if the attorneys' alleged misbehavior *had* "impacted the advancement of Plaintiff's claims prior to entry of the judgment" as Plaintiff claims,(Doc. No. 108-1 at 6),[6] which it did not, that would not change the fact that Plaintiff is not a "qualified individual with a disability" entitling him to protections under the ADA.[7] Plaintiff has not shown that anything in the alleged behavior of Defendants' attorneys changes his admission that he had no disability or the undisputed fact that he could not safely drive for Holland. Relitigation of those issues is precluded. Although Plaintiff seems to believe that Defendants' attorneys somehow conspired with Defendants to manipulate Plaintiff's Department of Transportation ("DOT") certification examinations, Plaintiff has alleged no facts to support a claim that the results of his certification examinations were inaccurate or false. Indeed, his own treating physician testified that Plaintiff could not safely drive

WESTLAW © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2

for Holland because of his non-compliance with use of the CPAP machine. *Southall I,* 2018 WL 6413651 at *9.

Plaintiff also argues that the Court cannot determine whether the Union stands in privity with the other Defendants without affording the attorneys' behavior sufficient weight. But there is no requirement that a defendant seeking the benefits of issue preclusion (as opposed to claim preclusion) be either a party or a "privy" of (or "in privity" with) a party in the prior lawsuit. *Funk-Vaughn,* 2019 WL 4727642, at *3.

Plaintiff asserts that the Court did not rule on Plaintiff's Motion to Disqualify Counsel and dismissed the case "without addressing the impediments that were imposed by the attorneys for Holland Concentra." (Doc. No. 108-1 at 2). Plaintiff has not identified what those impediments were. As for the Motion to Disqualify Counsel (Doc. No. 94), that motion became moot when the case was dismissed. Plaintiff sought to disqualify counsel "because they are necessary material witnesses" in this case. (Doc. No. 94 at 1). Because this case was dismissed, there was no need for counsel to be witnesses in the case, and the Motion to Disqualify became moot.[8]

As for Plaintiff's contention that the Court failed to identify which specific portions of the attorneys' fees filings in *Southall I* it relied upon as evidence of a "full and fair opportunity to litigate," the Court (without deciding whether the criminal case cited by Plaintiff applies here) points Plaintiff to its decision on the motions for attorneys' fees in *Southall I* (Case No. 3-15-cv-1266, Doc. No. 265) and the explanation and citations therein. Evidence of the opportunity for Plaintiff to fully litigate that case is specifically set forth therein.

**\*4** In his fourth contention, Plaintiff asserts that the Court "crafted a new joinder rule" without providing notice, simply because the Court accepted the arguments in Concentra's motion to dismiss and those incorporated by Concentra from Holland's memorandum of law. (*See* Doc. No. 105 at 7, n.7).[9] The Court did not create a new rule. Concentra's arguments were stated in its motion to dismiss (Doc. No. 74). The arguments adopted from Holland's memorandum supported Concentra's arguments. Plaintiff filed responses to both Concentra's motion and Holland's motion. (*See* Doc. Nos. 85-86, respectively). In other words, Plaintiff had the opportunity to respond to every argument in Holland's memorandum of law that was adopted and incorporated by Concentra, and he has shown no prejudice from Concentra's not having filed a separate memorandum. Plaintiff has not identified any arguments he would have added if Concentra had filed these same arguments in its own memorandum or any information he was prevented from presenting because Concentra incorporated the arguments in Holland's memorandum. The Court will not let this "technicality" rise to the level of a reason to deny Concentra's motion under these circumstances.

Again, nothing about Plaintiff's argument that the Court has created a new rule changes the fact that Plaintiff's claims herein are barred by claim and issue preclusion. Whether Concentra filed its own, separate memorandum in support of the arguments in its motion or not, the Court's opinion does not change. Even if the Court *had* created a new rule without notice to Plaintiff, the remedy would not be to find that Plaintiff is a qualified individual with a disability entitled to protections under the ADA or to award Plaintiff damages for ADA violations. Moreover, requiring Concentra to re-submit the arguments in Holland's memorandum as its own would be an unnecessary exercise in violation of the spirit of Fed. R. Civ. P. 1.

Finally, Plaintiff asserts that the "unique posture of this case does not support a frivolous finding." (Doc. No. 108-1 at 13). He relies upon the fact that the Court denied Defendants' original motions to dismiss (Doc. No. 60) and alleges that the Court then "changed its position" when it later granted Defendants' second motions to dismiss. The first motions to dismiss were specifically denied "as moot" because Plaintiff filed an Amended Complaint. (*Id.*) The Court did not change its position. The first motions were denied because they related to a complaint that was no longer operable. There was no decision on the merits; no substantive decision was made. This argument by Plaintiff is itself frivolous.

Plaintiff challenges the Court's finding that his complaint in this case was frivolous, arguing that claim preclusion and issue preclusions are a "murky area of law." (Doc. No. 108-1 at 13). The Court certainly grants Plaintiff that the law regarding the preclusion doctrines is in many respects "murky" and that their application in many cases is debatable. But the problem for Plaintiff is that this is not one of those cases; in this case, the identification of the governing legal principles, and their application in this case to preclude Plaintiff's second shot at ADA claims, was straightforward. Contrary to Plaintiff's implication, the use by some courts of imprecise language regarding res judicata and collateral estoppel does not mean that Plaintiff's filing of ADA claims

in this case could not be frivolous. Imprecision of language in other cases had absolutely no effect on the Court's analysis and conclusion in this case; the Court was able to apply clear and uncontroversial legal principles to the undeniable fact that Plaintiff was for a second time bringing ADA claims based on the same facts as before. The Court noted the different ways of discussing preclusion doctrines in part to give a full picture of the scope of its analysis and in part to reflect its sensitivity to the very kind of argument that Plaintiff is making here (*i.e.*, that a court should not be too quick to find preclusion, because sometimes it is hard to tell whether claim preclusion and issue preclusion apply); but ultimately the Court was able to conclude with confidence that they did apply here—based upon the facts decided in *Southall I* and clear legal principles, without venturing into any "murky" areas of the law of claim preclusion or issue preclusion.[10]

## CONCLUSION

**\*5** Once again, Plaintiff disagrees with a decision of this Court. It is his prerogative to do so. But such disagreement warrants the relief sought by the Motion only if he satisfies the standards of Rule 59(e) for such relief. Plaintiff has failed to do so, and so any relief must be sought at the Sixth Circuit and not in this Court.

For all of the reasons discussed above, Plaintiff's Motion to Alter or Amend (Doc. No. 108) will be denied. An appropriate order will be entered.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 1341232

Footnotes

1   The relief sought by Plaintiff in this case includes compensation for lost earnings and benefits, back pay, front pay, and emotional pain and suffering, plus a permanent injunction enjoining Defendants from violating the ADA and mandating certain affirmative action to provide equal employment opportunities to victims of ADA discrimination. (Doc. No. 59 at 14-15). These forms of relief are dependent upon a finding that Defendants violated the ADA, which in turn is dependent upon Plaintiff's showing that he is a "qualified individual with a disability" under that statute. This requirement is completely overlooked by Plaintiff's arguments.

2   Plaintiff cites an "abuse of discretion" standard, but that is the standard used by the Sixth Circuit in reviewing a district court's ruling on a Rule 59(e) motion, not the standard used by this Court in making the ruling in the first place. *Michigan Flyer LLC v. Wayne Cty Airport Auth.,* 860 F.3d 425, 431 (6th Cir. 2017).

3   Those motions for attorneys' fees were denied without prejudice because Plaintiff filed an appeal of this Court's Order to the Sixth Circuit.

4   Moreover, nothing about the alleged misbehavior changes whether Plaintiff is a "qualified individual with a disability," which was litigated in *Southall I*.

5   Although he argues that the Court should have assessed the procedural, substantive, and evidential limitations imposed by the behavior of defense counsel, Plaintiff does not identify what any such limitations were.

6   Plaintiff had already testified that he had no disability before the alleged misbehavior of counsel occurred, so that behavior could not have affected Plaintiff's testimony.

7   For example, nothing about the items Plaintiff contends were not disclosed on Defendants' privilege logs (Amended Complaint, ¶¶ 28-31) negates in any way the bases for the Court's dismissal of Plaintiff's claims—the fact that he admitted he did not have a disability and the fact that he could not safely drive a big rig for Holland and, therefore, was not "qualified" for the essential functions of his job. Plaintiff has alleged no facts to indicate how this alleged failure to disclose, if true, prevented him from successfully supporting his ADA claims. Moreover, nothing about counsel's communications with each other or with their clients regarding Plaintiff's DOT certification (Amended Complaint, ¶¶ 32-34, 40-41, 43) changes the underlying facts that Plaintiff had no disability and was not qualified to drive for Holland. Even if counsel did "participate" in the decisions concerning Plaintiff's DOT certification, Plaintiff has not shown how such participation in any way changes his inability to support his ADA claims. Furthermore, Plaintiff's allegations about disclosure of his

medical information were fully addressed, in *Southall I*, 2018 WL 6413651 at *12-13, where the Court found no violation of Tennessee's Patient's Privacy Protection Act.

8   Plaintiff did not seek additional time to respond to Defendants' Motions to Dismiss until the Court ruled on the Motion to Disqualify and/or until he could depose these allegedly material witnesses.

9   The Court is aware that Fed. R. Civ. P. 10(c) provides for the adoption of statements in "pleadings" and that Holland's memorandum of law was not a "pleading" under Fed. R. Civ. P. 7(a). Nonetheless, the reasons for dismissal of Plaintiff's claim against Concentra were included in Concentra's motion, and the arguments for dismissal of Plaintiff's claims against Holland supported dismissal of the claims against Concentra as well.

10  The Court notes, however, that it in using the term "frivolous" to describe Plaintiff's filing of a second ADA action based on the same facts as before, (Doc. No. 105 at 12), the Court was using the term generally, to mean something like "*clearly* precluded [by claim preclusion and/or issue preclusion]" and not necessarily to mean, for example, "cause for sanctions." Whether the filing is such as to be cause for sanctions as Defendants claim, (Doc Nos. 111-114), remains to be determined.

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.