2020 WL 13719267
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

Latanya L. WYATT, Plaintiffs,
v.
NISSAN NORTH
AMERICA, INC., Defendant.

NO. 3:17-cv-1545
|
Filed April 10, 2020

**Attorneys and Law Firms**

Douglas B. Janney, III, Law Office of Douglas B. Janney III, Brentwood, TN, for Plaintiff.

Brittany Stancombe Hopper, Frederick L. Conrad, III, Holland & Knight, Nashville, TN, K. Coe Heard, Stanley E. Graham, Waller, Lansden, Dortch & Davis, LLP, Nashville, TN, for Defendant.

**ORDER**

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE

*1 Pending before the Court is Defendant's Motion for Court's Review of Taxation of Costs by Clerk (Doc. No. 87). Plaintiff has filed a response in opposition to Defendant's motion (Doc. No. 88).

Following this Court's grant of summary judgment to Defendant and dismissal of Plaintiff's claims (Doc. No. 80), and after Plaintiff had filed a Notice of Appeal (Doc. No. 81), Defendant filed a Bill of Costs (Doc. No. 82) with the Clerk of Court. The Clerk issued a Notice Regarding Taxation of Costs (Doc. No. 85), in which he stated: "Based upon the practice of this court, since the case is pending appeal, the Clerk declines to tax costs at this time. The prevailing party may file a new Bill of Costs when the appeal has been completed." (Doc. No. 85).

Although the matter of costs is initially the responsibility of the clerk of the court, a district court may, upon the filing of a timely motion, review such action taken by the clerk. In so doing, the district court should make a *de novo* determination of the issue. *Reed v. Cracker Barrel Old Country Store, Inc.*, 171 F. Supp. 2d 751, 755 (M.D. Tenn. 2001). Rule 54(d)(1) creates a presumption of awarding costs to the prevailing party but allows the denial of costs at the discretion of the trial court. *Moore v. Weinstein Co., LLC*, 40 F. Supp. 3d 945, 947 (M.D. Tenn. 2014). The party objecting to the clerk's taxation decision generally has the burden of persuading the court that it was improper. *Id.* Moreover, the decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court. *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 809, n.3 (M.D. Tenn. 2018) (citing *Singleton v. Dep't of Corr. Educ.*, No. 03-00004, 2003 WL 22299039, at * 1 (W.D. Va. Oct. 3, 2003)).

In *Kryder*, this Court deferred ruling on a request for attorney's fees and costs until after any appeal had been completed or the time for filing a notice of appeal had run. *Kryder*, 321 F. Supp. 3d at 809. The Court stated that "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice[.]" *Id.* (citing Fed. R. Civ. P. 54(d) Advisory Committee Notes, 1993 Amendments). Some courts "have routinely applied this committee note to costs as well as claims for fees." *Id.*, n.3 (citing *Apple, Inc. v. Samsung Elect. Co., Ltd.*, 2014 WL 4745933, at * 4 (N.D. Cal. Sept. 19, 2014)).

Although it has been observed (as argued here by Defendant) that it is "more efficient for the district court to determine the amount of fees (or costs) promptly so that an appeal could have been taken and consolidated with the appeal from the judgment," this does not mean there is any requirement that that process by followed. *Kryder*, 321 F. Supp. 3d at 809. In fact, many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed. *Id.* (collecting cases); *Nat'l Famers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) (rather than undertaking the time-consuming task of determining reasonable attorney's fees, only to see that effort overturned on appeal, district court wisely deferred ruling on attorney's fees and costs pending appeal); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13CV2145, 2016 WL 1321521, at * 1 (N.D. Ohio Apr. 5, 2016) (deciding motion for attorney's fees would have wasted judicial resources were the court of appeals to reverse).

*2 The *Kryder* opinion states:

It would be an incredible waste of time and judicial resources to decide the attorney's fees issue now only to find out later that this Court's entry of summary judgment in favor of Rogers-Etcheverry was incorrect. And, even if this Court's merits decision is found to be correct, Rogers-Etcheverry would undoubtedly seek fees for the time spent on appeal, meaning that the Court would have to revisit the attorney's fees issue. Rather than deciding an issue that could ultimately be for naught, or deciding it twice, the Court will defer ruling on the request for attorney's fees and costs until after the appeal has run.

Kryder, 321 F. Supp. 3d at 810; see also Average Joe's Entertainment Group, Inc. v. Soundcloud, Ltd., No. 3:16-3294, 2019 WL 2537659, at * 1 (M.D. Tenn. Feb. 26, 2019) (finding it best to resolve costs and attorney's fees only once, when the case is finally resolved).

Defendant asks the Court to find that Plaintiff's decision to appeal the Court's ruling should not delay the underlying taxation of costs. Defendant argues that taxing costs at this time would avoid the need for multiple appeals should the Court of Appeals affirm the decision to grant Defendant summary judgment. As explained in Kryder, however, taxing costs at this time would do nothing to avoid the need for another bill of costs (to include any costs on appeal) if this Court's order is affirmed. If the Court's dismissal of this case is affirmed, Defendant may file a *complete* bill of costs at that time. If the Court's dismissal of this case is reversed, then Defendant would likely no longer be entitled to such costs.

The Court does not deny that it *could* tax these costs while the matter is on appeal. It does not, however, believe that it is *required* to tax the costs now. Once the appeal is complete, Defendant will be either entitled to taxation of all its costs, both in this Court and on appeal, or likely unentitled to taxation of costs at all. Either way, any taxation of costs ordered at this time would have to be amended.

For these reasons, taxation of costs at this time would be imprudent, and Defendant's Motion for Court's Review (Doc. No. 87) is **DENIED**.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 13719267

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.