# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
|    Plaintiff, | ) Case No. 3:21-cv-00923 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| | ) |
|    Defendants. | ) |

### DEFENDANTS' CORRECTED REPLY TO PLAINTIFF'S & JONATHAN STREET'S RESPONSES IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND OTHER NON-TAXABLE COSTS

Defendants, The Lampo Group, LLC, ("Lampo") and Dave Ramsey ("Ramsey") by and through the undersigned counsel file this Reply to both Plaintiff's and Jonathan Street's Response in Opposition to Defendants' Motion for Attorneys' Fees and Other Non-Taxable Costs (Docs. #164 and #165)[1].

Plaintiff and Mr. Street spend the majority of their briefs focusing on the written discovery and the attorneys' fees incurred by Defendants in responding. According to them, Defendants were "stubborn" or worse, "obstructionists" which is why they claim discovery was so costly. Yes, Defendants resisted the extensive fishing expedition, but Lampo *still* produced 51,000 pages of documents in this frivolous *single-plaintiff employment lawsuit*.

A common theme by Plaintiff and Mr. Street throughout this lawsuit was that the Defendants, particularly Dave Ramsey, thought they were "above the rules" of the Court. The fallacy in this theme is that it is the lawyers who must follow the rules of the Court, and by extension, their clients will necessarily comply. Defense counsel never has considered herself

---

[1] Plaintiff's Response (Doc. #165) is similar to Street's Response (Doc. #164). In the interest of efficiency, Defendants have combined their reply to each of the responses into one document.

"above the rules" of this Court. For example, Plaintiff's initial discovery requests would have required Lampo to search the email of every employee, past or present, for any reference to Plaintiff, regardless if it had anything to do with the lawsuit or even Plaintiff's employment. Defense counsel lodged a proper objection but proposed search terms, custodians and date ranges. The search proposed by defense counsel returned 12,000 documents (over 45,000 pages). Defense counsel reviewed every single page and only 400 of them related to Brad Amos.[2] Lampo produced the documents to Plaintiff.

It was at this point that Plaintiff and his counsel launched a fishing expedition of epic proportions, and realizing they had no evidence, began to accuse Defendants of obstructing discovery. They had to create a smokescreen. The *only* discovery dispute initiated by Defendants was the deposition of Dave Ramsey. Magistrate Judge Holmes disagreed with Defendants' objection to the deposition of Ramsey, in part because he was a named defendant. Defendants appealed the decision because it knew that the claims against Ramsey were frivolous. More importantly, Plaintiff knew it, but he and his counsel used the liberal discovery standard to their advantage and to both the Court's and the Defendants' disadvantage.

Every other discovery dispute in this case was created by Plaintiff's counsel. No matter what defense counsel did to try to comply, Plaintiff accused Defendants of ignoring the rules. The actions of Plaintiff's counsel reached a level of bad faith and uncooperativeness that defense counsel has not experienced in her 26 years of practicing law. Perhaps the most vicious example was Plaintiff's threat to depose Sharon Ramsey, the wife of Dave Ramsey who is not employed by or involved in the day-to-day operation of Lampo. In response to the discovery request to

---

[2] A summary of Lampo's discovery efforts is included in its Response in Opposition to Plaintiff's Motion to Compel (Doc. #77).

2

Case 3:21-cv-00923    Document 167    Filed 03/04/24    Page 2 of 6 PageID #: 4948

Ramsey to produce "[a] copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto," Ramsey objected to the breadth of the request because the First Amended Complaint (Doc. #21) contains over 300 factual allegations, some of which have nothing to do with Plaintiff. For example, Paragraph 69 of the First Amended Complaint alleges "[t]he Lampo Ladies Facebook group is used to facilitate spousal friendships for employees of Lampo." Ramsey asserted objections based on spousal and attorney/client privilege because there could very easily be documents (1) unrelated to Plaintiff that would be responsive to the broad request, (2) unknown to Ramsey and (3) protected from disclosure by one of the asserted privileges. Instead of acknowledging the untenable nature of the request, Plaintiff's counsel threatened to depose Sharon Ramsey, even after Ramsey revised the response to withdraw the privilege[3].

Plaintiff hangs his hat on the fact that Magistrate Judge Holmes found in his favor on disputes related to written discovery. While Defendants did not agree with Plaintiff's characterization of Defendants to the Court or his representation of discussions among counsel, Defendants chose to work diligently to collect the data, review it and produce it rather than appeal the decisions of the magistrate judge. Another first for defense counsel in this case was a Motion for Sanctions (Doc. #83) filed against Defendants. The Court granted the Motion, in part, not because defense counsel ignored the Court's orders but because their attempt to comply fell short of what the Court expected (Doc. #97). The Court denied the relief sought in the Motion and ordered Defendants to supplement their written discovery, which they did.

---

[3] It is important to note that Defendants deposed Plaintiff's wife in the course of discovery. Unlike Ms. Ramsey, Ms. Amos was actually a witness to key allegations including the interview dinner where Plaintiff allegedly expressed his religious views to Lampo and asked questions about the "best place to work" designation. Furthermore, the claim for damages included damages allegedly incurred by Ms. Amos.

3

Case 3:21-cv-00923    Document 167    Filed 03/04/24    Page 3 of 6 PageID #: 4949

Plaintiff accuses Defendants of document-dumping yet also being stubborn. Defense counsel reviewed nearly every page Lampo produced with the exception of some portions of Plaintiff's Outlook account – we simply ran out of time to review the entire thing. Mr. Street accuses associate attorney Stephen Stovall of being a "slow reader." To the contrary, a sampling of ten (10) of Mr. Stovall's time entries shows an impressive review rate of 116 documents per hour (Doc. #143-4)[4] when the bulk document review first began. Mr. Street also accuses the attorneys of duplicating review of documents related to "Best Place to Work." In reality, that was a review of documents from a search of approximately 3300 Outlook accounts for reference to the phrase "Best Place to Work," and it included thousands of documents. If the magistrate judge had not limited the relevant time period to January 1, 2021 through December 31, 2022, the review would have increased tenfold.

Plaintiff and Mr. Street also ask the Court for grace because the claims were "novel." This is more absurd than calling Mr. Stovall a slow reader or criticizing defense counsel for the time it took to write the inordinate number of briefs required in this frivolous lawsuit. COVID-19 did not change the TPPA, Title VII or the common law claims asserted in the First Amended Complaint. The TPPA has always required at least an allegation that an employer violated a legal requirement. Title VII has always required a sincerely held religious belief. Fraud has always required reasonable reliance on a false statement. An individual has never been able to

---

[4] The first ten (10) time entries for Mr. Stovall are as follows: on 5/31/2022, he reviewed 521 documents in 4.6 hours; on 6/1/2022, he reviewed 610 documents in 6.7 hours; on 6/2/2022, he reviewed 211 documents in 2.1 hours; on 6/7/2022 he reviewed 353 documents in 3.5 hours; on 6/8/2022 he reviewed 641 documents in 6.4 hours; on 6/9/2022, he reviewed 865 documents in 7.9 hours; on 6/10/2022, he reviewed 917 documents in 8.1 hours; on 6/12/22, he reviewed 964 documents in 8.3 hours; on 6/13/22, he reviewed 1,083 documents in 8.9 hours and on 6/14/22, he reviewed 1,393 documents in 8.4 hours (Doc. #143-4). It took Mr. Stovall 64.9 hours to review 7,558 documents in the early phase of his document review process.

intentionally defraud someone for truthful comments made on a radio show. And the THRA has not recognized individual liability since 2014. Plaintiff now wants to claim that because of the novelty of COVID-19, he and his attorney are entitled to be confused and should be excused for ignoring the well-established bodies of law. In the same breath, they argue that Lampo and Ramsey, should not be excused for their adherence to CDC guidelines rather than what Plaintiff thought the company should do in response to COVID-19.

    Plaintiff and his attorney claim that there is no showing of bad faith or any behavior on the part of Plaintiff's counsel that was unreasonable or vexatious. Filing the lawsuit was in bad faith. Maintaining the lawsuit was in bad faith. Prolonging the discovery process was in bad faith. Inventing issues to question the integrity of Defendants and their counsel was in bad faith. Defendants zealously defended themselves against the frivolous allegations. Defendants withstood the fishing expedition and the insults. Defendants have proven that their work was reasonable, efficient and necessary. Neither Plaintiff nor Mr. Street have contested their ability to pay the reasonable fees and untaxable costs proven by Defendants. Therefore, Defendants request that the Court *order Plaintiff and Mr. Street to* pay the fees and untaxable costs in their entirety.[5]

---

[5] In Defendants' original Reply filed on March 1, 2024 (Doc. #166), Defendants inadvertently asked the Court to pay the fees and untaxable costs. Obviously, this was an error. The italicized words have been added to this Corrected Reply. This is the only change made to the Reply, and defense counsel apologizes to the court for this obvious (and embarrassing) typographical error.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street
Suite 2603
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that, on March 4, 2024, I caused the foregoing document to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP

*Attorneys for Plaintiff*

Jason M. Pannu
Katherine E. Morsman
FREEMAN MATHIS & GARY, LLP

*Attorneys for Jonathan Street*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*