IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00923 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

On December 13, 2023, the Court entered a memorandum opinion (Doc. No. 136) and order (Doc. No. 137) dismissing all of Plaintiff's claims against Defendants[1] and instructing the Clerk to enter judgment against Plaintiff.[2] Shortly thereafter, on January 3, 2024, Plaintiff filed a notice of appeal (Doc. No. 139) to the Sixth Circuit of the final judgment entered against him. Notably, Plaintiff appealed only the Court's dismissal of his claims against Lampo.

On February 12, 2024, Defendants filed a motion for attorney's fees and costs ("Motion for Fees," Doc. No. 142) which is pending before the Court.[3] Also pending before the Court is Plaintiff's motion to strike Defendants' Motion for Fees (Doc. No. 144, "Motion to Strike"), and Objector Jonathan Street's ("Street's") motion to stay or, in the alternative, deny the Motion for

---

[1] "Defendants" is used herein to refer to The Lampo Group, LLC ("Lampo") and Dave Ramsey ("Ramsey"), collectively.

[2] Judgment was entered against Plaintiff on December 13, 2023. (Doc. No. 138).

[3] Via the Motion for Fees, Defendants seek an award of reasonable attorney's fees and related non-taxable costs totaling $394,543.09. (Doc. No. 142 at 1). Defendants also filed a bill of costs (Doc. No. 141, "Bill of Costs") wherein Defendants assert that Plaintiff should be responsible for $38,152.05 expended by Defendants in taxable costs.

Fees (Doc. No. 159, "Motion to Stay"). Street, who is one of the attorneys of record for Plaintiff, filed a memorandum (Doc. No. 160) in support of the Motion to Stay, and Defendants filed responses in opposition to the Motion to Strike (Doc. No. 146, "Response to the Motion to Strike") and Motion to Stay (Doc. No. 162, "Response to the Motion to Stay"), respectively.

Via the Motion to Stay, Street argues that the Motion for Fees is premature while Plaintiff's appeal remains pending. Accordingly, according to Street, the Court should either stay the Motion for Fees until the appeal is resolved or deny the Motion for Fees without prejudice. (Doc. No. 159 at 2).

In *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803 (M.D. Tenn. 2018), this Court deferred ruling on a request for attorney's fees and costs until after any appeal had been completed or the deadline for filing a notice of appeal had expired. *Id*. at 809. The Court stated that "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice[.]" *Id*. (citing Fed. R. Civ. P. 54(d) Advisory Committee Notes, 1993 Amendments). The Court continued,

> It has been observed that it is "more efficient for the district court to determine the amount of the fees promptly, so that an appeal could have been taken and consolidated with the appeal from the judgment," but this does "not mean there [i]s any requirement that that process be followed." *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987). Under some circumstances, "staying the determination of . . . attorneys' fees is 'the most efficient course of action[.]'" *GS CleanTech Corp. v. Adkins Energy, LLC*, No. 10 C 4391, 2018 WL 1469001 at *3 (N.D. Ill. March 26, 2018) (quoting *Finnegan v. Myers*, No. 3:08-CV-503, 2016 WL 7209697, at *2 (N.D. Ind. Dec. 12, 2016). In this regard, many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed. *See e.g.*, *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) (observing that "rather than undertaking the time–consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal"); *Philadelphia Indem. Ins. Co. v. Cent. Terminal Restoration Corp.*, No. 16-CV-280 T, 2017 WL 3431404, at *2 (W.D.N.Y. Aug. 10, 2017) (holding that "delaying resolution of [defendant's] request for attorneys' fees until [plaintiff's] appeal on

the merits has been decided is the more prudent course of action" because an adverse ruling on the merits by the court of appeals would moot the issue); *Casco, Inc. v. John Deere Constr. & Forestry Co.*, No. CV 13-1325 (PAD), 2017 WL 4226367, at *15 (D.P.R. Mar. 30, 2017) (deferring ruling on motion for attorney fees and costs because "the contested nature of this litigation" made it "reasonable to assume the case will not end here"); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13CV2145, 2016 WL 1321521, at *1 (N.D. Ohio Apr. 5, 2016) (deferring ruling on request for attorney's fees for several reasons, including that "deciding the motion would have wasted judicial resources" were the court of appeals to reverse); *Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 WL 11411339, at *2 (W.D. Tenn. Jan. 29, 2008) (finding it "within the best interests of the parties and the interest of judicial economy to defer ruling on the motion to award attorney fees until after the appeal on the merits to the Sixth Circuit has been completed").

*Id*.

Defendants make several arguments in their Response to the Motion to Stay. First, Defendants argue that because Plaintiff has appealed the dismissal of his claims only against Lampo in particular, Ramsey's ability to pursue attorney's fees and related non-taxable costs should not be delayed by the pending appeal. (Doc. No. 162 at 3-4). Had Defendants identified a specific portion of the requested fees as recoverable only by Ramsey, the Court might have been inclined to decide during the pendency of the appeal whether Ramsey should be awarded the specified amount of fees to which he claims he in particular is entitled. However, because Defendants seek to recover their attorney's fees and costs collectively (without a bifurcation of those awardable to Ramsey and those awardable to Lampo), the Court is disinclined to consider the Motion for Fees before the appeal is resolved on the basis that Ramsey should not have to await the conclusion of Plaintiff's appeal of the dismissal of her claims against Lampo.

Second, Defendants rely on the fact that only Street, who is not a party to Plaintiff's appeal, has moved to stay the Motion for Fees, whereas Plaintiff has not so moved or indicated that he wishes to join in Street's Motion to Stay. But Defendants seek to recover attorney's costs and fees from Street and Plaintiff *jointly and severally*. Therefore, the Court cannot grant or deny the

Motion for Fees without assessing the liability of both Street and Plaintiff, and thus Street's request to stay should not be disregarded on the grounds that Street is not a party; even though Street is not a party, he very much has metaphorical skin in the game, and the Court does not begrudge him his request to stay.

Third, Defendants point out that their Motion for Fees is "intrinsically linked with the Court's decisions to dismiss Plaintiff's claims against Defendants pursuant to Rule 12(b)(6), which also happens to be the only issue before the Sixth Circuit on appeal . . . ." (Doc. No. 162 at 4). Even taking this as true, the Court (contrary to Defendants) sees this as a reason to *grant* the Motion to Stay, not as a reason to deny it. After all, if the issue on appeal is linked with the Motion for Fees as Defendants suggest, then judicial efficiency favors deferring ruling on the Motion for Fees until after the appeal is resolved; resolution of the issue on appeal will be quite material to the resolution of the Motion for Fees, and the Court is inclined to await the material guidance portended by the resolution of the issue on appeal.

Finally, Defendants argue that this case is distinguishable from *Kryder* in that if Lampo were to pursue any additional attorney's fees and costs incurred specifically in relation to Plaintiff's pending appeal, Lampo (unlike the appellee in *Kryder*) would seek such relief directly from the Sixth Circuit pursuant to Fed. R. App. P. 38. Even assuming that Lampo would do exactly that, this would get Lampo only so far in its argument. The possibility that the party seeking attorney's fees may seek additional fees related to a pending appeal (after that appeal is resolved) based on something other than Fed. R. App. P. 38 (as apparently was true of the appellee in *Kryder* but not Defendants here) is not the only circumstance validly justifying deferral of a motion for fees pending appeal. This much is obvious from the cases on which *Kryder* relied. *See e.g.*, *Nat'l Farmers' Org., Inc.*, 850 F.2d at 1312 (observing that "rather than undertaking the time–

consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal"); *Philadelphia Indem. Ins. Co.*, 2017 WL 3431404, at *2 (holding that "delaying resolution of [defendant's] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action" because an adverse ruling on the merits by the court of appeals would moot the issue). Here, as in *Kryder*, "[i]t would be an incredible waste of time and judicial resources to decide the attorney's fees issue now only to find out later that this Court's entry of summary judgment in favor of [Lampo] was incorrect." *Kryder*, 321 F. Supp 3d at 810.

Based on the above, the Motion to Stay (Doc. No. 159) is GRANTED. The Clerk is directed to ADMINISTRATIVELY TERMINATE Defendants' Motion for Fees (Doc. No. 142) and Plaintiff's Motion to Strike (Doc. No. 144) pending the Sixth Circuit's decision of Plaintiff's appeal. Once the case has returned to this Court, absent changed circumstances, the Court will return each of these motions to active consideration to the extent appropriate.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE