# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00923 ) ) Jury Demand |
| THE LAMPO GROUP, LLC, et al, | ) ) |
| Defendants. | ) |

**RESPONSE TO DEFENDANT'S MOTION TO REVIEW NON-DISPOSITIVE ORDER BY MAGISTRATE JUDGE**

Plaintiff responds to Defendant's Motion to Review Non-Dispositive Order by the Magistrate Judge (Doc 181) as follows:

## I. BRIEF HISTORY

Plaintiff will not spend an inordinate amount of time setting out the timeline of events in this matter as Defendants did an adequate job of doing so in their original motion.

However, Plaintiff would point out that the Sixth Circuit dismissed Plaintiff's claims of fraud but allowed his two claims for religious discrimination to go forward: (1) a claim for general religious discrimination, and (2) a claim for religious nonconformity.

As pointed out in Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 121), Defendant did not request summary judgment for Plaintiff's claim for religious non-conformity. That claim will need to be set for trial whether or not summary judgment is pending on the general religious discrimination claim.

## II. STANDARD FOR REVIEW UNDER RULE 72

    a. **<u>Magistrate Holmes order is non-dispositive in nature as it is a scheduling order and is not dispositive for Defendant or the Court.</u>**

The district court may review "non-dispositive" orders entered by the magistrate judge. This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014). If the issue is dispositive, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. *Id.* at *1

Defendant in this matter seems to argue that the Magistrate Judge's scheduling order to which they object could be considered dispositive. Scheduling orders are, of course, generally non-dispositive. A typically non-dispositive order may be converted to a dispositive order if it is dispositive of a party's role in the case or the court's role in the case. *In re Ctr. for Mil. Readiness*, 2019 WL 4733602, at *2 (E.D. Mich. Sept. 28, 2019)

If the Court were to hear and decide in favor of Defendant's Motion for Summary Judgment, it would not be dispositive to any party or the Court. As previously mentioned- at least one of Plaintiff's claims will be set for trial since Defendant did not request summary judgment on that claim. As such, the proper review standard should be whether the magistrate's order is clearly erroneous or contrary to law.

b. **The Magistrate's Order is not clearly erroneous or contrary to law**

Upon return from the Court of Appeals, Plaintiff has two claims remaining: (1) a claim for general religious discrimination, and (2) a claim for religious non-conformity. As Plaintiff pointed

out in his timely filed response to Defendant's Motion for Summary Judgment[1], Defendant did not ask for summary judgment on Plaintiff's claim for religious non-conformity.[2]

The physical evidence for both these claims will be the same. The witnesses for both these claims will be the same. Requiring the court to decide a summary judgment motion will not save time or money; it instead only creates more work for the court. Any decision the court makes with regard to the summary judgment motion for one of the two claims will not effect the way the trial in this matter is conducted. Further, the Magistrate Judge correctly points out in her Order that the parties stated no additional briefing on this matter will be required at the conference. Defendant did not appeal this portion of the Magistrate Judge's Order and as such may not amend their summary judgment motion to include both claims.

Defendant's Motion for Summary Judgment is actually a partial Motion for Summary Judgment and will not resolve the need for trial in this matter; nor will it prevent them from raising a Rule 50 Motion for Directed Verdict on one or both of the remaining claims at trial. It will not extend the trial or cause unnecessary time and preparation as the witnesses and documentary evidence for both claims are the same.[3]

This case has been pending for several years and Plaintiff agrees with the Magistrate Judge that the easiest and most efficient solution is to allow both claims to go to trial. Plaintiff also agrees with Defendant that the case load for the Middle District is very high. Defendant's solution however, is to add to the court's caseload by issuing a decision on its summary judgment motion

---

[1] (DOC 121, pp18-19)
[2] Plaintiffs refer to this claim in their response as "reverse religious discrimination" however the sixth circuit said better terminology for the claim is that of "religious non-conformity". Plaintiff will use the preferred language of the sixth circuit in all future filings.
[3] Further, Defendants seem to argue in their Motion for Summary Judgment for Plaintiff's general religious discrimination claim that Plaintiff has not established himself in a protected class as his claims were personal opinions and not a sincere religious belief. The court of appeals rejected this argument in its Opinion.

that will not be completely dispositive and trial will still be required. Defendant asks this court to perform additional work and set the case back even further for no practical reason.

In some cases, summary judgment would make a civil lawsuit more efficient; however, each case must be looked at on its own particular facts and procedure. And in this particular case, the Magistrate Judge was correct in her assessment that placing the summary judgment filings back on the docket would be much more inefficient than simply allowing the matters to go to trial. Magistrate Judge Holmes' decision is a reasonable decision and one that is neither clearly erroneous nor contrary to law.

Respectfully submitted,

**/s/ *Jonathan A. Street***
**JONATHAN STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Suite 402
Nashville, TN 37203
(615) 850-0632
street@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintif*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via the Court's electronic filing system and via email on November 13, 2024 to the following:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
**BARTON PLLC**
611 Commerce Street, Suite 2603
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*/s/ Jonathan A. Street*
**Jonathan A. Street**