UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| *Plaintiff*, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| *Defendant*. | ) |

## MOTION TO QUASH SUBPOENA OF DAVE RAMSEY

Defendant The Lampo Group, LLC ("Lampo") and Dave Ramsey individually (both collectively, "Movants") hereby respectfully move the Court pursuant to Federal Rule of Civil Procedure 45 to quash the February 19, 2025 subpoena of Mr. Ramsey for testimony at trial in the above-captioned matter.

### FACTS

Plaintiff Brad Amos ("Plaintiff") is a former employee of Lampo who was terminated by its Head of Creative and Board Member Luke LeFevre on or around July 31, 2020. (Doc. No. 21 at ¶¶ 28, 318–319, 336.) In pertinent part, Plaintiff alleges that Lampo retaliated against Plaintiff and interfered with his rights in violation of Title VII of the Civil Rights Act of 1964 "by wrongfully terminating Plaintiff for his nonadherence to several of Lampo's particular religious convictions." (*Id.* at ¶¶ 337, 351; *see generally id.* at ¶¶ 335–355.)

### PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Defendants Lampo and its chief executive officer, Mr. Ramsey, on December 13, 2021. (Doc. No. 1.) Plaintiff filed an Amended Complaint on March 4,

2022. (Doc. No. 21.) Plaintiff's counsel deposed Mr. Ramsey on June 21, 2023. A copy of the deposition transcript has been filed in this matter under seal for the Court's review. (Doc. No. 126-6.)

On July 11, 2023, this Court granted Mr. Ramsey's Motion to Dismiss Counts III and IV of the Amended Complaint and terminated Mr. Ramsey as a party. (Doc. No. 110.) Subsequently, on December 13, this Court dismissed Plaintiff's remaining claims against Lampo. (Docs. No. 137–138.) On appeal, the United States Court of Appeals for the Sixth Circuit reinstated Plaintiff's Count II and III claims for religious discrimination and affirmed this Court's dismissal of Plaintiff's other claims. (*See* Doc. No. 170 (text of *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024).)

Plaintiff's remaining claims against Lampo are presently set for trial on July 15, 2025. (Doc. No. 185.) On or around February 19, 2025, Plaintiff subpoenaed Mr. Ramsey to attend the trial beginning on July 15, 2025 at 9:00 a.m. with Mr. Ramsey's appearance "expected day to day until dismissed." *See* **Exhibit 1** hereto (Subpoena of Dave Ramsey). In addition to Mr. Ramsey, Plaintiff subpoenaed Jack Galloway, Lara Johnson, Luke LeFevre, J.B. Waggoner, and Lampo's Rule 30(b)(6) witness Armando Lopez.

Movants promptly served Plaintiff's counsel with written objections to the subpoena of Mr. Ramsey on March 5, 2025. *See* **Exhibit 2** hereto (Objections to Subpoena of Dave Ramsey). On April 14, 2025, counsel for Plaintiff and lead counsel for Movants discussed the subpoena telephonically. By their signature hereto, undersigned counsel certify that Movants' counsel conferred in good faith with Plaintiff's counsel in a good faith effort to resolve the issues set forth herein by agreement in accordance with Local Rule 37.01(a), and that the parties' counsel were unable to resolve the issues addressed herein.

Movants now timely move to quash the subpoena issued to Mr. Ramsey ahead of the July 15, 2025 trial. *See, e.g.*, *Olmstead v. Fentress Cnty., Tennessee*, No. 2:16-CV-00046, 2018 WL 6198428, at *2 (M.D. Tenn. Nov. 28, 2018) ("A motion to quash is timely if it is filed before compliance with the subpoena is required.") (collecting cases).

## STANDARD

Though formerly a named defendant, Mr. Ramsey has been a third-party to this litigation since July 11, 2023 and will have been a non-party for two years by the date of trial. Subpoenas to third-parties such as Mr. Ramsey are governed by Federal Rule of Civil Procedure 45, which permits a party to issue a subpoena "command[ing]" the third-party recipient to "attend and testify" at a trial. Fed. R. Civ. P. 45(a)(1). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[.]" Fed. R. Civ. P. 45(d)(1). "A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.'" *United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv)). Whether to quash a subpoena lies within the sound discretion of the trial court. *Olmstead*, 2018 WL 6198428, at *2 (citations omitted).

## ARGUMENT

Dave Ramsey is not on trial in this matter. He did not make the decision to terminate Plaintiff. He did not know Plaintiff. He has no firsthand knowledge relevant to Plaintiff's claims or Lampo's defenses. Forcing Mr. Ramsey to testify pursuant to Plaintiff's subpoena would subject Mr. Ramsey and Lampo to unnecessary harassment, disruption of business operations, and undue burden and expense, *see* Fed. R. Civ. P. 45(d)(3)(A)(iv), and/or would require Mr. Ramsey to

disclose privileged matters to the extent that he is expected to offer any testimony regarding matters he learned in the defense of this matter.[1] *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

First, requiring Mr. Ramsey to testify at trial would subject both Lampo and Mr. Ramsey to significant burden and expense as well as potential prejudice. The trial in this matter has been estimated to last approximately four (4) to five (5) days. Requiring Mr. Ramsey to appear at trial will needlessly force Lampo and Mr. Ramsey to incur significant expenses associated with preparation and cause Lampo unwarranted disruption of its business operations through the absence of its chief executive officer. If he must appear at trial, Mr. Ramsey will be unable to conduct his nationally syndicated radio show, *The Ramsey Show*, which airs across the country five (5) days a week, Monday through Friday. Additionally, this case has already been the subject of media interest from outlets across the country, ranging from local news such as the Nashville Banner[2] to the national, mainstream NBC News.[3] Mr. Ramsey's appearance at the trial will result in increased press and media coverage, creating unnecessary and inappropriate distractions to the conduct of the trial itself and potentially jeopardizing both sides' rights to a fair trial by an impartial jury. *Cf.* Fed. R. Civ. P. 45(d)(1); *see, e.g.*, *Goins v. McKeen*, 605 F.2d 947, 952 (6th Cir. 1979) (recognizing, in the criminal context, how jury exposure to publicity before and/or during a trial can prejudice litigants' procedural rights). If Mr. Ramsey must be absent from his radio show

---

[1] Both Mr. Ramsey and Lampo have standing to seek to quash the subpoena of Mr. Ramsey to the extent that Lampo has rights and privileges with regard to Mr. Ramsey's testimony. *See, e.g.*, Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.).

[2] *Appeals Court Rules Suit Against Dave Ramsey's Company Can Continue*, NASHVILLE BANNER (August 9, 2024, available online at: https://nashvillebanner.com/2024/08/09/dave-ramsey-religious-discrimination-lawsuit/ (last accessed May 13, 2025).

[3] *Dave Ramsey fired staffer for taking Covid precautions, lawsuit says*, NBC News (Dec. 15, 2021), available online at https://www.nbcnews.com/news/us-news/dave-ramsey-fired-staffer-taking-covid-precautions-lawsuit-says-rcna8835 (last accessed May 13, 2025).

during the trial, this too may only further increase coverage and exacerbate the surrounding media circus.

The burden imposed upon Lampo and Mr. Ramsey by the subpoena is undue because the burden cannot be justified given the non-importance of Mr. Ramsey's testimony. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401) (internal quotations omitted). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. When a witness testifies concerning "an out-of-court statement (except of the kind described in Rule 801(d)) offered to prove the truth of the matter asserted in the statement," such testimony becomes hearsay, and "hearsay generally is inadmissible at trial." *Okojie v. Metro. Nashville Hosp. Auth.*, 584 F. Supp. 3d 543, 549 n.7 (M.D. Tenn. 2022) (citing Fed. R. Evid. 801(c), 802). Statements "which are not offered to prove what is asserted," while not amounting to hearsay, will nevertheless be excluded as inadmissible when the speaker lacks the requisite foundation of personal knowledge. *Id.* (citing Fed. R. Evid. 602). Lastly, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Although the issue at hand involves the appearance of Mr. Ramsey as a witness at trial, the cases in this district addressing subpoenas to chief executives and others are instructive on this matter. *See, e.g.*, *Fox v. Amazon.com, Inc.*, No. 3:16-CV-3013, 2017 WL 9476870, at *2 (M.D. Tenn. Sept. 21, 2017) (denying deposition of chief executive officer in hoverboard litigation where

5

he "had no involvement in the hoverboard events, attended no meetings and was not on any emails or other communications regarding Amazon's response to safety concerns about hoverboards"); *Martinez v. McGraw*, No. 3:08-0738, 2013 WL 12313194, at *2 (M.D. Tenn. Jan. 25, 2013) (granting protective order prohibiting the deposition of a "country music entertainer with a very demanding professional travel schedule" on the basis that he had no "unique or special knowledge of the facts at issue in this case"); *see also Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991) (denying deposition of corporate officer where she had "no knowledge of [plaintiff]'s activity prior to the filing of the action" and the primary purpose of the deposition was to "to harass and annoy her"); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (affirming denial of deposition of chief executive officer who had no involvement in plaintiff's termination); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (accord). Indeed, Mr. Ramsey may not have even been deposed in this case were he not still a party at the time. (*See, e.g.*, Doc. No. 104 (in which this Court declined to stay discovery but acknowledged that Plaintiff's requested discovery, including the deposition of Mr. Ramsey, may "prove immaterial based on the granting of a still-pending motion to dismiss")).

 Here, Mr. Ramsey does not have unique, relevant, non-hearsay firsthand personal knowledge of any information material to any consequential facts in this litigation, as illustrated by the absence of any such facts in the lengthy deposition of Mr. Ramsey conducted by Plaintiff's counsel from 10:09 a.m. to 4:20 p.m. on June 21, 2023 before this Court dismissed Mr. Ramsey from the lawsuit. (Doc. No. 126-6 (sealed).) Mr. Ramsey did not make the decision to terminate Plaintiff, which was ultimately the choice of a single decisionmaker. Plaintiff has already subpoenaed the relevant decisionmaker to testify at trial alongside other Lampo employees. The best evidence of why the Lampo decisionmaker terminated Plaintiff would come from the

testimony of the decisionmaker—who was not Mr. Ramsey. Accordingly, no material that Mr. Ramsey could provide cannot be otherwise met without undue hardship to Plaintiff. *Cf.* Fed. R. Civ. P. 45(d)(3)(C)(i).

Moreover, to the extent that Mr. Ramsey's knowledge of the case comes from conversations with counsel with respect to his or Lampo's defense in this litigation, such information is protected by attorney-client privilege and cannot be the subject of the subpoena, and Plaintiff has no substantial need for Mr. Ramsey's testimony. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Mr. Ramsey is no longer a party to this litigation. Mr. Ramsey does not have any unique personal knowledge relevant to this case and thus is not a relevant or material witness. *Cf.* Fed. R. Evid. 401, 602. Mr. Ramsey's prospective testimony is irrelevant and immaterial to the claims and defenses of the parties. Ordering Mr. Ramsey to testify at trial would subject both Lampo and Mr. Ramsey to unnecessary harassment, disruption of business operations, and substantial burden and expense. This burden and expense is undue considering the irrelevance of Mr. Ramsey's testimony, the inevitable press and media coverage that would result, and the fact that any information Mr. Ramsey has about this case can be obtained from other sources. *Cf.* Fed. R. Civ. P. 45(d)(1). With all due respect, the subpoena to Mr. Ramsey appears to be one more effort to waste Mr. Ramsey's time after four years of litigation. Thus, Mr. Ramsey's presence at the trial poses a significant likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In sum, Plaintiff will have ample opportunity to present his evidence through the testimony of the other subpoenaed employees alleged to have participated in employment decisions relevant to Plaintiff's claims. Mr. Ramsey did not participate in that decision and should not be compelled

to testify because there is no firsthand non-hearsay testimony that Mr. Ramsey could offer at trial that is relevant to the claims and defenses of the parties in this case.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to quash the subpoena of Mr. Ramsey.

Respectfully submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Stephen Stovall (TN #37002)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com

*Attorneys for Defendant The Lampo Group, LLC and Non-Party Dave Ramsey*

# CERTIFICATE OF SERVICE

I certify that, on June 11, 2025, I served foregoing Motion to Quash the Subpoena of Dave Ramsey upon the following counsel:

Jonathan A. Street
Brandon G. Hall
Cullen D. Hamelin
EMPLOYMENT AND COMMERCE LAW GROUP
1718 Church Street, #330549
Nashville, TN 37203
Tel.: (615) 850-0632
Fax: (866) 578-6038
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/ *Leslie Goff Sanders*
Leslie Goff Sanders