# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| *Plaintiff*, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| | ) Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) |
| *Defendant*. | ) JURY DEMAND |

## ANSWER

Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Defendant"),[1] by and through undersigned counsel, for its Answer to the First Amended Complaint filed by Plaintiff Brad Amos ("Plaintiff") states as follows:

## ANSWER

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant hereby generally denies the allegations contained in Plaintiff's First Amended Complaint and demands strict proof thereof, except for the following specifically enumerated paragraphs which are admitted: ¶¶ 2, 4, 5, 8,[2] 26, 28, 29, 54, 55, 69, 74, 91, 104, 121, 163, 203, 205, 213, 225, 276, 287, 318, 331, 336, 350, 353(a), and 353(c).

---

[1] This Court dismissed Defendant Dave Ramsey in July 2023, *see* Doc. No. 11, and dismissed Defendant The Lampo Group, LLC d/b/a Ramsey Solutions in December 2023. *See* Doc. Nos. 137–138. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's claims for fraud (Count IV), promissory estoppel (Count V), and deceptive representations and false pretenses in violation of T.C.A. § 50-1-102 (Count VI) and reinstated Plaintiff's claims for religious discrimination (Counts II and III). *See* Doc. No. 172; *see also Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *7 (6th Cir. Aug. 6, 2024).

[2] Mr. Floyd is no longer the registered agent of Defendant as averred in paragraph 8, but this allegation was correct at the time Plaintiff filed the First Amended Complaint.

The remaining allegations in the First Amended Complaint are DENIED, either because the averments therein are false and/or incorrect, because Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments therein, and/or because the documents and/or third-party statements referenced by the averment speak for themselves.

Accordingly, any allegation not specifically enumerated above as admitted herein shall have the effect of a denial.

Any factual averment specifically admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, inferences, implications, or speculations contained in the averment or in the First Amended Complaint.

Defendant sets forth its affirmative and other additional defenses below. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

## AFFIRMATIVE & OTHER DEFENSES

1. Plaintiff's First Amended Complaint fails to state any claim in whole or in part upon which relief may be granted and is fatally defective in accordance with *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2. To the extent that Plaintiff alleges that Defendant held religious convictions or beliefs or engaged in religious activities, Plaintiff is barred, in whole or in part, from invoking governmental authority or relief, applying federal or state law, and/or pursuing and/or recovering on Plaintiff's claims in a governmental judicial forum by: the First Amendment to the United States Constitution because, *inter alia*, permitting Plaintiff to pursue and/or recover on its claims would prohibit Defendant's free exercise of religion; Article I, Section 3 of the Constitution of the State of Tennessee, because, *inter alia*, permitting Plaintiff to pursue and/or recover on its claims would

2

violate Defendant's natural and indefeasible right to worship according to the dictates of its conscience, control or interfere with Defendant's right of conscience, and/or give preference to Plaintiff's religious establishment or mode of worship; the federal Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.*, in effect or as amended, because, *inter alia*, permitting Plaintiff to pursue and/or recover on its claims would substantially burden Defendant's sincere exercise of religion without compelling governmental interest and, to the extent such a compelling governmental interest may be found, permitting Plaintiff to pursue and/or recover on its claims would not be the least restrictive means of furthering that interest; and/or Tennessee Code Annotated § 4-1-407, in effect or as amended, because, *inter alia*, permitting Plaintiff to pursue and/or recover on its claims would substantially burden Defendant's sincere exercise of religion despite not being essential to further compelling governmental interest and, to the extent such a compelling governmental interest may be found, permitting Plaintiff to pursue and/or recover on its claims would not be the least restrictive means of furthering that interest.

3. Plaintiff was an at-will employee who could be terminated with or without cause and with or without notice.

4. To the extent that Plaintiff has suffered any damages or injuries—which Defendant denies—Plaintiff has an affirmative duty to mitigate such damages, and Plaintiff's relief should be barred or reduced to account for any failure by Plaintiff to mitigate his damages or to take steps to minimize his damages and may not recover any damages he could have avoided.

5. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

6. Any damages recovered by Plaintiff must be offset by Defendant's reasonable attorney's fees for Plaintiff's dismissed claims.

7. Plaintiff failed to request an accommodation of his religious beliefs prior to filing suit, and the accommodation sought by Plaintiff in the First Amended Complaint constitutes an undue burden on Defendant.

8. Plaintiff did not make Defendant aware of any religious basis for his concerns prior to filing suit.

9. Plaintiff's claims are barred because Defendant applied its business judgment, acted at all times in good faith, and had lawful, legitimate, non-pretextual, non-discriminatory, and non-retaliatory reasons for all employment actions taken with respect to Plaintiff, including, but not limited to, Plaintiff's termination.

10. At all times relevant to the First Amended Complaint, Defendant acted reasonably, rationally, lawfully, in good faith without malice, in accordance with the Constitution and laws of the United States of America and the State of Tennessee and all applicable statutes, laws, rules, and regulations.

11. Plaintiff is not in a protected class and the conduct described by Plaintiff is not protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* or the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, *et seq*.

12. For the foregoing reasons, Plaintiff's claims are frivolous, unreasonable, and/or groundless, entitling Defendant to its reasonable attorney's fees as the prevailing party.

13. Plaintiff's claims are limited by damages caps, including, without limitation, the damages caps at 42 U.S. Code § 1981a(b)(3) and Tennessee Code Annotated §§ 4-21-313, 29-39-102, and 29-39-104.

# JURY DEMAND

Defendant respectfully demands a trial by a 12-person jury on all counts so triable.

**WHEREFORE**, Defendant requests this Court:

(i) Dismiss Plaintiff's First Amended Complaint on the merits with prejudice;

(ii) Award Defendant its costs and expenses—including, without limitation, discretionary costs—pursuant to Rule 54 of the Federal Rules of Civil Procedure;

(iii) Award Defendant its reasonable attorneys' fees as the prevailing party; and

(iv) Award Defendant any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 13, 2025 I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Jonathan A. Street
Brandon G. Hall
Cullen D. Hamelin
Zachary W. Brown
EMPLOYMENT & COMMERCE LAW GROUP
1720 West End Ave., Suite 402
Nashville, TN 37203
Tel.: (615) 850-0632
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
zach@eclaw.com
*Attorneys for Plaintiff*

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*