IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:21-cv-00923 |
| | ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES AND DEEM FACTS IN AMENDED COMPLAINT ADMITTED

Plaintiff respectfully submits this Memorandum of Law in support of his Motion to Strike Answer and Affirmative Defenses and Deem Facts in Amended Complaint Admitted. In their answer, Defendant raised 13 separate enumerated affirmative defenses for the first time in this matter. It is also the first pleading in this matter denying any facts contained in Plaintiff's Amended Complaint.

### I.  BRIEF PROCEDURAL BACKGROUND

Plaintiff filed his Amended Complaint in this matter on March 4, 2022 (Doc. No. 21). Defendant Lampo[1] filed a Motion to Dismiss the complaint on March 16, 2022 (Doc. No. 30) The trial court granted the motion on December 13, 2023 (Doc. No. 136). The sixth circuit court of appeals entered an order affirming in part and reversing in part on August 6, 2024. The case was mandated back to the trial court on September 17, 2024.. (Doc. 171).

---

[1] Originally there were two defendants in this matter, Defendant Dave Ramsey has since been dismissed. Plaintiff did not appeal the decision to dismiss Ramsey.

Upon denial of a Motion to Dismiss, a Defendant has 14 days to file an answer after notice of such denial. FRCP 12(a)(4)(A). Using the most generous reading of Rule 12 to Defendant; an answer should have been filed by October 1, 2024, (FRCP 12(a)(4)(A)). Defendant did not file an answer in this proscribed time limit, instead filing an answer on June 13, 2025, a full 255 days late and only 32 days before the matter is set for trial.[2]

## II. ARGUMENT

### A. Facts Should Be Admitted per FRCP 8

It is undisputed Defendant in this matter has failed to file an answer as required by the rules. Ordinarily, "[a] defendant must serve an answer ... within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). That time is extended when a motion to dismiss is filed, but once the motion is denied, a defendant has 14 days to file an answer. Fed. R. Civ. P. 12(a)(4)(A). If a defendant fails to file an answer as required, the allegations in the complaint, "other than one[s] relating to the amount of damages" are deemed admitted. Fed. R. Civ. P. 8(b)(6). *Jones v. Pekoske*, No. 21-1061, 2021 WL 5782380, at *2 (6th Cir. Dec. 7, 2021)

In candor to the court, there are exception to the rule of FRCP 8(b)(6) including:

- A defendant does not admit legal conclusions. *Jones* at 2;
- The failure to file an answer may be harmless if Plaintiff is on notice the Defendant is actually disputing certain facts as demonstrated through summary judgment or other briefing of the parties. *See, e.g., Smith v. Cnty. Of Lenawee*, 600

---

[2] Defendant was on notice of the sixth circuit's decision on August 6, 2024, however did not file an answer until 311 days later, 297 days past the 14 day deadline when Defendant was on notice of the decision.

F.3d 686, 688 (6th Cir. 2010); *Oswald v. BAE Indus.*, 483 F. App'x 30, 32 (6th Cir. 2012); *Rogel v. Dubrinsky*, 337 F. App'x 465, 468 (6th Cir. 2009); and

- Excusable neglect. FRCP 6(b)(1)(B).

1. **<u>Facts to be Deemed Admitted</u>**

Plaintiff does not seek any legal conclusions be admitted. Following the plain and clear language of Rule 8, Plaintiff requests that all facts be deemed admitted.

In the alternative, Plaintiff specifically requests facts related to his claim of religious nonconformity in the Amended Complaint be admitted. All relevant facts from the Amended Complaint are listed in the attached Appendix. These facts include, but are not limited to:

- Lampo directed Amos to "pray and keep moving forward" and required employees to use prayer as the proper way to avoid COVID-19 infection. Amended Complaint ¶ 153 (Doc. No. 21).

- When Amos refused to comply with this requirement, Lampo demoted and then terminated him. *Id.* at ¶¶ 180, 319.

- Lampo wrongfully terminated Amos **for his nonadherence to several of Lampo's particular religious convictions.** *Id.* at ¶ 319. (emphasis added).

- Ramsey and other leadership actively denigrated any opposing beliefs that supported taking preventative measures (including those based in religious beliefs) and continued to express their belief that these measures were not aligned with the religious principles held by Lampo. *Id.* at ¶ 139.

- In a 900-person meeting, Ramsey stated that fear of working in the office during the pandemic demonstrated "weakness of spirit." *Id.* at ¶ 137.

- Ramsey believed taking preventative measures were against the will of God. *Id.* at ¶ 138

- Amos did not share Lampo's religious beliefs that taking actions to protect his family demonstrated "weakness of spirit." *Id.* at ¶ 145.

- Amos expressed concern that Lampo had not taken any effort to implement any precautions against COVID-19 despite the proximity to an infected employee. *Id.* at ¶ 150.

- Lampo expected its employees to adopt the religious view of Ramsey and Lampo that taking COVID-19 precautions demonstrated "weakness of spirit" and prayer was the proper way to avoid COVID-19 infection. *Id.* at ¶ 179.

- Amos's "lack of humility" was his insistence on taking precautions other than prayer to protect his family from COVID 19. *Id.* at ¶ 320.

- Lampo terminated Amos for taking scientifically prescribed precautions rather than relying on prayer alone to protect himself, his family, and his coworkers. *Id*.

There are no legal conclusions in these paragraphs; only facts.

2. <u>**Defendant never disputed these facts throughout the litigation.**</u>

Defendant never disputed any of these facts. Not in their Motion to Dismiss, Motion for Summary Judgment, or at any time throughout discovery. Defendant never asked the court to dismiss or for summary judgment on Plaintiff's claim of non-conforming religious discrimination. In fact, Defendant in its reply to its Motion to Summary Judgment admits:

> Counts II and III are both labeled "Religious Discrimination" and Lampo has interpreted them as religious discrimination claims throughout the course of this case without any objection or correction from Plaintiff. (Doc 131, p. 6)

> However, Lampo fairly interpreted those two paragraphs as part and parcel of Plaintiff's general religious discrimination and/or religious accommodation claim(s)—the only Title VII claims that *either party* referenced or discussed prior to summary judgment. (Doc. 131, p. 10)

Defendant admits they never saw Plaintiff's claim for non-conforming religious discrimination although it is clearly set out in his Amended Complaint. Defendant somehow claims it is up to the Plaintiff to explain his non-conformity claim above and beyond what is set out in the complaint without any request to do so. This is ludicrous. Paragraphs 337 and 338 of the Plaintiff's Amended Complaint states as follows:

"Lampo violated Title VII of the Civil Rights Act of 1964, 52 U.S.C. § 2000e, et. seq. by wrongfully terminating Plaintiff for his **nonadherence to several of Lampo's particular religious convictions.**"

"Alternatively, Lampo violated Title VII of the Civil Rights Act of 1964, 52 U.S.C. § 2000e, et. seq. **by refusing to respect and/or accommodate Plaintiff's strongly held religious belief** that "God helps those that help themselves." (emphasis added).

Clearly Plaintiff identified claims under both general religious discrimination and "religious non-conformity"; the use of the word "alternatively" could be interpreted in no other way. Defendant either failed to read the complaint correctly or intentionally disregarded this claim in an attempt to shape Plaintiff's claims into something different and more advantageous to the Defendant. Either way, the facts noted above and in the attached exhibit should be deemed admitted. Plaintiff would clearly be prejudiced if these facts are not admitted given that Defendant never once disputed their accuracy until its answer filed on June 13, 2025, a mere 32 days before trial.

Defendant's failure to answer was not simply excusable neglect. A delay of a few days may be excusable neglect; a delay of more than 250 days is not. It is either reckless behavior or intentional to give Defendant an advantage by committing "trial by ambush."

As such, these facts should be deemed admitted and the trial on this matter should be set for the purposes of determining damages only.

### B. Defendant's Affirmative Defenses should be stricken

Generally, "failure to plead an affirmative defense results in a waiver of that defense." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) (citation omitted). Of course, "failure to plead an affirmative defense does not always result in waiver." *Id.* (citations omitted). Rule 8(c)'s purpose "is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997).

A "defendant does not waive an affirmative defense if [h]e raised the issue at a ***pragmatically sufficient time*** and [the plaintiff] was not prejudiced in its ability to respond." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) *ATSCO Holding Corp. v. Air Tool Serv. Co.,* 799 F. App'x 310, 312 (6th Cir. 2019) (emphasis added).

Failure of a Defendant to raise an affirmative defense in a Motion to Dismiss, a timely filed answer, or a motion for summary judgment means the defense is waived. *See ATSCO Holding Corp. v. Air Tool Serv. Co.,* 799 F. App'x 310, 312 (6th Cir. 2019) In *ATSCO*, the court held that an affirmative defense raised by the party after the close of discovery and for the first time at the pre-trial conference was waived. (See also *ACT, inc., v. Worldwide Interactive Network, & Teresa Chasteen,* No. 3:18-CV-186, 2020 WL 12574239, at *31 (E.D. Tenn. Mar. 10, 2020) stating a defendant's failure to raise an affirmative defense in an answer, a rule 12 motion, or a summary judgment motion typically results in waiver of that defense.).

In this matter, the affirmative defenses were certainly not raised at a "pragmatically sufficient time." They were first identified 32 days before trial, well after the close of discovery and the deadline for filing of any dispositive motions. Defendant never addressed any of these 13 separate affirmative defenses in any prior pleading[3] and some of the affirmative defenses are not "typical" or "run-of-the-mill."[4] Plaintiff will most definitely be prejudiced by allowing these late-filed affirmative defenses as Plaintiff never had a chance to find out what facts Defendant claims would support any of these defenses.[5]

As the Supreme Court has explained, "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 944–45 (6th Cir. 2020). Defendant has set out 13 separate affirmative defenses in the answer it filed approximately one month before trial and well after the close of discovery. It is extremely prejudicial to Plaintiff to be forced to blindly deal with these issues at trial because of Defendant's neglect

### III.   CONCLUSION

Given how Defendant's answer is the first time Defendant challenged any facts related to Plaintiff's religious nonconformity claim and the first notice of any affirmative defenses, Defendant's answer is incalculably prejudicial to Plaintiff. If a defendant fails to file an answer as required, the allegations in the complaint, "other than one[s] relating to the amount of damages" are deemed admitted. A defendant's failure to plead an affirmative defense causes a

---

[4] Nonstandard affirmative defenses include 2, 6, 7, and 8. (Doc. 192, Page ID: 5092-5094)
[5] Armando Lopez was deposed as a 30(b)(6) witness in this matter and the notice stated one of the topics would be affirmative defenses raised by the Defendant. Mr. Lopez made no mention of any affirmative defenses. Further, Defendant was requested in an interrogatory to identify the factual basis for any affirmative defense and they responded, "not applicable" and never supplemented said response. (Exhibit 2).

waiver of that defense. In this matter, Defendant has failed to properly deny allegations or plead affirmative defenses.

For the above, reasons Plaintiff respectfully requests this court:

1. Strike Defendant's answer in its entirety;

2. Deem all the facts contained in Plaintiff's amended complaint be admitted;

3. In the alternative, deem as admitted all facts contained in the Amended Complaint relating to Plaintiff's claim for non-conforming religious discrimination identified above;

4. Waive and strike all Defendant's 13 affirmative defenses; and

5. Set this matter for trial on the issue of damages only.[6]

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP**

**/s/ *Jonathan A. Street***
Jonathan A. Street, BPR No. 021712
G. Brandon Hall, BPR No. 034027
Zachary W. Brown, BPR No. 037509
1625 Broadway, Suite 601
Nashville, TN 37203
615-850-0632
street@eclaw.com
bhall@eclaw.com
zach@eclaw.com

---

[6] Plaintiff understands Defendant may claim deeming the entire complaint admitted is improper because they did defend against Plaintiff's general discrimination claims; however, even if the court were to agree with this position- Defendant clearly did not defend against Plaintiff's non-conforming religious discrimination claim and those facts related to the religious nonconformity claim should be deemed admitted. The damages for both claims would be the same and not cumulative so the matter should be set for trial on the issue of damages only.