UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| ) | |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTION IN LIMINE NO. 1 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to exclude any references at trial to the caps on Title VII damages at 42 U.S.C. § 1981a, as well as the applicable THRA damages caps at Tennessee Code Annotated §§ 4-21-313, 29-39-102, and 29-39-104.

### I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

### II. ARGUMENT

Plaintiff, Brad Amos, has brought a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Doc. No. 21, PageID#4934–35 ¶¶ 334–347 (Amended Complaint). Plaintiff seeks compensatory damages as well as punitive damages for his Title VII claim. *Id.*,

PageID# 4939. Plaintiff's potential damages are capped on a sliding scale by 42 U.S.C. § 1981a(b)(3).

Section 1981a(c)(2) expressly prohibits disclosing the statutory damages cap to the jury: "If a complaining party seeks compensatory or punitive damages under this section . . . the court shall not inform the jury of the limitations described in subsection (b)(3)." *See* 42 U.S.C.A. § 1981a(c)(2). The explicit Congressional intent behind this prohibition in § 1981a(c)(2) was to ensure that "no pressure, upward or downward, will be exerted on the amount of jury awards by the existence of statutory limitations." *Sasaki v. Class*, 92 F.3d 232, 236 (4th Cir.1996).

The prohibition at § 1981a(c)(2) extends both to the court and counsel. *See, e.g.*, *E.E.O.C. v. EMC Corp. of Massachusetts*, 205 F.3d 1339 (6th Cir. 2000) (Krupansky, Circuit Judge, concurring in part and dissenting in part) ("[S]ection 1981a(c)(2) forbids not only the trial court, but also trial counsel, from advising the jury of the applicable statutory punitive limit . . . '[A] restriction that applied only to the court, and not counsel, would make no sense.'") (quoting *Sasaki*, 92 F.3d at 236).

For the same reasons, the Court should further exclude references to any applicable state law damages caps, including Tenn. Code Ann. § 4-21-313 ("Compensatory damages awarded for nonpecuniary losses"), § 29-39-102 ("Civil actions; awards"), and § 29-39-104 ("Punitive damages; awards"). *See, e.g.*, Tenn. Code Ann. § 29-39-102(g) (providing that "[t]he limitation on the amount of noneconomic damages imposed by subdivision [§ 29-39-102](a)(2) and subsections [§ 29-39-102](b)–(e) shall not be disclosed to the jury, but shall be applied by the court to any award of noneconomic damages"); § 29-39-104(a)(6) ("The limitation on the amount of punitive damages imposed by subdivision [§ 29-39-104](a)(5) shall not be disclosed to the jury, but shall be applied by the court to any punitive damages verdict").

Accordingly, Defendant respectfully asks that the Court enter an order in limine to exclude reference to the damages cap by counsel for the parties.

## III. CONCLUSION

For the foregoing reasons, the Court should enter an order in limine to exclude any references at trial to the caps on Title VII damages at 42 U.S.C. § 1981a and Tenn. Code Ann. §§ 4-21-313, 29-39-102, and 29-39-104.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*