UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 2 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting extraneous evidence or argument regarding the COVID-19 pandemic at trial.

**I.  LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

**II.  ARGUMENT**

The Court should prohibit Plaintiff from presenting extraneous evidence or argument regarding the COVID-19 pandemic at trial because they are irrelevant under Fed R. Evid. 401 and 402, and excludable for every reason provided under Fed. R. Evid. 403.

This is an employment discrimination case. At trial, Plaintiff will present his three remaining claims[1] against Defendant:

- General religious discrimination: Plaintiff claims that his employment was terminated because of his religious beliefs regarding COVID-19 precautions.
- Religious accommodation: Plaintiff claims that Defendant failed to accommodate his religious beliefs regarding COVID-19 precautions.
- Religious non-conformity: Plaintiff claims that his employment was terminated because he failed to conform to Defendant's religious beliefs regarding COVID-19 precautions.

Apart from explaining the parties' alleged religious beliefs, evidence and argument related to the COVID-19 pandemic has little or no relevance to this case. You could replace the COVID-19 pandemic with any other socially divisive issue and it would be the same fundamental case. Extraneous evidence and argument, e.g., how the COVID-19 pandemic began, how it impacted the nation, Tennessee, or Middle Tennessee, the federal, state, and local responses to it, how it impacted the parties, and even how the parties responded (except to the extent religiously motivated), do not make any of Plaintiff's claims more or less probable and should be precluded under Fed. R. Evid. 401 and 402.

Moreover, evidence and argument related to the COVID-19 pandemic beyond that necessary to explain the parties' alleged religious beliefs implicates every concern listed in Fed. R. Evid. 403—"unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence."

---

[1] The Court has previously described Plaintiff's "general religious discrimination" and "religious accommodation" claims as falling under a common heading. *See* Doc. #186 at PageID # 5020. Whether Plaintiff is best described as having three remaining claims or two remaining claims based on three theories, for administrative purposes only, Defendant refers to Plaintiff as having three remaining claims.

The COVID-19 pandemic divided the country into a patchwork of hotly contested rules, regulations, guidelines, and opinions. It is an inherently inflammatory subject, about which Plaintiff claims to feel very strongly and Americans across the country (including potential jurors in this case) vigorously disagree. Plaintiff should not be allowed to turn an employment case into a referendum on the COVID-19 pandemic or an emotional appeal to jurors' personal views or experiences. *See, e.g., Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

### III. CONCLUSION

This employment discrimination case ultimately turns on Defendant's response to Plaintiff's religious beliefs—whether Defendant failed to accommodate them and whether Defendant terminated his employment for them—that just so happen to be related to COVID-19 precautions. The Court should keep the trial and jury focused on the actual issues of this case by prohibiting Plaintiff from presenting extraneous evidence or argument regarding the COVID-19 pandemic.

3

Case 3:21-cv-00923    Document 200    Filed 06/23/25    Page 3 of 4 PageID #: 5137

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*