UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | |
| v. | District Judge Richardson |
| | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S MOTION IN LIMINE NO. 3 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing any testimony, evidence, or argument about other litigation involving Defendant. Plaintiff seems intent on distracting the jury from his own claims. Such tactics waste the time of the Court, the jury, the parties, and counsel and have no place in this trial. *Cf.* Fed. R. Evid. 403 (evidence should be excluded if probative value is outweighed by the risk of, *inter alia*, "wasting time").

I. **LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, . . . [and/or] wasting time[.]" Fed. R. Evid. 403.

Courts routinely preclude the entry of evidence concerning a party's other lawsuits because it is not relevant and can be prejudicial. *See, e.g., Peters v. Int'l Paper Co.*, No. 222CV02132JPMATC, 2024 WL 589376, at *4 (W.D. Tenn. Feb. 13, 2024) (granting motion in limine prohibiting plaintiff or counsel from making any direct or indirect mention of any testimony, documents, or other evidence relating to other lawsuits); *Penman v. Correct Care Sols., LLC*, No. 5:18-CV-00058 (TBR), 2022 WL 697914, at *1 (W.D. Ky. Mar. 8, 2022) (granting motion in limine because "other litigation does not show that any fact at issue in this case is more or less probable); *Maseru v. Univ. of Cincinnati*, No. 1:18-CV-106, 2022 WL 7506368, at *2 (S.D. Ohio Oct. 13, 2022) (granting the part of the motion in limine that sought the exclusion of evidence about unrelated claims or allegations of discrimination against defendant).

Plaintiff intends to introduce inadmissible testimony and argument about other lawsuits involving Defendant at trial. For example, Plaintiff has informed Defendant that he intends to introduce deposition from a separate lawsuit wholly unrelated to Plaintiff which is actively pending in the Middle District of Tennessee. This evidence is not only irrelevant to this lawsuit but is also likely to confuse and mislead the jury.

Plaintiff has been attempting to bring in evidence about other lawsuits involving Defendant since he initiated this litigation. In the Amended Complaint, Plaintiff needlessly inserted detailed

information about Caitlin O'Connor's lawsuit. Amended Complaint, ¶ 240. He also attached a news article that referenced the lawsuit as an exhibit. Amended Complaint, Exhibit E. This continued in discovery. Plaintiff's attorney needlessly asked Defendant's witnesses in depositions about unrelated lawsuits that had nothing to do with Plaintiff or Defendant's response to COVID-19. Plaintiff references four lawsuits in total, none of which relate to the present lawsuit.

None of this evidence is relevant to the trial. None of these lawsuits make it more or less likely that Defendant's termination of Plaintiff had anything to do with Plaintiff's religion, or lack thereof. These lawsuits are not related to Plaintiff's claims *at all.* Plaintiff was not involved in these lawsuits. The parties in those lawsuits were not involved with Plaintiff's lawsuit. And, most importantly, Plaintiff's claims do not arise from the same set of circumstances as any other lawsuit involving Defendant.

Even if relevant, the potential for prejudice and jury confusion substantially outweighs any probative value this evidence may have. This evidence is aimed at making Defendant look like the "bad guy," who the jury feels responsible for punishing. *See United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (holding that evidence is unfairly prejudicial when it leads the jury to reach a verdict based on emotions instead of evidence).

While Defendant can prove its position in all four (4) lawsuits in addition to this one, doing so would take weeks and require the Court to hold four (4) additional trials within this trial. *See, e.g., Hosse v. Sumner Cnty. Bd. of Educ.*, No. 3:13 C 520, 2018 WL 11471784, at *5 (M.D. Tenn. July 27, 2018), *aff'd*, 776 F. App'x 902 (6th Cir. 2019) (excluding evidence of another former employee's claims against defendant because such evidence was "not closely related to Plaintiff's circumstances," was "unfairly prejudicial," "focus[ed] the jury's attention on unrelated events, and require[d] a trial within a trial"). Permitting this evidence to be introduced would improperly cause

the jurors to confuse the issues, conflate the issues between disparate cases, ultimately tainting the jury against Defendant.

## III. CONCLUSION

Evidence concerning other lawsuits will serve no legitimate purpose at trial. For the foregoing reasons, the Court should enter an order in limine to prohibit Plaintiff from introducing any testimony, evidence, or argument about other litigation involving Defendant.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

                                        /s/Daniel Crowell
                                        Daniel Crowell (TN #31485)
                                        *Attorney for Defendant*