UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO BIRFURCATE TRIAL**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Lampo Group, LLC ("Defendant"), by and through counsel, respectfully moves the Court to bifurcate the trial of this matter pursuant to Federal Rule of Civil Procedure 42(b). Defendant proposes that the issues of liability and compensatory damages be decided in the first phase of the trial and that the amount of punitive damages to be awarded, if any, be determined in a second, separate phase of the trial if—and only if—the jury finds Defendant liable for punitive damages.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) authorizes federal district courts to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize" trial proceedings. Thus, to determine the appropriateness of bifurcation, district courts "consider the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997). Importantly, however, "[o]nly one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted). The ultimate decision of whether to bifurcate lies within the sound discretion of the district court. *Bath & Body Works, Inc. v. Luzier Personalized Cosms., Inc.*, 76

F.3d 743, 747 (6th Cir. 1996). Although trials may be bifurcated during trial, "[s]ound judicial practice requires that, so far as practicable, the trial court's decision to bifurcate proceedings occur prior to trial[.]" *Helminski v. Ayerst Lab'ys, a Div. of Am. Home Prods. Corp.*, 766 F.2d 208, 213 n.3 (6th Cir. 1985).

## II.   ARGUMENT

Defendant requests that the Court bifurcate the issue of punitive damages consistent with both Tennessee and federal jurisprudence.

Tennessee state substantive law mandates the bifurcation of civil trials concerning punitive damages. *See* Tenn. Code Ann. § 29-39-104(a)(2) ("In an action in which the claimant seeks an award of punitive damages, the trier of fact in a bifurcated proceeding shall first determine whether compensatory damages are to be awarded and in what amount and by special verdict whether each defendant's conduct was malicious, intentional, fraudulent or reckless[.]"); *Hudson, Holeyfield & Banks, G.P. v. MNR Hosp., LLC*, No. W201900123COAR3CV, 2020 WL 4577483, at *10 (Tenn. Ct. App. Aug. 7, 2020) (interpreting this statutory language as "mandatory").

Similarly, while not mandatory under the Federal Rules of Civil Procedure, Tennessee federal district courts "routinely bifurcate[ ] the issue of punitive damages from the liability issues." *O'Barr v. United Parcel Serv., Inc.*, No. 3:11-CV-177, 2013 WL 2635539, at *1 (E.D. Tenn. June 12, 2013); *see, e.g.*, *Greenway v. Leveck*, No. 3:20-CV-00058, 2024 WL 2885344, at *3 (M.D. Tenn. June 8, 2024) (granting unopposed motion to bifurcate liability and compensatory damages from the amount of punitive damages); *Shearon v. Womack*, No. 3:15-CV-01061, 2017 WL 11476674, at *1 (M.D. Tenn. Dec. 12, 2017) (bifurcating trial to "hold a liability phase, in which the jury will decide liability, damages, and whether Plaintiff is entitled to punitive damages" to be followed by "a punitive damages phase for the jury to determine the amount of punitive damages"); *Blair v. Nelson*, No. 3:13-CV-00755, 2016 WL 10803753, at *1 (M.D. Tenn. July 21,

2016) (bifurcating punitive damages trial); *Rhea ex rel. Rhea v. Brown Manufacturing Corp.*, 2010 WL 2572052, at *3 (E.D. Tenn. June 18, 2010) (accord); *Bowman v. Bulkmatic Transport Co.*, 2010 WL 276100, at *1 (E.D. Tenn. Jan. 15, 2010) (accord); *Surles v. Greyhound Lines, Inc.*, No. 4:01-cv-00107, 2005 WL 1703053, at *7 (E.D. Tenn. July 20, 2005) (accord).

Where Tennessee state substantive law governs punitive damages, this District has found it appropriate to bifurcate consistent with Tennessee's mandatory bifurcation rule. *Werner v. Bell Fam. Med. Ctr., Inc.*, No. 3:09 C 0701, 2012 WL 1514872, at *4 (M.D. Tenn. May 1, 2012) ("Pursuant to Tennessee law, only if the jury finds Defendants liable for punitive damages can we proceed to a second phase to consider Defendants' financial affairs, the nature and reprehensibility of their conduct, the duration thereof, and other factors identified by the court in [ . . . ] We therefore will bifurcate the trial."); *see also Rotello v. Clayton Homes of Del., Inc.*, No. 303CV-573, 2006 WL 842931, at *1 (E.D. Tenn. Mar. 28, 2006) (bifurcating trial because "[a]lthough the question of bifurcation is a matter of federal law [ . . . ] the substantive law of the punitive damages at issue in this case is a matter of state law" and "a single trial including both liability for and amount of punitive damages would be unduly prejudicial [ . . . ] and potentially confusing to the jury").

When federal substantive law applies, this District has found Tennessee state law instructive on the question of whether to bifurcate trial. *See, e.g.*, *Tankesly v. Orton*, No. 3:14 C 911, 2018 WL 4953231, at *10 (M.D. Tenn. Oct. 11, 2018) (citations omitted) ("Although this case sounds in federal law, we find persuasive authority in the common practice of the state in which we sit, which will bifurcate as a matter of course when punitive damages are possible.").

Here, Plaintiff seeks punitive damages for state law claims under the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq*. and federal claims under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq. See* Doc. No. 21, PageID# 4934–36, ¶¶ 334–55 (Amended Compl.); *cf. Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *7 (6th Cir. Aug. 6, 2024) (permitting Plaintiff to proceed on his Tennessee Human Rights Act and Title VII claims). If for no other reason, the trial in this matter should be bifurcated because the Tennessee substantive law governing Plaintiff's state law claims mandates bifurcation. *See, e.g., Werner*, 2012 WL 1514872, at *4; *Rhea*, 2010 WL 2572052, at *3.

Moreover, the specific circumstances of this case satisfy each of the criteria set forth in Federal Rule of Civil Procedure 42(b). First, adjudicating the threshold issue of Defendant's alleged liability in a separate, preliminary phase of the trial serves the interests of convenience and judicial economy by potentially eliminating the need to explore issues of punitive damages altogether. *See, e.g., Tankesly*, 2018 WL 4953231, at *9 ("[B]ifurcation has the potential to economize proceedings: if the jury finds in the first phase that Defendant is not liable, the need to present evidence going only to the amount of punitive damages would be avoided entirely."); *Wilson v. K.T.G. (USA), Inc.*, No. 16-CV-02508-TMP, 2018 WL 8335139, at *2 (W.D. Tenn. Nov. 16, 2018) ("Considering liability solely and initially will expedite and economize the proceedings.").

Second, bifurcation will prevent undue prejudice to Defendant and possible confusion of the jurors by first permitting consideration of the liability and compensatory damages and then proceeding, if necessary, to the amount of punitive damages to be awarded, if any. *Cf. Martin*, 106 F.3d at 1311. Specifically, bifurcation will prevent unfair prejudice to Defendant and juror confusion by avoiding presentation to the jury of evidence regarding Defendant's financial condition during the liability portion of the trial. *See Werner*, 2012 WL 1514872, at *4. "[E]vidence of a defendant's financial affairs, financial condition, or net worth is not admissible"

during the initial phase determining liability for and the amount of compensatory damages and liability for punitive damages. *Rhea*, 2010 WL 2572052, at *3 (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)); *see also Tankesly*, 2018 WL 4953231 at *10 ("Only during the second phase is evidence of a defendant's financial affairs, condition, or net worth admissible.").

In the absence of bifurcation, the Court will risk a substantial likelihood that Defendant will be unfairly prejudiced by the influence that information about its finances could have on the jurors in this case, whose decisions on the issues of liability and damages would undoubtedly be affected by the premature introduction of such evidence. *See, e.g.*, *Tankesly*, 2018 WL 4953231, at *10 (holding that "[n]o evidence of Defendant's net worth or financial position, condition, or affairs shall be allowed to enter into evidence in the first phase of trial" because "[e]vidence of a defendant's financial condition is not relevant to either the liability or damages determinations and may instead mislead the jury on those inquiries"); *Werner*, 2012 WL 1514872, at *4 (deferring consideration of defendant's financial affairs until second phase of bifurcated trial). Further, evidence of Defendant's finances is irrelevant to the liability and compensatory damages portions of this case, and its premature introduction would offer no probative value and only the substantial risk of unfair prejudice on those issues.

In sum, bifurcating the issue of punitive damages in this trial accords with both Tennessee substantive law and federal jurisprudence in this District. Each of the Rule 42(b) criteria is satisfied here, but if even if that were not the case, bifurcation should occur if even just "one" of the Rule 42(b) criteria applies. *Saxion*, 86 F.3d at 556.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Bifurcate and order that the issues of liability and compensatory damages will be decided in the first phase of

the trial and that the amount of punitive damages to be awarded against Defendant, if any, be determined in a separate, second phase of the trial.

Respectfully submitted,

*/s/ Eric C. Lyons*
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
BARTON LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## LOCAL RULE 7.01(a)(1) CERTIFICATE

I certify that, pursuant to Local Rule 7.01(a)(1), Leslie Goff Sanders of the office of Defendant's counsel emailed Plaintiff's counsel, Jonathan A. Street, on June 23, 2025 to determine if Plaintiff would oppose this Motion to Bifurcate. Mr. Street responded that Plaintiff opposes this Motion.

/s/ Eric C. Lyons
Eric C. Lyons (#036105)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Eric C. Lyons
Eric C. Lyons (#036105)
*Attorney for Defendant*