UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 4 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit presentation of evidence at trial concerning any statements, expressed opinions, or other actions and omissions by Defendant and/or its owners, employees, agents, representatives, or guests subsequent to Defendant's termination of Plaintiff's employment on July 31, 2020—including, but not limited to, evidence consisting of episodes or clips from The Ramsey Show and/or evidence concerning statements by the foregoing concerning the COVID-19 pandemic after July 31, 2020.

The COVID-19 pandemic had no modern precedent and produced nationwide confusion, uncertainty, and inconsistency. State and federal guidance—including, but not limited to, guidance by the Center for Disease Control, Mayo Clinic, World Health Organization, the state of Tennessee, and Williamson County—changed dramatically and frequently over the course of the pandemic. How each individual juror views the COVID-19 pandemic in hindsight may depend greatly on how that juror's understanding evolved over the course of the pandemic. Plaintiff is desperately trying to appeal to the jurors' personal feelings regarding the COVID-19 pandemic to take the focus away from the actual facts of this case.

## I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

Plaintiff's pretrial exhibit disclosures include one hundred and eight (108) episodes of The Ramsey Show from August 3, 2020 through December 30, 2020, essentially the latter half of the first year of the COVID-19 pandemic. Regardless of the fact that these episodes focus on The Ramey Show's general objective of helping its listeners get out of debt and build wealth as opposed to Plaintiff or his termination, there is no dispute that Defendant terminated Plaintiff on July 31, 2020. Any statements, expressed opinions, and/or other actions and omissions by Defendant or its owners, employees, agents, representatives, or guests which occurred in the months or years after Plaintiff's July 31, 2020 termination should be excluded from presentation to the jury at trial under Rules 401, 402, and 403.

Evidence only has relevance to litigation if it has some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403.

The issues dispositive to Plaintiff's employment discrimination claims concern the decisionmaker's motive at the time that the termination decision was made. Statements made after that decision do not bear on that issue and should be excluded as irrelevant under Rules 401 and 402. *See, e.g.*, *Craddock v. FedEx Corp. Servs., Inc.*, 102 F.4th 832, 841 (6th Cir. 2024) (affirming the district court's ruling "that the parties could not introduce evidence of events that occurred after [plaintiff]'s January 27, 2016 termination" because "evidence of post-termination events could not 'add[ ] anything relevant to the jury,'" and affirming the district court's repeated use of the sidebar to prevent plaintiff's counsel from circumventing this ruling). Accordingly, Defendant's post hoc statements and conduct regarding the COVID-19 pandemic do not have any relevance to Plaintiff's termination or his discrimination claims and should be excluded under Rules 401 and 402.

This is especially true with respect to post-termination statements made by other individuals at Defendant or involved with Defendant who did not participate in the decision to terminate Plaintiff—including, but not limited to, statements made by Dave Ramsey and on The Ramsey Show by its hosts, commentators, and/or guests. "'[S]tatements by nondecisionmakers [ . . . ] [can not] suffice to satisfy the plaintiff's burden [ . . . ] of demonstrating animus." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (finding the district court committed reversible error in a racial discrimination case when the district court admitted admitting stray comments made by nondecisionmakers long before plaintiff's termination). The Court should not permit Plaintiff to introduce irrelevant evidence from episodes of The Ramsey Show or any other show produced by Defendant from after July 31, 2020 through the end of 2020 that have no bearing on Plaintiff's termination.

3

Furthermore, permitting post-termination commentary that does not represent the views of the relevant decisionmaker on July 31, 2020 risks adding an "emotional element" that may inappropriately serve as the basis for the jury's verdict. *Cf. id.* at 760. Even if the Court finds Defendant's post-termination statements or conduct marginally relevant to Plaintiff's claims, such evidence should nonetheless be excluded because any limited probative value will be substantially outweighed by the risk of "unfair prejudice, confusing the issues, [and] misleading the jury" under Rule 403, risking that the jury reaches a verdict based on emotion rather than law and fact.

### III. CONCLUSION

The Court should enter an order in limine to prohibit presentation of evidence at trial concerning any statements, expressed opinions, or other actions and omissions by Defendant and/or its owners, employees, agents, representatives, or guests subsequent to Defendant's termination of Plaintiff's employment on July 31, 2020—including, but not limited to, evidence consisting of episodes or clips from The Ramsey Show and/or evidence concerning statements by the foregoing concerning the COVID-19 pandemic after July 31, 2020.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*