UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

### DEFENDANT'S MOTION IN LIMINE NO. 5 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing evidence that he failed to timely produce in discovery.

I. **LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

II. **ARGUMENT**

    A. **Plaintiff failed to timely produce exhibits he now seeks to introduce at trial.**

Discovery in this case closed approximately two years ago, on June 30, 2023. (Doc. #102). Plaintiff responded to Defendant's Requests for Production of Documents on May 6, 2022.

Request for Production No. 7 directed Plaintiff to "Produce all records that support any of Plaintiff's allegations or claims against Defendants in this case." (Doc. #204-1). Pursuant to the Court's Order on January 6, 2025, the parties are required to identify and exchange items identified as exhibits and to separately produce a copy of the items in conjunction with specifically identifying the item as a trial exhibit by June 23, 2025. (Doc. #185). Motions in Limine are also due on June 23, 2025, and trial begins on July 15.

In addition, "Rule 26 of the Federal Rules of Civil Procedure requires the timely production of any documents a disclosing party has in its possession that it may use to support its claims or defenses, as well as the timely supplementation of discovery answers." *Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, No. 3:20-CV-00599, 2024 WL 3636262, at *3 (M.D. Tenn. July 3, 2024). "A party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or [ . . . ] must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(e)(1)(A). Under the Federal Rules of Evidence, "[i]f a party fails to provide information [ . . . ] as required by Rule 26(a) or (e), the party is not allowed to use that information [ . . . ] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," or unless the court orders some other sanction instead. Fed. R. Evid. 37(c)(1); *Westgate Resorts, Ltd.,* 2024 WL 3636262, at *3 (citing *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015)).

On June 20, 2025, approximately two years after the close of discovery and twenty-five days before trial, Plaintiff's counsel emailed Defendant's counsel a spreadsheet containing a list

of 290 items, including videos, documents, emails, and deposition transcripts from an unrelated case that states, the list of items "may be used as exhibits on behalf of Plaintiff at the trial of this matter which were not disclosed in discovery." *See* Doc. #204-2. Further, Plaintiff did not initially produce the new items identified in its list when he sent the list. Instead, he invited Defendant to "set up a time to view any/all of these items at our office on Monday. If you would like to get copies, please identify a third party vendor you hire to make the copies and we will get them to that vendor."[1] (Doc. #204-2).

Under these circumstances, this Court should find that these previously undisclosed items are clearly untimely. *See*, e.g., *Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *3 (S.D. Ohio Oct. 15, 2014) (supplemental witness disclosure and document production three months after close of discovery and one month before trial was untimely); *Edwards v. Nat'l Vision Inc.*, 946 F.Supp.2d 1153, 1159–60 (N.D.Al. 2013) (identification of new evidence three months after close of discovery was untimely); *Boyer v. Home Depot U.S.A., Inc.*, No. 08–13382, 2010 WL 1254847, at *4 (E.D. Mich. Mar. 26, 2010) (similar); *Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 666 F.Supp.2d 820, 826–27 (N.D. Ohio 2009) (similar); *see also Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, No. 95 C 0673, 1996 WL 680243, at *8 (N.D. Ill. Nov.21, 1996) ("If a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses").

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

---

[1] Plaintiff produced the items on Monday, June 23, 2025, at approximately 11:00 a.m. Given the items voluminous nature and the deadline for Motions in Limine, Defendant has not had an opportunity to review the items in full.

3

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Sixth Circuit has clarified that "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). In other words, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Id*. (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *see also Johnson v. United Parcel Serv., Inc.*, 236 F.R.D. 376, 377–78 (E.D. Tenn. 2006) ("The exclusion of undisclosed evidence 'is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was justified or harmless.'"); *Ross v. Am. Red Cross*, No. 2:09-CV-00905-GLF, 2012 WL 2004810, at *7 (S.D. Ohio June 5, 2012), *aff'd*, 567 F. App'x 296 (6th Cir. 2014). The burden is on the party that failed to disclose to show that its omissions were substantially justified or harmless. *Roberts*, 325 F.3d at 782.

"The phrase 'substantially justified' is generally interpreted to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Brooks v. Kerry*, 37 F. Supp. 3d 187, 203 (D.D.C. Mar. 31, 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Citing the advisory committee note to Rule 37(c), the Sixth Circuit has explained that a failure to supplement is "harmless" where that failure "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir.2003) (quoting *Vance v. United States*, No. 98–5488, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)); *see also* Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993) (an example of a harmless violation is the "inadvertent omission from a Rule 26(a)(1)(A)

4

disclosure of the name of a potential witness known to all parties"). The Sixth Circuit considers five factors to determine whether a failure to disclose is harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 982 (6th Cir. 2017) (quoting *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)).

As set forth below, Plaintiff's failure to disclose or produce is neither substantially justified nor harmless.

### B. Plaintiff's Failure to Timely Produce the Exhibits is Not Substantially Justified or Harmless.

Defendant has not had an opportunity to perform a complete review of the items listed in the spreadsheet because the items were just produced; however, approximately 265 of the 290 items videos, including episodes of The Dave Ramsey Show for episodes that aired in 2020.[2] To the extent Plaintiff asserts that the episodes were publicly available, "[t]he Federal Rules do not shield publicly available documents from discovery merely because of their accessibility." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223–24 (D.D.C. 2015). The court in *Shatsky* cited a string of cases wherein "[c]ourts consistently hold that parties have an obligation to produce even publicly available documents."[3] In *Shatsky*, the court found that plaintiffs produced a slew of

---

[2] The Dave Ramsey Show is a daily, live 3-hour long show. In order to properly prepare for this new evidence, Defendant would have to review over 700 hours of video.

[3] *Shatsky*, 312 F.R.D. at 224 (citing *Martino v. Kiewit N.M. Corp.*, 600 Fed. App'x. 908, 911 (5th Cir. 2015); *Phillips v. Hanover Ins. Co.*, 14–cv–871–R, 2015 WL 1781873, at *2 n.1 (W.D. Okla., Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information."); *Morgan v. Safeway Inc.*, 11–cv– 1667(WMN), 2012 WL 2135601, at *2 (D. Md. June 11, 2012) ("[E]ven publicly available information might properly be the subject of a valid request for production of documents."); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, 11–cv–

discovery after the discovery cutoff, and that "many of the disputed documents were available well before the . . . discovery deadline." *Id.* at 225. As the Court noted, litigants cannot reasonably be expected to "scour the internet" or other vast sources of public information to try to guess as to what one's litigation adversary may decide to rely upon. *Id.* at 227. This is precisely why litigants must disclose and produce what they are relying upon. The Court ultimately excluded all documents produced after the discovery deadline. *Id.* at 229.

Here, Plaintiff's withholding of documents is even more egregious than in *Shatsky* because (1) discovery has been closed for two years, (2) dispositive motions came and went, long before Plaintiff's untimely disclosure, (3) trial is in three week, and (4) exhibits are due to be exchanged today. With very limited exception, all of the items Plaintiff untimely produced existed prior to the end of discovery and relate to issues about which Defendant actively sought discovery, namely documents and information that support Plaintiff's claims. In fact, one of the documents is from as far back as 2015. If Plaintiff wanted to rely on these items, he could have and should have disclosed them years ago instead of producing them two years after the close of discovery and three weeks before trial. Giving Defendant so little time to prepare— and no opportunity to respond or develop discovery in response—is gamesmanship. It cannot be justified, and it certainly is not harmless. *See Johnson v. United Parcel Servs., Inc.*, 236 F.R.D. 376 (E.D. Tenn. 2006) (no justification for untimely disclosure, and it was not harmless in that the documents were disclosed only two weeks prior to the trial, giving defendants little time to prepare); *see also Boyer v. Home Depot U.S.A., Inc.*, No. 08-13382, 2010 WL 1254847, at *4 (E.D. Mich. Mar. 26, 2010) (prejudice to plaintiff was obvious where defendants clearly had possession of documents yet failed to

---

23898, 2012 WL 3260324, at *5 (S.D. Fla. Aug. 8, 2010) ("Whether the documents are available to Plaintiffs through due diligence does not control whether [a litigant] should be compelled to produce them.").

6

produce them until the 11th hour when discovery was already closed and trial was less than a month away).

### III. CONCLUSION

The Court should enter an order in limine to prohibit Plaintiff from introducing evidence that he failed to timely produce in discovery.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*