UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| v. | ) | District Judge Richardson |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 6 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument that refers to Defendant as a cult or accuses Defendant of being "cult-like."

### I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

### II. ARGUMENT

Defendant moves in limine to prohibit Plaintiff from continuing his attempts to incite passions at trial by referring to and/or insinuating that Defendant is a "cult." Specifically, Defendant anticipates Plaintiff may testify that he believes the company is "cult-like" and that Plaintiff's counsel will attempt to put on extraneous evidence that perpetuates that narrative.

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403. Specifically, courts tend to preclude evidence and argument that is likely to inflame and appeal to the passions of the jury.

Plaintiff has done this repeatedly throughout litigation. Plaintiff accused the company of being "cult-like" seven (7) times in the Amended Complaint. Amended Complaint ¶ 30, 40, 42, 50, 313, 316, 357. In his deposition, he again referred to the company as a cult, calling employees of Defendant a "cult of people who are debt free and pay in cash." Deposition of Brad Amos, Sept. 26, 2022, 251: 10-11. Likening Defendant employees to members of cults, he stated "you don't handle snakes and shave your head." *Id*., at 251:8-9.

Beyond calling Defendant a cult, Plaintiff also uses inflammatory language that most members of the public associate with cults. For example, Plaintiff alleged, no less than five (5) times in the Amended Complaint, that onboarding at Defendant was "indoctrination." Amended Complaint ¶ 57, 58, 110, 226, 228. In fact, Plaintiff went so far as dedicate an entire allegation in the Amended Complaint to simply stating that "the onboarding process was nothing more than an indoctrination process; a process of teaching a person to accept a set of beliefs uncritically." *Id*. at ¶ 57.

In addition, Plaintiff's counsel introduced extraneous articles and videos as exhibits at trial that served no purpose other than to perpetuate this narrative. Plaintiff has introduced an article "More former Ramsey Solutions employees are speaking out. Here's why." to apparently ask about employee turnover. Plaintiff's counsel introduced this at the deposition of Dave Ramsey but did

not need to introduce the article to ask this question. The only reason for introducing the article was the contents: an opinion piece that discussed unrelated litigation, rumors, and apparently incorrect turnover data. Nothing in the article related to Plaintiff or the reason for his termination.

Courts across the nation have precluded parties from referring to people as cult members or entities as cults. *See e.g., United States v. Majeed,* No. 21-20060-JAR, 2024 WL 992884, at *2 (D. Kan. Mar. 6, 2024) (granting motion to exclude any references by counsel or witnesses to the United Nation of Islam as a "cult"); *French v. Providence Everett Med. Ctr.*, No. C07-0217RSL, 2009 WL 10676665, at *1 (W.D. Wash. Mar. 19, 2009) (granting unopposed motion *in limine* excluding argument or testimony about Plaintiff and her family being members of a cult). That is because this name-calling only serves one purpose: improperly inflaming the passions of the jury. That Plaintiff would resort to such derogatory name-calling is disappointing, and this Court cannot allow this behavior to continue at trial.

There is no admissible purpose for this evidence. It will not help prove whether Plaintiff's termination from the company had anything to do with his religion, or lack thereof. In fact, it will only serve to taint the jury as to how they should answer that question and possibly lead them to a verdict for the wrong reasons. Accordingly, the Court should preclude such evidence.

### III. CONCLUSION

For the foregoing reasons, the Court should enter an order in limine to prohibit Plaintiff from presenting any evidence or argument that refers to Defendant as a cult or accuses Defendant of being "cult-like."

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)

3

Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*