UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) ) | Case No. 3:21-cv-00923 |
| v. | ) ) | District Judge Richardson |
| | ) ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) ) | Jury Demand |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 7 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument about the religious beliefs of Dave Ramsey—the Chief Executive Officer of Defendant—or any improper propensity evidence.

**I.  LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

**II.  ARGUMENT**

**A.  The Court Should Exclude Argument and Evidence Related to Mr. Ramsey's Personal Religious Beliefs.**

Defendant anticipates that Plaintiff will seek to introduce inadmissible testimony and make improper argument about Mr. Ramsey's personal religious beliefs at trial. This evidence will confuse the jury as to what religious beliefs are at issue and ultimately create prejudice against Mr. Ramsey, who has been subpoenaed as a witness in this matter.[1] This is nothing more than a publicity stun to draw attention away from Plaintiff's case.

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403. Courts tend to exclude evidence of a witness's personal religious beliefs. *See e.g., Shelton v. Bledsoe*, No. CV 3:11-0368, 2017 WL 2906560, at *8 (M.D. Pa. July 7, 2017) (granting motion to exclude evidence of the Plaintiff's religious background because of the likelihood of unfair prejudice with members of the jury); *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 1838866, at *7 (N.D. Cal. May 3, 2010) (granting Plaintiff's motion in limit prohibiting Defendant from referring to Plaintiff's religion derogatively or negatively because of the risk of prejudice).

This has been Plaintiff's litigation strategy. In the Amended Complaint, Plaintiff made numerous allegations about Mr. Ramsey's personal religious beliefs. *See, e.g.*, Am. Compl., Doc. #21 at ¶ 137 (Plaintiff highlights Mr. Ramsey's opinion that not working in the office because of COVID demonstrates "*weakness of spirit*."); ¶ 144 (Plaintiff accuses Mr. Ramsey of firing people who did not agree with *his* beliefs); ¶ 179 (Plaintiff alludes to Mr. Ramsey's belief that people

---

[1] Defendant and Mr. Ramsey have moved to quash the subpoena to Mr. Ramsey because, *inter alia*, Mr. Ramsey has no personal knowledge about Amos or this case in general. (Doc. #191).

should "pray and keep moving forward" during COVID). This continued in depositions. When Plaintiff was asked about the "Ramsey Way," a policy of Defendant. Plaintiff spent a significant amount of time discussing Mr. Ramsey's "tone," Mr. Ramsey's opinions as specifically expressed on his radio show, Mr. Ramsey's belief system, and even Mr. Ramsey's "will." *See* Deposition of Brad Amos, Sept. 26, 2022, 251:22-253:16.

Dave Ramsey's religious beliefs are irrelevant. Dave Ramsey is not on trial in this matter. Mr. Ramsey was not involved in the decision to terminate Plaintiff. He did not make the decision to terminate Plaintiff. He did not even know Plaintiff. He has no firsthand knowledge relevant to Plaintiff's claims or Defendant's defenses. What Mr. Ramsey believes or does not believe has no tendency to make it more or less likely that Defendant's termination of Plaintiff had anything to do with Plaintiff's religion or lack thereof. If Plaintiff believes that the decisionmaker terminated Plaintiff based on that decisionmaker's subjective understanding of Mr. Ramsey's beliefs, then the relevant testimony is what that decisionmaker subjectively believed—not what Mr. Ramsey believes. Regardless of how much Plaintiff wishes otherwise, Mr. Ramsey is *not* Defendant, and Defendant is *not* Mr. Ramsey.

Defendant is a closely held company, but that does not make Mr. Ramsey and Defendant interchangeable entities. Evidence concerning Mr. Ramsey's beliefs, if admitted, may improperly cause a jury to conflate Mr. Ramsey with Defendant and to assume that Mr. Ramsey's beliefs are Defendant's beliefs. Not only is this simply not true, but it expressly contradicts what the Sixth Circuit determined Plaintiff's colorable claims to be. *See Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024) (holding that Plaintiff's claim is that Defendant discriminated against him because he did not share *Defendant's* religious convictions).

In addition, if Mr. Ramsey attends trial, it will only be as a third-party witness. Federal Rule of Evidence 610 protects a witness's religious beliefs and makes them inadmissible to attack the witness's credibility. Fed. R. Evid. 610. By attempting to introduce evidence of Mr. Ramsey's religious beliefs, Plaintiff hopes to paint Mr. Ramsey in a negative light by associating him with traditionally conservative religious beliefs and impairing his credibility as a witness. This is precisely the type of situation that the evidence rules were designed to avoid. *See e.g., Malek v. Federal Ins. Co.*, 994 F.2d 49, 54 (2d Cir. 1993) (trial court erred by allowing cross-examination of a witness regarding the witness's religious affiliation, when it was suggesting that the affiliation affected the witness' truthfulness).

There is no reason to allow argument and evidence that could unnecessarily prejudice the jury against a third-party witness, particularly when such evidence poses a risk of confusing the issues at trial. Accordingly, the Court should preclude such evidence.

**B. The Court Should Exclude Propensity Evidence Regarding Mr. Ramsey.**

Courts also routinely exclude propensity evidence absent a showing that those acts somehow prove a fact of consequence at the case at issue. Federal Rule of Evidence 404 states in relevant part, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). This evidence is improper because it "tends to *distract* the trier of fact from the main question of what actually happened on the particular occasion." Fed. R. Evid. 404 (advisory committee's note to 1972 proposed rules) (emphasis added).

Courts consider three (3) factors when faced with impermissible propensity evidence that may trigger Rule 404. *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). First, the court must decide whether there is sufficient evidence that the other act in question actually occurred. *Id.* Second, the district court must decide whether the evidence of the other act is probative of a

material issue other than character. *Id*. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *Id*.

Defendant anticipates that Plaintiff will attempt to introduce argument and evidence regarding certain actions of Mr. Ramsey that are wholly unrelated to this case. Specifically, Defendant believes that Plaintiff will use several third-party witnesses that he has called for trial to elicit testimony about their past experiences with Mr. Ramsey, none of which will relate to this case.

Plaintiff has brought up past actions by Mr. Ramsey at every possible junction in this litigation so far. In the Amended Complaint, Plaintiff made numerous allegations about prior acts by Mr. Ramsey that have *nothing* to do with this case, Plaintiff, or COVID-19. *See* Am. Compl., Doc. #21 at ¶¶ 268, 294, and 295. This absurdity continued during Mr. Ramsey's deposition. Based on the questioning of Mr. Ramsey during his deposition—which hardly even referenced Plaintiff— Defendant believes Plaintiff will attempt to introduce videos and articles about Mr. Ramsey and Defendant's radio show. *See* Exhibits 3, 5 and 13 to Deposition of Dave Ramsey, June 21, 2023. While some of these things may tangentially relate to COVID-19, most are simply about Mr. Ramsey's radio personality.

Defendant does not challenge that Mr. Ramsey is a well-known radio personality who has passionately operated a successful company and taken positions that others may not like. What Defendant does challenge is the probative value of these actions and how likely they are to substantially and unfairly prejudice Mr. Ramsey as a witness and Defendant as a party.

There is no admissible purpose for this evidence. This evidence cannot be used for any purpose, other than to question Mr. Ramsey's character and then claim he (and Defendant) acted

5

in accordance with that character. *United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)). The potential prejudice of introducing the jury to Mr. Ramsey's unrelated actions or positions substantially outweighs the probative value—because there is no such probative value. These actions are not related to the claims at issue, in any way. They neither relate to Plaintiff nor arise out of the same set of circumstances.

Plaintiff wants to build a mountain of propensity evidence regarding Mr. Ramsey so that he can convince the jury that, in this instance, he (and the Defendant company) acted accordingly. Based on the people Plaintiff has subpoenaed for trial, it appears that Plaintiff plans to bring in witness after witness (most of whom are known disgruntled former employees) to do just that. There is no reason to allow this evidence against a third-party witness, particularly when it poses such a risk of prejudice, and they have nothing to do with Plaintiff.

### III.  CONCLUSION

For the reasons above, the Court should prohibit Plaintiff from presenting any evidence or argument about Mr. Ramsey's religious beliefs or propensity evidence related to Mr. Ramsey.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*