IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:21-cv-00923 |
| ) | Judge Richardson |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SECOND MOTION IN LIMINE**

Plaintiff, Brad Amos, by and through counsel moves this Court to exclude any evidence which suggests any allegations that the Plaintiff has violated, is violating, or will violate the Religious Freedom Restoration Act (RFRA), the First Amendment of the United States Constitution, Article I, Section 3 of the Constitution of the State of Tennessee, or Tennessee Code Annotated § 4-1-407.

Plaintiff would first note the Defendant attempted to raise these arguments at the Court of Appeals . In its order, the Sixth Circuit refused to acknowledge the arguments. *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024)..

The RFRA clearly does not apply in this matter. "The text of the statute makes quite clear that Congress intended RFRA to apply only to suits in which the government is a party." *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010). "This court has held that the federal RFRA statute "does not apply in suits between private parties." *Ermold v. Davis*, 130 F.4th 553, 564 (6th Cir. 2025) We have previously made clear that "Congress intended RFRA to apply only to suits in which the government is a party." *Equal Emp.*

*Opportunity Comm'n v. R.G. &. G.R. Harris Funeral Homes, Inc*., 884 F.3d 560, 584 (6th Cir. 2018)

As to the First Amendment and. Tennessee Constitution claims, Defendant fails to meet any exception that would allow constitutional shielding from Title VII religious discrimination claims. Title VII does not apply to "a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities." 42 U.S.C. § 2000e-1(a) Defendant is registered as an LLC. Defendant has not held itself out to be a "religious corporation" or other exempted entity under Title VII. In fact, Defendant's CEO expressly stated in his deposition that Defendant is not a Christian company:

> Q. Now, Mr. Ramsey, is Lampo a Christian company?
>
> A. No. There's no such thing.

Exhibit 1 - Deposition of David Ramsey, June 21, 2023, page 158-159.

Last, Defendant is mistaken in its belief that its inability to enforce its religious views on its employees is somehow a violation of its First Amendment rights. If anything, such action would instead be a violation of the employee's First Amendment rights by forcing an employee to comply with policies based on religion in order to maintain employment.

For the above reasons, plaintiff respectfully requests the Court exclude any evidence related to Plaintiff's alleged violation of the RFRA, TCA § 4-1-407, Article 1, Section 3 of the Tennessee Constitution, or the First Amendment of the United States Constitution.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/** *Jonathan A. Street*
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street