UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 8 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument pertaining to former employees of Defendant who were not similarly situated to Plaintiff, including, specifically, the three specific former employees subpoenaed by Plaintiff, referred to herein as Employees 1, 2, and 3 in the interest of protecting their privacy.[1]

**I.    LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed.

---

[1] Although Defendant has anonymized its references to these three subpoenaed witnesses to protect their privacy, Defendant offers to provide the Court with additional information under seal or in camera. Defendant has provided sufficient information about the three employees so as not to prejudice Plaintiff's ability to respond to this Motion, particularly given that Plaintiff issued the trial subpoenas to all three witnesses.

R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

II. ARGUMENT

Plaintiff issued subpoenas to three former employees of Defendant who are not similarly situated to Plaintiff, suggesting that Plaintiff will seek to inappropriately introduce testimony at trial concerning other employment actions of Defendant unrelated to the instant action. As discussed below, these three subpoenaed employees did not participate in Plaintiff's termination, were not terminated by the same decisionmaker as Plaintiff, did not work in Plaintiff's department, likely did not know Plaintiff, and, in at least one instance, did not even work for Defendant at the same time as Plaintiff. Plaintiff's subpoenas appear to be more geared toward a strategy of shifting the narrative away from the discrete issues properly before this Court to a broader, generalized referendum on Defendant as a company in general. Plaintiff's approach risks prejudicing the trial proceedings by confusing the issues and misleading potential jurors about the issues on trial. Defendant requests that the Court curtail Plaintiff's continued efforts to litigate this case in the court of public opinion rather than on the legal merits of the particularized allegations actually raised in the Complaint.

"In the employment-discrimination-law context, 'other acts' evidence consists of testimony or other evidence of discrimination by the employer against non-party employees." *Griffin v. Finkbeiner*, 689 F.3d 584, 598 (6th Cir. 2012). Evidence of "other acts" of alleged discrimination against non-party employees—sometimes referred to by the courts as "me-too" evidence—"is 'neither per se admissible nor per se inadmissible' under Federal Rules of Evidence 401 and 403." *Hosse v. Sumner Cnty. Bd. of Educ.*, No. 3:13 C 520, 2018 WL 11471784, at *3, 5 (M.D. Tenn. July 27, 2018), *aff'd*, 776 F. App'x 902 (6th Cir. 2019) (quoting *Sprint/United Mgmt.*

*Co. v. Mendelsohn*, 552 U.S. 379, 380 (2008)). However, "[s]uch 'me too' evidence is relatively unwelcome in this Circuit." *Calderwood v. Omnisource Corp.*, No. 3:04 CV 7765, 2007 WL 2838969, at *5 n.1 (N.D. Ohio Sept. 26, 2007) (denying plaintiff's "attempts to offer testimony of some of the other 'thirty-four' employees" where plaintiff had not shown that "the same actors, reasons, and other circumstances were involved"); *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 1026479, at *9 (S.D. Ohio Apr. 15, 2009) (accord). Courts "regularly prohibit 'me too' evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial, but only slightly relevant." *Reed v. Nat'l Linen Serv.*, 182 F.3d 918, 1999 WL 407463, at *7 (6th Cir. 1999) (table opinion). Such evidence may only be admissible if it "could logically or reasonably be tied to the decision" challenged by the plaintiff. *Schrand v. Fed'l Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) (deeming inadmissible under Federal Rules of Evidence 401 and 403 testimony from two non-party former employees who worked in different divisions, in different cities, and for different supervisors than the plaintiff).

"Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case[.]" *Mendelsohn*, 552 at 387. "The question of whether me-too evidence is relevant therefore 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Hosse*, 2018 WL 11471784, at *3 (quoting *Mendelsohn*, 552 at 388; citing *Griffin*, 689 F.3d at 598). "Among the factors [district courts] may consider in determining whether the evidence was related to the plaintiff's circumstances and theory of the case are: (1) whether the same actors were involved in the decisions; (2) temporal and geographical proximity; (3) whether the various decisionmakers knew of the other decisions; (4) whether the employees were similarly situated in relevant respects; and

3

(5) the nature of each employee's allegations." *Id.* (citing *Griffin*, 689 F.3d at 598–99) (denying motion for new trial because plaintiff's "proposed me-too testimony is irrelevant as it is not closely related to [p]laintiff's circumstances, and it is inadmissible because it is unfairly prejudicial, tends to confuse the issues by focusing the jury's attention on unrelated events, and requires a trial within a trial"). Thus, "[a] plaintiff generally must show that the same actors, reasons, and other circumstances were involved in order for such evidence to be admissible." *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 1026479, at *9 (S.D. Ohio Apr. 15, 2009) (citations omitted). "There must be evidence that logically or reasonably ties the decision" against the plaintiff "to the statements of the witnesses." *Id.* (citations omitted). "If [plaintiff] cannot tie the decision" by the employer against the plaintiff "to the statements or actions testified to by the witnesses, then such evidence will be excluded." *Id.*

Here, Plaintiff's Amended Complaint inappropriately inserted averments concerning irrelevant "controversies" involving other employees. *Cf.* Doc. #21, PageID# 4925 ¶ 240. In party depositions, Plaintiff subsequently attempted to probe regarding other unrelated litigation involving Defendant. Now, Plaintiff inappropriately seeks to introduce witness testimony from three subpoenaed former employees whose testimony cannot "logically or reasonably be tied to the decision" by Defendant to terminate Plaintiff. *Cf. Schrand*, 851 F.2d at 156.

Plaintiff's proposed witnesses do not satisfy the *Mendelsohn* factors because Plaintiff seeks to introduce testimony from: (1) individuals who voluntarily resigned from Defendant as opposed to being terminated and/or were terminated by individuals who were not involved in the decision to terminate Plaintiff; (2) individuals who were employed at times other than Plaintiff and/or in departments other than Plaintiff and thus have disparate temporal proximity to Plaintiff's employment; (3) individuals who were terminated *after* Plaintiff, such that the decisionmaker who

4

Case 3:21-cv-00923    Document 209    Filed 06/23/25    Page 4 of 8 PageID #: 5209

terminated Plaintiff necessarily could not have been aware of their termination; (4) individuals who were not similarly situated to Plaintiff; and (5) individuals who have not raised allegations against Defendant at all or have not raised allegations substantially similar in nature to Plaintiff's particular allegations. *Cf. Hosse*, 2018 WL 11471784, at *3 (citing *Mendelsohn*, 552 U.S. at 380, and *Griffin*, 689 F.3d at 598–99).

On July 31, 2020, Plaintiff was terminated from his editing and production role at Defendant by a single decisionmaker, Luke LeFevre. Conversely, Employee 1 was terminated by the Human Resources Committee without the involvement of Mr. LeFevre; the same actors were not involved. *Id.* (factor 1). Employee 1 worked in a different department than Plaintiff and was terminated in December 2020, nearly six months after Plaintiff; there is no temporal proximity, and they worked in separate departments. *Id.* (factor 2). The decisionmaker who terminated Plaintiff necessarily could not have been aware of Employee 1's termination at the time of Plaintiff's termination because Plaintiff's termination came first. *Id.* (factor 3). Finally, Employee 1 was not similarly situated to Plaintiff and has not raised any allegations substantially similar in nature to Plaintiff' religious discrimination claim. *Id.* (factors 4 and 5).

Similarly, Employees 2 and 3 voluntarily resigned from Defendant and were not participants in Plaintiff's termination; thus, the same actors necessarily were not involved in the decisions that led to the separation of these former employees. *Id.* (factors 1 and 3). Employee 2 was involved in the tech department, not Plaintiff's video production department, and Employee 2 resigned in January 2020, before the World Health Organization declared COVID-19 a global pandemic on March 11, 2020. *Id.* (factor 2). Employee 3 resigned in April 2019—three and a half months before Plaintiff's employment even began and nearly a year before the COVID-19 pandemic—such that there was no overlap between Employee 3 and Plaintiff whatsoever. *Id.*

(factor 2). And as with Employee 1, Employees 2 and 3 were not similarly situated to Plaintiff and have not raised any allegations substantially similar in nature to Plaintiff's religious discrimination claim. *Id.* (factors 4 and 5).

Employees 1, 2, and 3 cannot offer admissible, non-hearsay testimony about any issues of consequence to determining this action. *Cf.* Fed. R. Evid. 401. Any testimony that these three employees could offer necessary would not concern Plaintiff's employment or termination, and employees who worked for Defendant before the COVID-19 pandemic cannot testify regarding the global event that Plaintiff alleges led to disagreements between the parties. Such witnesses cannot testify regarding the present case and controversy—which suggests that Plaintiff intends to offer these witnesses to testify regarding employment "controversies" or matters unrelated to the facts at issue in the present case.

Here, there is no likelihood that Plaintiff could introduce the testimony that is the subject of this Motion without inappropriately encouraging the jury to make decisions based on how they feel about Defendant rather than the facts of this particular case. Evidence of prior acts risks "caus[ing] the jury to reach a verdict based on emotions instead of evidence" by trying to convince the jury that the defendant should be punished even though it did not violate the law in the instant case. *See United States v. Asher*, 910 F.3d 854, 861–62 (6th Cir. 2018) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). This evidence has no tendency to make facts of consequence to this litigation more or less probable and should be excluded by an order in limine. *Cf.* Fed. R. Evid. 401.

Having failed to satisfy the *Mendelsohn* factors, Plaintiff's introduction of testimony or evidence of other acts of alleged discrimination by Defendant against non-party employees should

6

be excluded as irrelevant under Rule 401 and/or prejudicial under Rule 403. *See Hosse*, No. 3:13 C 520, 2018 WL 11471784 at *3–5.

Alternatively, if the Court permits the testimony that is the subject of this Motion, the Court should instruct the jury as to what evidence is relevant to—and may be used in determining liability on—Plaintiff's claims. *See e.g., In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.*, No. 1:17-CV-00944, 2021 WL 2407566, at *1 (D. Md. June 11, 2021) (holding that if evidence relevant to both dismissed and remaining claims was admitted at trial, the parties could request limiting instructions on such evidence). If the Court determines that a jury instruction is the appropriate mechanism to address this testimony, Defendant requests that it be allowed to submit a proposed limiting instruction.

### III. CONCLUSION

The Court should enter an order in limine to prohibit Plaintiff from presenting any evidence or argument pertaining to former employees of Defendant who were not similarly situated to Plaintiff, including, specifically, the three specific former employees subpoenaed by Plaintiff, referred to herein as Employees 1, 2, and 3.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com

sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*