IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S THIRD MOTION IN LIMINE

Plaintiff, Brad Amos, by and through counsel move the Court to prohibit Defendant from introducing evidence indicating or suggesting that Defendant's employees must follow a certain religion because the majority of Defendant's customers, consumers, or target audience sharing the same religious belief.

First, it is now widely accepted that a company's desire to cater to the perceived racial preferences of its customers is not a defense under Title VII for treating employees differently based on race. *See* Crane *v. Mary Free Bed Rehab. Hosp.*, No. 1:13-CV-1294, 2015 WL 10791897, at *6 (W.D. Mich. Mar. 13, 2015), aff'd, 634 F. App'x 518 (6th Cir. 2015).; *Kluge v. Brownsburg Cmty. Sch. Corp*., 64 F.4th 861, 910 (7th Cir. 2023). Just as a Defendant may not use the racial preferences of its customers as a defense to a Title VII claim, it may not use religion for the same purpose.

EEOC Guidance also opines on the matter of customer preference. The Guidance states, "An employer's action based on the discriminatory preferences of others, including coworkers or customers, is unlawful." U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM'N, Section

12-IIB: Religious Discrimination (2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#h_2550067453639161074986%207844(EEOC Guidance). The Guidance provides an illustrative example:

> Employment Decision Based on Customer Preference
>
> > Harinder, who wears a turban as part of his Sikh religion, is hired to work at the counter in a coffee shop. A few weeks after Harinder begins working, the manager notices that the work crew from the construction site near the shop no longer comes in for coffee in the mornings. When he inquires, the crew complains that Harinder, whom they mistakenly believe is Muslim, makes them uncomfortable in light of the September 11th attacks. The manager tells Harinder that he has to let him go because the customers' discomfort is understandable. The manager has subjected Harinder to unlawful religious discrimination by taking an adverse action based on customers' preference not to have a cashier of Harinder's perceived religion. Harinder's termination based on customer preference would violate Title VII regardless of whether he was – or was misperceived to be -- Muslim, Sikh, **or any other religion.**

*Id.* at Example 14 (emphasis added). This example shows that the EEOC does not tolerate religious discrimination based on the preferences, opinions, and feelings of customers about an employee's religious observance or practice. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 909 (7th Cir. 2023), vacated on denial of reh'g, No. 21-2475, 2023 WL 4842324 (7th Cir. July 28, 2023)(internal citations omitted).

      Second, Defendant never raised any evidence to support these claim in discovery nor did they at any time raise this as an affirmative defense in this matter. Even if Defendant had raised either claim (employment based on customer preferences or customer preferences that all employees share their religions), both would be deemed unlawful under the EEOC Guidance.

      For the above reasons, Plaintiff respectfully requests the Court grant this motion prohibiting Defendant's evidence of customer preference.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street