# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 3:21-cv-00923** |
| | ) | **Judge Richardson** |
| THE LAMPO GROUP, LLC, | ) | **Jury Demand** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>PLAINTIFF'S FIFTH MOTION IN LIMINE</u>

Plaintiff, Brad Amos, moves this Court to order that any email which Defendant attempts to enter into evidence shall be deemed inadmissible hearsay.

Defendant has produced thousands of emails during Discovery. Many of these emails are not relevant to the matter at hand, the claims of religious discrimination, or Plaintiff. Neither do they meet the requirements to meet the business record exemption pursuant to the Federal Rules of Evidence. The Sixth Circuit explained in 2019:

> An email is not a business record for purposes of the relevant hearsay exception simply because it was sent between two employees in a company or because employees regularly conduct business through emails; such evidence alone is insufficient to show that the email is a record, made as "a regular practice" of the company, Fed. R. Evid. 803(6)(C), and that "the record was kept in the course of a regularly conducted activity of a business," id. at 803(6)(B). "[I]t would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then ergo all those e-mails are business records falling with the ambit of Rule 803(6)(B)." United States v. Cone, 714 F.3d 197, 220 (4th Cir. 2013). If that were the case, then every single email sent within any company would fall within the exception. This result would obviate the entire purpose of the business records exception, which is designed for a limited category of records—namely those that are regularly produced as a part of a company's business activities.

*United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019).

To be admissible under Rule 803(6), a record must meet the following four requirements: (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge. *Cobbins v. Tenn. Dep't of Transp.,* 566 F.3d 582, 588 (6th Cir.2009).

A "custodian or other qualified witness" must authenticate the business record "by establishing the four requirements of admissibility under 803(6)." *Fambrough v. Wal-Mart Stores, Inc.,* 611 F. App'x 322, 326 (6th Cir. 2015). If Defendant seeks to admit emails on their behalf, they must have a witness authenticate each email.

Plaintiffs should be allowed to introduce the emails as party-opponent admissions under Rule 801(d)(2). *See Galloway v. Big G Express, Inc.,* No. 3:05-CV-545, 2008 WL 2704443, at *2 (E.D. Tenn. July 3, 2008).

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street