UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SIXTH MOTION IN LIMINE**

Plaintiff, Brad Amos, through undersigned counsel, pursuant to Rules 401, 403, and 406 of the Federal Rules of Evidence, moves this Court to allow testimony regarding the existence of other lawsuits against Defendant and evidence and witnesses from other lawsuits against Defendant, as applicable.

Defendant has been in litigation with plaintiffs not dissimilar from Mr. Amos for years. The existence of these cases is well known and easily ascertainable via public records. The existence of Defendant's other cases and their facts meet the relevance standard set in Rule 401. The probative value of Defendant's other cases is more than enough to outweigh any prejudicial effect. Further, establishing the existence and brief facts from other litigation will not take much time or confuse the jury—Defendant simply must acknowledge that the other cases have occurred. Further, Defendant has acted similarly in multiple cases, so much so that it is possible that the existence of those cases themselves, much less evidence from those cases, can establish a pattern or routine under Rule 406.

These cases would also be relevant to Plaintiff's claims for punitive damages as well. In

order for a Plaintiff to establish punitive damages, he must show "[t]he employer act[ed] with "malice or with reckless indifference *to the [plaintiff's] federally protected rights.*" § 1981a(b)(1) (emphasis added). The terms "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination. <u>Kolstad v. Am. Dental Ass'n</u>, 527 U.S. 526, 535, 119 S. Ct. 2118, 2124, 144 L. Ed. 2d 494 (1999). The prior lawsuits are not only relevant to show Defendant's motives and patterns, but they are also evidence that Defendant continues to violate federal laws in the face of numerous lawsuits alleging similar conduct. The prior lawsuits are evidence Defendant was notice it may be in violation of federal laws, yet it continues to hold itself out as being above the law, as opposed to changing its practices. This is evidence of Defendant's "malice" or "reckless indifference" to Plaintiff's federally protected rights.

Evidence from those prior cases should be admitted due to its probative nature regarding Defendant's culture and patterns. This outweighs any prejudice that Defendant could claim from the introduction of such evidence. Further, witnesses from Defendant's prior litigation should also be allowed to testify, as many of their claims are similar to Plaintiff's and involve matters related to religious discrimination. All such testimony could be deemed relevant under Rule 401.

Deposition testimony from prior litigation against Defendant can also reasonably be admitted under Federal Rule of Civil Procedure 32(8). The rule states, "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." FRCP 32.8. Depositions taken in

prior actions against Defendant involve matters of religious discrimination and include discussion on Defendant's core values that are derived from traditional Judeo-Christian values."

Additionally, there is a strong argument that prior deposition testimony should be allowed under Rule 801(d)(2) of the Federal Rules of Evidence. Prior deposition estimony of current or former employees of Defendant discussing the policies, procedures, or practices of Defendant would satisfy the party-opponent exception to hearsay because statements were "made by the party in an individual or representative capacity;" "the party manifested that it adopted or believed [the statement] to be true;" statements "w[ere] made by a person whom the party authorized to make a statement on the subject;" or the statement "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FRE 801(d)(2).

For the above reasons, Plaintiff respectfully moves the court to allow evidence of Defendant's other litigation and evidence from such litigation, including witnesses.

Respectfully Submitted,

THE EMPLOYMENT AND COMMERCE LAW GROUP,

/s/ *Jonathan A. Street*
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street