UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SEVENTH MOTION IN LIMINE**

Plaintiff, Brad Amos, through undersigned counsel, respectfully moves the Court to adopt the *Shapolia v. Los Alamos Nat. Laboratory* approach as it relates to establishing a prima facie claim of religious nonconformity and exclude arguments or evidence entered under other frameworks.

Under a typical Title VII claim for religious discrimination, the plaintiff has the initial burden of establishing a prima facie case that his employer discriminated against him because of his religion. *Beaven v. Commonwealth of Ky.*, 783 F.2d 672, 675 (6th Cir.1986). To meet this burden, ordinarily a plaintiff must show: (1) that he was a member of a protected group, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was treated less favorably than those outside the protected class. *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728-29 (6th Cir.1999), citing *McDonnell Douglas*, 411 U.S. at 792. The common burden shifting framework is prejudicial toward the plaintiff in a case of "reverse religious discrimination," or as Sixth Circuit has adopted, "religious nonconformity." *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *2 (6th Cir. Aug. 6, 2024)("The Equal

Employment Opportunity Commission advocates for use of the term "religious nonconformity claim." We agree that this is a better term.")(internal citations omitted).

The Tenth Circuit, in *Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, (10th Cir. 1993), outlined a framework specifically for cases of religious nonconformity:

> Thus, in order to establish a prima facie case in actions where the plaintiff claims that he was discriminated against because he did not share certain religious beliefs held by his supervisors, we hold that the plaintiff must show (1) that he was subjected to some adverse employment action; (2) that, at the time the employment action was taken, the employee's job performance was satisfactory;[5] and (3) some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his or her employer's religious beliefs.

*Shapolia* at 1038.

In addition to the Tenth Circuit, the Second and Seventh Circuits have adopted this framework in cases similar to this matter. *See Owens v. City of New York Dep't of Educ.*, No. 21-2875, 2022 WL 17844279 (2d Cir. Dec. 22, 2022); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998). The Middle District of Tennessee has also employed the *Shapolia* framework. *See Nichols v. Snow*, No. 3:03-0341, 2006 WL 167708, at *12 (M.D. Tenn. Jan. 23, 2006); *Myrick v. Publix Super Markets, Inc.*, No. 3:16-CV-690, 2017 WL 2362491, at *6 (M.D. Tenn. May 31, 2017).

Given the above, the Sixth Circuit's ruling in this case, and the District's previous use of the *Shapolia* approach, the Court should exclude any argument or evidence based on the *McDonnel Douglas* burden shifting framework as it relates to Plaintiff's religious nonconformity claim.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/** *Jonathan A. Street*
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

    /s/ Jonathan A. Street
    Jonathan A. Street