IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S EIGHTH MOTION IN LIMINE

Plaintiff Brad Amos, through undersigned counsel, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, respectfully moves the Court exclude any evidence or reference to Plaintiff's Determination and Notice of Rights ("Determination") received from the Equal Employment Opportunity Commission ("EEOC").

Prior to filing his Complaint, Plaintiff filed a Charge of Discrimination with the EEOC on December 21, 2020, and received a Determination on September 14, 2021. The EEOC Determination states that it is the "only notice of *dismissal* and of your right to sue." Additionally, the Determination notes that the Notice of Right was "Requested." (Doc. No. 1-1, page 2)(emphasis added).

Evidence regarding the EEOC Determinations is inadmissible because they are not relevant under Rule 401. See EEOC v. Chrysler, 610 F. Supp. 2d 818, 826-27 (E.D. Mich. 2009) (declining to consider EEOC's right to sue letter in deciding a motion for summary judgment because "the right to sue letter appears to be irrelevant in the most basic sense—it fails to make any fact at issue either more or less probable"). Cf. EEOC v. Ford Motor Co., 1996 U.S. App.

LEXIS 26263, at*26 (6th Cir. Sept. 30, 1996) (stating that "EEOC cause determinations carry an evidentiary value of practically zero").

Even if the EEOC Determination was relevant (which it is not), it should be excluded under Rule 403. The Determination carries the possibility of great prejudice because a jury could attach undue weight to the wording of the determination and view it as a suggestion that no cause exists, as opposed to what was likely a lengthy administrative process yielding no movement or results. *See Wright v.Columbia Sussex Corp.*, 2008 U.S. Dist. LEXIS 28096 (E.D. Tenn. Apr. 7, 2008) (citing *Williams v. Nashville Network,* 132 F.3d 1123, 1129 (6th Cir. 1997)).

For the above reasons, evidence of or reference to the EEOC Determination should be excluded.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

       **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

                                                /s/ Jonathan A. Street
                                                Jonathan A. Street