UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S MOTION IN LIMINE NO. 9 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing any evidence or argument at trial regarding Defendant's alleged religious principles or beliefs unrelated to the COVID-19 pandemic.

**I.    LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

**II.    ARGUMENT**

Defendant is a worldwide financial education company that prides itself on having biblically based principles and providing biblically based advice to customers. Defendant anticipates that Plaintiff will seek to put Defendant's biblically based principles on trial, rather than focus on the merits of his case.

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

Here, the Amended Complaint sets forth the scope of issues relevant to this lawsuit. The Amended Complaint alleges Plaintiff was discriminated against because of his beliefs regarding COVID-19:

- ¶ 339: "Lampo's religious convictions that individuals should "pray away the disease" rather than taking proper precautions and taking precautions *against COVID* demonstrated "weakness of spirit" were not followed by the Plaintiff."

- ¶ 340: "Lampo terminated Plaintiff for taking scientifically prescribed precautions, as required by his sincerely held religious beliefs, *in the COVID pandemic* rather than relying on prayer alone to protect himself."

- ¶ 341: "This action was taken in violation of Plaintiff's Christian belief that the precautions suggested by the CDC, State of Tennessee, Medical Doctors and others were the proper way to *avoid COVID*."

- ¶ 342: "Plaintiff was terminated for failing to follow Lampo's particular view that prayer was the exclusive way to *prevent COVID* infection."

- ¶ 343: "Plaintiff was terminated for failing to follow Lampo's particular view that taking precautions other than prayer *against COVID* infection would make a person fall out of God's favor."

(Doc. 21 (emphasis added).) In short, COVID-19 is the sole basis of Plaintiff's religious discrimination claim. In fact, Plaintiff went so far in these paragraphs as to state (1) his religious stance on COVID, taking scientifically prescribed precautions, and (2) Defendant's alleged

religious stance on COVID, praying.[1] As such, there is no reason for Plaintiff to put on evidence about Defendant's other religious principles at trial.

Yet, Defendant believes Plaintiff intends to do just that. At the deposition of Dave Ramsey, the CEO of Defendant, Plaintiff's counsel asked multiple questions about Defendant's views on issues ranging from sex outside of marriage to abortion—issues which are obviously wholly unrelated to this lawsuit.

Defendant's religious beliefs, outside of those allegedly related to COVID-19, are completely irrelevant to the trial. What Defendant's stance may or may not be on sex, abortion, or any other topic does not make it more or less likely that Defendant's termination of Plaintiff had anything to do with Plaintiff's beliefs regarding COVID-19, which is the sole basis of his claims. Regardless of how much Plaintiff wants to put Defendant on trial for having biblically based beliefs, not every belief is on trial.

Further, even if relevant, this evidence will only serve to confuse and mislead the jury. If Plaintiff is allowed to put on mountains of evidence about what Defendant believes and compare that to what Plaintiff believes, Plaintiff will inherently suggest to the jury that they can assume discrimination occurred if there is any disagreement between those belief systems. But that is not the job of the jury. And it is not the law. In addition, if Plaintiff can muddy the waters about what exactly is at issue and what exactly his claim is, then the jury will be confused on whether he has met his burden of proof.

---

[1] Lampo disagrees with Plaintiff's characterization of its stance regarding the COVID-19 pandemic, but for purposes of this Motion, will use his characterization to show that Plaintiff does not need to put on any other evidence of Lampo's religious beliefs.

3

### III. CONCLUSION

The Court should prohibit Plaintiff from introducing any evidence or argument at trial regarding Defendant's alleged religious principles or beliefs unrelated to the COVID-19 pandemic.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*