UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S NINTH MOTION IN LIMINE**

Plaintiff, Brad Amos, through undersigned counsel, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, respectfully moves the Court exclude any evidence or reference to Plaintiff's claims in this matter that have been dismissed.

This Court dismissed counts in against Dave Ramsey on July 11, 2023. Doc. No. 110. This Court dismissed all other counts on December 13, 2023. Doc. No 137. The Sixth Circuit remanded the religious discrimination counts under Title VII and the Tennessee Human Rights Act (II and III) to the district court on August 6, 2024, but upheld the dismissal of other claims. *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024).

Defendant should be prevented from producing documentary or testimonial evidence or presenting any arguments to the jury regarding the dismissal of Plaintiff's other claims. "The dismissal of [some] claims does not tend to make more or less probable any facts of consequence in determining the remaining claims." *Garren v. CVS Rx Svcs.*, 2021 U.S. Dist. LEXIS 38022 at *5-6 (E.D. Tenn. Mar. 1, 2021) (granting Plaintiffs' motion in limine and ordering defendant not to introduce evidence regarding, referring to, or make any argument regarding Plaintiff's

dismissed claims). *See also Heriges v. Wilson Cnty.*, 2010 U.S. Dist. LEXIS 111327, at *36 n.7 (reference to dismissed claims was properly excluded because it is "well settled that a plaintiff, acting in good faith, is permitted to lead, at the outset, multiple and even alternative claims and allow the discovery process to sort out which claims, if any, have merit").

Furthermore, any potential minimal relevance regarding dismissals and/or appeal is substantially outweighed by the potential of unfair prejudice, confusing the issues, and/or misleading the jury. Reference to these claims could distract the jury. Additionally, the jury might erroneously infer the dismissals and/or appeal indicate the remaining claims are less meritorious. See *Crabbs v. Pitts*, 2018 U.S. Dist. LEXIS 181353 at *29 (S.D. Ohio Oct. 23, 2018) ("Given the low bar for relevance, it is possible that dismissed claims might have some probative value, however slight. But the potential for unfair prejudice and confusion to the jury far outweigh any slight probative value.").

Plaintiff therefore respectfully requests the Court exclude evidence regarding the dismissal of any of Plaintiff's claims.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street