UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
|     Plaintiff, | ) | Case No. 3:21-cv-00923 |
| v. | ) | District Judge Richardson |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
|     Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 10 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument related to claims that were dismissed by the Court or evidence that supported or related to those dismissed claims.

**I.  LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

**II.  ARGUMENT**

Courts routinely preclude evidence of claims brought by parties that have been dismissed from the lawsuit as such evidence is not probative to the remaining claims and needlessly interferes with those remaining claims. *See* e.g., *Alexander v. Hoffman*, No. 4:16-cv-12069, 2019 WL 4640281, at *2 (E.D. Mich. Sept. 24, 2019) ("Evidence relating only to those previously dismissed

claims has minimal probative value and if introduced would create a significant risk of creating undue delay and wasted time at trial."); *Crockett v. Ford Motor Co.*, No. 12-cv-13869, 2016 WL 949211, at *3 (E.D. Mich. Mar. 14, 2016) ("As a general matter . . . evidence and argument related to claims that the Court dismissed on summary judgment should be excluded . . . [because] this evidence is not relevant.") To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and/or] wasting time." Fed. R. Evid. 403.

Plaintiff originally filed this lawsuit against Defendant and its CEO, Dave Ramsey, asserting claims under the Tennessee Public Protection Act ("TPPA"), T.C.A. § 50-1-304 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 24 U.S.C. § 2000e *et seq.*, T.C.A. § 50-1-102, and state law claims for fraud, negligent misrepresentation and promissory estoppel (Doc. #1). Plaintiff later filed the Amended Complaint, containing those claims as well as a claim under the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.* (Doc. #21).

On July 11, 2023, the Court granted Mr. Ramsey's Motion to Dismiss Count III (THRA) and Count IV (Fraud), which were the only claims against Mr. Ramsey individually. (Doc. #110). On December 13, 2023, the Court granted this Defendant's Motion to Dismiss Count I (TPPA), Count II (Title VII), Count III (THRA), Count IV (Fraud), Count V (Promissory Estoppel), and Count VI (T.C.A. § 50-1-102). (Doc. #136). The Sixth Circuit reversed, and Plaintiff's Title VII and THRA claims with respect to Defendant will proceed to trial before this Court. *See generally Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024). As such, the

2

only remaining claims (and thus relevant at trial) are the religious discrimination claims against Defendant.

There is no permissible justification for Plaintiff to make any reference to the dismissed claims in its case before the jury or for Plaintiff to bring in evidence that Plaintiff contends would have supported or related to those claims. The dismissed claims are completely irrelevant and evidence related to those claims will not make more or less likely any fact of consequence at trial. The fact that Plaintiff sued Defendant for fraud, and the evidence supporting that claim, will not help the jury determine whether or not Plaintiff's termination was related to religion; the fact that Plaintiff sued Defendant for promissory estoppel, and the evidence supporting that claim, will not help the jury determine whether or not Plaintiff's termination was related to religion; and so on with each of the dismissed claims. For example, evidence related to alleged representations about Defendant as a good place to work or opportunities for Plaintiff to advance are no longer relevant.

To the extent the Court believes this evidence is relevant to the remaining claims, any probative value the evidence may have is substantially outweighed by the potential for (1) unnecessarily prolonging trial, (2) prejudicing the jury, and (3) confusing the jury as to the issues. Evidence is unfairly prejudicial when it has an "undue tendency to suggest a decision based on improper considerations," such as "the risk that the prior act could cause the jury to reach a verdict based on emotions instead of evidence." Here, there is no overlap in the dismissed and remaining claims that would give Plaintiff a reason to discuss the dismissed claims. The claims have different elements and must be proven by different evidence. *United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018) (citations omitted). If Plaintiff is allowed to put on evidence related to the dismissed claims, it would needlessly add to the evidence being presented to the jury and confuse the jury as

3

Case 3:21-cv-00923    Document 218    Filed 06/23/25    Page 3 of 5 PageID #: 5242

to the evidence that they are charged with using. Further, the evidence would allow the jury to reach a verdict based on evidence unrelated to the claims at issue.

Alternatively, the Court should instruct the jury as what evidence is relevant to (and be used in determining liability on) the remaining religious discrimination claims. *See, e.g., In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.,* No. 1:17-CV-00944, 2021 WL 2407566, at *1 (D. Md. June 11, 2021) (holding that if evidence relevant to both dismissed and remaining claims was admitted at trial, the parties could request limiting instructions on such evidence). If the Court determines that a jury instruction is the appropriate mechanism to address this evidence, Defendant requests that it be allowed to submit a proposed limiting instruction.

### III. CONCLUSION

For the foregoing reasons, the Court should enter an order in limine to prohibit Plaintiff from presenting any evidence or argument related to claims that were dismissed by the Court or evidence that supported or related to those dismissed claims.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*