UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S MOTION IN LIMINE NO. 11 AND MEMORANDUM OF LAW**

Defendant The Lampo Group, LLC ("Defendant") moves the Court for entry of an order in limine to preclude Plaintiff from making "Golden Rule" appeals by asking the jury to "step into the shoes" of Plaintiff and to preclude Plaintiff from asking the jury to use their damages award to "send a message" to Defendant.

## I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

"With respect to whether Plaintiff should be permitted to make a so-called 'Golden Rule' argument asking the jurors to put themselves into Plaintiff's shoes, the Sixth Circuit has noted that other Circuit Courts have 'universally condemned' such arguments 'as improper because they

invite decision based on bias and prejudice rather than consideration of facts.'" *Calaway ex rel. Calaway v. Schucker*, No. 2:02-CV-02715-STA, 2013 WL 311441, at *2 (W.D. Tenn. Jan. 25, 2013) (quoting *Johnson v. Howard*, 24 Fed. Appx. 480, 487 (6th Cir. 2001)). "The Sixth Circuit has further concluded that such arguments are 'inappropriate' because they request that the jury put itself in the plaintiff's position." *Id.* (citing *Michigan First Credit Union v. CUMIS Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011). Accordingly, Plaintiff should "not be permitted to use any 'Golden Rule' arguments at any phase of the case, including before the jury venire, in opening statement, or in closing argument." *Id.* (ordering the same).

Similarly, the Sixth Circuit has held that statements asking jurors to use their damages awards to "send a message" to the defendant "'can have no appeal other than to prejudice' and amount to an 'improper distraction from the jury's sworn duty to reach a fair, honest and just verdict.'" *Id.* at *3 (quoting *Strickland v. Owens Corning*, 142 F.3d 353, 358 (6th Cir. 1998); *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir.1985)). Accordingly, Plaintiff should "not be permitted to ask the jury to "send a message" at any phase of the case, including before the jury venire, in opening statement, or in closing argument." *Id.* (ordering the same).

### III.    CONCLUSION

For the foregoing reasons, the Court should enter an order in limine to preclude Plaintiff from making "Golden Rule" appeals by asking the jury to "step into the shoes" of Plaintiff and to preclude Plaintiff from asking the jury to use their damages award to "send a message" to Defendant.

2

Respectfully submitted,

*/s/ Eric C. Lyons*
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

*/s/ Eric C. Lyons*
Eric Lyons (TN #36105)
*Attorney for Defendant*