# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 12 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D., that Plaintiff disclosed on or about October 31, 2022.

### I.     LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

### II.     ARGUMENT

The Court should prohibit Plaintiff from presenting any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D., that Plaintiff disclosed

on or about October 31, 2022[1], because he has repeatedly failed to provide the damages disclosures required by Rule 26(a)(1)(A)(iii) or provide similar information and documents requested by Defendant in written discovery and deposition.

### A. Fed. R. Civ. Pro. 26(a)(1)(A)(iii) Disclosures

Plaintiff has never made the damages disclosures required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure.

By April 1, 2022, Plaintiff was required to provide "a computation of each category of damages claimed" and "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. Pro. 26(a)(1)(A)(iii). Thereafter, Plaintiff had an ongoing obligation to update his damages disclosures whenever necessary. Fed. R. Civ. Pro. 26(e).

Rule 26(a)(1)(A)(iii) damages disclosures "must be sufficient to allow the opposing party to independently analyze the claim." *Yost v. Wilhoit*, No. 2:18-cv-138-DCP, 2021 WL 5407722, at *2 (E.D. Tenn. Nov. 18, 2021) (internal quotations omitted). A party that fails to disclose information required by Rule 26(a) or (e) cannot use that information at trial unless their failure was substantially justified or harmless. *Id.* at *3. Plaintiff bears the burden of proving harmlessness. *Id.*

The parties' initial Rule 26(a)(1)(A) disclosures were due by April 1, 2022. (Doc. #26). On March 31, 2022, Plaintiff provided the following damages disclosure:

> Plaintiff seeks all amounts of wages he should have received under federal law but for Defendant's willful violation of his rights pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended.; front pay; all reasonable attorney's fees, costs and interest pursuant to federal and state law; any amount of tax offset; the sum of money determined by the fact finder to be sufficient to compensate him for the damages complained of herein; and punitive damages.

---

[1] Defendant has attached a copy of Dr. Baum's report as Doc. #220-1. However, we do not concede to the admissibility of Dr. Baum's report and will address that issue directly in a separate motion.

(Doc. #220-2).[2] Plaintiff only identified the following categories of damages: (1) "wages he should have received" which we interpret as back pay, (2) front pay, (3) reasonable attorney's fees, (4) costs, (5) interest, (6) "any amount of tax offset", and (7) punitive damages. Plaintiff did not provide computations for any of the damages, much less information sufficient for Defendant to independently analyze them. And Plaintiff has never supplemented his damages disclosures to correct their deficiencies.

### B. Written Discovery

Defendant gave Plaintiff opportunities to cure his damages disclosures in written discovery, but he refused.

In response to Interrogatory No. 12 of Defendant's First Set of Interrogatories, Plaintiff refused to provide any damages-related information at all:

> **Interrogatory No. 12.** Identify the types and amounts of damages that Plaintiff is seeking from Lampo in this case.
>
> **ANSWER: Objection. Plaintiff has up until trial to prove the specific amount of damages. See *Hannan v Alltel Publ'g Co., 270 S.W.3d 1 (Tenn. 2008); see also Overstreet v. Shoney's, Inc. 4 S.W.3d694, 703 (Tenn. Ct. App. 1999)*("The *amount* of damages may be uncertain, however, if the Plaintiff lays a sufficient foundation to allow the trier of fact to make a fair and reasonable assessment of damages.") Plaintiff will supplement this response with any expert report they may obtain as well.**

(Doc. #220-3).

Plaintiff had an ongoing duty to supplement his answer to Defendant's Interrogatory No. 12 under Rule 26(e). Although Plaintiff supplemented his interrogatory answers twice thereafter, he never supplemented his answer to Interrogatory No. 12.

### C. Deposition

---

[2] This is apparently a stock answer provided by Plaintiff's counsel. *See, e.g., Smith v. Bryce Corporation*, No. 20-2828-TMP, 2022 WL 17363894, at *1 (W.D. Tenn. Dec. 1, 2022) (same law firm, same damages disclosure).

3

Defendant also gave Plaintiff an opportunity to expound upon his damages claim at deposition. In response to direct questions about emotional damages, Plaintiff twice—first through counsel and then directly—referred Defendant to Dr. Baum's report. (Doc. #220-4 at 386:7 to 387:21).

### D. Plaintiff's Failure Was Not Substantially Justified Or Harmless

Plaintiff cannot establish that his failure to provide the damages disclosures required by Rule 26(a)(1)(A)(iii) was substantially justified or harmless. *See Yost* at *3-4; *cf. Ecolab Inc. v. Ridley,* No. 1:22-cv-50, 2024 WL 2708740, *19 (E.D. Tenn. March 12, 2024) (granting summary judgment based, in part, on deficient damages disclosures); *Richardson v. Rock City Mechanical Co., LLC*, No. 3-09-0092, 2010 WL 711830, at *1-3 (M.D. Tenn. Feb. 24, 2010) (compelling supplemental damages disclosures). Plaintiff has been given multiple opportunities to explain the types, amounts, and supporting calculations for the damages he is seeking from Defendant this case. Each time, he has dodged the question, objected to the question, or blindly directed Defendant to Dr. Baum's report. Plaintiff either has no personal knowledge regarding the damages he is seeking—in which case, he should have said so, long ago—or he refuses to provide it. Either way, if Defendant is going to hide behind Dr. Baum's report, then that report should be only evidence that he can present in support of damages.

### III.    CONCLUSION

The Court should enter an order in limine to prohibit Plaintiff from presenting any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D., that Plaintiff disclosed on or about October 31, 2022.

Respectfully submitted,


/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*


/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*


5