UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

## DEFENDANT'S MOTION IN LIMINE NO. 13 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument at trial regarding damages that he cannot recover under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") or the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA").

### I.     LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

The Court should prohibit Plaintiff from presenting any evidence or argument at trial regarding damages that he cannot recover under Title VII or the THRA[1] because they are irrelevant under Fed R. Evid. 401 and 402, and excludable for every reason provided under Fed. R. Evid. 403.

Plaintiff originally asserted a variety of statutory and common laws against Defendant, including common law fraud and deceptive representations in violation of T.C.A. § 50-1-102. *See* Doc. #21. Among other things, Plaintiff claimed that Defendant fraudulently induced him to move from California to Tennessee for employment.

As Defendant discussed in a separate motion in limine (Doc. #220), Plaintiff failed to provide the damages disclosures required under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and requested by Defendant in written discovery. However, he has produced and referenced the Expert Report of Charles L. Baum, Ph.D. (Doc. #220-1; hereafter "Baum Report").

Dr. Baum's report describes Plaintiff's economic losses as "Lost Earnings and Benefits", "Lost Home Equity", "Real Estate Fees and Commissions", "Lost Spousal Earnings", and "One Year of Therapy." (Baum Report at ¶ 57). Plaintiff cannot recover most of these damages under Title VII and should be precluded from introducing them at trial.

### A. Recoverable Damages Under Title VII

Title VII follows tort principles, so Plaintiff can only recover damages that were proximately caused by Defendant's conduct. *See, e.g., Shick v. Illinois Dept. of Human Services,* 307 F.3d 605, 615 (7th Cir. 2002).

> The term proximate cause is shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability. Whether a defendant's misconduct is a proximate cause of the plaintiff's injury entails a judgment, at least

---

[1] The THRA mirrors Title VII in all relevant respects, so we will address Title VII in this motion.

in part policy based, as to how far down the chain of consequences a defendant should be held responsible for its wrongdoing. The traditional principle of proximate cause suggests the use of words such as "remote," "tenuous," "fortuitous," "incidental," or "consequential" to describe those injuries that will find no remedy at law.

*Morgan v. Chao*, No. CV-16-04036-PHX-DLR, 2017 WL 3215647, at *1 (D. Ariz. July 28, 2017) (internal quotations and citations omitted).

### B. Plaintiff's Unrecoverable Damages

Plaintiff cannot recover damages for "Lost Home Equity", "Real Estate Fees and Commissions", "Lost Spousal Earnings", and "One Year of Therapy" because they were not proximately caused by any violation of Title VII by Defendant.

#### 1. "Lost Home Equity", "Real Estate Fees and Commissions" & "Lost Spousal Earnings"

According to the Baum Report, the damages Plaintiff seeks for "Lost Home Equity", "Real Estate Fees and Commissions", and "Lost Spousal Earnings" all stemmed from his decision to move from California to Tennessee to accept employment with Defendant. In other words, those losses were incurred *before or at the beginning of* Plaintiff's employment with Defendant on or about August 19, 2019, and could not possibly have been proximately caused by Defendant's allegedly discriminatory termination of Plaintiff's employment nearly a year later on July 31, 2020. (Baum Report at ¶ 57).

#### 2. "One Year of Therapy"

According to the Baum Report, Plaintiff also seeks damages for therapy obtained *for his son* allegedly as a result of Defendant's termination of his employment. (Baum Report at ¶ 57). The Baum Report claims that Plaintiff began taking his son to therapy on August 2, 2022, *over two years after Plaintiff's termination*, at the rate of $180 per week. There is no logical, much less

3

proximate, connection between the costs of therapy for Plaintiff's son over two years after Defendant's allegedly discriminatory termination of Plaintiff's employment on July 31, 2020.

### III. CONCLUSION

The Court should enter an order in limine to prohibit Plaintiff from presenting any evidence or argument at trial regarding damages that he cannot recover under Title VII or THRA, including, without limitation, the damages for "Lost Home Equity", "Real Estate Fees and Commissions", "Lost Spousal Earnings", and "One Year of Therapy" outlined in the Baum Report that cannot have been proximately caused by any actions of Defendant. Such order should also include portions of the Baum Report that relate to unrecoverable damages.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*