IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-00923 |
| | ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO MOTION TO QUASH

Comes now the Plaintiff, Brad Amos, and responds to Defendant's Motion to Quash the February 19, 2025 subpoena issued to Mr. Dave Ramsey to testify at the trial in this matter. Defendant does not argue there are any issues with the timing or service of this subpoena.

Subdivision (d)(3) of Rule 45 of the Federal Rules of Civil Procedure outlines the requirements for quashing or modifying a subpoena. Specifically, the rule provides that the Court must quash or modify a subpoena that (1) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (2) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). The burden is on the party seeking to quash the subpoena. *Almanza v. Sessions*, No. 3:15-CV-389-TAV-HBG, 2018 WL 5263033, at *5 (E.D. Tenn. June 15, 2018). The party seeking to quash the subpoena bears the burden. United States ex rel. Griffis v. EOD Tech., Inc., No. 3:10-CV-204-TRM-DCP, 2024 WL 4394747, at *2 (E.D. Tenn. Oct. 3, 2024) (internal citations omitted) Defendant has filed no statements, no affidavits, no proof whatsoever that either of these situations exists other than conclusory statements made in their Motion.

Importantly, a party resisting a subpoena on undue burden grounds cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and

extent of the burden and the injurious consequences of insisting upon compliance with the subpoena. Fed. Trade Comm'n v. Meta Platforms, Inc., No. CV 20-3590 (JEB), 2025 WL 985530, at *1–2 (D.D.C. Apr. 2, 2025)

# ARGUMENT

### A. Ramsey has provided no evidence that the subpoena would present any undue burden on him or Defendant Lampo

In its Motion, Ramsey and Defendant attach no declarations, no records, no evidence whatsoever to show that the subpoena would cause any burden whatsoever. True to form in this litigation, Defendant offers only conclusory statements and display their importunate view that the rules of this court (or this nation for that matter) simply do not apply to them.

#### 1. *Significant Burden and Expense to the Defendant*

Defendant offers conclusory statements and mis-statements regarding the burden and expense it would place on it by enforcing a legally sound subpoena. The trial in this matter will take at least five (5) days, however there is no need for Mr. Ramsey to sit through the entire trial, and Plaintiff is more than willing to work with Defendant to ensure the witness need not be present any longer than absolutely necessary. Plaintiff emailed Defendant regarding this on Tuesday, June 24, 2025, but has not received a response at the time of this filing.[1]

Further, Defendant's claims about Mr. Ramsey's obligations to his daily radio show are blatantly mis-stated. As demonstrated by the attached spreadsheet[2]- there were 64 airings of his show in the months of March-May. Mr. Ramsey was personally present for only 28 (44%). of those shows, Mr. Ramsey should only be required to miss at most, one show. It should also be noted that many days during the highlighted time period, a "best of" or previously recorded shows

---
[1] Exhibit 1- 6/24/2025 Email
[2] Exhibit 2- Spreadsheet

were played instead of appearing live. This practice of airing "Best of" or "rerun" shows is common practice for Defendant. Even on live show days, frequently other "Ramsey Personalities" appear alone without Mr. Ramsey.

Defendant states, "Requiring Mr. Ramsey to appear at trial will needlessly force Lampo and Mr. Ramsey to incur significant expenses associated with preparation and cause Lampo unwarranted disruption of its business operations through the absence of its chief executive officer," however the only reason they provide to reach this conclusory statement is the fact Mr. Ramsey would be absent from his show. A one-day absence from his show which he misses regularly can hardly meet the standard of "unduly burdensome." The fact Defendant's attorneys plan to spend time with, by their own admission, a third-party witness to "prepare" him for his testimony is troublesome on its own. Ultimately, the fact Defendant's counsel is required to spend time interviewing the CEO of Defendant would require time is not a valid reason to quash a valid subpoena.

2. *Media Exposure*

Defendant conclusory alleges that media coverage of the trial would be "prejudicial" should Mr. Ramsey be required to testify. They provide no evidence of any media outlet indicating they will be in attendance at the trial. Further, if Defendant was actually concerned about prejudicing the jury in this matter it would not have made comments through its PR department and Daniel Cortez, its attorney, such as:

> "(Amos's) inflammatory and false statements rise to the level of slander and defamation, and we are prepared to take action against Mr. Amos to stop him from making such comments about Ramsey Solutions," she said. "It appears the goal of this lawsuit is to smear Ramsey Solutions' reputation and extort a large settlement, and we are fully prepared to defend this lawsuit and prevail."[3]

---

[3] Exhibit 3 –*Tennessean* article

and,

> 'Daniel Cortez, general counsel for Ramsey Solutions, described Mr. Amos's claims as "outlandish" and said they had "absolutely no merit."[4]

Ultimately this claim must fail for the fact Defendant has offered no evidence whatsoever that Mr. Ramsey testifying at trial would lead to "increased press and media coverage, creating unnecessary and inappropriate distractions to the conduct of the trial itself and potentially jeopardizing both sides' rights to a fair trial by an impartial jury" or that it would be a "media circus." Defendant also fails to identify how press appearing at the trial would lead to any prejudice with the jury on behalf of either party.[5]

### B. Ramsey's testimony will be relevant

Although Defendant has spent the last 4 years either with its head in the sand or intentionally misrepresenting the claims of the Plaintiff, the policies of Defendant based on "traditional Judeo-Christian values" is at the heart of this matter. Mr. Ramsey was instrumental in creating and implementing these policies at Lampo. Part of the relevance of Mr. Ramsey's testimony is illustrated by this shortened list of items:

- Ramsey is an employee of Lampo. (Deposition of David Ramsey, June 21, 2023, 20). He is the CEO (*Id.* at 22)

- He personally was involved in coming up with "Core Principles" at Ramsey. (*Id.* at 26.).

- Admits company is founded on the idea of "doing work as unto the lord;" Doing work in a way "that makes God proud." (*Id.* at 27).

- Telling employees they should not follow COVID recommendations because all of his employees are "people of faith" who value "faith over fear." (*Id.* at 57, 79).

- Ramsey calls employees who call OSHA about their COVID precautions morons, idiots, and told them they should quit because they wanted OSHA to "make

---

[4] Exhibit 4 – *New York Times* article
[5] The *Goins* case cited by Defendant has nothing to do with subpoenas. The case states that jurors may be influenced by the media and if so they should be excused from the jury.

- (Defendant) do COVID things that they didn't- that they thought we should do" (*Id.* at 137-139).
- If people disagree with their leadership at Defendant then that is "God telling them to leave" (*Id.* at 141-142).
- People at Lampo would be terminated if they did not adhere to "traditional" Christian values or teaching. (*Id.* at 159-160, 175).
- Must sign a document saying a person adheres to "traditional" Christian values in order to work at Lampo (*Id.* at 176).
- God owns everything at Lampo and Ramsey is there to "manage it for him" (*Id.* at 186).
- Ramsey expects employees to follow "traditional Judeo-Christian values or face termination (*Id.* at 194).

This does not even approach the statements made by Mr. Ramsey both on his radio show or emails to the company which he will also be questioned about at trial. In fact, every radio show he is on ends with his signature sign-off indicative of Mr. Ramsey's, and by extension Defendant's, religious beliefs: "In the meantime, remember: there's ultimately only one way to financial peace and that's to walk daily with the prince of peace, Christ Jesus." Mr. Ramsey's guidance of the company is clearly relevant, and barring him from testifying would create great prejudice against the Plaintiff.

C. **Inapplicable case comparison**

Finally the *Fox v. Amazon* case Defendant attempts to rely on fundamentally does not apply here. First, Lampo is not Amazon; and Mr. Ramsey is not Jeff Bezos. Amazon is one of the largest companies in the world. Mr Ramsey does not live hundreds, if not thousands, of miles away from Nashville, as does Mr. Bezos. The persons who were subpoenaed in that matter were also completely unfamiliar with the issues in that case. This is a case where Lampo is accused of firing people for not following their religious views. Mr. Ramsey admits Lampo does exactly this multiple times in discovery and his deposition. *Fox v. Amazon* is simply not applicable.

For the foregoing reasons, this Court should deny Defendant's motion to quash Mr. Ramsey's subpoena.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 25th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen C. Stovall (TN #37002)
Molli Guinn (TN #41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

/s/ Jonathan A. Street
Jonathan A. Street
