# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE

Defendant, The Lampo Group, LLC, moves the Court for an Order requiring Plaintiff, Brad Amos, to show cause at or before the Pretrial Conference at 8:30AM on Monday, July 7, 2025, why Plaintiff and his lead counsel, Jonathan Street, should not be sanctioned to remedy recent extrajudicial defamatory online statements made by Mr. Street.

To remedy the prejudicial effect of Plaintiff's counsel's statements on the jury pool in this matter, Defendant requests that the Court grant one or more of the following forms of relief:

(1) Dismiss Plaintiff's lawsuit with prejudice;

(2) Convert the impending July 2025 jury trial into a bench trial;

(3) Continue the July 2025 trial and allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims;

(4) Enter a protective "gag" order prohibiting Plaintiff and his attorneys from making extrajudicial comments regarding the litigation and compelling Plaintiff's counsel to retract any previous violations of Local Rule 83.04; and/or

(5) Award Defendant its reasonable attorney's fees, costs, and expenses incurred in preparing this motion as well as preparation for the jury trial in this matter.

## I.   RELEVANT FACTUAL & PROCEDURAL HISTORY

### A.   Background

Plaintiff is a former employee of Defendant. Plaintiff alleges that the termination of Plaintiff by Defendant's Head of Creative and Board Member Luke LeFevre on or around July 31, 2020 violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act. *See* Am. Compl., Doc. No. 21 at ¶¶ 334–355.

From the outset, Plaintiff's claims have been the subject of news coverage from outlets across the country, ranging from the local Nashville Banner to the national, mainstream NBC News.[1] Defendant acknowledges that some degree of media interest in this litigation may be inevitable given Defendant's worldwide audience and the procedural history of the case, including an appeal to the Sixth Circuit Court of Appeals.

However, Plaintiff has consistently endeavored to inappropriately litigate his claims in the court of public opinion rather than the courtroom. From the very first pleading which initiated this matter, Plaintiff has subjected Defendant to sensational allegations irrelevant to Plaintiff's limited colorable claims for relief which have no apparent purpose beyond generating sound bites for the press. As expressed in Defendant's pending motions in limine and motion to quash, Plaintiff's pretrial disclosures have raised legitimate concerns that Plaintiff hopes to turn the impending trial into a referendum on the Defendant company and its chief executive, non-party radio personality Dave Ramsey, despite the fact that Mr. Ramsey did not participate in the decision to terminate Plaintiff. In short, Plaintiff has at nearly every turn emphasized spectacle over substance and

---

[1] *See, e.g.*, *Appeals Court Rules Suit Against Dave Ramsey's Company Can Continue*, NASHVILLE BANNER (August 9, 2024, available online at: https://nashvillebanner.com/2024/08/09/dave-ramsey-religious-discrimination-lawsuit/ (last accessed May 13, 2025); *Dave Ramsey fired staffer for taking Covid precautions, lawsuit says*, NBC News (Dec. 15, 2021), available online at https://www.nbcnews.com/news/us-news/dave-ramsey-fired-staffer-taking-covid-precautions-lawsuit-says-rcna8835 (last accessed May 13, 2025).

treated the trial as a publicity stunt in the hopes of obtaining a favorable verdict based on emotion instead of the actual evidence relevant to Defendant's lawful termination of Plaintiff.

Unfortunately, Defendant became aware this week that Plaintiff's counsel has taken this strategy to a new low by posting verifiably false and defamatory statements about Defendant on at least one public, widely popular social media website—an unconscionable gesture at any point, but particularly problematic a mere three weeks before this Court empanels a jury.

### B.    June 2025 Extrajudicial Statements by Plaintiff's Counsel

On or around June 20 or 21, 2025, Plaintiff's counsel Jonathan A. Street posted about this lawsuit and impending trial on the international internet forum Reddit in a sub-forum—or "subreddit"—titled "r/Dirty Dave"; see below:

**r/DirtyDave** · 5 days ago
Alternative_Yak5586

## Brad Amos Attorney here- looking for help

I am Brad Amos' attorney in his lawsuit against Lampo for religious discrimination. Our client was fired because he did not accept Dave's view that the only proper precaution to take against COVID was prayer. When our client insisted on taking other precautions to protect his family, he was terminated. There were other people terminated at about the same time (July 2020) for what we believe were similar reasons yet Lampo has refused to identify who they are.

Further- we have recently received company wide e-mails from a number of ex employees which bolster our claim which Lampo has hidden from us in discovery.

So I'm asking for your help- if anyone has any e-mails or is aware of any employee who was terminated for taking precautionary actions I response to covid- can you please e-mail me at street@eclaw.com? Any help is appreciated as we have discovered a lot of evidence from ex-employees which Lampo actively hid in violation of court rules.

Anything you may have that can help would be appreciated.

I'm not an active Reddit user but I will check back here for any response or messages I receive on Reddit as well.

Thanks

Jon Street

⬆ 99 ⬇     💬 77     ⟲     ↗ Share

The original webpage of counsel's post is available at the footnoted hyperlink below, and a copy of Plaintiff's Reddit post is attached as Doc. No. 225-1.[2]

The Reddit user account associated with the post, Alternative_Yak5586, appears to genuinely be Mr. Street's account: the account uses the display handle of "Jonstreetatty"; the post lists Mr. Street's actual email; and the statements made by Mr. Street in the Reddit post echo claims Mr. Street raised to undersigned counsel in emails dated June 20 and 23, 2025, *i.e.*, nearly contemporaneously with Mr. Street's posting. *See* Doc. No. 225-2. In other words, undersigned counsel have no reason to believe that the post is illegitimate and/or was not actually made by Plaintiff's actual counsel of record, Mr. Street.[3] The authenticity of the Reddit post makes it particularly concerning because Mr. Street's extrajudicial commentary exposes the public to highly prejudicial irrelevant hearsay and, more importantly, an intentionally or recklessly false characterization of Defendant's conduct during this litigation.

### C. Plaintiff's Counsel's Public Accusations Against Defendant are False

As a threshold matter, Mr. Street's extremely serious allegations that Defendant "has hidden" "company wide e-mails from a number of ex employees which bolster [Plaintiff's] claim" and that Defendant has "actively hid" evidence "in violation of court rules" during discovery are verifiably false. On June 20, 2025—the same day or day before he made the Reddit post—Mr. Street emailed Defendant's counsel a spreadsheet containing a list of items Plaintiff seeks to use as exhibits and asserted that these items "were not disclosed in discovery." *See* Doc. No. 225-2.

---

[2] As of this filing, the original post remains available online at the following hyperlink: https://www.reddit.com/r/DirtyDave/comments/1lghahn/brad_amos_attorney_here_looking_for_ help/. The precise date and time of counsel's post is unclear because Reddit does not show a timestamp but rather states the amount of time elapsed relative to the time of access; *i.e.*, the date currently reads "5 days ago."

[3] Furthermore, the account has been in existence since October 13, 2021 and has posted elsewhere on Reddit regarding Tennessee Titans tailgates some eight months ago. *See* Doc. No. 225-1.

Given that Mr. Street made the Reddit post contemporaneously on or around June 20 or 21, 2025, Defendant assumes that these items are the purported hidden evidence. Plaintiff's spreadsheet contained 25 items, including 16 items from another case pending before this Court that bear no relevance to Plaintiff's claims. The remaining nine items consisted of screenshots of emails purportedly sent by Defendant's employees. Defendant has verified that seven of the nine emails were produced to Plaintiff in discovery. One of the remaining two items is an email from 2015 which predates Plaintiff's employment at Defendant by approximately four years, has no relevance to Plaintiff's claims, and is necessarily outside the scope of discovery. The other remaining item is an email screenshot which lacks information regarding the sender, recipient, and date sent, making it extremely difficult if not impossible for Defendant to verify its veracity and/or whether it was produced in discovery.

Later, on June 23, 2025, two days after he made the Reddit post, Plaintiff's counsel emailed Defendant's counsel 60 emails which he claimed were just received "a few minutes ago." *See* Doc. No. 225-2. Plaintiff's counsel stated, "I don't know if you provided them in discovery as I have not looked at them yet and will not this evening." *Id.* Plaintiff subsequently advised on June 25, 2025 that he intends to file a late-filed motion addressing these emails. However, Defendant's counsel has reviewed the emails and determined that 59 of the 60 emails were, in fact, produced in discovery. The only remaining email is one that Defendant would never have discovered as it is well beyond the scope of discovery and is wholly unrelated to this lawsuit.

If Plaintiff's counsel genuinely believes that Defendant failed to satisfy its discovery obligations with respect to the three emails at issue, Plaintiff's recourse was to send a good faith letter to Defendant's counsel and, if necessary, seek relief with the Court. Instead, Plaintiff's counsel turned to the court of public opinion, where he could trade in the currency of outrage and

5

sensationalism, unencumbered by burdens of proof and free from the accountability of the adversarial system.

### D. Plaintiff's Counsel's False Public Comments Improperly Exposed an Untold Number of Anonymous Potential Jurors to His False and Defamatory Accusations

The false nature of Mr. Street's statements on Reddit is particularly troubling because, instead of raising these issues months ago in a discovery motion directed at this Court, Mr. Street chose to surreptitiously voice these allegations on a widely popular anonymous internet forum mere weeks before trial. Reddit.com is reportedly the fifth (5th) most visited web domain in the United States and the seventh (7th) most visited domain in the world, with approximately 4.51 billion monthly visits in May 2025.[4] According to Reddit.com, the "r/DirtyDave" subreddit in which Mr. Street posted has approximately 19,000 subscribers[5]; see below:



As of the date of this motion, Mr. Street's post has received approximately 99 "upvotes"—roughly equivalent to Facebook "likes"—and has been the subject of seventy-five (75) comments by other anonymous Reddit users. However, these numbers only reflect the users who chose to actively interact with the post and do not reflect the visibility of the post as a whole.

---

[4] Counsel rely upon the analytics by search engine optimization company Semrush Holdings, Inc. *See, e.g.*, https://www.semrush.com/website/reddit.com/overview/. The analytics posted by Semrush accord with rankings by other organizations which monitor web domain traffic.

[5] *See* https://www.reddit.com/best/communities/70/. Accessing the community on the Reddit app lists 18,660 subscribers. The "More about the radio show an…" text comes from the "r/DirtyDave" subreddit's description, which is: "More about the radio show and the business than the financial advice at this point. But feel free to brag about paying off your jet-skis and snowmobiles."

6

Moreover, unlike some bulletin board-style forums which require users to register or login before viewing posts or comment threads, public subreddits such as "r/DirtyDave" can be accessed by anyone who clicks on the page and are fully searchable through search engines such as Google. *See, e.g.*, Edmonds, Lauren, "Reddit is the 2nd most-cited source in Google AI Overviews, but that might not mean much for its bottom line," MSN (June 15, 2025) https://www.businessinsider.com/reddit-google-search-ai-overview-2025-6 (last accessed June 25, 2025); Langley, Hugh, "It's not just you: Reddit is taking over Google," BUSINESS INSIDER (April 17, 2024) https://www.businessinsider.com/why-reddit-is-taking-over-google-right-now-2024-4 (last accessed June 25, 2025) (quoting a marketing manager as saying, "There hasn't been a website that's grown so much search visibility so quickly in the US in at least the last five years" as Reddit); *see also* "How can I control how people find my community?," support.reddithelp.com, https://support.reddithelp.com/hc/en-us/articles/15484078610708-How-can-I-control-how-people-find-my-community ("Public: Anyone can see and participate in your community.").

In fact, that is precisely how Defendant's counsel became aware of Mr. Street's Reddit post—by happening upon it during a chance Google search while preparing for trial on June 23, 2025.

Whether intended by Mr. Street or not, Mr. Street's unfounded accusations that Defendant violated this Court's orders had the effect of currying the favor of his anonymous audience. The top "upvoted" comment on the thread expressed hope that this Court would sanction Defendant:



**Lou_Skunnt69** · 5d ago

There are a lot of ex employees on here. Hopefully you find further information to help you in your quest, expand your sanctions motions, and are able to amend your claim to include spoliation because I guarantee they've deleted shit. Maybe Melissa Hogan has some information that can help you too.

⬆ 39 ⬇    💬 Reply    🏅 Award    ↗ Share    ⋯

*See* Doc. No. 225-1. Likewise, the second most upvoted comment suggested that the Court should sanction Defendant and its counsel:



**Logical-Crow1673** · 5d ago · Edited 4d ago

I hope you ask the judge to sanction Lampo and their attorneys for responding in bad faith and wasting the court's time. And I hope you prevail on the main suit.

⬆ 28 ⬇ · ⟳ Reply · ⚬ Award · ⤴ Share · ⋯

Other users wished Mr. Street "good luck," expressed variations of "I hope you win" or "I hope you prevail," or offered tongue-in-cheek sentiments that Mr. Street was "doing God's Will."

Mr. Street's extrajudicial public comments in the Reddit post go far beyond articulating Plaintiff's theory of the case and venture into defamation of Defendant and, by extension, its counsel. Such behavior is unnecessary and unacceptable, especially in the context of Mr. Street making the post on an anonymous, easily accessible internet forum three weeks before trial and encouraging the dissemination of the post by asking readers to provide "[a]ny help" they can.

## II.    LEGAL STANDARD

Courts have "long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979). "To safeguard the due process rights" of defendants, "a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Id.* To ensure litigants' access to their "most cherished" right to a fair trial, trial courts "have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity." *CBS Inc. v. Young*, 522 F.2d 234, 241 (6th Cir. 1975). The Middle District of Tennessee adopted such reasonable measures by enacting local rules, such as Local Rule 83.04, which restricts attorneys' release of information concerning civil proceedings. Decisions concerning the interpretation and application of local rules and local practice such as LR 83.04 lie within the sound discretion of the district court. *Wright v.*

*Murry Guard, Inc.,* 455 F.3d 702, 714 (6th Cir. 2006).

## III. ARGUMENT

Defendant, like every litigant before this Court, has the fundamental right to a fair trial with an impartial jury. "The theory of our [legal] system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. People of State of Colorado ex rel. Att'y Gen. of State of Colorado*, 205 U.S. 454, 462 (1907).

Plaintiff's counsel's recent extrajudicial, public online statements—made only three weeks before the jury trial in this matter—jeopardize Defendant's right to a fair trial with an impartial jury. To address this, Defendant asks that this Court cure the inappropriate conduct of Plaintiff's counsel through sanctions consisting of: (1) the dismissal of Plaintiff's lawsuit with prejudice; (2) the conversion of the impending July 2025 jury trial into a bench trial; (3) a continuance of the July 2025 trial to allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims; (4) the issuance of a protective "gag" order prohibiting Plaintiff and his attorneys from making extrajudicial comments regarding the litigation and compelling Plaintiff's counsel to retract any previous violations of Local Rule 83.04; and/or (5) an award in Defendant's favor in the amount of its reasonable attorney's fees, costs, and expenses incurred in preparing this motion as well as preparation for the jury trial in this matter.

### A. Plaintiff's Counsel's Extrajudicial Comments Defamed Defendant and Tainted the Jury Pool in Violation of MD TN LR 83.04 and TNRCP 3.6

The false statements in Plaintiff's Reddit post defame Defendant in plain violation of Local Rule 83.04 of the Middle District of Tennessee and Tennessee Rule of Professional Conduct 3.6.

#### (1) *The Local Rules and applicable Rules of Professional Conduct contain constitutionally permissible restrictions on attorney speech regarding ongoing litigation in which the attorney is a participant*

9

Middle District of Tennessee Local Rule 83.04, captioned "Release of Information Concerning Civil Proceedings," provides as follows:

> To promote fairness and protect the integrity of the judicial process, lawyers' conduct in releasing information is subject to TNRPC 3.6, which lawyers are expected to thoroughly review.

LR 83.04(a) (revised May 15, 2025). In turn, Tennessee Rule of Professional Conduct 3.6 states as follows:

> (a)    A lawyer who is participating or has participated in the investigation or litigation of a matter *shall not* make an *extrajudicial statement* that the lawyer knows or reasonably should know *will be disseminated by means of public communication* and will have a *substantial likelihood of materially prejudicing an adjudicative proceeding*.

Tenn. Sup. Ct. R. 8, TNRPC 3.6(a) (emphasis added). However, the Rule expressly provides for certain limited exceptions:

> (b)    Notwithstanding paragraph (a), a lawyer may state:
>    (1)    the *claim, offense, or defense* involved and, except when prohibited by law, the *identity* of the persons involved;
>    (2)    information contained in a *public record*;
>    (3)    that an investigation of a matter is *in progress*;
>    (4)    the *scheduling* or *result* of any step in litigation;
>    (5)    a *request for assistance* in obtaining evidence and information necessary thereto;
>    (6)    a *warning of danger* concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and
>    (7)    in a criminal case, in addition to subparagraphs (1) through (6):
>        (i)    the identity, residence, occupation, and family status of the accused;
>        (ii)    if the accused has not been apprehended, information necessary to aid in apprehension of that person;
>        (iii)    the fact, time, and place of arrest; and
>        (iv)    the identity of investigating and arresting officers or agencies and the length of the investigation.
> (c)    Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial *undue prejudicial effect of recent publicity not initiated by the lawyer* or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

10

Tenn. Sup. Ct. R. 8, TNRPC 3.6(b)–(c). Accordingly, LR 83.04(a) and TNRPC 3.6 act together to limit the extrajudicial, public statements that lawyers may make about pending litigation.

The United States Constitution permits courts to impose such reasonable limitations on attorney speech without infringing upon counsel's First Amendment right to freedom of speech. As "officers of the court" and "key participants" in the justice system, lawyers are subject to judicial regulation of "their speech as well as their conduct" to ensure the "fair administration of justice." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074 (1991) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 604 n.27 (1976) (Brennan, J., concurring)) (holding that "the speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that ['clear and present danger' standard] established for regulation of the press"); *see also id.* at 1081–82 (O'Connor, J., concurring). "Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding since lawyers' statements are likely to be received as especially authoritative" to the public. *Id.* at 1074. Courts have recognized that "statements by attorneys of record relating to the case 'are likely to be considered knowledgeable, reliable and true' because of attorneys' unique access to information." *Id.* (quoting *In re Hinds,* 90 N.J. 604, 627 (1982)). The role of attorneys as advocates gives them "extraordinary power to undermine or destroy the efficacy of the criminal justice system." *Id.* at 1074–75 (quoting *In re Rachmiel,* 90 N.J. 646, 656 (N.J. 1982); *see also* <u>*Mezibov v. Allen*</u>, 411 F.3d 712, 719 (6th Cir. 2005) ("[A]n attorney, by the very nature of his job, voluntarily agrees to relinquish his rights to free expression in the judicial proceeding[.]").

Thus, courts "may regulate speech by lawyers representing clients in pending cases more readily than it may regulate the press." *Id.* at 1081 (O'Connor, J., concurring). While this does not

11

mean "that lawyers forfeit their First Amendment rights," the Constitution permits courts to prohibit attorney speech which posts a "substantial likelihood of material prejudice." *Id.* at 1082 (O'Connor, J., concurring); *United States v. Wecht*, 484 F.3d 194, 204 (3d Cir. 2007), *as amended* (July 2, 2007) (accord); *Mezibov v. Allen*, 411 F.3d 712, 719 (6th Cir. 2005) (Moore, J., concurring in part and dissenting in part) (accord); *see also Gannett Co. v. DePasquale*, 443 U.S. 368, 378, 99 S. Ct. 2898, 2904, 61 L. Ed. 2d 608 (1979) ("[B]ecause of the Constitution's pervasive concern for these due process rights, a trial judge may surely take protective measures even when they are not strictly and inescapably necessary."). The "substantial likelihood of material prejudice" standard found TNRCP 3.6 strikes "a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials." *Id.* at 1075.

### (2) *Mr. Street's extrajudicial statements violate the Local Rule and applicable Rule of Professional Conduct by materially prejudicing Defendant's right to a fair trial by an impartial jury*

The statements made by Mr. Street grossly exceed the limited scope of communications permitted under LR 83.04(a) and TNRPC 3.6 by any reasonable interpretation. There is no question that the statements in Mr. Street's Reddit post were extrajudicial insofar as they were made outside of the proper channel of filing with this Court. Regardless of whether Mr. Street hoped that the Reddit post may be circulated by readers or "go viral," Mr. Street himself "disseminated" the statements "by means of public communication" when he posted them in a public online forum with nearly 19,000 subscribers. *Cf.* Tenn. Sup. Ct. R. 8, TNRPC 3.6(a).

By accusing Defendant of malfeasance, Mr. Street's statements go beyond legitimate topics such as a mere description of Plaintiff's claims or the identity of the parties, matters of public record, the fact that "an investigation . . . is in progress," or the "scheduling or result of any step[s] in the litigation." *Cf.* TNRPC 3.6(b)(1)–(4). The exceptions for "warning[s] of danger" or

exceptions pertaining to criminal cases do not apply. *Cf.* TNRPC 3.6(b)(6)–(7). Nor was Mr. Street making these statements in response to publicity that he did not initiate. *Cf.* TNRPC 3.6(c).

While it is true that Mr. Street *accompanied* his statements in the Reddit post with an appeal for help with his investigation, Mr. Street did not stop at simply "request[ing] for assistance in obtaining evidence and information necessary thereto." *Cf.* TNRPC 3.6(b)(5). To be certain, Defendant readily acknowledges that TNRPC 3.6(b)(5) permitted Mr. Street to publicly identify himself as an attorney in the litigation, briefly describe his client's claims, and solicit the assistance of third-parties for assistance obtaining evidence in good faith. The time to do that, of course, would have been prior to the deadline to complete discovery in this matter, which closed nearly two years ago on June 30, 2023. *See* Doc. No. 102. More importantly, however, Mr. Street went beyond asking for help.

Instead, Mr. Street falsely claimed that Defendant had terminated other employees for discriminatory reasons—a statement which goes beyond Plaintiff claims at issue in this litigation. Worse, he falsely accused Defendant, and by extension its counsel, of having "hidden" "company wide e-mails from a number of ex[-]employees" from Plaintiff in discovery and claimed to "have discovered a lot of evidence from ex-employees which [Defendant] actively hid *in violation of court rules*." *Cf.* Doc. No. 225-1 (emphasis added). That is where Mr. Street's Reddit post fundamentally differs from the permissible dissemination of extrajudicial statements—such as press releases conveying the theories of the parties or presenting curated, factual information to the news media and public at large.[6] The impropriety of Mr. Street's post is highlighted by the fact

---

[6] Defendant certainly also denies Mr. Street's claims that Defendant "fired [Plaintiff] because he did not accept Dave [Ramsey]'s view that the only proper precaution to take against COVID was prayer" and because Plaintiff "insisted on taking other precautions to protect his family." *Cf.* Doc. No. 225-1. However, Defendant acknowledges that these allegations at least arguably constitute a

that Mr. Street could have made the same post to the same audience *without* including false accusations of discovery abuses. The unnecessary inflammatory comments in Mr. Street's post do not promote any legitimate litigation purpose; they accomplish nothing but to publicly tarnish Defendant's character and credibility to an online audience. Any prospective juror's impression of Defendant—and Defendant's counsel—would be substantially likely to have their impartiality tainted by the image Mr. Street's comments created. To verify this, one need only read the vitriolic responses elicited by Mr. Street's post. Counsel do not make such a statement lightly, but, simply put, Mr. Street lied—and in a public online forum no less.

Mr. Street's false and defamatory extrajudicial statements unmistakably pose "a substantial likelihood of materially prejudicing [this] adjudicative proceeding." *Cf.* TNRPC 3.6(a). As the Supreme Court recognized in 1991, shortly before the widespread proliferation of the internet, even "[e]xtensive voir dire may not be able to filter out all of the effects of pretrial publicity, and with increasingly widespread media coverage . . . a change of venue may not suffice to undo the effects of statements[.]" *Gentile*, 501 U.S. at 1075. That is particularly true here. Reddit is an inherently anonymous internet forum accessible worldwide. By posting on the Reddit forum he chose, Mr. Street immediately made the post directly accessible to the newsfeeds of the subreddit's nearly 19,000 subscribers and risked the post "going viral" on the fifth (5th) most visited web domain in the United States. At bare minimum, the "upvotes" on his post confirm that Mr. Street's inflammatory words made their way to at least 99 individuals, an untold number of which could be prospective jurors in this case or know prospective jurors in this case. Under the circumstances, Defendant cannot conceivably determine in voir dire whether jurors have or have not seen the post

---

restatement of Plaintiff's claims in the lawsuit. *Cf.* TNRCP 3.6(b)(1). The same cannot be said for Mr. Street's false statements about alleged discovery violations.

in question and cannot guarantee that the jury pool has not been tainted with preconceived notions about the fairness of the proceeding or whether Defendant and its counsel have abided by the Orders of this Court.

Plaintiff's strategy throughout this case has been to engage in a smear campaign against Defendant by needlessly introducing inflammatory language and irrelevant allegations concerning other pending litigation involving Defendant and claims by other disgruntled former employees, Defendant's religious beliefs and/or principles unrelated to its response to the COVID-19 pandemic, and hearsay rumors about Defendant's leadership. *See, e.g.*, Defendant's Motions in Limine Nos. 3, 6, 7, 8, and 9, Doc. Nos. 201, 205, 206, 209, and 216.

"Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome affected by extrajudicial statements would violate that fundamental right." *Gentile*, 501 U.S. at 1075 (collecting cases). Mr. Street's decision to continue that strategy by making false and defamatory statements outside of the courtroom has risked affecting the outcome of the upcoming trial and has endangered Defendant's right to an impartial jury. For these reasons, it is both appropriate and necessary for this Court to intervene to attempt to remedy the prejudicial effect of Mr. Street's statements on the upcoming trial and/or to sanction Plaintiff and his counsel for this inappropriate conduct.

### B. The Court Should Sanction Plaintiff and his Counsel for this Defamatory and Prejudicial Extrajudicial Conduct

"It is well settled that courts have inherent authority to impose sanctions on a party and attorney for bad faith conduct during the course of litigation." *Mann v. Univ. of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *5 (6th Cir. 1997) (collecting cases). "[T]he mere fact that conduct is held not to be a violation of any rule or statute authorizing sanctions does not preclude a district court from imposing sanctions under its inherent power." *First Bank of Marietta v. Hartford*

15

*Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002). "[D]istrict courts need the discretion 'to craft sanctions because the power to sanction is essential for them to manage heavy case loads and to protect the interests of litigants.'" *Id.* at 516 (citations omitted). Accordingly, Defendant proposes that the appropriate sanctions to proportion to Plaintiff's counsel's conduct would be (1) dismissal, (2) conversion to a bench trial, (3) a continuance of the trial to allow Defendant to file an updated summary judgment motion, (4) a protective "gag" order, and/or (5) an award of Defendant's reasonable attorney's fees, costs, and expenses.

### (1)     The Court should dismiss Plaintiff's lawsuit with prejudice

Mr. Street's extrajudicial public statements to an anonymous audience have incurably threatened Defendant's right to a fair trial before an impartial jury. Accordingly, the Court should involuntarily dismiss Plaintiff's lawsuit with prejudice as a sanction for Plaintiff's counsel's willful and bad faith statements. *See, e.g.*, Fed. R. Civ. P. 41(b) (permitting dismissal for failure to comply with the Rules of Civil Procedure or a court order); *cf. In re: Amendments to Local Rules (effective May 15, 2025)*, Administrative Order No. 199-1 (May 15, 2025) (adopting the current Local Rules by court order); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002) (noting that other circuits have observed that district courts do not have to "exhaust all other sanctioning mechanisms prior to resorting to [their] inherent power" and "need not consider lesser sanctions . . . in situations where the misconduct is 'so egregious, inexcusable, and destructive that no lesser sanction than dismissal could be adequate'"); *cf. J.H. by Harris v. Williamson Cnty.*, No. 3:14-CV-02356, 2022 WL 2821943, at *5 (M.D. Tenn. July 19, 2022), *report and recommendation adopted sub nom. J.H. by next friend Harris v. Williamson Cnty.*, No. 3:14-CV-2356, 2022 WL 3270602 (M.D. Tenn. Aug. 10, 2022) (warning the plaintiff that "any further extrajudicial comments on this matter" could result in "sanctions up to and including dismissal for contempt of court or violation of LR 83.04").

16

### (2) The Court should convert the impending jury trial to a bench trial

Alternatively, because Plaintiff's counsel has irreparably jeopardized Defendant's right to have its defenses heard by an impartial jury, the Court should convert the impending jury trial to a bench trial. The most effective and appropriate sanction for tainting the jury venire is taking the jury venire out of the equation. "[W]here it is determined that the prospective jury pool is too tainted by the volume of pretrial publicity that infringes on the defendant's due process rights, a motion demanding a bench trial—as opposed to a change in venue—may be an adequate remedy." *Rivera v. People*, 64 V.I. 540, 567 (2016). Trying Plaintiff's claims in a bench trial would alleviate the risk that the jury pool has been tainted by Mr. Street's inadmissible and false statements. As there can be no certainty as to the depth to which Mr. Street's online antics have tainted the jury venire, and with it, Defendant's right to a fair trial, the only remaining unquestionably reliable trier of fact would be this Court.[7]

### (3) The Court should continue the trial and allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims

---

[7] Holding a bench trial would not prejudice Plaintiff's constitutional rights. Plaintiff's claims under the Tennessee Human Rights Act (THRA) and Title VII do not arise under state or federal common law. *See* U.S. Const. Amend. VII; *Helms v. Tenn. Dep't of Safety*, 987 S.W.2d 545, 547 (Tenn. 1999) (noting that Article I, section 6 of the Tennessee Constitution only guarantees a right to a trial by jury as existed at "the common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796"). "The THRA does not expressly grant the right to trial by jury." *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 30 (Tenn. 2014). Generally, "there is no right to a jury trial on Title VII claims." *Howe v. City of Akron*, 723 F.3d 651, 656 n.1 (6th Cir. 2013). Admittedly, the Civil Rights Act of 1991 creates a *statutory* right to a jury trial only for claimants seeking compensatory or punitive damages. *See* 42 U.S.C. § 1981a(c); *see, e.g., Davis v. Therm-O-Disc, Inc.*, 791 F. Supp. 693, 700 (N.D. Ohio 1992) ("[T]he Civil Rights Act of 1991 . . . confines the right to a jury trial to parties seeking [compensatory and punitive] damages.") Although Plaintiff does seek such damages, which permits him to demand a jury trial (*see* Doc. No. 21, PageID# 4939), Defendant submits that its inviolate right to an impartial jury should supersede Plaintiff's statutory demand for a jury trial given that Plaintiff's counsel's improper actions have tainted the prospective jury pool.

17

As an additional alternative, if the Court denies the sanctions of dismissal and/or conversion to a bench trial, the Court should continue the jury trial in this matter to a future date and, in the meantime, allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims that, if granted, would resolve this matter without necessitating a determination of whether the actions of Plaintiff's counsel have irrevocably tainted the prospective jury pool. *See* Doc. Nos. 113–115, 121–124, 131; *cf.* Doc. No. 176.

### (4)     *The Court should enter a protective "gag" order enforcing LR 83.04(a)*

In any event, the Court should enter a protective "gag" order prohibiting Mr. Street from repeating his contact. If the Court does not prohibit Mr. Street from repeating his conduct in this case, Mr. Street may be emboldened to continue such public commentary—or worse. Defendant requests that the Court take precautions under Local Rule 83.04 to alleviate any risk that Mr. Street takes any further action to materially prejudice Defendant's right to a fair trial with an impartial jury.

"Gag Orders fall within the Court's prerogative to maintain appropriate decorum in the administration of justice and to protect the rights of the litigants from prejudice." *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 12121516, at *1 (S.D. Ohio Oct. 1, 2013) (issuing gag order where plaintiff's counsel referred to defendant on social media using "unquestionably racially inflammatory and prejudicial" language).

Here, Mr. Street willfully made the extrajudicial statements at issue to the nearly 19,000 subscribers of the subreddit he posted in. This Court has previously issued gag orders against attorneys who made extrajudicial statements to substantially smaller online audiences. *See, e.g.*, *G. Marie Newby, individually and as administratrix of The Estate of Terry Childress v. CoreCivic of Tennessee, LLC et al.*, Case No. 3:22-cv-00093, Middle District of Tennessee (Frensley, Magistrate Judge) at Doc. No. 53 (July 15, 2022) (granting gag order against plaintiff's attorney

for public statements on Twitter); *see also id.* at Doc. No. 46, PageID# 4169 (noting that the subject attorney's Twitter account had "nearly 8,000 followers"); *see also J.H. by Harris*, 2022 WL 2821943 at *1–5 (in which the Middle District of Tennessee ordered an attorney to abide by LR 83.04 after she referred to opposing party as a "pedo," "pedophile," "rapist," and "pervert" on social media and later found that the attorney violated the order by making similar statements on Facebook Live). The circumstances here warrant a protective "gag" order to prevent the "two principal evils" of "comments that are likely to influence the actual outcome of the trial" and "comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Newby*, Case No. 3:22-cv-00093 at Doc. No. 53, PageID# 4299 (quoting *Gentile*, 501 U.S. at 1075).

Accordingly, Defendant respectfully requests that the Court issue a protective "gag" order which: (i) orders that Plaintiff and his attorneys not disseminate any further extrajudicial public statements or communications that would interfere with the fairness of the forthcoming trial in this matter, including, without limitation, extrajudicial public statements or communications regarding this lawsuit or matters at issue in this lawsuit; (ii) instructs Plaintiff and his attorneys to remove all currently existing extrajudicial public statements or communications within their control that would interfere with the fairness of the forthcoming trial, including, without limitation, the specific Reddit post identified herein; and (iii) orders that attorneys for Plaintiff comply with Local Rule 83.04 and Tennessee Rule of Professional Conduct 3.6 for the remainder of this case.

### (5) *The Court should award Defendant its reasonable attorney's fees, costs, and expenses*

"Even if a fair trial can ultimately be ensured through voir dire, change of venue, or some other device, these measures entail serious costs to the system" and to the litigants, justifying the "substantial interest in preventing officers of the court, such as lawyers, from imposing such costs

19

on the judicial system and on the litigants." *Gentile*, 501 U.S. at 1075; *see, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (recognizing the court's inherent power to craft appropriate sanctions, including, without limitation, "an assessment of attorney's fees," which is "undoubtedly within a court's inherent power"); *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers,* 501 U.S. at 45–46; *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, (1980)) ("A court may assess attorney's fees under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons' . . . or when the conduct is "tantamount to bad faith").

Defendant has incurred substantial attorney's fees associated with the time and effort its counsel have had to devote over the past two days to addressing the prejudicial extrajudicial statements made by Mr. Street. Defendant requests that this Court award Defendant the reasonable attorney's fees, costs, and expenses it has incurred in reaction to Mr. Street's bad faith and vexatious extrajudicial comments, including its attorney's fees associated with the drafting of this motion. Defendant has also incurred even more significant attorney's fees, costs, and expenses preparing its defenses for a trial before what Defendant had hoped to be an impartial jury—but Mr. Street's extrajudicial comments have now irrevocably jeopardized the litigants' ability to proceed before an impartial jury. Accordingly, Defendant further requests that this Court award Defendant the reasonable attorney's fees, costs, and expenses it has incurred preparing for the jury trial in this matter. Defendant will submit an affidavit pursuant to any Order of this Court granting an award of attorney's fees, costs, or expenses.

## IV.    CONCLUSION

For the foregoing reasons, this Court should issue an Order requiring Plaintiff to show cause, at or before the Pretrial Conference at 8:30AM on Monday, July 7, 2025, why Plaintiff and

20

his lead counsel, Jonathan Street, should not be sanctioned to remedy recent extrajudicial defamatory online statements made by Mr. Street via the following remedies:

(1) Dismissal of Plaintiff's lawsuit with prejudice;

(2) Conversion of the impending July 2025 jury trial into a bench trial;

(3) Continuing the July 2025 trial to allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims;

(4) Entering a protective "gag" order prohibiting Plaintiff and his attorneys from making extrajudicial comments regarding the litigation and compelling Plaintiff's attorneys to retract any previous violations of Local Rule 83.04; and/or

(5) Awarding Defendant its reasonable attorney's fees, costs, and expenses incurred in preparing this motion as well as preparation for the jury trial in this matter.

Respectfully submitted,

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
BARTON LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 25, 2025, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*