# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 3:21-cv-00923** |
| | ) | **Judge Richardson** |
| THE LAMPO GROUP, LLC, | ) | **Jury Demand** |
| | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S TENTH MOTION IN LIMINE

Defendant in this matter did not file an answer setting out defenses they plan on raising until a month before trial giving Plaintiff no time to conduct discovery as to those defenses. Based on the Motions in Limine filed on Monday, June 23, it is clear one defense appears to be personal disparagement of Mr. Amos's attorneys. This is clearly improper and should be disallowed.

In *Bates v. Bell,* the Sixth Circuit took note of the prosecutors in the case making disparaging remarks of the attorney for the Defendant. The court stated:

> "The prosecutors frequently followed these expressions with their negative personal opinions about Bates's expert witness and with personal attacks against Bates's lawyers. On appeal, the Tennessee Supreme Court criticized the prosecutors for not following "disciplinary rules." It referred to their conduct as "clearly improper," "inappropriate," and "certainly uncalled for."

*Bates v. Bell*, 402 F.3d 635, 637 (6th Cir. 2005).

The law is clear that, while counsel has the freedom at trial to argue reasonable inferences from the evidence, counsel cannot misstate evidence or make personal attacks on opposing

counsel. *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001), *United States v. Burks*, No. 22-6094, 2024 WL 4250334, at *8 (6th Cir. Sept. 20, 2024), *cert. denied,* 145 S. Ct. 1150, 220 L. Ed. 2d 441 (2025), and *cert. denied sub nom. Hardison v. United States*, No. 24-6862, 2025 WL 1151352 (U.S. Apr. 21, 2025)

As recently as last night, June 25, 2025, Defendant filed yet another motion in this case with the sole purpose of disparaging counsel for the Plaintiff. Defendant in this matter does not file answers[1], or motions for protective order when required,[2] but they never miss an opportunity to file making baseless and false allegations against counsel for the Plaintiff.

Tennessee Rules of Professional Conduct 3.3(a) states as follows:

" A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal;"

Tennessee Rules of Professional Conduct 4.4(a) states as follows:

"In representing a client, a lawyer shall not:

(1) use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person; or

(2) threaten to present a criminal or lawyer disciplinary charge for the purpose of obtaining an advantage in a civil matter."

Defendant in this matter has made a habit of making up claims against attorney for the Plaintiff and threatening him with filing motions or even lawsuits against him for absolutely no valid reason. They have made filings with this court disparaging Plaintiff's attorney that no other party has made in the undersigned's 24-year legal career. There comes a time when an attorney must

---

[1] Defendant's Answer was more than 250 days past the deadline to file once this case was remanded by the Sixth Circuit.
[2] *See Doc. No. 134.*

tell their client "no"- if not before, that line is certainly filing false, malicious, and defamatory

statements against opposing counsel.[3]

Wherefore Plaintiff prays this court order that any comments by Defendant or their

attorneys personally attacking counsel for the Plaintiff be disallowed.

Respectfully Submitted,

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN  37203
(615) 850-0632

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 26th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
611 Commerce Street, Suite 2911
Nashville, TN 37203
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street

---

[3] Defendant in this matter is upset that Plaintiff's attorney (1) filed a Motion regarding their failure to file an answer and (2) Plaintiff's attorney not complying with a fictitious protective order. As a result, Defendant filed a baseless motion full of falsehoods regarding Plaintiff's attorney. (Doc 225). It is clear this Motion was not based on facts but rather a desire to please their client. Further, please see Defendant's Motion in Limine's previously filed in this matter nos. Nos. 3, 6, 7, 8, and 9, (Doc. Nos. 201, 205, 206, 209, and 216) which in part serve to bias this court or the jury personally against the attorney for the Plaintiff.