UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF STRIKING MOTION**

Defendant, The Lampo Group, LLC ("Defendant"), by and through counsel, hereby responds to Plaintiff's Notice of Striking Motion (Doc. No. 124). For the reasons set forth herein, the Court should temporarily seal the document filed at by Plaintiff on June 25, 2025 at Doc. No. 224-1 because that document remains the subject of Defendant's pending, unresolved Motion to Seal. (*See* Doc. Nos. 128–130.)

On the evening of June 25, 2025, Plaintiff filed an unredacted document (Doc. No. 224-1) into this Court's record despite the fact that excerpts of the document had previously been the subject of motions to seal. This document, Doc. No. 224-1, is a version of the same document as Doc. No. 126-6 and contains pages from Doc. No. 130-1, which is also the subject of Defendant's Motion to Seal. Accordingly, Defendant has filed a Motion to Temporarily Seal Doc. No. 224-1, requesting that the Court seal the document *until* the Court rules on Plaintiff's still-pending Motion to Seal Doc. No. 126-6. (*Cf.* Doc. No. 227).

Plaintiff responded to Defendant's Motion to Temporarily Seal by filing a Notice to Strike Motion as Moot, in which Plaintiff purported to unilaterally strike his Motion to Seal. (Doc. No. 228.) However, Plaintiff's Notice does not resolve the question because, even if Plaintiff had the

right to strike his own pending Motion to Seal, more than forty (40) pages of the underlying document that Plaintiff filed at Doc. No. 224-1 are *still* the subject of Defendant's pending September 15, 2023 Motion to Seal, which has not been stricken or resolved. (Doc. Nos. 128–130, 130-1.)

By way of background, in July 2022, the parties consented to an Agreed Confidentiality Order authorizing the parties to designate certain information as confidential to avoid public disclosure and providing a procedure for the judicial resolution of designation disputes to avoid prejudice to either party. (Doc. No. 42) Defendant then moved for summary judgment on July 28, 2023. (Doc. Nos. 113–114.) In August 2023, Plaintiff sought to file certain documents in response to Defendant's pending dispositive motion. A dispute arose between the parties' counsel regarding what information in those documents should be redacted as confidential (the "Disputed Information").

Thus, on August 29, 2023, Defendant filed a Motion for Resolution of Dispute Under the Agreed Confidentiality Order. (Doc. Nos. 118–119.) On August 30, 2023, the Court issued an interim order instructing that "[i]f Plaintiff intends to include any Disputed Information in support of his response in opposition to Defendant's motion for summary judgment or for any other purpose, *Plaintiff must file a motion to seal* in compliance with Local Rule 5.03(b)." (Doc. No. 120) (emphasis added). After that, the "Defendant, as the party who designated the Disputed Information as confidential, will retain the burden of meeting the requirements set out in Local Rule 5.03(a)." (*Id.*) (emphasis added).

Subsequently, on September 1, 2023, Plaintiff filed a Motion to Seal and attachments (Docs. 124–126), including a copy of the document now at issue before the court (*Compare* Doc. 126-6 *with* Doc. No. 224-1.) Importantly, however, Plaintiff did so *pursuant to a Court Order*

2

because Defendant had sought relief under the Agreed Confidentiality Order. (*Cf.* Doc. Nos. 118–120.)

On September 15, Defendant likewise filed its own Motion to Seal Defendant's Response to Plaintiff's Motion for Leave to File Documents Under Seal, further seeking that parts of the document at issue remain sealed. (Doc. Nos. 128–130; *compare* Doc. No. 130-1 *with* Doc. No. 224-1.) During the pendency of these motions, Plaintiff filed the Disputed Information under seal.

On September 22, 2023, Magistrate Judge Holmes ruled on Defendant's Motion for Resolution of Dispute Under the Agreed Confidentiality Order. (Doc. 134.) In relevant part, Magistrate Judge Holmes held that because Plaintiff had since filed the Disputed Information under seal, the issue was moot, as Defendant's concern "ha[d] been alleviated." (Doc. No. 134, PageID# 4364).

Plaintiff now asserts that "Magistrate Holmes iss[u]ed a final order Denying Defendant's request that these depositions be subject to the confidential order without prejudice; affording Defendant the opportunity to file again" and that "Defendant never filed another motion to have the documents designated as confidential." (Doc. No. 228) (citing Doc. No. 134).

Plaintiff's assertion is incorrect. Magistrate Judge Holmes' order held that Defendant's "motion for resolution of dispute under the agreed confidentiality order (Docket No. 118) is *DENIED without prejudice to any determination of whether the subject Disputed Information should remain under seal.*" (Doc. No. 134, PageID# 4364) (emphasis added). However, the Court further expressly stated that it "*does not take a position or rule on* either Plaintiff's motion for leave to file document under seal (Docket No. 124) or Defendant's response to Plaintiff's motion for leave to file documents under seal (Docket No. 128), which will be addressed by the District Judge in connection with the underlying motions to which the filings relate." (Doc. No. 134,

3

PageID# 4359, 4364) (emphasis added). In other words, Magistrate Judge Holmes ruled that the Motion for Resolution of Dispute Under the Agreed Confidentiality Order was moot but awaited the District Judge's ruling on the motions to seal. (Doc. Nos. 124, 128.)

Ultimately, however, the District Judge did not decide these issues because this Court instead dismissed Plaintiff's claim against Defendant on December 13, 2023 (Doc. Nos. 136–137), temporarily mooting these questions until the restoration of certain of Plaintiff's claims by the Sixth Circuit Court of Appeals. (*See* Doc. No. 170.) Therefore, the last word of this Court on the Motions to Seal was that this Court "does not take a position or rule on either Plaintiff's motion for leave to file document under seal (Docket No. 124) or Defendant's response to Plaintiff's motion for leave to file documents under seal (Docket No. 128)[.]" (Doc. No. 134, PageID# 4364.)

Plaintiff's decision to file the document without any motion to seal goes against the letter and spirit of the Agreed Confidentiality Order and the August 30, 2023 and September 22, 2023 Orders. Plaintiff should not be permitted to unilaterally strike a Motion to Seal that this Court *commanded* him to file to address Defendant's concerns under the Agreed Confidentiality Order. (*See* Doc. No. 120) (stating that "[i]f Plaintiff intends to include any Disputed Information in support of his response in opposition to Defendant's motion for summary judgment *or for any other purpose*, *Plaintiff must file a motion to seal* in compliance with Local Rule 5.03(b)") (emphasis added). Moreover, even if Plaintiff could unilaterally strike his Motion to Seal, portions of the document at issue nonetheless remain the subject of Defendant's Motion to Seal. (Doc. No. 128.)

For these reasons, Defendant respectfully requests that this Court disregard Plaintiff's Notice to Strike (Doc. No. 228), rule on Defendant's Motion to Temporarily Seal Doc. No. 224-1

(Doc. No. 227), and ultimately grant the Motion to Seal as to the document that is at issue.[1]

Respectfully submitted,

*/s/ Eric Lyons*
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
BARTON LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

---

[1] As a final note, counsel for Defendant notes that Defendant has communicated its position on this topic to Plaintiff throughout the week and has made a good faith effort to resolve this issue without unnecessarily consuming judicial resources. (*Cf.* Doc. No. 134, PageID# 4364.) As instructed by Magistrate Judge Holmes in 2023, resolving this issue between the parties would be "as simple as reserving the question of confidentiality for determination by a motion to seal as contemplated by the Agreed Confidentiality Order and Local Rule 5.03." (*Cf. id.*) Unfortunately, Plaintiff has declined to do that and instead publicly filed a document which Plaintiff has known to be the subject of confidentiality concerns for two years.

## CERTIFICATE OF SERVICE

I certify that, on June 27, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

                                                */s/ Eric Lyons*
                                                Eric Lyons (TN #36105)
                                                *Attorney for Defendant*