UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-00923 |
| | ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand |
| Defendant. | ) |

## PLAINTIFF'S MOTION IN LIMINE NO. 11

Comes now the Plaintiff and moves this court to strike the previously filed "show cause" order against Plaintiff for false claims made in that Motion by Defendant.

Plaintiff additionally moves the court to (1) enter an order allowing Plaintiff to introduce evidence that Defendant failed to disclose discovery materials; (2) enter a judgment striking Defendant's ability to introduce certain items into evidence at trial in this matter; (3) enter a judgment against Defendant for liability and set this matter for a hearing on damages; and (4) have Defendant pay Plaintiff's attorney fees. In the alternative, Plaintiff requests that they be allowed to make a negative inference to the jury based on the Defendant's failure to produce relevant documents.

## PROCEDURAL BACKGROUND

Defendant filed a "Motion for Order for Show Cause" on June 25, 2025 (Doc 225) in which they claimed that of 60 emails Plaintiff had recently received from a third party, 59 of those were disclosed in discovery. Plaintiff requested Defendant provide the Bates stamped

numbers of the emails in question since Plaintiff was unable to locate several of the emails in discovery already produced by Defendant. When they did so, it became apparent Defendant had failed to produce 914 documents in this litigation despite being requested to do so multiple times.[1] The documents Defendant failed to produce were bates stamped 717-1631. Plaintiff informed Defendant in January 2023 of the need to produce those documents, to which Defendant maintained that the documents were accessible with a link they had sent. However, the Defendant's link only accessed documents starting with Bates stamp no. 1632.

Numerous times in January 2023 Plaintiff informed Defendant the link was not producing the documents numbered 717-1631. Defendant never produced documents bates stamped 717-1631 until yesterday, June 26, 2025—more than two years after Plaintiff had reminded Defendant of the deficiency. This production of items Bates stamped 717-1631 comes Less than 3 weeks before trial and proves, in fact, that Defendant failed to produce emails they were required to do so in discovery.

## ARGUMENT

### This Court should strike the Motion for Show Cause

Defendant blatantly accused counsel for the Plaintiff of lying when he stated emails were not produced in discovery in a Reddit post allowed under the Tennessee Rules of Professional Conduct. Yet as it turns out, Plaintiff was truthful when he said Defendant did not produce all emails they were required to do so in discovery. Allowing the falsities in the Motion for Show Cause to remain public would clearly prejudice the jury pool against Plaintiff in this matter. As

---

[1] Exhibit A- Email correspondence between counsel

such, the Motion for Show Cause should be stricken as it is now a public record containing falsehoods that potential jurors may see.

### **Defendant's failure to produce discovery**

Rule 37(c) of the Federal Rules of Civil Procedure outlines rules regarding failures to disclose:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Defendant's failure to produce nearly a thousand pages of discovery until less than three weeks before trial is greatly prejudicial against Plaintiff. It severely diminishes his ability to put on the case he should have been able to put on except for Defendant's failure. Plaintiff was unable to utilize the newly-produced records during depositions of Defendant witnesses, nor in any dispositive motions. This failure to produce and honor the continuing obligation to provide material casts a shadow of doubt over the entirety of Defendant's production.

Pursuant to Rule 37, this court should deny Defendant's ability to enter any of these documents into evidence at trial. The court should also deem as a fact admitted Defendant failed to produce relevant evidence in this matter and allow Plaintiff to present this fact in trial to the jury as evidence as he sees fit. This court should also order Defendant to pay Plaintiff's attorney

fees and costs in bringing this Motion and time spent researching and reviewing the previously filed "Motion for Order for Show Cause."

Plaintiff would also ask this court to take this fact into consideration for his Motion to Strike Defendant's Answer and Deem Facts Admitted, The court should grant said motion given even more support that Defendant's failures to timely file pleadings or provide discovery continue to hinder Plaintiff's ability to put on the strongest case he may.

For the above reasons, Plaintiff respectfully moves this court to strike Defendant's Motion for Show Cause (Doc. No. 225). Plaintiff additionally requests relief under Rule 37 of the Federal Rules of Civil Procedure related to the discovery Defendant failed to produce until yesterday, June 26, 2025.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ Jonathan A. Street**
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                                                                         /s/ Jonathan A. Street
                                                                                          Jonathan A. Street