UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 4**

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's motion in limine Number 4 on evidence related to statements, opinions, actions, or omissions by Defendant after July 31, 2020, relative to COVID-19.

Defendant argues that any statements, opinions, actions, or omissions about COVID-19, including those made on Defendant's "The Dave Ramsey Show," made after the date of Plaintiff's termination would not be relevant to this case. Defendant ignores the fact that Defendant, Mr. Dave Ramsey, and Lampo employees were remarkably consistent in their views related to COVID-19 throughout the first year of the pandemic. A statement by Defendant made in May 2020 could just as easily have been made in September 2020 because the overall tenor of Defendant's attitude did not change toward the pandemic, medical precautions, and supposed faith-based remedies.

Statements that occurred after Plaintiff's termination hold relevance under Rule 401 because they exhibit the same attitude that Defendant had when Plaintiff was employed. Such statements could also be brought in under Rule 406 indicating the habit or routine practice of

Defendant as it relates to how people should deal with COVID-19.

Defendant also seeks to bar evidence and testimony from other Lampo employees terminated after Plaintiff. Again, the experiences of these employees are so similar to Plaintiff's that creates a pattern that Defendant follows. The testimony of later-terminated employees is relevant for the same reasons: Defendant's attitude and policies did not change after Plaintiff's termination, and the terminations of others indicate Defendant's routine practice when it comes to employees questioning the organization's doctrine.

Lastly, there is little concern for jury confusion with any after-termination statements or testimony. A reasonable jury can keep track of dates and understand that comments made after Plaintiff's termination are mirror images of what was stated prior.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's fourth motion in limine and allow evidence of statements, opinions, actions, or omissions relative to COVID-19 done or made after July 31, 2020.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ _Jonathan A. Street_**
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street