UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 5

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's motion in limine Number 5 relative to documents disclosed after discovery.

Defendant seeks to bar introduction of evidence produced after discovery closed on grounds that Plaintiff failed to timely disclose the materials. To the contrary, Plaintiff provided these new documents soon after they were provided to Plaintiff. While Defendant frames the issue in such a way that Plaintiff was sitting on a trove of documents for years, this is not the case.[1]

On June 4, 2025, Plaintiff received an email from a previously unknown source with copies of emails from Luke LeFevre and Dave Ramsey to all Lampo Staff. Plaintiff took pains to determine whether these emails had been produced by either party. At Plaintiff determined that they had not. Shortly thereafter, on June 13, Plaintiff received another message from a source willing to provide emails and video files of all "Dave Ramsey Show" episodes from 2020. It took Plaintiff a few days to organize the large files such that they could be made available to Defendant.

---

[1] This is in stark contrast to Defendant's failure to produce documents, as outlined in Document Number 233 and its supporting exhibits.

Plaintiff then kept to the court order *and Rule 26*—informing Defendant of new information and its potential use at trial and making it available for their inspection.

Federal Rule of Civil Procedure 26(e)(1)(A) requires supplementation or correction of disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiff followed the rule, providing Defendant the newly discovered information shortly after confirming that the material was indeed not provided or has not been made known during discovery.

Further, Defendant had access to all these documents and should have produced them in the first place. Company-wide emails were covered by Plaintiff's Request for Document 6: "All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant." Defendant failed to produce the emails Plaintiff noted on June 20, as well as the nearly 1,000 pages of emails that Plaintiff repeatedly made known had not been included in Defendant's production. The video of "The Dave Ramsey Show" episodes was also in Defendant's possession throughout discovery and after. Plaintiff's Request for Documents 2 ("A Copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto"), 11 ("Any documents Defendant claims refutes any claim made by Plaintiff in his Amended Complaint in this matter"), 15 ("A copy of any statement made by any individual who has personal knowledge of discoverable matters or matters likely to lead to discoverable material"), and 19 ("Produce all document(s) and things, including electronically stored information, evidencing or supporting Defendant's denial that it violated the Title VII of the Civil Rights Act related to Plaintiff's claims in this lawsuit") could all reasonably be understood to apply to the public statements made by

Defendant on "The Dave Ramsey Show." Defendant objected to all such requests on the unfounded grounds of attorney client privilege.[2] As is clear to see, none of the requests remotely delved into areas covered by attorney client privilege or the work-product doctrine; the requests sought documents not created by Defendant's attorneys and ascertainable facts.

Defendant never made any footage of the 2020 "Dave Ramsey Show" episodes available, despite the fact that employees of Defendant regularly speak about COVID-19 and religion on that program. Such evidence is clearly relevant to this case and the religious discrimination claims under Federal Rule of Evidence 401. Defendant airs "The Dave Ramsey Show" weekly and was best positioned to produce these videos, rather than Plaintiff having to rely on a source to provide them.[3]

Plaintiff has been significantly prejudiced by Defendant's withholding of documents, whereas Defendant *already had possession of* all the documents Plaintiff notified them of on June 20. Defendant is in no way prejudiced by Plaintiff's notification or use of documents Defendant should have already produced.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's fifth motion in limine and allow entrance of additionally discovered documents provided in a timely fashion.

---

[2] See Exhibit 1.
[3] It should be noted that the publicly available YouTube Channel for "The Dave Ramsey Show" does not contain more than half of the episodes from 2020. The earliest episode is from July 21, 2020. Additionally, while the playlist for "The Ramsey Show" lists 1,287 episodes, only 1,128 are available to watch.
https://www.youtube.com/playlist?list=PLUFiqA-xgIoNyvWwZXcQWupJ27TUtNLll

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street