IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 3:21-cv-00923 |
| THE LAMPO GROUP, LLC, d/b/a RAMSEY SOLUTIONS; DAVE RAMSEY | ] ] ] JURY DEMAND |
| Defendants. | ] |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LAMPO GROUP**

**RESPONSES TO REQUESTS FOR PRODUCTION**

1. A copy of any document identified in Defendant's Initial disclosures.

    **RESPONSE: Documents identified in Defendant's Initial Disclosures were produced.**

2. A copy of any statement made by any person regarding any factual allegation made in this lawsuit or any defense thereto.

    **RESPONSE: Objection. Request Number 2 seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.**

3. The complete contents of Plaintiff's personnel file, human resources file, or similar file regardless of its actual name, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's file at any time.

**RESPONSE**: **Defendant interprets this as a request for personnel files or documents related to Plaintiff and has produced the files with Defendant's Initial Disclosures.**

4. The complete contents of any other file maintained in Plaintiff's name by Defendant.

**RESPONSE**: **Objection. Request Number 4 is vague. Specifically, Defendant does not understand what Plaintiff means by the phrase "any other file maintained in Plaintiff's name." If Plaintiff will clarify, Defendant will revise its response and objection.**

5. All documents or things signed or filled out by Plaintiff relating to the obtaining or holding of employment or any other matter.

**RESPONSE**: **Objection. Request Number 5 is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Specifically, the phrases "all documents or things" and "relating to … any other matter" are overbroad, vague, and ambiguous, as these phrases fail to describe what information Plaintiff seeks and improperly requires Defendant to guess Plaintiff's intended meaning. Without waiving this objection, Defendant upon information and belief produced documents related to Plaintiff's application of employment with its Initial Disclosures.**

6. All emails, messages, text messages or other correspondence between (1) Plaintiff and (2) Defendant.

**RESPONSE**: **Objection. Request Number 6 seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant has searched its e-mail and Microsoft Teams messages using the following search parameters (collectively referred to as "Search Parameters"):**

- **June 2019 messages related to Brad Amos**
- **Messages from August 12, 2019 through July 31, 2020 between the following custodians containing the terms "Brad" or "Amos:" Lara Johnson, David DiCiccio and Luke LeFevre**
- **Messages from February 1, 2020 through July 31, 2020 with Plaintiff as the custodian that contain the terms "COVID" or "Corona."**

**Defendant will review these documents and produce any documents that are relevant and proportional to the needs of this case subject to a confidentiality order.**

7. All emails, messages, text messages or other correspondence between any parties in Defendant's custody or control relating to Plaintiff in any way. See definitions above.

**RESPONSE: Objection. Request Number 7 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, see Defendant's response to Request No. 6.**

8. Any and all documents, communications, and/or training material provided to Plaintiff during his employ by Defendant.

**RESPONSE: Objection. Request Number 8 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving the objection, Defendant will produce any training material provided to Plaintiff by Defendant subject to a confidentiality order.**

9. Any and all documents, communications, statements and/or recruiting material provided to Plaintiff at any time during the hiring process.

**RESPONSE: Objection. Request Number 9 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Without waiving this objection, Defendant will produce responsive documents subject to a confidentiality order.**

10. Any document required to be submitted by Plaintiff during the entirety of his employment.

**RESPONSE: Objection. Request Number 10 is vague and seeks documents that are neither relevant nor proportional to the needs of the case.**

11. Any documents Defendant claims refutes any claims made by Plaintiff in his Amended Complaint in this matter.

**RESPONSE: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection and in addition to documents already produced, Defendant will produce non-privileged documents using the Search Parameters that are responsive to this request subject to a confidentiality order.**

12. A copy of any documents included in or relating to any investigation performed by Defendant relating to Plaintiff for any reason. See definitions above.

**RESPONSE: Objection. Request Number 12 seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Subject to and without waiving the foregoing objection, no non-privileged responsive documents exist.**

13. A copy of any document which relates in any way to the termination of the Plaintiff by Defendant. See definitions above.

**RESPONSE: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, non-privileged responsive documents discovered using the Search Parameters will be produced subject to a confidentiality order.**

14. A copy of any document which relates in any way to the job performance of the Plaintiff. See definitions above.

**RESPONSE: Objection. Request Number 14 is vague and it seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, non-privileged responsive documents discovered using the Search Parameters will be produced subject to a confidentiality order.**

15. A copy of any statement made by any individual who has personal knowledge of discoverable matters or matters likely to lead to discoverable material.

**RESPONSE: Objection. Request Number 15 is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.**

16. All documents and things setting forth job duties or performance standards for any position held by Plaintiff with the Defendant.

**RESPONSE: Defendant has or will produce any non-privileged responsive documents in response this Request subject to a confidentiality order.**

17. All insurance policies and declaration pages which may provide liability coverage or defense coverage to Defendant in this case.

**RESPONSE: No responsive documents exist.**

18. All employee handbooks, personnel policy manuals, personnel procedure manuals, lists of employee rules, supervisors' handbooks, writings or other documents provided to Plaintiff to review or keep during his employment with Defendant.

**RESPONSE: Objection. Request Number 18 is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Specifically, Defendant does not know what Plaintiff means by "writings or other documents provided to Plaintiff…." Without waiving this objection, Defendant has or will produce responsive documents subject to a confidentiality order.**

19. Produce all document(s) and things, including electronically stored information, evidencing or supporting Defendant's denial that it violated the Title VII of the Civil Rights Act related to Plaintiff's claims in this lawsuit. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, Defendant will produce non-privileged responsive documents discovered using the Search Parameters subject to a confidentiality order.**

20. If not already provided, produce each and every document(s) and thing, including electronically stored information, that supports or contradicts any denial or defense asserted by Defendant, which has not been produced in response to the foregoing Requests for Production. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, Defendant will produce non-privileged responsive documents discovered using the Search Parameters subject to a confidentiality order.**

21. If not already provided, produce all documents and things, including electronically stored information, making reference to the decision to terminate Plaintiff. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: Objection. This Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Without waiving this objection, Defendant will produce non-privileged responsive documents discovered using the Search Parameters subject to a confidentiality order.**

22. If not already provided, produce each and every document(s) and thing, including electronically stored information, which were reviewed and/or considered in making the decision to terminate Plaintiff. These documents should be produced in the form in which they are kept by the Defendant per the rules.

**RESPONSE: Objection. Request Number 22 is vague and overbroad as it seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege**

and/or the attorney work product doctrine. Without waiving this objection, Defendant will produce non-privileged responsive documents discovered using the Search Parameters subject to a confidentiality order.

23. Copies of all documents and things, including but not limited to correspondence, complaints, grievances, reports, tape recordings, video recordings, statements and emails concerning incidents of discrimination, harassment, or retaliation by any current or former employee of Defendant for the years 2015 through 2022.

**RESPONSE**: Objection. Request Number 23 is vague and overbroad as it seeks documents that are neither relevant nor proportional to the needs of this case. Further, this Request seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Respectfully submitted,

*/s/Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street, Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I certify that, on April 29, 2022, I sent the foregoing, *Defendant's Responses to Plaintiff's First Requests for Production of Documents to Defendant Lampo Group,* via e-mail to the following:

Jonathan A. Street
Brandon Hall
Cullen Hamelin
Lauren Irwin
THE EMPLOYMENT LAW AND CONSUMER LAW GROUP
street@eclaw.com
bhall@eclaw.com
chamelin@eclaw.com
lauren@eclaw.com

*Attorneys for Plaintiff*

/s/ *Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
*Attorney for Defendants*

4875-7992-5790, v. 1