UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:21-cv-00923 |
| ) | Judge Richardson |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 6**

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's Motion in Limine Number 6 regarding evidence of Defendant being a cult or cult-like.

The cases cited by Defendant in their memorandum regard cases where cult-like behavior was a side issue. Here the cult-like behavior of the Defendant takes main stage. The issue here is the company requiring its employees, by its own admission, to follow a code of conduct based on "traditional Judeo-Christian values" determined by Mr. Ramsey and the board. When employees fail to conduct themselves in a manner consistent with this code of conduct, both in and out of the office, they are terminated.

There is no generally accepted list of factors that determines whether a group is a cult. However, Encyclopedia Britannica's definition of the term is instructive: "cult, usually small group devoted to a person, idea, or philosophy. The term cult is often applied to a religious movement that exists in some degree of tension with the dominant religious or cultural inclination of a

society."[1] Defendant meets this definition—a small group (Defendant's employees and radio listeners) devoted to a person (Dave Ramsey and other Ramsey personalities), idea (living debt free based on biblical principles), or philosophy (the "Baby Steps," tenets of Financial Peace University, and "traditional Judeo-Christian values").

Defendants are welcome to argue they are not a cult of course, but the accusations of Plaintiff are what they are. Defendant – through their own admissions- runs their business like a cult, requiring employees to journal their thoughts on Dave and his teachings, recount their "Dave Story," visit the museum of Mr. Ramsey's life, go through an onboarding process to re-educate themselves to be compliant with Defendant's thinking and beliefs, and again through the admission of numerous of Defendant's employees – terminates employees who do not comply with those religious beliefs. The word "cult" describes exactly what Plaintiff claims Defendant is and forcing the cult-like beliefs on their employees.

Whether Defendant behaves like a cult is close to the heart of this matter and cannot be considered a side issue. The risk of prejudice is minimal, especially given how the injury to Plaintiff came in relation to and as a result of Defendant's cult-like beliefs and actions. (*See Lindsley v. TRT Holdings Inc.,* No. 3:17-CV-2942-X, 2023 WL 11983791, at *2 (N.D. Tex. Mar. 6, 2023) ("Defendants aver that psychological records will show that Lindsley's emotional distress is partly attributable to abuse she experienced as a child through her parents' involvement in a cult. Any prejudicial effect of this testimony does not substantially outweigh its probative value.")

Further, limiting discussion of Defendant's cult-like nature and activities would deny Plaintiff the full breadth of Title VII's definition of religion: "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably

---

[1] Exhibit 1

accommodate ... [the] religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Plaintiff should be allowed to discuss "all aspects" of his religious observance, practice, and belief, including how Defendant's practices resembled a cult to which he did not wish to belong.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's sixth Motion in Limine relative to testimony or statements about Defendant being a cult or cult-like.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                                /s/ Jonathan A. Street
                                                Jonathan A. Street