UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 8

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's motion in limine Number 8 relating to testimony of former employees of Defendant.

Plaintiff subpoenaed former employees of Defendant who all had similar experiences to Plaintiff in relation to how Defendant enacted its "traditional Judeo-Christian values." Defendant's values and how they apply to its employees is the core of this matter. Thus, testimony from former employees of Defendant is quite relevant under Federal Rule of Evidence 401.

The United States Supreme Court in *Sprint/United Management Co. v. Mendelsohn* concluded that such so-called "me-too" evidence "is neither *per se* admissible nor *per se* inadmissible." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008). The Court goes to great lengths to explain how admission of such evidence is a fact-specific inquiry that the district court is best equipped to handle. The Court noted that "whether evidence of discrimination . . . is relevant . . . is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.* at 388. Defendant seeks

to prohibit such testimony before any inquiry into the facts—relevant as they may be—can be completed, in opposition to the holding of *Mendelsohn*.

Defendant also relies on *Griffin v. Finkbeiner*, and by extension *Hosse v. Sumner County Board of Education* but fails to recognize that *Griffin* did not outline an exhaustive list of factors or strict test regarding "me-too" evidence. While Sixth Circuit in *Griffin* outlines *some* factors for courts to consider regarding whether me-too evidence should be admitted, a footnote clearly states: "We do not intend this list of factors to be exhaustive." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012). Defendant also relies heavily on the fact that Plaintiff was terminated by a decisionmaker that did not also terminate these other witnesses. *Griffin* expressly notes that reliance on this factor alone is not enough: "Whether the same actors are involved in each decision is a factor, but *Sprint* makes clear that it cannot be the only factor in the decision whether to admit "other acts" evidence." *Id*. at 598–99.

Under *Mendelsohn* and *Griffin*, evidence related to the Defendant's values and how they are to be understood, adhered to, and enforced is certainly within the realm of inquiry that the district court can engage in under Rules 401 and 403.

Defendant's other arguments are similarly thin. While Plaintiff may not have engaged with the former employees subpoenaed, all parties were held to the same set of values. Defendant would need to claim that Lampo's core "traditional Judeo-Christian values" shifted drastically prior to or after Plaintiff's employment for their argument to hold. This again can be offered under Rule of Evidence 406 to establish habit or practice. Jury confusion is not a factor; a reasonable jury will be able to follow each witness's testimony and understand the throughline of relevance to Defendant's values.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's eight motion in limine and allow entrance of testimony from former employees of Defendant.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

/s/ *Jonathan A. Street*
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street