UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 3:21-cv-00923 |
| | )   Judge Richardson |
| THE LAMPO GROUP, LLC, | )   Jury Demand |
| | ) |
| | ) |
|    Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 9**

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's Motion in Limine Number 9 on evidence of Defendant's religious beliefs and principles allegedly unrelated to COVID-19.

This case may be in the context of COVID-19, but it is not about COVID-19. Plaintiff's religious beliefs extend beyond the pandemic and into how general principles of how people should be treated. The same applies to Defendant. To minimize value systems is prejudicial to both parties and would cause more confusion to the jury than if the belief systems were allowed to be explained with nuance.

The Sixth Circuit did not limit its ruling to only beliefs about COVID-19. Instead, the court stated: "Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions, and so has met his burden." *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024). Most importantly, limiting the scope of belief in the manner Defendant desires would cut against Title VII's definition of religion: "all aspects of religious observance and practice, as well as belief,

unless an employer demonstrates that he is unable to reasonably accommodate ... [the] religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Defendant's attempt to reduce the scope of belief would need an entirely new rubric, rather than the clearly defined "all aspects" that Title VII outlines.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's ninth motion in limine and allow evidence of "all aspects of religious observance and practice, as well as belief" to be entered, even those not dealing with COVID-19, in keeping with Title VII.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

        /s/ Jonathan A. Street
        Jonathan A. Street