# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-00923 |
| | ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 13

Plaintiff, Brad Amos, through undersigned counsel, moves that the Court deny Defendant's Motion in Limine Number 13 preventing evidence or argument at trial regarding damages he cannot recover under Title VII or the Tennessee Human Rights Act.

Defendant argues Plaintiff cannot recover "lost home equity," "Real Estates Fees and Commissions," "Lost Spousal Earnings," and "One year of therapy" under Title VII. Plaintiff respectfully disagrees, as does the Equal Employment Opportunity Commission. Pecuniary losses are out-of-pocket expenses incurred as a result of anemployer's unlawful action, including job-hunting expenses, moving expenses, medical expenses, psychiatric expenses, physical therapy expenses, and other quantifiable out-of-pocket expenses. (*See* Ex. A- The Commission Notice No. 915.002, Compensatory and Punitive Damages Available under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 8).

Relocation was necessary in order for Plaintiff to accept the position with Defendant, and Defendant knew Plaintiff was relocating to Tennessee solely for the position with Defendant. Naturally, relocation after his termination was foreseeable to Defendant. Plaintiff sold his home in

California to move to Tennessee, but could no longer afford the same home after his termination. Similarly, the real estate fees and commissions were a foreseeable consequence of Plaintiff having to move to Tennessee, especially since it was Defendant's ELP that assisted with the sale of the home. Similarly, Ms. Amos giving up her job was a foreseeable consequence of Plaintiff moving to Tennessee.

Similarly, therapy expenses is a measure of compensatory damages. Plaintiff's son required therapy after Plaintiff's termination. Since Plaintiff was no longer employed the costs and expenses for the therapy were out of pocket expenses for which Plaintiff is entitled to reimbursement.

For the above reasons, Plaintiff respectfully moves the Court to deny Defendant's thirteenth motion in limine and allow evidence of Plaintiff's lost home equity, real estate fees and commissions, lost spousal earnings, and one year of therapy.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street