UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED PRE-TRIAL ORDER**

The Parties submit this Joint Proposed Pre-Trial Order in accordance with the Order Resetting Trial (Doc. No. 185).

**I. AMENDMENT TO THE PLEADINGS**

The pleadings are amended to conform to the Pretrial Order, and the Pretrial Order supplants the pleadings.

**II. JURISDICTION**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**III. SUMMARY OF PLAINTIFF'S THEORY OF THE CASE**

This is a case of religious discrimination. Plaintiff left a position in California making substantially more money to take a position at Defendant in 2019. Defendant determined Plaintiff was a perfect fit and offered him a higher salary than the original posting. Plaintiff informed Defendant he had strongly held religious beliefs including individual free will, God helps those that help themselves, and following the 'golden rule'. As he was interviewing, Plaintiff asked about the rumors of the company being cult-like, but Defendant re-assured him that was not the case.

Initially, Plaintiff's work was universally lauded. The compliments came from all levels of management including CEO Dave Ramsey. Plaintiff attended required one-on-one meetings he

thought were confidential and about work; however the meetings were extremely personal involving personal beliefs and his marriage. Plaintiff was also required to attend weekly devotionals and staff meetings that discussed Defendant's religious beliefs.

When COVID hit in early 2020, Mr. Ramsey's mantra at the time was "Faith over Fear", so conventional COVID precautions were not necessary. Faith and prayer were Defendant's preferred remedies. When Plaintiff mentioned the lack of precautions, Plaintiff was told he needed to be humble and to "pray and move forward".

A supervisor asked Plaintiff if he wanted to work from home. Plaintiff chose to work from home, but was subsequently demoted. Plaintiff offered to come back to the office and quarantine at home. That approach was dismissed as inappropriate as again precautions other than prayer were not favored.

Defendant effectively cut communication with Plaintiff during this remote period, telling him to "stand by." Eventually, Plaintiff was accused of missing a deadline he was previously told to forget about. Plaintiff's supervisors then ambushed him at a surprise meeting with personal questions about his wife and how he felt about the pandemic. They required Plaintiff attend classes because he "had not been onboarded correctly." They told Plaintiff to "check his humility," one of Defendant's core "traditional Judeo-Christian values." Defendants consider humility to mean to not question the ways of God.

Plaintiff was then removed from the documentary project and demoted permanently. He was required to go to a second one on one meeting every week. These meetings focused on Mr. Amos's marriage, his opinions of the pandemic, and how he felt about the bad press Lampo was receiving at the time. Defendant continued to state they had no issue with his work product.

Near the end of July, Defendant announced there were several COVID related firings

2

Case 3:21-cv-00923    Document 256    Filed 06/30/25    Page 2 of 9 PageID #: 5867

through an email from Mr. Ramsey in which he said, "I have missed so many things that COVID and the Fear Porn around us have stolen. One of the things is all the fear and anger has even invaded our space. The good news is I know the Lord. I have asked him to issue an eviction notice and He has agreed." Mr. Amos was terminated the same day as the "eviction" email. Mr. Amos was terminated because he refused to "be humble" and accept a spiritual solution to a medical problem.

NOTE: Defendant objects to information in the Summary of Plaintiff's Theory of the Case that is the subject of a pending motion in limine.

IV. **SUMMARY OF DEFENDANT'S THEORY OF THE CASE**

This is a straightforward employment case. Plaintiff was hired as a video editor in 2019 after applying multiple times to work for Defendant. During Plaintiff's employment, the COVID pandemic occurred. Defendant followed all legal requirements with respect to the COVID pandemic. Defendant, through its managers, kept employees informed about the pandemic, the company's policies and procedures regarding the pandemic, and even allowed employees (including Plaintiff) to take precautionary COVID measures, including working from home.

Plaintiff's claim that he was terminated because of religious beliefs about COVID is false. On July 31, 2020, Plaintiff was terminated for being insubordinate and disrespectful towards a senior manager. Defendant's termination of Plaintiff's employment was not in any way related to his religious beliefs about COVID or Defendant's alleged religious beliefs about precautionary COVID measures. In fact, Defendant had no religious beliefs about precautionary COVID measures. Plaintiff never requested an accommodation of his religious beliefs related to COVID or even informed Defendant of such beliefs. Plaintiff cannot prove that his termination related, in any way, to religious beliefs about COVID.

As a result, Plaintiff is not entitled to any damages. To the extent the jury finds Plaintiff is entitled to damages, the damages must be limited to those authorized and capped by Title VII and by any mitigation efforts or failure to mitigate.

NOTE: Plaintiff objects to information in the Summary of Defendant's Theory of the Case that is the subject of a pending motion in limine.

V. **STATEMENT OF THE ISSUES**

(1) Defendant's liability for violation of Title VII and/or THRA (jury determination)

(2) Damages awarded to Plaintiff (jury determination)

VI. **STATEMENT OF RELIEF SOUGHT**

a. Monetary Damages, Attorney Fees

VII. **ANTICIPATED EVIDENTIARY ISSUES AND OUTSTANDING MOTIONS**

(1) Evidentiary issues as raised in Defendant's motions in limine:

a. Defendant's Motion in Limine No. 1 (excluding any references to the Title VII damages cap)

b. Defendant's Motion in Limine No. 2 (prohibiting the presentation of extraneous evidence and argument regarding the COVID pandemic)

c. Defendant's Motion in Limine No. 3 (prohibiting the presentation of argument, evidence, or testimony about other lawsuits involving Defendant)

d. Defendant's Motion in Limine No. 4 (prohibiting the presentation of statements, opinions or other actions by Defendant, or its owners or employees, subsequent to Plaintiff's termination)

e. Defendant's Motion in Limine No. 5 (prohibiting the presentation of argument, evidence, or testimony that was not timely produced in

discovery)

    f.  Defendant's Motion in Limine No. 6 (prohibiting the presentation of argument or evidence accusing Defendant of being a "cult" or "cult-like")

    g.  Defendant's Motion in Limine No. 7 (prohibiting the presentation of argument or evidence about Dave Ramsey's personal religious beliefs or propensity evidence about Dave Ramsey)

    h.  Defendant's Motion in Limine No. 8 (prohibiting the presentation of argument or evidence pertaining to other former employees not similarly situated to Plaintiff)

    i.  Defendant's Motion in Limine No. 9 (prohibiting the presentation of argument or evidence regarding Defendant's alleged religious beliefs unrelated to COVID)

    j.  Defendant's Motion in Limine No. 10 (prohibiting the presentation of argument or evidence related to Plaintiff's claims that were dismissed by the Court)

    k.  Defendant's Motion in Limine No. 11 (precluding the Plaintiff from making impermissible "golden rule" appeals to the jury)

    l.  Defendant's Motion in Limine No. 12 (prohibiting the presentation of argument or evidence regarding the expert report of Dr. Charles Baum)

    m.  Defendant's Motion in Limine No. 13 (prohibiting the presentation of argument or evidence regarding damages the Plaintiff cannot recover until Title VII)

(2) Defendant's Objections to the testimony of Dr. Charles Baum

(3) Defendant opposes the introduction of any evidence by Plaintiff that was responsive but not produced in response to Defendant's discovery requests.

(4) Plaintiff opposes the introduction of any evidence by Defendant that was not produced before the close of discovery.

(5) Plaintiff's Motions in Limine

    a. Plaintiff's First Motion in Limine (Strike Defendant's Answer and Affirmative Defenses)

    b. Plaintiff's Second Motion in Limine (Prevent Evidence regarding the RFRA and using the First Amendment as a Defense)

    c. Plaintiff's Third Motion in Limine (Prevent argument that discrimination is legal if Defendant's customer base prefer they discriminate)

    d. Plaintiff's Fourth Motion in Limine (Plaintiff's unemployment benefits)

    e. Plaintiff's Fifth Motion in Limine (Defendant's use of emails not allowed as hearsay)

    f. Plaintiff's Sixth Motion in Limine (introducing other lawsuits into evidence)

    g. Plaintiff's Seventh Motion in Limine (McDonnell Douglas test does not apply)

    h. Plaintiff's Eighth Motion in Limine (EEOC determination)

    i. Plaintiff's Ninth Motion in Limine (No mention of claims previously dismissed)

    j. Plaintiff's Tenth Motion in Limine (No personal attacks on the lawyers in this matter)

6

Case 3:21-cv-00923    Document 256    Filed 06/30/25    Page 6 of 9 PageID #: 5871

k. Plaintiff's Eleventh Motion in Limine (Relief from Defendant's Failure to comply with discovery orders)

VIII. **Current Outstanding Motions affecting the Trial**

   a. Defendant's Motion to Quash the Subpoena of Dave Ramsey

   b. Defendant's Motion to Bifurcate Trial

   c. Defendant's Motion for Show Cause

   d. Plaintiff's Motion to Strike the Answer of Defendant and Deem Facts Admitted would lead to the trial being for damages only. (Plaintiff's First Motion in Limine Addresses the same issue)

IX. **ESTIMATED LENGTH OF TRIAL**

Plaintiff estimates the trial in this matter will last approximately 6-7 days. If Plaintiff's Motion to Strike and deem facts admitted is granted, it will take 2 days as the trial will be for damages only.

Defendant estimates the trial will take 4-5 days

Respectfully submitted,

/s/ Jonathan Street (with permission)
Jonathan A. Street, BPR No. 027172
G. Brandon Hall, BPR No. 034027
Zachary W. Brown, BPR No. 037509
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

/s/ Stephen C. Stovall
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)

7

Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Stephen C. Stovall
Stephen C. Stovall (TN #37002)
*Attorney for Defendant*