UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE NO. 6**

Defendant, The Lampo Group, LLC, responds in opposition to Plaintiff's Motion in Limine No. 6 (Doc. No. 213).

## I. INTRODUCTION

As anticipated by Defendant, Plaintiff is going to turn trial in this matter into mini-trials for other aggrieved former employees. The Court should deny the motion and prohibit the introduction of any argument, evidence, and testimony about other lawsuits involving Defendant at trial in this matter.

## II. ARGUMENT

Plaintiff seeks to introduce "evidence and witnesses from other lawsuits against Defendant, as applicable," without any further explanation or description. The only evidence Plaintiff identifies is deposition transcript from another lawsuit actively pending in the Middle District.[1] Beyond that, Plaintiff seeks court approval to admit anything from other lawsuits.

---

[1] In addition to the reasons outlined herein, the deposition transcripts are inadmissible under Rule of Civil Procedure 32(a)(8) and Federal Rule of Evidence 801(d)(2). Rule 32(a)(8) only allows admission if the transcript is from the same subject matter between the same parties. Here, the transcripts are from a different lawsuit between different parties. Rule 801(d)(2) only allows a person to offer a hearsay statement as a statement of a party-opponent under certain circumstances.

Evidence about other lawsuits involving a party is not relevant unless there is a clear nexus between those lawsuits and the one at issue. *See e.g., McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003) (holding that evidence concerning the other employment discrimination lawsuits filed against defendant was not relevant because there was no clear nexus between these lawsuits and this case). There is no clear nexus here. Other lawsuits involving Defendant were brought under different theories of the law, involved different decision makers, and most importantly, arose out of different facts. There is no causal, temporal or spatial connection. Regardless of Plaintiff's belief otherwise, suing the same employer does not make all plaintiffs similarly situated.[2] *See e.g., Wright v. Murray Guard, Inc.,* 455 F.3d 702, 710 (6th Cir. 2006) (to constitute similarly situated employees, individuals must "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct…").

Further, unsubstantiated allegations from other individuals, in other cases and under different circumstances, are of minimal probative value. Fed. R. Evid. 403. This value is outweighed by the risk that the jury will draw improper conclusions from other lawsuits. This value is also outweighed by the risk that the evidence will invite mini-trials about facts and circumstances that are not similar to the present case, needlessly delaying the case. *See, e.g., Hosse v. Sumner Cnty. Bd. Of Educ.,* No 3:13 C 520, 2018 WL 11471784, at *5 (M.D. Tenn. July 27, 2018). The probative value, if any, of this evidence is substantially outweighed.

Further, this evidence (whatever it may be) does not meet the standard under Rule 406. Rule 406 allows evidence of a person's habit or an organization's routine practice to be admitted

---

To the extent Plaintiff is seeking to introduce transcripts of people who testified in their individual capacity in an unrelated lawsuit, those do not meet that hearsay exemption.

[2] Defendant address this issue in its Motion in Limine No. 8 and asked the Court to prohibit the introduction of evidence regarding three specific former employees.

only if the proponent of the evidence can show that the "specific conduct or event that is so automatic, so repetitive, that it might approach evidence of habit; it must be done unwittingly." Mattner v. Tom A. Jennaro & Assocs., 941 F.2d 1210 (6th Cir. 1991). Plaintiff is not seeking to introduce one instance of specific conduct or a specific action. Instead, Plaintiff wants to introduce any and all evidence from other lawsuits, none of which have anything to do with Plaintiff or COVID.

Despite Plaintiff's attempts to couch this as pattern or practice evidence, the real purpose is impermissible propensity evidence. In Plaintiff's own words, "Defendant has acted similarly in multiple cases." Doc. No. 213, p. 1. Plaintiff is seeking to put on evidence of other lawsuits to suggest to the jury that, of course, Defendant acted in accordance with that conduct with respect to Plaintiff and lead to an improper verdict. *See Old Chief v. United States*, 519 U.S. 172, 182, (1997) (holding that "propensity would be an 'improper basis' for conviction").

Finally, this evidence cannot be used for purposes of punitive damages. Due process requires that punitive damages be based on the defendant's conduct and the harm and/or potential harm to Plaintiff, and not on the harm and/or potential harm to nonparty victims. *See Phillip Morris USA v. Williams,* 549 U.S. 346, 353–5 (2007). This evidence, if allowed, would suggest to the jury that it can punish Defendant for injuring other plaintiffs for pending lawsuits that are not on trial here.

### III. CONCLUSION

There is only one reason Plaintiff seeks to introduce this evidence – propensity. Accordingly, this Court should deny Plaintiff's Motion in Limine No. 9 and prohibit the introduction of any argument, evidence, and testimony about other lawsuits involving Defendant, including the witnesses and/or their deposition transcripts.

3

Respectfully submitted,

/s/ Stephen C. Stovall
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Stephen C. Stovall
Stephen C. Stovall (TN #37002)
*Attorney for Defendant*