UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | Case No. 3:21-cv-00923 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE NO. 5**

Defendant, The Lampo Group, LLC, responds in opposition to Plaintiff's Motion in Limine No. 5 (Doc. No. 212).

As Defendant reads Plaintiff's motion, he asks the Court to (1) categorically prohibit Defendant from introducing any emails that we have produced in this case and (2) categorically authorize Plaintiff to introduce those same emails.

The Sixth Circuit does not permit motions in limine to act as broad blanket bans on evidence. Courts routinely deny motions in limine seeking to exclude broad categories of evidence because the best practice is to deal with questions of admissibility of evidence as they arise. *See e.g., Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Motions in limine are confined to <u>specific</u> evidentiary issues, not categorical exclusions. *Joseph v. Joseph*, No. 1:16-CV-465, 2018 WL 11433004, at *1 (S.D. Ohio Oct. 2, 2018).

Plaintiff's broad "swing for the fence" requests are contrary to the purpose of motions in limine, a waste of Defendant and the Court's time, and should be denied.

1. **Categorically prohibit Defendant from introducing any emails that we have produced in this case.**

Plaintiff asks the Court to categorically prohibit Defendant from introducing any emails that we have produced in this case based on relevance and the business records exception in Fed. R. Evid. 803(6). This is utter nonsense.

First, Plaintiff seeks to categorically prohibit Defendant from introducing "thousands of emails" because "many…are not relevant." (Doc. No. 212 at PageID #: 5219). Plaintiff cannot seriously ask for the exclusion of "thousands" of unidentified emails based on his own unsubstantiated assertion that "many"—notably, not all—are "not relevant." He has not even identified the emails in question, much less provided any factual or legal explanation for why they are irrelevant.

Next, Plaintiff seeks to categorically prohibit Defendant from introducing "thousands of emails" because they do not satisfy the business records exception. Here, however, Plaintiff contradicts himself. In the span of three paragraphs, Plaintiff begins by arguing that these unidentified emails are not inherently admissible under Fed. R. Evid. 803(6) and ends by explaining how Defendant can admit them under the same rule. (Doc. No. 212 at PageID #5219-20). Plaintiff quotes an excerpt from *United States v. Daneshvar* but conveniently leaves out the very next line: "[o]f course, an email can qualify as an admissible record of a regularly conducted business activity as long as the proponent satisfies the requirements of Rule 803(6)." 925 F.3d 766, 777 (6th Cir. 2019). And of course, Plaintiff completely ignores the prospect that these "thousands of emails" may be admissible via some avenue other than the business records exception.

2. **Categorically authorize Plaintiff to introduce any emails that Defendant has produced in this case.**

In the same breath, Plaintiff asks the Court to categorically authorize him to introduce any emails that Defendant has produced in this case as party-opponent admissions. (Doc. No. 212 at PageID #: 5220). A remarkable request given Plaintiff's assertion on the previous page that "many" of those emails "are not relevant." *Id.* at Page ID #: 5219.

While party-opponent admissions are among the hearsay exceptions in Fed. R. Evid. 801, there is more to that exception than simply an email produced by the other side. To be admitted as a party-opponent admission, an email must satisfy one of the five criteria listed under Fed. R. Evid. 801(d)(2). Again, Plaintiff has not even identified the emails in question, much less provided any factual or legal explanation for how they satisfy Fed. R. Evid. 801(d)(2).

Plaintiff has not presented the Court with any legal or factual basis for the sweeping relief he seeks at Doc. No. 212. That motion should be denied.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

                                                  /s/Daniel Crowell
                                                  Daniel Crowell (TN #31485)
                                                  *Attorney for Defendant*