IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 3:21-cv-923 Judge Richardson |
| THE LAMPO GROUP, LLC | ) ) | Magistrate Judge Holmes |
| Defendant. | ) ) | |

**PLAINTIFF'S BRIEF ON RECOVERABLE DAMAGES**

Plaintiff, Brad Amos, by and through counsel, submits this brief on the types of damages that he may recover and indicates whether the Court or the jury determines each amount. Plaintiff's claims for trial are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*

**I. Actual Damages**

a. <u>Back Pay—Jury Determination</u>

If a district court finds that an employer has engaged in an unlawful employment practice, Title VII authorizes an award of back pay and other retroactive relief. *See* 42 U.S.C. § 2000e–5(g)(1*); Isabel v. City of Memphis*, 404 F.3d 404, 414, 2005 WL 819938 (6th Cir. 2005). The back pay award "should include the salary, including any raises, which plaintiff would have received but for the discrimination, as well as sick leave, vacation pay, pension benefits and other fringe benefits she would have received but for discrimination." *Dye v. Bellsouth Telecommunications, Inc.,* 462 F. Supp. 2d 845, 852, 2006 WL 3372500 (W.D. Tenn. 2006). The Sixth Circuit considers back pay "a presumptive entitlement of a plaintiff who successfully prosecutes an employment

discrimination case." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1171 (6th Cir. 1996). Back pay is not subject to statutory caps. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 671 (6th Cir. 2003). Generally, the jury determines a plaintiff's entitlement to back pay as well as the amount. *Hall v. Consol. Freightways Corp.*, 337 F.3d 669, 679 (6th Cir. 2003).

    b. <u>Front Pay—Court Determination Whether Appropriate/Jury Determination for Amount</u>

A court's remedies for a Title VII violation include front pay. *Shore v. Fed. Exp. Corp.,* 42 F.3d 373, 1994 WL 702331 (6th Cir. 1994). Front pay is an available form of equitable relief in ADEA actions. *Roush v. KFC Nat. Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir.1993). Courts generally award front pay when reinstatement is inappropriate or infeasible. *Suggs v. ServiceMaster Educ. Food Mgmt.,* 72 F.3d 1228, 1996 WL 2177 (6th Cir. 1996). Front pay includes the amount the plaintiff could reasonably have expected to earn in the future, from the date of trial forward, in the absence of the alleged unlawful conduct. *Pollard v. E.I. DuPont de Nemours & Co.,* 532 U.S. 843, 121 S. Ct. at 1950-51 (2001); *Shore v. Federal Express Corp.*, 42 F.3d 373, 377-78 (6th Cir. 1994). Like back pay and interest on it, front pay is separate from compensatory damages, and no damage caps apply. *Pollard*, 121 S. Ct. at 1949. The Court determines whether an award of front pay is appropriate upon consideration of several factors. *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th 1996). The jury determines the amount. *Roush v. KFC Nat'l Mgmt.Co.*, 10 F.3d 392, 398 (6th Cir. 1993); *Wells v. New Cherokee Corp.*, 58 F.3d 233, 238-39 6th Cir. 1995). Title VII claimants have a duty to mitigate an award of front pay. *Shore v. Federal Express Corp.*, 42 F.3d 373, 377-78 (6th Cir. 1994).

Generally, in awarding front pay, the following factors are relevant: (1) the employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her

obligation to mitigate her damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards." (*Id.*).

    c. <u>Value of Lost Benefits—Jury Determination</u>

Under Title VII, a prevailing plaintiffs award of back pay may include lost fringe benefits such as medical insurance. *Long v. Procter & Gamble Mfg. Co.,* No. 03-1097-T-AN, 2007 WL 9705968 (W.D. Tenn. Sept. 5, 2007). In deciding how to calculate the value of fringe benefits, the Sixth Circuit has favored the approach that "damages for fringe benefits should be calculated based on actual costs incurred by [the plaintiff] in securing substitute benefits, not the open-market value of providing those benefits." *Hance v. Norfolk Southern Railway Company*, 571 F.3d 511, 522 (6th Cir. 2009). For example, a successful Title VII plaintiff was awarded the cost of medical expenses actually incurred that would have been covered by the company's medical plan. *E.E.O.C v. Wilson Metal Casket Co.*, 24 F.3.d 836, 841 (6th Cir. 1994). In contrast, a successful Title VII plaintiff was not awarded damages for the value of his former employer's medical and dental insurance because the plaintiff offered no evidence that he spent money on medical or dental care that his former employer's insurance would have covered. *Gunter v. Bemis Co.*, 906 F.3d 484, 493 (6th Cir. 2018).

    d. <u>Range of Economic Losses</u>

Dr. Charles Baum stated in his expert report detailing Mr. Amos's various economic damages that, "The economic losses from lost earnings and lost employment benefits to Mr. Amos from his employment termination by the Lampo Group is calculated to range from $52,537 to $237,513." Expert Report of Charles L. Baum, PhD – Economic Loss Appraisal in the Case of Brad Amos (Oct. 31, 2022) ¶ 37. Dr. Baum's analysis considered multiple factors and forms an accurate reflection of the potential losses Mr. Amos experienced.

## II. Compensatory Damages—Jury Determination

The Civil Rights Act of 1991 amended Title VII to authorize an award of compensatory damages where an employer is found to have "engaged in unlawful intentional discrimination...." 42 U.S.C. § 1981a(a)(1). *Turic v. Holland Hosp., Inc.,* 85 F.3d 1211, 1215 (6th Cir. 1996). The types of compensatory damages the court may award include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3) (2000*); Dye v. Bellsouth Telecommunications,* Inc., 462 F. Supp. 2d 845, 849, 2006 WL 3372500 (W.D. Tenn. 2006). In cases where employers have more than 500 employees, compensatory damages are capped at $300,000. 42 U.S.C. § 1981a(b)(3)(c).

In order to support an award of damages for emotional distress, the plaintiff must introduce competent evidence concerning his injuries. *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 472 (6th Cir. 2009). However, a plaintiff's "own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." *Turic v. Holland Hospitality, Inc.,* 85 F.3d 1211, 1215 (6th Cir. 1996). "It is well settled that Title VII plaintiffs can prove emotional injury by testimony without medical support." *Id*. Lay testimony as to physical manifestations of emotional distress are allowed, even when the plaintiff only alleges garden variety emotional distress. *See, e.g., EEOC v. New Breed Logistics*, 2013 WL 1729716, at *1 (W.D. Tenn. Apr. 22, 2013); *Turic*, 85 F.3d at 1215 (weight loss); *Seymour v. U.S. Postal Serv.,* 2010 WL 12554933, at *15 (W.D. Tenn. Mar. 25, 2010) (migraine headaches, irritable bowel syndrome); *Love v. Shelby Cnty. Sheriff's Dep't,* 2006 WL 1049336, at *8 (W.D. Tenn. Apr. 20, 2006) (migraine headaches); *Currie v. Haywood Cnty.,* 2006 WL 840427, at *7 (W.D. Tenn. Mar. 30, 2006). *See also O'Barr v. United Parcel Serv., Inc.*, 2013 WL 2635539, at *2

(E.D. Tenn. June 12, 2013) (allowing plaintiff and his wife to testify about the extent of his non-medical embarrassment and humiliation damages).

Here, Defendant employed more than 500 employees—around 1,000 at the time of the adverse employment action—so the Plaintiff's compensatory damages are statutorily capped at $300,000. Plaintiff's potential recovery should be submitted to the jury to be decided based on testimony presented at trial.

### III. Punitive Damages—Jury Determination

The Civil Rights Act of 1991 also provides for awards of punitive damages where an employer is found to have "engaged in a discriminatory practice ... with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). *Turic v. Holland Hosp., Inc.,* 85 F.3d 1211, 1216 (6th Cir. 1996). The jury determines whether punitive damages are appropriate, and also the amount. *Kolstad v. Am. Dental Assn.,* 527 U.S. 526, 535, 119 S. Ct. 2118, 144 L.Ed.2d 494 (1999).

Here, Defendant employed more than 500 employees at the time of the adverse employment action, so the Plaintiff's punitive damages are statutorily capped at $300,000. Plaintiff's potential recovery should be submitted to the jury to be decided based on testimony presented at trial.

### IV. Attorney's Fees, Litigation Costs, and Expenses Pursuant to the Statute—Court Determination

Title VII provides that "the court, in its discretion, may allow the prevailing party [in litigation under Title VII] … a reasonable attorney's fees…as part of the costs." 42 U.S.C. § 2000e-5(k). "When confronted with a violation of the ADEA, a district court is authorized to afford relief

by means of…attorney's fees." *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995).

At the conclusion of trial, Plaintiff will likely incur attorney's fees amounting to $500,000. It would be in the court's discretion to award these fees should the Plaintiff prevail.

V.     Pre- and Post-Judgment Interest—Court Determination

Should Plaintiff prevail, he will be entitled to prejudgment interest on all damages and equitable relief awarded. 42 U.S.C. § 1981a(b)(2) (incorporating 42 U.S.C. § 2000e-5(g)); *Loeffler v. Frank*, 486 U.S. 549, 554-56 (1988); *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1170 (6th Cir. 1996); *Shore*, 42 F.3d at 379-80. The Court determines the amount. (*Id.*). The interest on the amounts awarded is compounded annually. *EEOC v. Kentucky State Police Dept.*, 80 F.3d 1086, 1097-98 (6th Cir. 1996), *cert denied*, 519 U.S. 63, 117 S. Ct. 385, 136 L. Ed. 2d 302 (1996); 28 U.S.C. § 1961; *United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998).

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

***/s/ Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                                    /s/ Jonathan A. Street
                                                  Jonathan A. Street