UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| ) | |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION IN LIMINE NO. 7**

Defendant, The Lampo Group, LLC, responds in opposition to Plaintiff's Motion in Limine No. 7 that asks the Court to "adopt the *Shapolia v. Los Alamos Nat. Laboratory* approach as it relates to establishing a prima facie claim of religious nonconformity and exclude arguments or evidence entered under other frameworks."

Plaintiff's motion should be denied for four independent reasons:

1. A motion in limine is the wrong vehicle for advancing Plaintiff's view of the correct legal standard to apply in this case. Motions in limine are intended to streamline trial by resolving discrete evidentiary issues. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (holding that "a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). While Plaintiff asks the Court to "exclude arguments or evidence", the gravamen of his motion is clearly the adoption of a particular legal framework. That is not a motion in limine. *See e.g., SPX Corp. v. Bartec USA,* No. 06–14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) (holding that "motions in limine are not proper procedural devices for wholesale disposition of theories or defenses"); *Mavrinac v. Emergency*

*Med. Ass'n of Pittsburgh,* No. 04–1880, 2007 WL 2908007 at *1 (W.D. Pa. Oct. 2, 2007) (holding that "motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action").

2. Plaintiff's motion to broadly "exclude arguments or evidence entered under other frameworks" overlooks the fact that different prima facie formulations share common elements, e.g., an adverse employment action. Admissible evidence would overlap among them too. Using Plaintiff's own examples, evidence admissible to show that an employee "was treated less favorably that those outside the protected class"[1] would probably be admissible to "support the inference that the employment actions were taken because of a discriminatory motive…." (Doc. 214 at PageID #5226-27). By excluding common elements and admissible evidence, Plaintiff's motion would hamstring the very *Shapolia* prima facie case he advances.

3. Plaintiff's motion is far too vague and broad. Again, this is because the motion is really about a legal standard instead of evidence. "[A]rguments or evidence entered under other frameworks" is virtually meaningless in this context, as Plaintiff neither identifies the "other frameworks" nor any discrete categories of evidence that would be unique to those "other frameworks." *See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) (holding that motions in limine "are meant to deal with ***discrete*** evidentiary issues related to trial…") (emphasis added).

---

[1] The "protected class", there, being employees who did not conform to their employer's held religious beliefs.

Plaintiff's motion is centered around a prima facie case that will disappear after he rests at trial and survives any motion for directed verdict by Defendant. The prima facie case plays no role in Defendant's proof or the ultimate decision, so it should not dictate evidence or argument in either of those phases. *See e.g., Nellis v. Brown Cnty.,* 722 F.2d 853, 857 (7th Cir. 1983) (concluding that when the defendant "attempted to rebut a prima facie case ... according to Aikens, the issue of a prima facie case is no longer relevant").

Respectfully submitted,

/s/ Stephen C. Stovall
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Stephen C. Stovall
Stephen C. Stovall (TN #37002)
*Attorney for Defendant*