## THE PARTIES

Plaintiff in this case is an ex-employee of the Lampo Group, LLC, which operate under the assumed name of Ramsey Solutions. Defendant sells educational materials for personal finance and has an internet/radio show which airs nationwide.

Plaintiff is a video editor and served in that capacity at Lampo.

Given their relationship, persons at trial may refer to the company as Lampo or Ramsey.

## TITLE VII – STATUTE INVOLVED

The Plaintiff's claim of discrimination based on religion is brought under a federal law known as Title VII of the Civil Rights Act of 1964, as amended, often called Title VII.

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is designed to assure equality of employment opportunities and ensure that all persons enjoy full and adequate protection against employment discrimination. Title VII makes it an unlawful employment practice for an employer:

1. To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to hiscompensation, the terms, conditions, or privileges of employment, because of such individual's religion; or

2. To limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's religion

**Authority**

42 U.S.C. § 2000e-2; H.R. REP. 102-40, 2, 1991 U.S.C.C.A.N. 694, 694, 1991 WL 87020, 1

(purpose).

## ACTIONS BY AGENTS OF A CORPORATION

Because Defendants are corporations, they act through real people—that is, through their officers, employees, or agents, which can include independent contractors.

As corporations, Defendants can be bound by the acts or statements their officers, employees, and agents make while acting in the scope of authority delegated to them, even when the actions or statements in question violate the law or company policy.

# NATURE OF THE CLAIMS

As I stated earlier, this is an employment discrimination case. Plaintiffs allege that Defendant discriminated against the him on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, and the Tennessee Human Rights Act.

The focus of Plaintiffs' religious discrimination claims are religious practices, policies, and directives existing in Defendants' workplace in 2019 and 2020. These practices include following the spiritual and religious beliefs of management and in particular Mr. Dave Ramsey, the CEO and Founder of Lampo.

Religious discrimination takes many forms. Employers discriminate when they treat employees less favorably because of their personal religious views. Employers discriminate when they treat employees less favorably because the employees do not follow the religious beliefs, policies, practices, or directives of the employer. All of these can be unlawful discrimination under Title VII and the THRA, Plaintiff alleges that all of these types of religious discrimination took place at Defendants' workplace.

First, Plaintiff alleges Defendant created a hostile work environment by subjecting him to a variety of religious beliefs, policies, practices, and directives.

Second, Plaintiff alleges that Defendants discriminated against him by subjecting him to adverse employment actions—including, but not limited to termination—because he did not wish to participate in the company's variety of religious beliefs, policies, practices, and directives.

Plaintiff also alleges Defendant retaliated against him for complaining about the company's religious practices, in violation of Title VII and the THRA's separate prohibition on retaliation.

Defendants deny all of Plaintiffs' allegations and deny that religion—and specifically the religious practices at issue in this case—was either the impetus or the justification for the work environment that Defendants provided. Defendants also deny a hostile work environment existed at Defendants' workplace. Defendants also deny that the employment decisions and terminations at issue in this case were motivated by religion or retaliation, and assert that all of the employment and termination decisions they made were based on legitimate, non-discriminatory reasons.

Authority:

Joint Amended Pre-Trial Order, ECF No. 145, § VII (October 20, 2017); Noyes v. Kelly Servs., 488 F.3d 1163, 1168-69 (9th Cir. 2007); Venters v. City of Delphi, 123 F.3d 956, 968, 971-77 (7th Cir. 1997); Shapolia v. Los Alamos Nat. Lab., 992 F.2d 1033, 1036 (10th Cir. 1993); Young

v. Sw. Sav. & Loan Ass'n, 509 F.2d 140, 141–44 (5th Cir. 1975); EEOC v. United Health Programs of Am., Inc., 213 F. Supp. 3d 377, 392, 415-17 (E.D.N.Y. 2016) (Matsumoto, J.);

Garcimonde-Fisher v. Area203 Marketing, LLC, 105 F.Supp.3d 825, 839-41 (E.D. Tenn. 2015); Tillery v. ATSI, Inc., 242 F. Supp 2d. 1051, 1064 (N.D. Ala. 2003), dismissed on other grounds, 2003 WL 25699080, (N.D. Ala., Apr. 14, 2003); EEOC v. Preferred Mgmt. Corp., 216 F. Supp.

2d 763, 819-38 (S.D. Ind. 2002).

## DISCRIMINATION BASED ON RELIGIOUS NONCONFORMITY

In this case, Plaintiff is alleging that Defendant discriminated against Plaintiff because he did not conform to Defendant's religious beliefs about COVID. To prevail on this claim, Plaintiff must prove the following by a preponderance of the evidence:

First, Defendant had a policy or directive or practice based on a spiritual or religious basis

Second, Plaintiff did not adhere to that policy or directice or practice or spoke out against said policy, directive, or practice

Defendant took adverse employment action against Plaintiff because of his non-adherence or speaking out against to this policy, directive, or practice.

**Authority**: United States Court of Appeals for the Third Circuit - Model Civil Jury Table of Contents and Instructions, 5.1.2; *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024).

## TITLE VII – DISCRIMINATION BASED ON RELIGION

In order for Plaintiff to establish his claim for discrimination based on religion under Title VII, he must prove the following by a preponderance of the evidence:

1. The Defendant terminated his employment; and

2. The Plaintiff's religious beliefswas a motivating factor for the Defendant's action.

If you find that the Plaintiff has failed to prove either or both of these propositions by a preponderance of the evidence, then you must find against him on his discrimination claim and in favor of the Defendant. If, on the other hand, you find that the Plaintiff has proved both propositions by a preponderance of the evidence, then you must find in his favor and against Defendant.

**Authority**

*Elmore v. Capstan, Inc.*, 58 F.3d 525, 529 (10th Cir. 1995). *See also Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

# MOTIVATING FACTOR – DEFINED

The Plaintiff is not required to prove that his religion was the sole or exclusive motivating factor for the Defendant's decision(s) or that all of the Defendant's stated reasons for his termination were false. The Plaintiff must prove only that religion was a motivating factor. That is, the Plaintiff's religion was a factor that made a difference in the Defendant's decision to terminate him.

In determining whether religion was a "motivating factor" in the Defendant's decision to terminate Plaintiff, you may consider any statements made or act done or admitted by the Defendant, and all other facts and circumstances in evidence indicating state of mind. An improper motive, if it exists, is seldom directly admitted and may or may not be inferred from the existence of other facts.

**Authority**

42 U.S.C.A § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (recognizing a Plaintiff may prevail on a discrimination case even when more than one factor motivated the employer's employment decision); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217 (10th Cir. 2008); *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir. 1995); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 992 (10th Cir. 1994); *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 992 (10th Cir. 1994); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

# PRETEXT

The Plaintiff claims that the Defendant's stated reason[s] for its adverse employment action is [are] not the true reason[s], but instead is [are] a pretext (an excuse) to cover up for religious discrimination. If you do not believe [one or more of] the reason[s] the Defendant employer offered for Plaintiff's termination, then you may, but are not required to, infer that religion was a factor that made a difference in the Defendant's decision. The Plaintiff need not disprove every reason stated by the Defendant in order to prove pretext.

The Plaintiff may show that the Defendant's stated reason[s] for its decision[s] are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reason[s] is [are] pretext are:

Evidence that any one the of the Defendant's stated reasons for the decisions are false, contradictory, or implausible;

or

Evidence that the Defendant used language to disguise a spiritual or religious reason for terminating Plaintiff

or

Evidence that the Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiff;

or,

The criteria used to evaluate the employee was entirely subjective;

If you find pretext, you may, infer that religion was a factor that made a difference in the employer's treatment of Plaintiff.


**Authority**
*Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108-09 (2000); *Townsend v. Lumberman's Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 266-68 (1977) (disturbing: 7 procedural irregularities); *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005) (rejection of the Defendant's proffered legitimate reason for the adverse employment action will permit the trier of fact to infer the ultimate fact of intentional discrimination); *Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005) (use of subjective criterion); *Townsend v. Lumbermens Mutual Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) (if jury disbelieves an employer's proffered explanation they may -- but need not -- infer that the employer's true motive was discriminatory); *Selenke v. Med. Imaging of Colo., Inc.*, 248 F.3d 1249, 1261 (10th Cir. 2001) (pretext must be resolved by reference to the person making the decision at the time the decision

is made); *Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808, 813 (10th Cir. 2000) (if at the time of the adverse employment decision the decision maker gave one reason, but at the time of trial gave another reason which was unsupported by the documentary evidence, the jury could reasonably conclude that the new reason was a pretextual after-the-fact justification); *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1318 (10th Cir. 1999), overruled on other grounds by *AMTRAK v. Morgan*, 536 U.S. 101 (2002) (the relevant inquiry is limited to whether the decision-maker honestly believed the proffered reasons and acted in good faith upon those beliefs); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997); *Spulak v. K-Mart Corp.*, 894 F.2d 1150, 1155 (10th Cir. 1990) (disparate enforcement of rules); and *Mohammed v. Callaway*, 698 F.2d 395 (10th Cir. 1983) (disturbing procedural irregularities).

*See also Matthews v. Euronet Worldwide, Inc.*, 2008 WL 822461, *4 (10th Cir. 2008) ("[T]o the extent the Defendants' articulated reasons were subjective in nature, they are supported by objective facts."); *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1118-19 (10th Cir. 2007) (the existence of subjective factors alone is not considered evidence of pretext; Plaintiff must produce circumstantial evidence in context to show pretext); *Santana v. City & County of Denver*, 488 F.3d 860, 865 (10th Cir. 2007) (minor differences in treatment do not show pretext; there must be an "overwhelming disparity"); *Piercy v. Maketa*, 480 F.3d 1192, 1200 (10th Cir. 2007) ("Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision."); *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006) (strong inference that stated reasons are not pretextual where same decision maker is involved in both positive and adverse employment actions); *Perry v. St. Joseph Reg. Med. Ctr.*, 110 F. App'x 63, 68 (10th Cir. 2004) ("Pretext is not established by virtue of the fact that an employee has receive some favorable comments in some categories or has, in the past, received some good evaluations."); *Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003) (pretext typically should be inferred only when the criteria are "entirely subjective in nature); *Denny v. City of Albany*, 247 F.3d 1172, 1189-90 (11th Cir. 2001) (inconsistencies that do not relate to the decision at issue are not evidence of pretext); *Belgasem v. Water Pik Tech., Inc.*, 457 F. Supp. 2d 12205, 1213 (D. Colo. 2006) (adverse actions with respect to different positions is not evidence of pretext); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808 (10th Cir. 2000) ("[W]hen the Plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility."); *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1127 (10th Cir. 2005) (denying summary judgment where Plaintiff demonstrated that one of many of the Defendant's stated reasons was pretextual, stating, "It is not simply a question of how many of the Defendant's reasons a Plaintiff has refuted, but rather a question of whether casting doubt on a particular justification necessarily calls into doubt the other justifications.).

# BACK PAY

If you find that the Defendant unlawfully discriminated against the Plaintiff on the basis of his religion, then you must determine the amount of back pay that the Plaintiff proved was caused by the Defendant's wrongful conduct.

In determining back pay, you must make several calculations:

First, calculate the amount of pay and bonuses that Plaintiff would have earned had he not been terminated from the date of his termination until today's date.

Then calculate and add the value of the employee benefits (health, life and dental insurance, vacation leave, etc.) that Plaintiff would have received had he not been terminated from the date of that termination until the date of trial.

Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time.

**Authority:**

Federal Employment Jury Instructions, § 1:1260; Model Jury Instructions (Civil) Eighth Circuit §5.02 (1998).

## COMPENSATORY DAMAGES

If you find that the Defendant unlawfully discriminated against the Plaintiff on the basis of his religion, then you must determine an amount that is fair compensation for Plaintiff's losses. You may award compensatory damages for injuries that the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish, embarrassment, humiliation, damage to reputation, etc. that Plaintiff experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Authority**:
42 U.S.C. § 1981a.

# PUNITIVE DAMAGES

If you find that the Defendant intentionally discriminated against Plaintiff, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find that the Defendant engaged in discrimination with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination. You may also award punitive damages if you find the Defendant engaged in a pattern of religious discrimination with other employees.

In deciding the amount of punitive damages, you may consider the following:

1. The offensiveness of the conduct;

2. The amount needed, considering the Defendant's financial condition, to prevent the

conduct from being repeated; and

3. Whether the amount of punitive damages bears a reasonable relationship to the actual

damages awarded.

Where discriminatory acts on the part of the Defendant's managerial employees were contrary to the Defendant's good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination, you shall not award punitive damages.

**Authority:**

42 U.S.C. § 1981a(b)(1); *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).