## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Order on January 6, 2025 (Doc. 185), Defendant, The Lampo Group, LLC, hereby submits the following Proposed Jury Instructions outlining the substantive law of this case.

## PROPOSED JURY INSTRUCTION NO. 1

## GENERAL RELIGIOUS DISCRIMINATION UNDER TITLE VII

In this case, Plaintiff is alleging that Defendant discriminated against him because of religious beliefs about COVID. To prevail on this claim, Plaintiff must prove the following by a preponderance of the evidence:

First, Plaintiff had a sincerely held religious belief that he was required to take scientifically prescribed precautionary COVID measures.

Second, Defendant terminated Plaintiff because of this sincerely held religious belief and not for any other reason.

Plaintiff is required to prove that Defendant intended to discriminate against him.

**Authority**: United States Court of Appeals for the Third Circuit - Model Civil Jury Table of Contents and Instructions, 5.1.2; 42 U.S.C.A. § 2000e-2.

**PROPOSED JURY INSTRUCTION NO. 2**

**DISCRIMINATION BASED ON RELIGIOUS NONCONFORMITY**

In this case, Plaintiff is alleging that Defendant discriminated against Plaintiff because he did not conform to Defendant's religious beliefs about COVID. To prevail on this claim, Plaintiff must prove the following by a preponderance of the evidence:

First, Defendant had a sincerely held religious belief that employees should not take any precautionary COVID measures other than prayer.

Second, Plaintiff did not adhere to Defendant's sincerely held religious belief regarding precautionary COVID measures.

Third, Defendant terminated Plaintiff because he did not hold Defendant's religious beliefs regarding precautionary COVID measures and not for any other reason.

Plaintiff is required to prove that Defendant intended to discriminate against him.

**Authority**: United States Court of Appeals for the Third Circuit - Model Civil Jury Table of Contents and Instructions, 5.1.2; *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024).

## PROPOSED JURY INSTRUCTION NO. 3

## FAILURE TO ACCOMMODATE RELIGION UNDER TITLE VII

In this case, Plaintiff is alleging that Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's religious beliefs about COVID. For Plaintiff to recover on his claim, Plaintiff must prove the following by a preponderance of the evidence:

First, Plaintiff had a sincerely held religious belief that he was required to take scientifically prescribed precautionary COVID measures.

Second, Plaintiff informed Defendant that his sincerely held religious belief required him to take scientifically prescribed precautionary COVID measures.

Third, Defendant did not allow Plaintiff to take any precautionary COVID measures other than prayer.

If you find that Plaintiff requested an accommodation, then there may be more than one reasonable accommodation for a religious belief. The accommodation need not be the precise accommodation the employee requests, as long as the accommodation provided is effective.


**Authority**: 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.40 (7th ed.); 42 U.S.C. § 2000e(j); *Groff v. DeJoy*, 600 U.S. 447, 468 (2023); *E.E.O.C. v. Robert Bosch Corp.*, 169 F. App'x 942, 944 (6th Cir. 2006).

**PROPOSED JURY INSTRUCTION NO. 4**

**COMPENSATORY DAMAGES UNDER TITLE VII**

If you find by a preponderance of the evidence that Defendant intentionally discriminated against Plaintiff, then you are to consider the issue of compensatory damages.

If you find intentional discrimination, then you must award Plaintiff an amount that will fairly compensate him for the injury he actually sustained. The damages that you award must be fair compensation, no more and no less. You should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

The award of compensatory damages is meant to put Plaintiff in the position he would have occupied had he not been terminated. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without Defendant's act or omission. Plaintiff must also show that Defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendant's actions or omissions were motivated by discrimination. In other words, even assuming that Defendant's actions or omissions were motivated by discrimination, Plaintiff is not entitled to damages for an injury unless Defendant's discriminatory actions or omissions actually played a substantial part in bringing about that injury. There can be more than one cause of an injury.

**Authority**: United States Court of Appeals for the 3rd Circuit - Model Civil Jury Table of Contents and Instructions, 5.4.1; 42 U.S.C. § 1981a(c)(2).

## ROPOSED JURY INSTRUCTION NO. 5

## PUNITIVE DAMAGES UNDER TITLE VII

You should only award punitive damages if you find by a preponderance of the evidence that a management official of Defendant personally acted with malice or reckless indifference to Plaintiff's federal right to be protected based on his religion. An action is taken with malice if the person knows that the action violates the federal law and does it anyway. An action is taken with reckless indifference if the person performs the action with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Plaintiff's federal rights, you cannot award punitive damages if Defendant proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law.

**Authority**: United States Court of Appeals for the 3rd Circuit - Model Civil Jury Table of Contents and Instructions, 5.4.2; 42 U.S.C. § 1981a(c)(2); *Kolstad v. American Dental Association*, 527 U.S. 526, 534-35 (1999).

6

## BACK PAY UNDER TITLE VII

If you find that Defendant intentionally discriminated against Plaintiff, you may award Plaintiff back pay. This includes back wages the Plaintiff would have received from the date of his termination to today. The Plaintiff has the burden of proving, by a preponderance of the evidence, (1) the existence of back pay and (2) the amount of backpay. This is in addition to the Plaintiff's burden of proving intentional discrimination.

Plaintiff has a duty to mitigate his damages – that is Plaintiff was required to make reasonable efforts to reduce his damages. Plaintiff has a duty to undertake reasonable measures to minimize his damages, and Defendant is not required to compensate Plaintiff for avoidable damages. Thus, your award of back pay should be reduced by the amount of wages that Plaintiff earned following his termination. Your award should also be reduced by the amount of wages that Plaintiff could have earned, if he had made reasonable efforts. Defendant has the burden of proving, by a preponderance of the evidence, that a (1) reduction in the back pay amount should be made and (2) by how much.

**Authority**: 42 U.S.C. § 1981a(b)(2); United States Court of Appeals for the Ninth Circuit – 11.13.

Respectfully submitted.

/s/Molli Guinn
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Molli Guinn
Molli Guinn (TN #41258)
*Attorney for Defendant*

8