UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Holmes |
| Defendant. | ) Jury Demand |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE NO. 2**

Defendant, the Lampo Group, LLC ("Defendant"), by and through counsel, responds in opposition to the Second Motion in Limine filed by Plaintiff Brad Amos.[1] (Doc. No. 208.)

**I.     LEGAL STANDARD**

Motions for limine are "request[s] for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). "The trial court may, within its discretion, provide such guidance by making a preliminary ruling with respect to admissibility," reserve ruling for trial, or even "change its ruling, for whatever reason, when the evidence is actually offered and objected to at trial." Among other reasons, a court may reserve ruling when it lacks sufficient information to rule prior to trial. *Cf. Donathan v. Orthopaedic & Sports Med. Clinic*, PLLC, No. 4:07-CV-18, 2009 WL 3584263, at *1 (E.D. Tenn. Oct. 26, 2009). A ruling in limine is "no more than a preliminary, or advisory, opinion" that the court may change as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing

---

[1] Note that the relief requested in Plaintiff's Second Motion in Limine echoes the relief requested in Plaintiff's June 18, 2025 Motion to Strike Answer and Affirmative Defenses and Deem Facts in Amended Complaint Admitted (Doc. Nos. 195–196), but Defendant's Second Motion in Limine addresses the merits of Defendant's religious freedom defense.

Luce, 713 F.2d at 1239).

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

As discussed in more detail in Defendant's Response to Plaintiff's June 18, 2025 Motion to Strike Answer and Affirmative Defenses and Deem Facts in Amended Complaint Admitted (Doc. Nos. 195–196), Defendant's second defense asserts that if—*and only if*—the jury finds that "Defendant held religious convictions or beliefs or engaged in religious activities" relevant to its termination of Plaintiff, then permitting Plaintiff to recover on claims related to that termination would violate and/or substantially burden Plaintiff's free exercise of religion in violation of the First Amendment of the Constitution, Article I, Section 3 of the Tennessee State Constitution, the federal Religious Freedom Restoration Act of 1993, 42 U.S.C. §2000bb *et seq.*, and/or Tennessee Code Annotated § 4-1-407. (Doc. No. 192, PageID# 5093–94 at ¶ 2.) However, Defendant has consistently *denied* that its termination of Plaintiff had anything to do with religion and has always maintained that it terminated Plaintiff for secular reasons. (Doc. No. 114, PageID# 2661–62, 2667–68; Doc. No. 122, PageID# 2778–80 at ¶¶ 56, 59–65.) Thus, because Defendant does not itself contend that it terminated Plaintiff because of his nonconformity with Defendant's alleged religion or for any other religious reason, Defendant has only raised religious freedom as an affirmative defense to address Plaintiff's claims in the event that the jury adopts Plaintiff's narrative of the case.

## III. ARGUMENT

### A. The Court Should Deny Plaintiff's Motion in Limine Because Defendant has Validly Raised One or More Affirmative Defense(s) Related to Religion.

Plaintiff correctly notes that, in *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, the Sixth Circuit held as matter of first impression that "RFRA does not apply to suits between private parties" because "Congress intended RFRA to apply only to suits in which the government is a

2

party." 617 F.3d 402, 410–411 (6th Cir. 2010). However, as the Sixth Circuit acknowledged in *Seventh-Day Adventists*, this question is subject to an unresolved circuit split. *Id.* at 411.

In *Seventh-Day Adventists*, the Sixth Circuit aligned itself with the Seventh and Ninth Circuits. *Id.* (citing *Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036, 1042 (7th Cir. 2006); *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000)). Conversely, however, the Second Circuit has held that "RFRA applies to an action by a private party seeking relief under a federal statute against another private party who claims that the federal statute substantially burdens his or her exercise of religion" because "[t]he RFRA's language surely seems broad enough to encompass such a case." *Hankins v. Lyght*, 441 F.3d 96, 103 (2d Cir. 2006).

Although the Sixth Circuit has favorably cited *Seventh-Day Adventists* in subsequent cases, the Sixth Circuit does not appear to have had occasion to squarely and directly address RFRA as an affirmative defense between private litigants since 2010. In the interest of candor before the Court, Defendant acknowledges that the Sixth Circuit has addressed this issue in dicta. For instance, in *Equal Emp. Opportunity Comm'n v. R.G. &. G.R. Harris Funeral Homes, Inc.*, the Sixth Circuit addressed a counterfactual hypothetical, stating that "*if* Stephens had initiated a private lawsuit against the Funeral Home to vindicate her rights under Title VII, the Funeral Home would be unable to invoke RFRA as a defense because the government *would not have been party to the suit.*" 884 F.3d 560, 584 (6th Cir. 2018), *aff'd sub nom. Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020) (emphasis added). Likewise, Plaintiff's citation to the more recent *Ermold v. Davis*, is effectively dicta, insofar as the issue before the Sixth Circuit in *Ermold* was whether Kentucky's state equivalent of RFRA applies in suits between private parties. 130 F.4th 553, 564 (6th Cir. 2025). Although *Ermold* favorably cited *McGill* when it analogized the state RFRA to the federal RFRA and stated that "[t]he same logic applies," *id.*, the fundamental question of whether

3

subsequent United States Supreme Court jurisprudence should change the Sixth Circuit's decision in *McGill* was not before the Sixth Circuit in *Ermold*.

Thus, the Sixth Circuit has not had occasion to reevaluate *Seventh-Day Adventists* under more recent United States Supreme Court decisions. Subsequent to the Sixth Circuit's 2010 decision in *Seventh-Day Adventists*, the United States Supreme Court expanded the meaning of "person" to include closely held for-profit corporations in 2014. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 707 (2014). More recently, in *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 682 (2020)—which was a consolidated appeal of the Sixth Circuit's decision in *EEOC v. R.G.*, Justice Gorsuch's majority opinion noted that the appellants had not pursued an appeal of the Sixth Circuit's decision as to RFRA and effectively invited future employers to raise such challenges:

> And Congress has gone a step further yet in the Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, codified at 42 U.S.C. § 2000bb *et seq*. That statute prohibits the federal government from substantially burdening a person's exercise of religion unless it demonstrates that doing so both furthers a compelling governmental interest and represents the least restrictive means of furthering that interest. § 2000bb–1. Because RFRA operates as a kind of super statute, displacing the normal operation of other federal laws, *it might supersede Title VII's commands in appropriate cases*. See § 2000bb–3.
> But how these doctrines protecting religious liberty interact with Title VII are *questions for future cases* too. Harris Funeral Homes did unsuccessfully pursue a RFRA-based defense in the proceedings below. In its certiorari petition, however, the company *declined to seek review of that adverse decision*, and no other religious liberty claim is now before us. *So while other employers in other cases may raise free exercise arguments that merit careful consideration*, none of the employers before us today represent in this Court that compliance with Title VII will infringe their own religious liberties in any way.

*Bostock*, 590 U.S. at 682 (emphasis added). While dicta, the Supreme Court majority opinion's invitation to challenge an appellate court's decision bears weighty consideration and warrants Defendant's advocacy for changes to existing Sixth Circuit precedent.

As to Defendant's non-RFRA religious freedom defenses, Plaintiff merely asserts that Defendant "is mistaken in its belief that its inability to enforce its religious views on its employees is somehow a violation of its First Amendment rights." (Doc. No. 208, PageID# 5199.) However, Plaintiff cites no case law or authority suggesting that Defendant cannot assert its rights under the First Amendment to the United States Constitution to the free exercise of religion, under Article I, Section 3 of the Tennessee State Constitution to the right to worship according to the dictates of its conscience, and/or Tennessee Code Annotated § 4-1-407 to sincerely exercise religion in the absence of substantial burdens. Plaintiff has not carried his burden of showing that these defenses should be stricken, and Defendant should not be required to anticipate arguments that Plaintiff has not raised.

    **B.    Alternatively, the Court Should Reserve Ruling on Defendant's Religious Freedom Affirmative Defense(s) Because They Only Come Into Play if the Jury Finds that Defendant Held Religious Convictions or Beliefs or Engaged in Religious Activities Relevant to Plaintiff's Termination.**

Plaintiff—not Defendant—is the one arguing that Defendant's termination of Plaintiff involved reasons related to religion. Defendant only relies upon its constitutional and statutory religious rights as defenses if the jury finds the existence of a hypothetical, counterfactual universe which Defendant denies exists. Accordingly, if the Court declines to deny Plaintiff's motion in limine, Defendant reserves the issue and requests that the Court authorize additional briefing in the event that Plaintiff establishes his theory at trial.

**IV.    CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Second Motion in Limine. (Doc. No. 208.)

Respectfully submitted,

/s/ Eric Lyons
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Eric Lyons
Eric Lyons (TN #36105)
*Attorney for Defendant*