UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
|     Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

Defendant, The Lampo Group, LLC, responds in opposition to Plaintiff's Motion in Limine No. 3 that asks the Court to "prohibit Defendant from introducing evidence indicating or suggesting that Defendant's employees must follow a certain religion because the majority of Defendant's customers, consumers, or target audience sharing the same religious belief."

The Court should deny Plaintiff's motion as moot because he had no basis to file it in the first place. As Plaintiff concedes, "Defendant never raised any evidence to support these claim [sic] in discovery nor did they at any time raise this as an affirmative defense in this matter."

To be clear, Defendant has never asserted that it required its employees to follow a certain religion for any reason—customers, consumers, target audience, or otherwise—so we will not introduce any evidence to that effect at trial. Defendant has never made that argument, there is no evidence to support it, and Plaintiff has simply made it up.

Likewise, Defendant has never held or required employee conformance with any religious beliefs regarding COVID-19 countermeasures, so we will not introduce any evidence to that effect at trial either. Although Defendant provides biblically based products and services and enforces standards of conduct consistent with that image, COVID-19 countermeasures were not among

them. Again, Defendant has never made that argument, there is no evidence to support it, and Plaintiff has simply made it up.

While it is not necessary to resolve Plaintiff's motion, Defendant also takes issue with Plaintiff's false equivalence between race and religion under Title VII. As this case demonstrates, Title VII religious discrimination claims differ markedly from race discrimination claims in several key respects, e.g., the types of claims available, the types of defenses available, and the constitutional concerns. They are eminently distinguishable from one another.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

                /s/Daniel Crowell
                Daniel Crowell (TN #31485)
                *Attorney for Defendant*

3

Case 3:21-cv-00923  Document 266  Filed 06/30/25  Page 3 of 3 PageID #: 5949