# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| v. | ) | District Judge Richardson |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION IN LIMINE NO. 1

Defendant, the Lampo Group, LLC ("Defendant"), by and through counsel, responds in opposition to the First Motion in Limine by Plaintiff Brad Amos ("Plaintiff"). (Doc. No. 207.)

The relief requested in Plaintiff's First Motion in Limine is identical to the relief requested in Plaintiff's June 18, 2025 Motion to Strike Answer and Affirmative Defenses and Deem Facts in Amended Complaint Admitted (Doc. Nos. 195–196) which Plaintiff expressly relies upon and incorporates into his First Motion in Limine (Doc. No. 207). The only new argument raised in Plaintiff's First Motion in Limine is Plaintiff's argument that "[i]f the facts in the Amended Complaint are admitted, liability is established." (*Cf. id.*) However, a defendant's "failure to file an answer does not mean that a defendant admits legal conclusions." *Jones v. Pekoske*, No. 21-1061, 2021 WL 5782380, at *2 (6th Cir. Dec. 7, 2021) (citing Fed. R. Civ. P. 8(b)(6)). Liability is a legal conclusion, not a fact. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Accordingly, even if the Court were to deem Plaintiff's factual allegations admitted, liability would still need to be determined.

To avoid waiver, Defendant has briefed these issues twice, both in response to both Defendant's Motion to Strike (Doc. Nos. 195–196) and Defendant's First Motion in Limine (Doc. No. 207). In the interest of judicial economy—and to avoid the Court needlessly reviewing

duplicative briefs—Defendant notes for the Court's benefit that the below argument herein is substantively *virtually identical* to Defendant's Response in Opposition to Plaintiff's June 18, 2025 Motion to Strike Answer and Affirmative Defense and Deem Facts in Amended Complaint Admitted (Doc. No. 257)—with the exception that this response incorporates references to the pending First Motion in Limine.

## I. The Court Should Deny Plaintiff's First Motion in Limine.

For the reasons set forth below, the Court should deny Plaintiff's First Motion in Limine and should neither deem facts in the Amended Answer admitted nor strike Defendant's affirmative or other defenses. As an initial matter, Plaintiff has never filed a motion for default judgment in this case. At a status conference with the Court on April 8 (Doc. 189), Defendant's counsel alerted both the Court and Plaintiff's counsel that Defendant had not yet filed an answer because it had filed a motion to dismiss in lieu of an answer. If Plaintiff felt that Defendant had failed to "plead or otherwise defend," Plaintiff could have "appl[ied] to the court for a default judgment." *See* Fed. R. Civ. P. 55(b)(2). Plaintiff presumably did not do so because there is no dispute that Defendant has "otherwise defend[ed]" this lawsuit through four years of motions practice, making any default judgment on liability inappropriate. Now, in lieu of a motion for default judgment, Plaintiff has filed a purported "Motion to Strike" and First Motion in Limine (Doc. No. 207) which are likewise not supported by either law or the particular circumstances of this case.

## II. The Court Should Deny Plaintiff's Motion to Deem Facts Admitted.

### A. Standard of Law.

Unlike "the days of common law pleading when the strict rules and forms of pleading were sovereign and frequently were permitted to prevail over substance," *Pierce v. Oakland Cnty.*, 652 F.2d 671, 672 (6th Cir. 1981) (quoting *Hayden v. Ford Motor Company*, 497 F.2d 1292, 1294 (6th Cir. 1974)), the "strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions

on the merits" as opposed to procedural technicalities. *Mucerino v. Newman*, No. 3:14-CV-00028, 2017 WL 387202, at *2 (M.D. Tenn. Jan. 26, 2017) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986)). "[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Edelman v. Belco Title & Escrow*, LLC, 754 F.3d 389, 395 (7th Cir. 2014) (citations omitted).

To that end, although Rule 8(b)(6) permits district courts to deem a plaintiff's allegation admitted "if a responsive pleading is required and the allegation is not denied" by the defendant, courts recognize several "exceptions to Rule 8(b)(6)'s admission rule." *Jones v. Pekoske*, No. 21-1061, 2021 WL 5782380, at *2 (6th Cir. Dec. 7, 2021) (citing Fed. R. Civ. P. 8(b)(6)). First, courts will not deem admitted the plaintiff's allegations "relating to the amount of damages[.]" *See* Fed. R. Civ. P. 8(b)(6). Second, a defendant's "failure to file an answer does not mean that a defendant admits legal conclusions." *Pekoske*, 2021 WL 5782380, at *2 (quoting *Thompson v. DeWine*, 976 F.3d 610, 616 n.5 (6th Cir. 2020) (per curiam); 5 Wright & Miller, Federal Practice and Procedure § 1279 (4th ed.)). Third, "failure to file an answer does not necessarily preclude a defendant from contesting the facts stated in the complaint"; "the failure to file an answer may be harmless," such as "where the plaintiff is consistently on notice that the defendant is disputing the facts." *Id.* at *2–3. For example, in *Jones v. Pekoske*, the Sixth Circuit found that a defendant's failure to file an answer did not preclude the defendant from contesting the facts because "[t]hroughout the protracted litigation," the defendant "filed multiple motions for summary judgment, clearly disputing [plaintiff's] version of the events [ . . . ] [a]nd the numerous discovery disputes, and the discovery taken, focused entirely on proving or disproving those allegations," such that the "[plaintiff] knew what was in dispute" and "faced no 'unfair surprise.'" *Id.* at *3 (quoting *Trotter*

*v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987)).

Ultimately, "[w]here a defendant appears and indicates a desire to contest an action, [ . . . ] [t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Harris v. Audi Nashville*, No. 3:24-CV-0791, 2024 WL 4267196, at *1 (M.D. Tenn. Sept. 23, 2024) (quoting *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008)).

> **B. The Court should not deem admitted any of the facts in Plaintiff's Amended Complaint because Plaintiff has been on notice for years that Defendant disputes Plaintiff's factual allegations, through written discovery, depositions, and extensive motions practice.**

Defendant has actively "contest[ed]" Plaintiff's allegations for four years straight, putting Plaintiff "consistently on notice that the [D]efendant is disputing the facts." *Cf. Pekoske*, 2021 WL 5782380, at *2. Plaintiff asserts that Defendant's Answer is "the first pleading in this matter denying any facts contained in Plaintiff's Amended Complaint." (Doc. 196, PageID #5103.) The only "pleadings" contemplated by the Rules are complaints, answers, counterclaims, crossclaims, and replies to answers. *Cf.* Fed. R. Civ. P. 7(a). Defendant responded to the Amended Complaint with motions to dismiss and a motion for summary judgment. Motions are not pleadings. *Cf. id.* However, motions—such as a motion for summary judgment—"while not a pleading responsive to a complaint" may nonetheless give "plain notice that the question" raised in the motion is "a matter to be litigated." *Pekoske*, WL 5782380, at *2 (quoting *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987) (holding that the defendant's failure to answer did not admit "actual malice" because there was no unfair surprise and thus no harm; the defendant's "motion for summary judgment, while not a pleading responsive to a complaint, gave [the plaintiff] plain notice that the question of actual malice was a matter to be litigated")).

Defendant first contested Plaintiff's action by moving to dismiss in Tennessee state court

4

on July 28, 2021. *See Brad Amos vs The Lampo Group LLC et al.*, Williamson County Chancery Court Case No. 94CH1-2021-CV-50339. When Plaintiff nonsuited and later refiled in the Middle District on December 13, 2021, Defendant once more moved to dismiss. (Docs. 1, 14–15.) After Plaintiff amended his claims, Defendant moved to dismiss a third time. (Docs. 21, 30–31). While this Court considered Defendant's motion to dismiss, the parties conducted extensive discovery, in which Defendant contested Plaintiff's allegations in written interrogatory responses, in which Defendant produced more than 51,000 documents, and in which Defendant's employees and other witnesses responded to Plaintiff's counsel's questions across seven (7) depositions of individuals and a Rule 30(b)(6) deposition of Defendant's corporate representatives. On July 28, 2023, Defendant moved for summary judgment. (Docs. 113–115.) This Court did not reach the questions raised by Defendant's motion for summary judgment because this Court instead granted Defendant's motion to dismiss all of Plaintiff's claims against Defendant on December 13, 2023. (Doc. 137.) When Plaintiff appealed, Defendant once more contested Plaintiff's action by opposing the appeal. *Cf. Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024). After the Sixth Circuit partially reinstated Plaintiff's claims (Doc. Nos. 170–171), Defendant resumed its defense of this lawsuit. Yet despite Defendant moving to dismiss three times and moving for summary judgment, Plaintiff now suggests that the Court should deem Plaintiff's version of the facts admitted because "Defendant never disputed any of the[ ] facts" pled in the Amended Complaint and only disputed Plaintiff's legal conclusions. (Doc. 196, PageID #5106.)

If that were the case—*i.e.*, if Plaintiff genuinely believed that Defendant did not dispute any of the facts material to Plaintiff's claim for relief—then Rule 56 offered Plaintiff an avenue for relief: a motion for summary judgment. *See* Fed. R. Civ. P. 56(a). But Plaintiff never sought to

avail himself of Rule 56 by moving for summary judgment. Indeed, when Defendant moved for summary judgment, Plaintiff disputed Defendant's characterization of what Defendant contended to be undisputed material facts at least 26 times. (*Cf.* Doc. 122, ¶¶ 1, 4, 5, 9, 13, 14, 15, 16, 18, 21, 27, 29, 31, 35, 40, 43, 44, 47, 48, 49, 50, 51, 58, 59, 62, 64.) Plaintiff cannot, in good faith, simultaneously dispute Defendant's characterization of the factual record developed in discovery while also contending that, over the past four years, Defendant and Plaintiff never once disagreed on any of Plaintiff's pre-discovery allegations raised in the Amended Complaint.

Put another way, if Plaintiff contends that the factual record developed in discovery corroborated every single one of the allegations raised in his Amended Complaint, then Plaintiff's recourse was to move for summary judgment in accordance with Federal Rule of Civil Procedure 56 and LR 56.01, which would require Plaintiff to, *inter alia*, establish that each such material fact was not in dispute with detailed citations to the record. By asking the Court to deem the entirety of the Amended Complaint admitted at this stage, Plaintiff effectively seeks to improperly turn summary judgment procedure on its head and shift the onus to the Defendant to disprove each of Plaintiff's allegations. But Rule 56 and the Local Rules of this Court do not by any means authorize Plaintiff to ask the Court to deem the entirety of Plaintiff's factual allegations admitted on the eve of trial in reliance on no more than the bald assertion that "Defendant never disputed any of these facts" (*cf.* Doc. 196, PageID #5106)—particularly when the parties' motion practice and the factual record developed in discovery are replete with instances in which Defendant or defense witnesses disputed Plaintiff's account of the relevant events.

For the reasons outlined above, Defendant's unwavering defense of this action and consistent opposition to Plaintiff's claims over the past four years remove any need for this Court to make a determination as to whether, prior to filing its Answer, Defendant specifically denied

6

each of the factual averments identified in Plaintiff's motion. (*Cf.* Doc. 196, PageID #5105–06; Doc. 196-1, PageID #5111–17.) Comparing and contrasting each of Defendant's interrogatory responses and the deposition testimony of Defendant's witnesses with the 380 averments of Plaintiff's Amended Complaint would take excessive time and far more pages than permitted by this Court's limits—which is precisely why we have a trial set in this matter. However, the specific examples raised in Plaintiff's Motion illustrate why Plaintiff's position is incorrect.

For example, Plaintiff's pending Motion to Strike—incorporated into his First Motion in Limine (Doc. No. 207)—claims that "Defendant never disputed" that Defendant "wrongfully terminated [Plaintiff] for his nonadherence to several of Lampo's particular religious convictions." (Doc. 196, PageID #5106.) But Plaintiff's current posture on this particular point stands in stark contrast to Plaintiff's position on the same issue nearly two years ago, when Plaintiff's brief in response to Defendant's motion for summary judgment acknowledged that Defendant "appear[ed] to dispute" that Plaintiff "was terminated because of a discriminatory motive based on the employee's failure to adopt and or follow the employer's religious beliefs." (Doc. 121, PageID #2736.)

Likewise, Plaintiff now asserts that, before filing its Answer, "Defendant never disputed" that Defendant "required employees to use prayer as the proper way to avoid COVID-19 infection" or that Defendant had made no "effort to implement any precautions against COVID-19." (Doc. 196, PageID #5106.) However, Defendant gave Plaintiff ample notice of its intention to dispute these averments when Defendant's statement of facts offered in support of its motion for summary judgment included the following facts: that two of Defendant's managerial employees had suggested Plaintiff work from home; that Plaintiff's department head had suggested that Plaintiff wear a mask in meetings; that Plaintiff's direct supervisor approved Plaintiff's request to stay

7

home; that Defendant "close[d] its facility and sen[t] all employees home" for five weeks, providing equipment for the transition; and that Plaintiff "socially distanced" and "work a mask at times" at work. (Doc. 122, PageID #2773–2775 at ¶¶ 28–38, 41.)

At every turn over these past four years, Defendant has not only "indicate[d] a desire to contest [this] action" but actively done so through discovery and motions practice. *Harris*, 2024 WL 4267196, at *1. Any delay in Defendant's filing the Answer was harmless and did not cause any prejudice to Plaintiff. *Cf. Pekoske*, 2021 WL 5782380, at *2. Here, as in *Pekoske*, the parties have engaged in "protracted litigation," conducted discovery, and litigated dispositive motions and discovery disputes, all of which "focused . . . on proving or disproving [plaintiff's] allegations." *Id.* at *3. Accordingly, because Defendant's litigation of this action put Plaintiff on notice of the issues to be contested, this is "clearly a no harm, no foul situation." *Edelman*, 754 F.3d 389, 395 (7th Cir. 2014) (internal quotation marks and citations omitted) (rejecting the plaintiff's Rule 8(b)(6) argument because he could not show that he was "prejudiced" by the failure to file an answer).

      **C.    The Court should not deem admitted the facts in Plaintiff's Amended Complaint relating to non-conforming religious discrimination.**

As an alternative form of relief, Plaintiff asks that, if the Court declines to deem all facts admitted, the Court should at least deem admitted those "facts related to his claim of religious nonconformity" because "Defendant never asked the court to dismiss or for summary judgment on Plaintiff's claim of non-conforming religious discrimination." (Doc. 196, PageID #5105–06.) Defendant addresses the substance of two of these specific facts above.

However, Plaintiff's alternative claim for relief does not pass muster for the very simple reason that Defendant did not file a *partial* motion for summary judgment or a *partial* motion for summary judgment, and this Court's December 13, 2023 ruling did not enter a *partial* dismissal
8

of Plaintiff's claims. (Doc. Nos. 30–31, 113 – 115, 137; *see also* Doc. No. 26 ("No motion for partial summary judgment shall be filed except by permission of the Court.").) In fact, contrary to Plaintiff's assertion, Defendant did address Plaintiff's speculative religious non-conformity claim in its reply in support of summary judgment. (Doc. 131). Defendant addressed not only the viability of the purported claim but also that the facts of the case did not support such a claim. (*Id.*, PageID #4318–19, 4320–21). Accordingly, Plaintiff has been on notice that Defendant's defense in this matter was, and always has been, a comprehensive defense of the entire case.

### III. The Court Should Deny Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

#### A. Standard of Law.

Rule 8 requires a defendant to "affirmatively state any avoidance or affirmative defense." *See* Fed. R. Civ. P. 8(c)(1). However, in keeping with the public policy preference for resolving disputes on their merits as opposed to procedural deficiencies, *cf.* "[i]t is well established [ . . . ] that failure to raise an affirmative defense by responsive pleading does not always result in waiver." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993), *as amended on denial of reh'g* (Aug. 31, 1993) (citing *Charpentier v. Godsil,* 937 F.2d 859, 863 (3d Cir.1991)). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Id.* (citing *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350 (1971)). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* (quoting *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir.1989) (internal quotation marks omitted). "[A] 'defendant does not waive an affirmative defense if [it] raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in [his] ability to respond.'" *Id.* (quoting *Charpentier,*

9

937 F.2d at 864). "Where the matter is raised in the trial court in a manner that does not result in unfair surprise [ . . . ] technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). Moreover, an affirmative defense is "not waived, even though not specifically pleaded, where [the] defense clearly appears on the face of the pleading and is raised in a motion to dismiss." *Id.* (quoting *Pierce v. Oakland Cnty.*, 652 F.2d 671, 672 (6th Cir. 1981)).

> **B.** **The Court should not strike Defendant's affirmative defenses (or other defenses) because Plaintiff had fair notice of any affirmative defenses.**
>
> **1.** **Defendant's Answer pled defenses beyond what Rule 8 required Defendant to include in the Answer.**

As a threshold matter, Defendant pled more defenses in its Answer than Rule 8(c)(1) required it to plead. An "affirmative defense" within the meaning of Rule 8(c)(1) is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Desai v. Charter Commc'ns, LLC*, 381 F. Supp. 3d 774, 791 (W.D. Ky. 2019) (quoting "Affirmative Defense," BLACK'S LAW DICTIONARY (10th ed. 2014)); *see also E.E.O.C. v. California Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010) ("An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true."). Rule 8(c)(1) lists eighteen (18) examples of potential affirmative defenses which must be plead in an answer.[1] However, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088

---

[1] *See* Fed. R. Civ. P. 8(c)(1) (listing "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver").

10

(9th Cir. 2002).

Here, Defendant's Answer lists its "Affirmative *& Other* Defenses," and states: "Defendant sets forth its affirmative *and other additional defenses* below. By setting forth these defenses, Defendant *does not assume the burden* of proving any fact, issue, or element of a cause of action *where such burden properly belongs to Plaintiff*." (Doc. 192, PageID #5092) (emphasis added). Defendant does not plead *any* of those specific affirmative defenses listed in Rule 8(c)(1), and Defendant pleads numerous other defenses which do not constitute affirmative defenses. (*Compare* Doc. 192, PageID #5092–94 with Fed. R. Civ. P. 8(c)(1).) To err on the side of caution, Defendant pled non-affirmative defenses in its Answer beyond what was required by Rule 8(c)(1) precisely because Defendant wished to give Plaintiff and the Court fair notice of certain additional defenses that Defendant would raise, even though those defenses do not, strictly speaking, constitute "affirmative defenses" which must be raised in an Answer. Defendant should not be penalized for providing *more* information than required.

### 2. Plaintiff had fair notice of each defense raised in Defendant's Answer.

Plaintiff asserts in his Motion to STrikethat Defendant "never addressed any of these 13 separate affirmative defenses in any prior pleading,"[2] that Plaintiff "never had a chance" to conduct discovery on Defendant's affirmative defenses, and that it would be "extremely prejudicial to Plaintiff to be forced to blindly deal with" Defendant's affirmative defenses at trial. (Doc. 196, PageID #5109.) However, as shown below, Plaintiff had more than fair notice of each of Defendant's defenses—affirmative and otherwise—over the course of this four-year-long litigation. Below, Defendant addresses each of its thirteen affirmative and other defenses and the

---

[2] The only "pleading" that most defendants file is an answer. Defendant understands the spirit of Plaintiff's assertion to be that Defendant has not put Plaintiff on notice in any prior *filings*, which is not accurate for the reasons set forth herein.

11

previous occasions on which the parties have briefed them.

The first defense raised in Defendant's Answer is failure to state a claim for which relief may be granted. (Doc. 192, PageID #5093 at ¶ 1.) Failure to state a claim is not an affirmative defense. *See, e.g.*, *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2020 WL 7056017, at *4 (N.D. Cal. Dec. 2, 2020) (citing *Zivkovic*, 302 F.3d at 1088). But if it were, Plaintiff would have had ample notice of this defense because: Defendant moved to dismiss no less than *three* times across state and federal court; this Court granted the third of those motions; and the parties extensively briefed Defendant's third and successful dismissal before the Sixth Circuit. (Doc. Nos. 30–31, 37, 39, 136–137, 170–171; *see also Amos*, 2024 WL 3675601). This reality highlights the hollowness of Plaintiff's argument that "Defendant never addressed any of these 13 separate affirmative defenses in any prior pleading." (*Cf.* Doc. 196, PageID #5109.)

Defendant's second defense asserts that if—*and only if*—the jury finds that "Defendant held religious convictions or beliefs or engaged in religious activities" relevant to its termination of Plaintiff, then permitting Plaintiff to recover on claims related to that termination would violate and/or substantially burden Plaintiff's free exercise of religion in violation of the First Amendment of the Constitution, Article I, Section 3 of the Tennessee State Constitution, the federal Religious Freedom Restoration Act of 1993, 42 U.S.C. §2000bb *et seq.*, and/or Tennessee Code Annotated §4-1-407. (Doc. 192, PageID #5093–94 at ¶ 2.) However, while Defendant acknowledges that this is a non-standard defense and arguably an affirmative defense, Plaintiff has had more than sufficient notice of this claim, as illustrated by Plaintiff's assertion in his Second Motion in Limine that "Defendant attempted to raise these arguments at the Court of Appeals." (Doc. 208, PageID #5198.) Plaintiff's own words defeat Plaintiff's claim that Defendant has "never addressed any" of its 13 defenses in the Answer. (*Cf.* Doc. 196, PageID #5109.)

Moreover, even if Plaintiff did not have notice of Defendant's religious freedom defense, this defense does not necessarily implicate any additional facts or testimony presented by Defendant, because Defendant has consistently *denied* that its termination of Plaintiff had anything to do with religion in the first place. (*See, e.g.*, *id.* at PageID #5091–92.) Rather, Defendant has always maintained that Executive Creative Director Luke LeFevre terminated Plaintiff for secular reasons related to job performance and humility and that Plaintiff's personal beliefs about COVID-19 are not religious in nature. (Doc. 114, PageID #2661–62, 2667–68; Doc. 122, PageID #2778–80 at ¶¶ 56, 59–65.) Defendant's interrogatory responses described in detail Plaintiff's performance issues and other reasons for Plaintiff's termination, including his "attitude of trying to portray himself as better than his team members"; "his lack of interest in the job as evidenced by his missing deadlines and his failure to follow instructions"; his "dismissive[ness]" toward "feedback"; his "argumentative and disrespectful" tone toward Mr. LeFevre; and his "resistan[ce]" to requested changes. (Doc. 196-2, PageID #5121, 5124.) Thus, because Defendant does not itself contend that it terminated Plaintiff because of his nonconformity with Defendant's alleged religion, Defendant has raised this second defense protecting its right to exercise that alleged religion *solely* to address Plaintiff's ability to recover on his claims in a hypothetical, counterfactual universe which Defendant denies exists. In other words, Defendant does not have any proof to put on concerning its freedom to exercise religion in relation to its termination of Plaintiff, because Plaintiff—not Defendant—is the one raising that argument. Plaintiff is on notice of the facts underlying his own religious nonconformity claims, and Plaintiff is not prejudiced by Defendant raising the legal defense that Plaintiff's ability to recover on those claims could violate state and federal law.

Defendant's third defense asserts that "Plaintiff was an at-will employee who could be

13

terminated with or without cause and with or without notice." (Doc. 192, PageID #5093 at ¶ 3.) This is not an affirmative defense which had to be plead under Rule 8(c)(1). Moreover, Defendant explicitly characterized Plaintiff as "an at-will employee" in its memorandum in support of its motion for summary judgment. (Doc. 114, PageID #2672.) Plaintiff's claim that Defendant "never addressed" this rings false. (*Cf.* Doc. 196, PageID #5109.) Issues such as this one, and the others discussed below which arose in the context of Defendant's motion for summary judgment, illustrate that the case at hand is distinguishable from the case cited by Plaintiff: *ATSCO Holding Corp. v. Air Tool Serv. Co.*, 799 F. App'x 310 (6th Cir. 2019). In *ATSCO*, the defendants "did not file a motion for summary judgment" and instead waited to raise the affirmative defenses at issue for the first time at the pre-trial conference. *Id.* at 312. The Sixth Circuit found that the defense had been waived. *Id.* However, unlike *ATSCO*, this Defendant did file a motion for summary judgment raising the issue *and* raised it again weeks ahead of the pre-trial conference. *Cf. id.* That summary judgment briefing put Plaintiff on notice of this third defense, as well as many of the other defenses raised in Defendant's Answer.

Defendant's fourth and fifth defenses assert, respectively, that Plaintiff's relief should be barred or reduced for any failure to mitigate damages, and that Plaintiff's relief should be offset by compensation Plaintiff received during the period covered by damages. (Doc. 192, PageID #5093 at ¶¶ 4–5.) Plaintiff has been on notice regarding these defenses since 2022 because Defendant conducted written discovery on Plaintiff's employment search and income, and Plaintiff explicitly identified his documents Bates-stamped as Amos_0001–0101 as evidence of Plaintiff's "attempts to mitigate his damages." (*See* Doc. No. 257-1 (Plaintiff's May 6, 2022 Response to Interrogatory Nos. 13–14).) Plaintiff's claim that Defendant "never addressed" mitigation is simply not correct. (*Cf.* Doc. 196, PageID #5109.)

14

Defendant's sixth defense asserts an offset for "Defendant's reasonable attorney's fees for Plaintiff's dismissed claims." (Doc. 192, PageID #5094 at ¶ 6.) Plaintiff has been on notice regarding Defendant's intention to recover its attorney's fees and non-taxable costs for the dismissed claims since at least January 24, 2024, and both parties have briefed this issue extensively. (Doc. No. 142–167.) Plaintiff's claim that Defendant "never addressed" this particular issue is astounding. (*Cf.* Doc. 196, PageID #5109.)

Defendant's seventh and eighth defenses assert, respectively, that Plaintiff failed to request a reasonable accommodation and that Plaintiff did not make Defendant aware of any religious basis for his concerns. (Doc. 192, PageID #5094 at ¶¶ 7–8.) Regardless of whether these constitute affirmative defenses or not, Defendant explicitly addressed these issues in its memorandum in support of its motion for summary judgment, which noted that Plaintiff testified at his deposition that he never wanted to request an accommodation from Lampo" and that Defendant's understanding was that Plaintiff was not alleging that he "was terminated because he refused to comply with a company directive." (Doc. 114, PageID #2668 n. 6 (quoting Plaintiff Dep. 298:25–299:25, 316:15–317:17).)

Defendant's ninth defense asserts that Defendant applied its business judgment in good faith and had legitimate non-pretextual, non-discriminatory, non-retaliatory reasons for terminating Plaintiff. (Doc. 192, PageID #5094 at ¶ 9.) Regardless of whether these constitute affirmative defenses or not, Defendant has consistently provided its account of the legitimate reasons for Plaintiff's termination, and Defendant expressly addressed pretext, discrimination, and retaliation claims in its motion for summary judgment. (Doc. 114, PageID #2661–62, 2664–69.) Plaintiff cannot claim in good faith that Defendant "never addressed" these issues. (*Cf.* Doc. 196, PageID #5109.)

15

Defendant's tenth defense asserts that Defendant abided by the Constitution and state and federal law. (Doc. 192, PageID #5094 at ¶ 10.) This is not an affirmative defense which had to be pled under Rule 8(c)(1). Regardless, Defendant discussed its compliance with state and federal rules, regulations, ordinances, recommendations, and laws in its statement of undisputed facts in support of its motion for summary judgment, putting Plaintiff on notice that it would take the position that it did not violate the law. (*See, e.g.*, Doc. 122, PageID #2774 at ¶ 33, PageID #2775 – 65 at ¶ 42; Doc. 114, PageID #2661.) Moreover, given the nature of Plaintiff's claims, the fact that Defendant has defended against this lawsuit should put Plaintiff on notice that it would take the position that it did not violate the law.

Defendant's eleventh defense asserts that "Plaintiff is not protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. or the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, *et seq*." (Doc. 192, PageID #5094 at ¶ 11.) This is not an affirmative defense which had to be pled under Rule 8(c)(1). Regardless, this was the subject of briefing in Defendant's March 16, 2022, motion to dismiss and July 28, 2023, motion for summary judgment. (*See, e.g.*, Doc. 31, PageID #909–912; Doc. 114, PageID #2667–69.)

Defendant's twelfth defense asserts that "Plaintiff's claims are frivolous, unreasonable, and/or groundless, entitling Defendant to its reasonable attorney's fees as the prevailing party." (Doc. 192, PageID #5094 at ¶ 12.) This is not an affirmative defense which had to be pled under Rule 8(c)(1). Regardless, Defendant previously characterized Plaintiff's claims as "frivolous, unreasonable, or groundless" within the meaning of 42 U.S.C. § 2000e-5(k) in Defendant's January 12, 2024 memorandum of law in support of its motion for attorney's fees (Doc. 143, PageID #4477–78), as well as its motion for summary judgment. (Doc. 114, PageID #2656.) Given that the language of this defense is essentially a paraphrasing of the parties' extensive briefing on

16

this issue (Docs. 142–167), Defendant does not understand how Plaintiff can claim that Defendant "never addressed" these issues. (*Cf.* Doc.196, PageID #5109.)

Finally, Defendant's thirteenth defense asserts that "Plaintiff's claims are limited by damages caps, including, without limitation, the damages caps at 42 U.S. Code § 1981a(b)(3) and Tennessee Code Annotated §§ 4-21-313, 29-39-102, and 29-39-104." (Doc. 192, PageID #5094 at ¶ 13.) Damages caps are not an affirmative defense which had to be pled under Rule 8(c)(1), and Plaintiff should certainly be aware of the statutory caps on his claims without that issue being raised.

Therefore, for the reasons catalogued above, Defendant's affirmative defenses should not be deemed waived because Plaintiff has not suffered any prejudice. *Cf. Moore*, 992 F.2d at1445. Quite the contrary, Plaintiff has enjoyed ample notice and extensive chance to rebut Defendant's affirmative and other defenses over the four-year lifespan of this lawsuit—and, indeed, Plaintiff has previously briefed these very issues in response to Defendant's motions to dismiss, motion for summary judgment, and motion for attorney's fees. *Id.*

**C.      Alternatively, should the Court find that Plaintiff has suffered any prejudice, a continuance of the trial would cure Plaintiff's prejudice while preserving Defendant's right to defend the lawsuit on the merits.**

In the alternative, if the Court finds that Defendant's affirmative defenses have "result[ed] in surprise or unfair prejudice" to Plaintiff, the Court may cure this by "extend[ing] the trial date in order to give [Plaintiff] the opportunity to fully respond to and brief the issues." *Cf. Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Defendant does not believe this to be necessary, but such a continuance would cure any potential prejudice to Plaintiff more equitably than deeming Defendant's affirmative defenses waived.

**IV.     CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's First Motion in Limine (Doc.

No. 207), as well as Plaintiff's June 18, 2025 Motion to Strike Answer and Affirmative Defense and Deem Facts in Amended Complaint Admitted. (Doc. Nos. 195–196)

Respectfully submitted,

/s/ Eric Lyons
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Eric Lyons
Eric Lyons (TN #36105)
*Attorney for Defendant*