UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S SECOND MOTION TO ALLOW LATE FILED MOTION IN LIMINE**

Defendant, The Lampo Group, LLC, responds in opposition to Plaintiff's Second Motion to Allow Late filed Motion in Limine. (Doc. 233). Defendant also substantively responds in opposition to Plaintiff's proposed Eleventh Motion in Limine seeking relief based on Defendant's alleged failure to produce LAMPO00717-1631. (Doc. 233-1).

Plaintiff's motion (Doc. 233) and proposed motion (Doc. 233-1) should be denied for three reasons:

1. Plaintiff's motion and proposed motion lack merit and do not accurately represent Defendant's document productions in this case as Defendant produced LAMPO00717-1631, twice, more than two years ago.

2. Any prejudicial impact on Plaintiff is due to Plaintiff's own failure to notify Defendant or the Court that documents that should have been produced in discovery were missing.

3. Assuming Defendant failed to produce LAMPO0717-1631, which it did not, Plaintiff had knowledge of Defendant's alleged failure long before the deadline to file motions in limine and had no justifiable excuse not to do so.

   **I.     DISCOVERY HISTORY**

Defendant has produced 51,529 pages in this case. During discovery, Plaintiff continuously took issue with Defendant's document productions even though Defendant continued to diligently produce copious amounts of documents (many of which had no relevance to the case) in response to Plaintiff's overly broad discovery requests. Defendant's document production history is as follows:

- April 11, 2022 – Initial Disclosures (LAMPO0001-0113).
- September 20, 2022 – Volume ("Vol.") 2 (LAMPO0114-0508).
- October 24, 2022 – JobVite file for Plaintiff (LAMPO0509-0519).
- November 8, 2022 – Follow-up to Vol. 2 (LAMPO0520-553).
- December 6, 2022 – Documents received from subpoenas to Plaintiff's former employers (LAMPO0554-0716).
- December 16, 2022 – VOL. 3 (LAMPO0717-01631).
- January 9, 2023 – Staff Metting Agendas for January 7, 2019, through July 27, 2020 (LAMPO1632-1722).
- January 9, 2023 – Vol. 4 (LAMPO1723-1758).[1]
- February 2, 2023 – Videos Plaintiff worked on (LAMPO001759-001797) and Litigation Hold correspondence (LAMPO1798-001809).
- February 15, 2023 – Vol. 5 Plaintiff's entire Outlook email account (LAMPO0001810-0017579).
- February 15, 2023 – Vol. 6 (LAMPO0017580-0049129).
- February 16, 2023 – Vol. 7 (LAMPO0049130-0049245).

---

[1] Vol. 4 was sent again on January 18, 2023, because it was caught in Defendant's Mimecast email system.

2

- February 20, 2023 – Vol. 8 (LAMPO0049246-0049252).

- March 24, 2023 – Staff Meeting Agendas for August 3, 2020, through December 21, 2020 (LAMPO0049253-0048277).

- March 27, 2023 – Devotional Audio Files and Slip Sheets (LAMPO0049278-0049380).

- March 27, 2023 – Staff Meeeting Audio Files and Slip Sheets (LAMPO0049381-0049471).

- March 29, 2023 – Vol. 9 (LAMPO00472-0050052).

- March 29, 2023 – Electronic notes and Text Messages (LAMPO0050053-0050080).

- March 30, 2023 – Vol. 10 (LAMPO0050081-0051427).

- April 4, 2023 – Text Messages (LAMPO0051425-0051427 and LAMPO0051526).

- April 4, 2023 – Vol. 11 (LAMPO0051428-0051525).

- May 15, 2023 – HR Committee OneNote (LAMPO0051527-0051529).

Defendant hired a third-party e-discovery vendor, TrustPoint, to assist in the production of documents. The productions above denoted by volume number were productions made through TrustPoint.

Additionally, there have been numerous discovery disputes in this case. Plaintiff filed a discovery dispute statement on January 18, 2023 (Doc. 63), a Motion to Compel on February 22, 2023 (Doc. 75), and a Motion for Sanctions related to discovery (Doc. 83). A telephonic discovery dispute conference was held on January 23, 2023, with a written Order on January 24, 2023. (Doc. 67). Finally, on April 27, 2023, the parties were ordered to meet in-person before bringing

3

discovery disputes to the Court. (Doc. 97). The parties held a discovery dispute conference amongst themselves on May 2, 2023.

## II. ARGUMENT

### a. Defendant Timely Produced the Documents at Issue

Plaintiff's Motion and proposed Eleventh Motion in Limine should be denied because each lacks merit. Furthermore, the proposed Eleventh Motion in Limine does not accurately represent Defendant's document productions in this case. Plaintiff alleges that "Defendant failed to produce 914 documents in this litigation despite being requested multiple times to do so."[2] (Doc. 233-1). The Bates numbers for the production at issue are Defendant's Vol. 3 LAMPO0717-1631. Defendant first produced LAMPO0717-1631 on December 16, 2022, via Dropbox link. (Doc. 233-2, PageID #5706-5707, 5718). The same link was forwarded to Plaintiff again on January 20, 2023, after Plaintiff's counsel, Jonathan A. Street, stated that he had not received the documents included in the link. (Doc. 233-2, PageID #5706, 5718). Mr. Street confirmed at 5:05pm on January 20, 2023, that he was able to open the link and that he "recovered several documents" but that the "the specific bates stamped numbered documents listed were not in the production." (Doc. 233-2, PageID # 5704). At 5:20pm on January 20, 2023, Mr. Street stated that "I think maybe we are only getting the first pages of these documents? They appear cut off". Exhibit 1. Defendant's counsel extracted one of the documents to verify whether all pages were included and confirmed the same. *Id*. Mr. Street confirmed that it worked and further stated that "I'm working from my iPad, let me have Brandon try to download the rest Monday morning and I can let you know if that doesn't work." *Id*. Defendant's counsel responded, "Sounds good." *Id*. After this email correspondence on January 20, 2023, Mr. Street did not follow up with Defendant that he did not receive

---

[2] Plaintiff appears to be mistaken as LAMPO0717-1631 is 915 pages, not documents.

4

LAMPO0717-1631 until June 26, 2025, more than two years after the documents were first produced. Defendant sent LAMPO717-1631 for a third time on June 26, 2025.

Plaintiff's counsel stated on June 26, for the first time, that the documents in the link sent on December 16, 2022, started at Bates number LAMPO1632. (Doc. 233-2, PageID # 5717). However, that is not possible because LAMPO1632 was sent via email for the first time on January 9, 2023, more than three weeks after LAMPO0717-01631 had been produced. Exhibit 2. Further, LAMPO0717-1361 was labeled as Vol. 3 and produced via a Dropbox link while the documents starting at LAMPO1632 were produced via email only and were not part of a volume.[3] *See* Doc. 233-2, PageID #5718 and Exhibit 2. On June 26, 2025, Mr. Street also expressed that "Vol 3 starts on Doc 1632." (Doc. 233-2, PageID #5717). However, this is incorrect. Vol. 3 is only LAMPO0717-1631 as confirmed by the email from TrustPoint. Exhibit 3.

It is clear that Defendant timely produced LAMPO0717-1631 on December 16, 2022, and again on January 20, 2023. As such, Plaintiff's Motion and proposed Motion in Limine should be denied.

### b. Any Prejudicial Impact on the Plaintiff is the Result of His Own Failure

Plaintiff confirmed to Defendant that he received LAMPO0717-1631. If he in fact did not receive LAMPO0717-1631, he failed to notify Defendant or the Court. On January 20, 2023, Plaintiff stated that he would "have Brandon try to download the rest Monday morning and I can let you know if that doesn't work." Exhibit 1. Defendant did not hear from Plaintiff again regarding LAMPO0717-1631 until June 26, 2025, despite numerous opportunities to bring missing documents to Defendant's or the Court's attention.

---

[3] The volume numbers come from the productions made by TrustPoint. Any documents produced outside of TrustPoint do not have a volume number. As such, LAMPO1632 is not part of a volume because it was produced by Defendant via email and not a link from TrustPoint.

Plaintiff filed a discovery dispute statement on January 18, 2023 (Doc. 63), a Motion to Compel on February 22, 2023 (Doc. 75), and a Motion for Sanctions related to discovery on April 3, 2023 (Doc. 83). Additionally, a telephonic discovery dispute conference was held with the Court on January 23, 2023, with a written Order on January 24, 2023. (Doc. 67). Plaintiff does not mention Defendant's alleged failure to produce LAMPO0717-1631 in any of these motions and the documents are not mentioned in the Order.

On April 27, 2023, the parties were ordered to meet in-person before bringing discovery disputes to the Court. (Doc. 97). On May 2, 2023, the parties held an in-person discovery dispute conference with a court reporter transcribing the entire conference. Mr. Street does not inform Defendant that he does not have LAMPO0717-1631. Exhibit 4. Had Defendant failed to produce documents as alleged, Plaintiff undoubtedly would have asked this Court to compel Defendant to produce any documents he believed Defendant failed to produce or at the very least brought it to Defendant's attention in the more than two years since Defendant produced the documents for the second time.

If Plaintiff in fact did not receive this production, any prejudicial impact on the Plaintiff is caused by his own failures. Defendant produced LAMPO0717-1631 twice, once in December 2022 and again in January 2023, there were at least three discovery disputes conferences after January 20, 2023, and two motions related to discovery in which Plaintiff does not mention that Defendant failed to produce LAMPO0717-1631. Plaintiff could have notified Defendant that he was missing these documents at any time during the 29 months between January 2023 and now, and Defendant would have produced it immediately just as it did on June 26, 2025.

    **c.  Plaintiff's Failure to Timely File the Motion in Limine Should Not Be Excused**

Plaintiff filed a Motion to Allow a Late Filed Motion in Limine in which he alleges that Defendant made discovery disclosures for the first time on June 26, 2025. (Doc. 233). However, as fully briefed above, that is not true. Even assuming arguendo that Plaintiff's assertions are correct, the failure to file a motion in limine seeking to exclude the discovery at issue should have been filed by the deadline as Plaintiff has known of the existence of LAMPO0717-1631 since December 2022, or at the latest, January 2023 by Plaintiff's own admission. Instead, Plaintiff failed to bring the issue of missing discovery to Defendant until June 26, 2025, more than two years after it was first produced, three weeks before trial, and after the deadline to file motions in limine. To the extent he alleges that he did not know documents were missing, his own public comments on Reddit disparaging Defendant contradict that position as he accused Defendant of not producing documents prior to the deadline for filing motions in limine.

### III. CONCLUSION

For the reasons above, there is no factual basis for Plaintiff's failure to timely file the motion in limine or for the sweeping relief he seeks at Docs. No. 233 and 233-1. The Motion and proposed Eleventh Motion in Limine should be denied.

Respectfully submitted,

/s/Stephen Stovall
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com

sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Stephen Stovall
Stephen Stovall (TN #37002)
*Attorney for Defendant*