IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:21-cv-00923 |
| ) | Judge Richardson |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| ) | |
| Defendant. ) | |

**REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES AND DEEM FACTS ADMITTED**

Plaintiff would briefly Reply to Defendant's Response to this Motion as follows:

**MOTION FOR DEFAULT**

Whether or not Plaintiff filed for a Motion for Default in this matter is of no consequence. Defendant in its response have provided no authority to suggest the filing of a Motion for Default is a prerequisite before filing a Motion to Deem Facts Admitted under Rule 8. Plaintiff has performed a reasonable search for case law stating as much and also has found nothing to support this contention.

**DEFENDANT HAS NOT DISPUTED THE FACTS LEADING UP TO PLAINTIFF'S CLAIM FOR NON-CONFORMING RELIGIOUS DISCRIMINATION**

Plaintiff requested the court to deem all facts admitted under the rules but also "In the alternative, Plaintiff specifically requests facts related to his claim of religious nonconformity in the Amended Complaint be admitted." (Doc 196, p. 3). Defendant claims as evidence they did address and dispute Plaintiff's non-conforming religious claims by pointing to a filing made by Plaintiff stating Defendant fired him for failing to follow a religious work policy of the Defendant. (Doc. 121, p. 21). The question for this motion is not whether Plaintiff made this claim through

discovery and pleadings, as there is no doubt of that. The question is whether Defendant ever denied this claim prior to the filing of its answer one month before trial. Defendant never asked in a deposition or interrogatory about Plaintiff's non-conforming claim. For example they never asked:

- "what policy of Defendant do you claim is based on religious belief?"
- "what documents support your claim you were fired because of your refusal to follow a policy of Defendant based on religious belief?"
- "what witnesses support this claim?"

In fact, throughout this litigation Defendant has admitted through multiple witnesses that it terminates employees for failure to live up to traditional Judeo-Christian values set out in their "righteous living" policy which was developed by Defendant's CEO Mr. Dave Ramsey and allegedly others.

Defendant did not ask this court to dismiss Plaintiff's claim for Religious non-conformity nor did it ask for summary judgment on this claim. The case law presented by Plaintiff in its Motion to Strike is clear: if a party does not file an answer denying facts setting out a particular claim, defend against the alleged facts making up the claim, ask the court to dismiss the claim, or ask for summary judgment on a claim, then deeming the facts regarding the claim in the amended complaintis required.

### PROVIDING ALTERNATIVE FACTS FOR PLAINTIFF'S DISMISSAL IS NOT THE SAME AS DENYING THE FACT THEY TERMINATED HIM FOR FAILING TO FOLLOW DEFENDANT'S RELIGIOUS POLICIES

Defendant claims it argued throughout this lawsuit it fired Plaintiff for not being humble (another religious connotation); this does not absolve Defendant from liability if it admits

the fact it fired him for his religious non-conformity. These claims do not require a "sole cause" standard. Even if Defendant did have other non-religious reasons for Plaintiff's termination, the fact Defendant admitted it fired him for his religious non-conformity does not shield it from liability.

### ALLOWING DEFENDANT TO FILE AFFIRMATIVE DEFENSES YEARS AFTER DISCOVERY IS CLOSED AND ONLY 30 DAYS PRIOR TO TRIAL CERTAINLY PREJUDICES PLAINTIFF

Neither Plaintiff nor his attorneys are mind readers. As no affirmative defenses were ever raised, Plaintiff had no possible way of knowing the affirmative defenses Defendant plans to raise prior to 31 days before trial. Defendant performs some impressive legal gymnastics in its response to twist and turn the facts in an attempt to show Plaintiff should have known about each of its 13 separate affirmative defenses.

If the court does not deem these facts admitted and strike Defendant's Affirmative Defenses, the court should continue the trial and re-open discovery for a short period to avoid bias to the Plaintiff. However, the rule is clear that deeming the facts admitted is the proper remedy. Plaintiff feels the proper decision however is to deem the facts in his amended complaint as admitted and proceed to trial on the issue of damages only.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

# CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 2nd day of July 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                              /s/ Jonathan A. Street
                                              Jonathan A. Street