# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 5

Defendant the Lampo Group, LLC ("Defendant"), replies in support of its Motion in Limine No. 5 to exclude evidence that he failed to timely produce in discovery. (Doc. No. 204.)

Plaintiff argues that he timely supplemented his discovery under Federal Rule of Civil Procedure 26(e). (*See* Doc. No. 241, PageID #5746.) However, Middle District of Tennessee Local Rule 39.01(e) states:

> **(e) Supplementation of Discovery Responses.** Unless provided otherwise in a pretrial or other order, discovery responses must be supplemented no later than thirty (30) days before trial. Failure to timely supplement precludes the proffer at trial of any evidence within the scope of the interrogatories or other responses that was not previously brought to the attention of opposing counsel, absent Court approval. A violation of this Rule, which expands the duty to supplement imposed by Fed. R. Civ. P. 26(e), may also result in the imposition of other sanctions, including taxing of costs to the culpable party for any delays caused.

Here, trial is set to begin on Tuesday, July 15, 2025. Thirty (30) days earlier was Sunday, June 15, 2025. Assuming the most forgiving calculation, Plaintiff's supplementation was due by no later than Monday, June 16, 2025. Plaintiff states that he received new documents from third-party "source[s]" on June 4, 2025 and June 13, 2025. (Doc. No. 231, PageID# 5745.) Despite this, Plaintiff did not identify the supplemental documents to Defendant's counsel until June 20, 2025 and did not produce them until June 23, 2025, the same day that motions in limine were due. (*Cf.* Doc. No. 204.) Thus, Defendant's production of documents was clearly untimely under LR

39.01(e), and the late-disclosed documents should be excluded.

Plaintiff also argues that Defendant should have produced the documents in question—which include hundreds of hours of video clips from The Dave Ramsey Show from after Plaintiff's termination in 2020—in response to Plaintiff's requests for documents seeking "any statement made by any person regarding any factual allegation[s] made in this lawsuit," "any statement made by any individual who has personal knowledge of discoverable matters," and "all document(s) and things [ . . . ] evidencing or supporting Defendant's denial that it violated the Title VII of the Civil Rights Act." (*Cf.* Doc. No. 241, PageID #5746.) Defendant variously objected to these requests at the time on grounds of relevance, proportionality, work product doctrine, and privilege. (*See* Doc. No. 241-1, PageID #5749, #5753, #5754). Needless to say, however, Plaintiff's vague requests did not describe *any* category of document "with reasonable particularity" as required under Fed. R. Civ. P. 34, much less copies of videos of Defendant's public radio show. If Plaintiff believed that hundreds of hours of the radio show were relevant, Plaintiff could have specifically requested them or compelled their production. Even with the breadth and vagueness of the requests, the videos would not be responsive because Defendant did not air any show in which Plaintiff was referenced.

For the foregoing reasons, this Court should grant Defendant's Motion in Limine No. 5. (Doc. No. 204.) The Court should exclude evidence that Plaintiff failed to timely produce in discovery, including any evidence disclosed by Plaintiff after June 16, 2025.

2

Respectfully submitted,

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*