# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | District Judge Richardson |
| v. | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 12

Defendant the Lampo Group, LLC ("Defendant"), replies in support of its Motion in Limine No. 12 to exclude any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D., that Plaintiff disclosed on or about October 31, 2022. (Doc. No. 220.)

Plaintiff's initial Rule 26(a)(1)(A) disclosures identified (1) "wages he should have received" which Defendant interprets as back pay, (2) front pay, (3) reasonable attorney's fees, (4) costs, (5) interest, (6) "any amount of tax offset", and (7) punitive damages. (*See* Doc. No. 220-2.) Plaintiff's interrogatory response stated only that he "has up until trial to prove the specific amount of damages" and indicated a promise to "supplement this response[.]" (*See* Doc. No. 220-3.) At his deposition, Plaintiff twice directed Defendant to the damages calculation in Dr. Baum's report. (Doc. No. 220-4 at 386:7–387:21).

At 9:52 p.m. on *June 30, 2025*, Plaintiff for the first time identified compensatory damages in his discovery responses. Plaintiff supplemented his initial disclosures (Doc. 273-1) and interrogatory response (Doc. 273-2) to seek additional damages, including lost wages calculated under the "previously produced Expert Report," as well as "the sum of money determined by the fact finder to be sufficient to compensate him for the damages complained of herein" and

"compensatory [ . . . ] damages up to the statutory cap, which will be determined by the jury."

As with Plaintiff's Response to Defendant's Motion in Limine No. 5 (*see* Doc. No. 241), Plaintiff argues that Defendant's Motion in Limine No. 12 should be denied because Plaintiff supplemented his initial disclosures and discovery responses regarding damages on June 30, 2025. (*See* Doc. No. 247, PageID #5778 n.1.) However, Middle District of Tennessee Local Rule 39.01(e) states:

> **(e) Supplementation of Discovery Responses.** Unless provided otherwise in a pretrial or other order, discovery responses must be supplemented no later than thirty (30) days before trial. Failure to timely supplement precludes the proffer at trial of any evidence within the scope of the interrogatories or other responses that was not previously brought to the attention of opposing counsel, absent Court approval. A violation of this Rule, which expands the duty to supplement imposed by Fed. R. Civ. P. 26(e), may also result in the imposition of other sanctions, including taxing of costs to the culpable party for any delays caused.

Plaintiff's damages supplementation was untimely. Trial is set to begin on Tuesday, July 15, 2025. Thirty (30) days earlier was Sunday, June 15, 2025. Assuming the most forgiving calculation, Plaintiff's supplementation was due by no later than Monday, June 16, 2025. Despite this, Plaintiff did not supplement until June 30, 2025, after the motion in limine deadline. (*See* Doc. No. 247, PageID #5778 n.1.) Thus, Defendant's damages disclosures were clearly untimely under LR 39.01(e). Plaintiff's failure to disclose damages until a *mere fifteen (15)* days before trial was clearly neither substantially justified nor harmless, as it has affected Defendant's trial strategy and prejudiced Defendant's ability to rebut the damages sought. *Cf. Yost v. Wilhoit*, No. 2:18-cv-138-DCP, 2021 WL 5407722, at *3 (E.D. Tenn. Nov. 18, 2021).

For the foregoing reasons, this Court should grant Defendant's Motion in Limine No. 12. (Doc. No. 220.) The Court should exclude the damages disclosed by Plaintiff on June 30, 2025 and all related evidence.

Respectfully submitted,

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*