# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| BRAD AMOS, | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | |
| | ] | Case No: 3:21-CV-00923 |
| THE LAMPO GROUP, LLC, d/b/a | ] | |
| RAMSEY SOLUTIONS; and DAVE | ] | |
| RAMSEY, | ] | Judge Richardson/Holmes |
| | ] | |
| Defendant. | ] | |

## PLAINTIFF'S SUPPLEMENTAL RULE 26 INITIAL DISCLOSURES

Comes now the Plaintiff, Brad Amos, by and through counsel, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and makes the following Initial Disclosures:

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

*In addition to individuals listed on the Defendant's Initial Disclosures or who may be identified by Defendant through discovery, Plaintiff would identify the following persons*:

*Anyone who worked in a supervisory capacity for the Defendant, with responsibility to oversee Plaintiff, during the relative time period prior to the filing of this complaint-* These individuals will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Anyone who worked in Human Resources for the Defendant during the relative time period prior to the filing of this complaint-*** These individuals will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Any present or former employees of Defendants who worked alongside Plaintiff-*** These individuals will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Brad Amos, Plaintiff-*** May be contacted through counsel. He will have knowledge of all facts alleged in the complaint.

***Dave Ramsey, Defendant and Chief Executive Officer for Defendant Lampo-*** He will have knowledge of Defendant's policies and practices, the facts surrounding Plaintiff's complaints of fraud, deceptive representations, promissory estoppel, religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Kimberly Randolph, Recruiter for Defendant Lampo-*** She will have knowledge of Defendant's policies and practices, the facts surrounding Plaintiff's complaints of fraud, deceptive representations, promissory estoppel, religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***David DiCicco, Head of Post-Production for Defendant Lampo-*** He will have knowledge of Defendant's policies and practices, the facts surrounding Plaintiff's complaints of fraud, deceptive representations, promissory estoppel, religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Larry Anderson, Head of Production for Defendant Lampo-*** He will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Lara Johnson, Video Department Supervisor for Defendant Lampo-*** She will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Luke LeFevre, Head of Creative and Board Member for Defendant Lampo-*** He will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***JB Waggoner, present or former employee of Defendant Lampo-*** He will have knowledge of Defendant's policies and practices, Plaintiff's complaints of religious discrimination, disparate treatment, retaliation, and hostile work environment; Plaintiff's performance; Defendant's investigation of Plaintiff's complaints; and the circumstances surrounding his separation. Addresses and telephone numbers should be in Defendant's possession.

***Anyone who worked with Defendant's Endorsed Local Provider program for the Defendant Lampo during the relative time period prior to the filing of this complaint-*** They will have knowledge of Defendant's policies and practices as they related to the Endorsed Local Provider program. Addresses and telephone numbers should be in Defendant's possession.

***Leo Gonzales, present or former employee of Defendant Lampo-*** He will have knowledge of Plaintiff's job performance during the relevant period. Addresses and telephone numbers should be in Defendant's possession.

***Shane Emerson, present or former employee of Defendant Lampo-*** He will have knowledge of Plaintiff's job performance during the relevant period. Addresses and telephone numbers should be in Defendant's possession.

**B.** A copy- or a description by category and location- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

*In addition to the documents that may be identified in Defendants' Initial Disclosures and in further discovery, Plaintiffs identifies the following such documents:*

*Plaintiff's personnel file which should be in either or both Defendants' possession.*

*Any and all documents regarding the job description of any and all positions held by Plaintiff, which should be in either or both Defendants' possession.*

*Any and all documents relating to or regarding Plaintiff's performance, which should be in either or both Defendants' possession.*

*Any and all documents regarding Plaintiff's compensation and benefits, which should be in either or both Defendants' possession.*

*All work evaluations and performance reviews that Defendant conducted of Plaintiff, which should be in either or both Defendants' possession.*

*Any and all policies and procedures of Defendant Lampo for the relevant time period preceding the filing of the complaint in this action, which should be in either or both Defendants' possession.*

*Any and all anti-discrimination policies and procedures of Defendant Lampo for the relevant time period preceding the filing of the complaint in this action, which should be in either or both Defendants' possession.*

*Any and all communication, in any form, between Plaintiff, either or both Defendants and/or any employees of either or both Defendants regarding or relating to Plaintiff's complaints of fraud, promissory estoppel, deceptive representations and false pretenses, religious and/or disparate treatment, hostile work environment and/or retaliation which should be in Defendant's possession.*

*Any and all communication, in any form, between any employees of either or both Defendants regarding or relating to the investigation of Plaintiff's complaints of fraud, promissory estoppel, deceptive representations and false pretenses, religious and/or disparate treatment, hostile work environment and/or retaliation which should be in either or both Defendants' possession.*

*Any and all communication, in any form, between any employees of either or both Defendants regarding or relating to the investigation of Plaintiff's separation, which should be in either or both Defendants' possession.*

*Any and all communication, in any form, between any employees of either or both Defendants regarding or relating to the decision to hire Plaintiff.*

*Any and all documents, in any form, regarding or relating to either or both Defendants' decision to hire Plaintiff which should be in either or both Defendants' possession.*

*Any and all documents, in any form, regarding or relating to Plaintiff's separation which should be in either or both Defendants' possession.*

*Any and all complaints, in any form, from current or former employees relating to religious discrimination, disparate treatment, hostile work environment and/or retaliation, which should be in either or both Defendants' possession.*

C. A computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

*Plaintiff seeks all amounts of wages he should have received under federal law but for Defendant's willful violation of his rights pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended.; front pay; all reasonable attorney's fees, costs and interest pursuant to federal and state law; any amount of tax offset; the sum of money determined by the fact finder to be sufficient to compensate him for the damages complained of herein; and punitive damages.*

**SUPPLEMENTAL RESPONSE:**

*Plaintiff seeks all amounts of wages he should have received under federal law but for Defendant's willful violation of his rights pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended and the Tennessee Human Rights Act.; front pay; all reasonable attorney's fees, costs and interest pursuant to federal and state law; any amount of tax offset; the sum of money determined by the fact finder to be sufficient to compensate him for the damages complained of herein; and punitive damages.*

*Plaintiff's lost wages and benefits are currently calculated to be between $52,537.00 and $237,513. (See previously produced Expert Report). Plaintiff also seeks compensatory and punitive damages up to the statutory cap, which will be determined by the jury. Plaintiff also seeks his reasonable attorneys fees, which are continuing in nature, and will be determined based on the lodestar method upon the conclusion of the trial in this matter.*

D.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

*Not applicable.*

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP,**

/s/ *JONATHAN A. STREET*
**JONATHAN STREET, BPR No. 021712**
**BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN  37203
street@eclaw.com
Bhall@eclaw.com
zach@eclaw.com
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via electronic mail this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                                    */s/ Jonathan Street*
                                                  **Jonathan Street**