UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) Case No. 3:21-cv-00923 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, et al, | ) Magistrate Judge Holmes |
| Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT
THE LAMPO GROUP'S FIRST SET OF INTERROGATORIES**

Plaintiff, Brad Amos, by and through the undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following response to Defendant The Lampo Group's ("Lampo") First Set of Interrogatories to Plaintiff.

**Interrogatory No. 1.** Identify every allegation in the First Amended Complaint (Doc. #21) that is not true and correct.

**ANSWER: Plaintiff has alleged, and continues to allege, that each fact provided and each count stated in his Complaint is true and correct.**

**Interrogatory No. 2.** Identify every person and entity who may have discoverable information regarding any of the allegations or claims that Plaintiff has asserted against Lampo by (i) name, (ii) physical address, (iii) mailing address, (iv) telephone number, and (v) e-mail address.

**ANSWER: Plaintiff has identified several potential witnesses with discoverable information in his Rule 26 Initial Disclosures. In addition, Plaintiff lists the following current or former**

employees who may have discoverable information:

    **Kate Christenson, ELP agent**
    **Justin Baker, Producer**
    **Kristen Marie, Producer**
    **Jeff Gideon, Producer**
    **Sarah Bonner Mack, Junior Editor**
    **Rick Perry, Director of Human Resources**
    **John Folk, Position Unknown**
    **Chris Hogan, Position Unknown**
    **Abby Stevenson, Position Unknown**
    **Nathan Fritz, Position Unknown**
    **Dan Watts, Position Unknown**
    **Caitlin O' Connor, Position Unknown**

**Defendant is in possession of the other information requested by this interrogatory.**

**Interrogatory No. 3.** Identify every person and entity who Plaintiff may call as a fact witness at trial in support of his claims against Lampo by (i) name, (ii) physical address, (iii) mailing address, (iv) telephone number, and (v) e-mail address.

<u>**ANSWER**</u>**: Claimant has up until the identification and exchange of witnesses to select and identify who he decides to call to testify at trial. Claimant has not made any determinations at this time. Please also see Plaintiff's initial disclosures.**

**Interrogatory No. 4.** Identify every report that Plaintiff made of activity by Lampo that was illegal or he reasonably believed to be illegal by providing the following information:

    a. The date that the report was made;

    b. The method through which the report was made;

    c. The names of all persons and entities to whom the report was made;

    d. A description of Lampo's activity that Plaintiff reported;

    e. The laws that Lampo's activity violated;

    f. The names of all employees of Lampo who were aware of Plaintiff's report; and

    g. An explanation of how those employees of Lampo became aware of Plaintiff's report.

**ANSWER: Plaintiff has established the foregoing in his Amended Complaint.**

**Interrogatory No. 5.** Identify each of Plaintiff's refusals to participate in activity of Lampo that was illegal or he reasonably believed to be illegal by providing the following information:

    a. A description of the activity in which Lampo asked Plaintiff to participate;

    b. The laws that activity violated;

    c. The date that Lampo asked Plaintiff to participate in the activity;

    d. The names of all employees of Lampo who asked Plaintiff to participate in the activity;

    e. The date that Plaintiff refused to participate in the activity;

    f. The names of all employees of Lampo who were aware of Plaintiff's refusal to participate in the activity; and

    g. An explanation of how those employees of Lampo became aware of Plaintiff's refusal to participate in the activity.

**ANSWER:**
    **a) Please see Plaintiff's Amended Complaint**
    **b) Please see Plaintiff's Amended Complaint**
    **c) March 12, 2020 – May 4, 2020**
    **d) All producers, editors, and employees working with Defendant's film department were required to participate. Lampo would know these individuals identities.**
    **e) March 17, 2020 – May 4, 2020**
    **f) Mr. Ramsey, Mr. DiCicco, Mr. LeFevre, and all other employees in Defendant's film department were aware of Plaintiff's refusal to participate.**
    **g) Plaintiff verbally expressed this refusal to Mr. DiCicco and Mr. LeFevre. The other individuals aware of this refusal either received this information from Mr. DiCicco and Mr. LeFevre or became aware after Plaintiff's absence in the office.**

**Interrogatory No. 6.** Provide a complete explanation of Plaintiff's religious beliefs that are the subject of his claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA").

**ANSWER: Please see Amended Complaint.**

**Interrogatory No. 7.** Provide a complete explanation of Defendants' religious beliefs that are the subject of Plaintiff's claims against them under Title VII and the THRA.

**ANSWER: Please see Amended Complaint.**

**Interrogatory No. 8.** Identify every employee of Lampo who was aware of Plaintiff's religious beliefs that are the subject of his Title VII and THRA claims against Defendants by providing the following information:

a. The employee's name;
b. The date on which the employee became aware of Plaintiff's religious beliefs; and
c. An explanation of how the employee became aware of Plaintiff's religious beliefs.

**ANSWER: Plaintiff initially vocalized these beliefs to Mr. DiCicco and Mr. LeFevre before beginning his employment with Defendant. Mr. Ramsey became aware of these beliefs upon Defendant's decision to hire Plaintiff. Individuals in Plaintiff's film department became aware of these beliefs through general discussion in the workplace. Also, please see Plaintiff's Amended Complaint.**

**Interrogatory No. 9.** Identify every fraudulent statement that is the subject of Plaintiff's fraud claim against Defendants by providing the following information:

a. The date on which the fraudulent statement was made;

b. The name of the employee of Lampo who made the fraudulent statement;

c. The method through which the fraudulent statement was made;

d. The contents of the fraudulent statement;

e. The names of all parties and witnesses to the fraudulent statement;

f. The earliest date by which Plaintiff knew or suspected that the fraudulent statement was false; and

g. An explanation of how Plaintiff discovered or began to suspect that the fraudulent statement was false.

**ANSWER: See Plaintiff's Amended Complaint and response to Defendant's multiple Motions to Dismiss.**

**Interrogatory No. 10.** Identify every promise that is the subject of Plaintiff's promissory estoppel claim against Lampo by providing the following information:

a. The date on which the promise was made;

b. The name of the employee of Lampo who made the promise;

c. The method through which the promise was made;

d. The contents of the promise;

e. The names of all parties and witnesses to the promise;

f. The earliest date by which Plaintiff knew or suspected that the promise had been broken; and

g. An explanation of how Plaintiff discovered or began to suspect that the promise had been broken.

**ANSWER: : See Plaintiff's Amended Complaint and response to Defendant's multiple Motions**

to Dismiss.

**Interrogatory No. 11.** Identify every deceptive representation that is the subject of Plaintiff's claim against Lampo under T.C.A. §50-1-102 by providing the following information:

　　a. The date on which the deceptive representation was made;
　　b. The name of the employee of Lampo who made the deceptive representation;
　　c. The method through which the deceptive representation was made;
　　d. The contents of the deceptive representation;
　　e. The names of all parties and witnesses to the deceptive representation;
　　f. The earliest date by which Plaintiff knew or suspected that the deceptive representation was false; and
　　g. An explanation of how Plaintiff discovered or began to suspect that the deceptive representation was false.

<u>ANSWER</u>: : See Plaintiff's Amended Complaint and response to Defendant's multiple Motions to Dismiss.

**Interrogatory No. 12.** Identify the types and amounts of damages that Plaintiff is seeking from Lampo in this case.

**ANSWER: Objection. Plaintiff has up until trial to prove the specific amount of damages. See *Hannan v Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008); see also *Overstreet v. Shoney's, Inc.* 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999)("The *amount* of damages may be uncertain, however,**

*if the Plaintiff lays a sufficient foundation to allow the trier of fact to make a fair and reasonable assessment of damages.")*

Plaintiff will supplement this response with any expert report they may obtain as well.

**SUPPLEMENTAL RESPONSE:**

*Plaintiff seeks all amounts of wages he should have received under federal law but for Defendant's willful violation of his rights pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended and the Tennessee Human Rights Act.; front pay; all reasonable attorney's fees, costs and interest pursuant to federal and state law; any amount of tax offset; the sum of money determined by the fact finder to be sufficient to compensate him for the damages complained of herein; and punitive damages.*

*Plaintiff's lost wages and benefits are currently calculated to be between $52,537.00 and $237,513. (See previously produced Expert Report). Plaintiff also seeks compensatory and punitive damages up to the statutory cap, which will be determined by the jury. Plaintiff also seeks his reasonable attorneys fees, which are continuing in nature, and will be determined based on the lodestar method upon the conclusion of the trial in this matter.*

**Interrogatory No. 13.** Identify every application that Plaintiff has submitted for an employment or independent contractor position since January 1, 2019 by providing the following information:

    a. The date that the application was submitted;

        b. The employer or independent contractor to which the application was submitted;

        c. A description of the position applied for;

        d. The location of the position;

e. Whether Plaintiff was offered the position; and
f. Whether Plaintiff accepted the position.

**ANSWER: Plaintiff has identified his attempts to mitigate his damages in his production,** *see Amos (0001-0101)*. **Plaintiff was hired for a brief contract in February 2021 for Mark Woollen and associates and was compensated approximately 12,000.00. Plaintiff has received no other income until he was hired by CMP West as a video editor on August 9, 2021. Plaintiff is still employed with CMP West.**

**Interrogatory No. 14.** Identify every source of income for Plaintiff since January 1, 2019, by providing the following information:

a. The name of the source;

b. The mailing address, physical address, telephone number, and e-mail address of the source; and

c. The amount of income that Plaintiff received from the source for each year beginning with 2019.

**ANSWER: Plaintiff identifies the following sources of income:**

**Employer: Mark Woollen and Associates**
**Position: Contracted Video Editor**
**Dates Contracted: approximately February 1 – March 15, 2021**
**Compensation: approximately $12,000.00**

**Employer: CMC West**
**Position: Video Editor**
**Dates Employed: August 9, 2021- present**
**Compensation: $100/hour**

Respectfully Submitted,
THE EMPLOYMENT AND COMMERCE LAW GROUP

**/s/ JONATHAN A. STREET**
JONATHAN A. STREET, BPR No. 021712
BRANDON HALL, BPR No. 034027
ZACHARY W. BROWN, BPR No. 037509
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via electronic mail this 30th day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

**/s/ Jonathan Street**
Jonathan Street