UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF DAVE RAMSEY**

Defendant The Lampo Group, LLC ("Defendant") and Dave Ramsey, individually, (collectively, "Movants"), reply in support of their Motion to Quash (Doc. 191).

**A.    The Subpoena of Dave Ramsey Subjects Movants to Undue Burden.**

*1.    Mr. Ramsey's potential testimony is not relevant.*

Plaintiff does not identify any firsthand, relevant, non-hearsay information that Mr. Ramsey possesses with respect to any material facts at issue. *Cf.* Fed. R. Evid. 401, 602. Mr. Ramsey's role as an executive or employee of Defendant does not mean that Mr. Ramsey has admissible testimony. *See, e.g.*, *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (affirming denial of deposition of CEO, even though the CEO had made allegedly "ageist" remarks, where there was no evidence that the CEO had been involved in the termination). Here, it is undisputed that the decisionmaker who terminated Plaintiff was not Mr. Ramsey but rather Executive Creative Director Luke LeFevre. (*See* Doc. No. 21 at ¶¶ 28, 318–319, 336; Doc. 122, PageID #2778–80 at ¶¶ 56, 59–65). Mr. Ramsey is not Mr. LeFevre and cannot speak on behalf of Mr. LeFevre, which would be inadmissible hearsay or speculation. Indeed, as shown by the

transcript of Mr. Ramsey's deposition—which is on file with the Court under seal—Mr. Ramsey testified that he does not know Plaintiff and did not recall ever meeting Plaintiff:

> Q. Did you know Mr. Amos at all?
> A. No.
> Q. Did you ever meet him at all?
> Q. Not to my knowledge.

(Doc. No. 224-1 at 202:7–10) (sealed). Mr. Ramsey further testified that he had knowledge of Plaintiff's shortcomings as an employee "[o]nly by word of mouth." (*Id.* at 202:1–13.) As to Plaintiff's termination, Mr. Ramsey was not "personally involved" but rather "informed of what happened" with "secondhand information" he "heard from other people." (*Id.* at 203:14–7, 203:23–24.)

### 2. *Mr. Ramsey's personal beliefs are not relevant.*

Plaintiff claims that Mr. Ramsey's testimony will be relevant because of Plaintiff's theory that Defendant has adopted the religious beliefs of Mr. Ramsey as company beliefs. If that were the case, anyone at the company could testify about the company's beliefs. And even if it were true, it does not change the fact that Mr. Ramsey did not participate in the decision to terminate Plaintiff. If Plaintiff wishes to show that Mr. LeFevre chose to terminate Plaintiff for nonconformity with the alleged religious beliefs of Defendant or Mr. Ramsey, then the proper subject for Plaintiff's inquiry is what Mr. LeFevre himself *subjectively* thought or believed (rightly or wrongly) to be the alleged religious beliefs of Defendant or Mr. Ramsey. Mr. Ramsey cannot offer admissible testimony as to what Mr. LeFevre or other employees think or believe.

### 3. *Mr. Ramsey's appearance will likely exacerbate media attention.*

Plaintiff argues that Movants "provide no evidence of any media outlet indicating they will be in attendance at trial." (Doc. No. 223, PageID #5385.) While Movants cannot predict the future and do not desire that Plaintiff's meritless claims receive further unwarranted media attention, the

reality is that this case has been the subject of extensive press coverage over the past four years. Movants do not have any reason to anticipate that the media will show any *less* interest in this case once it proceeds to trial. Nor is any leap of logic required to assume that the appearance of a national radio personality at the trial will likely escalate that media attention, cause needless distractions, and potentially prejudice the parties. *See, e.g.*, *Goins v. McKeen*, 605 F.2d 947, 952–54 (6th Cir. 1979) (jurors' exposure to news reporting regarding ongoing trial, even though not extensive, nonetheless violated the right to trial by an impartial jury). The Court can alleviate those unnecessary risks by quashing the subpoena.

### 4. *Mr. Ramsey's appearance at trial will impose undue burden and expense.*

Plaintiff asserts that Mr. Ramsey's appearance at trial would not disrupt Defendant's business because Mr. Ramsey does not appear on air for every single show. Mr. Ramsey is Defendant's chief executive. He is also scheduled to host his radio show during trial. Mr. Ramsey's appearance at trial would cause unwarranted disruption to the business, such as by taking him away from the office and by stealing his—and other employees'—time and attention away from other business matters. Whether it can be quantified or not, the burden and expense is *undue* because it is not warranted by the irrelevant testimony he would offer. *See, e.g.*, *Martinez v. McGraw*, No. 3:08-0738, 2013 WL 12313194, at *2 (M.D. Tenn. Jan. 25, 2013) (granting protective order preventing deposition of "country music entertainer with a very demanding professional travel schedule" who had no "unique or special knowledge" about the case).

Plaintiff contends that Movants' citation to *Fox v. Amazon.com, Inc.* is inapposite because Defendant "is not Amazon," "Mr. Ramsey is not Jeff Bezos," and "Mr. Ramsey does not live hundreds, if not thousands, of miles away from Nashville, as does Mr. Bezos." (Doc. No. 223, PageID #5387.) Plaintiff misses the point and reveals once again his personal disdain for Mr. Ramsey. The Court did not deny the *Fox* plaintiffs' request to depose Mr. Bezos because of some

3

privilege unique to Amazon or on the basis of Mr. Bezos' geographic location—there, the parties had agreed to go to Seattle for the deposition. *Cf. Fox v. Amazon.com, Inc.*, No. 3:16-CV-3013, 2017 WL 9476870, at *2 (M.D. Tenn. Sept. 21, 2017). Instead, the Court denied plaintiffs' request to depose Mr. Bezos *for even one hour* because plaintiffs offered "no evidence [ . . . ] establishing that he had any involvement in any matters relevant to th[e] litigation." *Id.* Plaintiff has had ample opportunity to conduct discovery on the fact that Mr. Ramsey was not involved in the termination.[1]

**B.     The Subpoena Risks Disclosure of Privileged Communications.**

Plaintiff's Response does not address the risk that, because much of Mr. Ramsey's knowledge of the facts concerning Plaintiff's termination comes secondhand from the lawsuit, permitting Plaintiff to examine Mr. Ramsey at trial would risk inappropriate disclosure of privileged or protected matters. *Cf.* Fed. R. Civ. P. 45(d)(3)(A)(iii).

**C.     The Subpoena Should be Quashed as a Sanction for Plaintiff's Public Filing of the Unredacted Transcript of Mr. Ramsey's Deposition.**

Plaintiff has shown time and time again that he does not desire for Mr. Ramsey to testify at trial in service of any legitimate interest. Plaintiff's Response to the Motion to Quash indicates that Plaintiff's counsel wishes to "question[ ]" Mr. Ramsey about "his radio show" (Doc. No. 223, PageID #5387), and Plaintiff's proposed exhibits include 295 clips from the Dave Ramsey Show, most of which post-date Plaintiff's employment with Defendant and have no bearing on Plaintiff's termination. (Doc. No. 249, PageID# 5830–47 (exhibits P-394–P-689).) In Plaintiff's Response to Defendant's Motion in Limine No. 7—the topic of which was excluding evidence of Mr. Ramsey's

---

[1] Mr. Ramsey's testimony regarding Plaintiff was exceedingly minimal. Plaintiff used the deposition of Mr. Ramsey as an opportunity to probe regarding Defendant's business and unrelated litigation. Of the 248 pages of the transcript, only *two (2)* pages include questions directed toward Mr. Ramsey regarding Plaintiff. (*See* Doc. No. 224-1 at 202–203) (sealed). As stated above, Mr. Ramsey answered that he did not even know who Plaintiff was. (*Id.* at 202:7–10) (sealed).

irrelevant personal religious beliefs—Plaintiff's counsel left in a comment accusing Mr. Ramsey of "spewing" "BS" to "his evangelical base":

> that Mr. Ramsey does not believe in (1) things over which he has control, or (2) the values of Defendant that are core to this case. The only logical conclusion to be drawn is that Defendant's beliefs *are* Mr. Ramsey's beliefs.
>
> **Commented [BH1]:** Wouldn't it also be an admission he doesn't believe any of the BS he is spewing to his evangelical base that makes him a multimillionaire?

(Doc. No. 243, PageID #5766.) Plaintiff's counsel represented to defense counsel in an email dated June 23, 2025 that if the Court grants the Motion to Quash, Plaintiff may read the *entire* transcript into evidence. Such actions illustrate that Plaintiff seeks Mr. Ramsey's appearance at trial to turn the trial into a referendum on Mr. Ramsey.

Moreover, in support of his Response in Opposition to the Motion to Quash, Plaintiff's counsel filed the unredacted transcript of the deposition of Mr. Ramsey into the public court record (Doc. No. 224-1) (sealed)—despite the fact that the transcript had been redacted pursuant to an Agreed Confidentiality Order (Doc. No. 42), the transcript was the subject of pending motion(s) to seal (Doc. Nos. 124, 128, 129), and Plaintiff's counsel had himself *consented* to certain information in the transcript being treated as confidential. (Doc. No. 224-1 at 173:9–10 ("MR. STREET: Look, I'll agree this is confidential. These questions are confidential.") (sealed). Plaintiff's counsel refused to take any action to seal the transcript, forcing Movants' counsel to scramble to obtain an order temporarily sealing the document on Friday (Doc. Nos. 229–232) and to spend part of the weekend contacting third-party services which had already downloaded copies from the public court record. Ultimately, Plaintiff's reckless treatment of Mr. Ramsey's deposition transcript shows his subpoena of Mr. Ramsey to be nothing more than a transparent attempt to advance Plaintiff's vendetta against Movants and "to harass and annoy" Mr. Ramsey. *See, e.g.*, *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991). Given Plaintiff's blatant violation of the Agreed Confidentiality Order and defiance of the motions to seal, Plaintiff's

counsel should not be permitted to subpoena Mr. Ramsey at trial or to use the transcript of his deposition.

**D.     Quashing the Subpoena Will Not Prejudice Plaintiff.**

Dave Ramsey is not on trial. Permitting Plaintiff to examine Mr. Ramsey about irrelevant information regarding Mr. Ramsey's personal life and beliefs, business, other employees, or other irrelevant matters would pose a significant likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence." *Cf.* Fed. R. Evid. 403. Plaintiff will have the opportunity to examine Mr. LeFevre. Plaintiff has no substantial need for Mr. Ramsey's testimony, and quashing the subpoena will not prejudice or impose any undue hardship upon Plaintiff. *Cf.* Fed. R. Civ. P. 45(d)(3)(C)(i). For the foregoing reasons, the Court should grant the Motion to quash the subpoena of Mr. Ramsey.

Respectfully submitted,

/s/ Eric Lyons
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/ Eric Lyons
Eric Lyons (TN #36105)
*Attorney for Defendant*