UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, ) | |
| ) | Jury Demand |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 11**

Defendant the Lampo Group, LLC ("Defendant"), replies in support of its Motion in Limine No. 11. (Doc. No. 219.)

Plaintiff does not oppose Motion in Limine No. 11 as to "Golden Rule" arguments, *e.g.*, seeking to have jurors step into Plaintiff's shoes.

However, Plaintiff argues that he should be permitted to make "send a message"-style arguments because he seeks punitive damages. Plaintiff relies on the ruling of the Eastern District of Michigan in *Bell v. Korkis*, No. 19-CV-13565, 2025 WL 972830 (E.D. Mich. Apr. 1, 2025). In *Bell*, the court noted that "Golden Rule" arguments are "universally condemned" in the Sixth Circuit and "Send a Message" arguments are disfavored. *Id.* at *4 (collecting cases). Assuming a plaintiff proves that the defendant's "conduct was *driven by evil motive or intent, or reckless or callous indifference,*" then according to *Bell,* introduction of a "Send a Message" argument is only appropriate if tailored to be "aimed at retribution for the instant conduct and deterring" similar conduct in the future. *Id.* at *4-5 (emphasis added).

Notwithstanding the Eastern District of Michigan's decision in *Bell*, such "'[s]end a message' or conscience of the community arguments are disfavored in the Sixth Circuit." *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3401476, at *8 (W.D.

Ky. Aug. 8, 2017) (quoting *Strickland v. Owens Corning*, 142 F.3d 353, 358-359 (6th Cir. 1998)); *see also Eimers v. Lindsay Corp.*, No. 1:19-CV-44, 2022 WL 2057466, at *7 (E.D. Tenn. June 7, 2022) (noting that "courts in this circuit routinely exclude 'send a message' arguments"). Such statements are "disfavored in this circuit" because they have the potential to "be highly prejudicial" and serve as an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict." *Eimers*, 2022 WL 2057466, at *7 (quoting *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-00119-TBR, 2019 WL 6037666, at *2 (W.D. Ky. Nov. 14, 2019)).

Given the Sixth Circuit's "strong criticism" of "send a message"-type arguments, this Court should grant Defendant's Motion in Limine No. 11 (Doc. No. 219) and prohibit "send a message"-type arguments at any stage of the case. *See Calaway ex rel. Calaway v. Schucker*, No. 2:02-CV-02715-STA, 2013 WL 311441, at *3 (W.D. Tenn. Jan. 25, 2013) (deciding that "Plaintiff shall not be permitted to ask the jury to 'send a message' at any phase of the case, including before the jury venire, in opening statement, or in closing argument").

Alternatively, if the Court denies Defendant's Motion in Limine No. 11 but bifurcates the trial as requested by Defendant (Doc. No. 202), the Court should at minimum exclude Plaintiff from making any "send a message"-type arguments during the initial liability phase. *See, e.g.*, *Eimers*, 2022 WL 2057466, at *7 (granting motion in limine to prevent counsel from exhorting jurors to "send a message" with their verdict during the liability phase of the trial). Permitting "send a message"-type arguments during the liability phase improperly "encourages the jury to decide a [ . . . ] verdict based on a potential deterrent effect for [defendant] and other corporations rather than on the *evidence* of [defendant]'s actions." *Id.* Instead of using "send a message"-type arguments, plaintiffs may argue that defendants met the standard for punitive damages liability "based on the evidence [they] present[s] at trial and the inferences that a reasonable jury can draw

2

therefrom without asking the jury to use their verdict to send a message." *Id.* Whether a message should be sent to a particular defendant or not has no bearing on whether the defendant acted with malice or reckless indifference to the plaintiff's rights. If permitted at all, such "send a message" arguments should be restricted to the second, punitive damages phase of the trial.

Respectfully submitted,

/s/ Leslie Goff Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

        /s/ Leslie Goff Sanders
        Leslie Goff Sanders (TN #18973)
        *Attorney for Defendant*