UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO ALLOW LATE FILED MOTION IN LIMINE**

Plaintiff makes the unusual filing of a reply to a Motion in Limine but in this case, it is important to do so. Defendant has made a habit in this case of accusing attorney for the Plaintiff of lying when Defendant fails to do something.

Plaintiff admits Defendant has indeed "dumped" many documents through discovery in this case. The list of all documents provided to Plaintiff throughout this litigation identified in Defendant's response to this Motion is irrelevant. This motion was about a specific group of documents; the documents bates stamped 717-1631. The saga of these specific missing documents is told through the following email conversations.:

1. Jan 20, 2023, 2:52 pm. Counsel for Plaintiff to Counsel for Defendant:

   *In regards to documents produced by Lampo in this litigation:*

   *We have Lampo bates stamped numbers 1-716. We also have another set numbered 1632-1723, 1725, 1731-33, 1735, 1737, 1739-41, 1743-45, 1747-48, 1750, 1753, 1755-56, 1758*

> *I am assuming nos. **717-1631**, 1724, 1726-1730, 1734, 1736, 1738, 1742, 1746, 1749, 1751-52, 1754, and 1757 are being withheld for some reason. Please let me know if I am incorrect. (emphasis added)* [1]

2. Jan. 20, 2023 at 3:25 pm. Defendant to Plaintiff:

    "*These have all been produced*"[2]

3. Jan 20, 2023 at 3:29. Message between attorneys for the Plaintiff:

    JS- Is she right?

    LI- I don't think so! Ill look again[3]

4. Jan 20, 2023 at 4:57 pm. Defendant to Plaintiff

    See below the email that was sent on December 16 with Vol 3 (717-1631). Password was sent separately- I will resend[4]

5. Jan 20, 2023 at 5:00 pm. Plaintiff to Defendant:

    These are the documents missing:

    I am assuming nos. **717-1631**, 1724, 1726-1730, 1734, 1736, 1738, 1742, 1746, 1749, 1751-52, 1754*"*[5]

6. Jan 20, 2023 at 5:03 Defendant responded:

    "Were you not able to access the link sent on December 16?"[6]

7. Jan. 20 2023 at 5:05 Plaintiff responded:

    Yes and we recovered several documents, however the specific bates stamped numbered documents listed were not in the production

    *717-1631*, 1724, 1726-1730, 1734, 1736, 1738, 1742, 1746, 1749, 1751-52, 1754,[7]

8. Jan 20, 2023 at 5:09 Defendant responded:

---

[1] Exhibit 1
[2] Exhibit 1
[3] Exhibit 1, p. 2
[4] Exhibit 1, p. 3
[5] Exhibit 1, p.4
[6] Exhibit 1, p.4
[7] Exhibit 1, p. 5

> Open the documents that were attached to the e-mail. All of the numbers you referenced below are there.[8]

9. Jan 20, 2023 at 5:15 pm Defendant send an email with documents 1724-1754 individually attached, but not documents numbered 717-1631[9]

10. Jan 20, 2023 at 5:30 pm Plaintiff sends Defendant an email stating that he can open the attachments to the email but does not mention ever receiving documents nos. 717-1631.[10]

As evidenced from the emails- and as Defendant is very aware, the documents ranging from 717-1631 were never produced. Yet they still went on to misrepresent to this court:

> "Plaintiff filed a Motion to Allow a Late Filed Motion in Limine in which he alleges that Defendant made discovery disclosures for the first time on June 26, 2025. (Doc. 233). However, as fully briefed above, **that is not true**." (DOC 269)

Plaintiff would not normally feel compelled to file this reply but as of late counsel for the Defendant continually falsely accuses counsel for the Plaintiff of lying.

Being so cavalierly accused of lying is a matter counsel for the Plaintiff certainly does not take lightly since no one has ever accused him of lying in a court filing over a 24-year legal career; until this case. And now it has happened numerous times in the last few weeks by the same attorneys.

Defendant then proceeds to make a "scorpion and frog" argument that Plaintiff never filed a Motion to Compel for these documents. However, he clearly asked for them to be produced and they never were.

Plaintiff admits he did not follow up in January 2023 as the issue slipped his mind given the sheer number of times the parties had to go back to Magistrate Holmes to get Defendant to comply in discovery.[11] This is a fact Defendant admits in their response. Defendant might have

---

[8] Exhibit 1, p. 5
[9] Exhibit 1, p. 6
[10] Exhibit 1, p. 6
[11] Plaintiff went to Magistrate Judge 5 times because of Defendant's failures in discovery. Magistrate Holmes ruled in Plaintiff's favor every time.

believed they did send the documents numbered 717-1631; however instead of checking when Plaintiff brought it up- they just recklessly accused Plaintiff of lying. Again. Tennessee Rule of Professional Conduct 3.4(d) states that a lawyer shall not "fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party." Defendant was on notice that Plaintiff was unable to access certain documents but did not take efforts to ensure that they had complied with the proper discovery requests.

Further, Plaintiff never referred to these documents on Reddit, another falsehood. When Defendant filed their surprise and baseless Motion for Show Cause, they referred to a group of 60 emails Plaintiff sent to Defendant on Monday, June 23rd [12]. Those emails were provided to Plaintiff only moments before he shared them with Defendant. June 23rd was the deadline for allowing opposing party to inspect all exhibits. Out of an abundance of caution Plaintiff forwarded the emails to Defendant without even reading them.

In their Motion for Show Cause, Defendant stated that 59 of the 60 emails were previously provided in discovery. Plaintiff however found less than 59 among the 51,000 documents previously provided by Defendant. When Defendant provided the bates stamped numbers of the 59 emails they found. 14 of these emails fell in the range from 717-1631 and as such were never produced to the Plaintiff.[13] Plaintiff was reminded these were never turned over and Defendant finally provided them on June 26, 2025.

Defendant further claims in their Response (Doc 269, p. 2) that Plaintiffs entire inbox was produced (Bates stamped number 1810-0017579). The 59 emails were companywide emails and should have all been produced in Volume 5 which would have included every companywide

---

[12] The reddit post was made 3 days prior to Plaintiff receiving the 60 emails in question.
[13] Exhibit B- spreadsheet

email Mr. Amos received. However, Defendant identified 14 emails that would have fallen within the missing emails 717-1631. These emails should have also been produced in Plaintiff's inbox if it was truly completely provided; but they were not. In other words, Plaintiff's entire Inbox was not produced despite specifically being ordered to do so by the court.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

<u>**/s/ *Jonathan A. Street***</u>
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street