UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST**

Defendant, The Lampo Group, LLC, objects to the Witness List (Doc. No. 250) filed by Plaintiff, Brad Amos.[1]

### I. Deposition Testimony From and Regarding Other Lawsuits Involving Defendant

Plaintiff intends to read depositions from another lawsuit *currently pending* before the Middle District of Tennessee into the record at trial. What may have happened in another currently pending lawsuit does not prove what happened here.

On June 20, 2025, Plaintiff's counsel sent counsel for the Defendant a list of items "not disclosed in discovery" as potential exhibits for trial. This list, nearly three hundred items long, included several depositions from Case No. 3:20-cv-00628, a wholly unrelated lawsuit currently pending before this Court. Plaintiff has now listed several deponents from that lawsuit on his Witness List:

Suzanne Simms
Mark Flyod

---

[1] Plaintiff's Witness List does not contain any information regarding the anticipated testimony of the identified witnesses. Local Rule 39.01(c)(1) requires that at the beginning of trial in civil cases the parties provide the Court and each other with a witness list "contain[ing] an abbreviated statement of the connection of the witness to the litigation." Defendant's objections are based on its reasonable belief as to why Plaintiff will call the witnesses in question.

>Jennifer Sievertsen
>Michael Finney

Plaintiff also states that he would read all of Dave Ramsey's deposition from that lawsuit in the event Defendant's Motion to Quash (Doc. No. 191) is granted. This deposition testimony has no relation to the impending trial.

Deposition testimony from and about another lawsuit does not meet the requirements of Rule 32. To use deposition testimony at trial, Plaintiff must first show that the testimony "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying" and (i) the testimony will be used as impeachment, (ii) the testimony was from a party or authorized representative, or (iii) the witness is unavailable. Fed. R. Civ. P. 32. Plaintiff has not (and cannot) make that showing.

Deposition testimony from and about this other lawsuit is not relevant. To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The testimony contained in these depositions will not make a fact of consequence in this lawsuit more or less likely because there is no overlap in fact or policy between the cases. Plaintiff seeks to read onto the record depositions that have nothing to do with what happened in this case. Said succinctly, the depositions concern (i) different policies of Defendant, (ii) different decision makers, (iii) different discharge reasons, (iv) different underlying facts, and (v) different legal frameworks. There is no overlap or nexus that would permit depositions from that pending lawsuit to be used at trial in this matter.

Deposition testimony from and about another lawsuit is prejudicial and a waste of time. Courts routinely prohibit this type of evidence because it is pointless and ultimately a distraction. *See, e.g., Hosse v. Sumner Cnty. Bd. of Educ.*, No. 3:13 C 520, 2018 WL 11471784, at *5 (M.D. Tenn. July 27, 2018), aff'd, 776 F. App'x 902 (6th Cir. 2019) (excluding evidence of another

former employee's claims against defendant because such evidence "focus[ed] the jury's attention on unrelated events, and require[d] a trial within a trial"). If used, this deposition testimony will create a trial (on a case that is still currently pending) within a trial. This is inherently prejudicial because it poses ***significant risk*** to the parties to that lawsuit and the jury venire if and when trial occurs in Case No. 3:20-cv-00628. Additionally, Plaintiff failed to designate specific portions of the depositions. Based on that and Plaintiff's anticipation that trial will last over a week, it appears that Plaintiff intends to read the entirety of these unrelated depositions onto the record at trial.

None of the requirements of Rule 32 have been met. Plaintiff does not intend to use this deposition testimony solely for impeachment purposes (if he did, he would not have listed it). Plaintiff has not shown that these depositions were authorized by Defendant and only one of these witnesses were deposed as a 30(b)(6) representative in the other pending lawsuit. And even then, the deposition must be offered by a "party to an action on the opposite side of an issue raised by the pleadings." *Cooke v. Kilgore Mfg. Co.*, 15 F.R.D. 465, 468 (N.D. Ohio 1954). As Plaintiff is not in any way involved in, let alone a party to, the other pending lawsuit, this requirement has not been met.

Plaintiff has not established that any of these witnesses are unavailable for trial. Courts routinely preclude the use of deposition testimony because it "is less desirable than oral testimony and should ordinarily be used as a substitute ***only*** if the witness is not available to testify in person." *In re Air Crash at Lexington, Kentucky, Aug. 27, 2006*, No. CIV.A. 5:06CV316-KSF, 2008 WL 2954971, at *3 (E.D. Ky. July 30, 2008) (emphasis added). As such Plaintiff can only use deposition testimony if he proves unavailability for each of these people, which he has not done.

There is no reason for deposition testimony from and about another lawsuit to be used at trial.

3

## II. Deposition of Melissa Amos

Plaintiff has not met the requirements of Rule 32 with respect to Ms. Amos. A majority of Ms. Amos's deposition related to Plaintiff's claims that the Court previously dismissed. The parties agree that argument concerning the dismissed claims is irrelevant and should not be used at trial. *See* Plaintiff's Ninth Motion in Limine and Defendant's Motion in Limine No. 10. As such, Ms. Amos's deposition does not meet the admissibility portion of Rule 32. To the extent Plaintiff seeks to introduce deposition testimony not related to those claims, he should designate it so that Defendant may vet the admissibility of such evidence. In addition, Plaintiff has not established that Ms. Amos is unavailable for trial, which he must do before he can use her deposition testimony.

## III. Nathan Fritz, Abby Stephenson and Gregory Thoman

Plaintiff intends to elicit testimony from other former employees, who are not similarly situated to Plaintiff, in an attempt to sway the jury to an improper verdict. Defendant filed Motion in Limine No. 8 on this issue. (Doc. 209).

Testimony from other employees about their different experiences at Defendant is irrelevant. To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Testimony about other people's experiences will not make a fact of consequence in this lawsuit more or less likely. Fritz, Stephenson, and Thoman are not similarly situated to Plaintiff. They were not involved in Plaintiff's termination. They were not terminated by the same decisionmaker as Plaintiff. They did not work in Plaintiff's department. They likely did not know Plaintiff at the time of their employment. And at least one (Fritz) did not even work for Defendant at the same time as Plaintiff.

Testimony from other employees about their different experiences at Defendant is a needless waste of time and prejudicial to Defendant. The entire point of putting on these non-party employees as witnesses is to "suggest" to the jury that their decision can be made on an improper "emotional" basis. *Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 672 F. Supp. 3d 379, 383 (E.D. Mich. 2023). It would be a better use of the Court and jury's time for Plaintiff to question employees who were actually involved in the termination of Plaintiff.

### IV. Julie Anne Stamps

Presumably, Plaintiff intends for Ms. Stamps to testify to her experience with and lawsuit against Defendant. Similarly to the three former employees discussed above, Ms. Stamps was not involved in the termination of Plaintiff. She did not work in the same department as Plaintiff. She voluntarily resigned from her employment so she could not have been terminated by the same employee as Plaintiff. She did not claim that her termination was based on her religious objection to Defendant's COVID procedures. There is no nexus between Ms. Stamps and Plaintiff that would necessitate her testimony in this case, including the act that she also filed a lawsuit against Defendant in the Middle District of Tennessee. This evidence, like so much of Plaintiff's, is only aimed at prejudicing the jury against Defendant.

### V. Dave Ramsey

Plaintiff intends to get around Defendant's Motion to Quash the Subpoena of Dave Ramsey (Doc. No. 191) by reading Mr. Ramsey's deposition onto the record instead. This is not appropriate.

Defendant filed its Motion to Quash (Doc. No. 191) because Mr. Ramsey is not on trial in this matter. Plaintiff's litigation strategy has been to focus on Mr. Ramsey, who is not a party to this lawsuit, rather than Plaintiff's job performance and ultimate termination from employment.

Mr. Ramsey does not have unique, firsthand personal knowledge of the facts of this case. Mr. Ramsey was not the decision maker. Mr. Ramsey did not terminate Plaintiff. In fact, Mr. Ramsey did not know Plaintiff during his employment. There is no reason for Mr. Ramsey to testify at trial.

Defendant objects to the reading of Mr. Ramsey's deposition for the same reasons. Mr. Ramsey's deposition testimony is not relevant. The testimony would be prejudicial and cumulative because Mr. Ramsey's only knowledge of facts is secondhand hearsay duplicative of testimony that could better be offered through the firsthand accounts of other witnesses. It would be a better use of the Court and jury's time for Plaintiff to question the actual decision maker, who is on the Witness List, and alongside employees with actual firsthand knowledge.

### VI. Dr. Charles Baum

Dr. Baum should not be permitted to testify at trial. Defendant filed a motion in limine regarding the testimony of Dr. Baum (Doc. No. 220) and objections to the expert testimony of Dr. Baum (Do. No. 222).

The Sixth Circuit requires an expert's testimony to be "relevant, meaning that it will ***assist*** the trier of fact to understand the evidence or to determine a fact in issue." *Burgett v. Troy-Bilt, LLC*, 579 F. App'x 372, 376 (6th Cir. 2014) (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528–29 (6th Cir. 2008)) (emphasis added). Dr. Baum's analysis does not assist the Court or jury because his conclusions are ultimately calculations a layperson could make. Dr. Baum's conclusions do not require an expert's scientific, technical or other specialized knowledge. In addition, Dr. Baum's report improperly included legal authorities and conclusions, which Defendant believes he will also attempt to testify to at trial.

Defendant requests that the Court exclude these witnesses and/or their deposition transcripts from other unrelated lawsuits from the trial.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on July 2, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*