UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 13**

Defendant, The Lampo Group, LLC, files this Reply in support of Motion in Limine No. 13 (Doc. No. 221).

**1. Lost Home Equity, Real Estate Fees and Commissions & Lost Spousal Earnings**

Plaintiff dodges the most obvious problem with his bid for lost home equity, real estate fees and commissions, and lost spousal earnings—those "damages" all predated the adverse employment action in this case, the termination of his employment with Defendant on July 31, 2020.

As Plaintiff concedes on response, he sold his home in California (thereby incurring those real estate fees and commissions) and his wife quit her job in connection with accepting employment with Defendant in August 2019. (Doc. No. 248 at PageID #: 5781-5782).[1] The alleged adverse employment action—Plaintiff's termination of employment—occurred nearly a year later.

---

[1] As explained below, Plaintiff's pre-adverse employment action motivations for moving to Tennessee are irrelevant for Title VII damages purposes. However, Defendant notes for the record that Plaintiff's claim that he "was relocating to Tennessee solely for the position with Defendant" is belied by his own cover letter stating that he was "in the process of moving to Franklin, TN to be closer to family." (Doc. No. 114-1).

Plaintiff cannot recover damages that predate the adverse employment action. *See, e.g., Yarbrough v. Glow Networks, Inc.*, No. 4:19-cv-905-SDJ, 2024 WL 896747, at *33 FN34 (E.D. Tex. March 1, 2024); *Arroyo v. Volvo Group North America, LLC*, No. 12-cv-6859, 2019 WL 4749869, at *14 (N.D. Ill. Sept. 30, 2019); *Johnson v. Watkins,* 803 F. Supp. 2d 561, 576 (S.D. Miss. 2011). The EEOC enforcement guidance cited by Plaintiff concurs:

> Pecuniary losses include, for example, moving expenses, job search expenses, medical expenses, psychiatric expenses, physical therapy expenses, and other quantifiable out-of-pocket expenses that are incurred ***as a result of*** the discriminatory conduct. To recover damages, the complaining party must prove that the employer's discriminatory act or conduct ***was the cause of*** his loss. The critical question is whether the complaining party incurred the pecuniary losses ***as a result of*** the employer's discriminatory action or conduct.

EEOC Enforcement Guidance: *Compensatory and Punitive Damages Available under § 102 of the Civil Rights Act of 1991* (effective July 14, 1992) (emphasis added).[2] Plaintiff incurred these "damages" as a result of accepting employment with Defendant, not as a result of Defendant's allegedly discriminatory termination of his employment. They are not recoverable in this case.

**2. One Year of Therapy**

Plaintiff's response clarifies his theory regarding his son's therapy costs and reinforces that they are not recoverable. On response, Plaintiff's argument is purely economic – "[s]ince Plaintiff was no longer employed the costs and expenses for the therapy were out of pocket expenses for

---

[2] Contrary to Plaintiff's assertions, the EEOC's enforcement guidance does not support his position here. But even if it had, EEOC enforcement guidance has never been entitled to deference, even in the *Chevron* era. *See, e.g., EEOC v. SunDance Rehabilitation Corp.*, 466 F.3d 490, 500 (6th Cir. 2006) ("As the EEOC acknowledges, its Enforcement Guidance is entitled to respect only to the extent of its persuasive power. The Enforcement Guidance does not receive *Chevron*-type deference…."). In fact, the enforcement guidance cited by Plaintiff expressly states "[t]he contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency polices." (Doc. No. 248-1 at Page ID #: 5785).

2

which Plaintiff is entitled to reimbursement." (Doc. No. 248 at PageID #: 5782). But through his expert, Plaintiff has previously acknowledged that his son's therapy did not begin until August 2, 2022, by which time Plaintiff had found replacement employment that paid more than his employment with Defendant. (Doc. No. 220-1 at ¶¶ 56-57). He cannot recover the therapy costs.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

I certify that, on July 3, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

                    /s/Daniel Crowell
                    Daniel Crowell (TN #31485)
                    *Attorney for Defendant*