UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant, The Lampo Group, LLC, objects to the Exhibit List (Doc. No. 249) filed by Plaintiff, Brad Amos. At trial, Defendant may object to other exhibits not identified in these objections depending on Plaintiff's intended use of the exhibits and whether they are authenticated. But in the interest of judicial economy, Defendant provides this list of objections to both the list itself and exhibits included in the list and requests the Court to exclude these exhibits from being introduced at trial.

As an initial matter, Plaintiff violated the Court's Order in Doc. 185 which required as follows:

> By **June 23, 2025**, the parties shall identify for one another their respective exhibits and make available for examination by any opposing party the original of all exhibits. The parties also shall exchange copies of items identified as exhibits; this requirement is not satisfied by a party merely because it previously produced a copy of the item in discovery, but rather requires a party (absent contrary agreement between the parties) to separately produce a copy of the item in conjunction with specifically identifying the item as a trial exhibit.

Plaintiff did not specifically identify trial exhibits by bates number as agreed by the parties. Instead, Plaintiff simply said he may use all documents produced in this matter. Had Plaintiff identified the exhibits as required, Defendant would have had an opportunity to present its objections to Plaintiff or timely file motions in limine. Many of the exhibits identified on Plaintiff's

Exhibit List would be encompassed by one of the pending motions in limine. Defendant has endeavored to link the exhibits to the corresponding motion in limine. Any documents Plaintiff failed to produce in discovery should be excluded per Local Rule 39.01(e) and for the reasons set forth in Defendant's Motion in Limine No. 5 (Doc. 204).

| **Plaintiff's Exhibit No.** | **Defendant's Objection** |
|---|---|
| P-1 | FRE 401, 403 and 802. This Facebook post from a non-witness is not relevant and is inadmissible hearsay. |
| P-3 -P-4 | FRE 401, 403 and 802; LR 39.01(e). This recording and transcript include statements from a non-witness (Heather Fulk). Additionally, the termination of John Fulk's employment is not related to the termination of Plaintiff's employment or religion. Plaintiff did not produce the transcript during discovery nor did he supplement it 30 days before trial in accordance with LR 39.01(e). *See* Defendant's Motion in Limine No. 8 (Doc. 209). |
| P-5 | FRE 401, 403. This exit checklist for a third-party employee has no relevance to Plaintiff's claims. *See* Defendant's Motion in Limine No. 8 (Doc. 209). |
| P-7 | FRE 401, 403. A third party's severance agreement has no relevance to Plaintiff's claims. *See* Defendant's Motion in Limine No. 8 (Doc. 209). |
| P-11 | FRE 401, 403 and 802; LR 39.01(e). This article by the spouse (Amy Fritz) of a former employee of Defendant has not relevance to Plaintiff's claim, is inadmissible as hearsay and was never produced in discovery. *See* Defendant's Motion in Limine No. 8 (Doc. 209). |
| P-12 - P-13 | No exhibits are identified and these should be removed from Plaintiff's list. |
| P-14 – P-32 | FRE 401, 403, and 802. Emails related to Defendant's designation as a Best Place to Work are not relevant to Plaintiff's surviving claims of religious discrimination. They were arguably related to his claims of fraud and misrepresentation that were dismissed per FRCP 12(b)(6). *See* Defendant's Motion in Limine No. 10 (Doc. 218). Additionally, these exhibits include Glassdoor reviews which are unauthenticated inadmissible hearsay. |
| P-42; P-44 | Defendant is unable to identify these documents as there is no Bates No. identifying them on Plaintiff's Exhibit List. |
| P-46 – P-47 | FRE 401, 403 and 802. These Glassdoor reviews are not relevant, contain inadmissible hearsay and no witness has been identified to authenticate these anonymous reviews. |
| P-48 | FRE 401, 403 and 802. This Facebook Banner regarding an emotional plea to work from home during COVID is not relevant and inadmissible hearsay. *See* Defendant's Motion in Limine No. 2 (Doc. |

| | |
|---|---|
| | 200). |
| P-49 | There is no Bates Number on this document so Defendant cannot identify it with certainty. |
| P-50 - P-51 | No exhibits are identified and these should be removed from Plaintiff's list. |
| P-52 - P-55 | FRE 401, 403. This is a recording related to OSHA's dismissal of an employee complaint about Defendant's COVID safety precautions. The transcript was never produced in discovery. At best, these documents would have only been relevant to Plaintiff's whistleblower claim that was dismissed under FRCP 12(b)(6). *See* Defendant's Motion in Limine No. 10 (Doc. 218). |
| P-56 | FRE 401, 403 and 802; LR 39.01(e). A non-witness Facebook post and comment from April 20, 2020 is hearsay and not relevant to Plaintiff's termination on July 31, 2020. |
| P-57 - P-61 | FRE 401, 403 and 802. YouTube videos and articles in the Tennessean and by a non-witness have no relevance to Plaintiff's claim and are inadmissible hearsay. Likewise, discovery responses from the individual defendant, Dave Ramsey, are not relevant as Mr. Ramsey was dismissed as a party under FRCP 12(b)(6). Finally, e-mails related to another lawsuit (O'Connor) have no relevance to Plaintiff's claim. *See* Defendant's Motion in Limine No. 3 (Doc. 201) and Defendant's Motion in Limine No. 10 (Doc. 218). |
| P-74 – P-76 | FRE 401, 403 and 802. The video of the Dave Ramsey Show from November 2020 expressing Mr. Ramsey's frustration with businesses continuing to be closed and the impact it was having on that particular caller occurred months after Plaintiff's termination and has no relevance. Likewise, articles in various publications posted in November and December 2020 contain inadmissible hearsay evidence that post-date Plaintiff's termination from employment and could not possibly have any relevance to his claims. *See* Defendant's Motion in Limine No. 4 (Doc. 203). These documents also include non-religious COVID information which has no relevance and is intended only to elicit emotional responses from the jury. *See* Defendant's Motion in Limine No. 2 (Doc. 200). |
| P-77 | FRE 401, 403. This email re: a pre-hiring call with Plaintiff's spouse is related to claims that have been dismissed under FRCP 12(b)(6), namely fraud. *See* Defendant's Motion in Limine No. 10 (Doc. 218). |
| P-79 | While Defendant does not object to this exhibit substantively, it is an incomplete set. This should be replaced with Defendant Ex. 75 which contains the full set of documents (LAMPO00523-530). |
| P-91 | While this document does not seem to be relevant, Defendant does not object substantively at this time. However, Defendant objects to the mischaracterization of the exhibit. Plaintiff's Exhibit List refers to the documents as showing Plaintiff in "first place" in a poll. Actually, the document is an email identifying a number of people from whom the company was still waiting on survey results -- |

3

| | |
|---|---|
| | Plaintiff was the first person on the list that had missing results. |
| P-127 | Defendant has objected to the expert report of Charles Baum in Defendant's Motion in Limine No. 12 (Doc. 220) and Defendant's Objection to Expert Testimony of Dr. Baum (Doc. 222). |
| P-128 | FRE 401, 403 and 802; LR 39.01(e). IRS form W-2s for Plaintiff's wife were not produced in discovery, have no relevance to Plaintiff's wrongful termination claim and are unauthenticated inadmissible hearsay. |
| P-129-130 | FRE 401, 403 and 802. Melissa Amos links a NewsChannel 5 article to her Facebook. To the extent that Plaintiff is attempting to submit the NewsChannel 5 article into evidence for the truth of the matter therein, it is inadmissible hearsay and irrelevant. Likewise, her communication with non-employees of Defendant is hearsay to the extent Plaintiff introduces the responses from the non-employees as evidence. Furthermore, the communications and the NewsChannel 5 article have no relevance to Plaintiff's claim. |
| P-131 | FRE 401, 403 and 802; LR 39.01(e). This statement issue to Melissa Amos has not been authenticated and Ms. Amos will not appear at trial. It was also not produced in accordance with LR 39.01(e). Even if it were admissible, it has no relevance to Plaintiff's claims or damages. |
| P-132 | FRE 401 and 403. Documents related to the sale of Plaintiff's home in California are presumably being offered to prove damages. The sale of the home occurred *before* the termination of employment and should be excluded. *See* Defendant's Motion in Limine No. 13 (Doc. No. 221). |
| P-134 | FRE 401, 403 and 802. Twitter posts from various users from July 13-July 15 related to an event hosted by Defendant are not relevant to Plaintiff's claims, are unauthenticated and are inadmissible hearsay. |
| P-135 | Plaintiff filed a motion in limine to prevent Defendant from discussing the EEOC determination yet he has included the EEOC Charge and EEOC Supplement in his list of exhibits. *See* Plaintiff's Eighth Motion in Limine (Doc. 215). |
| P-136 | FRE 401 and 403. These Tweets of Dave Ramsey from March 14, 2020, and May 17, 2020, have no relevance to Plaintiff's claim that he wrongfully terminated on July 31, 2020. |
| P-138 | FRE 401 and 403; LR 39.01(e). This is an email from Dave Ramsey from July 1, 2015, following a U.S. Supreme Court decision related to same-sex marriage. Plaintiff did not produce this document during discovery. Plaintiff was hired in 2019 and this case has nothing to do with any type of marriage. Plaintiff also misidentifies this exhibit as an email from 2025. *See* Defendant's Motion in Limine 7 (Doc. 206) and Defendant's Motion in Limine 9 (Doc 216) |
| P-144 | There is no Bates No. or information to identify this email. |
| P-145 – 147 | FRE 401, 403, and 802. These emails relate to communication about |

4

| | |
|---|---|
| | Defendant's designation as a Best Place to Work. This evidence was related to Plaintiff's claim for fraud which has been dismissed under FRCP 12(b)(6) and is no longer relevant. It also includes inadmissible hearsay insofar as the writers of the email may not be witnesses at trial. Defendant's Motion in Limine No. 10 (Doc. 218) and Plaintiff's Ninth Motion in Limine (Doc. 217). |
| **P-169** | There is not enough information on this document for Defendant to identify it. Plaintiff has provided no explanation – only that "Defendant did not produce." Plaintiff did not timely produce this document in discovery per LR 39.01(e). |
| **P-200 – P-290** | FRE 401 and 403. Defendant provided recordings of all of its weekly internal staff meetings from January 7, 2019, through December 21, 2020, to Plaintiff in discovery in March 2023 over Defendant's objection based on the unnecessary extensive review that would be required by Defendant to determine (1) relevancy and (2) whether any portion of the meetings should be sealed. Defendant produced the documents subject to the Agreed Confidentiality Order entered on July 6, 2022 (Doc. 42) because internal confidential business matters are discussed at times with the employees. Plaintiff has had over two (2) years to review the recordings and determine which ones, if any, have any relevance and to challenge the designation of the recordings as confidential. Now, on the eve of trial, he represents that he may introduce all of them. At least half of the meetings occurred when Plaintiff was not even an employee of Defendant. Plaintiff has had ample opportunity to determine which videos he will play at trial. If he played all of them, it would take approximately 90 hours. |
| **P-291 – P-393** | Defendant's objection is the same as the objection above to P-200-P290. These exhibits are recordings of weekly devotional meetings that are held at Defendant. Like the staff meetings, confidential business information is at times discussed as most employees are generally in attendance. Plaintiff has had these recordings over Defendant's same objections as the staff meetings since March 2023. Playing all of these recordings at trial would add approximately 102 additional hours to the trial as each recording is around one hour in length. |
| **P-394 – P-688** | FRE 401, 403 and 802; LR 39.01(e). On June 23, 2025, Plaintiff produced video of every episode of the Dave Ramsey Show that aired in 2020. He apparently intends to show them all to the jury per his exhibit list. Defense counsel has obviously not reviewed them all. Presumably, it includes 780 hours of recording (a 3 hour show, 5 days a week, 52 weeks a year). These shows include statements by non-witnesses (hearsay) and are completely irrelevant to the claims in this lawsuit. They were likewise not produced to Defendant in discovery and certainly not within 30 days of trial. |

5

Finally, documents designated by Defendant as "confidential" were not challenged by Plaintiff. Plaintiff apparently intends to submit some of the designated information as trial exhibits. In accordance with the Agreed Confidentiality Order (Doc. 42), Plaintiff must make an effort to seal the information. Plaintiff should have provided redacted versions of documents and audio/video files to Defendant so that an agreement could be reached without bothering the Court. To date, no such exchange has occurred.

Respectfully submitted,

/s/ Stephen Stovall
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 3, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

        /s/Stephen Stovall
        Stephen Stovall (TN #37002)
        *Attorney for Defendant*