UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2

Defendant, The Lampo Group, LLC, files this Reply in support of Motion in Limine No. 2 (Doc. No. 200).

Plaintiff's response to Defendant's Motion in Limine No. 2 underscores why we filed the motion in the first place—he intends to turn this religious discrimination case into a referendum on the COVID-19 pandemic.

In his first full paragraph, Plaintiff pretends not to understand Defendant's concerns—"It is unclear which evidence in particular Defendant seeks to prevent entering into evidence, as there is no clear definition of what Defendant deems 'extraneous' in their motion." (Doc. No. 238 at PageID #: 5735).[1]

Then in the next full paragraph, Plaintiff admits the plot—"Evidence of the COVID pandemic—the timing and progression, general effects, scientific advances, mitigation approaches—is certainly relevant…The fact people held and continue to hold conflicting views is not prejudicial to the Defendant." *Id.* at PAGEID #: 5735-36.

---

[1] In fact, Defendant's motion provided fairly specific examples—"how the COVID-19 pandemic began, how it impacted the nation, Tennessee, or Middle Tennessee, the federal, state, and local responses to it, how it impacted the parties, and…how the parties responded (except to the extent religiously motivated)…." (Doc. No. 200 at PageID #: 5136).

Plaintiff has not identified any witnesses who would be competent to testify regarding those topics beyond their own personal opinions and experiences. Plaintiff has only identified one expert witness—Dr. Baum—whose testimony is limited to his damages. Neither Plaintiff nor any of his other lay witnesses should be allowed to take the stand and pontificate as armchair epidemiologists or public policy experts.

But even Plaintiff's personal experience with the COVID-19 pandemic is irrelevant and certainly prejudicial. This is a religious discrimination case, not an ADA case, OSHA case, or whistleblower case.[2] Plaintiff's personal and family medical circumstances, personal understanding of the legality or sufficiency of Defendant and society's COVID-19 countermeasures, and personal interactions with those countermeasures are not at issue in this case. They will only distract the jury, entice jurors to react emotionally for or against Plaintiff based on their own personal experiences, and unnecessarily prolong the trial.

All that matters at trial is what Plaintiff believed, Defendant's knowledge of those beliefs, and whether they caused Plaintiff's termination. The Court should keep the parties and the jury focused on those issues by prohibiting Plaintiff from introducing any extraneous evidence or argument related to the COVID-19 pandemic.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)

---

[2] Plaintiff filed a claim under the Tennessee Public Protection Act, but it was dismissed. Much of the complexity of this case is owed to Plaintiff's now-urgent need to stretch Title VII beyond its limits to manufacture a religious discrimination claim from secular views on COVID-19 informed by Plaintiff and his family's political opinions and medical circumstances. The Court has previously expressed concerns about the floodgate of litigation that will ensue if employees are allowed to proceed under Title VII simply by claiming that their actions or omissions were inspired by generic religious principles. (Doc. No. 136 at PageID #: 4379-80). We share those concerns and view this case as a clear example of them.

Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on July 3, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*
