UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9

Defendant, The Lampo Group, LLC, files this Reply in support of Motion in Limine No. 9 (Doc. No. 216).

On response, *for the very the first time*, Plaintiff has the audacity to claim that this case "is not about COVID-19." (Doc. No. 245 at PageID #: 5772).

Throughout this case, the crux of Plaintiff's religious discrimination claim has always been various formulations of (1) Defendant terminated his employment because (2) he held a sincere religious belief that he needed to take scientifically prescribed COVID-19 precautions. That is certainly how the Sixth Circuit characterized it:

> Amos took the job and moved from California to Tennessee in August 2019. By his account, the first few months with Lampo went well. Things changed in the spring of 2020, with the onset of the COVID-19 pandemic. Amos says that from the outset, Ramsey and Lampo management were hostile to employees taking any sort of protective measures against the virus. Specifically, Lampo would not allow him or other employees to work from home and actively discouraged any preventative measures including social distancing and masking. Amos says that Lampo's policy was that prayer was the "exclusive way to prevent COVID infection," and that anything else showed a "weakness of spirit" and was "against the will of God." *Id.* at 13, 32. Employees that did take precautionary measures were "mocked and derided." *Id.* at 25.
>
> Amos alleges that he was criticized, specifically, for social distancing and wearing a mask. According to him, such acts were consistent with his own deeply held religious beliefs, including the "golden rule" of doing no harm to others and

promoting the safety of his own family. **Distilled, Amos says that "[Lampo] maintained a cult-like attitude ... [and] ... at Ramsey's direction, would regularly and aggressively promote their own religious beliefs against COVID-19 precautions while also demeaning Plaintiff's religious beliefs supporting [protective] measures to care for the wellbeing and safety of his family [and others]." Id. at 30. In July 2020, Lampo fired Amos for a "lack of humility" and because Amos "was not a good fit because he 'would stand off to the side all of the time.' " Ibid. Amos says that his termination was based on his failure to submit to Lampo's religious practices and his expression of his own religious beliefs with regard to COVID measures. These facts form the basis for Amos's religious-discrimination claims.**

*Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *1 (6th Cir. Aug. 6, 2024) (emphasis added).[1]

Now, on the eve of trial, Plaintiff wants to recast his religious discrimination claim as based on "general principles of how people should be treated" so that he can make trial about anything other than the actual facts and circumstances of his case. (Doc. No. 245 at PageID #: 5772). That cannot stand.

The Court should grant Defendant's Motion in Limine No. 9 and prohibit Plaintiff from introducing any evidence or argument at trial regarding Defendant's alleged religious principles or beliefs unrelated to the COVID-19 pandemic.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)
Molli Guinn (TN #41258)
Barton LLP

---

[1] On response, Plaintiff claims that "[t]he Sixth Circuit did not limit its ruling to only beliefs about COVID-19." (Doc. No. 245 at PageID #: 5772). In support, Plaintiff quotes a single, conclusory line from the Sixth Circuit's opinion—"Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions, and so has met his burden"—that is obviously expressing a holding based on findings in the preceding paragraph that are entirely about COVID-19. *Amos* at *3.

2

Case 3:21-cv-00923    Document 282    Filed 07/03/25    Page 2 of 3 PageID #: 6101

611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 3, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*