IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:21-cv-00923 ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand ) ) |
| Defendant. | ) |

## SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH

Defendant in its reply to Plaintiff's Response to Motion to Quash contains new arguments not raised in their original Motion. Arguments raised for the first time in Reply briefs should not be considered. See <u>Archambeault v. Wyndham Vacation Ownership, Inc.</u>, No. 3:20-CV-01044, 2021 WL 6496827, at *5 (M.D. Tenn. July 14, 2021)

### Filing of Deposition

Defendant again asks this court to sanction counsel for the Plaintiff. Defendant again offers no rule or law to support this request. Judge Holmes previously denied Defendant's motion for a protective order for the transcript of Mr. Ramsey's deposition. (Doc. No. 134). In her order, Judge Holmes stated:

> "Defendant has failed to meet this standard in its motion for resolution of dispute under the agreed confidentiality order. Accordingly, to the extent Defendant is seeking to designate the Disputed Information as confidential via the pending motion (Docket No. 118), that request is denied." (Doc. No. 134).

> For all of these reasons, Defendant's motion for resolution of dispute under the agreed confidentiality order (Docket No. 118) is DENIED without prejudice to any

determination of whether the subject Disputed Information should remain under seal. (Doc. No. 134).

Defendant's motion to seal the deposition of Mr. Ramsey was denied without prejudice. Defendant never filed to have the deposition marked as confidential at any point after this order was issued in September 2023.

Further, the deposition of Mr. Ramsey in this matter has already been made public- ***by Defendant's counsel***. A poster[1] on the "Dirty Dave" Reddit forum disclosed portions of the deposition they read after obtaining the unredacted deposition from a link in an email from Defendant's counsel that was included as Exhibit. (Doc. No. 133-2, page 2). Apparently, the complete contents of Mr. Ramsey's deposition have been online for years through the negligence of Defendant's attorneys. Given this, there is no justification for barring Mr. Ramsey or his deposition testimony at trial.

Defendant failed to take the necessary steps to mark Mr. Ramsey's deposition confidential. So naturally they ask the court again to sanction Plaintiff's attorney for their mistake. Defendant fails to take steps necessary to protect their client- file vitriolic motion against Plaintiff's attorney. Second verse, same as the first.

Respectfully Submitted,

***/s/ Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632
*Attorneys for Plaintiff*

---

[1] Exhibit 1.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 3rd day of July 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
611 Commerce Street, Suite 2911
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street