**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRAD AMOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:21-cv-00923** |
| | ) | **Judge Richardson** |
| **THE LAMPO GROUP, LLC,** | ) | **Jury Demand** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SHOW CAUSE

On June 25, 2025, the Defendant, The Lampo Group, LLC, filed a motion for an order to show cause as to why Plaintiff Amos and his undersigned counsel should not be sanctioned for extra-judicial statements Defendant Lampo alleges were in violation of the Middle District of Tennessee Local Rule 83.04 and Tennessee Rule of Professional Conduct 3.6. Defendant Lampo's motion is meritless because Plaintiff Amos' counsel's extrajudicial statements in no way violate either rule and it should be denied.

## FACTUAL BACKGROUND

Plaintiff Amos is aware that this Court is familiar with the background of this case and the numerous discovery disputes in which the parties have engaged so he will not set forth the contentious background but only address what is relevant to the disposition of the current motion.

Reddit is a social news aggregation content rating and discussion website. Reddit is essentially a collection of online communities, or "subreddits," where users can submit links, text posts, images, and videos. The submissions posted in the subreddits are then voted up or down by other users, influencing their visibility on the site. The subreddit community "r/DitryDave" is composed of 19,000 community members. According the communities about information, the

community is "more about the radio show and the business than the financial advice at this point. But feel free to brag about paying off your jet-skis and snowmobiles."[1] The "r/DirtyDave" community was created on February 25, 2020.[2] A review of the posts and comments on the "r/DirtyDave" subreddit quickly shows that the page is generally comprised of community members, including numerous former employees, who dislike David Ramsey, his companies, and/or his business practices. [3]

Plaintiff Amos was aware of the "r/DirtyDave" community and discovered community members were following the litigation in this matter through posts dating back as far as four years ago.[4] It was further clear that community members were accessing publicly filed documents in this case.[5] Because the community was interested in the litigation and consisted of past Lampo employees, Plaintiff Amos, through his counsel, posted a request for help from the community members on about June 20 or 21, 2025 in the "r/DirtyDave" community. The following is the undersigned's post:



---

[1] *See* https://www.reddit.com/r/DirtyDave/about/
[2] *Id.*
[3] *See* https://www.reddit.com/r/DirtyDave/
[4] *https://www.reddit.com/r/DirtyDave/comments/rh1cit/nytimes_dave_ramsey_fired_employee_for_taking/*
[5] Exhibit 1, Screenshots of "Update on the Amos v Lampo Lawsuit."
[6] As Plaintiff informed Defendant, they have taken down the post until the court has had an opportunity to rule on their motion

On June 25, 2025, without first reaching out to Plaintiff Amos' counsel as specifically required by orders in this case, Defendant Lampo filed a Motion to Show Cause alleging that the above post violates Middle District of Tennessee Local Rule 83.04 and TNRCP 3.6. Defendant Lampo requests a list of sanctions in its motion to address the alleged violation. Defendant Lampo's analysis of Local Rule 83.04 and TNRCP 3.6 is clearly erroneous because there simply has not been a violation of either rule, there was no substantial likelihood that the post would impact the outcome of the trial in this matter, and its requested sanctions are certainly not the least restrictive remedy to address the alleged violations.

## LEGAL ANALYSIS

This Court applies Local Rule 83.04 and TNRCP 3.6 to evaluate extrajudicial comments of attorneys. Local Rule 83.04(a) applies to attorneys and is designed to promote fairness and protect the integrity of the judicial process by requiring that a lawyer's conduct in releasing information is subject to TNRPC 3.6. U.S.Dist.Ct.Rules M.D.Tenn., LR83.04. Tennessee Rules of Professional Conduct 3.6 states in pertinent part:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial
> statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will
> have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
> (b) Notwithstanding paragraph (a), a lawyer may state:
> (1) the claim, offense, or defense involved and, except when prohibited by law, the identity of the persons involved;
> (2) information contained in a public record;
> (3) that an investigation of a matter is in progress;
> (4) the scheduling or result of any step in litigation;
> (5) a request for assistance in obtaining evidence and information necessary thereto;
> (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the
> likelihood of substantial harm to an individual or to the public interest . . . .

TN R S CT Rule 8, RPC 3.6.

Any ethical rules aimed at extrajudicial statements must be applied in light of the constitutional scrutiny the Supreme Court applies to regulations on speech. To satisfy the First Amendment when a Court imposes prior restraints on attorneys practicing before it, there must be facts showing a "substantial likelihood of material prejudice" to an adjudicative proceeding. *Gentile v. State Bar of Nev.,* 501 U.S. 1030, 1037 (1991). Any order restraining the comments of the parties must be narrowly drawn and less restrictive alternatives such as voir dire, change of venue, or some other device must not be available. *See Gentile*, 501 U.S. at 1075. In *Gentile*, the Supreme Court specifically rejected a strict scrutiny analysis for attorney speech because attorneys participating in a pending case have "special access to information through discovery and client communications" which poses "a heightened threat to the fair administration of justice." *Gentile*, 501 U.S. at 1074. Thus, the Court recognized that orders restraining attorney speech address "two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Gentile*, 501 U.S. at 1075.

Defendant Lampo "readily acknowledges" in its motion that counsel was permitted to "publicly identify himself as an attorney in the litigation, briefly describe his client's claims, and solicit the assistance of third-parties for assistance obtaining evidence in good faith." (Doc. No. 225 at 13). Thus, the only issue for this Court to address is whether the portions of counsel's post stating "[t]here were other people terminated at about the same time (July 2020) for what we *believe* were similar reasons yet Lampo refused to identify who they are," (emphasis added) and "[f]urther we have recently received company wide e-mails from a number of ex employees which bolster our claim which Lampo has hidden from us in discovery," somehow pose a "substantial likelihood of material prejudice" likely to influence the outcome of the trial. *Gentile v. State Bar*

*of Nev.,* 501 U.S. at 1075. Even if this Court were to find that that the post did somehow pose a substantial risk of materially impacting the outcome of the trial, the Court must determine whether there are less restrictive alternatives to address the "material prejudice" other than those requested by Defendant Lampo. *Gentile v. State Bar of Nev.,* 501 U.S. at 1037.

### A. Plaintiff's Counsel's Post in a Forum Dedicated to the Dislike of David Ramsey and his Companies Did Not Create a Risk of Substantial Material Prejudice

The on-line community in which the post at issue was made, "r/DirtyDave," by its very title shows that it is composed of community members who do not like Mr. Ramsey or his companies. Thus, the majority of the on-line community members already have a negative, prejudicial view against him and his companies. A quick search of the "r/DirtyDave" community also shows that this on-line community follows the lawsuits filed against Lampo and Mr. Ramsey. For example, there was a post from approximately two weeks ago regarding the decision to allow a lawsuit to proceed against Mr. Ramsey for firing a pregnant employee.[7] In the comments to this post, at least two community members referred to Mr. Ramsey as a "bigot and sexist."[8]

There was a community post approximately one year ago where a community posted about the *Amos v. Lampo* case being used as a case study during an HR training.[9] One community member commented that "the emails that were entered into the record are wild. They basically accuse the man's wife of being overreactive and being overly-anxious about covid. She was asthmatic and exercising proper precautions"[10] It is clear through this comment that on-line community members have been and are continuing to follow the litigation in this case and accessing publicly available documents.

---

[7] *See* Exhibit 2, Screenshot of Lawsuit post and relevant comments
[8] *Id* at 2.
[9] *See* Exhibit 3, Screenshot of Case Study post and relevant comments.
[10] *Id.*

Another comment on this post approximately three months ago by user Wafflebot17 stated "[t]hey should do a whole lecture on Ramsey for how to have a huge liability in every HR class. Surprised he hasn't been sued more."[11] The original poster, Scrapdog69, commented approximately two months ago, that "[t]he room was filled with about 2000 HR professionals and lawyers. It was essentially a warning of what not to do as a business owner. How even religious freedom has limitations in times of public emergencies and employees may not feel the same way even as fellow Christians, Jews, etc."[12] Scrapdog69 further stated that "[t]here was a collective gasp when the lawyer presenting cited the case and quoted 'just pray the disease away.' I think most knew it was cunty behavior on Ramsey and his 'leaders' who are all weak cucks."[13] [14] In response to a post about the Court of Appeals reinstating Plaintiff's claims, kveggie1 stated "Thank you. This proves to me that Ramsey Illusions is a religious cult. Disagree with the religious views of Dave, you are out, you are chastised, you are evicted from your job."[15]

Clearly, the posts and comments in the "r/DirtyDave" community show that by virtue of their membership in the community, they have already formed strong negative opinions of Dave Ramsey and Lampo. Prejudice is an unfair and unreasonable opinion or feeling, especially when formed without enough thought or knowledge.[16] It would be impossible to "prejudice" a group against Ramsey and Defendant Lampo, when the group has already formed such strong negative opinions about Dave Ramsey and Defendant Lampo.

---

[11] Exhibit 3 at 5
[12] Exhibit 3 at 7
[13] According to Dictionary.com, a cuck is defined as (1) a man whose wife or girlfriend is unfaithful; cuckold. (2) a weak, subservient, or contemptible person, especially a man. https://www.dictionary.com/browse/cuck
[14] Exhibit 3 at 7
[15] Exhibit 4
[16] *See* https://dictionary.cambridge.org/dictionary/english/prejudice.

As clearly shown by the name of the on-line community and the numerous posts against Ramsey and Lampo, including but not limited to those laid out above, there is simply no evidence that the undersigned would reasonably believe that there was a "substantial likelihood of materially prejudicing" the outcome of the trial in this matter by posting the request for help.[17] *See Gentile*, 501 U.S. at 1074-75. The entire community by its very nature already has negative opinions against Ramsey and Defendant Lampo, that is the very purpose of the group, and no post by counsel for Amos was going to impact those opinions one way or the other.

There is absolutely no evidence that Plaintiff Amos or his counsel knew, believed, or intended for the post to have any impact, much less a substantial impact, on the outcome of the trial or prejudice the jury venire. As the Supreme Court has stated, in cases raising First Amendment issues such as this one, "courts are obligated to 'make an independent examination of the whole record' in order to make sure that 'the judgment does not constitute a forbidden intrusion on the field of free expression.'" *Gentile*, 501 U.S. 1038 (citing *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 499 (1984) (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 284–286 (1964))). A review of the record as a whole in this case shows that Plaintiff Amos' counsel did not violate Local Rule 83.04 or TNRPC 3.6.

As Rule 3.6 provides, counsel is permitted to comment on matters that are already in the public forum. *See* TN R S CT Rule 8, RPC 3.6(b)(2). The post at issue contained information that was already in the public forum through the filing of the complaint, discovery responses, and numerous motions filed by Plaintiff Amos for discovery disputes for non-disclosure, including a

---

[17] As defendant states- they can only show that 99 people have seen the post. According to the US Census Bureau, Nashville-Davidson--Murfreesboro--Franklin, TN Metro Area has a population of 2,104,235. So, 99 people would represent .0047% of the jury pool. Hardly a "substantial impact" or a "material prejudice" to Defendant's right to an impartial jury as Defendant claims. *See* https://censusreporter.org/profiles/31000US34980-nashville-davidson-murfreesboro-franklin-tn-metro-area/

motion for sanctions specifically for violating a court order. The orders on each of these Motions including the Motions for Sanctions were granted by Magistrate Holmes. (Docs No's. 66, 67, 82, 97, and 134). Since the allegations of discovery violations are already in the public forum including an order from the court that Defendant **_did violate a court order_** regarding discovery, counsel's statements in the post cannot be said to have violated TNRCP 3.6.

The post was a request for assistance with the investigation of the claims in this matter, which defendant Lampo agrees was allowable. (Doc. No. 225 at 13). The post made a brief statement about the allegations in the case, again permissible pursuant to TNRCP 3.6(b)(1). The post stated Plaintiff Amos' belief that others were terminated for similar reasons as the claim in this case and that Lampo was refusing to identify them, thus asking for assistance from the community members in identifying those individuals, also permissible under TNRCP 3.6(b)(4). Finally, the post stated that defendant Lampo had hidden emails in discovery that counsel believed bolstered the claims in this case, again explaining Plaintiff Amos' need for assistance in the investigation of the case and a matter already in the public record. TNRCP 3.6(b)(2) & (4). Because the post was in compliance with TNRCP 3.6, Defendant Lampo's motion is meritless.

Further, Defendant Lampo offers no evidence as to how counsel knew that his post was substantially likely to influence the outcome of the trial. Defendant Lampo merely speculates that potential jurors may think poorly of it and/or its counsel but does not articulate how the post might substantially impact the **outcome** of the trial. It is not enough that **potential** jurors **may** develop some dislike of counsel or the defendant, there must be an impact on the outcome of the trial. The First Amendment right to free speech cannot be curtailed based on pure speculation or hatred for Plaintiff's attorney alone.

As the Supreme Court noted in *Gentile*, its decision in *Mu'Min v. Virginia,* 500 U.S. 415,

(1991), provides a "pointed contrast" to defendant Lampo's contentions in this case. *Gentile*, 502

U.S. at 1039. In *Mu'Min* case, the community had been subjected to an onslaught of pre-trial

publicity prior to Mu'Min's trial for capital murder. *See id.* "News stories appeared over a course

of several months and included, in addition to details of the crime itself, numerous items of

prejudicial information inadmissible at trial. Eight of the twelve individuals seated on Mu'Min's

jury admitted some exposure to pretrial publicity." *Gentile*, 502 U.S. at 1039. Despite the nature

and amount of publicity, the Court held that the publicity did not rise even to a level requiring

questioning of individual jurors about the content of the publicity. *Id.* In light of that holding,

defendant Lampo's allegation here are clearly meritless. The allegation that a post relating to the

case, which was posted in an online community openly dedicated to the dislike of Ramsey and his

businesses, created a "substantial likelihood of materially prejudicing the proceeding is, to say the

least, most unconvincing." *Gentile*,502 at 1039.

> **B. Even if Counsel Should Have Known That His Post Created a Substantial Likelihood of Materially Prejudicing the Proceedings, there are Much Less Restrictive Alternatives than Defendant Lampo Demands.**

Defendant Lampo requests this Court to sanction Plaintiff Amos because of the subreddit

post. Defendant requests (1) dismissal, (2) conversion to a bench trial, (3) a continuance of the trial

to allow Defendant to file an updated summary judgment motion, (4) a protective "gag" order,

and/or (5) an award of Defendant's reasonable attorney's fees, costs, and expenses. (Doc. No. 225

at 16). In other words, Defendant seeks this court to give them a "second bite at the apple" for all

the things they failed to do originally. This is the true reason for this blatantly improper and vitriolic

motion.[18] Further, Defendant's request completely ignores the Supreme Court's guidance that any order restraining the comments of the parties must be narrowly drawn and that less restrictive alternative such as voir dire, change of venue, or some other device is not available. *See Gentile*, 501 U.S. at 1075.

Use of the *voir dire* process is an available and satisfactory alternative that is less restrictive than defendant Lampo's requests and that will result in a fair and impartial jury. The ultimate goal of voir dire is to seat a jury that is competent, unbiased, and impartial. *State v. Howell,* 868 S.W. 2d 238, 247 (Tenn. 1993)(*citing State v. Harris,* 839 S.W.2d 54, 65 (Tenn.1992)*; State v. Simon,* 635 S.W.2d 498, 508 (Tenn.1982)*; Mu'Min v. Virginia,* 500 U.S. 415 (1991))*.* "Qualified jurors need not, however, be totally ignorant of the facts and issues involved." *Murphy v. Florida,* 421 U.S. 794, 799–800 (1975). As the Supreme Court and the Sixth Circuit have found, "to hold that the mere existence of any preconceived notion as to the guilt or innocence of the accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Williams v. Bagley*, 380 F.3d 932, 944 (6th Cir. 2004)(citing *Irvin v. Dowd,* 366 U.S. 366 U.S. 717,723 (1961)). Thus, when there is an allegation of bias, the question becomes "did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Bagley*, 380 F.3d at 944 (*quoting Patton v. Yount,* 467 U.S. 1025, 1036 (1984)).

---

[18] Plaintiff does not necessarily oppose a gag order which would apply to all parties, Mr. Ramsey, Daniel Cortez, and anyone else in management at Lampo including all employees in PR as they have done most of the speaking to the media in this case. The order should only apply to speaking to the press and should not apply to Plaintiff seeking information regarding the case via the internet.

Here, it is clear that any alleged bias or impartiality that may have been caused by Plaintiff Amos' post can be dealt with through the voir dire process. There are numerous questions that could be asked of the jury panel to determine whether any of them were impacted by any pre-trial extrajudicial statement. For example, (1) asking if any member of the jury panel is a member of the "r/DirtyDave" community; (2) asking if anyone has ever visited the "r/DirtyDave" community; (3) asking if any member of the jury panel has heard of the case, read about the case, or has any knowledge of the case; (4) asking if information they have learned, heard, or read about the case impacted their opinions on the case or parties in the case; and (5) if any member of the jury has any strongly held opinions about Plaintiff Amos and his counsel or Defendant Lambo and its counsel. Questions could be posed in a general manner and then follow-up questions could be asked of any potential juror responding in the affirmative so as not to expose the entire jury panel to potentially biased opinions and/or material. This is clearly the least restrictive alternative to address defendant Amos' claims of alleged bias.

<u>**CONCLUSION**</u>

Plaintiff Amos has not violated Local Rule 83.04 or TNRPC 3.6. The post at issue contained information in the public domain, was posted in forum that is already prejudiced against Defendant Lampo, and there was no substantial likelihood that the post would impact the outcome of the trial. Because defendant Lampo has failed to show that Plaintiff Amos's counsel violated any rule or substantially impacted the outcome of the trial, his motion to show cause should be denied. Moreover, the voir dire process is a sufficient avenue to cure any potential bias caused by the post.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 3rd day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

                                             /s/ Jonathan A. Street
                                             Jonathan A. Street