## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **BRAD AMOS,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 3:21-cv-00923** |
| | ) **Judge Richardson** |
| **THE LAMPO GROUP, LLC,** | ) **Jury Demand** |
| **Defendant.** | ) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO BIFURCATE

Plaintiff, Brad Amos, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant's Motion to Bifurcate Jury Trial pursuant to Federal Rule of Civil Procedure 42(b). Defendant's Motion seeks to bifurcate the trial into separate proceedings for (1) liability and compensatory damages and (2) punitive damages. However, bifurcation is neither necessary nor appropriate in this case, further the motion is untimely being filed less than a month before trial.

Bifurcation would prejudice Plaintiff, cause unnecessary delay, and burden judicial resources. Defendant has not met its burden to show that bifurcation is warranted under Rule 42(b).

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." However, bifurcation remains the exception, not the rule, and should only be ordered where the party seeking it demonstrates that it

will serve the interests of judicial economy and avoid prejudice without unfairly harming the opposing party. *See In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982).

## II. ARGUMENT

First, bifurcation in this case would not conserve judicial resources. Liability and all damage types are closely intertwined, and many of the same witnesses and evidence are relevant to both phases of trial. Trying these issues separately would result in duplication of evidence and testimony. The Court has made it clear that its schedule is already tight, and bifurcation would actually increase the time required for trial in this case. Plaintiff's case will likely already run until next Friday. If bifurcation is granted, the jury would not receive the question of punitive damages until the middle of the following week.

Second, bifurcation would not serve convenience of either party. Given the difficulty this case has had involving the availability of witnesses, bifurcating would only invite new questions about who could testify when about what. Separating trial would also cause more absence from work by some of the Defendant's leaders. *See Abbott v. Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 1:10-CV-313, 2013 WL 12171732, at *3 (E.D. Tenn. Jan. 30, 2013)(Defendant's motion to bifurcate denied due to the burden it would place on Defendant's workplace).

Turning to prejudice, Plaintiff would suffer severe prejudice through bifurcation by facing undue delay in obtaining complete resolution of his claims. Additionally, the artificial separation of liability and damages risks confusing the jury and diminishing the full context of Plaintiff's claims. Beyond the discrimination alleged in his Amended Complaint, as demonstrated above- the trial for damages would not even start until midway the week after the trial starts.

### III. CONCLUSION

This case can be fairly and efficiently tried before one jury, which can be instructed to deliberate carefully on each element of Plaintiff's claims and damages. Separate trials would only create unnecessary complexity, cost, and delay. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Bifurcate Jury Trial.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 30th day of July, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN 37203
Tel.: (615) 340-6790
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street