**ORDER**
The Motion (Doc. No. 199) is granted as unopposed.
IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 1 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to exclude any references at trial to the caps on Title VII damages at 42 U.S.C. § 1981a, as well as the applicable THRA damages caps at Tennessee Code Annotated §§ 4-21-313, 29-39-102, and 29-39-104.

I. **LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

II. **ARGUMENT**

Plaintiff, Brad Amos, has brought a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Doc. No. 21, PageID#4934–35 ¶¶ 334–347 (Amended Complaint). Plaintiff seeks compensatory damages as well as punitive damages for his Title VII claim. *Id.*,