**ORDER**

The Motion (Doc. No. 200) is denied without prejudice as to Defendant making any objections at trial.

IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| v. | ) | District Judge Richardson |
| | ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 2 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from presenting extraneous evidence or argument regarding the COVID-19 pandemic at trial.

**I.     LEGAL STANDARD**

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

**II.    ARGUMENT**

The Court should prohibit Plaintiff from presenting extraneous evidence or argument regarding the COVID-19 pandemic at trial because they are irrelevant under Fed R. Evid. 401 and 402, and excludable for every reason provided under Fed. R. Evid. 403.