**ORDER**
The Motion (Doc. No. 201) is granted as unopposed regarding evidence of matters specific to other litigation involving Defendant, such as the tactics or results in such litigation. The Motion is otherwise denied without prejudice as to Defendant making any objection at trial.
*Eli Richardson*
IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | Case No. 3:21-cv-00923 |
| Plaintiff, ) | District Judge Richardson |
| v. ) | Magistrate Judge Holmes |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 3 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing any testimony, evidence, or argument about other litigation involving Defendant. Plaintiff seems intent on distracting the jury from his own claims. Such tactics waste the time of the Court, the jury, the parties, and counsel and have no place in this trial. *Cf.* Fed. R. Evid. 403 (evidence should be excluded if probative value is outweighed by the risk of, *inter alia*, "wasting time").

### I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.