UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 3:21-cv-00923 |
| ) | JUDGE RICHARDSON |
| v. ) | |
| ) | |
| THE LAMPO GROUP, LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Pending before the Court is "Defendant's Motion [ ] to Seal its Motion to Seal Its Motion to Seal Doc. No. 224-1" (Doc. No. 230), whereby Defendants requests that the Court maintain under seal Docket No. 231, which is Defendant's "Motion [ ] to Seal Doc. No. 224-1." The Court notes that the Court previously entered a text-only order (Doc. No. 232), which ordered docket No. 224-1 to remain under seal temporarily, pending a final determination as to whether Docket No. 224-1 should remain under seal as requested via Docket No. 231.

The situation is rather confusing. But the upshot is that the Court needs to determine both whether to grant Docket No. 231 (which requests the sealing of Docket No. 224-1) and whether to grant Docket No. 230, which requests the sealing of Docket No. 231. Plaintiff has not responded to either of these motions.

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents must meet a high burden, as only, "the most compelling reasons…justify non-disclosure of [the] judicial records." *Id.* (internal citations omitted). If "the

public interest in the litigation's subject matter" is great, then this burden only grows heavier. *Id.* And "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Shane Grp., Inc.* (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Granting a protective-order motion (including a motion to seal, see Fed. R. Civ. P. 26(c)(1)(F)) is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' that values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp.,* 710 F.2d 1165, 1177). However, courts have emphasized the discretion of the trial court in this area, specifically that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. at 598.

But to say that the district court has "supervisory power" or "discretion" to deny access to documents is not to say that the district court operates without standards. *Id.* To the contrary, the Court must honor the above-referenced three requirements for sealing; if those requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing. On the other hand, where those requirements are satisfied, the Court has the discretion to either grant or deny the request for sealing.

Even where a party provides its own analysis in a motion to seal, a district court that chooses to seal court records must set forth specific findings and conclusions that "justify

nondisclosure to the public." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1176. This is true even if neither party objects to the motion. *Id.* Therefore, a court must explain the basis for sealing court records irrespective of whether anyone objects to it. And the Court will do so here with respect to the documents that Defendant contends should be placed, and remain, under seal.

ANALYSIS

The Court concurs with Defendant's characterization of Docket No. 224-1 (a deposition transcript) as containing private information regarding innocent third parties as to which there is a compelling need to seal. (Doc. No. 231 at 1-6). Notably, Defendant has set forth portion by portion what portions of the deposition transcript it seeks to keep under seal, (Doc. No. 231 at 8-12), while leaving the remaining portions public by not redacting them in the redacted version of the transcript proposed by Defendant)

Furthermore, the Court agrees with the view of Defendant, (Doc. No. 231 at 5, 7) that the interests of the public in viewing the content of the private information is minimal. The content of the private portions of Docket No. 224-1 are not essential to understanding the claims or issues in this case or any decision of this Court thereon.

Finally, the requested sealing is sufficiently narrow, as it relates to only a single document and is accompanied by the proposed redacted version that redacts only truly private information as to which Defendant (portion by portion) has justified keeping under seal.

Accordingly, the motion to seal Docket No. 224-1 (Doc. No. 231) is **GRANTED**. Accordingly, the Clerk shall maintain Docket No. 224-1 under seal. Within ten days of the entry of this Order, Defendant shall file the proposed redacted of Docket No. 224-1 found at Docket No. 231-1.¹

---

1 Docket No. 231-1 is and shall remain under seal. One might ask why Docket No. 231-1 cannot be unsealed, since it reflects all required redactions to Docket No. 224-1. The answer is that Defendant showed

As for Docket No. 231, it is subject to sealing for the same reasons that Docket No. 224-1 is, because it (Docket No. 231) discusses a fair amount of content found in Docket No. 224-1. Accordingly, the motion to seal Docket No. 231 (Doc. No. 230) is **GRANTED**. Accordingly, the Clerk shall maintain Docket No. 231 (including Docket No. 231-1) under seal. Within ten days of the entry of this Order, Defendant shall file a redacted version of Docket No. 231, which obscures only such information in Docket No. 231 that Defendant properly considers to be private.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

the proposed redactions in a way that kept visible all of the words that it proposed to be redacted (obviously, so the Court could see all of them); that is, in Docket No. 231-1, Defendant *outlined* those words rather than *obscured* them.