# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-00923 |
| | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION AND MEMORADUM TO SEAL DOC. 224-1

Defendant, The Lampo Group, LLC ("Lampo"), by and through the undersigned counsel and pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 5.03 and the Agreed Confidentiality Order entered in this case (Doc. 42), moves the Court to seal the Exhibit to Plaintiff's Response to Defendant's Motion to Quash. (Doc. 224-1). Should the Court deny the Motion to Seal this motion, Defendant requests the Court to grant us leave to file a redacted version of this Response for consideration.

In *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016), the Sixth Circuit required litigants seeking to seal documents to provide "compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 207 (quoting *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. June 7, 2016).

## Legal Standards

Defendant requests the Court to seal the document at issue for one basic reason -- to protect the privacy interests of non-parties to this lawsuit. At the outset, Defendant acknowledges that courts recognize a "strong presumption in favor of openness" as to court records and that its burden

of overcoming the strong presumption is a heavy one. *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). As the Sixth Circuit noted in *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983), "[o]nly the most compelling reasons can justify non-disclosure of judicial records." Defendant is adamant that the most compelling reasons exist to seal the document described in the Sections, particularly because the subject matter is primarily personal information and opinions of innocent third parties that relates to intimate details of their personal lives or is solely aimed at revealing personal opinions of the deponent regarding topics that are wholly unrelated to Plaintiff's claims. Furthermore, Plaintiff does not rely on the majority of the deposition transcript in his response to the Motion to Quash.

The Sixth Circuit recognizes that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 474 (6th Cir. 1983). In *Knoxville News-Sentinel*, the records in question were financial records of third parties who had a justifiable expectation of privacy. *Id. at 477.* The court concluded that releasing the personal financial records of third parties advanced no public interest that outweighed the competing interests of privacy of the non-parties. *Id.* at 477-478 (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

Federal Rule of Civil Procedure 5.2 requires parties to redact certain information from public filings. The rule is intended "to protect privacy and security concerns" of individuals by requiring parties to redact a limited amount of personal information in court filings. Fed. R. Civ. P. 5.2; *Concerned Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016). Under this rule, the court may require "redaction of additional information" or "limit or prohibit" access to a document filed with the court for "good cause." Fed. R. Civ. P.

2

5.2(e). The "good cause" standard under Rule 5.2 requires courts to "balance the public's right of access against the party's interest in keeping information confidential." *Paresky v. United States*, No. 18-23569, 2019 WL 4888689, at *2 (S.D. Fla. Aug. 30, 2019) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

In *Shane Grp.*, the Sixth Circuit acknowledged that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." 825 F.3d at 308 (*quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The court went on to comment on its holding in *Knoxville News-Sentinel* favoring sealing of third-party financial information concluding that "the [third parties] themselves had done nothing to give rise to the suit." *Id.*

The Tennessee Supreme Court has explained that protective orders limiting the disclosure of certain information or documents "are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Ballard v. Herzke*, 924 S.W.2d 652, 658 (Tenn. 1996). In this case, much of the information filed by Plaintiff is not referenced in the judicial proceedings so there is no public interest in obtaining the information. In balancing a party's privacy interest and the public's right to know, the Tennessee Supreme Court identified six factors for trial courts to consider:

- Factors that weigh in favor of finding good cause for a protective order:

    1. The litigation involves private litigants;

    2. The litigation concerns matters of private concern or of little legitimate public interest; and

    3. Disclosure would result in serious embarrassment or other specific harm.

- Factors that weigh against finding good cause for a protective order:

    4. The party benefitting from the protective order is a public entity of official;

    5. The information sought to be sealed relates to a matter of public concern; and

3

6. The information sought to be sealed is relevant to other litigation and sharing it would promote fairness and efficiency.

*Id.* at 658-59. None of the six factors are accorded any particular weight. *Id.* The trial court is ultimately entrusted to, in its sound discretion, evaluate these six factors based on the factors of each individual case and make a decision as to whether a protective order should issue. *Id.*

When the confidentiality of certain records is recognized by law, then it is appropriate for a court to seal them. In *Knoxville News-Sentinel*, the Sixth Circuit denied the press request to unseal the financial records of non-parties in part because of Congressional recognition of the records as confidential per 5 U.S.C. §552 ("FOIA"). FOIA provides nine (9) exceptions for disclosure of documents from public files. 5 U.S.C. §552(b). In *Knoxville News-Sentinel*, the financial records that the press wanted unsealed were excepted from FOIA requests per 5 U.S.C. §552(b)(8). Of relevant importance to the present case is one of the exceptions to disclosure found in FOIA – "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" 5 U.S.C. §552(b)(6).

In *Knoxville News-Sentinel*, the Sixth Circuit found it compelling that the plaintiff in the case had disclosed information pursuant to a protective order that had been entered in the case. 723 F.2d at 478. The Court noted that the plaintiff's significant reliance on the protective order placed the plaintiff in a position that could only be reversed under extraordinary circumstances or the showing of a compelling need. *Id.*

Courts have also recognized the need to seal information that is not otherwise public in order to protect a non-party's identity or identifying information when there is no discernable public value in maintaining the information in the record. *See Walsh v. Doner Int'l Ltd.*, 2020 BL 298130 (E.D. Mich. Aug. 07, 2020) (holding that while names of customers would not be redacted, birthdates of customers would be redacted). This Court recently found that the public has no

4

interest in "the names, addresses, or contact information of any third parties, nor does the public have an interest in accessing other information that is unrelated to the case and could serve to identify or embarrass third parties." *O'Connor v. Lampo Grp.*, No. 3:20-CV-00628, 2022 WL 3569588, at *2 (M.D. Tenn. Aug. 18, 2022).

The Supreme Court has stated that "pretrial depositions and interrogatories are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). The Court acknowledged that much of the information revealed "during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Id*. Therefore, an order to seal wholly unrelated deposition testimony is "not a restriction on a traditionally public source of information." *Id*. Furthermore, Defendant is asking the Court to seal this document in part because it has no bearing on the case or at least the motion to quash. While hard to fathom, it is possible that some of the sealed documents might have some relevancy to the case at a later date. The document can always be unsealed by the Court at a later date if for some reason the public interest warrants it.

Dave Ramsey ("Mr. Ramsey") is no longer a party to this lawsuit nor should he have ever been. Mr. Ramsey was deposed in his individual capacity, not as a representative of Defendant. Plaintiff questioned Mr. Ramsey on his personal views regarding a variety of social issues and hypothetical applications of Defendant's "Company Conduct" policy[1] unrelated to Plaintiff's employment or his claims in this lawsuit. Defense counsel objected to Plaintiff's questions,

---

[1] Defendant's "Company Conduct" policy (also referred to as the Righteous Living Policy) states: "The image of Ramsey Solutions is held out to be Christian. Should a team member engage in behavior not consistent with traditional Judeo-Christian values or teaching, it would damage the image and the value of our good will and our brand. If this should occur, the team member will be subject to review, probation or termination." Plaintiff does not allege that he was terminated under this policy.

5

invoked FRCP 30(d) regarding this line of questioning, and stated Defense counsel's intent to file for a protective order. FRCP 30(d)(3) governs motions to terminate or limit depositions and provides that, "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Defense counsel asserted that the examination was going too far afield. Plaintiff asked Mr. Ramsey almost no questions about Plaintiff and very few about his claims. Instead, Plaintiff deposed Mr. Ramsey for nearly six hours focused mostly on Mr. Ramsey's personal views on COVID, social issues, some of which are controversial, and how he believed Defendant would react in hypothetical situations. For example, Plaintiff asked Mr. Ramsey:



(Ramsey Deposition 168:8-169:9). Similar lines of unrelated questioning continued throughout Mr. Ramsey's deposition:



(Ramsey Deposition 235:10-19). █████████████████████████████████

█████████████████████████████████████████████

Mr. Ramsey was the only deponent Plaintiff asked these questions. Importantly, Plaintiff did not rely on any of these lines of questioning in his opposition to summary judgment. Plaintiff did not cite the portion of the testimony that Defendant seeks to redact in his response to the motion to quash. With respect to the three *Ballard* factors above that weigh in favor of sealing, the parties are private litigants, and their dispute is a matter of private concern with little or no discernable public interest. Plaintiff is attempting to incite public interest through his irrelevant examination of Mr. Ramsey. Plaintiff seems intent on putting Mr. Ramsey's personal views on trial, which have nothing to do with Plaintiff's termination from employment. Sealing Mr. Ramsey's testimony is not a restriction on a traditional source of public information. No public need is served by releasing Mr. Ramsey's personal opinion on controversial social issues or unrelated lawsuits against Defendant.

### Deposition of Dave Ramsey – Doc. 224-1 ("Ramsey Deposition")

Defendant marked portions of the Ramsey Deposition "Confidential" per the Agreed Confidentiality Order. Defendant requests the Court to keep the Ramsey Deposition under seal. Its release to the public serves no purpose in this lawsuit. The only reason Plaintiff has for filing the deposition of Mr. Ramsey is to gain media attention and thus public attention.

Alternatively, if the Court is not inclined to seal the entire deposition of Mr. Ramsey, Defendant requests the Court to redact portions of the deposition. Defendant has filed under seal

---

█
████████████████████████████████████████████████
███████████████████████████████████████

Exhibit 231-1 for the Court's eyes only that include proposed redactions for the Court's consideration. The reasons for the redactions on each page are as follows[3]:



---

[3] Because the sealed documents do not contain numbers per the Court's filing system, Defendant has used the actual page numbers of the deposition pages in question.



| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

Respectfully submitted,

/s/Stephen C. Stovall
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric Lyons (TN #36105)
Stephen Stovall (TN #37002)

Molli Guinn (TN #41258)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com
elyons@bartonesq.com
sstovall@bartonesq.com
mguinn@bartonesq.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 27, 2025, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan Street
Zachary Brown
Brandon Hall
Cullen Hamlin
EMPLOYMENT & COMMERCE LAW GROUP

*Attorneys for Plaintiff*

/s/Stephen C. Stovall
Stephen C. Stovall (TN #37002)
*Attorney for Defendant*

14