**ORDER**
The Motion (Doc. No. 210) is **DENIED** without prejudice as moot, for the reasons set forth in Defendant's Response (Doc. No. 266).
IT IS SO ORDERED. *Eli Richardson*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>THE LAMPO GROUP, LLC, )<br>)<br>)<br>  Defendant. ) | Case No. 3:21-cv-00923<br>Judge Richardson<br>Jury Demand |

## PLAINTIFF'S THIRD MOTION IN LIMINE

Plaintiff, Brad Amos, by and through counsel move the Court to prohibit Defendant from introducing evidence indicating or suggesting that Defendant's employees must follow a certain religion because the majority of Defendant's customers, consumers, or target audience sharing the same religious belief.

First, it is now widely accepted that a company's desire to cater to the perceived racial preferences of its customers is not a defense under Title VII for treating employees differently based on race. *See* Crane *v. Mary Free Bed Rehab. Hosp.*, No. 1:13-CV-1294, 2015 WL 10791897, at *6 (W.D. Mich. Mar. 13, 2015), aff'd, 634 F. App'x 518 (6th Cir. 2015).; *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861, 910 (7th Cir. 2023). Just as a Defendant may not use the racial preferences of its customers as a defense to a Title VII claim, it may not use religion for the same purpose.

EEOC Guidance also opines on the matter of customer preference. The Guidance states, "An employer's action based on the discriminatory preferences of others, including coworkers or customers, is unlawful." U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM'N, Section