**ORDER**
The Motion (Doc. No. 213) is **DENIED** on the grounds that it is overbroad and it fails to identify any particular testimony to be deemed admissible.
IT IS SO ORDERED.

*Eli Richardson*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00923 |
| ) | Judge Richardson |
| THE LAMPO GROUP, LLC, ) | Jury Demand |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SIXTH MOTION IN LIMINE**

Plaintiff, Brad Amos, through undersigned counsel, pursuant to Rules 401, 403, and 406 of the Federal Rules of Evidence, moves this Court to allow testimony regarding the existence of other lawsuits against Defendant and evidence and witnesses from other lawsuits against Defendant, as applicable.

Defendant has been in litigation with plaintiffs not dissimilar from Mr. Amos for years. The existence of these cases is well known and easily ascertainable via public records. The existence of Defendant's other cases and their facts meet the relevance standard set in Rule 401. The probative value of Defendant's other cases is more than enough to outweigh any prejudicial effect. Further, establishing the existence and brief facts from other litigation will not take much time or confuse the jury—Defendant simply must acknowledge that the other cases have occurred. Further, Defendant has acted similarly in multiple cases, so much so that it is possible that the existence of those cases themselves, much less evidence from those cases, can establish a pattern or routine under Rule 406.

These cases would also be relevant to Plaintiff's claims for punitive damages as well. In