**ORDER**
The Motion (Doc. No. 215) is **GRANTED** as unopposed.
IT IS SO ORDERED.

*Eli Richardson*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S EIGHTH MOTION IN LIMINE

Plaintiff Brad Amos, through undersigned counsel, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, respectfully moves the Court exclude any evidence or reference to Plaintiff's Determination and Notice of Rights ("Determination") received from the Equal Employment Opportunity Commission ("EEOC").

Prior to filing his Complaint, Plaintiff filed a Charge of Discrimination with the EEOC on December 21, 2020, and received a Determination on September 14, 2021. The EEOC Determination states that it is the "only notice of *dismissal* and of your right to sue." Additionally, the Determination notes that the Notice of Right was "Requested." (Doc. No. 1-1, page 2)(emphasis added).

Evidence regarding the EEOC Determinations is inadmissible because they are not relevant under Rule 401. See EEOC v. Chrysler, 610 F. Supp. 2d 818, 826-27 (E.D. Mich. 2009) (declining to consider EEOC's right to sue letter in deciding a motion for summary judgment because "the right to sue letter appears to be irrelevant in the most basic sense—it fails to make any fact at issue either more or less probable"). Cf. EEOC v. Ford Motor Co., 1996 U.S. App.