IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 3:21-cv-00923 |
| | ) JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) ) |
| Defendant. | ) |

## AMDENDED ORDER (AMENDING THE ORDER
## AT DOCKET NO. 303 TO ADD SECOND PARAGRAGH HEREIN)

Plaintiff's Seventh Motion in Limine (Doc. No. 214) is DENIED on the grounds that it is based on the premise that at a jury trial "the plaintiff has the initial burden of establishing a prima facie case" of religious discrimination, which the Court rejects because the premise incorrectly presumes that the McDonnell-Douglas framework is applicable at a jury trial.

To put the matter somewhat differently, the better view (by far) is that the McDonnell Douglas framework is entirely inapplicable to a jury (as opposed to bench) trial, i.e., inapplicable to any and all claims at a jury trial. Accordingly, Plaintiff's Seventh Motion in Limine is DENIED as moot because the granting of a motion in limine is unnecessary for Plaintiff to obtain the result that he is seeking via his Seventh Motion in Limine—namely, that the Court decline to apply the McDonnell Douglas framework to Plaintiff's *religious nonconformity claim* in particular. To be clear, the Court will not apply that framework to any claim at the trial of this case.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE