IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00923 |
| | ) JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a "Motion For An Order to Show Cause" (Doc. No. 225, "Motion") filed by Defendant, the Lampo Group, LLC. Via the Motion, Defendant "moves the Court for an Order requiring Plaintiff, Brad Amos, to show cause at or before the Pretrial Conference . . . why Plaintiff and his lead counsel, Jonathan Street, should not be sanctioned to remedy recent extrajudicial defamatory online statements made by Mr. Street." (Doc. No. 225 at 1). Also via the Motion, Defendant seeks various sanctions for purported violations of Local Rule 83.04(a) and TNRPC 3.6. (Doc. No. 225 at 9-21). Plaintiff has filed a response (Doc. No. 284, "Response") in opposition to the Motion.

For the reasons described herein, the Motion is **DENIED**.

### BACKGROUND

The instant Motion concerns a post ("Offending Post") made by Plaintiff's counsel, Jonathan Street ("Mr. Street") on Reddit,[1] "in a sub-forum—or 'subreddit'—titled 'r/Dirty Dave.'"

---

[1] Reddit is an "international internet forum." (Doc. No. 225 at 3).

(Doc. No. 225 at 3).[2] It appears that the Offending Post has since been deleted.[3] The Court repeats the Offending Post, titled "Brad Amos Attorney here- looking for help" in full below:

> I am Brad Amos' attorney in his lawsuit against Lampo for religious discrimination. Our client was fired because he did not accept Dave's view that the only proper precaution to take against COVID was prayer. When our client insisted on taking other precautions to protect his family, he was terminated. There were other people terminated at about the same time (July 2020) for what we believe were similar reasons yet Lampo has refused to identify who they are.
>
> Further- we have recently received company wide e-mails from a number of ex employees which bolster our claim which Lampo has hidden from us in discovery.
>
> So I'm asking for your help- if anyone has any e-mails or is aware of any employee who was terminated for taking precautionary actions I [sic] response to covid- can you please e-mail me at street@eclaw.com? Any help is appreciated as we have discovered a lot of evidence from ex-employees which Lampo actively hid in violation of court rules.
>
> Anything you may have that can help would be appreciated.
>
> I'm not an active Reddit user but I will check back here for any response or messages I receive on Reddit as well.
>
> Thanks
>
> Jon Street

(Doc. No. 225-1 at 1).

Defendant argues that "[Mr. Street's assertions that] Defendant has 'hidden' 'company wide e-mails from a number of ex employees which bolster [Plaintiff's] claim' and that Defendant has 'actively hid' evidence 'in violation of court rules' during discovery are verifiably false." (Doc. No. 225 at 4).

---

[2] At the time the Offending Post was made, the r/DirtyDave subreddit had approximately 19,000 members. (Doc. No. 225 at 6).

[3] Following the link to the Offending Post provided by Defendant in its Motion, (Doc. No. 225 at 4 n.2), takes a user to a Reddit webpage that reads "Sorry, this post was deleted by the person who originally posted it." A screenshot of the Offending Post and comments to the Offending Post was filed by Defendant with their Motion at Docket No. 225-1, and the Court relies on that filing herein.

> Defendant further argues :
>
> Mr. Street's extrajudicial public comments in the Reddit post go far beyond articulating Plaintiff's theory of the case and venture into defamation of Defendant and, by extension, its counsel. Such behavior is unnecessary and unacceptable, especially in the context of Mr. Street making the post on an anonymous, easily accessible internet forum three weeks before trial and encouraging the dissemination of the post by asking readers to provide "[a]ny help" they can.

(*Id.* at 8).

At base, Defendant argues that "[t]he false statements in Plaintiff's Reddit post defame Defendant in plain violation of Local Rule 83.04(a) of the Middle District of Tennessee and Tennessee Rule of Professional Conduct 3.6," (*id.* at 9), "by materially prejudicing Defendant's right to a fair trial by an impartial jury." (*Id.* at 12). Accordingly, Defendant requests myriad relief, including that the Court:

> (1) Dismiss Plaintiff's lawsuit with prejudice; (2) Convert the impending July 2025 jury trial into a bench trial; (3) Continue the July 2025 trial and allow Defendant to file an updated summary judgment motion addressing all of Plaintiff's remaining claims; (4) Enter a protective "gag" order prohibiting Plaintiff and his attorneys from making extrajudicial comments regarding the litigation and compelling Plaintiff's counsel to retract any previous violations of Local Rule 83.04; and/or (5) Award Defendant its reasonable attorney's fees, costs, and expenses incurred in preparing this motion as well as preparation for the jury trial in this matter.

(*Id.* at 1).

As noted above, Defendant also requests "an Order requiring Plaintiff . . . to show cause at or before the Pretrial Conference . . . why Plaintiff and his lead counsel, Jonathan Street, should not be sanctioned to remedy recent extrajudicial defamatory online statements made by Mr. Street." (*Id.*).

Plaintiff argues first that the Offending Post "did not create a risk of substantial material prejudice," (Doc. No. 284 at 5) (cleaned up), and that "[t]here is absolutely no evidence that Plaintiff . . . or his counsel knew, believed, or intended for the post to have any impact, much less

a substantial impact, on the outcome of the trial or prejudice the jury venire." (*Id.* at 7). Alternatively, Plaintiff argues that "even if Counsel should have known that [the Offending Post] created a substantial likelihood of materially prejudicing the proceedings, there are much less restrictive alternatives than Defendant [ ] demands." (*Id.* at 9).

## DISCUSSION

As the parties correctly note, Local Rule 83.04(a) and TNRPC 3.6 govern this dispute.

Local Rule 83.04(a) provides in relevant part:

> **By Lawyers**. To promote fairness and protect the integrity of the judicial process, lawyers' conduct in releasing information is subject to TNRPC 3.6, which lawyers are expected to thoroughly review.

Thus, Local Rule 83.04(a) incorporates TNRPC 3.6 such that any violation of Local Rule 83.04(a) is dependent on whether an attorney violates TNRPC 3.6.

TNRPC 3.6 in turn provides:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding.
> (b) Notwithstanding paragraph (a), a lawyer may state:
>     (1) the claim, offense, or defense involved and, except when prohibited by law, the identity of the persons involved;
>     (2) information contained in a public record;
>     (3) that an investigation of a matter is in progress;
>     (4) the scheduling or result of any step in litigation;
>     (5) a request for assistance in obtaining evidence and information necessary thereto;
>     (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and
>     (7) in a criminal case, in addition to subparagraphs (1) through (6):
>         (i) the identity, residence, occupation, and family status of the accused;
>         (ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;
>         (iii) the fact, time, and place of arrest; and

> > (iv) the identity of investigating and arresting officers or agencies and the length of the investigation.
>
> (c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.
>
> (d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

Thus, for an attorney to run afoul of TNRPC 3.6's proscriptions (and thereby Local Rule 83.04(a)), three things must be true. First, under TNRPC 3.6(a), the attorney *must know or should know* both that an extrajudicial statement will be disseminated by means of public communication. Second, and also under TNRPC 3.6(a), the attorney *must know or should know* that the extrajudicial statement will have a substantial likelihood of materially prejudicing an adjudicative proceeding.[4] And third, all of provisions in TNRPC 3.6(b)—which all serve as safe harbors with respect to TNRPC 3.6(a)—must be inapplicable; in other words, none of the safe harbors listed in TNRPC 3.6(b) can be applicable.[5] Therefore, the primary question before the Court is whether Mr. Street knew or should have known both that the Offending Post would be disseminated by means of public communication and that the Offending Post would have a substantial likelihood of

---

[4] The Court notes here that its understanding that a violation of TNRPC 3.6(a) requires that an attorney must have known (or should have known) that an extrajudicial statement will be disseminated by means of public communication *and* must have known (or should have known) that the extrajudicial statement will have a substantial likelihood of materially prejudicing an adjudicative proceeding (as opposed to requiring that an extrajudicial statement have (objectively) the effect of materially prejudicing an adjudicative proceeding) is supported by the third comment to TNRPC 3.6. The third comment to TNRPC 3.6 provides that TNRPC 3.6 "sets forth a basic general prohibition against a lawyer's making statements that the lawyer knows or reasonably should know will have a substantial likelihood of materially prejudicing an adjudicative proceeding." TNRPC 3.6 cmt. 3. Accordingly, the Court will engage in an analysis of whether Mr. Street knew or should have known that the Offending Post would be disseminated by means of public communication and whether Mr. Street knew or should have known that the Offending Post would have a substantial likelihood of materially prejudicing the adjudicative proceeding (i.e., the jury trial) in this action.

[5] The Court is aware that TNRPC 3.6(c) also provides a safe harbor to TNRPC 3.6(a)'s proscriptions. However, in his Response, Plaintiff does not contend that TNRPC 3.6(c) is applicable, and the Court accordingly does not analyze this exception here.

materially prejudicing the adjudicative proceeding in this action (i.e., the upcoming jury trial scheduled for May 19, 2026). If so, then the Court must also examine concurrently whether any of the safe harbors in TNRPC 3.6(b) apply so as to prevent the Court finding that Mr. Street violated TNRPC 3.6(a).

From the briefing on the Motion, it appears that neither party contests that the Offending Post was an extrajudicial statement or that Mr. Street knew or should have known that it would be disseminated by means of public communication (i.e., disseminated through Reddit). So the question becomes whether Mr. Street knew or should have known that the Offending Post was substantially likely to materially prejudice the adjudicative proceeding in this action, and, if so, whether any of the provisions in TNRPC 3.6(b) apply and thus provide Mr. Street a safe harbor.

First, there is a threshold issue of whether Mr. Street knew or should have known that the Offending Post had a substantial likelihood of materially prejudicing the adjudicative proceedings (i.e., the upcoming jury trial) in this action. It is true, as Defendant argues, that by "posting on the Reddit forum [(r/DirtyDave)] he chose, Mr. Street immediately made the post directly accessible to the newsfeeds of the subreddit's nearly 19,000 subscribers and risked the post 'going viral.'" (Doc. No. 225 at 14). However, irrespective of the advisability and professionalism (or lack thereof) of Mr. Street making the Offending Post, the Court cannot find that Mr. Street knew or should have known that the Offending Post, even if ill-advised and perhaps inflammatory, had a *substantial likelihood of materially prejudicing* the adjudicative proceeding in this action.[6] This is

---

[6] To the extent that Defendant is seeking relief from this Court on the grounds that the Offending Post *actually* materially prejudices Defendant's right to a fair trial by an impartial jury regardless of whether Mr. Street violated TNRPC 3.6 or Local Rule 83.04(a), the Court at this juncture fails to see how the Offending Post would materially prejudice Defendant's right to a fair trial, and, as implied in a footnote below, the Court believes that the jury-selection process can prevent any prejudice (i.e., prevent any *potential* prejudice from becoming *actual* prejudice) to Defendant from the Offending Post.

particularly true because Defendant likely would be able to strike for cause any potential juror(s) who for some reason came across prejudicial and extrajudicial statements online (including the Offending Post) regarding this action,[7] and because the Offending Post in question, even if ill-advised and perhaps inflammatory, evidently was posted only to a subforum (the r/DirtyDave subreddit) plainly comprising a small fraction of a website that plainly has a vast array of other content for users to consume instead of the Offending Post.[8]

Moreover, even assuming *arguendo* that Mr. Street knew or should have known that the Offending Post had a substantial likelihood of materially prejudicing the adjudicative proceeding in this action, it appears to the Court that the Offending Post was an attempt by Mr. Street to acquire additional evidence regarding any other individuals who may have been terminated for reasons similar to those for which Plaintiff was allegedly terminated. This would seem to be exactly the kind of communication permitted by TNRPC 3.6(b)(5), which provides a safe harbor for an attorney to make "a request for assistance in obtaining evidence and information necessary thereto." Indeed, Defendant acknowledges that "TNRPC 3.6(b)(5) permitted Mr. Street to publicly identify himself as an attorney in the litigation, briefly describe his client's claims, and solicit the assistance of third-parties for assistance obtaining evidence in good faith." (Doc. No. 225 at 13).

---

[7] Defendant argues that "[u]nder the circumstances, Defendant cannot conceivably determine in *voir dire* whether jurors have or have not seen the [Offending Post] and cannot guarantee that the jury pool has not been tainted with preconceived notions about the fairness of the proceeding or whether Defendant and its counsel have abided by the Orders of this Court." (Doc. No. 225 at 12-13). The Court cannot agree with Defendant's conclusion here and can conceive of numerous ways for Defendant to guarantee via the jury-selection process (subject only to the rather remote possibility of potential jurors falsely denying any knowledge they have of the Offending Post) that the jury pool has not been "tainted with preconceived notions about the fairness of the proceeding," especially by identifying through *voir dire* jurors that should be stricken for cause based on their knowledge of, attitude regarding, and reaction to the Offending Post.

[8] Reddit, Inc.'s Form 10-K filed for 2024 reported that Reddit, "[i]n the three months ended December 31, 2024" had "an average of 101.7 million daily active uniques"—that is to say, something like 101.7 million daily active users. Reddit, Inc. (2024). *Form 10-K 2024*. https://www.sec.gov/Archives/edgar/data/1713445/000171344525000018/rddt-20241231.htm.

However, maintaining that Mr. Street went beyond what was permitted by this safe harbor, Defendant takes issue with two assertions by Mr. Street in the Offending Post that (according to Defendant) were false. The first is that "Defendant had terminated other employees for discriminatory reasons," (*id.*), and the second is that "Defendant, and by extension its counsel, [had] 'hidden' 'company wide e-mails from a number of ex[-]employees' from Plaintiff in discovery and claimed to 'have discovered a lot of evidence from ex-employees which [Defendant] actively hid in violation of court rules.'" (*Id*).[9]

The Court will address each of these two assertions in turn.

With respect to the first assertion, Mr. Street specifically wrote in the Offending Post: "There were other people terminated at about the same time (July 2020) for what we believe were similar reasons yet Lampo has refused to identify who they are." (Doc. No. 225-1 at 1). Yet, as far as the Court can tell, this statement is arguably a logically necessary (if poorly written and perhaps inflammatory) portion of a permissible request for assistance in obtaining evidence or information under TNRPC 3.6(b)(5) insofar as Mr. Street naturally would need to give context to his request that "if anyone . . . is aware of any employee who was terminated for taking precautionary actions I [sic] response to covid- can you please e-mail me at street@eclaw.com?" (Doc. No. 225-1 at 1). It is a close call, but the Court finds that in making this assertion in the Offending Post, Mr. Street did not violate TNRPC 3.6, because this assertion arguably falls within the safe harbor of TNRPC 3.6(b)(5).

With respect to the second assertion, Mr. Street wrote in the Offending Post: "we have recently received company wide e-mails from a number of ex employees which bolster our claim

---

[9] Defendant also takes issue that Mr. Street made this request for obtaining evidence or information after discovery closed. (Doc. No. 225 at 13). However, whether discovery closed by the time Mr. Street made this request is non-germane with respect to TNRPC 3.6(b)(5), which makes no mention of whether an attorney is forbidden from seeking evidence or information if discovery has closed.

which Lampo has hidden from us in discovery" and that "we have discovered a lot of evidence from ex-employees which Lampo actively hid in violation of court rules." (Doc. No. 225-1 at 1). As above, the Court first notes that these statements are arguably a logically necessary (if poorly written and perhaps inflammatory) portion of a permissible request for assistance in obtaining evidence or information under TNRPC 3.6(b)(5) insofar as Mr. Street naturally would be required to give context to his request that "if anyone has any e-mails or is aware of any employee who was terminated for taking precautionary actions I [sic] response to covid- can you please e-mail me at street@eclaw.com?" (Doc. No. 225-1 at 1). Moreover, as Plaintiff notes, (Doc. No. 284 at 7-8), this second assertion arguably comes within the ambit of the safe harbors in TNRPC 3.6(b)(2) and TNRPC 3.6(b)(4). TNRPC 3.6(b)(2) provides a safe harbor for an attorney to state "information contained in a public record," and TNRPC 3.6(b)(4) provides a safe harbor for an attorney to state "the scheduling or result of any step in litigation." Here, the record in this action (which is, of course, public) shows that this action has been replete with discovery disputes, and indeed that Defendant has been ordered to produce documents more than once by Magistrate Judge Holmes. For example, at Docket No. 82, Magistrate Judge Holmes ordered that "to the extent Defendant has withheld any additional responsive documents because it believes they are 'not proportional to the needs of the case,' Defendant must produce the requested documents and materials from January 1, 2019 through December 31, 2020." (Doc. No. 82 at 7-8). And, at Docket No. 67, Defendant was ordered by Magistrate Judge Holmes to "produce a full and complete copy of all emails and documents found in Plaintiff's email box from his employment with Ramsey Solutions." (Doc. No. 67 at 2). So, Mr. Street has a colorable claim that when he asserted that Defendant failed to produce documents at one point in time in this action, he was stating a matter "in a public record," within the meaning of the safe harbor of TNRPC 3.6(b)(2), or stating the

"result of any step in litigation" within the meaning of the safe harbor of TNRPC 3.6(b)(4). Again it is a close call, but the Court finds that in making this second assertion, Mr. Street did not violate TNRPC 3.6, because this assertion arguably comes (in whole or in part) within the safe harbors of TNRPC 3.6(b)(5), TNRPC 3.6(b)(2), and TNRPC 3.6(b)(4).

Therefore, the Court concludes that even if Mr. Street knew or should have known that the Offending Post had a substantial likelihood of materially prejudicing the adjudicative proceedings (i.e., the upcoming jury trial) in this action, his statements in the Offending Post were nevertheless protected by the safe harbors in TNRPC 3.6(b) so as to prevent the Court finding that Mr. Street violated TNRPC 3.6.

Accordingly, the Court finds that Mr. Street's conduct in making the Offending Post did not violate TNRPC 3.6 and thus did not violate Local Rule 83.04(a).[10] Accordingly, the Court will not grant any of Defendant's requested sanctions or Defendant's requested order to show cause.[11]

## CONCLUSION

For the reasons discussed herein, Defendant's Motion (Doc. No. 225) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[10] The parties also devote significant briefing to whether the Court can impose sanctions for Mr. Street's speech in the Offending Post without violating the First Amendment to the U.S. Constitution. Because the Court ultimately concludes that Mr. Street's conduct, even if ill-advised, did not violated TNRPC 3.6 or Local Rule 83.04, and does not impose any sanctions, the Court does not analyze herein whether the imposition of any sanction(s) would violate the First Amendment.

[11] The Court notes that in denying the Motion, it is not endorsing Mr. Street's decision to make the Offending Post. In making the Offending Post, Mr. Street exposed himself and his client to a motion for sanctions just like the Motion the Court has decided herein—a result that for multiple reasons is undesirable even where, as here, such motion is denied.