IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:21-cv-00923 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Pending before the Court is a "Motion To Strike Answer And Affirmative Defenses And Deem Facts Admitted" (Doc. No. 195, "Motion") filed by Plaintiff, Brad Amos. Via the Motion, Plaintiff "moves this court to strike the answer filed by Defendant on June 13, 2025 . . . and order that the facts set out in Plaintiff's Amended Complaint be deemed admitted." (Doc. No. 195 at 1). In the alternative, Plaintiff requests that "Defendant's Affirmative Defenses should be stricken and the facts relating to Plaintiff's non-conforming religious discrimination claim be admitted." (*Id.*). Plaintiff also requests that "the trial in this matter should be limited to damages of the Plaintiff as Defendant has waived any argument as to liability on one of both counts remaining in this matter." (*Id.*). Plaintiff has filed an opening brief (Doc. No. 196, "Opening Brief") in support of the Motion. Defendant, the Lampo Group, LLC, has filed a response (Doc. No. 257, "Response") in opposition to the Motion. Plaintiff has filed a reply (Doc. No. 271, "Reply") in further support of the Motion.

For the reasons discussed herein, Plaintiff's Motion (Doc. No. 195) is **DENIED.**[1]

---

[1] When citing to a page in a document filed by one of the parties, the Court endeavors to cite to the page number ("Page __ of __") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing if such page number differs from the page number originally provided by the author/filer of the document.

BACKGROUND

1. Procedural Background

Before addressing the merits of Plaintiff's Motion, a brief overview of the procedural background of this case is necessary. On March 4, 2022, Plaintiff filed his amended complaint (Doc. No. 21, "Amended Complaint"). On March 16, 2022, Defendant filed a motion to dismiss (Doc. No. 30) the Amended Complaint, which the trial court granted on December 13, 2023 (Doc. No. 137, "Motion to Dismiss Order"),[2] and dismissed all claims against Defendant. Plaintiff subsequently appealed (Doc. No. 139) the Motion to Dismiss Order, and on August 6, 2024, the Sixth Circuit affirmed in part and reversed in part the Motion to Dismiss Order. (Doc. No. 170). On September 17, 2024, the Sixth Circuit issued its mandate, (Doc. No. 171), thereby returning jurisdiction to this Court. On June 13, 2025, Defendant filed its (first and only) answer (Doc. No. 192, "Answer") to the Amended Complaint, including thirteen affirmative defenses.

2. The Motion and the Parties' Arguments

Plaintiff brings his Motion pursuant to Fed. R. Civ. P. 8 and 12. Simply put, Plaintiff argues that Defendant should have filed its Answer no later than "October 1, 2024," pursuant to Fed. R. Civ. P. 12(a)(4)(A) (Doc. No. 196 at 2)—that is fourteen days after September 17, 2024, when the Sixth Circuit issued its mandate, after affirming in part and reversing in part the Motion to Dismiss Order. Plaintiff argues further that because Defendant did not file its Answer until "June 13, 2025, a full 255 days late [i.e., 269 days after the Sixth Circuit issued the mandate for this action and

---

[2] Defendant also filed a motion for summary judgment (Doc. No. 113) on July 28, 2023, therein seeking summary judgment as to all claims in Plaintiff's Amended Complaint. The motion for summary judgment was mooted, prior to being decided, by the Motion to Dismiss Order.

thus 255 days after the expiration (on October 1, 2024) of the 14 day period to file an answer] and only 32 days before the matter is set for trial," (Doc. No. 196 at 2),[3] the Court should:

> 1. Strike Defendant's answer in its entirety; 2. Deem all the facts contained in Plaintiff's amended complaint be admitted; 3. In the alternative, deem as admitted all facts contained in the Amended Complaint relating to Plaintiff's claim for non-conforming religious discrimination identified above; 4. Waive and strike all Defendant's 13 affirmative defenses; and 5. Set this matter for trial on the issue of damages only.

(*Id.* at 8).

Underlying this argument and request for relief are assertions throughout the Opening Brief and Reply that Plaintiff would be prejudiced—due to the timing of the Answer's filing—if some or all of the facts in the Amended Complaint are not deemed admitted, (Doc. No. 196 at 3-5), and if Defendant's affirmative defenses in the Answer are not deemed waived and stricken. (Doc. No. 196 at 6-7; Doc. No. 271 at 3).

In opposition, Defendant argues that because "Plaintiff has been on notice for years that Defendant disputes Plaintiff's factual allegations, through written discovery, depositions, and extensive motions practice," no facts should be deemed admitted. (Doc. No. 257 at 3). Defendant also argues that because "Plaintiff had fair notice of any affirmative defenses," none of the affirmative defenses should be deemed waived and be stricken. (*Id.* at 9).

This dispute presents two distinct issues. The first is whether any or all of the allegations in the Amended Complaint should be deemed admitted and whether the Answer should be stricken (such that liability should be deemed established and trial be held solely to determine damages)[4]

---

[3] The Court notes that since the Motion and Answer were filed, the scheduled trial in this action has been moved from July 15, 2025 (Doc. No. 185) to May 19, 2026 (Doc. No. 300).

[4] The Court understands that Plaintiff's request that trial should be set for damages only to necessarily be downstream from and require that the Court deem some of the allegations in the Amended Complaint as admitted. The Court understands this because if the allegations Plaintiff seeks to have admitted are not

due to Defendant's alleged tardiness in filing its Answer. The second is whether any or all of Defendant's affirmative defenses should be deemed waived and be stricken by the Court due to Defendant's alleged tardiness in asserting them, which (according to Plaintiff) did not happen until Defendant filed its purportedly tardy Answer.

DISCUSSION

1. <u>Whether Allegations in the Amended Complaint Will Be Deemed Admitted</u>

Fed. R. Civ. P. 12 and Fed. R. Civ. P. 8 govern the dispute over whether any facts in the Amended Complaint should be admitted and whether the Answer should be stricken (so as to establish liability and thus leave for trial only the determination of damages).

Generally, under Fed. R. Civ. P. 12(a)(1)(A)(i), a party must serve an answer "within 21 days after being served with the summons and complaint." The time to respond is extended when a motion to dismiss is filed under Rule 12, but "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

Fed. R. Civ. P. 8(b)(6) provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." As the Sixth Circuit has explained, Fed. R. Civ. P. 8(b)(6) works in tandem with Fed. R. Civ. P. 12(a) so that "[i]f a defendant fails to file an answer as required [by Fed. R. Civ. P. 12(a),] the allegations in the complaint, 'other than one[s] relating to the amount of damages' are deemed admitted." *Jones v. Pekoske*, No. 21-1061, 2021 WL 5782380, at *2 (6th Cir. Dec. 7, 2021) (quoting Fed. R. Civ. P.

---

deemed admitted, then necessarily trial on *liability* will still be needed in this action. Thus, below the Court will first consider whether it will deem as admitted any or all of the allegations in the Amended Complaint before (if the Court deems any or all allegations as admitted) considering whether to set a trial in this action as to the issue of damages only.

8(b)(6)). However, Fed. R. Civ. P. 8(b)(6) is not a rigid rule. Rather, there are exceptions that permit a defendant to contest allegations in a complaint even if it has failed to file an answer in compliance with Fed. R. Civ. 12(a). For example, "the failure to file an answer does not mean that a defendant admits legal conclusions." *Jones*, 2021 WL 5782380, at \*2. Nor is a defendant prohibited from contesting the allegations in a complaint when the failure to file an answer in compliance with Fed. R. Civ. P. 12(a) is harmless, such as where "the plaintiff is consistently on notice that the defendant is disputing the" allegations in the complaint. *Id. See also Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 394–95 (7th Cir. 2014) (rejecting Rule 8(b)(6) argument because plaintiff could not show that he was "prejudiced" by defendant's failure to file an answer); *Vandewarker v. Cont'l Res., Inc.*, 917 F.3d 626, 630 (8th Cir. 2019) (finding a failure to answer caused no harm when "the parties presented extensive summary judgment briefing before the district court" and the "first answer responded to all of the substantive allegations made against it"). In other words, in a clear "no harm, no foul situation," *Jones*, 2021 WL 5782380, at \*3 (quoting *Edelman*, 754 F.3d at 395), such as where a defendant's failure to answer in compliance with Fed. R. Civ. P. 12(a) visits upon the plaintiff no "unfair surprise," *id.*, at \*3 (quoting *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987)), the Court should not preclude a defendant from contesting allegations in a complaint.

      As an initial matter, Defendant does not contest Plaintiff's assertion that its Answer was filed late under Fed. R. Civ. P. 12(a)(4)(A) because the Answer was filed on June 13, 2025 (Doc. No. 192)—269 days after the Sixth Circuit issue the mandate for this action to this Court and 255 days after the expiration (on October 1, 2024) of the 14 day period to file an answer. Thus, the Court will limit its analysis to whether any of the exceptions to Fed. R. Civ. P. 8(b)(6) apply here so as to permit Defendant to contest the allegations in the Amended Complaint. *Jones*, 2021 WL

5782380, at *2-3. As detailed below, the Court finds that Plaintiff was "consistently on notice that the [D]efendant is disputing the" allegations in the Amended Complaint, *id*. at *2, and so the Court will not strike Defendant's Answer or deem any facts admitted and will permit Defendant to contest those allegations.

As noted above, via the Motion Plaintiff requests (in part) that Defendant's Answer be stricken and that *all* allegations in the Amended Complaint be deemed admitted. At base, the Court concludes that Defendant's failure to file a timely answer is harmless so as to prevent the Court from granting such drastic relief. *See e.g., Scott v. Regions Bank*, No. 2:08-CV-296, 2010 WL 908790, at *3 (E.D. Tenn. Mar. 12, 2010) ("Striking pleadings is a drastic remedy and motions to strike pleadings are disfavored."). This action has been replete with motions and discovery disputes that have plainly put Plaintiff "consistently on notice that [Defendant] is disputing" the allegations in the Amended Complaint. *Jones*, 2021 WL 5782380, at *2. For example, on March 16, 2022, Defendant filed a motion to dismiss (Doc. No. 30) *all claims* in Plaintiff's Amended Complaint. And on July 28, 2023, Defendant filed a motion for summary judgment (Doc. No. 113) as to *all* of Plaintiff's claims. Plaintiff's argument (to the extent he makes one)[5] that he was somehow not on notice that Defendant was disputing the allegations in the Amended Complaint does not pass muster, and so the Court will neither strike Defendant's Answer nor deem all facts contained in Plaintiff's Amended Complaint as admitted.

Perhaps recognizing that the sweeping requested relief detailed above may be too drastic for the Court to grant under existing precedent as applied to the facts of this action, Plaintiff alternatively makes the more limited request that the Court "deem [ ] admitted all facts contained in the Amended Complaint relating to Plaintiff's claim for non-conforming religious

---

[5] Plaintiff does not seem to make a notice argument explicitly here, but the Court infers that this is indeed the thrust of Plaintiff's request that "all facts be deemed admitted." (Doc. No. 196 at 3).

discrimination." (Doc. No. 196 at 8). Plaintiff identifies his non-conforming religious discrimination claim (also known as a "religious nonconformity" claim or a "reverse discrimination religious" claim)[6] as encompassed by Count II of his Amended Complaint (which asserts a claim for religious discrimination in violation of Title VII) and specifically at paragraphs 337 and 338 of the Amended Complaint. (Doc. No. 196 at 5). Plaintiff requests that a slew of allegations (listed in full in the filing at Docket No. 196-1) in support of this non-conforming religious discrimination claim be deemed admitted. Plaintiff argues that this relief is justified because "Defendant never asked the court to dismiss or for summary judgment on Plaintiff's claim of non-conforming religious discrimination." (Doc. No. 196 at 4).

This argument is without merit. To begin with, the mere fact that a defendant has not moved to dismiss or for summary judgment on a claim in no way supports deeming admitted the facts in support of the claim. Were the rule otherwise, every defendant essentially would be required to file such a motion in order to help preserve its right to challenge at trial the plaintiff's version of events—obviously an entirely untenable result.

Moreover, as noted above, Defendant filed a motion for summary judgment (Doc. No. 113) as to *all* claims in Plaintiff's Amended Complaint. True, in connection with that motion, Defendant did not specifically mention Plaintiff's non-conforming religious discrimination claim because (understandably enough, in the view of the undersigned) it did not perceive that Plaintiff's religious discrimination claim in Count II of the Amended Complaint included a non-conforming religious discrimination claim. Even so, the gist of the motion for summary judgment was that Defendant

---

[6] These were the two terms for the claim identified by the Sixth Circuit in its opinion (Doc. No. 170) affirming in part and reversing in part this Court's Motion to Dismiss Order dismissing all of Plaintiff's claims. The Sixth Circuit noted that it preferred the term "religious nonconformity claim" rather than the term "reverse religious discrimination" claim. (Doc. No. 170 at 6). Herein, though, the Court uses the term used by Plaintiff, "non-conforming religious discrimination claim."

sought summary judgment as to whatever claims Plaintiff was bringing. Accordingly, it is clear that Defendant's attitude was, "we dispute all of your claims," and not, "we dispute all of your claims that we actually perceive to have been made, but we do not dispute any claims that you are making that we have not perceived that you are making." Moreover, in its appellee's brief in the Sixth Circuit on the appeal of the Motion to Dismiss Order, Defendant *did* dispute Plaintiff's non-conforming religious discrimination claim. True, Defendant did so on the specific basis that no such claim had been raised by Plaintiff in the Amended Complaint. But in context, it is clear that Defendant's attitude was, "we dispute your non-conforming religious discrimination claim," and not, "we dispute your non-conforming religious discrimination claim, unless you actually made such a claim, in which case we do not dispute it." Thus Plaintiff was plainly "on notice that the defendant is disputing the facts," *Jones*, 2021 WL 5782380, at *2, underlying Plaintiff's non-conforming religious discrimination claim through Defendant's motion seeking summary judgment as to *all* of Plaintiff's claims and through Defendant's appellee's brief in the Sixth Circuit.

Plaintiff also takes specific issue with Defendant's characterization (found in Defendant's reply (Doc. No. 131) in support of Defendant's motion for summary judgment (Doc. No. 113)) of Plaintiff's non-conforming religious discrimination claim(s) as "general religious discrimination and/or religious accommodation claim(s)." (Doc. No. 196 at 5). Plaintiff argues that this characterization means that "Defendant either failed to read the complaint correctly or intentionally disregarded this claim in an attempt to shape Plaintiff's claims into something different and more advantageous to the Defendant. Either way, the facts noted above and in the attached exhibit [(Doc. No. 196-1)] should be deemed admitted." (Doc. No. 196 at 5). Yet this argument gives away the game. Here, Plaintiff effectively admits that he was on notice that

Defendant—via an attempt to characterize Plaintiff's non-conforming religious discrimination claim as something more favorable to Defendant—was doing *anything but* conceding the validity of that claim. Plaintiff cannot on the one hand take umbrage with Defendant not even acknowledging a claim's existence (and instead characterizing the claim as some other kind(s) of claim), and yet on the other hand argue that he did not know that Defendant was not conceding the validity of that claim.

Thus, the record as a whole demonstrates that Plaintiff was plainly on notice that Defendant was disputing the facts underlying Plaintiff's non-conforming religious discrimination claim. Accordingly, the Court denies Plaintiff's request to "deem [ ] admitted all facts contained in the Amended Complaint relating to Plaintiff's claim for non-conforming religious discrimination." (Doc. No. 196 at 8).

Moreover, even if Plaintiff somehow was not on notice that Defendant was contesting all (or some) of Plaintiff's allegations in the Amended Complaint at the time Defendant filed his Answer, the Court alternatively concludes that Defendant's late filing of its Answer clearly falls into a "no harm, no foul situation," *Jones*, 2021 WL 5782380, at *3 (quoting *Edelman*, 754 F.3d at 395), and a situation where there is no "unfair surprise," *Jones*, 2021 WL 5782380, at *3 (quoting *Trotter*, 818 F.2d at 436), so that Defendant should not be prevented from contesting the allegations in the Amended Complaint. Defendant filed its Answer on June 13, 2025 (Doc. No. 192). It is true that at the time Defendant filed its Answer, trial was just 32 days away and scheduled for July 15, 2025 (Doc. No. 185). This would seem to any observer to be a quick turnaround time for Plaintiff to both digest Defendant's Answer and adjust his own trial strategy accordingly. And indeed, Plaintiff argues that he would be "prejudiced" if the facts underlying the non-conforming religious discrimination claim were "not admitted given that Defendant never once disputed their

accuracy until its answer filed on June 13, 2025, a mere 32 days before trial." (Doc. No. 196 at 5). However, since the filing of Defendant's Answer, trial in this action has been moved to May 19, 2026 (Doc. No. 300). Therefore, since the filing of the Answer, Plaintiff will have had over 11 months, and since this Court's Order on the instant Motion over four months, to review Defendant's Answer and prepare for the May 19, 2026 trial accordingly. Thus, any prejudice Plaintiff suffered has been cured by the continuance in the trial date since the filing of the Answer.

Accordingly, the Court will not grant any of Plaintiff's requested relief. That is, the Court will not strike the Answer, or deem all allegations in the Amended Complaint admitted, or deem all allegations in the Amended Complaint relating to Plaintiff's non-conforming religious discrimination claim admitted, or set this matter for trial on the issue of damages only.

2. <u>Whether Defendant's Affirmative Defenses Have Been Waived</u>

The Court must also examine whether any or all of Defendant's affirmative defenses should be deemed waived and be stricken. The parties argue that Fed. R. Civ. P. 8(c) governs this inquiry. This is true but requires some explanation. Fed. R. Civ. P. 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Here, of course, Defendant's affirmative defenses *were* raised in response to a pleading via Defendant's Answer to Plaintiff's Amended Complaint. However, as noted above, Defendant filed its Answer late. Thus, as the parties seem to suggest via their briefing, the real issue is not whether Defendant failed to comply with the language of Fed. R. Civ. P. 8(c)—given that Defendant clearly did not so fail—but rather whether some of the principles and purposes underlying Fed. R. Civ. P. 8(c) and some of the general principles governing the assertion of affirmative defenses would be contravened by permitting Defendant to maintain its affirmative defenses, considering the manner in which it first raised them.

The general purpose of Fed. R. Civ. P. 8(c) "is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). And it follows from this that "defendants can forfeit affirmative defenses when they inexplicably delay their assertion of those defenses." *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 507 (6th Cir. 2022). However, the Sixth Circuit has suggested that an affirmative defense, even if not raised diligently or without delay, still may be raised if the defense does "not result in surprise or unfair prejudice" to a plaintiff. *Sushka*, 117 F.3d at 969. Conversely, finding an affirmative defense waived "is particularly appropriate" where "it can be inferred that the plaintiff would be unfairly prejudiced by permitting the defendant to tardily raise the defense." *Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 751 (6th Cir. 2015). What this boils down to is that a "defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond." *ATSCO Holding Corp. v. Air Tool Serv. Co.*, 799 F. App'x 310, 312 (6th Cir. 2019) (quoting *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)).

As above, the Court reiterates that Defendant filed its Answer, which includes the at-issue affirmative defenses, on June 13, 2025 (Doc. No. 192). Thus, at the time Defendant filed its Answer (and thereby, according to Plaintiff, asserted the at-issue affirmative defenses for the first time), trial was a mere 32 days away and scheduled for July 15, 2025 (Doc. No. 185). This would certainly suggest, as Plaintiff argues, that Defendant's (purported) delay in raising its affirmative defenses through its late-filed Answer prejudiced Plaintiff in his ability to respond to those defenses such that these affirmative defenses should be deemed waived and be stricken. However, a review of the briefing on the Motion and the development of the trial schedule since the filing of

the Answer belie Plaintiff's argument that Defendant would be prejudiced in his ability to respond to these defenses.

First, based on the briefing on the Motion, the Court concludes that Defendant raised its affirmative defenses "at a pragmatically sufficient time," *ATSCO*, 799 F. App'x at 312, and prior to filing its Answer, so as to not prejudice Plaintiff in his ability to respond to the affirmative defenses. Specifically in its Response, Defendant provides significant briefing as to how it raised the at-issue affirmative defenses—primarily through motion practice and in the myriad discovery disputes between the parties in this action—and how Plaintiff was on notice as to each of Defendant's thirteen affirmative defenses asserted in the Answer well before Defendant filed its Answer, (Doc. No. 257 at 10-16), such that "Plaintiff has not suffered any prejudice," (*id.* at 16), as a result of Defendant asserting the at-issue affirmative defenses in its late-filed Answer. In response to Defendant's arguments, Plaintiff blithely asserts that "[n]either Plaintiff nor his attorneys are mind readers," that "Plaintiff had no possible way of knowing the affirmative defenses Defendant plans to raise prior to [32] days before trial," and that "Defendant performs some impressive legal gymnastics in its response to twist and turn the facts in an attempt to show Plaintiff should have known about each of its 13 separate affirmative defenses." (Doc. No. 277 at 3). Plaintiff provides no substantive response to Defendant's arguments here, and the Court will not concoct an argument for Plaintiff when he has failed to make one himself. *Cf. Roe v. Lowe*, No. 3:24-CV-00368, 2024 WL 4778042, at *8 n.12 (M.D. Tenn. Nov. 13, 2024) ("Ultimately, it is not the Court's role to construct a plaintiff's legal arguments").[7] Accordingly,

---

[7] Defendant also argues that some of the thirteen defenses it raised in its Answer are not affirmative defenses within the meaning of Fed. R. Civ. P. 8(c)(1) so that some of these defenses need not to have been raised in the Answer to avoid being waived. (Doc. No. 257 at 9-10). For the sake of brevity, the Court herein does not reach this issue and assumes (favorably to Plaintiff) *arguendo* that Defendant's defenses are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c)(1). Despite making this favorable assumption for Plaintiff, the Court still does not find reason to deem the defenses waived or to strike them.

the Court will not grant Plaintiff's request to deem the affirmative defenses waived and to have the affirmative defenses stricken.

Alternatively, even assuming *arguendo* that Defendant raised the at-issue affirmative defenses for the first time in its Answer, this does not avail Plaintiff either because of developments in the trial schedule in this action since the filing of Defendant's Answer. Assuming that Defendant had not raised its affirmative defenses prior to filing its Answer, this would seem at first blush to prejudice Plaintiff in his ability to respond to these affirmative defenses because they would have been asserted for the first time a mere 32 days before trial. Indeed, Plaintiff argues that he "will most definitely be prejudiced by allowing these late-filed affirmative defenses as Plaintiff never had a chance to find out what facts Defendant claims would support any of these defenses." (Doc. No. 196 at 7). However, since the filing of Defendant's Answer, trial in this action has been moved to May 19, 2026 (Doc. No. 300). Thus, even assuming that the at-issue affirmative defenses were raised for the first time in Defendant's Answer, Plaintiff will have had over 11 months, and since this Court's Order on the instant Motion over four months, to review Defendant's affirmative defenses and prepare for the May 19, 2026 trial accordingly.

Moreover, to the extent that Plaintiff argues that he will be prejudiced because discovery was closed at the time the affirmative defenses were asserted in the Answer—thus rendering unhelpful the additional time to review the affirmative defenses created by the continuance of the trial because Plaintiff lacks relevant discovery to actually address the at-issue affirmative defenses—this argument is unavailing for two reasons. First, Plaintiff has not properly moved to reopen discovery in connection with the Motion, as Plaintiff should have done if he felt aggrieved by the assertion of these affirmative defenses (*even if he perceived that he had grounds to have them stricken*). Second Plaintiff has not indicated in the briefing on the Motion that he has

attempted to contact Defendant or take any other steps to determine "what facts Defendant claims would support any of these defenses." (Doc. No. 196 at 7).[8] In other words Plaintiff would have this Court take the drastic step of deeming waived and striking Defendant's affirmative defenses, *see Hiles v. Army Rev. Bd. Agency*, No. 1:12-CV-673, 2014 WL 7005244, at *3 (S.D. Ohio Dec. 10, 2014) (characterizing striking an affirmative defense as a "drastic remedy"), without either requesting less drastic remedies from the Court to cure whatever prejudice occurred as a result of the purported late assertion of the affirmative defenses in the Answer or otherwise taking any steps of his own to obviate that prejudice. *Cf. EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-CV-00463, 2018 WL 3322305, at *3 (M.D. Tenn. May 14, 2018) (noting in a Rule 37 sanctions context that a court "must craft a remedy 'no greater than necessary to cure the prejudice'" (quoting Committee Notes to Rule 37(e)(1))); *Guess v. TJX Companies, Inc.*, No. 4:24-CV-30, 2025 WL 1243899, at *2 (E.D. Tenn. Apr. 29, 2025) (noting when considering sanctions for the destruction of electronically stored information, that "if there was prejudice, the court can impose measures no greater than necessary to cure the prejudice." (quoting *Yoe v. Crescent Sock Co.*, Case No. 1:15-CV-3, 2017 WL 5479932, at *9 (E.D. Tenn. Nov. 14, 2017))); *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006) (noting in the context of considering the suppression of potentially damaging evidence "suppression of relevant evidence as a remedial device should be limited to

---

[8] In his Reply, Plaintiff requests that "[i]f the [C]ourt does not deem these facts admitted and strike Defendant's Affirmative Defenses, the court should continue the trial and re-open discovery for a short period to avoid bias to the Plaintiff." (Doc. No. 271 at 3). Plaintiff did not request this relief in his Motion, and the Court will not consider a request for new relief such as this made in a reply brief that was not raised by Plaintiff initially in the Motion. *Ram v. Lal*, 906 F. Supp. 2d 59, 67 n.17 (E.D.N.Y. 2012) ("a party may not seek different relief in their reply papers than that which they initially requested in their motion."); *United States ex rel. Savage v. CH2M Hill Plateau Remediation Co.*, No. 4:14-CV-05002-SMJ, 2020 WL 8678015, at *4 n.1 (E.D. Wash. Apr. 20, 2020) ("A moving party may not request new or additional relief for the first time in a reply brief.").

circumstances in which it is necessary to serve remedial objectives." (quoting *United States v. Maples*, 60 F.3d 244, 247-248 (6th Cir.1995))).[9]

Thus, for the reasons discussed above, the Court also declines to grant Plaintiff's alternative requested relief of having the Court deem waived, and accordingly strike, Defendant's affirmative defenses.[10]

CONCLUSION

For the reasons discussed herein, Plaintiff's Motion (Doc. No. 195) is **DENIED** in its entirety.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[9] The upshot of these cases is that it is a well-settled principle that prejudice should be cured by means no greater than necessary to cure that prejudice. Here, for the reasons discussed above, Plaintiff's requested relief in the form of deeming the affirmative defenses waived and striking the affirmative defenses is plainly far greater than necessary to cure whatever purported prejudice Plaintiff has suffered as a result of the assertion of the affirmative defenses in Defendant's late-filed Answer.

[10] Plaintiff also relies heavily on *ATSCO Holding Corp. v. Air Tool Serv. Co.*, 799 F. App'x 310 (6th Cir. 2019) for the argument that Defendant's affirmative defenses should be deemed waived. However, this case is plainly distinguishable. In *ATSCO* the Sixth Circuit found a defense waived where "Defendants did not raise the [affirmative] defense in their Answer; they did not raise the defense in their Rule 12 motion; and they did not file a motion for summary judgment. Plaintiffs first received notice of the defense only after the close of discovery *at the final pre-trial conference*." *Id.* at 312 (emphasis added). Here, however, as noted above, even assuming *arguendo* that Defendant did not raise the affirmative defenses in this case before filing its Answer, since the assertion of the at-issue affirmative defenses in June 2025, Plaintiff will have had over 11 months, and since this Court's Order on the instant Motion over four months, to review Defendant's affirmative defenses and prepare for the May 19, 2026, trial accordingly.