This motion (Doc. No. 207) is **DENIED** for the same reasons laid out in the Court's Order (Doc. No. 318) denying Plaintiff's motion at Docket No. 195. *Eli Richardson*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-00923 |
| | ) Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Jury Demand |
| Defendant. | ) |

## PLAINTIFF'S FIRST MOTION IN LIMINE

Plaintiff, Brad Amos, by and through counsel, respectfully requests this court:

1. Deem all the facts contained in Plaintiff's amended complaint be admitted;

2. In the alternative, deem as admitted all facts contained in the Amended Complaint relating to Plaintiff's claim for non-conforming religious discrimination, as identified in Exhibit A of Document 196;

3. Waive and strike all 13 of Defendant's affirmative defenses; and

4. Set this matter for trial on the issue of damages only.

Plaintiff relies on the arguments set out in his Motion to Strike and Memorandum in Support as if fully set out herein. (Docs 195 and 196).

If the facts in the Amended Complaint are admitted, liability is established even if Defendant shows they alleged alternative reasons for Plaintiff's termination because Title VII does not employ a sole cause standard When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. *Bostock v. Clayton Cnty.,*

*Georgia*, 590 U.S. 644, 656, 140 S. Ct. 1731, 1739, 207 L. Ed. 2d 218 (2020). When the standard is but-for causation, "[i]t doesn't matter if other factors ... contributed to the decision." *Peterson v. W. TN Expediting, Inc.*, 856 F. App'x 31, 34 (6th Cir. 2021) (quoting *Bostock*)

For the above reasons, the Court should grant the motions related to admitting facts, waiving and striking defenses, and setting the matter for trial for damages only.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**ZACHARY W. BROWN, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF system this 23rd day of June, 2025 to the following:

Leslie Goff Sanders (TN #18973)
Daniel C. Crowell (TN #31485)
Stephen C. Stovall (TN #37002)
Eric C. Lyons (TN #36105)
Molli A. Guinn (TN # 41258)
611 Commerce Street, Suite 2911
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@bartonesq.com
*Attorneys for Defendant*

/s/ Jonathan A. Street
Jonathan A. Street