IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                              )
                                        )
    Plaintiff,                          )
                                        )   NO. 3:21-cv-00923
v.                                      )
                                        )   JUDGE RICHARDSON
THE LAMPO GROUP, LLC,                   )
                                        )
    Defendant.                          )
                                        )

# ORDER

Pending before the Court is "Defendant's Motion in Limine No. 8 [ ]" (Doc. No. 209, "Motion") filed by Defendant, the Lampo Group, LLC. Plaintiff, Brad Amos, has filed a response (Doc. No. 244, "Response") in opposition to the Motion. Defendant did not file a reply.

Via the Motion, Defendant asks the Court "to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument pertaining to former employees of Defendant who were not similarly situated to Plaintiff, including, specifically, the three specific former employees subpoenaed by Plaintiff, referred to herein as Employees 1, 2, and 3 in the interest of protecting their privacy." (Doc. No. 209 at 1). Defendant asserts in substance that Plaintiff appears to intends to call at trial these three specific prior employees of Defendant "to inappropriately introduce testimony at trial concerning other [alleged discriminatory] employment actions of Defendant unrelated to the instant action." (*Id.* at 2).

Defendant sets forth an accurate summary of applicable law regarding the admissibility of this kind of evidence, (*id.* at 2-4), which the Court will repeat verbatim in the next two paragraphs (without indenting or block-quoting, to enhance readability):

"In the employment-discrimination-law context, 'other acts' evidence consists of testimony or other evidence of discrimination by the employer against non-party employees." *Griffin v. Finkbeiner*, 689 F.3d 584, 598 (6th Cir. 2012). Evidence of "other acts" of alleged discrimination against non-party employees—sometimes referred to by the courts as "me-too" evidence—"is 'neither per se admissible nor per se inadmissible' under Federal Rules of Evidence 401 and 403." *Hosse v. Sumner Cnty. Bd. of Educ.*, No. 3:13 C 520, 2018 WL 11471784, at *3, 5 (M.D. Tenn. July 27, 2018), *aff'd*, 776 F. App'x 902 (6th Cir. 2019) (quoting *Sprint/United Mgmt Co. v. Mendelsohn*, 552 U.S. 379, 380 (2008)). However, "[s]uch 'me too' evidence is relatively unwelcome in this Circuit." *Calderwood v. Omnisource Corp.*, No. 3:04 CV 7765, 2007 WL 2838969, at *5 n.1 (N.D. Ohio Sept. 26, 2007) (denying plaintiff's "attempts to offer testimony of some of the other 'thirty-four' employees" where plaintiff had not shown that "the same actors, reasons, and other circumstances were involved"); *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 1026479, at *9 (S.D. Ohio Apr. 15, 2009) (accord). Courts "regularly prohibit 'me too' evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial, but only slightly relevant." *Reed v. Nat'l Linen Serv.*, 182 F.3d 918, 1999 WL 407463, at *7 (6th Cir. 1999) (table opinion). Such evidence may only be admissible if it "could logically or reasonably be tied to the decision" challenged by the plaintiff. *Schrand v. Fed'l Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988), abrogated on other grounds by *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) (deeming inadmissible under Federal Rules of Evidence 401 and 403 testimony from two non-party former employees who worked in different divisions, in different cities, and for different supervisors than the plaintiff).

"Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case[.]" *Mendelsohn*, 552 at 387. "The question of whether me-

too evidence is relevant therefore 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Hosse*, 2018 WL 11471784, at *3 (quoting *Mendelsohn,* 552 at 388; citing Griffin, 689 F.3d at 598). "Among the factors [district courts] may consider in determining whether the evidence was related to the plaintiff's circumstances and theory of the case are: (1) whether the same actors were involved in the decisions; (2) temporal and geographical proximity; (3) whether the various decisionmakers knew of the other decisions; (4) whether the employees were similarly situated in relevant respects; and (5) the nature of each employee's allegations." *Id.* (citing *Griffin*, 689 F.3d at 598–99) (denying motion for new trial because plaintiff's "proposed me-too testimony is irrelevant as it is not closely related to [p]laintiff's circumstances, and it is inadmissible because it is unfairly prejudicial, tends to confuse the issues by focusing the jury's attention on unrelated events, and requires a trial within a trial"). Thus, "[a] plaintiff generally must show that the same actors, reasons, and other circumstances were involved in order for such evidence to be admissible." *Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 1026479, at *9 (S.D. Ohio Apr. 15, 2009) (citations omitted). "There must be evidence that logically or reasonably ties the decision" against the plaintiff "to the statements of the witnesses." *Id.* (citations omitted). "If [plaintiff] cannot tie the decision" by the employer against the plaintiff "to the statements or actions testified to by the witnesses, then such evidence will be excluded." *Id.*

      Defendant argues that the contemplated testimony of the three former employees would be inappropriate because, according to Defendant: (a) it would "shift[ ] the narrative away from the discrete issues properly before this Court to a broader, generalized referendum on Defendant as a company in general," thereby "confusing the issues and misleading potential jurors about the issues on trial"; and (b) these three employees "did not participate in Plaintiff's termination, were

not terminated by the same decisionmaker as Plaintiff, did not work in Plaintiff's department, likely did not know Plaintiff, and, in at least one instance, did not even work for Defendant at the same time as Plaintiff."[1] (*Id.* at 2).

In his Response, Plaintiff represents that he intends to call these three former employees to testify "in relation to how Defendant enacted its 'traditional Judeo-Christian values.'" (Doc. No. 244 at 1). According to Plaintiff, because "Defendant's values and how they apply to its employees"—i.e., "how they are to be understood, adhered to, and enforced"—is the core of this matter," this testimony "is quite relevant under Federal Rule of Evidence 401." (*Id.* at 2). Plaintiff denies that the jury would be confused by this testimony, asserting that "a reasonable jury will be able to follow each witness's testimony and understand the throughline of relevance to Defendant's values." (*Id.*). Additionally, referring to some aspect(s) of Defendant's argument that he does not identify and that the Court cannot on its own identify with particularity, Plaintiff claims that "Defendant would need to claim that Lampo's core 'traditional Judeo-Christian values' shifted drastically prior to or after Plaintiff's employment for [its] argument to hold." (*Id.* at 2). Regarding applicable law, Plaintiff notes as follows:

> While Sixth Circuit in Griffin outlines some factors for courts to consider regarding whether me-too evidence should be admitted, a footnote clearly states: "We do not intend this list of factors to be exhaustive." *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012). Defendant also relies heavily on the fact that Plaintiff was terminated by a decisionmaker that did not also terminate these other witnesses. *Griffin* expressly notes that reliance on this factor alone is not enough: "Whether the same actors are involved in each decision is a factor, but Sprint makes clear that it cannot be the only factor in the decision whether to admit "other acts" evidence." *Id.* at 598–99.

(Dc. No. 244 at 2).

---

[1] It seems clear that in this context, "in at least one instance" means "in the case of at least one of these three former employees."

DISCUSSION

It is clear that the putative "me too" evidence at issue on the instant Motion is of a kind that, although not *per se* inadmissible, is disfavored. One reason for that is that "me too" evidence tends to be "highly prejudicial, but only slightly relevant." *Reed v. Nat'l Linen Serv.*, 1999 WL 407463, at *7. Another is that it requires the expenditure of time (on the part of the Court, the parties, and the jurors) on employment situations that are *not* the plaintiff's employment situation—and when such expenditure is substantial, it can be hard to justify. That is, when the plaintiff raises the employment situation of other employees (or ex-employees) of the defendant, that potentially portends a lengthy mini-trial[2] about *some other* employee's employment circumstances—something that is not an attractive option for the court or the jurors (or, for that matter, the defendant) when they already have their hands full examining the direct circumstances of *the plaintiff's* employment situation. And the Court believes, contrary to Plaintiff's apparent position, that "me too" evidence tends to pose a substantial risk of distraction and confusion of the issues.

For all of these reasons, the Court can, should and will set a high bar for the proposed "me too" evidence. Because the Court has no idea what the proposed "me too" testimony would even be,[3] it is in no position to say whether Plaintiff can clear the high bar. Accordingly, the Court

---

[2] Part of the reason that any particular such mini-trial might be lengthy is that if the plaintiff is allowed to get into the circumstances of these other individuals' employment with the defendant, the defendant must be given an opportunity to respond as appropriate. And depending upon what insinuations about the defendant the plaintiff appears to be asking the jury to credit, fairness might dictate that the defendant be able to respond in a very through and fulsome fashion that could take who knows how long.

[3] It is one thing to know what testimony will *be about*, and it is quite another to know what the testimony will *be*. Here, the Court understands that the testimony will be *about* "how Defendant enacted its "traditional Judeo-Christian values." (Doc. No. 244 at 1). But the Court does not know what the testimony will *be*. What will these witnesses *say* about "how Defendant enacted its "traditional Judeo-Christian values"? How long will it take them to say it on the witness stand? Based on what they say, what kind of cross-examination or rebuttal evidence from Defendant might reasonably be required? How probative will what they say be to the issues in Plaintiff's case? These and many other questions remain as to what the proposed testimony

cannot grant the Motion; that is, the Court cannot say at this time that all potential "me too" evidence is excluded.

On the other hand, it is appropriate for the Court to set procedural requirements for any offer of particular "me too" evidence" that Plaintiff might wish to make. So, with respect to any proposed "me too" evidence, at least three weeks prior to the beginning of the scheduled trial, Plaintiff shall file a notice that serves to:[4] (a) identify with reasonable specificity, witness by witness, the substance of such testimony and any exhibits to be offered via such witness; (b) describe, with reasonable specificity, witness by witness, the purpose of such evidence and how such purpose is a proper one given the matters actually to be decided at this trial;[5] and (c) provide counsel's best good-faith estimate of how long each witness's direct examination will take.

Should Plaintiff file such notice, Defendant shall file a response to it within one week after it is filed.

## CONCLUSION

For the reasons described herein, the Court **DENIES** the Motion (Doc. No. 209). This denial is subject to the above remarks and direction and without prejudice to Defendant subsequently raising any objection to any particular testimony (or other evidence) that Plaintiff either (i) proposes, in the above-contemplated notice, to offer at trial; or (b) actually ends up offering at trial.

---

will be. And not yet knowing the answers, the Court at this juncture cannot possibly do they required analysis under either Rule 401 or (if necessary) Rule 403 of the Federal Rules of Evidence.

[4] The Court is aware that "reasonable specificity" is a subjective standard that different persons can interpret and apply in different ways. Sometimes, as here, that's just the way standards are. Plaintiff's counsel should do his best to meet the "reasonable specificity" standard as he perceives it.

[5] Alternatively, Plaintiff may address this issue in a somewhat different manner that addresses the same concern of the Court: by describing, with reasonable specificity, how the proposed evidence is relevant within the meaning of Rule 401.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE