IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
|     Plaintiff, | ) |
| | ) NO. 3:21-cv-00923 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) |
|     Defendant. | ) |

## ORDER

Pending before the Court is "Defendant's Motion in Limine No. 9 [ ]" (Doc. No. 216, "Motion") filed by Defendant, the Lampo Group, LLC. Plaintiff, Brad Amos, has filed a response (Doc. No. 245, "Response") in opposition to the Motion. Defendant filed a reply (Doc. No. 282) in support of the Motion.

Via the Motion, Defendant asks the Court "for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing any evidence or argument at trial regarding Defendant's alleged religious principles or beliefs unrelated to the COVID-19 pandemic." (Doc. No. 216 at 1). Defendant asserts that the evidence as to which it seeks exclusion—which the Court herein will call "non-COVID-religious-beliefs evidence"—is not relevant under Rule 401, because (according to Defendant) "COVID-19 is the sole basis of Plaintiff's religious discrimination claim" inasmuch as "[t]he Amended Complaint alleges Plaintiff was discriminated against [solely] because of his beliefs regarding COVID-19" in particular. (*Id.* at 2). Plaintiff disagrees, writing:

> This case may be in the context of COVID-19, but it is not about COVID-19. Plaintiff's religious beliefs extend beyond the pandemic and into how general principles of how people should be treated. The same applies to Defendant. To minimize value systems is prejudicial to both parties and would cause more

confusion to the jury than if the belief systems were allowed to be explained with nuance.

> The Sixth Circuit did not limit its ruling to only beliefs about COVID-19. Instead, the court stated: "Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions, and so has met his burden." *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024). Most importantly, limiting the scope of belief in the manner Defendant desires would cut against Title VII's definition of religion: "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . [the] religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Defendant's attempt to reduce the scope of belief would need an entirely new rubric, rather than the clearly defined "all aspects" that Title VII outlines.

(Doc. No. 245 at 2). The Court rejects each of these three arguments by Plaintiff. First, the Court cannot agree that this case is not *about* COVID-19 (i.e., Defendant's religious beliefs related to the COVID-19 pandemic). Reading the Amended Complaint, the Court perceives that Plaintiffs complaint is about (and, significantly, puts Defendant on notice of a complaint about) *only* discrimination relating to Defendant's religious beliefs concerning COVID-19. And in his response, Plaintiff does not point to any language whatsoever in the Amended Complaint that implicates a religious belief of Defendant that is unrelated to COVID-19.

Second, the Court cannot draw the same conclusion that Plaintiff does from the Sixth Circuit's language quoted by Plaintiff. True, the Sixth Circuit did state, "Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions, and so has met his burden." *Amos,* 2024 WL 3675601, at *3. But the Sixth Circuit did not say, "Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions *regarding a variety of topics*, and so has met his burden," or "Amos provides sufficient facts to support a claim that Lampo discriminated against him because he did not share Lampo's religious convictions *regarding*

*COVID-19 and perhaps other matters as well*, and so has met his burden," And the Court sees no reason why the Sixth Circuit's references to "[Defendant's] religious convictions" cannot properly be construed as a reference to "[Defendant's] *relevant* religious convictions"—[1]meaning, given the content of the Amended Complaint, Defendant's religious convictions concerning COVID-19 in particular.

Finally, the Court cannot draw the same conclusion that Plaintiff does from the fact that Title VII defines religion as "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . [the] religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). In the undersigned's view, this definition makes clear what all is encompassed within the notion of religion and thus what all could become the subject of a claim of religious discrimination. But the definition does nothing to establish the point that Plaintiff is trying to make: that if a plaintiff alleges in his or her complaint discrimination based on one (and only one) aspect of religious observance and practice—and thus states a claim of discrimination on the basis of religion in violation of Title VII—then the plaintiff can make the trial about *other* and indeed *all* aspects of the defendant's religious observance and practice. Nor can the Court agree that if a court limits the trial to the aspect of religion (within the meaning of Title VII) implicated by the plaintiff's complaint, it would "*cut against* Title VII's definition of religion"; instead, the Court perceives, it would be allowing the plaintiff to proceed, *in reliance* on Title VII's definition of religion, on the particular theory of religious discrimination that plaintiff pled.

---

[1] In the undersigned's experience, and as strikes him as entirely indisputable, judicial orders and opinions often refer to a category of things (here, Defendant's religious convictions) without *expressly* limiting the reference to things in that category that *are relevant in the case at hand*—even when the reference is intended to be made only to things in that category that *are relevant in the case at hand.*

And allowing the plaintiff to do this, in the view of the undersigned, creates a risk of (a) unfairness to a defendant that had every reason to believe that the trial would be about only the *one* aspect of religious observance or practice; (b) expenditure of unnecessary time and resources at and in connection with the trial; and (c) distracting the jury from what, according to the plaintiff's complaint itself, is what really is at issue in the case.

Accordingly, the Court will exclude non-COVID-religious-beliefs evidence, as Defendant requests. But the Court must emphasize that this gets Defendant only so far. The exclusion, by its terms, is only of "evidence or argument at trial regarding Defendant's alleged religious principles or beliefs *unrelated* to the COVID-19 pandemic." (Doc. No. 216 at 1). That begs the question of what evidence (or argument) of Defendant's alleged religious principles or beliefs is "unrelated" to the COVID-19 pandemic. The Court believes that it would be premature to answer that question at this juncture, either generally or with respect to specific evidence (none of which has been brought to the Court's attention).

However, the Court notes that the Sixth Circuit has indicated—contrary to the views of the undersigned, who must and does set aside his views in this regard and try to follow the Sixth Circuit's direction—that a *very* wide range of things can be deemed "religious beliefs or practices" regarding COVID 19. Indeed, the Court reads the Sixth Circuit to say that a general belief in the Golden Rule can amount to a "religious" belief—and thus could be a religious belief related to COVID-19, at least when brought to bear on matters relating to COVID-19. Given the Sixth Circuit's opinion in this case, and its apparent firm disapproval with the undersigned's above-referenced views, the undersigned is loath to construe the notion of "religious beliefs or practices unrelated to COVID-19" broadly. And Defendant, despite prevailing on the instant Motion as stated, should be on full notice of this reality.

CONCLUSION

For the reasons described herein, the Court **GRANTS** the Motion (Doc. No. 216). This denial is subject to the above remarks and without prejudice to Plaintiff subsequently offering at trial any evidence of Defendant's religious beliefs practices on the purported grounds that it *not* evidence of Defendant's "religious beliefs. or practices unrelated to COVID-19."

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE