IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRAD AMOS, | ) |
| Plaintiff, | ) ) |
| | ) NO. 3:21-cv-00923 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is "Motion in Limine No. 12" (Doc. No. 220, "Motion") filed by Defendant, the Lampo Group, LLC. Via the Motion, Defendant requests that the Court enter "an order in limine to prohibit Plaintiff, Brad Amos, from presenting any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D., that Plaintiff disclosed on or about October 31, 2022." (Doc. No. 220 at 1). Plaintiff has filed a response (Doc. No. 247, "Response") in opposition to the Motion, and Defendant has filed a reply (Doc. No. 273, "Reply") in further support of the Motion.

For the reasons described herein, the Motion is **DENIED** in its entirety, as not yet ripe for decision (in part) and as moot (in part).

At base, Defendant argues in its Motion and briefing thereon that Plaintiff should be prevented from presenting any evidence or argument at trial regarding damages except for the Expert Report of Charles L. Baum, Ph.D. because Plaintiff did not disclose any other evidence or argument regarding Plaintiff's damages (prior to Plaintiff's June 30, 2025 supplemental disclosures) as required by Fed. R. Civ. P. 26(a) and (e). (Doc. No. 220 at 2-4). Defendant also argues that Plaintiff's later supplemental disclosures regarding damages (made on June 30, 2025,

contemporaneously with Plaintiff filing his Response to the Motion) were untimely under Local Rule 39.01(e) and that the "Court should exclude the damages disclosed by Plaintiff on June 30, 2025 and all related evidence." (Doc. No. 273 at 2).

When the Motion was filed on June 23, 2025, the jury trial in this action was scheduled for July 15, 2025. (Doc. No. 185). However, since the filing of the Motion, the jury trial in this action has been rescheduled to May 19, 2026. (Doc. No. 300). As relevant for the instant Motion, Local Rule 39.01(e) governs when parties must supplement discovery responses.

Local Rule 39.01(e) provides that:

> Unless provided otherwise in a pretrial or other order, discovery responses *must be supplemented no later than thirty (30) days before trial.* Failure to timely supplement precludes the proffer at trial of any evidence within the scope of the interrogatories or other responses that was not previously brought to the attention of opposing counsel, absent Court approval. A violation of this Rule, which expands the duty to supplement imposed by Fed. R. Civ. P. 26(e), may also result in the imposition of other sanctions, including taxing of costs to the culpable party for any delays caused.

(emphasis added). That is to say, at the time the Motion was filed on June 23, 2025, trial was just 22 days away and at the time Plaintiff made his supplemental disclosures on June 30, 2025, trial was just 15 days away. In other words, when the Motion was filed, the deadline for Plaintiff to timely make supplemental disclosures (June 15, 2025) had expired, thus justifying Defendant seeking an order limiting (based on what Plaintiff had properly disclosed to Defendant) the evidence that Plaintiff could present at trial as to Plaintiff's damages.

However, since the filing of the Motion (on June 23, 2025) and Plaintiff making his supplemental disclosures (on June 30, 2025), the jury trial in this action has been rescheduled from July 15, 2025 to May 19, 2026. (Doc. No. 300). In line with Local Rule 39.01(e), that means that Plaintiff (and, of course, Defendant) now has until April 19, 2026 (30 days before May 19, 2026), to make any additional discovery disclosures (as to, for example, damages) and that Plaintiff's

supplemental disclosures, made on June 30, 2025, now are properly viewed as having been made in time for trial. In other words, to the extent that Defendant's Motion seeks to prevent Plaintiff from presenting evidence as to Plaintiff's damages other than the Expert Report of Charles L. Baum, Ph.D., it is no longer ripe, because with the rescheduling of the jury trial in this action, Plaintiff may still make additional discovery supplementations—which will be timely, provided that they are made on or before April 19, 2026. Additionally, to the extent that Defendant's Motion specifically seeks to exclude "[evidence of] the damages disclosed by Plaintiff on June 30, 2025 and all related evidence," (Doc. No. 273 at 2), the Motion is moot because, as noted above, that disclosure in retrospect now presents no timeliness issues given the rescheduling of the date of the jury trial in this action.

Accordingly, Defendant's Motion (Doc. No. 220) is **DENIED** in its entirety as not yet ripe for decision (in part) and as moot (in part). The Motion is denied as not yet ripe for decision to the extent that it seeks to prevent Plaintiff from presenting evidence as to Plaintiff's damages other than the Expert Report of Charles L. Baum, Ph.D. The Motion is denied as moot to the extent it seeks specifically to exclude "the damages disclosed by Plaintiff on June 30, 2025 and all related evidence." (Doc. No. 273 at 2).

This denial is without prejudice to Defendant either bringing another motion seeking to limit what evidence Plaintiff may present at trial as to Plaintiff's damages or to Defendant objecting at trial to evidence Plaintiff seeks to present as to damages.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE