IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                                       )
                                                 )
          Plaintiff,                             )
                                                 )        NO. 3:21-cv-00923
v.                                               )
                                                 )        JUDGE RICHARDSON
THE LAMPO GROUP, LLC,                            )
                                                 )
          Defendant.                             )
                                                 )

## ORDER

Pending before the Court is "Defendant's Motion in Limine No. 13 and Memorandum of
Law" (Doc. No. 221, "Motion") filed by Defendant, the Lampo Group, LLC. Plaintiff, Brad Amos,
has filed a response (Doc. No. 248) in opposition to the Motion. Defendant has filed a reply (Doc.
No. 279) in support of the Motion. As and for the reasons set forth below, the Motion is
GRANTED IN PART AND DENIED AS PREMATURE IN PART.

In the Motion, Defendant first asks the Court "for entry of an order in limine to prohibit
Plaintiff[] from presenting any evidence or argument at trial regarding damages that he cannot
recover under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") or
the Tennessee Human Rights Act, T.C.A. § 4-21-101 et seq. ("THRA")." (Doc. No. 221 at 1). On
closer inspection however, it is clear that Defendant's request is more specific; Defendant seeks to
exclude evidence and argument regarding: (1) alleged damages for "lost home equity," "real estate
fees and commissions," and "lost spousal earnings" (collectively, "Category I damages"); and (2)
alleged damages for the cost of therapy for Plaintiff's son allegedly necessitated by Defendant's
termination of Plaintiff's employment  ("Category II damages"). (*Id.* at 2).

The Motion is granted with respect to Category I damages. It is clear that Category I damages all result from decisions made by Plaintiff (in conjunction, surely, with his family member) prior to starting employment with Defendant and therefore prior to Defendant engaging in the alleged illegal employment practices towards Plaintiff that allegedly occurred during Plaintiff's employment with Defendant. Those decisions—to sell the family home in California in order to move to Tennessee to work for Defendant, and for Plaintiff's spouse to give up her income-generating position in order to move to Tennessee—cannot possibly be said to have been caused by Defendant's alleged unlawful practices, because they occurred prior to the occurrence of those practices. And if the *decisions causing the damages* cannot have been caused by Defendant's alleged unlawful practices, *then the damages caused by those decisions* cannot have been caused by Defendant's alleged unlawful practices, either. Plaintiff may be frustrated that in his view these damages—these losses—turned out not to be worth it in light of what ended up transpiring with his employment with Defendant. But losses caused by circumstances and choices not attributable to a defendant—which are not awardable against the defendant—do not become awardable merely because the losses go from being "worth it" to being "not worth it" based on the defendant's *subsequent* conduct. For those reasons, Category I damages are not awardable, and evidence and argument in support of an award of them will be excluded.

The Motion is denied without prejudice as to Category II damages. That is, the Court declines to order in limine that evidence and argument in support of such damages are necessarily prohibited. However, Plaintiff is hereby put on notice that if he wishes to persist in pursuing such damages, he should (i) provide the Court with authority for the proposition that damages based on therapy allegedly necessitated (by Defendant's conduct) for Plaintiff's son (as opposed to for the Plaintiff *himself*) are awardable rather than being too attenuated to award; and (ii) establish at a

jury-out hearing, which the Court would hold consistent with Rule 104 of the Federal Rules of Evidence,[1] that Defendant's conduct actually caused Plaintiff's son to need therapy.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Evidence of the cost of Plaintiff's son's therapy is not relevant unless (in addition to being otherwise awardable under applicable case law) Defendant's conduct caused Plaintiff's son's need for therapy. In other words, the relevance of the cost of Plaintiff's son's therapy depends on Defendant's conduct having caused Plaintiff's son's need for therapy. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). Under Rule 104(c), if "justice so requires," the Court can hold a jury-out hearing to determine whether there is evidence sufficient to support a finding that Defendant's conduct caused Plaintiff's son's need for therapy. Fed. R. Evid. 104(c)(3). The Court here concludes that justice does so require, because a hearing is necessary to prevent the possibility that judicial resources would be wasted, and the jury would be confused by presentation of evidence regarding the costs of Plaintiff's son's therapy if there is no basis under the law for Defendant to be liable for those costs given that Plaintiff, if there is no such basis, would not be permitted later to ask the jury to award them.