IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00923 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

Pending before the Court is the "Motion for Clarification" (Doc. No. 341, "Motion") filed by Plaintiff, Brad Amos. Via the Motion, Plaintiff "seeks clarification as to the specific claims under Title VII he will be allowed to pursue at trial." (Doc. No. 341 at 1). In the Motion, Plaintiff asserts that he intends to bring both a Title VII general religious discrimination claim and Title VII nonconforming religious discrimination claims, with the Title VII nonconforming religious discrimination claims being based on the alleged "hostile work environment created by Defendant, the retaliation based on Plaintiff's nonconformity, and Defendant's failure to accommodate." (Doc. No. 341 at 5).

Although Plaintiff contends that no response from Defendant, the Lampo Group, LLC, is required with respect to the Motion, the Court discerns that it would be useful to hear from Defendant on this matter, particularly given that it seems to the Court—based on its review of the parties' pre-trial briefs (Doc. Nos. 301, 302)—that there may be little (or no) disagreement between the parties as to the specific Title VII claims that Plaintiff should be allowed to pursue at trial.

Accordingly, Defendant is **ORDERED** to file a response to the Motion, therein expounding on its views as to the specific claims under Title VII that Plaintiff should be allowed to pursue at trial, by **April 27, 2026 at 5:00pm.**

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE