IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 3:21-cv-00923 |
| V. | ) | |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE NO. #14 AND MEMORANDUM OF LAW**

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from introducing approximately two hundred episodes of the Ramsey Show as exhibits to this lawsuit.

Plaintiff's pretrial disclosures includes approximately *two hundred* episodes of the Ramsey Show from throughout 2020, including shows that occurred prior to the COVID pandemic beginning in March 2020. (Exhibits P-394 to P-688 on Plaintiff's Exhibit List [249]). Not only are most of these episodes irrelevant, as they focus on the company's business of providing financial advice to listeners, but Plaintiff simply cannot introduce them all into evidence in the allotted five days of trial before the Court.

## I. LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed.

R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

### A. The Court should exclude the Dave Ramsey Show episodes prior to March 2020.

As explained above, Plaintiff has identified every 2020 episode of the Ramsey Show as a potential exhibit at trial, approximately 780 hours of the show in total. Plaintiff included 41 episodes of the Ramsey Show that occurred *before* March 2020, when the COVID pandemic became more widely known in the United States. Another 130+ episodes aired *after* Plaintiff's employment was terminated. Regardless, the episodes, both before and after COVID, are not about COVID but are focused on the company's business of providing financial advice to listeners of the show.

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403.

This is a case about Plaintiff's alleged religious beliefs. The Court recently held that the scope of those religious beliefs is strictly limited to COVID. *See* Doc. 338. As such, episodes of the Ramsey Show that occurred before the COVID pandemic began (approximately March 2020) are wholly irrelevant to this lawsuit because they cannot establish, or even help establish, Lampo's alleged religious beliefs about COVID. It is axiomatic that for an exhibit to prove a fact of consequence related to religious beliefs about COVID, COVID must first be in existence.

Mass identifying every episode of the Ramsey Show is another attempt by Plaintiff to put the host of the show, Dave Ramsey, on trial. Plaintiff has attempted to discuss Mr. Ramsey, his beliefs, and his past actions at every possible junction in this litigation. In the Amended Complaint, Plaintiff made numerous allegations about prior acts by Mr. Ramsey that have *nothing* to do with this case, Plaintiff, or COVID-19. *See* Am. Compl., Doc. #21 at ¶¶ 268, 294, and 295. Plaintiff continued to do so at the deposition of Mr. Ramsey. This culminated in Defendant filing a motion in limine related to propensity evidence related to Mr. Ramsey.

There is no reason to include the Ramsey Show episodes from before March 2020 as they have zero ability to prove a fact of consequence in this lawsuit. And episodes that aired after Plaintiff's termination (August 1 – December 30) cannot be relevant to Amos' employment.

**B. The Court should exclude the remaining Dave Ramsey Show episodes because their presentation is cumulative and wastes judicial resources.**

Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While not all delay authorizes the exclusion of relevant evidence, a district court has broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative material. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC,* 974 F.3d 767, 778 (6th Cir. 2020). Undue delay, waste of time, and cumulative evidence (as set out in Rule 403) are primarily concerned with judicial resources and efficiency. *See* B. Mueller & Laird C. Kirkpatrick, Evidence § 4.5 (1995) (concluding that "undue delay, waste of time or needless presentation of cumulative evidence" are concerns for the "concessions to the shortness of life," "the limited resources of the judicial system," and the presentation of cumulative evidence) (footnote omitted).

The presentation of every Ramsey Show episode would needlessly present and re-present the same evidence. Regardless of what the Plaintiff may believe, the focus of each Ramsey Show episode is to provide financial advice to its listeners. While the prompt that the hosts are responding to may change with each call, the purpose of the podcast does not change. It is unclear what Plaintiff intends to prove by making the Court and the jury listen to hundreds of episodes where the podcast hosts provide the same service[1].

But, more importantly, the presentation of every Ramsey Show episode from 2020 would take up more time than the Court has allotted for trial in this matter. Currently, the parties agree that trial should take no more than 5 days. Yet, the presentation of the Ramsey Show episodes, even if shown continuously and without introduction, would take approximately *a whole month*. It is, again, apparent that Plaintiff is not acting in good faith in identifying every Ramsey Show video because he either (i) does not intend to abide by the 5-day time limit expressly given to the Court or (ii) has mass identified all episodes, without any intent to use them all, to sandbag the defense or waste precious resources reviewing irrelevant evidence.

Whatever relevance a month's worth of podcast episodes may have is greatly and wholly outweighed by the waste their presentation would have on trial and should be excluded. But alternatively, and to the extent the Court does not want to exclude all episodes, the Court should require Plaintiff to reasonably identify, by March 11 the episodes he intends to introduce at trial. This is well within the Court's broad discretion to place limits on the presentation of evidence and is necessary as Plaintiff refuses to act in good faith.

### III. CONCLUSION

---

[1] To the extent Plaintiff intends to use the comments made by the callers as proof of a contested matter, such evidence is hearsay and inadmissible. The hearsay comments of callers or other third parties should not be played for the jury in court.

The Court should enter an order in limine to prohibit Plaintiff from introducing the Dave Ramsey Show episodes identified as P-394 to P-688 on Plaintiff's Exhibit List [249].

Respectfully Submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com
dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue,
Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on April 27, 2026, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Jonathan A. Street
Brandon G. Hall
Cullen D. Hamelin
EMPLOYMENT & COMMERCE LAW GROUP

Anne Bennett Hunter
HUNTER LAW FIRM

*Attorneys for Plaintiff*

Jason M. Pannu
Katherine E. Morsman
FREEMAN MATHIS & GARY LLP

*Attorneys for Objector Jonathan Street*

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*
