IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 3:21-cv-00923 |
| V. | ) | |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. #15 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine to prohibit Plaintiff, Brad Amos, from needlessly introducing recordings of internal Lampo meetings at trial.

Plaintiff's pretrial disclosures identify approximately *two hundred* audio recordings from internal Lampo meetings, including meetings that occurred well before the COVID pandemic began in March 2020. (Exhibits P-200 to P-393 on Plaintiff's Exhibit List [249]). The recordings are from internal staff meetings and company-wide devotional meetings. Not only are most of these recordings irrelevant, as many occurred prior to Plaintiff's start date in August 2019 and nearly half occurred before COVID began, but Plaintiff simply cannot introduce them all into evidence in the allotted five days of trial before the Court.

### I.     LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D.

Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

## II. ARGUMENT

### A. The Court should exclude the recordings prior to March 2020.

As explained above, Plaintiff has identified hundreds of audio recordings as potential exhibits at trial. Plaintiff included 42 recordings of internal staff meetings and 19 recordings of devotional meetings that occurred *before he even started at the company* in August 2019. He included 49 recordings of internal staff meetings and devotional meetings that occurred *before* March 2020, when the COVID pandemic became more widely known in the United States. None of these recordings are relevant to a claim at issue.

To be relevant, evidence must have some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403.

This is a case about Plaintiff's alleged religious beliefs. The Court recently held that the scope of those religious beliefs is strictly limited to COVID. As such, recordings of meetings that occurred before the COVID pandemic began (approximately March 2020) are wholly irrelevant to this lawsuit because they cannot establish anyone's alleged religious beliefs about COVID. It is axiomatic that for an exhibit to prove a fact of consequence related to religious beliefs about COVID, COVID must first be in existence.

On top of most of the recordings occurring before COVID existed, many occurred before Plaintiff even worked for Lampo. Plaintiff was not present for these meetings. Plaintiff's employment was not affected by these meetings. And, in fact, Plaintiff only heard the recordings of these meetings *after* filing this lawsuit because they were produced by Lampo in discovery.

Mass identifying every recording that Lampo produced in 2019 and 2020 is not about proving a response or belief about COVID. It is about degrading the company and, more importantly, Dave Ramsey. Plaintiff seeks to put the company culture on trial, rather than focus on the issue at hand – whether Plaintiff was improperly terminated because his religious beliefs related to COVID conflicted with those of his employer. What was said at internal meetings before COVID and before Plaintiff ever worked at Lampo is wholly irrelevant to Plaintiff's claims and has zero ability to prove a fact of consequence in this lawsuit.

**B. The Court should exclude the remaining recordings because their presentation is cumulative and wastes judicial resources.**

Even if evidence may have some probative value, it should be excluded "if its probative value is substantially outweighed" by the risk of "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While not all delay authorizes the exclusion of relevant evidence, a district court has broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative material. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC,* 974 F.3d 767, 778 (6th Cir. 2020). Undue delay, waste of time, and cumulative evidence (as set out in Rule 403) are primarily concerned with judicial resources and efficiency. *See* B. Mueller & Laird C. Kirkpatrick, Evidence § 4.5 (1995) (concluding that "undue delay, waste of time or needless presentation of cumulative

evidence" are concerns for the "concessions to the shortness of life," "the limited resources of the judicial system," and the presentation of cumulative evidence) (footnote omitted).

The presentation of every internal staff meeting and devotional would needlessly present and re-present hours of irrelevant evidence. It is unclear what Plaintiff intends to prove by making the Court and the jury listen to hundreds of recordings where Lampo employees discuss internal matters, particularly internal matters that occurred and were settled *months* before Plaintiff came to work for the company. It would only serve to waste this Court's time and resources.

But, more importantly, the presentation of every recording of the 2019 and 2020 staff and devotional meetings would take up more time than the Court has allotted for trial in this matter. Currently, the parties are in agreeance that trial should take no more than 5 days. Yet, the presentation of the recordings alone would take nearly double that amount of time. The presentation of the staff meetings would take 90 hours, and the presentation of the devotional meetings would take an additional 120 hours.

It is, again, apparent that Plaintiff is not acting in good faith in identifying every recording because he either (i) does not intend to abide by the 5-day time limit expressly given to the Court or (ii) has mass identified all recordings, without any intent to use them all, to either sandbag the defense or waste resources reviewing over 200 hours of recordings. Plaintiff has had access to these recordings for years as Lampo produced them in March 2023. There has been far more than enough time for Plaintiff to determine which recordings, if any, are relevant to his claims and identify those specific recordings. Thus, it seems that Plaintiff's mass identification only serves to keep Lampo from being able to adequately prepare for trial.

Whatever relevance two years' worth of internal staff meetings may have is greatly and wholly outweighed by the waste of time their presentation would have on trial and should be

excluded. Alternatively, and to the extent the Court does not want to exclude all recordings, the Court should require Plaintiff to identify the recordings that he intends to introduce at trial at least 48 hours in advance of use. This is well within the Court's broad discretion to place limits on the presentation of evidence and is necessary as Plaintiff refuses to act in good faith.

### III. CONCLUSION

The Court should enter an order in limine to prohibit Plaintiff from introducing audio recordings identified as P-200 to P-393 on Plaintiff's Exhibit List [249].

Respectfully Submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com
dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue,        Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that, on April 27, 2026, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan A. Street
Brandon G. Hall
Cullen D. Hamelin
EMPLOYMENT & COMMERCE LAW GROUP

Anne Bennett Hunter
HUNTER LAW FIRM

*Attorneys for Plaintiff*

Jason M. Pannu
Katherine E. Morsman
FREEMAN MATHIS & GARY LLP

*Attorneys for Objector Jonathan Street*

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*
