| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 16 AND MEMORANDUM OF LAW

Defendant, The Lampo Group, LLC, moves the Court for entry of an order in limine prohibiting Plaintiff, Brad Amos, from introducing as evidence statements made by nondecisionmakers, including Defendant's owners, employees , agents, representatives, or guests, subsequent to Defendant's termination of Plaintiff's employment on July 31, 2020. The statements are described with particularity *infra*.

### I.      LEGAL STANDARD

Motions in limine arise out of the Court's inherent authority to manage trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To promote a fair and expeditious trial, the Court should preemptively exclude evidence that is clearly inadmissible on all potential grounds. *Westgate Resorts, Ltd. v. Wesley Financial Group, LLC*, No. 3:20-cv-00599, 2024 WL 3266616, at *1 (M.D. Tenn. July 1, 2024). Evidence can be inadmissible and excluded based on irrelevance under Fed. R. Evid. 402, undue prejudice under Fed. R. Evid. 403, or any other grounds provided by the Federal Rules of Evidence.

### II.      ARGUMENT

Defendant previously filed a motion in limine aimed at the broad prohibition of statements made after Plaintiff's termination. [Doc. 203]. The Court denied that motion on the grounds that it

"fail[ed] to identify any particular evidence allegedly excludable." Doc. 307. However, in its Order, the Court identified the purpose of the motion and, with it, Defendant's concern that Plaintiff intends to introduce irrelevant, prejudicial evidence at trial for the sole purpose of tainting the jury, particularly with respect to Dave Ramsey.

Defendant now files this Motion to provide the Court with more specific information related to the post-termination statements that should be excluded. As explained below, the statements are not relevant to Plaintiff's termination—or the specific decisionmaker who terminated Plaintiff's employment—and on balance pose a substantial risk of prejudicing the jury. It was Defendant's belief when it filed the first motion, and it is still Defendant's belief now, that Plaintiff intends to put on a mountain of irrelevant, prejudicial documents and testimony at trial, which will do nothing but distract from Plaintiff's lack of actual evidence.

Evidence only has relevance to litigation if it has some "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Only relevant evidence is admissible at trial. Fed. R. Evid. 402.

In the employment discrimination context, the relevant issue is the decisionmaker's motive at the time of the decision. Statements made, even by the decisionmaker, after the decision do not bear on that issue and should be excluded as irrelevant under Rules 401 and 402. *See, e.g.*, *Craddock v. FedEx Corp. Servs., Inc.*, 102 F.4th 832, 841 (6th Cir. 2024) (affirming the district court's ruling "that the parties could not introduce evidence of events that occurred after [plaintiff]'s January 27, 2016 termination" because "evidence of post-termination events could not 'add[ ] anything relevant to the jury,'" and affirming the district court's repeated use of the sidebar to prevent plaintiff's counsel from circumventing this ruling). The same goes double for post-termination statements made by someone *other than* the decisionmaker. "'[S]tatements by

2

nondecisionmakers [ . . . ] [cannot] suffice to satisfy the plaintiff's burden [ . . . ] of demonstrating animus." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (finding the district court committed reversible error in a racial discrimination case when the district court admitted admitting stray comments made by non-decisionmakers long before plaintiff's termination).

Here, Defendant has conceded that the decisionmaker with respect to Plaintiff was Luke LeFevre. Plaintiff has been aware of that for years. And the parties agree that Plaintiff's termination occurred on July 31, 2020. Yet, throughout this litigation, Plaintiff has repeatedly villainized statements (i) made by people other than Mr. LeFevre (ii) after July 31, 2020. For example, in the deposition of Dave Ramsey, counsel for Plaintiff showed a recording of Mr. Ramsey from November 2020 and asked pages of questions about Mr. Ramsey's statements about COVID at that time and the return to normal life. (Depo. Dave Ramsey, 85:1-94:1). Counsel also probed Mr. Ramsey about a call (that Mr. Ramsey was not on) from December 2020 between Armando Lopez and his staff and asked questions about the company's remote work policy in November 2020—nearly half a year after Plaintiff's termination. (Depo. Dave Ramsey, 106:24:112:19).

Defendant would like to provide the Court with a comprehensive list of additional recordings, episodes, and statements that should be excluded, but Plaintiff has made that nearly impossible because he mass identified every episode of the Ramsey Show from 2020 as an exhibit. [Doc. 249]. Without rehashing arguments made in its prior motion in limine (Doc. 203), Defendant renews its objection that the statements made, whether by Dave Ramsey and/or some other host, in the post-termination episodes are irrelevant in the same way the above statements are. Even if

3

the statements pertain to COVID, they have no bearing on Mr. LeFevre's mindset at the time of Plaintiff's termination.

Furthermore, permitting post-termination statements that do not represent the views of Mr. LeFevre risks adding an "emotional element" that may inappropriately serve as the basis for the jury's verdict. *See* Fed. R. Evid. 403 (The court may exclude relevant evidence if its probative value is substantially outweighed by a danger … unfair prejudice.") Even if the Court finds Defendant's post-termination statements are marginally relevant to Plaintiff's claims, any benefit is wholly outweighed by the danger of sparking the emotions of the jury.

## III.  CONCLUSION

The Court should enter an order in limine to prohibit the presentation of the specific statements referenced in this Motion as well as similar statements related to COVID and made by nondecisionmakers after Plaintiff's termination from employment (July 31, 2020).

Respectfully Submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com
dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP

4

1301 Second Avenue,
Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on April 27, 2026, I filed the foregoing document via the Court's electronic

filing system, which will automatically notify and send a copy to:

Jonathan A. Street
Brandon G. Hall
Cullen D. Hamelin
EMPLOYMENT & COMMERCE LAW GROUP

Anne Bennett Hunter
HUNTER LAW FIRM

*Attorneys for Plaintiff*

Jason M. Pannu
Katherine E. Morsman
FREEMAN MATHIS & GARY LLP

*Attorneys for Objector Jonathan Street*

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*

5