# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00923 |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO ALLOW TESTIONY BY CONTEMPORANEOUS TRANSMISSION

Comes now the Plaintiff and moves this court to allow testimony of witness Dr. Charles L. Baum by contemporaneous transmission at the trial of this matter. In support, Plaintiff would show as follows:

Plaintiff identified Dr. Baum as an expert witness, to testify regarding Plaintiff's economic damages. Plaintiff's first disclosure of Dr. Baum's expert testimony occurred in October of 2022. Plaintiff listed Dr. Baum as a witness in the trial on this matter in Plaintiff's Witness List, filed with the Court on June 30, 2025.

Dr. Baum's testimony is relevant to this matter, however he is unavailable to testify in-person at the trial scheduled for May 19, 2026. Dr. Baum will be traveling on a pre-arranged family vacation to Europe from May 17, 2026, through May 31,2026, more than 100 miles away from Nashville, Tennessee, outside the subpoena power of the Court. Dr. Baum has agreed to be available to testify remotely via contemporaneous transmission (video-conferencing) during the trial.

On April 15, 2025, Plaintiff's counsel met and conferred with Defendant's counsel in good faith and notified Defendant that Dr. Baum was unavailable, and proposed that the trial deposition of Dr. Baum be taken prior to his vacation. We then subsequently met and conferred on April 27, 2026, with Defendant who notified us that they object to the testimony of Dr. Baum both in a trial deposition and via video feed at trial.

Generally, a witness's testimony must be taken in open court. Fed. R. Civ. P. 43(a). But if a party demonstrates "good cause in compelling circumstances," and "appropriate safeguards" are provided, then the Court "may permit testimony in open court by contemporaneous transmission from a different location." *Torres v. Precision Indus., Inc.*, 2018 WL 1417185, at *1 (W.D. Tenn. Mar. 21, 2018).

If allowed to testify by contemporaneous transmission, Dr. Baum would be subject to direct and cross examination by all parties. It would be a great hardship for Dr. Baum to testify in person as he would be required to miss multiple days of travel with his family in Europe. Further, allowing the testimony by contemporaneous transmission would not create any hardship or prejudice to the Defendants.

The "near-instantaneous transmission of video testimony through current technology permits 'the jury [or, in a bench trial, the Court] to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'" *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, 470 F. Supp. 3d 735, 739 (E.D. Mich. 2020) (internal citations omitted) *See also Aoki v. Gilbert*, 2019 WL 1243719, at *1 (E.D. Cal. Mar. 18, 2019) ("Because a witness testifying by video is observed directly with little, if any delay in transmission ... courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the

proceedings." (internal marks omitted)). Thus Rule 43(a)'s goals can be met through video testimony and allow for appropriate safeguards. *House v. Players' Dugout, Inc.*, No. 3:16-CV-00594-RGJ, 2021 WL 4898071, at *13 (W.D. Ky. Oct. 20, 2021).

Wherefore Plaintiff prays this honorable court allow the witness, Dr. Charles L. Baum, to testify at the trial of this matter via contemporaneous transmission.

Respectfully Submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ JONATHAN A. STREET*
JONATHAN A. STREET, BPR No. 021712
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, TN 37203
street@eclaw.com
bhall@eclaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on April 27, 2026, I caused the foregoing to be filed via the Court's electronic

filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN#036105)
Stephen Stovall (TN #37002)
Molli A. Guinn (TN #41258)
**BUCHALTER LLP**
1 Music Circle South, Suite 300
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@buchalter.com
mguinn@buchalter.com

Tjiske Dekker (WA #61558)
Patty A. Eakes (WA #18888)
Thomas A. Linthorst (NJ #040842000)
**Morgan Lewis LLP**
1301 Second Ave., Suite 3000
Seattle, WA 98101
Tjitske.dekker@morganlewis.com
Patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com

*/s/ Jonathan A. Street*_____
Jonathan A. Street