IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00923 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

Pending before the Court is the "Motion for Clarification" (Doc. No. 341, "Motion") filed by Plaintiff, Brad Amos. Via the Motion, Plaintiff "seeks clarification as to the specific claims under Title VII he will be allowed to pursue at trial." (Doc. No. 341 at 1). In the Motion, Plaintiff asserts that he intends to bring both a Title VII general religious discrimination claim and Title VII nonconforming religious discrimination claims, with the Title VII nonconforming religious discrimination claims being based on the alleged "hostile work environment created by Defendant, the retaliation based on Plaintiff's nonconformity, and Defendant's failure to accommodate." (Doc. No. 341 at 5). Defendant has filed a response (Doc. No. 346, "Response") to the Motion, therein elucidating its views as to the specific claims that the Plaintiff should be allowed to pursue at trial, namely that the only claims under Title VII preserved for trial are "(1) religious non-conformity, (2) general religious discrimination, and (3) failure to accommodate—not retaliation or hostile work environment." (Doc. No. 346 at 6). The Motion (Doc. No. 341) is **GRANTED** on the grounds that its request for "clarification as to the specific claims under Title VII [Plaintiff] will be allowed to pursue at trial," (Doc. No. 341 at 1) is unopposed and that such clarification

could prove beneficial. So, herein the Court will define the specific Title VII claims Plaintiff will be permitted to pursue at trial.

The Court notes that Plaintiff has also filed a "Motion to Allow Brief Reply" (Doc. No. 349, "Motion for Reply"), wherein Plaintiff seeks leave to file a reply to Defendant's Response. The Court discerns that it does not require a reply from Plaintiff to rule on the issues raised by the Motion and that it would be unwise to delay—through permitting additional briefing on the Motion—a ruling on the specific Title VII claims Plaintiff will be permitted to pursue at trial, and so the Motion for Reply (Doc. No. 349) is **DENIED**.

The Court has reviewed the Amended Complaint (Doc. No. 21), the parties' briefing of the appeal of this action, the opinion of the Sixth Circuit in *Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601 (6th Cir. Aug. 6, 2024), and certain other papers filed in this action. Having done so, the Court concludes that the only Title VII claims that Plaintiff may pursue at trial are those for (1) general religious discrimination, (2) religious non-conformity, and (3) failure to accommodate, and trial shall proceed accordingly.[1] The Court will, to the extent necessary, explain its reasons for this conclusion at the pre-trial conference, although the Court suspects that the reasons for its conclusion (which largely track what Defendant said in its Response) likely are already clear to the parties.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Given that the analysis of issues under Title VII and the Tennessee Human Rights Act ("THRA") "is typically identical," this Order is equally applicable to those claims under the THRA that Plaintiff intends to bring at trial. *See Amos v. Lampo Grp., LLC*, No. 24-5011, 2024 WL 3675601, at *2 n.1 (6th Cir. Aug. 6, 2024).