**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRAD AMOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00923** |
| | ) | |
| **THE LAMPO GROUP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO RECONSIDER

Comes now the Plaintiff and moves the court to reconsider its decision in its order of April 28, 2026 (Doc 351). The trial court ruled that Plaintiff may not pursue claims for Hostile Work Environment and Retaliaiton at trial. Plaintiff asks the court to reconsider its order as it relates to Retaliation.

A motion to reconsider generally must be based on one of the grounds available for motions to alter or amend judgment or upon a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in its prior motion and that would result in a different disposition.  The Court may grant a motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice… this Court historically has also recognized that such a motion may be based essentially a fifth or sixth ground: (5) that the court clearly overlooked material facts that were presented by the movant in its prior motion and that would result in a different disposition; or (6) that the court clearly overlooked controlling law that was presented by the movant in its prior motion and that would result in a different

disposition….The decision whether to deny a motion for reconsideration….. is a matter within the discretion of the district judge. O'Connor v. Lampo Grp., LLC, No. 3:20-CV-00628, 2025 WL 1666571, at *1 (M.D. Tenn. June 12, 2025) (internal citations omitted)

## **PROCEDURAL HISTORY**

This order was the result of an usual series of filings- including briefs from each party as to what they believed to be the proper scope of trial ("scope briefs"). (Doc 301,302, and 337) No responses were filed by the parties to the scope brief of the opposing party. In Plaintiff's scope brief he identified the causes of action which he intended to pursue at trial based on the decisions of this court and the 6th circuit in their decision sending this case back to the trial court. Defendant expressed no opinion in their original brief as to what claims may be brought. The court ruled on the scope brief indicating Plaintiff's claims must be brought under his claims of religious discrimination as it pertains to COVID 19 only; not subjects such as abortion, gay marriage, etc.

Plaintiff filed a Motion to Clarify which claims may be brought as the court's original order did not address these questions. (Doc 341). Defendant was allowed to file a response to Plaintiff's response where they were allowed to attack the claims Plaintiff suggested he would bring for the first time. Plaintiff sought leave to file a Reply, which was denied. (Doc 349). In Defendant's brief they argue several points that Plaintiff takes issue with while leaving out relevant facts for the Court's consideration. They again improperly attempt to define Plaintiffs claims as they see fit by not presenting the entire picture to the Court.

The Court's Order on April 28th,2026, limited the scope of the trial to: (1) general religious discrimination, (2) religious non-conformity, and (3) failure to accommodate and did

not include Plaintiff's well-pled claim for retaliation. (Doc 351). Plaintiff requests would ask this Court to reconsider its ruling in light of the following.

I. **Plaintiff has claimed retaliation in this matter from the very beginning of this lawsuit**

Plaintiff, from the very beginning of this case, has claimed retaliation. In his initial filing with the Equal Employment Opportunity Commission "EEOC", Plaintiff checked the box on the EEOC Charge stating he was pursuing a claim under Religion and Retaliation.[1] In his Charge of Discrimination, Mr. Amos stated:

> "When Mr. Amos asked what the company's policy was regarding COVID, he was told he should simply "pray and keep moving forward". Mr. Amos, having a high-risk patient living at home, was uncomfortable with Lampo's religious response to his COVID inquiry and suggested he could work from home. Mr. Amos was demoted for making this suggestion. When being demoted, Mr. Amos was told by Luke LeFevre that he needed to "check his humility". Mr. Amos was then permanently removed from the project he was working on because he chose to raise concern with the company's inaction and subsequent religious contentment after a case had been confirmed a mere fifteen (15) feet away from him. Mr. Amos was also required to attend an additional "one on one" meeting every week with Lara Johnson because they claimed he "had not been onboarded properly". They made this claim because Mr. Amos refused accept to "pray and keep moving forward" as an acceptable COVID policy for his high-risk family."[2]

Under Sixth Circuit precedent, retaliation claims do not need to be pled as separate counts in a complaint if they were alleged in the EEOC charge or if the facts in the charge would reasonably lead to an investigation into retaliation. *Poweleit v. DeJoy*, 667 F. Supp. 3d 674 (S.D. Ohio 2023).

After Mr. Amos received his right to sue letter from the EEOC, he filed his complaint which he amended as a right. In his Amended Complaint (the operating complaint), Plaintiff stated in relevant part:

---

[1] Exhibit A- EEOC filing
[2] Exhibit B- Statement of Amos with EEOC filing

334.	Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

335.	Plaintiff asserts Lampo retaliated against Plaintiff and interfered with his rights in violation of the Title VII of the Civil Rights Act of 1964, 52 U.S.C. § 2000e, *et. seq.*
…
348.	Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

349.	Plaintiff asserts Defendant Lampo retaliated against Plaintiff and interfered with his rights in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq*.
…
354.	Defendant Ramsey retaliated against Plaintiff for not following his religious belief that taking covid precautions "showed weakness of spirit; Plaintiff followed his own religious beliefs in protecting the safety of his family and Ramsey directed Lampo to terminate him. (Amended Complaint, Doc 21)

## II.	Plaintiff's claim for Retaliation was never dismissed

Plaintiff's claim for retaliation has never been dismissed. Defendant never moved the Court to dismiss the retaliation claim in it Motion to Dismiss.(Doc 30). If a party does not request a claim be dismissed in its Motion to Dismiss, it is not dismissed. The Court of Appeals held in its ruling on the appeal of the Motion to Dismiss that allegations in Plaintiff's Amended Complaint that were not addressed in the Motion to Dismiss were not dismissed:

> "Lampo argues that Amos's religious nonconformity claim is not properly before this court because it is a "new" claim that he failed to argue in his response to Lampo's motion to dismiss. This argument is meritless for multiple reasons. For one, Lampo did not even address Amos's claim in its motion to dismiss—so Amos did not have any opposition to respond to. And this is not a "new" claim. As outlined below, this claim was well-established in Amos's complaint. Plaintiff's allegations in his complaint.'

Amos v. Lampo Grp., LLC, No. 24-5011, 2024 WL 3675601, at *3 (6th Cir. Aug. 6, 2024)

Plaintiff was never required to include a response to his retaliation claim in his response to Defendant's Motion to Dismiss as Defendant never requested it be dismissed. As set out in

previous filings, The Court of Appeals in this matter recognized Plaintiff brought a claim of retaliation in his initial complaint and considered it part of his claim.

> "Amos sued Lampo and Dave Ramsey in December 2021 for ***religious discrimination and retaliation under Title VII and the Tennessee Human Rights Act*** (THRA), and for fraud, promissory estoppel, deceptive practices, and retaliatory discharge pursuant to Tennessee statute. After Amos filed his amended complaint, both Lampo and Ramsey filed motions to dismiss. The parties conducted discovery for more than a year. In August 2023, the district court granted Ramsey's motion to dismiss. Soon after, Lampo filed a motion for summary judgment. But in December 2023, the district court ruled on Lampo's motion to dismiss—granting it in full. ***Amos now appeals the dismissal of his religious-discrimination and fraud claims against Lampo***."

Amos v. Lampo Grp., LLC, No. 24-5011, 2024 WL 3675601, at \*2 (6th Cir. Aug. 6, 2024) (emphasis added)

Retaliation is a form of claim for religious discrimination under both Title VII and the Tennessee Human Rights Act. Plaintiff brought a claim for retaliation under each as demonstrated above. Further, Plaintiff did identify his claim for retaliation in his response to Defendant's summary judgment which Defendant subsequently abandoned. [(Doc 176)]

## III. Conclusion

Thus, Plaintiff respectfully requests that this Court revise its Order to include that Plaintiff's claims of retaliation are within the scope of the claims to be tried.

Respectfully Submitted,

**/s/ *Jonathan A. Street***
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on April 30, 2026, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN#036105)
Stephen Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@buchalter.com
mguinn@buchalter.com

Tjiske Dekker (WA #61558)
Patty A. Eakes (WA #18888)
Thomas A. Linthorst (NJ #040842000)
Morgan Lewis LLP
1301 Second Ave., Suite 3000
Seattle, WA 98101
Tjitske.dekker@morganlewis.com
Patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com

/s/ Jonathan A. Street_____