IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                    )
                            )
    Plaintiff,             )
                            )      NO. 3:21-cv-00923
v.                       )
                            )      JUDGE RICHARDSON
THE LAMPO GROUP, LLC,   )
                            )
    Defendant.         )
                            )

## **ORDER**

Pending before the Court is the "Motion to Reconsider" (Doc. No. 353, "Motion") filed by

Plaintiff, Brad Amos. Via the Motion, Plaintiff seeks reconsideration of the Court's order at Docket

No. 351 ("At-Issue Order"), wherein the Court defined the specific Title VII claims Plaintiff will

be permitted to pursue at trial. In the At-Issue Order, the Court concluded that the only Title VII

claims that Plaintiff may pursue at trial are those for (1) general religious discrimination, (2)

religious non-conformity, and (3) failure to accommodate. (Doc. No. 351 at 2). Via the Motion

Plaintiff asks the Court to permit him to pursue at trial a claim for retaliation—presumably under

Title VII and the Tennessee Human Rights Act. (Doc. No. 353 at 1).

In the Motion, Plaintiff correctly identifies the grounds on which a motion to reconsider

may be granted. Namely, a motion to reconsider may be granted if there is (1) a clear error of law;

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice. *See O'Connor v. Lampo Grp., LLC*, No. 3:20-CV-00628, 2025 WL

1666571, at *1 (M.D. Tenn. June 12, 2025). Likewise, the Court may grant a motion to reconsider

if the Court clearly overlooked material facts that were presented by the movant in its prior motion

and that would result in a different disposition; or clearly overlooked controlling law that was presented by the movant in its prior motion and that would result in a different disposition. *Id.*

However, although Plaintiff correctly identifies the bases on which a motion to reconsider may be granted, Plaintiff does not identify *which* of these particular bases he contends exist *in this instance*—let alone demonstrate that any of these particular bases actually *exist*—so as to justify the Court granting the Motion.[1] Instead, Plaintiff merely states, in some detail, why he *disagrees* with the Court's ruling in the At-Issue Order. However, mere disagreement is not sufficient grounds to warrant the Court granting a motion to reconsider.[2] *See e.g., Weiner v. Tivity Health, Inc.*, No. 3:17-CV-01469, 2019 WL 2211764, at *2 (M.D. Tenn. May 22, 2019) (although "[a party] does not like the way the Court applied the law, that is not a proper basis for a Motion to Reconsider."); *Burns v. Helper*, No. 3:18-CV-01231, 2018 WL 11471664, at *2 (M.D. Tenn. Dec. 28, 2018) ("A 'mere disagreement' with a court's initial decision will not support a Rule 59(e) motion."); *Clayton v. Young*, No. 3:22-CV-00936, 2026 WL 91881, at *5 (M.D. Tenn. Jan. 13, 2026) ("The plaintiff simply disagrees with the court's ruling, but that is not a viable basis for a motion to reconsider.").

---

[1] Indeed, although Plaintiff states that Defendant's response (Doc. No. 346), which was filed in response to Plaintiff's motion to clarify (Doc. No. 341, "Motion to Clarify")—a motion which the Court resolved via the At-Issue Order—, left out "relevant facts for the Court's consideration," (Doc. No. 353 at 2), Plaintiff does not affirmatively identify any *material* facts that were presented by Plaintiff in the Motion to Clarify that the Court *actually overlooked* in issuing the At-Issue Order and that would have resulted in a different ruling by the Court on the Motion to Clarify via the At-Issue Order.

[2] The Court notes that it finds Plaintiff's disagreement to be without merit, for several reasons, multiple ones of which relate to the fact that the Court dismissed all of Plaintiff's claims (Doc. Nos.137, 138), and yet the Sixth Circuit thereafter neither did not address (let alone reverse) any dismissal of any retaliation claims. (And in the Court's view, the only claim of "retaliation" clearly pleaded (i.e., pleaded in a cognizable manner to provide adequate notice to Defendant of the claim rather than in a merely fleeting, cursory and passing manner) in the Amended Complaint was the claim of retaliation in count I for retaliatory discharge in violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304). But because mere disagreement is insufficient even if the disagreement is meritorious, the Court need not set forth herein in detail its critique of Plaintiff's disagreement.

Accordingly, the Motion (Doc. No. 353) is **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE