| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | Case No. 3:21-cv-00923 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF REGARDING DAMAGES

Defendant, The Lampo Group, LLC, pursuant to the Court's Order at Doc. No. 300, files

its brief on the damages recoverable at trial.

### I.      Plaintiff's Recoverable Damages

This is an employment discrimination case. Plaintiff's remaining claims are all derivatives

of religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.* ("Title VII") and the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq*

("THRA"). Since the THRA mirrors Title VII in all relevant respects except for damages caps and

punitive damages, we will primarily focus on Title VII. T.C.A. § 4-21-101(a)(1).

Under Title VII, Plaintiff may recover back pay, front pay, compensatory damages,

punitive damages, and reasonable attorney's fees and costs. 42 U.S.C. § 2000e-5; 42 U.S.C. §

1981a. However, Title VII damages awards must be reasonable. *Suggs v. ServiceMaster Educ.*

*Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996). "An employee who was discriminatorily

discharged must be made whole, but is not entitled to a windfall." *Id.*

### A.  Back Pay

Title VII authorizes an award of back pay as an equitable remedy to compensate for lost

wages and other employment benefits. 42 U.S.C. § 2000e-5(g)(1). Any back pay award to Plaintiff

must be offset by "interim earnings or amounts earnable with reasonable diligence." *Id.* Plaintiff cannot recover back pay for any period in which he experienced a willful loss of earnings. *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996).

Here, Plaintiff secured replacement employment by 2021. (Doc. No. 220-1 at ¶ 48). By January 1, 2022, Plaintiff was earning more than he was paid by Defendant. *Id.* at ¶ 49. Therefore, Plaintiff should not be able to recover back pay beyond December 31, 2021, at the latest, with deductions for all interim earnings that he received or should have received following the termination of his employment with Defendant on July 31, 2020.

### B. Front Pay

Title VII authorizes an award of front pay as an equitable remedy when reinstatement is inappropriate or infeasible. *Suggs* at 1234; 42 U.S.C. § 2000e-5(g)(1). "Front pay is transitional relief designed to assist the Plaintiff during the period in which he can be expected to find other employment. It is not intended to insure [P]laintiff against subsequent changes in employment." *Evanoff v. Banner Mattress Co., Inc.,* No. 3:07-cv-1754, 2009 WL 1707868, at *2 (N.D. Ohio June 17, 2009) (internal citations and quotations omitted).

The following factors are relevant when considering a front pay award: (1) the employee's future in the position from which [he] was terminated; (2) his work and life expectancy; (3) his obligation to mitigate his damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) other factors that are pertinent in prospective damage awards. *Suggs* at 1234.

Here, Plaintiff should not be able to recover front pay because he has been earning more than he was paid by Defendant since at least January 1, 2022. (Doc. No. 220-1 at ¶ 49).

2

### C. Compensatory Damages

Title VII authorizes an award of compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3).

Compensatory damages are guided by tort principles, so Plaintiff can only recover damages that were proximately caused by Defendant's conduct. *See, e.g., Shick v. Illinois Dept. of Human Services,* 307 F.3d 605, 615 (7th Cir. 2002).

> The term proximate cause is shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability. Whether a defendant's misconduct is a proximate cause of the plaintiff's injury entails a judgment, at least in part policy based, as to how far down the chain of consequences a defendant should be held responsible for its wrongdoing. The traditional principle of proximate cause suggests the use of words such as "remote," "tenuous," "fortuitous," "incidental," or "consequential" to describe those injuries that will find no remedy at law.

*Morgan v. Chao*, No. CV-16-04036-PHX-DLR, 2017 WL 3215647, at *1 (D. Ariz. July 28, 2017) (internal quotations and citations omitted).

Compensatory damages are also capped. 42 U.S.C. § 1981a(b)(3). Although the damages caps for Title VII and the THRA are slightly different, for an employer of Defendant's size (over 500 employees), the cap is the same – $300,000. 42 U.S.C. § 1981a(b)(3)(D); T.C.A. § 4-21-313(a)(6).

### D. Punitive Damages

Title VII authorizes an award of punitive damages for discriminatory practices involving "malice or…reckless indifference to…federally protected rights." 42 U.S.C. § 1981a(b)(1). Punitive damages are included within the $300,000 cap on compensatory damages. *Hawkins v. Center for Spinal Surgery*, 247 F. Supp. 3d 897, 903-04 (M.D. Tenn. 2017); 42 U.S.C. § 1981a(b)(3).

3

However, punitive damages are not available in this case under the THRA. *Hawkins* at 903.

### E. Reasonable Attorney's Fees and Costs

Title VII authorizes an award of reasonable attorney's fees and costs to the prevailing party. 42 U.S.C. § 12205.

### II. Defendant's Recoverable Damages

As the employer in this Title VII case, Defendant may recover its reasonable attorney's fees and costs under 42 U.S.C. § 12205. Additionally, upon the conclusion of this case, Defendant intends to update and refile the Motion for Attorney's Fees & Related Non-Taxable Expenses previously filed at Doc. No. 142 and tabled by the Court's Order at Doc. No. 169.

Respectfully Submitted,

/s/ Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com
dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Thomas A. Linthorst (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com

thomas.linthorst@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*

5