IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                          )
                                    )
        Plaintiff,                  )
                                    )        NO. 3:21-cv-00923
v.                                  )
                                    )        JUDGE RICHARDSON
THE LAMPO GROUP, LLC, et al.,       )
                                    )
        Defendants.                 )

## <u>ORDER</u>

Pending before the Court is "Defendant's Motion in Limine No. 16 and Memorandum of Law" (Doc. No. 345, "Motion"), wherein Defendant requests an order prohibiting Plaintiff "from introducing as evidence statements made by nondecisionmakers, including Defendant's owners, employees , agents, representatives, or guests, subsequent to Defendant's termination of Plaintiff's employment on July 31, 2020." (*Id.* at 1). In connection with this request, Defendant (i) indicates that the "nondecisionmakers" are everyone other than Luke LeFevre; (ii) indicates that it would like to, but cannot "provide the Court with a comprehensive list of additional recordings, episodes, and statements that should be excluded"; and (iii) "statements made, whether by Dave Ramsey and/or some other host, in the post-termination episodes are irrelevant [because e]ven if the statements pertain to COVID, they have no bearing on Mr. LeFevre's mindset at the time of Plaintiff's termination." (*Id.* at 3-4).

In his response (Doc. No. 368), Plaintiff first opines that "[as far as is ascertainable from the Motion], Defendant seeks to exclude any statement (i) made by [an individual] other than Mr. LeFevre (ii) after July 31, 2020." (*Id.* at 1). The Court agrees with Plaintiff's contention; this is what the Motion indicates. Plaintiff then opines, "This is incredibly broad and inappropriate for a

Motion in Limine." (*Id.* at 1). Again, the Court agrees; the Court should not make such a blanket determination in advance of trial. Next, Plaintiff provides a specific example of a post termination statement by a nondecisionmaker—this one allegedly made by Dave Ramsey within hours after Plaintiff's termination—that in Plaintiff's view would be admissible. (*Id.*). The Court agrees with Plaintiff insofar as the Court believes that this alleged statement would be at least potentially admissible in this case, as bearing at a minimum on the (apparently disputed and relevant) issue of the extent to which Defendant's policies regarding COVID were based on religious beliefs. Finally, Plaintiff opines that "any statement should be allowed for impeachment purposes." (*Id.*). The Court agrees with Plaintiff insofar as the Court believes that any post-termination statement of a nondecisionmaker could at least potentially be admissible for purposes of impeaching the trial testimony of the nondecisionmaker should that nondecisionmaker testify at trial.

Based on the reasons asserted by Plaintiff, with which (as noted above) the Court agrees, the Motion (Doc. No. 345) is **DENIED**, without prejudice to Defendant objecting to any particular post-termination statement by a nondecisionmaker that Plaintiff offers at trial.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE