IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                              )
                                       )
        Plaintiff,                     )
                                       )        NO. 3:21-cv-00923
v.                                     )
                                       )        JUDGE RICHARDSON
THE LAMPO GROUP, LLC,                  )
                                       )
        Defendant.                     )
                                       )

## **ORDER**

Pending before the Court is the "Motion to Allow Late Filed Jury Instruction" (Doc. No. 381, "Motion") filed by Plaintiff, Brad Amos. Via the Motion, Plaintiff seeks for the Court to allow a "late filed jury instruction which should be added to the previously filed proposed instructions [(Doc. No. 371)]. This [jury instruction] would be an addition to Plaintiff's proposed jury instructions [(Doc. No. 371)], not the joint instructions [(Doc. No. 363)]." (Doc. No. 381 at 1). According to Plaintiff, this additional instruction would "clarif[y] that comparative or contributory negligence is not a defense in a case of discrimination under Title VII." (*Id.*).

The Motion (Doc. No. 381) is **DENIED** on the bases that the additional instruction is not necessary for a jury to understand what is and is not required to establish Defendant's liability under Title VII and that the additional instruction risks confusing the jury by introducing a concept—negligence—that is inapplicable in a Title VII context and otherwise will not have been brought to the jury's attention absent the additional instruction.[1]

---

[1] The Court notes additionally that, obviously, a jury need not be told everything that is *inapplicable* to the decisions that the jury must make; otherwise, in a case like this one, the jury would need to be told that the Privileges & Immunities Clause is inapplicable, the Racketeer Influenced and Corrupt Organizations Act is inapplicable, and so forth and so on (and on and on). The Court must draw a firm line between what the

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

jury needs to be told, and what the jury need not be told, regarding what they should not consider (because it is inapplicable or otherwise inappropriate to consider). Here, the Court concludes that what Plaintiff requests the jury be told falls clearly on the side of the jury needing not be told.