**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRAD AMOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:21-cv-00923** |
| | ) | **Judge Richardson** |
| **THE LAMPO GROUP, LLC,** | ) | **Jury Demand** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION TO CONTINUE</u>

Comes now the Plaintiff and with trepidation, moves this court to continue the currently set trial date. A series of events have occurred warranting this request.

Fed. R. Civ. P. 16(b)(4) allows for a schedule to be modified with good cause. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." "Another relevant consideration is possible prejudice to the party opposing the modification." The Sixth Circuit has also found relevant "whether additional time would have produced more witnesses or have added something to the ... case." Additionally, "[w]hether a continuance is appropriate in a particular case will depend on the individual circumstances of that case." *Hannon v. Louisiana-Pac. Corp.*, No. 3:17-CV-00922, 2021 WL 6498742, at *1 (M.D. Tenn. Jan. 5, 2021) (internal citations omitted)

In support of their Motion, Plaintiff would show as follows:

1. Counsel for the Plaintiff Anne Bennett Hunter filed a Motion to Withdraw due to medical issues which were exacerbated this week by stress. (Doc 386) The pain, long days, and

inability to adequately prepare for trial have added to the stress causing her pain. She is now physically unable to appear at trial. Plaintiff found out about this yesterday.

2.      Plaintiff informed Dr. Charles Baum in July 2025 and again in December 2025 of the dates of trial. Through his inadvertence, and by no fault of the Plaintiff, Dr. Baum scheduled a trip to Greece during the trial. His testimony is crucial to the Plaintiff's case. Plaintiff has filed a Motion to allow his testimony remotely, however Defendant has opposed because they feel in person is preferred. Plaintiff agrees, in person would be better. Continuing the trial will allow Dr. Baum to testify in person, "produced more witnesses" and "will add something to the case" Id.

3.      Plaintiff's third counsel, G. Brandon Hall, also currently has medical issues which will only allow him to be in his wheelchair for a few hours a day and not for two days in a row. If the court were to even allow him to sit at Plaintiff's table when he is available, his appearance would be sporadic at best.

4.      This leaves one attorney representing Plaintiff, at last count Defendant has 8 attorneys on the case. While being a Plaintiff's attorney often means being outnumbered, the loss of 2 of Plaintiff's attorneys is much more devastating than it would be for the Defendant. Coupled with the potential loss of Plaintiff's expert witness through no fault of Plaintiff; Plaintiff simply would be prejudiced to a point that a continuance is warranted.

5.      In this matter, with such a giant amount of discovery and pre-trial filings; Plaintiff is certainly prejudiced if he is not allowed time to find counsel to substitute for Ms. Williamson and Mr. Hall at trial.

6.      The Defendant will not be prejudiced by this continuance; all the witnesses they plan to call are local to Nashville. Further, one witness from the Defendant who would otherwise

be required to prematurely leave a conference in Florida (as they previously objected) will be back in the Tennessee area.

7. Further, today attorney Marcia McShane filed a Motion to Quash in this matter regarding a subpoena for Ms. Suzanne Simms, a witness identified by the Plaintiff. A continuance would allow for the parties to brief the issue prior to trial.

All preliminary work on this trial is done; Plaintiff has met the court's deadlines throughout and none of the reasons set out above were the fault of the Plaintiff (Id.) Plaintiff's do not seek this continuance to further raise issues not previously raised. Neither party will be prejudiced by the continuance as set out above. (Id.) The continuance will not lead to additional costs or fees for the parties. (Id.) All that is left now is to try the matter. As set out above, to deny the motion would be manifestly unjust to the Plaintiff.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**/s/ _Jonathan A. Street_**
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632
_Attorneys for Plaintiff_

**CERTIFICATE OF SERVICE**

I certify that, on April 23, 2026, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN#036105)
Stephen Stovall (TN #37002)
Molli A. Guinn (TN #41258)
**BUCHALTER LLP**
1 Music Circle South, Suite 300
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@buchalter.com
mguinn@buchalter.com

Tjiske Dekker (WA #61558)
Patty A. Eakes (WA #18888)
Thomas A. Linthorst (NJ #040842000)
**Morgan Lewis LLP**
1301 Second Ave., Suite 3000
Seattle, WA 98101
Tjitske.dekker@morganlewis.com
Patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com

_/s/ Jonathan A. Street_____