IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRAD AMOS,                          )
                                    )
        Plaintiff,                  )
                                    )        Civil Case No. 3:21-cv-00923
V.                                  )
                                    )        Judge Richardson
THE LAMPO GROUP, LLC,               )
                                    )        JURY DEMAND
        Defendant.                  )

**DEFENDANT'S BRIEF OF LEGAL AUTHORITY
IN SUPPORT OF ITS OPPOSITION TO
PLAINTIFF'S MOTION TO CONTINUE TRIAL**

Plaintiff Brad Amos filed a Motion to Continue Trial (Doc. No.389) yesterday, May 10,

2026. Defendant, The Lampo Group, LLC, opposes the requested continuance and will full

address its position at the Pretrial Conference to be held today. Defendant files this brief with

supporting legal authority for its position.

**STANDARD OF LAW**

"The Federal Rules of Civil Procedure give district courts broad flexibility in trial

scheduling." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 766 (6th Cir. 2019).

"Rule 40 simply says that each court 'must provide by rule for scheduling trials' (while giving

preference to trials that statutes prioritize)." *Id.* (quoting Fed. R. Civ. P. 40). "If anything, Rule 16

*limits* the district court's authority to grant a continuance so close to a trial date." *Id.* at 767

(emphasis original). "After a final pretrial conference, a court may modify the final pretrial order

(which would include the proposed trial date) 'only to prevent manifest injustice.' " *Id.* (quoting

Fed. R. Civ. P. 16(e)).

"[T]he granting or denial of a continuance is a matter within the discretion of the trial judge

and will not be reversed on appeal unless there has been a clear abuse of discretion." *Id.* at 766

(6th Cir. 2019) (citations omitted). Indeed, the Sixth Circuit has opined that "[i]t is hard to imagine an area in which an appellate court should give a trial court more leeway than in scheduling civil trials and considering continuance motions." *Id.* at 766 (6th Cir. 2019) (citing 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2352, at 383–85 (3d ed. 2008)). Furthermore, litigants "must satisfy a demanding standard in order to establish that the denial of their request for a continuance would violate [their due process] rights." *Dorman v. Twp. of Clinton*, No. 15-CV-12552, 2025 WL 85221, at \*4 (E.D. Mich. Jan. 13, 2025). "A district court's discretion to deny a continuance is particularly robust in civil cases[.]" *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, No. 21-3433, 2022 WL 874310, at \*4 (6th Cir. Mar. 24, 2022).

## ARGUMENT

In determining whether to grant or deny a motion for continuance, the Court should "consider factors such as the timing of the request, the need for a continuance, and the prejudice that would result." *Integrated Design*, 2022 WL 874310, at \*4. Each of these factors weigh against granting a continuance of trial in this case.

**I.**     **With respect to timing, the Court should deny Plaintiff's Motion to Continue because it was filed just over a week before trial.**

The timing of Plaintiff's Motion warrants denial. *Id.* (factor 1). "Where a trial date has been set for some time and a continuance is requested shortly before trial, the court may deny the continuance." *Heller Fin., Inc. v. Pandhi*, 888 F.2d 1391, 1989 WL 136091, at \*3 (6th Cir. 1989) (per curiam) (citing *Mull v. Marathon Oil Co.,* 658 F.2d 386 (5th Cir.1981)); *see Prime Rate*, 930 F.3d at 766–67 (denying motion for a continuance where the case had been pending for "four years" and had set "six trial dates," and where defendant waited until "the very last day before trial" to request continuance on the basis of a "questionable doctor's letter"); *Gray v. Barnett*, No. 2:20-CV-02947-SHM-CGC, 2024 WL 4008532, at \*5 (W.D. Tenn. Jan. 31, 2024)

(denying motion for continuance where "[t]he trial date […] was set almost five months ago" and "[t]his case has been before the Court for more than three years"); *see also Hensley v. Bossio*, No. 23-5606, 2024 WL 2799261, at \*7 (6th Cir. May 31, 2024) (affirming denial of last-minute request for "continuance on the morning of trial"); *Briscoe v. Mohr*, No. 22-3155, 2024 WL 1918014, at \*5 (6th Cir. Jan. 8, 2024), *cert. denied sub nom. Briscoe v. Chambers-Smith*, 145 S. Ct. 185, 220 L. Ed. 2d 37 (2024) (affirming denial of request for continuance made on the first day of trial).

Here, the Court set the May 19, 2026 trial date on July 8, 2025. (Doc. No. 296, PageID # 6246, 26:6–10). Plaintiff expressly agreed to that trial date. *Id.* Plaintiff has inexplicably waited until May 10 to request a continuance of a May 19 trial date. The reasons that Plaintiff offers for requesting a continuance now, on the eve of trial, are not so emergent, extreme, or evident of manifest injustice as to warrant such a last minute delay, particularly given the procedural history of this case.

II.     **The Court should deny Plaintiff's Motion to Continue because none of the reasons offered by Plaintiff warrant a continuance.**

The reasons offered by Plaintiff do not show a need for a continuance. *Integrated Design*, 2022 WL 874310, at \*4 (factor 2).

A.      ***The number of Plaintiff's available counsel.***

Plaintiff requests a continuance on the basis of the pending withdrawal of attorney Anne Bennett Hunter and medical issues affecting attorney G. Brandon Hall.

(Plaintiff's counsel also references the loss of a "Ms. Williamson" as counsel; Defendant does not know who this refers to. *Cf.* Doc. No. 389, PageID # 6877.)

Plaintiff does not contend that the presence of either Ms. Hunter or Mr. Hall is essential for trial to proceed. Rather, Plaintiff specifically requests a continuance because of the number of attorneys and the need to find "substitute" counsel to replace them. Doc. No. 389, PageID # 6877.

Defendant disagrees that the Plaintiff being "outnumbered" by the number of Defendant's counsel warrants a continuance. Local Rule 39.01(3)(A) provides that "Only one (1) attorney representing each interest in the litigation may examine or cross-examine an individual witness, and not more than two (2) attorneys for each interest in the litigation may argue the merits of an action or proceeding, unless the Court otherwise permits." While Defendant has numerous attorneys of record (mostly junior lawyers), Defendant anticipates having at most three attorneys (Leslie G. Sanders, Patty A. Eakes, and Daniel C. Crowell) who will be active courtroom participants in the jury trial. Moreover, while Plaintiff contrasts the number of counsel representing him with the number representing Defendant, Plaintiff has also had a total of six (6) counsel of record across the lifetime of this case.

Ms. Hunter's unavailability does not warrant a continuance. Ms. Hunter is a late addition to this case, having first entered a Notice of Appearance on July 16, 2025. Doc. No. 294. She notably was *not* an attorney of record at the last scheduled trial in this case, suggesting that her presence was not essential for trial. Plaintiff's lead counsel has apparently been aware of her condition since at least April 13 and has been aware of her impending withdrawal since May 5, 2026, but he waited until May 10 to move to continue trial. Doc. No. 390, PageID # 6881.

Mr. Hall's "sporadic" availability also does not warrant a continuance. *Cf.* Doc. No. 389, PageID # 6877. Defendant's counsel certainly sympathizes with Mr. Hall's medical issues. However, there is no suggestion in Plaintiff's Motion that any of Mr. Hall's medical issues are *new* so as to warrant continuing trial at this late stage or filing a Motion to Continue at the eleventh hour. *Cf. id.*

> **B.      Dr. Baum's negligent decision to schedule a vacation during trial.**

Dr. Charles Baum's "inadvertence" in scheduling a European vacation that conflicts with the entirety of this jury trial does not warrant a continuance. *Cf.* Doc. No. 389, PageID # 6877; *see, e.g.*, *Heller*, 1989 WL 136091 at \*3 (6th Cir. 1989) ("A trial court may deny a request for a continuance on the ground that a witness is unable to be present on the trial date, since the party seeking the continuance could have preserved the witness's testimony in a deposition.").

Moreover, Defendant would note that there are numerous independent reasons to exclude Dr. Baum's testimony notwithstanding his availability or lack thereof. *See, e.g.*, Doc. No. 220 (Defendant's Motion in Limine No. 12); Doc. No. 222 (Defendant's Objections to the Expert Testimony of Dr. Charles L. Baum Ph.D). Dr. Baum's absence is immaterial to Plaintiff's request for a continuance if this Court excludes his testimony.

### C.      *Suzanne Sims' Motion to Quash.*

The Motion to Quash filed by Suzanne Sims does not warrant continuing trial. *Cf.* Doc. No. 389, PageID # 6878. Ms. Sims' Motion states that she notified Plaintiff of her opposition to testifying at trial in July 2025, so these issues could have been resolved before the eve of trial. Doc. No. 388, PageID # 6859. Moreover, there is ample time this week for the parties to brief Ms. Sims' Motion to Quash in the event that this issue is not resolved at the pre-trial conference.

### D.      *Plaintiff's Motion appears to actually be more motivated by delay tactics and concern about recent pre-trial rulings, including the denial of his motions for reconsideration.*

"A court may also deny a continuance based on its concern that the party is attempting to use the continuance as a tactic for delay." *Heller*, 1989 WL 136091at \*3 (6th Cir. 1989) (citing *Watson v. Miears,* 772 F.2d 433 (8th Cir.1985)). That appears to be precisely what is happening here. Based on his prior conduct and the brand new expert report submitted *May 3*, Defendant is concerned that Plaintiff wants to go back to the drawing board to determine new strategies in light

Page 5 of 8

of the Court's recent rulings, which have limited the scope of Plaintiff's theory of the case. That is not a legitimate basis to continue a trial. *See, e.g.*, *Ballentine Express Corp. v. EAN Holdings, LLC*, No. 23-5226, 2024 WL 3520449, at *7 (6th Cir. July 24, 2024) (affirming denial of continuance where plaintiff "asked for a continuance because the district court's comments at pretrial conferences left [plaintiff] concerned that it would be hamstrung in presenting its case[,]" because "no precedent suggest[s] that learning the trial court's leanings about evidentiary and other matters during pretrial conferences justifies a continuance" and "[i]t would be counterintuitive to penalize that practice by treating information shared at a conference as grounds for a continuance motion from a party that takes issue with anticipated rulings").

III. <u>**The Court should deny Plaintiff's Motion to Continue because granting a continuance would prejudice Defendant.**</u>

The Court should deny a continuance because it would prejudice Defendant. *Integrated Design*, 2022 WL 874310, at *4 (factor 3).

This case has been pending since December 13, 2021 and was originally set for trial beginning October 3, 2023. *Cf.* Doc. No. 27. This case has been set for trial four times. *Cf.* Doc. Nos. 27, 93, 185, 300. Continuing the trial yet again will only serve to needlessly delay the much-desired resolution of Plaintiff's meritless claims. *Cf. Prime Rate*, 930 F.3d at 766–67 (denying *pro se* defendant's motion for a continuance where the case had been pending for "four years" and had set "six trial dates"). Defendant's witnesses have all made travel arrangements for trial. *Cf. id.* (denying *pro se* defendant's motion for a continuance where, *inter alia*, a "witness [for plaintiff] had already flown in from South Carolina to testify at the Michigan trial"). Contrary to Plaintiff's assertions, the continuance will lead to additional costs and fees, not to mention wasting much effort devoted to trial preparation over the past weeks.

Instead of wasting more of the Court's and the parties' precious time on Plaintiff's belated Motion for a Continuance, the Court should proceed with the pre-trial conference which has been scheduled for May 11 since at least September 26, 2025. *See* Doc. No. 300, PageID # 6381; *see also Prime Rate*, 930 F.3d at 767 (6th Cir. 2019) (observing that "holding a hearing over whether to grant a continuance would effectively *grant* a continuance given [the] last-minute nature" of a request for continuance filed "the very last day before trial") (emphasis original).

## CONCLUSION

This is a single-plaintiff employment case. The issue before the jury should be focused entirely on why Brad Amos was fired from his job at Lampo. Plaintiff has created this behemoth by engaging in extensive and overbroad discovery, by asserting outlandish legal theories that would change the entire business of Defendant and by trying to come up with new evidence on the eve of trial – twice. Defendant has responded. Plaintiff cannot now complain about the quagmire he has created. Defendant has been forced to expend tremendous resources on all of the extraneous angles that serve only to distract from the fact that Brad Amos' termination had nothing to do with COVID and certainly nothing to do with religion. This 5-year fishing expedition needs to end. If Plaintiff is still not ready to proceed with his lawsuit, then Defendant respectfully asks the Court to dismiss the case with prejudice.

Respectfully Submitted,

*/s/ Leslie Goff Sanders*
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com

dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Thomas A. Linthorst (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*