IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00923 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **<u>ORDER</u>**

On May 11, 2026, the Court held a pre-trial conference in this matter. At that conference, numerous pending motions and objections were resolved.

For the reasons and with the caveats stated at the pre-trial conference, the Motion to Continue (Doc No. 389) that was filed by Plaintiff, Brad Amos, and that seeks to continue the currently set trial in this matter is **GRANTED** over Defendant's objections. As the Court discussed with the parties, trial will be reset for November 10, 2026 by a separately filed scheduling order.

The Motion to Withdraw (Doc. No. 390) that was filed by attorney Anne Bennett Hunter is **GRANTED** for the reasons stated at the pre-trial conference, and the Clerk is accordingly **DIRECTED** to terminate Anne Bennett Hunter as counsel of record for Plaintiff.

Likewise, for the reasons stated at the pre-trial conference, Plaintiff's Motion in Limine Number 12 (Doc. No. 348) is **GRANTED** without prejudice to Defendant, the Lampo Group, LLC, arguing after trial that the Religious Freedom Restoration Act, the United States Constitution, the Tennessee Constitution, and/or T.C.A. § 4-1-407 protects Defendant from liability as to Plaintiff's claims.

Although not addressed at the pre-trial conference, Plaintiff's Motion to Allow Testimony by Contemporaneous Transmission (Doc. No. 347), wherein Plaintiff sought for this Court to allow the remote testimony of his expert witness Dr. Charles L. Baum ("Baum") due to his being unavailable to appear in person for the May 19, 2026 trial setting, is **DENIED** as moot in light of the resetting of the scheduled trial in this matter.

The motion to quash (Doc. No. 388) that was filed by non-party Suzanne Simms ("Simms"), which seeks to quash the subpoena to testify that Plaintiff issued to Simms, remains pending and will be decided by the Court sooner rather than later.

Moreover, for the reasons stated at the pre-trial conference Defendant's objections (Doc. No. 384) to Plaintiff's deposition designations are **SUSTAINED** in their entirety. Also for the reasons stated at the pre-trial conference, Defendant's objections (Doc. No. 385) to Plaintiff's witness list are **SUSTAINED** in their entirety, except with respect to Defendant's objections to Simms and Baum. Simms's motion to quash (Doc. No. 388) remains pending (as noted above)—as do Defendant's own objection to Simms testifying and Defendant's objections (Doc. Nos. 222, 392) to Baum's testimony, and the Court will resolve the pending issues regarding these witnesses sooner rather than later.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE