**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:21-cv-00923 |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Response to Motion and Memorandum in Support of Suzanne Simms' Motion to Quash**
**and Award of Sanctions**

Comes now the Plaintiff Brad Amos and responds to Non-party Suzanne Simms' ("Ms. Simms") Motion to quash her trial subpoena and award of sanctions. This Court should deny both requests.

Ms. Simms possesses personal knowledge of employment policies of Lampo which are directly relevant to Plaintiff's discrimination claims. The undue burden she claims all flow from an NDA that Plaintiff has never seen because Counsel for Movant has been informed by Defendant she does not have permission to share with Plaintiff's counsel. Regardless, Ms. Simms' private contractual obligations to her former employer do not supersede her legal duty to comply with a valid court subpoena.

Further, Plaintiff has complied with his obligations under Rule 45 to avoid undue burden on Ms. Simms and sanctions are not warranted. Upon information and belief, Plaintiff believes the NDA does not prohibit Ms. Simms from testifying under valid subpoena. Should this be the case,

Plaintiff should be awarded his reasonable attorney fees for being required to respond to this Motion from Defendant and Movant under 28 U.S.C. § 1927 and the inherent authority of this court.

**Factual Background**

Plaintiff Brad Amos ("Plaintiff") first issued a subpoena compelling Ms. Simms's trial testimony in connection with the trial originally set for July 15, 2025. Following the continuance of that trial date, Ms. Simms's attorney contacted Plaintiff's counsel to confirm that Plaintiff would withdraw the subpoena for the July trial date, which Plaintiff did. Since then, Plaintiff's counsel has been in continuous contact with Ms. Simms' attorney in an attempt to reach an agreement to her objections to the subpoena. Movant has been aware of the May, 2026 trial date and Plaintiff's intent to call her as a witness since July, 2025. After counsel's efforts to resolve the matter were unsuccessful, Plaintiff reissued a subpoena on April 28, 2026 and it was served on counsel for Movant on May 1, 2026.

Plaintiff first became aware of Ms. Simms as a witness with relevant knowledge only after the close of discovery in this matter, making a trial subpoena the sole available mechanism to secure her testimony. Ms. Simms's counsel has characterized this subpoena as an attempt to conduct a discovery deposition from the witness stand. As explained below, that characterization is without merit.

**<u>Suzanne Simms deposition testimony[1]</u>**

Ms. Simms was employed by Defendant for over twenty years, remaining employed throughout the entire period of Plaintiff's employment and until October 2023.[2] Ms. Simms served as a member of Defendant's Board of Directors, and one of her board responsibilities included a seat on the Human Resources Committee, a position she held for eight years preceding her September 10, 2021 deposition in a separate matter.[3] In that capacity, Ms. Simms participated in termination decisions and implementation of company-wide employment policies, including the Ramsey "Core Values."

The Human Resources Committee is the body responsible for setting employment policies at Lampo, including disciplinary actions and all termination decisions.[4] Among those policies is the Ramsey "Core Values" policy, which requires all employees to abide by Defendant's religious beliefs, even when doing so imposes "an employer's view of their own religious beliefs on the employee."[5]. Simms states that these "Core Values" are biblically based.[6] Simms states these policies have been part of the company since the beginning.[7] Simms states she does not believe that imposing Lampo's religious views on its employees is a violation of Title VII because of what she was told at Lampo.[8] The Core Values policy was explained through trainings conducted for HR Committee members by Defendant's leadership.[9] Ms. Simms has engaged in the termination

---

[1] Ms. Simms deposition was at some point leaked to the internet where it now is widely available. The relevant portions of the deposition are attached hereto as Exhibit 1
[2] Exhibit 1 – Suzanne Simms Depo, p. 7, l. 2)
[3] Id. at p. 8 l. 12
[4] Exhibit 2 – Lopez O'Connor Depo, p.18 l. 20-25
[5] Exhibit 1, p. 18, l. 7-20
[6] Id. at p. 10, l. 8
[7] Id. At p.11 l. 14
[8] Id. at p. 19, l. 3
[9] Id. at p.15, l. 21

of prior employees by implementing the Ramsey "Core Values".[10] Simms testified nonadherence with the company's "Core Values" can result in termination.[11] It is this board-level knowledge of Defendant's employment policies regarding terminating employees who do not accept Defendant's religious beliefs — developed over eight years of HR Committee service — that forms the basis of Plaintiff's subpoena.

### Legal Argument

A party seeking to quash or modify a trial subpoena must satisfy the requirements of Federal Rule of Civil Procedure 45(d)(3)(A). Under that rule, a court must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Ms. Simms, as the moving party bears the burden of establishing at least one of these grounds. *Almanza v. Sessions*, No. 3:15-CV-389-TAV-HBG, 2018 WL 5263033 (E.D. Tenn. June 15, 2018). As established below, the first three factors do not apply.

The undue burden inquiry is ultimately one of reasonableness. A balance between the interest served by compelling compliance with the subpoena and the burden imposed by doing so. *Almanza*, at 5.

Rule 26's discovery framework does not govern this analysis. In *Lyons v. My Pillow, Inc.*, the party opposing a motion to quash urged the court to apply Rule 26's scope factors when evaluating whether a subpoena was unduly burdensome. The Sixth Circuit rejected that approach, holding that Rule 45's "undue burden" standard is governed by the case-specific framework

---

[10] Id. at p.40, l. 2-6
[11] Id. P. 11 l. 24

established in In re Modern Plastics Corp., not the broader discovery standards of Rule 26. Lyons v My Pillow Inc. No. 23-1308, 2023 WL 8450724, at *3 (6th Cir. Dec. 6, 2023) (citing In re Modern Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018))

<div align="center">**Argument**</div>

I. **The Subpoena Satisfies Rule 45's Requirements of Reasonable Time and Geographic Compliance.**

Ms. Simms does not dispute she resides within this Court's subpoena jurisdiction. Rule 45(c)(1) permits a court to compel a person's attendance at trial if the person resides, is employed, or regularly transacts business in person within 100 miles of the place of trial. Fed. R. Civ. P. 45(c)(1). Ms. Simms is a resident of Davidson County, Tennessee.

Ms. Simms has also had ample time to comply. Plaintiff first subpoenaed Ms. Simms in connection with the July 2025 trial setting. That subpoena was withdrawn following the continuance, and Plaintiff's counsel engaged in months of good-faith negotiations with Ms. Simms's attorney before reissuing the subpoena on April 28, 2026. Ms. Simms has therefore had knowledge that she would be called as trial witness for almost one year. Rule 45 requires only that a subpoena allow a "reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

II. **Ms. Simms's Private Confidentiality Agreement Does Not Override Her Legal Obligation to Comply with a Valid Court Subpoena**.

Ms. Simms's primary objection to this subpoena is not that it is personally burdensome. It is her private contractual obligation to her former employer, Defendant Lampo Group. That objection fails as a matter of law. Private agreements cannot shield a witness from a valid court subpoena. As courts in this circuit and elsewhere have recognized, the Federal Rules of Civil Procedure's liberal framework for obtaining relevant testimony trumps private party agreements seeking to limit available information. Fusion Elite All Stars v. Varsity Brands, LLC, 340 F.R.D.

255, 262 (W.D. Tenn. 2022) (citing Gard v. Grand River Rubber & Plastics Co., 2021 WL 75655, at *8 (N.D. Ohio Jan. 8, 2021)). Nor is confidentiality alone a sufficient basis to quash a subpoena: "[I]t is not axiomatic that relevant [testimony] is quashed on the sole basis that it contains confidential information." Swisher v. Apex Mktg. Mgmt. Inc., No. 2:25-CV-00434, 2025 WL 2450700, at *6 (S.D. Ohio 2025) (quoting Covert Mfg., Inc. v. Covert Innovations, LLC, No. 1:21-CV-1682-DAR, 2024 WL 904404 (N.D. Ohio Mar. 1, 2024)). A conclusory assertion that compliance would cause harm is not enough. Id.

Ms. Simms has not provided Plaintiff or this Court with a copy of the agreement she claims would be breached by her testimony. The particular terms of any non-disclosure agreement between Ms. Simms and Defendant Lampo remain unknown. Without that information, neither the Court nor Plaintiff can assess whether the agreement actually covers the specific testimony sought, whether it conflicts with this subpoena, or what harm, if any, compliance would realistically cause. A blanket invocation of a private confidentiality agreement, untethered to any specific provision or demonstrable harm, cannot justify quashing a valid court subpoena.

The severance agreement of Plaintiff and the others Plaintiff has seen signed with this Defendant have all included an exemption when compelled to testify pursuant to a valid subpoena[12]. Plaintiff has no idea whether Ms. Simms NDA has the same provision, but has good reason to believe it does. Defendant in this matter has refused to allow Movant to provide Plaintiff a copy of this alleged NDA they rely on. Counsel for the movant when asked if this provision is in the agreement simply said "I cant answer that". If this agreement has such an exception, Movant

<div style="color: gray">Commented [JS1]: Fix this indention stuff!</div>

---

[12] Exhibit 3 – Brad Amos Unsigned Severance Agreement

and Defendant should be responsible for the attorney fees of Plaintiff pursuant to 28 U.S.C. § 1927 and the inherent authority of this court.

The movant should be ordered to provide a copy of the agreement to Plaintiff and if the same exemption is listed, be required to show cause why she should not be liable to the Plaintiff for his attorney fees for claiming this agreement prevents her from testifying when in fact it does not. Further, if there is evidence of Defendant Lampo threatening any legal action against Ms. Simms for providing testimony or instructing Movant not to disclose the actual agreement to Plaintiff's counsel; that should be brought to light as well. If either of these situations are true- then Plaintiff requests his costs and attorney fees pursuant to 28 USC 1927 and the inherent authority of this court.[13]

Section 1927 allows a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."3 A court may sanction an attorney under § 1927 for unreasonably and vexatiously multiplying the proceedings "despite the absence of any conscious impropriety."4 An attorney may therefore be sanctioned under § 1927 "without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.' "5 On the other hand, "simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Universal Surveillance Corp*. at 3

---

[13] See Universal Surveillance Corp. v. Checkpoint Sys., Inc., No. 5:11-CV-1755, 2013 WL 8350812, at *3 (N.D. Ohio Oct. 16, 2013. The court noted Rule 11 sanctions were not available as a response to the motion at issue there was required prior to the end of the 21 day "safe harbor" provision under Rule 11. Such is the same case here as Plaintiff was required to respond 3 days after the Motion was filed.

Movant's entire Motion is based on this alleged NDA that Defendant has refused to allow Movant to share with Plaintiff. If the NDA itself allows for testimony pursuant to a federal subpoena then this entire Motion is a complete waste for everyone involved. The entire motion is based on the alleged undue burden this NDA places on Movant. In addition to awarding fees under one of these statutory provisions, moreover, a court may assess attorney fees against a party under the court's inherent powers "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

**III.** <u>**The Subpoena Does Not Subject Ms. Simms to Undue Burden**</u>.

Requiring Ms. Simms to testify at trial will not create an undue burden. Applying the six-factor framework established in <u>In re Modern Plastics Corp</u>. and applied in <u>Lyons</u>, each factor either weighs in Plaintiff's favor or is, at most, neutral. Plaintiff acknowledges that Ms. Simms is a non-party and that this status warrants additional consideration, but the present of a non-party is only a single factor. Where, as here, the subpoena is narrowly tailored, the information sought is directly relevant, and no other witness can provide the same testimony, the balance tips decisively toward compliance.

a. <u>Ms. Simms Has Personal Knowledge of Lampo's Internal Employment Polices and Their Enforcement of Religious Non-Conformity</u>.

The relevance of trial testimony is governed by Federal Rule of Evidence 401, which defines relevant evidence as that which makes a fact of consequence to the determination of the action more or less probable than it would be without the evidence. <u>Fed. R. Evid. 401</u>. Relevant evidence is not just facts that carry a party's evidentiary burden by proving an element of a claim; rather, all evidence needs to do to be "relevant" is to "advance the ball" by showing that it is more

or less likely that the plaintiff's theory of the defendant's liability is true. *Huang v. Ohio State Univ.,* 116 F.4th 541, 556 (6th Cir. 2024).

Ms. Simms's testimony meets that standard. As set out above, in her deposition in the O'Connor matter, Ms. Simms confirmed that she sat on the Human Resources Committee, the body responsible for implementing employment policies at Lampo, including all termination decisions. She testified that the HR Committee implemented the Ramsey "Core Values" as a company-wide employment policy, and that she understood this to include imposing Lampo's religious beliefs on employees. Ms. Simms further acknowledged that she did not believe this implementation violated Title VII. That acknowledgment is significant: it reflects the internal reasoning of the very committee that enforced the policy. Although Ms. Simms did not interact directly with Plaintiff, the policy was applied uniformly across the organization.

Ms. Simms's testimony is therefore directly relevant to showing that Lampo admitted they operated in violation of Title VII. Defendant could and would enforce its religious views on its employees. Their policies were an instrument to force religious conformity which lies at the core of Plaintiff's discrimination claims.

   b.  Ms. Simms Testimony is Necessary Because She Openly Addresses Possible Title VII Violations of Her Conduct.

The second factor, the need for the testimony, weighs heavily in Plaintiff's favor. Ms. Simms's O'Connor deposition testimony reflects knowledge that is both particular to her role and independently inconsistent with the position Defendant has taken throughout this litigation. Defendant Lampo and its current and former employees have uniformly denied that Ramsey policies reflect discriminatory religious-based policy or that their enforcement could give rise to a Title VII violation. Ms. Simms's prior sworn testimony directly contradicts that position. She

acknowledged, under oath, that the HR Committee implemented the "Core Values" with the understanding that doing so imposed Defendant's religious beliefs on employees. No other witness Plaintiff has identified holds that combination of board-level authority, direct HR Committee participation, and candid prior testimony on these precise issues.

c. <u>The Scope and time Period of Ms. Simms's Testimony are Narrow and Well Defined</u>.

The third and fourth factors, breadth and time period, weigh in Plaintiff's favor. Plaintiff does not seek wide-ranging testimony from Ms. Simms about the specifics of any other employee's situation, including the O'Connor matter. The testimony sought is limited to three discrete areas: (1) Ms. Simms's service on the Human Resources Committee and her understanding of its role in implementing employment policy; (2) the content and scope of the Ramsey "Core Values" as an employment policy; and (3) any training or instruction Ms. Simms received regarding how to apply Defendant's religious beliefs when making employment decisions, including terminations. This is a focused inquiry into a defined period of Ms. Simms's HR Committee tenure. Plaintiff is not seeking documents, a privilege log, or any form of pre-trial compliance burden. He is asking Ms. Simms to testify at trial about matters she already addressed under oath in a prior proceeding.

d. <u>The Financial and Time Burden on Ms. Simms is Minimal</u>

The fifth and sixth factors, the burden imposed and Ms. Simms's non-party status, do not tip the balance toward quashing. Ms. Simms resides in Nashville, Tennessee and will not incur travel costs to comply with this subpoena. Plaintiff intends to call Ms. Simms for a single, focused half-day of trial testimony limited to the three discrete areas identified above: her HR Committee role, the Core Values policy, and any training she received on its application. This is not a request to review documents, prepare a privilege log, or undertake any pre-trial compliance burden. The

financial and time cost of appearing as a fact witness for a half-day is the ordinary burden every witness bears. It does not rise to the level of "undue" burden under Rule 45. *In re Modern Plastics Corp.*, 890 F.3d. Ms. Simms's non-party status warrants consideration, but as Plaintiff has demonstrated across each of the foregoing factors, the relevance, necessity, and narrow scope of the testimony requested far outweigh any inconvenience to Ms. Simms from appearing.

**IV.** **Sanctions Are Not Warranted Because Plaintiff's Subpoena Does Not Impose an Undue Burden.**

Even if this Court were to find that the subpoena imposes some burden on Ms. Simms, which Plaintiff disputes, that finding would not automatically entitle her to an award of attorneys' fees. Rule 45(d)(1) authorizes sanctions only where a party issuing a subpoena "fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The cases Ms. Simms cites as support for a fee award involved circumstances far removed from those present here.

In *Georgia-Pacific LLC v. American International Specialty Lines Insurance Co.*, 278 F.R.D. 187 (S.D. Ohio 2010), fees were awarded where the subpoena recipient was required to undertake extensive legal work filing motions, attending hearings, and responding to the subpoena. In E3 Biofuels, LLC v. Biothane Corp., No. 1:12-MC-76, 2013 WL 3778804 (S.D. Ohio July 18, 2013), fees were warranted because compliance required reviewing ten banker's boxes of discovery, creating a privilege log, preparing protective orders, and organizing electronically stored data. And in In re Modern Plastics Corp., 890 F.3d 244, the undue burden arose from a request spanning over 36 categories of discovery producing more than 8,000 emails and six boxes of documents, compounded by Plaintiff's counsel's refusal to narrow the scope. None of those circumstances are present here. Plaintiff seeks at most two hours of live trial testimony on three defined topics from a witness who has already testified on these issues under oath. There are no

documents, no privilege log, no ESI, and no pre-trial compliance burden of any kind. The sanctions analysis contemplates not merely whether some burden exists, but the nature and extent of what was demanded and by that measure, sanctions are not warranted.

**<u>Conclusion</u>**

For the foregoing reasons, Plaintiff Brad Amos respectfully requests that this Court deny Ms. Simms's Motion to Quash and deny her request for an award of attorneys' fees and expenses. In the alternative, should the Court have any concern regarding the scope of Ms. Simms's testimony, Plaintiff respectfully requests that the Court enter a protective order pursuant to Rule 26(c)(1) limiting her testimony to the content, training, and implementation of Defendant's "Core Values" policy and her role on the Human Resources Committee.

Plaintiff also requests this court order Defendant and/or movant to provide a copy of the NDA at issue here. If the NDA states specifically that it does not prevent testimony being provided pursuant to a federal subpoena- then Movant and/or Defendant should be responsible for the attorney fees of the Plaintiff for responding to this Motion as set out above.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP,**

**<u>/s/ *Jonathan A. Street*</u>**
**JONATHAN A. STREET, BPR No. 027172**
**G. BRANDON HALL, BPR No. 034027**
**Harrison Salter Blowers, BPR No. 042254**
1625 Broadway, Suite 601
Nashville, TN  37203
(615) 850-0632

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on April 23, 2026, I caused the foregoing to be filed via the Court's electronic filing system, which will automatically notify and send a copy of the filing to:

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN#036105)
Stephen Stovall (TN #37002)
Molli A. Guinn (TN #41258)
**BUCHALTER LLP**
1 Music Circle South, Suite 300
Nashville, TN 37203
lsanders@bartonesq.com
dcrowell@bartonesq.com
sstovall@buchalter.com
mguinn@buchalter.com

Tjiske Dekker (WA #61558)
Patty A. Eakes (WA #18888)
Thomas A. Linthorst (NJ #040842000)
**Morgan Lewis LLP**
1301 Second Ave., Suite 3000
Seattle, WA 98101
Tjitske.dekker@morganlewis.com
Patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com

Marcia D. McShane (TN Bar No.020878)
**FISHER & PHILLIPS LLP**
424 Church Street, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2916
Email: rnrncshane@fisherphillips.com

*Counsel for Non-Party Suzanne Simms*

*/s/ Jonathan A. Street*_____