

# SEVERANCE OFFER AND EXIT FORM

Brad Amos,

Your employment with The Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey Solutions") ends effective 07/06/20. To help you in your transition, we are offering you severance. Please see the attached General Release and Employment Resignation ("Release") for the terms of your severance offer. If you accept, please promptly return an executed copy of the Release to Armando Lopez, Director of HR. Should you have any questions, please do not hesitate to contact Armando or Rick Perry to discuss.

Regardless whether you accept the severance offer, we ask that you please complete the information below for our records.

Mailing Address: _____

_____

Email: _____

Phone: _____

Finally, we want to make sure you have read and understand the following, which will apply even if you decline our severance offer:

You acknowledge, agree and confirm all provisions of the Ramsey Solutions Employment Policies and Procedures which apply to your work at Ramsey Solutions, including all those which pertain to the end of your employment.

You are always welcome to visit the lobby at Ramsey Solutions as our guest. As a guest, we of course ask that you respect our right ensure the safety, civility and decorum of our premises. Following the end of your employment, locked and/or fobbed access areas will no longer be accessible. If you require assistance or need to speak with a team member, please let the front desk know.

You understand that the following payment is for all hours worked and all monies owed. On 08/15/20 you will receive pay for days worked 07/27 – 7/31 in the amount of $1,730.75. Your accrued unused PTO is 64 hours equaling $2,769.28, totaling $**4,500.03** gross. Your first severance installment will be paid on this check assuming we receive a fully executed General Release and Employment Resignation agreement in time to for this payroll. There will be no insurance premium or HSA contributions taken out of this check. Your health insurance coverage is terminated 7/31/20.

I have read, understand and agree to the items set forth above.

Print Name: _____

Signature: _____

## GENERAL RELEASE AND EMPLOYMENT RESIGNATION

This General Release and Employment Resignation ("Release"), dated as of the later signature below, is between **Mr. Brad Amos** ("Employee") and The Lampo Group, LLC ("Lampo"). Employee and Lampo wish to terminate their employment relationship amicably, and to set forth their remaining obligations to one another. In order to provide for a smooth transition and to foreclose any potential claims or disputes existing or arising between the parties, Employee and Lampo have agreed to enter into this Release.

## AGREEMENT

In consideration of the foregoing, the mutual agreements and undertakings of the parties set forth below, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby expressly acknowledged, Employee and Lampo agree as follows:

**1.      Separation Date**: Employee and Lampo hereby terminate their employment relationship effective 7/31/2020 ("Separation Date"). Employee acknowledges that he is not subject to an employment contract.

**2.      Final Paycheck and Severance:**   Employee will receive his regular pay, including any commissions earned though the Separation Date (if any), less deductions. In addition to the foregoing and in return for this entire Release, Lampo will pay Employee severance of fifteen thousand dollars ($15,000.00) (less applicable federal taxes, Medicare, FICA and other customary deductions) (the "Severance"), which will be paid in installments of five thousand dollars ($5,000.00) per pay period on subsequent pay periods beginning the next pay period following the expiration of the revocation period set forth in Section 6(ii), below.

Employee acknowledges that the Severance constitutes good and valuable consideration for the promises, releases, waivers and assignments contained in this Release. Employee agrees that, without his signature on this Release, Lampo will not pay any sum as severance. Employee acknowledges that he has received all wages and other payments that may have been or are due to Employee from Lampo through the date of execution of this Release. Employee further acknowledges that the Severance described in this paragraph includes payment for any accrued but unused vacation pay, sick pay or other pay to which Employee may claim an entitlement.

Employee further acknowledges that the Severance and other payments described herein constitute the full and final financial obligation of Lampo to Employee.

**3.      Other Benefit and Compensation Plans:**  Other than any claimed right to payment of wages or benefits as described in Section 2 of this Release, this Release does not affect any previously vested rights to funds or benefits under Lampo welfare or benefit plans. All benefits and distributions under those plans will be paid according to the terms and conditions of those plans.

**4.      Release and Waiver:**  As a material inducement for Lampo to enter into this Release and the Severance discussed in Section 2 above, Employee, on behalf of himself and his heirs and assigns, does hereby **RELEASE, ACQUIT, AND FOREVER DISCHARGE** Lampo, its successors, present and former employees, agents, corporate officers, directors, corporate subsidiaries and affiliates and all other persons, firms, corporations and any other entity or person (collectively, the "Released Parties"), of and from any and all liability of any kind and character, including attorney's fees, whatsoever arising from, growing out of, or in any way connected with his employment with Lampo or separation therefrom or the negligent or intentional acts, statements or omissions of the Released Parties at any time up to and including the date of execution of this Release. This Release expressly extends to all claims based on the present and

future effects of past acts of Lampo. Employee declares that it is his intention to fully release Lampo and all of the Released Parties from any and all liability of any kind and character whatsoever arising from, growing out of, or in any way connected with his employment with Lampo or separation therefrom including, but not limited to, known and unknown claims, in contract or in tort, including but not limited to all claims of negligence, fraud, false light, invasion of privacy, fraud or other intentional torts, which arose at any time prior to the execution of this Release, and any such claims arising under any Federal or State statute including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17; the Fair Labor Standards Act of 1938 as amended; the Equal Pay Act of 1963, as amended, 29 U.S.C. §§ 206(d); the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 - 1461; the Worker Adjustment and Retraining Notification Act, as amended, 29 U.S.C. § 2101 et seq.; the National Labor Relations Act, as amended, 29 U.S.C. §§ 151-169; Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 825 et seq. Americans with Disability Act of 1990, as amended, 42 U.S.C. §§ 12101 et. seq.; the Sarbanes-Oxley Act of 2002; the Uniform Service Employee Reinstatement and Reemployment Act; the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 621-634, as amended by the Older Workers Benefit Protection Act of 1990; the Tennessee Human Rights Act; any federal or state false claims act and all applicable rules and regulations promulgated pursuant to or concerning any of the foregoing statutes, orders, laws, ordinances or regulations; except that this Release is not intended to cover any claim arising from computational or clerical errors in the calculation of the severance benefit provided to Employee, or retirement benefit to which Employee may be entitled from any plan or other benefits to which Employee may be entitled under any plan maintained by any of the released parties.

This Release shall be construed, interpreted and enforced in accordance with the laws of the State of Tennessee. This Release shall not apply to any claims that are legally precluded from being released by this type of agreement.

This is a full and final release, without limitation, of all known, unknown, and suspected claims. This complete release is intended to be for the benefit of the Released Parties.

**5. Indemnification:** Employee promises never to file or participate in a lawsuit, arbitration or other legal proceeding asserting any claims that are released pursuant to this Release, except to enforce rights created by this Release. If the Employee breaches his promise and files or participates in a legal proceeding based on any such released claims, Employer's obligation to make the payments and benefits referred to in Section 2, above shall terminate immediately, and the Employee will (i) repay to Employer any money paid to him pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in defending against the claim; and (iii) pay all other damages awarded by a court of competent jurisdiction. Notwithstanding the foregoing, this Release shall not attempt to preclude any governmental action in regard to the claims released herein, although Employee also waives any right to recover from any Release in a civil suit brought by any governmental agency or any other individual on his behalf with respect to any claims released herein.

Employee further hereby agrees to indemnify and hold the Released Parties harmless from and against any and all loss, costs, damages, or expenses, including, without limitation, attorneys' fees, incurred by the Released Parties and arising out of any negligent or intentional breach of the Release by Employee or because any of the representations made herein by Employee were false when made. Employee also hereby assigns to the Released Parties all causes of actions he or his assigns may have arising from his employment or termination thereof.

**6. Review of Release; Effective Date:** Employee acknowledges that:

(i)    he has been advised to consult an attorney prior to signing this Release.  He also understands that he has up to twenty-one (21) full days to consider whether to sign this Release.  By signing this Release on the date shown below, the Employee voluntarily elects to forego the twenty-one (21) full days to sign this Release.

(ii)    he will be given seven (7) full days to revoke this Release after signing and that this Release will not become effective and the Severance proceeds will not be paid until the end of the seventh day following his signing.  Should employee decide to revoke this Release within seven (7) days after signing, he **must** do so in writing to **Armando Lopez, Executive Director of Human Resources for The Lampo Group, LLC.**  Any other method will not be valid.

(iii)    he has read and fully understands all of the provisions of this Release and he is knowingly and voluntarily agreeing to its terms;

(iv)    the payment and benefits provided pursuant to this Release, as described herein, constitute consideration for this Release, in that it is a payment and benefit to which Employee would not have been entitled had he not signed this Release; and

(v)    this Release does not waive any claims that Employee may have which arise after the Separation Date.

**7.    Confidentiality:**  Employee agrees that the terms and conditions of this Release shall be treated as confidential by Employee, his family members, and his agents and agrees not to disclose such terms and conditions to any third party.  The preceding sentence shall not be applicable to disclosure or discussion with representatives of the Internal Revenue Service or the Social Security Administration, Employee's immediate family members or professionals from whom legal or financial advice is sought (provided they are instructed and agree to keep the information confidential), or as otherwise required by law.

Employee shall be responsible for any breach of this Section by any of the foregoing individuals as if Employee had breached the Section himself.  If the Employee breaches this Section (or if any of the foregoing individuals breach this Section), the Employee will (i) repay to Lampo any money paid to him pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in enforcing this Release; and (iii) pay all other damages awarded by a court of competent jurisdiction.

The obligations of confidentiality herein are in addition to all covenants and obligations of confidentiality which are part of Employee's employment with Lampo.  Such covenants and obligations remain in effect and survive the termination of Employee's employment relationship.

**8.    Non-disparagement, Non-harassment and Non-retaliation:**  Employee further agrees neither he, his family members, nor his agents shall disparage, retaliate against or otherwise harass Lampo, Dave Ramsey and the Released Parties.  This promise specifically contemplates, but is not limited to, disparagement, harassment, and /or retaliation through in person, telephonic, digital, social media or other electronic means.  For the purposes of this Release, the term "disparage" means any negative statement, derogatory statement, or statement casting a bad light, whether written or oral, including any posts on social media (i.e. facebook, twitter, Instagram or similar online outlet) regarding Dave Ramsey, his family, Lampo, its affiliates, Lampo leadership, executives, officers, directors, employees, business practices, Lampo culture, products and services.  Employee shall be responsible for any breach of this Section by any of the foregoing individuals as if the Employee had breached the Section himself.  If the Employee breaches this Section (or if any of the foregoing individuals breach this Section), the Employee will (i) repay to Lampo any money paid to him pursuant to this Release; (ii) pay for all costs incurred by Lampo, including

reasonable attorneys' fees, in enforcing this Release; and (iii) pay all other damages awarded by a court of competent jurisdiction.

**9.      Remedies:**  Employee agrees that in the event of any breach of this Release, Lampo may seek all available remedies at law or equity, including injunctive relief.  All remedies referenced in any Section of this Release are cumulative and not intended to limit Lampo's rights to seek any relief available.  In addition, Lampo may take any action it deems in its sole judgement to be appropriate and necessary to defend or protect its goodwill and reputation, including but in no way limited to, any truthful response to media outlets.

**10.     Policies and Procedures:**  Employee reaffirms that his employment is subject to certain Policies and Procedures, including works for hire and confidentiality provisions, which are incorporated herein by reference.

**11.     Agreement Not to Seek Future Employment with Lampo:** Employee hereby agrees that he will not apply for or otherwise seek employment with Lampo or any of its affiliates or subsidiaries and agrees that Lampo has no obligation to employ, hire, or otherwise engage him in the future. If Employee unknowingly applies for employment with Lampo or any of its affiliates or subsidiaries, then he agrees to withdraw such application upon notification of such.

**12.     Miscellaneous:**  The provisions of the Release are severable, and if any part of it is found to be unlawful or unenforceable, then such part will be deemed changed or deleted to the minimal extent necessary to make the entire Release lawful and enforceable.  The other provisions of this Release shall remain fully valid and enforceable to the maximum extent consistent with applicable law.

Employee acknowledges and agrees (i) he is responsible for any tax liability that may result as a consequence of the receipt of the benefits described herein, and (ii) Lampo makes no representation of the taxability of these funds.  The money paid under this Release does not come from a qualified retirement plan and therefore it may not be rolled into any other qualified plan or Individual Retirement Account.

Employee understands and agrees that this Release may not be used as evidence in any proceeding against the Released Parties except in a proceeding based solely upon a specific allegation that the Released Parties have breached this Release or in a proceeding in which either party presents testimony about matters covered by this Release.  The Released Parties believe and assert that Employee has been treated in a fair and lawful manner, and it is agreed between the parties that nothing herein is intended or shall be construed as an admission of fault or liability by the Released Parties.

Employee understands and agrees that this Release is being executed by Lampo on behalf of itself, and its corporate subsidiaries and affiliates and that all of the rights of Lampo under this Release and all of Employee's obligations and duties under this Release will inure to the benefit of and may be enforced by Lampo, or any of its subsidiaries and affiliates or any of the Released Parties.

This Release sets forth the entire agreement between the parties and fully supersedes all prior written and oral agreements, understandings and representations between the parties regarding the subject matter hereof.  This Release does not waive or otherwise supersede any provisions of Lampo Employment Policies and Procedures surviving termination of employment, including confidentiality and works made for hire provisions.  Employee represents, warrants and agrees that he does not rely and has not relied upon any representation or statement made by any officer, director, agent or representative of Lampo, or any subsidiary or affiliate of Lampo with regard to the subject matter, background or effect of this Release, except as expressly set forth in this Release.

This Release is executed in duplicate originals and is effective and enforceable only after both parties have signed the Release and an original executed Release has been returned to Lampo. Employee acknowledges that he has read this Release, has understood it and knowingly and voluntarily desires to sign it.

**Accepted, Understood and Agreed**                    **The Lampo Group, LLC**

_____          By:_____

Employee                                                                 Name:_____

Date: _____          Title:_____

                                                                               Date:     _____