IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 3:21-cv-00923 |
| v. | ) | |
| | ) | Judge Richardson |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE A LIMITED REPLY
IN SUPPORT OF NON-PARTY SUZANNE SIMMS'S MOTION TO QUASH**

Defendant, The Lampo Group, LLC, through counsel, moves for leave to file a limited

Reply brief in support of the Motion to Quash and for an Award of Sanctions filed by non-party

Suzanne Simms (Doc. No. 388). Specifically, Plaintiff raises new theories in his Plaintiff's

Response to the Motion to Quash (Doc. No. 398) to which Ms. Simms is not in a position to

respond.

Plaintiff's First Amended Complaint alleges, in relevant part, that Defendant "terminated

Plaintiff for taking scientifically prescribed precautions, as required by his sincerely held religious

beliefs" related to "the COVID pandemic." (Doc. No. 21, PageID # 4934 at ¶ 340). The Court has

unambiguously ruled that "only those religious beliefs related to COVID-19 in particular are at

issue in this action[.]" (Doc. No. 338, PageID # 6596; *cf.* Doc. Nos. 342, 355, 376).

Plaintiff now seeks to make an end run around the Orders of this Court by using the

testimony of Defendant's former employee Ms. Simms to introduce extraneous, irrelevant

evidence regarding Defendant's "Core Values" and the termination of other employees—neither

Page 1 of 4

of which have anything whatsoever to do with COVID-19 or Plaintiff's termination.[1] (*Cf.* Doc. No. 397, PageID # 6985).

## STANDARD OF LAW

"To have standing to quash or object to a Rule 45 subpoena, a party must typically establish a claim of privilege or personal right[.]" *Fusion Elite All Stars v. Varsity Brands, LLC*, 340 F.R.D. 255, 260 (W.D. Tenn. 2022). District courts have recognized that employers have a right to challenge subpoenas to third-parties seeking documents that the third-party obtained through their employment. *See, e.g.*, *id.* at 261 (finding that employer had standing to challenge subpoena seeking materials produced and received during employee's employment where employee "would not have had access to or possession" of the same except for the fact that she was the movant's employee); *see also Elvis Presley Enters., Inc. v. City of Memphis, Tennessee*, No. 218CV02718SHMDKV, 2020 WL 4283279, at *4 (W.D. Tenn. Apr. 6, 2020), *aff'd*, No. 2:18-CV-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020) (city had standing to move to quash subpoena where documents sought related solely to third party's time as former city representative and the third party would not have had access to the documents but for his role in city government).

## ARGUMENT

All of the testimony Plaintiff seeks to obtain from Ms. Simms relates to Defendant, including, without limitation, Ms. Simms's knowledge of Defendant's Human Resources Committee and "its role in implementing employment policy," "the content and scope of the Ramsey 'Core Values' as an employment policy," and Defendant's "training or instruction […]

---

[1] Although "[t]he party seeking to quash a subpoena bears the ultimate burden of proof," "when relevancy is not apparent on the face of the request, the party seeking the discovery"—*i.e.*, the issuer of the subpoena—"has the burden to show the relevancy of the request." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

110370734v2

regarding how to apply Defendant's [purported] religious beliefs when making employment decisions, including terminations." (Doc. No. 397, PageID # 6992; *see also* Doc. No. 397-1). Therefore, Defendant has standing to argue in favor of quashing the subpoena issued to Ms. Simms. *Cf. Fusion*, 340 F.R.D. at 260 (W.D. Tenn. 2022); *Elvis Presley Enters.*, 2020 WL 4283279 at *4.

Furthermore, as stated in Ms. Simms' Motion to Quash, she "is not a party to this lawsuit and is not employed by a party to this lawsuit." (Doc. No. 388, PageID # 6857). Defendant, on the other hand, is a party to both this litigation and the lawsuit from which Plaintiff obtained the deposition transcript of Ms. Simms. Therefore, Defendant anticipates that it may have a better grasp of the context of Plaintiff's subpoena than Ms. Simms, and Defendant may be in a better position than Ms. Simms to know what claims are and are not at issue in this litigation.

Accordingly, Defendant respectfully requests the opportunity for leave to file a limited Reply brief on the portions of Ms. Simms' Motion to Quash which Defendant—as the employer and a party to this litigation—may have more background knowledge, context, and familiarity than non-party Ms. Simms, who is a stranger to this litigation.

A copy of Defendant's proposed Reply brief is attached hereto.

**CONCLUSION**

For the foregoing reasons, Defendant asks that this Court permit Defendant the opportunity to file the limited Reply brief attached hereto in support of non-party Suzanne Simms' Motion to Quash and for an Award of Sanctions (Doc. No. 388).

Respectfully submitted,

*/s/ Leslie Goff Sanders*

Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Eric C. Lyons (TN #036105)
Stephen C. Stovall (TN #37002)
Molli A. Guinn (TN #41258)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (629) 224-6600
lsanders@buchalter.com
dcrowell@buchalter.com
elyons@buchalter.com
sstovall@buchalter.com
mguinn@buchalter.com

Patty A. Eakes (*Admitted Pro Hac Vice*)
Thomas A. Linthorst (*Admitted Pro Hac Vice*)
Tjitske Dekker (*Admitted Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel: (206) 274-6400
patty.eakes@morganlewis.com
thomas.linthorst@morganlewis.com
tjitske.dekker@morganlewis.com

*Attorneys for Defendant*

110370734v2