IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRAD AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00923 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

Earlier this month, the Court sustained the objections (Doc. No. 385) of Defendant, The Lampo Group, LLC, to the witness list (Doc. No. 356) of Plaintiff, Brad Amos, except with respect to Defendant's objections to non-party witness Suzanne Simms ("Simms") and Plaintiff's expert witness Charles L. Baum ("Baum"). Defendant's objections to those two witnesses remain pending. (Doc. No. 394 at 2).

Herein, the Court addresses Defendant's objection to Simms. This objection is set forth in a document (Docket No. 385, "Objections to Witnesses") that objects to numerous potential witnesses, including Simms; therein, Defendant sets forth several asserted bases for excluding Simms from testifying at all. (*Id.* at 5-9). As just indicated, Defendant specifically objects to Simms being permitted to testify (at all), and the Court herein will discuss Defendant's objection to Simms in these particular terms—i.e., in terms of an objection to Simms being permitted testify. Plaintiff has not filed a response (or sought leave to file a response) either to the Objections to Witnesses generally or to Defendant's bid to exclude Simms as a witness specifically.

For the reasons discussed below, Defendant's objection to Simms being permitted to testify is **SUSTAINED** and Simms will not be permitted to testify at trial. Given this decision, the motion

to quash (Doc. No. 388) that was filed by Simms and that seeks to quash the subpoena to testify that Plaintiff issued to Simms is **DENIED** as moot. Likewise, the motion for leave to file a reply (Doc. No. 399) that was filed by Defendant and that seeks leave to file a reply in support of the motion to quash is also **DENIED** as moot.

DISCUSSION

As Defendant correctly notes, Fed. R. Civ. P. 26 and Fed R. Civ. P. 37 are dispositive of Defendant's objection to Simms testifying. Fed. R. Civ. P. 26(a) requires parties to make certain mandatory disclosures regarding information and witnesses that they may rely on to support their claims. Rule 26(a)(1) governs parties' initial disclosures, and Rule 26(a)(1)(A) provides generally what a party must include in their initial disclosures, providing in relevant part:

> (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) provides that disclosures under Rule 26(a) must be supplemented in certain circumstances. As relevant here, Rule 26(e)(1) provides:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1) (emphasis added). Thus, under Rule 26(e)(1) "[a]s case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." Fed. R. Civ. P. 26 advisory committee's note (2000). Importantly, and as this Court has previously recognized, "[t]he purpose of the witness identification requirement of Rule 26(a) [(and, it follows, the requirement to supplement of Rule 26(e))] is to alert an opposing party of the need to take discovery of the named witness." *Glob. Force Ent., Inc. v. Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d 969, 973 (M.D. Tenn. 2020) (quoting *Coene v. 3M Co*, 303 F.R.D. 32, 47 (W.D.N.Y. 2014)). Thus, "the purpose of Rule 26(e) is 'effectively frustrated' when a party makes supplemental disclosures on a timeline that causes the opposing party to be 'denied the opportunity to conduct discovery on the supplemented [disclosures].'" *Jones v. Prudential Sec., Inc.*, No. 18-11960, 2021 WL 1108579, at *4 (E.D. Mich. Mar. 23, 2021) (quoting *Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *3 (S.D. Ohio Oct. 15, 2014))).

If a party fails to make disclosures in compliance with Rule 26(a) or 26(e), they are subject to sanctions under Rule 37. With respect to such sanctions, Rule 37 provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).[1]

---

[1] Rule 37(c)(1) also provides that "[i]n addition to or instead [of the sanction of exclusion], the court, on motion and after giving an opportunity to be heard" "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;" "(B) may inform the jury of the party's failure;" and "(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Here, no party has moved for any of these other sanctions under Rule 37, and so the Court will not consider imposing them herein.

Turning to Defendant's objection to Simms testifying, Defendant contends, among other things:

> In Initial Disclosures, Plaintiff identified ten (10) people by name that might have relevant information – Ms. Simms was not one of them. He also identified categories of people (without providing specific names) that might have information relevant to the lawsuit. The categories included (i) supervisors of Plaintiff, (ii) anyone who worked in the human resources department, (iii) anyone who worked alongside Plaintiff and (iv) anyone who worked with the Lampo's Endorsed Local Provider Program. Even the broad-sweeping categories of people that might have relevant information in Plaintiff's Initial Disclosures do not include Ms. Simms.

(Doc. No. 385 at 6). Defendant then asserts:

> In his interrogatory responses, Plaintiff identified another fifteen (15) people who might have discoverable information. Again, Ms. Simms was not identified by Plaintiff as someone with discoverable information. The parties agreed to supplement initial disclosures no later than April 30, 2026. Plaintiff still has not disclosed Ms. Simms as a person with knowledge of this case.

(*Id.* at 6). Defendant then contends:

> In his first Witness List for trial filed on June 30, 2025 (Doc. No. 250), Plaintiff identified Ms. Simms as a person with knowledge *for the first time*. He listed her again on his Witness List filed on May 4, 2026 (Doc. No. 356). Plaintiff failed to summarize or even identify the subject matter of Ms. Simms's anticipated testimony as required by Local Rule 39.01(c)(1). Because Plaintiff failed to identify Ms. Simms in discovery and failed to provide a description of the testimony she is expected to present at trial, Defendant and the Court are left to guess as to the reasons Plaintiff is calling the witness to trial. This scenario is exactly why the Local Rule 39.01(c)(i) exists.

(Doc. No. 385 at 6-7 (footnote omitted)). Therefore, according to Defendant:

> Plaintiff's repeated and continued failure to identify Ms. Simms in discovery violates Rule 26 and authorizes exclusion under Rule 37. The failure to disclose prejudices Defendant by making it impossible to engage in discovery of evidence and prepare for trial. For this reason alone, Ms. Simms should not be required to testify.

(Doc. No. 385 at 7).[2] The Court agrees with Defendant and finds that Plaintiff has failed to properly disclose Simms under Rule 26(a) or (e) and that under Rule 37 such failure requires that Simms not be permitted to testify.

As an initial matter, there is no doubt that Simms is exactly the kind of individual—namely a witness Plaintiff intends to call at trial—that a party is required to disclose under Rule 26(a) and Rule 26(e). *See Trutek Corp. v. BlueWillow Biologics, Inc.*, No. 21-10312, 2023 WL 6130532, at *7 (E.D. Mich. Sept. 19, 2023) ("Even 'without awaiting a discovery request,' Rule 26(a)(1) requires a party to disclose the information and identify the witnesses that the party 'may use to support its claims or defenses.'" (quoting Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii))); *Johnson v. City of Memphis*, No. 06-2052 MA/P, 2007 WL 9706342, at *5 n.3 (W.D. Tenn. July 5, 2007) ("Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, parties must make initial disclosures, including the names of all witnesses likely to have discoverable information, without awaiting a discovery request.").[3]

Here, there is no indication that Plaintiff identified Simms under Rule 26(a)(1) as part of his initial disclosures as an "individual likely to have discoverable information" that Plaintiff "may use to support [his] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). What's more, there is no indication—in part perhaps because Plaintiff has elected not to respond to Defendant's objection

---

[2] Although Defendant makes its objection to Simms testifying in terms of Simms being "required" to testify, the Court understands Defendant to really be arguing that Simms should not be *permitted* to testify and analyzes the objection to Simms testifying accordingly.

[3] It is true that "Rule 26(a)(1)(A)(i) expressly excludes impeachment witnesses from the general requirement to disclose witnesses." *B&L Mgmt. Grp., LLC v. Adair*, No. 17-2197, 2019 WL 124844, at *2 (W.D. Tenn. Jan. 7, 2019). Here, however, there is no indication that Simms is being called as an impeachment witness by Plaintiff.

to Simms testifying—that Plaintiff *timely* supplemented his Rule 26(a)(1) disclosures pursuant to Rule 26(e)(1)(A) to disclose Simms.

Indeed, it appears that the first time that Simms was disclosed as an "individual likely to have discoverable information" that Plaintiff "may use to support [his] claims or defenses" was when Plaintiff included Simms in his trial witness list—as someone whom Plaintiff *may* call to testify—filed on June 30, 2025 (Doc. No. 250).[4] And even assuming *arguendo* that a witness list of individuals who may be called at trial can qualify as a supplemental disclosure under Rule 26(e)(1)(A), supplemental disclosures under Rule 26(e)(1)(A) must be *timely*. Here, the Court has no difficulty in deeming untimely Plaintiff's disclosure of Simms (first made on June 30, 2025). Why? Because "[t]he purpose of the witness identification requirement of Rule 26(a) [(and, it follows, the requirement to supplement of Rule 26(e))] is to alert an opposing party of the need to take discovery of the named witness." *Anthem Wrestling Exhibitions, LLC*, 468 F. Supp. 3d at 973. And here, Plaintiff failed to disclose Simms at all until two years after discovery ended on June 30, 2023, (Doc. No. 102), long after the passing of any opportunity for Defendant to take discovery on (or regarding) Simms. This will not do. *See Jones*, 2021 WL 1108579, at *4 ("the purpose of Rule 26(e) is 'effectively frustrated' when a party makes supplemental disclosures on a timeline that causes the opposing party to be 'denied the opportunity to conduct discovery on the

---

[4] This witness list was filed in connection with this action's previously set trial date of July 15, 2025. (Doc. No. 185). The trial date in this action was subsequently reset to May 19, 2026 (Doc. No. 300) and then to November 10, 2026. (Doc. No. 395).

In connection with this action's previously set trial date of May 19, 2026 (Doc. No. 300), Plaintiff filed the above-referenced witness list at Docket No. 356, which included Simms as a "will" call witness and was what prompted Defendant's Objections to Witnesses (Doc. No. 385), including the objection therein to Simms testifying. Subsequent to the filing of Defendant's Objections to Witnesses, Plaintiff filed on May 10, 2026 an amended witness list (Doc. No. 391), which also included Simms as a "will" call witness.

The Court notes that its analysis herein naturally applies to any previous, current, or potential future witness list prepared by Plaintiff wherein he indicates he will or may call Simms as a witness.

supplemented [disclosures].'"). In summary, the Court must conclude that Plaintiff failed to properly disclose Simms as required by Rule 26(a) and (e) because Plaintiff neither identified Simms in his initial disclosures under Rule 26(a)(1) nor identified Simms in a *timely* supplemental disclosure as required by Rule 26(e)(1)(A).[5][6]

The question then becomes what consequences ensue from the failure to timely disclose Simms as a potential witness. That takes the Court to Rule 37, which, as noted above, provides that a party may be subject to sanctions for a failure to comply with Rule 26(a) or (e). Under Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[5] The Court notes that Rule 26(e)(1)(A) does not require a supplementation of a Rule 26(a) disclosure if "the additional or corrective information has [] been made known to the other parties during the discovery process or in writing." Here, there is no indication that Defendant was provided any additional or corrective information regarding Simms prior to Simms first appearing in Plaintiff's witness list at Docket No. 250.

[6] The Court briefly wishes to touch on Local Rule 39.01(e). Local Rule 39.01(e) provides:

> *Unless provided otherwise in a pretrial or other order, discovery responses must be supplemented no later than thirty (30) days before trial.* Failure to timely supplement precludes the proffer at trial of any evidence within the scope of the interrogatories or other responses that was not previously brought to the attention of opposing counsel, absent Court approval. A violation of this Rule, which expands the duty to supplement imposed by Fed. R. Civ. P. 26(e), may also result in the imposition of other sanctions, including taxing of costs to the culpable party for any delays caused.

Local Rule 39.01(e) (emphasis added). Plaintiff might argue that his disclosure of Simms was timely given that Simms was first disclosed as a potential witness on June 30, 2025 (Doc. No. 250), and since that date the scheduled trial in this action was continued from July 15, 2025 (Doc. No. 185) to May 19, 2026 (Doc. No. 300) and then to November 10, 2026 (Doc. No. 395), so that the disclosure of Simms would have taken place well in advance of 30 days before trial as contemplated by Local Rule 39.01(e). The Court can reject this (hypothetical) argument easily because Local Rule 39.01(e) provides that it "*expands* the duty to supplement imposed by Fed. R. Civ. P. 26(e)." (emphasis added). In other words, Local Rule 39.01(e) does not shrink, or provide a means for a party to engage in an end run around, Fed. R. Civ. P. 26(e)'s requirements for timely supplements. And even if Plaintiff's disclosure of Simms (arguably) may have been compliant with Local Rule 39.01(e), that does not mean that this disclosure was compliant *with Fed. R. Civ. P. 26(e).* And for the reasons detailed above, Plaintiff's disclosure of Simms was plainly *noncompliant* with Fed. R. Civ. P. 26(e).

And as this Court has previously explained regarding Rule 37(c)(1):

> The Sixth Circuit has clarified that "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.,* 325 F.3d 776, 782 (6th Cir.2003) (quotation marks and citation omitted). In other words, "'the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.* (quoting *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998)). The burden is on the potentially sanctioned party to show that its omissions were substantially justified or harmless. *Id.*

*Smith v. Pfizer Inc.*, 265 F.R.D. 278, 282 (M.D. Tenn. 2010).

Here, there is no indication anywhere that Plaintiff's failure to *timely* supplement his Rule 26(a) disclosures as required by Rule 26(e) was substantially justified or harmless so as to enable Plaintiff to avoid sanctions under Rule 37(c)(1). Indeed, given that Plaintiff has declined to respond to Defendant's objection to Simms testifying, Plaintiff has plainly not met *his* burden to show that this failure to *timely* supplement was substantially justified or harmless so as to avoid sanctions under Rule 37(c)(1). *Smith*, 265 F.R.D. at 282 ("The burden is on the potentially sanctioned party to show that its [failure to adhere to Rule 26 was] substantially justified or harmless"). Moreover, the Court must agree with Defendant that Plaintiff's failure to adhere to Rule 26(a) and (e) "prejudices Defendant by making it impossible to engage in discovery of evidence and prepare for trial," because the time for Defendant to obtain any discovery regarding Simms had long since passed by the time that Plaintiff disclosed Simms as a potential witness. (Doc. No. 385 at 7). In other words, here the sanction of exclusion under Rule 37(c)(1)—in the form of forbidding Simms to testify—is appropriate. *Campos v. MTD Prods.*, No. 2:07–CV–00029, 2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) ("the sanction of exclusion is certainly appropriate when the failure to abide by the requirements of Rule 26 is not substantially justified or harmless."); *Banerjee v. Univ. of Tennessee*, No. 3:17-CV-526-HSM-HBG, 2019 WL 1532865, at *1-2 (E.D. Tenn. Apr. 9, 2019)

(excluding from trial certain witnesses where those witnesses were not identified in plaintiff's initial disclosures, in response to defendant's interrogatory, in any supplemental discovery responses by plaintiff, or at "any other time during discovery" but were nevertheless included on plaintiff's witness list for trial).

Thus, Defendant's objection to Simms testifying is sustained and Simms will not be permitted to testify at trial.

<u>CONCLUSION</u>

For the reasons stated herein, Defendant's objection to Simms testifying is **SUSTAINED** and Simms will be precluded from testifying at trial. Given this decision, the motion to quash (Doc. No. 388) that was filed by Simms and that seeks to quash the subpoena to testify that Plaintiff issued to Simms is **DENIED** as moot. Additionally, the motion for leave to file a reply (Doc. No. 399) that was filed by Defendant and that seeks leave to file a reply in support of the motion to quash is **DENIED** as moot. The Court notes that in her motion to quash (Doc. No. 388) Simms also sought an award of attorney's fees and expenses incurred in responding to Plaintiff's subpoena. (*Id.* at 17-18). Although the Court is herein denying the motion to quash as moot, to the extent that Simms wishes to renew her request for fees and expenses, she may do so via a separately filed motion, which may be filed without seeking leave of Court and which may be briefed by Simms and Plaintiff without seeking leave of Court to do so.

Finally, the Court notes that Defendant's objections at Docket Nos. 222, 385, and 392 to Baum's testimony remain pending.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE